IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13CR435-1 |
| | ) | |
| BRIAN DAVID HILL | ) | |

ORDER

On November 25, 2013, a federal grand jury for this district indicted Defendant Brian David Hill ("Defendant") on one count of possession of child pornography containing an image that involved a prepubescent minor or minor less than 12 years old in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1). At the end of the hearing, Defendant stipulated that no viable release plan was presently available, and the Court orally ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no combination of presently-available release conditions would reasonably assure the safety of others and the community. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

Before the hearing, a United States Probation Officer prepared a Pretrial Services Report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report before the hearing. At the hearing, Defendant stipulated to the accuracy of the factual information in the report, which the Court adopts as its own findings of fact.

In resolving the issue of release or detention, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

In the present case, with respect to the nature of the offense charged against Defendant, the offense charged is serious, and involves alleged possession of child pornography involving a prepubescent minor or minor who had not attained the age of 12. In addition, the Pretrial Services Report raises concerns regarding Defendant's mental health history. Based on the information in the Pretrial Services Report and the nature of the charged offense, the Court concludes that any release plan would require a third-party custodian and a stable residence where Defendant could be subject to electronic monitoring. However, at the hearing, Defendant conceded that he did not have a viable release plan, did not have a third-party custodian, and did not have a proposed residence where he could be subject to electronic monitoring. Therefore, Defendant stipulated that detention was appropriate, but requested leave to reopen these proceedings if he is able to present a suitable release plan. Based on the information presented at the hearing, the Court finds that the record establishes by clear and convincing evidence that no presently-available condition or combination of conditions short of detention reasonably would assure the safety of the community, based on the serious nature of the offenses charged, the information in the Pretrial Services Report, and the lack of a release plan that would include a third party custodian and electronic monitoring. The Court specifically notes, however, that Defendant may move to reopen the detention hearing if he has a potential release plan to present for further consideration.

IT IS THEREFORE ORDERED that the Motion for Detention by the United States is GRANTED and Defendant shall be detained pending disposition of the instant charges

pursuant to 18 U.S.C. § 3142(e)(1), without prejudice to Defendant moving to reopen these proceedings if he is able to present a potential release plan for further consideration by the Court.

Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 2nd day of January, 2014.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge