# MOTION

## In The United States District Court For The Middle District of North Carolina




United States of America

v.

Brian David Hill

PRO SE MOTION

1:13CR435-1

## FACTUAL STATEMENT FROM DEFENDANT

I, Brian David Hill file with the court using the U.S. Mail to file with the clerk of court, a evidential factual statement with declarations attached as evidence to be submitted to docket.

The statements I provide are attached to this motion as Attachment A, Attachment B, Attachment C, and Attachment D which are all declared under penalty of perjury that the statements are correct and true.

Respectfully submitted to the court, this the 1st day of September, 2014.

Note: This Motion is filed Unsealed that it is of public record. I also ask that the "Counter [illegible] Probation PST" be unsealed

# Attachment A

Sep 1, 2014.

I, Brian David Hill, declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2014.

Brian D. Hill
signed

Statement:

1. Around March 2012, April 2012, May 2012, June 2012, and July 2012 I was directly involved with the Mayodan town government prior to the Mayodan police raid on August 28, 2012. Records from town clerk Melissa K. Hopper can confirm my involvement.
2. I was also involved with political groups and with U.S.W.G.O. Alternative News prior to the raid. The political groups are FederalJack, Infowars, We Are Change NC, and others. I have enough reason to suspect the child porn set up was political to destroy my character and support group.
3. Mayodan is located in Rockingham County North Carolina. The Mayodan town attorney is Phil Berger Sr. in 2012.
4. The Rockingham County District Attorney in 2012 and 2013 was Phil Berger Jr. the son of state senator Phil Berger Sr..
5. Prior to the raid I typed up critical news articles on Mayodan Police Chief Charles J. Caruso and Mayodan town attorney and state senator Phil Berger Sr.. Due to risk of bias and conflict of interest Mayodan should not have persued charges, Mayodan should not have raided my house but instead it should be the FBI or SBI, and the Mayodan PD detective should not have been involved.

# Attachment A

Sep 1, 2014.

6. I mailed the FBI and SBI about all kinds of stuff to help them prove my innocence. I told them about Berger, I told them about the threat against me to generate the false confession, and I told them about the eMule virus or trojan horse, all in letters.
7. I had attempted to contact the crime lab to inform them in Affidavit or Declaration that the police detectives used my laptop, and admitted to going through the computer files themselves before even sending my property to the state crime lab, the Triad Crime Lab. Thus under state law the crime lab report or reports are inadmissible in a criminal case. Thus the U.S. Attorney would have to be notified that his evidence was inadmissible. I also informed the U.S. DOJ, NC DOJ, and other government officials that under state statute the crime lab report or reports is inadmissible under enforcement of the statute. The statutory requirement of policy and procedure of the state crime labs was not met due to the misconduct by the police detectives thus in my Federal criminal case the forensic crime lab report is inadmissible from my case.

# Attachment B

I, Brian David Hill, declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2014.

Brian D. Hill
signed

Statement:

1. On August 28, 2012, the day of the Mayodan Police raid the police chief Charles J. Caruso threatened me in front of my family to "Fess Up!" We Know you did it" and "you better fess up or else your mother will be held responsible." This isn't the first time this police chief has threatened me. He threatened and intimidated me on July 9, 2012 when I was at the town hall meeting, to which he scared me and I tried to hold my tears back from crying. I had typed up a blog post on uswgo.com about the incident. On August 29, 2012, while my mother was being interviewed I was alone sitting in the police station. Chief Caruso showed up then told me "This is serious!" "I Know about the article you written on the town council" "what you said was slander", "I never made you leave I only asked you to leave." I was scared, I was afraid, I lost my will to defend myself verbally. I told the detectives what I believe they wanted to hear because of the threat. Had I not been threatened and coerced, I would have invoked my right to remain silent then leave the interview. My confession was not 100% truthful and was under duress.

2. I do not ~~prefer pe~~ prefer 12 to 13 year olds like I told the detectives. I sexually prefer and romantically

# Attachment B

2\. (cont.) prefer Asian women especially those of the Japanese culture.

3\. I am against torture porn. I hate torture period. To say I support torture or have a thing for it is like saying the grass is purple and that the sky is always green. It offends me that the prosecutor thinks I am some psychopath or sociopath into sexual torture. I cannot stand torture. I hate seeing gore. It is okay in action movies cause it ain't real. I cannot stand gore of a real person.

4\. It is officially in declaration that I did get a virus or trojan horse which the SBI and FBI already have. I believe to the best of my knowledge that the virus is responsible for my IP Address 24.148.156.211 being flagged by CPS in Boca Raton FL. The court can subpoena my letters to the FBI and SBI.

5\. I felt the detectives put words in my mouth about some theoretical little girl at Walmart. I have never did any of that when I was shopping at Walmart. I felt the detectives wanted me to confess to things that weren't true. My mother was being used against me to persuade me to admit to things that weren't true. The confession audio makes me look real bad. I am nothing like what that audio portrays of me. That is why I wanted to suppress the confession since a threat produced it and it isn't honest.

# Attachment C

I, Brian David Hill, declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2014.

Brian D. Hill
signed

Statement:

1. I have mild autism General Anxiety Disorder, OCD, and type 1 brittle diabetes.. My health affects my judgement. With my A1C being up I am at risk of Kidney damage, nerve damage, eye damage, and any other complications. With being told by pleading guilty I will get time served which means I could have got out jail soon to protect my health. Then of after seeing all the terms and conditions by Probation I realized that the conviction and mandatory conditions will affect my health far worse then fighting my charge in court. I been set up with child porn, likely for political reasons, and I want to let this all go and move on with my life. It will be exetremely difficult to let this go with 10 years supervised release and mandatory treatment. I want to let this go after winning my case. I want to let politics go so I won't be a target like I am now. Withdrawling my guilty plea or getting a Innocence Pardon are my only options for me. I went to the media hoping that will ensure that nobody plays dirty in my case as the media is watching my case, at least I hope.

# Attachment C

2. I had no intent to make a false statement when I plead guilty. I had no defense, my counsel wasn't representing me and wanted that guilty plea, the jury trial was being rushed in my view, and so I knew at that point I would have been found guilty regardless of whether I took the guilty plea or not with up to twenty years hard time in prison. Had I had a good defense and my evidence made the suppression hearing I would have been found not guilty by a jury or got case dismissal.
3. Dr. Graney's report also made me look bad with her Pedophilic Disorder and being given delusional Disorder. I have enough evidence to suspect I am being targeted by certain people involved for political reasons. that is why I mailed the FBI so they find evidence to prove my suspicions. I am not delusional and I am not a pedophile. I admit I do have mental health issues but I know what I am talking about. I object to the Pedophilic Disorder and Delusional Disorder diagnosis by Dr. Dawn Graney. Had Dr. Graney had a copy of all my evidence, she would never have diagnosed me as delusional. Had Dr. Graney had a copy of the threat email, letters to the FBI, and evidence that proves my factual innocence she never would have diagnosed me with Pedophilic Disorder. Both should be ruled out.

HAND WRITTEN COPY

# Attachment D Declaration on Lawyer

I, Brian David Hill, declare under penalty of perjury that the foregoing is true and correct. Executed on August 30, 2014.

Brian D. Hill signed

Statement:

1. Despite all the evidence me and my family had sent to my counsel Eric David Placke concerning being set up and concerning my legal innocence, he inappropiately sent a email to my family with his opinion that he didn't think I was set up, he even thought I was guilty of the offense. This evidence includes the threat email I received, declarations, copies of letters I written to the SBI/FBI and others, and other important documents and letters.
2. I gave Placke a envelope full of evidential legal papers in a Manilla envelope on June 10, asking that he mail to my family. After he told me he would, to this day my family has still not received the papers nor the envelope which it was in. The papers include the town of Mayodan minutes papers mailed to me from clerk Melissa K. Hopper, copies of state statutes that would help my case, and copies of pro se motions and documents I sent to the court that never made docket. The clerk may not send me another copy of the Mayodan minutes papers simply because Placke still has my papers that should have been sent home to my family in June.
3. My counsel was Eric David Placke, Federal Assistant Public Defender, Arkansas State Bar No. 86207, North Carolina State Bar No. 20671, 101 S. Elm St., Suite 210, Greensboro, NC 27401, (336)333-5455.

HAND WRITTEN COPY

Attachment D Declaration on Lawyer

4. Placke is the sole cause to me taking the guilty plea agreement. He even went as far as to go to Disability Rights of NC, then they told my family that I should take the plea agreement after Placke admitted to speaking with them. As the result on June 10, 2014, while I was sitting close to Donnie Robbins, my family said in the courtroom for me to take the plea agreement which I did. In addition because of my deteriorating health with my A1C as high as 10.9, because Placke did not prepare any defense for trial, and because my evidence never made the June 4 suppression hearing, it all contributed to me pleading guilty even though I am innocent. My counsel has failed me in the suppression hearing and in proving my innocence.

5. Placke told me at Attorney visitation in Orange County Jail that if I don't take the plea agreement quickly before the Jurors start coming in, I won't get that reduction for acceptance of responsibility. I felt I was being rushed and pressured into the plea agreement without being given enough time to think it over. My counsel has failed to give me time to think about the guilty plea and the consequences I would face under it. June 9 was when my counsel Placke pressured me to take the plea agreement.

6. Depite me telling Placke in letters and verbally that I was set up, that I was threatened to falsely confess to the police detectives, and I think I informed him of the violation of crime lab policy and procedure, he said to the Judge N. C. Tilley Jr. something like "If he had the evidence I would have supported his suppression motion." That was June 4th he made such statement at the hearing.

~~Apen~~ Attachment D Declaration on Lawyer

HAND WRITTEN COPY

7. I felt Placke was working against me, that he had a agenda to have me convicted by guilty plea or no defense so I would have been found guilty by default. So I had sent letters to the U.S. FBI, U.S. DOJ, NC SBI, NC DOJ, NC Innocence Inquiry Commission, U.S. Senator Kay Hagan, WXII12, FOX8, and others. Placke did not want me to write letters outside of his control.

8. I gave Placke in writing the suggestion of witnesses. He has not called any of those witnesses to testify.

9. Placke and me were not on the same page. We had disagreements. He seem to want my case to go his way or the highway. He thought I was not set up when I had evidence I was. Not only is he ineffective counsel but misrepresented me as counsel of record.

10. When I was at FCI[1] Butner, NC, I written one or more letters to Placke but he did not write anything back to me while I was there.

11. Before June 4, Placke told me at visitation that he was not for the suppression of evidence. I clearly had evidence for the suppression hearing but Placke wouldn't help me present it in front of Judge N. C. Tilley Jr.. I had a basis of the confession being under duress due to a threat so it was not voluntary which violates the Supreme Court's voluntary confession rule. I had a basis that crime lab policy and procedure was violated by the police detectives. Placke presented none of it to N. C. Tilley Jr.. That was why I said the words Kangaroo Court June 4.

HAND WRITTEN COPY

Attachment D Declaration on Lawyer

12. Placke told me that under the legalize of the charge, I would face zero to ten years in prison. Then when he tried to persuade me to take the guilty plea he said I face up to twenty. Donnie Robbins a Federal inmate at Guilford County Jail told me Placke told him 0-10 then the sentence range was told differently at a later time. Robbins calls him Stackey Placke. First it was 0-10, then it was 0-20. Placke should have told me the correct sentence range at the very beginning. I tried to get Robbins to file a complaint against Placke so that the more complaints there are would have him removed from our cases. I intended to have him removed from my case as counsel of record. I filed a complaint with the DOJ on Placke.