

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| United States of America<br>vs.<br>Brian David Hill | MOTION<br>PRO SE<br>1:13CR435- |
|---|---|

FILED
OCT - 6 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By

MOTION TO FILE EVIDENCE

I, Brian David Hill file a Motion To File Evidence with the court to be filed on the docket to be used in my case.

Evidence I am filing is as follows:

1. Motion To Declare with attached statute papers. (3 Page Motion, 2 Page attachment)
2. Letter to NC State Bureau of Investigation, hand written copy. (1 Page Letter)
3. Letter to U.S. Federal Bureau of Investigation, hand written copy (1 Page Letter, 1 Page Declaration on back)
4. Letter to NC State Bureau of Investigation, hand written copy (2 Page Letter).

Respectfully submitted to the court, this the 2nd day of October, 2014.
I file this Motion with the clerk of the court using U.S. Mail to file on the docket.

Brian David Hill

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

United States of America
vs.
Brian David Hill

MOTION
PRO SE
1:13CR435-1

# MOTION TO DECLARE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2014.

Brian D. Hill
Signed

Brian David Hill
Email: admin@uswgo.com
Phone: 276-632-2599

1. My name is Brian D. Hill. I currently reside in Orange county Jail in Hillsborough, NC. Inmate ID #238306.
2. On October 1, 2014 I reviewed the North Carolina Criminal Law and Procedure, 2010 Edition book pages 291 and 292, by LexisNexis.
3. I had discovered that under Article 7C. Admissibility of Forensic Evidence, that the state forensic evidence reports may not be legally admissible as evidence "In Any Criminal Prosecution".
4. Under Art. 7C, §8-58.20. under NC Criminal Statutes, (d) The district attorney shall serve a copy of the laboratory report and affidavit and indicate whether the report and affidavit will be offered as evidence at any proceeding against the defendant..." "no later then five business days after receiving the

report and affidavit, or 30 business days before any proceeding in which the report may be used against the defendant, whichever occurs first".

5. I, Brian Hill was never served with the report and affidavit that was used against me in my criminal case. However I had moved from my address of 413 N. 2nd Ave, Mayodan, NC 27027 to 916 Chalmers St., Apt. D, Martinsville, VA 24112 in late 2012 due to mental issues after the Mayodan Police raid. My family members Roberta Hill my mom, and I think my grandma Stella Forinash informed the police of my new address in Virginia, which I was informed of. Despite the police detectives being aware of my new address, the district attorney never served me a copy of the state forensic report as required by Art. 7C, §8-58.20(d) of NC statutes. You can subpoena Roberta Hill and Stella/Kenneth Forinash as to whether I was served the state forensic report by the Rockingham County DA (Prosecutorial district 17A) or not. By law I had to have been served a copy of the state crime lab report before it could be used against me.

6. Page 291 and 292 photocopied at Orange County Jail is attached to this Motion as evidence to prove existance of such NC statute.

7. Because I was not ever served a copy of the state forensic crime lab report and affidavit, I didn't have any knowledge that under paragraph (e) and (f) of Art. 7C §8-58.20, I had 15 days to file a written objection to use of the laboratory report and affidavit at any proceeding against the defendant. I had not received a laboratory report and affidavit by anybody conducting a criminal investigation before my arrest despite the fact the detectives were notified of my Virginia address. They knew where I lived yet did not serve me any papers at all until my arrest by the DHS Agents. Mayodan and the Rockingham County DA used the state forensic crime lab reports in a Federal indictment proceeding against me by transferring the evidence reports to U.S. Attorney Ripley Rand, without ever serving me a copy as required by NC statute denying me my right to object to the state crime lab report, being used against me.

Respectfully submitted to the court, this the 1st day of October, 2014.

I file this Motion with the clerk of the court using U.S. Mail to file on the docket.

either spouse, including any illegitimate or adopted or foster child of either spouse.

(c) No husband or wife shall be compellable in any event to disclose any confidential communication made by one to the other during their marriage.

**History.**
1856-7, c. 23; 1866, c. 43; 1868-9, c. 209; 1881, c. 110; Code, ss. 588, 1353, 1354; Rev., ss. 1634, 1635, 1636; C.S., s. 1802; 1933, c. 13, s. 1; c. 361; 1951, c. 296; 1957, c. 1036; 1967, c. 116; 1971, c. 800; 1973, c. 1286, s. 11; 1983, c. 170, s. 1; 1985 (Reg. Sess., 1986), c. 843, s. 5; 1987 (Reg. Sess., 1988), c. 1040, s. 1; 1989 (Reg. Sess., 1990), c. 1039, s. 4; 1991, c, 686, s. 3.

### § 8-57.1. Husband-wife privilege waived in child abuse.

Notwithstanding the provisions of G.S. 8-56 and G.S. 8-57, the husband-wife privilege shall not be ground for excluding evidence regarding the abuse or neglect of a child under the age of 16 years or regarding an illness of or injuries to such child or the cause thereof in any judicial proceeding related to a report pursuant to the Child Abuse Reporting Law, Article 3 of Chapter 7B of the General Statutes of North Carolina.

**History.**
1971, c. 710, s. 3; 1998-202, s. 13(d).

### § 8-57.2. Presumed father or mother as witnesses where paternity at issue.

Whenever an issue of paternity of a child born or conceived during a marriage arises in any civil or criminal proceeding, the presumed father or the mother of such child is competent to give evidence as to any relevant matter regarding paternity of the child, including nonaccess to the present or former spouse, regardless of any privilege which may otherwise apply. No parent offering such evidence shall thereafter be prosecuted based upon that evidence for any criminal act involved in the conception of the child whose paternity is in issue and/or for whom support is sought, except for perjury committed in this testimony.

**History.**
1981, c. 634, s. 1.

### § 8-58. Repealed by Session Laws 1973, c. 1286, ss. 11, 26.

**Editor's Note.**
Session Laws 1973, c. 1286, repealed, transferred, and amended numerous sections in the General Statutes, largely relating to pretrial procedure, and enacted Chapter 15A, the Criminal Procedure Act.

### § 8-58.1. Injured party as witness when medical charges at issue.

Whenever an issue of hospital, medical, dental, pharmaceutical, or funeral charges arises in any civil proceeding, the injured party or his guardian, administrator, or executor is competent to give evidence regarding the amount of such charges, provided that records or copies of such charges accompany such testimony. The testimony of such a person establishes a rebuttable presumption of the reasonableness of the amount of the charges.

**History.**
1983, c. 776, s. 1.

### §§ 8-58.2 through 8-58.5. Reserved for future codification purposes.

## ARTICLE 7A.

## RESTRICTIONS ON EVIDENCE IN RAPE CASES.

### §§ 8-58.6 through 8-58.11. Repealed by Session Laws 1983 (Regular Session, 1984), c. 1037, s. 2.

**Cross References.**
As to evidence in rape or sex offense cases, see G.S. 8C-1, Rule 412.
As to admissibility of evidence of reputation and prior convictions in prostitution cases, see G.S. 14-206.

## ARTICLE 7B.

## EXPERT TESTIMONY.

### §§ 8-58.12 through 8-58.14. Repealed by Session Laws 1983 (Regular Session, 1984), c. 1037, s. 9.

### §§ 8-58.15 through 8-58.19. Reserved for future codification purposes.

## ARTICLE 7C.

## ADMISSIBILITY OF FORENSIC EVIDENCE.

### § 8-58.20. Forensic analysis admissible as evidence.

(a) In any criminal prosecution, a laboratory report of a written forensic analysis, including an analysis of the defendant's DNA, or a forensic sample alleged to be the defendant's DNA, as that term is defined in G.S. 15A-266.2(2), that states the results of the analysis and that is signed and sworn to by the person performing the analysis may be admissible in evidence without the testimony of the analyst who prepared the report in accordance with the requirements of this section.

(b) A forensic analysis, to be admissible under this section, shall be performed in accordance with rules or procedures adopted by the State Bureau of Investigation, or by another laboratory accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board (ASCLD/LAB) for

the submission, identification, analysis, and storage of forensic analyses. The analyses of DNA samples and typing results of DNA samples shall be performed in accordance with the rules or procedures of the State Bureau of Investigation or other ASCLD/LAB-accredited laboratory.

(c) The analyst who analyzes the forensic sample and signs the report shall complete an affidavit on a form developed by the State Bureau of Investigation. In the affidavit, the analyst shall state (i) that the person is qualified by education, training, and experience to perform the analysis, (ii) the name and location of the laboratory where the analysis was performed, and (iii) that performing the analysis is part of that person's regular duties. The analyst shall also aver in the affidavit that the tests were performed pursuant to the ASCLD/LAB standards for that discipline and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory. The affidavit shall be sufficient to constitute prima facie evidence regarding the person's qualifications. The analyst shall attach the affidavit to the laboratory report and shall provide the affidavit to the investigating officer and the district attorney in the prosecutorial district in which the criminal charges are pending. An affidavit by a forensic analyst sworn to and properly executed before an official authorized to administer oaths is admissible in evidence without further authentication in any criminal proceeding with respect to the forensic analysis administered and the procedures followed.

(d) The district attorney shall serve a copy of the laboratory report and affidavit and indicate whether the report and affidavit will be offered as evidence at any proceeding against the defendant on the attorney of record for the defendant, or on the defendant if that person has no attorney, no later than five business days after receiving the report and affidavit, or 30 business days before any proceeding in which the report may be used against the defendant, whichever occurs first.

(e) Upon receipt of a copy of the laboratory report and affidavit, the attorney of record for the defendant or the defendant if that person has no attorney, shall have 15 business days to file a written objection to the use of the laboratory report and affidavit at any proceeding against the defendant. The written objection shall be filed with the court in which the matter is pending with a copy provided to the district attorney.

(f) If the defendant's attorney of record, or the defendant if that person has no attorney, fails to file a written objection with the court to the use of the laboratory report and affidavit within the time allowed by this section, then the laboratory report and affidavit may be admitted in evidence in any proceeding without the testimony of the analyst subject to the presiding judge ruling otherwise at the proceeding when offered. If, however, a written objection is filed, this section does not apply and the admissibility of the evidence shall be determined and governed by the appropriate rules of evidence.

(g) **Procedure for Establishing Chain of Custody of Evidence Subject to Forensic Analysis Without Calling Unnecessary Witnesses.** —

(1) For the purpose of establishing the chain of physical custody or control of evidence that has been subjected to forensic analysis performed as provided in subsection (b) of this section, a statement signed by each successive person in the chain of custody that the person delivered it to the other person indicated on or about the date stated is prima facie evidence that the person had custody and made the delivery as stated, without the necessity of a personal appearance in court by the person signing the statement.

(2) The statement shall contain a sufficient description of the material or its container so as to distinguish it as the particular item in question and shall state that the material was delivered in essentially the same condition as received. The statement may be placed on the same document as the report provided for in subsection (a) of this section.

(3) The provisions of this subsection may be utilized by the State only if (i) the State notifies the defendant at least 15 business days before any proceeding at which the statement would be used of its intention to introduce the statement into evidence under this subsection and provides the defendant with a copy of the statement and (ii) the defendant fails to file a written notification with the court, with a copy to the State, at least five business days before the proceeding that the defendant objects to the introduction of the statement into evidence.

(4) In lieu of the notice required in subdivision (3) of this subsection, the State may include the statement with the laboratory report and affidavit, as provided in subsection (d) of this section.

(5) If the defendant's attorney of record, or the defendant if that person has no attorney, fails to file the written objection as provided in this subsection, then the statement may be admitted into evidence without the necessity of a personal appearance by the person signing the statement.

(6) Upon filing a timely objection, the admissibility of the statement shall be determined and governed by the appropriate rules of evidence.

Nothing in this subsection precludes the right of any party to call any witness or to introduce any evidence supporting or contradicting the evidence contained in the statement.

**History.**

2004-124, s. 15.2(c); 2007-484, s. 1; 2009-473, ss. 1, 2.

HAND WRITTEN COPY FOR COURT

September 29, 2014

Dear N.C. State Bureau of Investigation,
501 Industrial Drive,
Greensboro, NC,

I have a urgent request for you as a autistic man that is legally innocent of the child pornography indictment in case United States of America vs. Brian David Hill, docket#1:13CR435-1, U.S. District Court for the Middle District of North Carolina. The request is that any evidence you found in your investigation that can prove my innocence, I ask that you forward that evidence on my behalf to the U.S. Chief Judge William L. Osteen Jr. presiding over my case. This evidence includes any possible evidence tampering and/or contamination by the two police detectives Todd Brim and Robert Bridge, evidence of computer hacking including viruses and trojan horses, evidence of foul play and misconduct by Mayodan Police, evidence of corruption in the Mayodan Police Department, and evidence of corruption by former DA of Rockingham County Phil Berger Jr.. A copy of this letter will be given to the Judge on September 30, 2014 at the hearing, and a copy for my records. I ask for your help SBI in my case since your reports are being used as evidence by the U.S. Attorney. Any assistance you can give me in my case is appreciated. Sincerely,

#964186 Brian David Hill
Guilford County Jail
201 S. Edgeworth St.
Greensboro NC 27401
admin@uswgo.com

Note: Say Hi to Rodney White for me.

Brian D. Hill
signed

I, Brian David Hill, declare under penalty of perjury that this hand written copy of a letter to the NC SBI is a true and correct hand written copy of a letter sent September 29, 2014 to the SBI.

September 29, 2014

HAND WRITTEN COPY FOR COURT

Please docket!

Dear U.S. Federal Bureau of Investigation,
1801 Stanley Rd,
Greensboro, NC,

I have a urgent request for you as a autistic man that is legally innocent of the child pornography indictment in case United States of America vs. Brian David Hill, docket #1:13CR435-1, U.S. District Court for the Middle District of North Carolina. The request is that any evidence you found in your investigation that can prove my innocence, I ask that you forward that evidence on my behalf to the U.S. Chief Judge William L. Osteen Jr. presiding over my case. This evidence includes any possible evidence tampering and/or contamination by the two police detectives Todd Brim and Robert Bridge, evidence of computer hacking including viruses and trojan horses, confirmation of alibis of mine that I claimed, investigation of my character profile, evidence of Mayodan Police foul play and misconduct, and evidence of corruption by corrupt interests that may have a role in orchestrating my conviction wrongfully. A copy of this letter will be given to the Judge on Sep. 30, 2014 at the hearing, and then another copy for my records. I ask for your help FBI in my case. There are lies in my Pre-Sentence Investigation (PSI) report and my family can prove it. Placke has lied to the court multiple times. I want him removed from my case immediately, Eric Placke is fired. Any assistance you can give me in my case is appreciated.

Sincerely,

#964186 Brian David Hill
Guilford County Jail
201 S. Edgeworth St.
Greensboro, NC 27401
admin@uswgo.com

Brian D. Hill
signed

Read back for declaration

October 2, 2014

Dear N.C. State Bureau of Investigation,
501 Industrial Drive,
Greensboro, NC,

Why did you allow illegal and inadmissible evidence to be used in my Federal case 1:13CR435-1, United States of America vs. Brian David Hill? Former Rockingham Co. DA Phil Berger, Jr. violated NC Art. 7C, §8-58.20, paragraph (d) by not serving me a copy of the forensic laboratory report and affidavit, as required by NC statute for "Admissibility of Forensic Evidence" under Article 7C. Because I was never served the state crime lab report before it was used against me, I never had a opportunity as under paragraph (e) to legally file an objection to the state crime lab report. Mayodan PD and Phil Berger didn't want to serve me the report as required by law, because I would have filed an objection with a affidavit stating ~~while~~ why such report should be revised before being used against me in court. The Affidavit would state about the eMule virus and hacker attacks I received on my computer and hard drives, about the two police detectives violating crime lab policy and procedure by going through my property themselves doing whatever they pleased to my computers and hard drives before they ever boxed it then shipped it to the Triad Crime Lab in Greensboro, and that the Mayodan Police would do whatever it takes to make me a sex offender and ruin my life for articles I did.

October 2, 2014

I written online news articles against Phil Berger Sr. and Mayodan Police Chief Charles J. Caruso on U.S.W.G.O. Alternative News. The U.S. Attorney is using state evidence reports that are clearly inadmissible under state law simply because I was a political threat to Phil Berger Jr.'s fathers Senate campaign, is uncalled for. I been set up with child porn and your agency is going along with violating and disregarding your own laws for political reasons. I will report Phil Berger and the SBI to the DOJ for hurting a innocent and autistic young man to wrongfully be a registered sex offender. Both Phil Berger's are corrupt and setting me up with child porn will not change how corrupt they are. Let me tell you who your setting up? A 24yo autistic man who is NOT a pedophile, who has never taken a interest in children, who just wants to hike at parks and watch anime and take legal photos with my digital camera. You are ruining a autistic innocent man's life forever for the politically corrupt. I hope your happy corruptors.

Sincerely,

#238306 Brian David Hill

Brian D. Hill
signed

Orange County Jail
125 Court St.
Hillsborough NC 27278

Note: Here's the law you all broke, Art. 7C. The DOJ shall investigate you for what you did.