Court copy

In the United States District Court

for the Middle District of North Carolina

Greensboro Division

Defendant, Brian David Hill    Criminal Action No. 1:13-cr-435-1

v.

Plaintiff, United States of America

## MOTION TO EXTEND TIME TO FILE APPEAL

For good cause, the defendant hereby requests the Court to grant

an extension of time to file an appeal.

The Judgment was entered on the 12th day of November, 2014.

Defendant has filed a NOTICE OF APPEAL contemporaneously with this motion.

> "This court has made clear that a document that clearly indicates an intent to appeal may suffice as notice, so long as it filed within the 40-day window and contains most of the necessary elements required for a formal notice of appeal as specified in Rule 3 of the Federal Rules of Appellate Procedure. *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir.1977) (treating a motion for an extension of time as a notice of appeal where it was timely filed and indicated a clear intent to appeal)."

Defendant filed a Motion to Withdraw Plea and files a Motion to Testify either of which

could be construed as a Notice to Appeal. ( See Doc #43 and 44 filed 9/26/2014.

See also a declaration in support, filed 9/30/2014, Doc #46 )

Also the Defendant raised a question as to ineffective assistance of counsel. The

Defendant filed a complaint with the Office of Professional Responsibility attached to

This motion in order to prove that counsel was deficient and did not even conduct a case.

In the event that counsel refuses to conduct a case and will not provide any defense at a

Jury trial

1

the defendant had no means to win a case and thus would be found guilty had a plea Agreement not been entered into the court. The Defendant did assert multiple times Of Innocence. Had effective counsel been appointed before the Defendant had a Jury Trial, Then the Defendant would not have plead guilty in the first place. The guilty plea Was the product and byproduct of the ineffective counsel, public defender Eric David Placke. Placke has a bad history of guilty plea deals, and being found guilty. Placke does Not have a good defense history. All evidence of ineffective counsel is in attachment to This motion. Counsel was deficient in many aspects with exception to the guilty plea Agreement and the mental evaluations by Dr. Dawn Graney and Dr. Keith Hersh.

***Under the Sixth Amendment, every Defendant has a right to Effective Assistance of Counsel.***—"[T]he right to counsel is the right to the effective assistance of counsel." From the
beginning of the cases holding that counsel must be appointed for defendants unable to afford to retain a lawyer, the Court has
indicated that appointment must be made in a manner that affords "effective aid in the preparation and trial of the case." Of
course, the government must not interfere with representation, either through the manner of appointment or through the imposition
of restrictions upon appointed or retained counsel that would impede his ability fairly to provide a defense, but the Sixth
Amendment goes further than that. "The right to counsel prevents the States from conducting trials at which persons who face
incarceration must defend themselves without adequate legal assistance." That is, a criminal trial initiated and conducted by
government is state action that may be so fundamentally unfair that no conviction obtained thereby may be allowed to stand,
irrespective of the possible fact that government did nothing itself to bring about the unfairness. Thus, ineffective assistance
provided by retained counsel provides a basis for finding a Sixth Amendment denial in a trial.
McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).

So under ineffective counsel and pro se motions filed in the past, I ask the court to grant my request for **MOTION TO EXTEND TIME TO FILE APPEAL.**

2

> "The **Sixth Amendment requires** counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe **either**:
>
> (1) that a rational defendant would want to appeal, for example, because there are non-frivolous grounds for appeal; or
>
> (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.
>
> If the defendant expressed his intention to appeal, and counsel decided not to file an appeal without having discussed the matter further with the defendant after he was sentenced, counsel's performance would be constitutionally deficient. *United States v. Witherspoon*, 231 F.3d 923 (4th Cir. 2000)." (emphasis added)

---

Absent finding either of those documents (Doc #43, 44) constitute a "Notice to Appeal", defendant asks the court to extend the time to file a notice of appeal as the defendant reasonably demonstrated an intent to appeal by filing those documents and counsel failed to discuss an appeal of the conviction and failed to file the notice of appeal timely as required by defendant's Sixth Amendment right which provides good cause to extend the time to file an appeal.

---

Brian D. Hill ( pro se )
916 Chalmer St, Apt. D, Martinsville, VA 24112
Phone: (276)632-2599

3

# CERTIFICATE OF SERVICE

I hereby certify that service was made by mailing

a true and correct copy of the foregoing

**MOTION TO EXTEND TIME TO FILE APPEAL**

by deposit in the United States Mail, Postage prepaid,

on January 9, 2015 addressed to:

Mr. Anand P. Ramaswamy
Assistant United States Attorney
101 South Edgeworth Street
Greenboro, NC 27401

*Brian D. Hill*
_____

    Brian D. Hill ( pro se ) 916 Chalmers St., Apt. D, Martinsville, VA
Phone: (276)632-2599