In the United States District Court

for the Middle District of North Carolina

Greensboro Division



Defendant, Brian David Hill
    v.                                                Criminal Action No. 1:13-cr-435-1
Plaintiff, United States of America

## NEW EVIDENCE FOR A NEW TRIAL, HABEAS CORPUS PETITION(§ 2255 MOTION), JUDGMENT OF ACQUITTAL, TO OVERTURN THE CONVICTION, OR ANY OTHER PURPOSE

Defendant plans to file a Motion for a New Trial or Petition for a Writ of Habeas Corpus to overturn his Federal criminal conviction. A Judgment was entered around November 12th, 2014(Doc #54) convicting the defendant Brian David Hill of possession of child pornography in violation of 18:2252A(a)(5)(B) and (b)(2) under United States Code. Defendant has New Evidence which was not previously discovered and that the defendant would not have had reasonable access to such evidence. First of all the defendant assumed throughout his pretrial and trial period that the State of North Carolina forensically examined his property at the Triad Crime Laboratory otherwise known to him as the State Crime Lab. The Triad Crime Lab is in Greensboro, NC the exact same city as the SBI regional office where Agent Rodney White worked, yet he didn't want to submit the evidence to that crime laboratory that specially analyzes computer evidence for child pornography. However the crime lab is under strict standards and acreditated by the ASCLD/LAB standards and standards set by the SBI. The crime lab would normally conduct a virus scan for computer crimes cases to determine what

1

malware and viruses were running on the computer including booby trap programs. There was no evidence of such logs, and a request to Joy Strickland in 2015(Exhibit J) caused a response which revealed that Agent White does not even work for the State Crime Lab. All evidence so far including what the defendant discovered in the Discovery evidence in January 2015 all shows that Agent White avoided the crime laboratory and conducted the forensic analysis himself not even under the same strict standards and procedures as what would happen at the crime lab had the evidence been submitted for review in the Triad laboratory. What is even the purpose of the State Crime Laboratory if the SBI Agent can just examine evidence himself or herself without even having to follow the exact same policies and procedures of the crime lab? The purpose is to prove the evidence of guilty in a reliable manner with integrity and accountability. With the SBI already having a history of evidence manufacturing and crime lab issues, it should have been sent directly to the State Crime Lab instead of to just one SBI Agent for analysis. However Detective Christopher Todd Brim wanted to give the evidence to Agent White for analysis for child pornography outside of the crime lab standards in 2012 when the crime lab was still connected to the SBI before it was separated by a law passed in the legislature.

It has been revealed that the defendant didn't get to review all of the materials under the Defendant's request for Discovery materials from the U.S. Attorney (See Doc #62, Filed 01/29/15, Page 60 of 62). The only material that the defendant got to review from the discovery while represented by the Assistant Federal Public Defender Eric David Placke was the confession which the defendant claimed was

2

Case 1:13-cr-00435-TDS   Document 71   Filed 04/03/15   Page 2 of 15

false and was caused by coercion (See Doc#28, Filed 09/03/14) due to a threat by the Mayodan, NC Chief of Police Charles J. Caruso that had the defendant Brian not "fessed up" then his Mother would be held responsible for the crime he was accused of. He knew his Mother committed no such crime which would stir up fear that his mother can be framed in his place had he not told the detectives what they wanted to hear. The reason the defendant sought for a mental evaluation during the pretrial phase was that the defendant has a documented mental disability of 'Autism Spectrum Disorder: Mild Range,' and other health issues. He was hoping that the evaluator would prove that he made a false confession to protect his mother from being falsely accused then held responsible for the crime he clearly stated under Declaration that he did not commit (Assertions of legal innocence). The evaluation not only backfired on him but was further used to imply his guilt because Dr. Dawn Graney is clearly NOT an expert on Mild Autism, and the court clearly does not understand Mild Autism either which was why it was up to the public defender to bring in an independent Autism Expert under CJA voucher (to cover the cost of such expert testimony) which would have proved that the defendant clearly made a false confession due to the threat by Chief Caruso of Mayodan and pressure from the detectives making claims that the defendant was guilty in order to persuade himto falsely assert his own guilt which was the false confession on August 28, 2012.

It is well known that people with mental disabilities and mental health issues are more vulnerable in a police interrogation to produce false confessions. The defendant also had believed that the audio of the false confession in the discovery

3

evidence had been altered which was told to his public defender but no investigation was done into any of the U.S. Attorney's evidence. All that his former legal counsel had done was pressure and coerce him into a guilty plea, and to accept responsibility into a crime he is clearly innocent of and here is why. Brian accepted responsibility only for the technical possession of child pornography due to the claim by the discovery evidence and U.S. Attorney that it was found on his computer that had been seized by Mayodan Police in August 28, 2012. He was told it doesn't matter if somebody planted it there, or that it doesn't matter how it got there, just that it was on his computer so technically he is guilty of possession however his family (Roberta Hill(Mother), Stella Forinash(Grandmother), and Kenneth Forinash(Grandfather)) had listened to legal advice from somebody who was not a criminal defense attorney (Disability Rights of NC) which was why his family told him in the courtroom to take the plea agreement in the presence of defendant Donnie Robbins on June 10, 2014. Brian has asked his public defender if he can still overturn his conviction at a later time and was told that only based on new evidence. Even though it can be argued that the defendant technically possessed the child porn, it is clear that he was framed with it, that he had a good explanation for how it could have got there(eMule virus, possible evidence tampering, and possible evidence planting), and that he does not meet the criteria for a conviction. First of all crime is all about intent, and that under the judicial system the defendant has to be guilty of ALL of the elements of the alleged offense, not just simple possession. He intended to plead guilty only to technical possession but he did not put it there and did not know 100% how it all

4

could have got there. He did receive the eMule virus which he testified under Declaration in writing to the court but that may not explain how all files could have got there. More and more evidence can prove that he did not intend to seek child pornography, he does not have a sexual interest in children, that he suffers under Mild Autism, that he has no prior sexual history and is a virgin, and has never been accused of sexual misconduct prior to the single charge of child pornography. Then of course it is on record that the District Attorney involved from the beginning of the Mayodan Police raid all the way up to his federal indictment was Philip Edward Berger Junior (also shown in his SBI case file in the discovery evidence), the son of State Senator of North Carolina, and Mayodan Town Attorney Philip Edward Berger Senior whom are known in newspapers to be close knit. The defendant has overwhelming evidence which shows that he had political issues with the DA's father with his online article postings at uswgo.com in 2012, that he has even gone as far as posting on Berger's Facebook Page(defendant cannot access Facebook due to Probation restrictions so he can't prove it at this time) informing his fans of Berger's verdict on his Nullify-NDAA Petition in 2012, and based on emails exchanged between the defendant while using admin@uswgo.com and with Phil Berger's NC Senate email address. Then of course a screenshot of a link to the YouTube video was filed(See Doc #32 Page 6, and Doc #37 Page 42) before the sentencing showing Berger refusing to answer the Defendant's question on the verdict of his petition, then in that same video the Mayodan Police Chief Caruso appeared to have attempted to escort him out of the town council, then when there was no audio or video recording then Brian alleged

5

to have been threatened by the Police Chief on an online article posting in July 2012 before he was accused of the alleged offense. Then his mother was harassed when she was walking to Dollar General in Mayodan which was also submitted to the record through a Pro Se filing.

There is at least a lot of evidence that the defendant is Innocent and that there is overwhelming reasonable doubt. No reasonable Juror can find him guilty.

Before I present the new evidence I will explain another reason the defendant went along with the guilty plea even though legally Innocent.

The defendant had submitted a pro se filing regarding his health deteriorating in the county detention centers (See Doc #38). His weight dropped as low as 140 pounds which was a cause for concern at Orange County Detention Center to which he saw a mental health expert asking him why his weight was dropping to 140lbs. The reason why was that the defendant has Brittle Type 1 Diabetes and requires Lantus (24 hour) insulin and NovoLog (fast acting) insulin which none of the jails would even provide him. The jails were usually only giving him two shots per day when he was using insulin to carb ratio which requires him to be given an insulin shot for every meal he eats including snack time. The jails not only refused to administer Lantus to the defendant during his pretrial and trial period, but were not even giving him enough insulin for his carb intake which caused his blood sugars to run mostly high. Even his A1C at the Federal Corrections Institution 1 in Butner, NC was registered as 10.9 which is dangerously high. The defendant even vomited up stomach acid while he was first in the Maryland Annex before he was placed in the open North Carolina unit of the prison for the evaluation. The nurse

however accused him of inducing his vomiting which was not the appropriate response as around that time the defendant was not even given insulin at all due to the U.S. Marshals in Winston Salem not giving the prison any medical documentation to prove his diabetes. Since the defendant was just given enough insulin to be alive but not enough to avoid suffering consistent high blood sugar levels(proof is in the medical records of all three county jails). That very well may constitute a International human rights abuse and medical neglect. Not giving somebody enough insulin is just as bad as not giving any insulin. Giving half of the medication does not constitute complying with human rights laws, just because the person is kept alive but is clearly suffering. That is very well what can cause the defendant to take the guilty plea on June 10, 2014 and make incriminating statements. However Amnesty International would see that guilty plea as being coerced by his lack of proper medical attention by the county jails and failure to give enough insulin to cover his carb intake. Even diet trays will not solve the problem as the defendant does indeed need carbohydrates to survive but should be limited then given the exact amount of insulin to cover those carbs for his meals. His public defender refused to even help the defendant when he was clearly suffering medical issues due to failure to being given enough insulin. The defendant clearly should have been at the prison hospital at Butner, NC but was denied that and was in the county jails during the majority of his incarceration.

The defendant has stated good cause for why he has pled guilty even though legally innocent of the charge and that there is more than just reasonable doubt.

Therefore the defendant submits newly discovered evidence he has found that he would not have reasonably known about during his incarceration. The evidence was discovered after his conviction and is submitted as Exhibits attached to this pleading.

> **Exhibit A.** The defendant was sent a threatening text message and even Susan Basko has received threatening emails during the defendant attempting to Appeal his criminal conviction to have it overturned.
>
> **Exhibit B.** Mayodan Police Department had attempted to release some of his property to his Appellate counsel Mark Jones. The defendant discovered a hard drive he didn't think was clearly his and had child porn on it. Then his family destroyed the hard drive, the U.S. Probation Officer Kristy Burton was notified and then the Federal Bureau of Investigation in Richmond, VA was notified as well. However since the original hard drive was destroyed out of fear and protection so that Mayodan could not set Brian up with child pornography, the Probation Officer couldn't do anything. Also in the Exhibit is a few photos of the evidence box originally from the Mayodan Police Department when taking custody of Brian's property. That was the exact same box that the hard drive was found in that contained the child pornography. Brian didn't want child porn and had clearly asked for only his lawful DATA and lawful property back. Why would Mayodan PD release a box with a laptop hard drive with child porn on it as it wasn't even listed in the property sheet so Brian would have no chain of custody for that hard drive to link it back to Mayodan. Brian would have clearly got the blame and then get another false charge of child pornography. Why would there be people wanting to set Brian up with child porn? Brian would have to have been a political threat to the Police Department. That article on July 10, 2014 about the Chief threatening him could clearly lead to an investigation had the SBI or FBI had discovered the online posting at uswgo.com in 2012.
>
> **Exhibit C.** Susan Basko and Brian received threatening emails and text messages stating that Brian was to be framed with child porn planted on the laptop hard drive that Brian and his Appellate counsel was to receive. They

8

threatened his Appellate counsel and likely more threats could have been made against his Appellate counsel in an attempt to scare Brian into withdrawing his Appeal and staying convicted.

**Exhibit D.** At a later time Brian has received three whistleblower text messages on his Tracfone Cellular Phone. Two of those messages included attachments. The last Whisbleblower message was a leaked SBI case file document that calls into question the conduct of North Carolina State Bureau of Investigation Special Agent Rodney White.

**Exhibit E.** The U.S. Probation Officer Kristy Burton has seized his Tracfone and Brian has conducted his own individual report regarding the matter. The document is not the official usual receipt forms so she stated that she written on the paper to act as official receipt.

**Exhibit F.** Brian has filed a fax with the North Carolina Attorney General Roy Cooper asking for an investigation into SA White of the Greensboro SBI and attached the Whistleblower messages as evidence as to why the state needs to investigate into the conduct or misconduct of SA White.

**Exhibit G.** Brian has sent various emails to Phil Berger Sr. prior to Berger's son the former District Attorney of Rockingham County getting involved with the child pornography investigation by Reidsville Police Detective Robert Bridge and Mayodan Police Detective Christopher Todd Brim.

**Exhibit H.** Declaration that Brian gave the Disability Rights of NC contact information to his former public defender before the pleading of guilty.

**Exhibit I.** Faxes Brian had sent to the NC SBI Counsel Angel Gray and their response to Brian's request for the SBI case file.

**Exhibit J.** Faxes Brian had sent to NC State Crime Laboratory counsel Joy Strickland (formerly law enforcement Liaison Sect. and Assistant NC Attorney General of the NC DOJ) then she responded to the inquiry that Agent Rodney White does not work for the state crime laboratory.

**Exhibit K.** Two USWGO Alternative News online article postings by Brian D. Hill which further proves Brian was a political threat to Phil Berger Senior prior to being accused of the alleged offense. One article titled "216 Constituents to Sen. Phil Berger & Rep. Bert Jones, no confidence!" and the other is titled "Local Manager needed to manage the Rockingham County branch of USWGO." The local manager article was USWGO Alternative News attempting to persuade business owners to run local chapters of USWGO Alternative News to cover the corruption and things that the mainstream corporate media will not cover. The first article is a public opinion and statement that there is no confidence in Phil Berger as a State Senator for quietly betraying his Constituents.

There is clearly enough evidence that no Jury would convict the defendant of the charge. The conviction is not legally nor is it morally appropriate against a mentally disabled defendant that had made political enemies in 2012 and has no history of any sexual abuse. The defendant plead guilty due to coercion, ineffective counsel, promise of time served to get out of jail upon acceptance of responsibility when his health was deteriorating, and bad legal advice from Disability Rights of NC whom clearly aren't criminal defense lawyers and even told his family that Brian should not be sending any more letters as it would negatively affect his sentencing. They clearly did not want Brian to prove his innocence and clearly did not think he was legally innocent in any way. That was after his public defender had admitted to have spoken to them(Exhibit H). **The guilty plea cannot be sustained** due to the new evidence and the **conviction cannot be sustained** with new evidence. With this new evidence the court should allow his petition for the Writ of Habeas Corpus or accept the defendant's motion in the future for a New Trial.

10

Conviction is not appropriate as the defendant is clearly not a pedophile and does not have a intent to commit sexual offenses. He is clearly innocent even though technically child porn was claimed to have been found which constitutes technical possession. To be found guilty Brian would clearly need to have wanted to look at the child porn and want to use it to prove intent to knowingly possess the files. Someone's Planting of files/evidence does not prove guilt warranting a conviction on the victim. A jury would never support any frame up even under the argument of technical possession under the law. Anybody can plant drugs to fabricate evidence of guilt and so can it be with child pornography files. As Detective Bridge admitted to viewing a segment of child pornography videos in the search warrant and Mayodan Police Report, it is not farfetched on the possibility of a police officer that has access to child pornography files to have the ability to plant such files or tamper with evidence. Even if it can never have been 100% proven that
the Police Detectives planted the child porn, the threatening emails and Whistleblower messages clearly show a major reasonable doubt that no jury will convict a defendant upon clear and convincing evidence that proves reasonable doubt. In fact the Whistleblower emails, with the leak of Page IV of the SBI Case file on Brian David Hill, explain that child pornography was downloaded between the dates July 20, 2012 up to July 28, 2013 which would match Brian's false confession of downloading child porn for "about a year or so," but that hard drive was seized around August 28, 2012. It appears that the SBI case file may have been catered towards Brian's false confession

statements to fabricate his own guilt which would make him look bad at a Jury trial but the evidence does not match and does not prove him guilty. So the statements in the Whistlewblower messages seem pretty authentic considering the person leaked the SBI document page which is not on public record and is not publicly accessible. The SBI will not even give the defendant a copy of the case file. So how on earth did a Whistleblower leak a copy of the document? He or she clearly had to have worked for the State Bureau of Investigation, the Rockingham County District Attorney's Office, the U.S. Attorney's Office, or the two investigating officers Detective Brim and Detective Bridge.

It is clear that the defendant would have been found Not Guilty had he had a private attorney instead of a court appointed defender due to the current caseload for public defenders being too high to make a reasonable amount of time and effort to prove a defendant innocent. The Federal Public Defender Office does not have the time and resources to prove a defendant innocent so As of now many just take the easier route and that route is the plea agreement. A private attorney has taken an interest in the defendant's federal case and plans on filing a Habeas Corpus Petition on his behalf after the Appeal has run it's course. The defendant has decided to file this New Evidence Pro Se so that it is put on public record about the Whistleblower messages and New Evidence that proves that Brian should be acquitted and should no longer suffer under a criminal conviction. The defendant is a virgin yet is forced onto the Sex Offender registry even though Innocent. He shouldn't even have to serve a sentence of Supervised Release as he cannot even travel out of state, cannot

surf the Internet, without the government's permission. It is clear that nobody will take the Sex Offender Registry seriously anymore as long as Innocent people are on it. It is clear that the defendant should not have been placed on the Registry due to being a victim of a criminal frame up attempt on him which are backed by threatening emails telling the defendant to shut up and stop talking about the child porn set ups. If Brian clearly deserves a sentence of time served for being a victim of a criminal frame up then Brian clearly deserves not being on the Sex Offender Registry as the only people that needs to be on there is real sex criminals including rapists and child molesters. Brian is not a rapist and not a child molester. The conviction is not warranted and should clearly be overturned. The fact that the defendant Brian has received threatening text messages, Susan Basko received threatening emails and one directed at his Appellate Counsel intending to stop his Appeal, and Whistleblower messages have all come out since Brian intended to file evidence then file his NOTICE OF APPEAL should be enough to prove to the Court that there needs to be a New Trial or Habeas Corpus relief, or outright case Dismissal. The only reason Brian wanted Pretrial Diversion Program was so that he wouldn't have to fight to prove his Innocence which could take months to years of battling it out in court, and so he had planned to beg the U.S. Attorney for deferring the prosecution so that Brian wouldn't have to fight for months for his acquittal while his health deteriorated in the county jails. The county jails influenced Brian into falsely pleading guilty by giving him inadequate medical care. Brian stated about not reoffending at Butner because he never offended in the first

13

place but used those terms to try to push for Pretrial Diversion Program but then was not offered that in June 2014 so Brian decided to just let his health further deteriorate while getting ready to take it to a Jury Trial where he would have lost by default due to ineffective counsel. Brian is not guilty all along but ineffective counsel and deteriorating health are both good main causes shown as to why Brian falsely pled guilty. Then with the legal threat that Brian would lose his acceptance of responsibility at sentencing, he further made incriminating statements which secured his conviction in November, 2014.

Respectfully submitted,

*Brian D Hill*
Signed
Brian D. Hill ( pro se )
916 Chalmers St. – Apt. D, Martinsville, VA 24112
Phone: (276)632-2599

14

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015, I filed the foregoing NEW EVIDENCE FOR A NEW TRIAL, HABEAS CORPUS PETITION(§ 2255 MOTION), JUDGMENT OF ACQUITTAL, TO OVERTURN THE CONVICTION, OR ANY OTHER PURPOSE with the Clerk of the Court using the U.S. Postal Service certified First Class mailing, which I assume is added by the Clerk to the CM/ECF system which will send notification of such filing to the following:

Mr. Anand P. Ramaswamy
Assistant United States Attorney
101 South Edgeworth Street
Greensboro, NC 27401

*Brian D. Hill*
Signed
Brian D. Hill ( pro se )
916 Chalmers St. – Apt. D
Martinsville, VA 24112
Phone: (276)632-2599

> Note: Since the number of pages exceeds 100+ pages, it will be costly to send a true and correct copy to the U.S. Attorney Office therefore I rely on the Clerk adding this document into PACER which should automatically notify the U.S. Attorney of such filing made.

15