

## In the United States District Court

## for the Middle District of North Carolina

### Greensboro Division

Defendant, Brian David Hill
v.  Criminal Action No. 1:13-cr-435-1
Plaintiff, United States of America

## MOTION TO STRIKE AND RULE OUT PSYCHIATRIC DIAGNOSIS

Comes NOW, the Defendant Brian D. Hill files a request with the Honorable Court to grant this MOTION TO STRIKE AND RULE OUT PSYCHIATRIC DIAGNOSIS on the grounds of new evidence filed in attachment to this MOTION. The Defendant requests in this MOTION that The Court strike all of Dr. Keith Hersh's (Ph.D., Licensed Psychologist) diagnosis of Delusional Disorder: Persecutory Type, after ruling out his single diagnosis of Delusional Disorder. Even though such diagnosis report (See sealed Doc #23, Filed 08/21/14) was placed under SEAL, it still negatively affects the Defendant's ability to prove Actual Innocence as it makes The Court believe that any statements the Defendant makes may be delusional about what he claims under any Affidavit about claiming to being a victim of a frame up, that he was targeted for political reasons and other factors. It negatively affects the Defendant's credibility in any Affidavit he presents to the court even though the strongest witness of proving innocence is the Defendant himself as he knows whether he has committed the offense or not. The strongest witness being labeled as Delusional severely affects his credibility and

1

makes it far easier for The Court to ignore any statements the Defendant makes. That in turn makes it nearly impossible to prove Innocence without an even bigger burden of proof that proves Innocence and that the Defendant is not delusional of factual innocence claims he makes.

The comments regarding this Disorder were made under sealed Document 23 and then that diagnosis was used in the Presentence Investigation (PSI) report for the matter of sentencing. The Defendant has no other objections to Dr. Hersh's report except for that of Delusional Disorder as it discredits and harms the Defendant in his ability to overturn his conviction. The Defendant does have Mild Autism and Obsessive Compulsive Disorder which causes him to do things differently than any other Defendant in a criminal case, which is true.

First of all several elements that have created the sole basis of Delusional Disorder is the fact that the Defendant claimed a cover-up of his Pro Se motions and filings with the court prior to his change of plea (See Minute Entry for Change of Plea Hearing, filed 06/10/2014, Doc #19, Filed 06/10/2014, AND Doc #20, Filed 06/10/2014). Second element was the fact that the Defendant claimed he was being targeted by a political conspiracy for the online postings he has done and for his political activities.

At first light, any psychologist would suspect that the Defendant was delusional by first hearing the various claims he has made throughout his criminal case. That is why the defense attorney is supposed to provide evidence that backs the Defendant's statements to prove that he isn't delusional and that his sole beliefs is based on evidence that the psychologist was not made aware of prior to his

2

determination of each diagnosis he made at the time of the psychiatric report. Upon any evidence that comes to light that proves that the Defendant had a good enough reason with the evidence to assert his claims to the psychologist, it is not necessary to diagnose the Defendant as Delusional as long as the Defendant has the evidence to back his claims. Like if Brian had any evidence at all that the grass is green then he is not delusional for suspecting that the grass is actually green. Now onto the evidence and how it had affected his case and the diagnosis.

## MISSING PRO SE MOTIONS

First of all let's start with the accusations that Brian suspected a cover-up by the clerk of the court or some other employee working for the court.

After his plea of guilty, he wondered why only two of his pro se motions had made docket, even though he had attempted to file Motions after his June 4th 2014 status conference but prior to his change of plea. He had contacted his public defender Eric David Placke over the matter and he visited him in Guilford County Jail with a concern of his accusation of a potential cover-up. So then Placke mailed him a Docket Sheet of his case and he could not find any of his Pro Se filings after the Status Conference before his change of plea hearing. At a later time he called his family through Paytel phone (evidence is in the phone recordings) explaining to them that he suspects a cover-up at the clerk of the court office since none of those attempted filings ever made docket.

There may have been some good reason why those never made docket but it was up to his attorney to investigate those missing filings to come up with a good explanation as to whether there was really was some kind of cover-up or not. After

3

the production of the Docket Sheet by Placke, he never discussed the matter further so the Defendant started making accusations right and left about the court covering up his Pro Se motions without any solid evidence because his attorney had failed him in proving in any sense what happened to his missing pro se filings and as to why. Therefore he thinks it is appropriate to file the missing pro se motions and filings with the court in attachment to this MOTION to show proof that such filings were attempted but never docketed. Each of the missing Pro Se Motions and filings were filed from Orange County Detention Center in North Carolina. That jail does maintain some kind of logs on every mailing mailed out by inmates which may include legal mailings. Also the Defendant had requested photocopies of his legal documents at the Jail which he had sent home to his family to protect them from any form of snatch and grab by any jail guard which would make all of that evidence disappear. The Defendant had always tried to think ten steps ahead of them if not thirty as one of his friends had said from Butner prison. Anyways the photocopies were of papers that he had attempted to mail to the L. Richardson Preyer Federal Building and U.S. Courthouse prior to his Change of Plea.
If the Jail logs do reveal that the addresses of the mailings of his Pro Se documents were correct and there were no errors in the address and no errors on the envelope, then this may prove that the Defendant was a victim of a Constitutional **Structural defect** by The Court since the mailings between June 4 and June 10, 2014 was during a critical time as it had initially affected his change of plea. Had the **structural defect** not have happened and the filings did make docket, then the outcome may have been different by the means of deciding not to plead guilty.

4

Therefore the Defendant files Exhibits A-F concerning his missing Pro Se filings. All of the different filings were mailed to the Clerk of the Court in June 2014 prior to the Change of Plea. The Defendant certifies that these are true and correct darkened copies (darkened contrast to show the detail of writings) of photocopies of documents that were made by one or more officers of Orange County Detention Center prior to the filings being mailed out.

Evidence is separated into Exhibits.

> Exhibit A.  3-Page letter to the Clerk of the Court in the Greensboro U.S Court, with copies requested to be made (CC:) to Roberta Hill, Stella and Kenneth Forinash, U.S. Department Of Justice, U.S. Federal Bureau of Investigation, U.S. Attorney General, Judge Catherine Eagles, and U.S. Attorney Ripley Rand. Dated unknown but assumed was sent on June 4, 2014.
>
> Exhibit B.  Four 1-Page Pro Se Motions that was mailed out around June 4, 2014. 1-Motion to Suppress Evidence, 2-Motion to Suppress Confession, 3-Motion for Private Counsel, and 4-Motion of Discovery requesting transcript of the June 4, 2014 hearing.
>
> Exhibit C.  Three 1-Page Pro Se Motions and one 2-Page Information page for the Judge that was mailed out around June 6, 2014. 1-Motion To Suppress Evidence, 2-Motion Of Evidence, 3-Motion To Suppress Confession, and 4-Info for Judge
>
> Exhibit D.  Three 1-Page Pro Se Motions, One 1-Page Notes for case examination, and one 2-Page Pro Se Motion that was mailed out around June 7, 2014. 1-Motion of Discovery, 2-Motion Of Evidence, 3-Motion to Declare. 4-Notes for case examination, 5-Motion of exparte
>
> Exhibit E.  One 1-Page Pro Se Motion and one 2-Page Pro Se Motion that was mailed out around June 8, 2014. 1-Motion of exparte, 2-Motion to Dismiss

5

Exhibit F.   One 2-Page Pro Se Motion that was mailed out around June 5, 2014. 1-Motion to Declare

The Defendant has Exhibited photocopy evidence of over ten different Pro Se motions that the Defendant had attempted to file with The Court prior to the Change of Plea hearing on June 10, 2014. The questions is why none of those even made docket. Was it a mistake, was it deliberate, and whom was responsible for this grave error? This is concerning as any docketing of those Motions would have affected the outcome of the entire case and may have changed the outcome to where the Defendant may not have taken the guilty plea agreement. Whatever happened around that timeframe, if the mailing address was correct and the format was proper on the envelope, the Clerk should have docketed this or sent a notification to the Defendant in the event that the filing cannot be accepted due to formatting issues of the Motions. No letter was ever sent back to the Defendant from the clerk while he sat in jail every day. He assumed it was filed on docket for anything he sends to the clerk through mailings using the U.S. Postal Service. Whatever the reason for the missing filing attempts, his public defender should have been adequately representing him when he didn't want to take the guilty plea agreement. Instead it was his attorney making the rules of the legal field and expecting the defendant to do what the public defender wanted. Ineffective counsel was the cause of the whole mess with the Defendant and the cause of the Defendant's wrongful conviction. The fact none of his attempted filings ever made docket can be a reasonable ground for suspicion of a cover-up and not exactly the byproduct of one's own delusion. Had Dr. Keith Hersh seen these attempted

6

filings, he would have had reservations on whether he should really diagnose the Defendant as delusional based on his own claims to the psychologist.

## BEING POLITICALLY PERSECUTED???

The next question is as to why the Defendant would be declared delusional over fears that we was being targeted and persecuted for a crime he didn't commit over political reasons. First of all it was later discovered that former Rockingham County District Attorney Philip Edward Berger Junior was involved throughout Brian's child pornography case while the charges were pending in state. His office even aided and abetted in the search warrant creation process for Reidsville Police Detective Robert Bridge. Then of course Detective Bridge's sister Melanie Bridge was the Assistant District Attorney of Rockingham County under the payroll of the District Attorney Office of North Carolina by direction of DA Phil Berger Junior. Prior to the DA being involved, the Defendant had typed up articles on the internet criticizing the DA's father Philip Edward Berger Senior whom is the State Senator of North Carolina and represents Rockingham/Guilford counties. Even went as far as openly calling for his removal from office, then even wanted to go as far as running for town council to fire Phil Berger from the town attorney position. All of this has been documented since 2012 in emails, news article archive pdf files, and other important records under the control of Brian David Hill or his family. With the connections of the investigators to the Berger family, the same family to which he criticized one of their family members then threatened their position of power, then is it not reasonable for the Defendant to believe that he is being targeted by a political conspiracy, or that he is a political target, or target of bias?

7

The Bergers should have recused themselves from any involvement in the Defendant's case including the search warrant process. The prosecuting attorney Phil Berger Jr. should have recused himself at the very beginning of the criminal investigation and should have transferred prosecution of the case to the North Carolina Attorney General Roy Cooper for the interest of justice and non-bias. None of that ever happened which gives the Defendant a good enough reason to be even a little paranoid of being a political target or a target for personal/political bias. Is Brian really delusional? Does the evidence and his personal investigative findings constitute enough of a good reason to make the accusations and claims that he does? Is he really delusional about possibly being a victim of a political attack? Is he delusional for the missing filings he attempted to make with the court?

Had Dr. Keith Hersh reviewed all of the evidence and investigative findings in the Defendant's possession then he highly likely would never have ruled Brian as delusional about being persecuted. I have shown The Court good cause and made a valid argument as to why The Court should move for all references by Dr. Keith Hersh to <u>Brian being delusional to be stricken from the record</u> as the evidence outweighs his diagnosis and proves that his diagnosis of Delusional Disorder: Persecutory Type is questionable and should be ruled out by The Court then should move to <u>ORDER striking</u> **Delusional Disorder** from Document 23 and from the Presentence Investigation (PSI) report all within court record. Alternatively if the Court does not wish to strike the diagnosis off of record, the Court should move to disqualify and rule out the single diagnosis of Delusional Disorder from Dr. Keith

8

Hersh as unfounded.

It is requested that The Court rule to grant this MOTION and ORDER to strike all of Dr. Keith Hersh's Delusional Disorder comments from his report and from the PSI report.

**He also files a request in this MOTION that it be addressed on the papers without a hearing. The Defendant waives his right to a hearing on this motion.**

Respectfully submitted,

*Brian D. Hill*
Signed
Brian D. Hill ( pro se )
916 Chalmers St. – Apt. D, Martinsville, VA  24112
Phone: (276)632-2599

**CERTIFICATE OF SERVICE**

9

I hereby certify that on April 24, 2015, I filed the foregoing

EVIDENCE OF FIRST JOY STRICKLAND EMAIL PROVING PRIOR WARNING TO NC SBI AGENT RODNEY WHITE ON DEFENDANT'S INNOCENCE

with the Clerk of the Court

by mailing using the United States Postal Service, Postage prepaid.

The filing should be added by the Clerk to the CM/ECF system which will send

notification of such filing to the following parties:

Mr. Anand P. Ramaswamy
Assistant United States Attorney
101 South Edgeworth Street
Greensboro, NC 27401
Fax: (336) 333-5381

*Brian D. Hill*
Signed
Brian D. Hill ( pro se )
916 Chalmers St. – Apt. D
Martinsville, VA 24112
Phone: (276)632-2599

10