IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13CR435-1 |
| | ) | |
| BRIAN DAVID HILL | ) | |

**ORDER**

This matter comes before the court upon Defendant's pro se Motion to Stay Judgment (Doc. 58), Motion to Request a Delay on Destruction of Property (Doc. 59), Letter/Motion requesting certified copies of documents (Doc. 70), Motion for Requesting Computer Forensic Examination (Doc. 76), Motion to Strike and Rule out Psychiatric Diagnosis (Doc. 80), and Motion for Requesting Autism Expert Testimony (Doc. 81).

Defendant was sentenced on November 10, 2014, to 10 months and 20 days imprisonment, but not less than time served, followed by ten years of supervised release. (Minute entry 11/10/2014, 11/12/2014.) Judgment was entered November 12, 2014 (Doc. 54). Defendant Hill filed a pro se motion for extension of time to file a notice of appeal (Doc. 55). This court denied Defendant's motion. (See Order (Doc. 57.) Defendant Hill subsequently filed a notice of appeal (Doc. 62) seeking to appeal this court's order denying his motion for extension and to appeal the criminal judgment. On April 7, 2015, the Court of

Appeals for the Fourth Circuit issued its opinion concluding that this court did not abuse its discretion in denying Defendant's motion for extension and affirmed that portion of his appeal and dismissing that portion of the appeal relating to the criminal judgment as untimely.  (Doc. 74.)

Defendant has now filed a series of motions, all of which either challenge or relate to the judgment.  Before addressing the motions on the merits, this court will address Defendant's filing of the motions and related pleadings.

This court ordered, as a condition of supervised release, that

> [t]he defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location . . . without the prior approval of the probation officer.  This includes any internet service provider, bulletin board system, or any other public or private computer network.

(Doc. 54 at 4.)

Defendant initially filed a number of pleadings by United States mail.  (See, e.g., Docs. 58, 59.) However, recently, a number of Defendant's filings indicate filing using the Clerk's email; one of those filings contains the following language in the certificate of service:

> I hereby certify that this [document] was filed with the Clerk of The Court using Cell Phone Multimedia Messaging Service (MMS) gateway to the Clerk's email system for the purpose of filing electronically since Facsimile was not available at the time.

- 2 -

Case 1:13-cr-00435-TDS   Document 87   Filed 04/29/15   Page 2 of 4

(See e.g., Doc. 77 at 6.) According to the Clerk's office, a number of documents were sent by Defendant via email using an MMS messaging service.

In order to send documents via MMS, Defendant may have access to a data plan, which in turn provides access to on-line computer services. Furthermore, it appears to this court that if Defendant is able to send material over the internet through his MMS service, then he can likely receive material as well. Defendant may be in violation of the terms and conditions of his supervised release if he has used a "means" to access on-line computer services.

To be clear, Defendant is not precluded at this time from filing documents with the Clerk's office in his case. He is, however, prohibited from accessing on-line computer services by any means without the prior approval of the probation officer. Thus, although the Clerk has cautioned Defendant as to the proper form for filing (see Doc. 78), Defendant is further warned that a violation of the terms and conditions of his supervised release could lead to very serious sanctions by this court.

Turning to the substantive content of the motions, after careful review, this court finds Defendant's motions should be denied. Defendant has not demonstrated any basis in law for the motions filed. Defendant's claims that his plea of guilty was

not voluntary and that the child pornography material was planted on his computer were previously raised while Defendant was represented by counsel and addressed.  Specifically, on October 15, 2014, after substitute counsel was appointed, this court held a status conference.  During that status conference, this court was advised by counsel, in Defendant's presence, that Defendant did not wish to proceed with a motion to withdraw his plea.  Thereafter, the case proceeded to sentencing.  Mr. Hill's present motions are simply restatements of issues Mr. Hill raised, then declined to address, during the original case.  These motions should be denied.

**IT IS THEREFORE ORDERED** that Defendant's pro se Motion to Stay Judgment (Doc. 58), Motion to Request a Delay on Destruction of Property (Doc. 59), Letter/Motion requesting certified copies of documents (Doc. 70), Motion for Requesting Computer Forensic Examination (Doc. 76), Motion to Strike and Rule out Psychiatric Diagnosis (Doc. 80), and Motion for Requesting Autism Expert Testimony (Doc. 81) are **DENIED** for lack of good cause.

This the 29th day of April, 2015.

                                       /s/ William L. Osteen, Jr.
                                       Chief United States District Judge