PROB 12C
11/03

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina



FILED
APR 29 2015
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Brian David Hill                    Case Number:     1:13CR435-1

Name of Sentencing Judicial Officer:     The Honorable William L. Osteen, Jr.

Date of Original Sentence:               November 10, 2014

Original Offense:     Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(A)(a)(5)(B) and (b)(2).

Original Sentence:     10 months and 20 days imprisonment, but not less than time served, followed by 10 years supervised release.

Type of Supervision:     Supervised Release          Date Supervision Commenced: November 13, 2014
                                                     Date Supervision Expires: November 12, 2024

Assistant U.S. Attorney: Anand Prakash Ramaswamy          Defense Attorney: John Scott Coalter

---

## PETITIONING THE COURT

[X]     To issue a warrant.  For compelling reasons, this petition and Warrant shall remain sealed until the Warrant is executed.  The Clerk shall provide a copy of the petition and Warrant to the U.S. Probation Office, the U.S. Attorney's Office, and the United States Marshal Office.

[ ]     To issue a summons

The probation officer believes that Mr. Hill  has violated the following condition(s) of supervision:

| **CONDITION VIOLATED** | **NATURE OF NONCOMPLIANCE** |
|---|---|
| The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | On April 28, 2015, Mr. Hill was verbally abusive toward U.S. Probation Officer Kristy L. Burton (WD/VA) and failed to follow her instructions. |

U.S. Probation Officer Recommendation:

[X]    The term of supervision should be
      [X]      revoked.
      [ ]      extended for  years, for a total term of  years.

[ ]    The conditions of supervision should be modified as follows:


I declare under penalty of perjury that the forgoing is true and correct.

Executed On   _____4/29/15_____

_____
Edward R. Cameron
Supervisory U.S. Probation Officer


Approved by:

_____          4·29-15
Lisa P. Palombo                                Date
Deputy Chief U.S. Probation Officer

===================================================

### THE COURT ORDERS

[ ]    No Action
[✓]    The Issuance of a Warrant. For compelling reasons, this petition and Warrant shall remain sealed until the Warrant is executed. The Clerk shall provide a copy of the petition and Warrant to the U.S. Probation Office, the U.S. Attorney's Office, and the United States Marshal Office.
[ ]    The Issuance of a Summons.
[✓]    Other : As a part of this proceeding, the court will inquire about Mr. Hill's possible access to an online computer service. see Order, Doc 87.

_____William L. Osteen, Jr._____
Signature of Judicial Officer

_____
Date

**GENERAL ADJUSTMENT UNDER SUPERVISION:**

Mr. Brian David Hill began supervision in the Western District of Virginia (WD/VA) on November 13, 2014. The supervising U.S. Probation Officer (USPO) Kristy L. Burton (WD/VA) reported that his initial supervision history has been challenging based on numerous mental and physical health conditions present with Mr. Hill. He resides with family in Martinsville, Virginia and relies upon Social Security Disability as his source of income.

On April 28, 2015, a warrant was requested from the U.S. Probation Office in the WD/VA due to Mr. Hill displaying troubling behavior. According to information provided by USPO Burton, on April 28, 2015, she visited Mr. Hill's residence to address his sending numerous documents to the Court to be filed in his case. The U.S. District Court Clerk's Office had directed Mr. Hill to cease this behavior, however, he had not complied. When USPO Burton attempted to address this issue with Mr. Hill, he became visibly upset. He began wringing his hands together and shaking his head. After USPO Burton instructed Mr. Hill to stop sending documents to the Court, he hit a plate off of a table beside a couch sending it to the floor. Mr. Hill began pacing and raised his voice toward USPO Burton. Due to Mr. Hill's escalated behavior, USPO Burton advised that she would be leaving the residence. Mr. Hill responded by indicating that he would be okay. Mr. Hill paced toward the kitchen and he was instructed to remain in the living room and to be seated by USPO Burton. Mr. Hill did sit down and told USPO Burton that she was a "jerk." Mr. Hill's grandparents and mother instructed him to calm down and advised that USPO Burton was only doing her job. USPO Burton and Mr. Hill continued to discuss his issue with sending documents to the Court and spoke about his failure to attend his mental health services at Piedmont Community Services in Martinsville, Virginia. Mr. Hill responded by continuing to hit items off of a side table and calling USPO Burton an "asshole" on two occasions. At this point USPO Burton felt unsafe and left the residence.

**RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION:**

**Statutory Provisions:**

Mr. Hill 's original conviction was a Class C Felony. Therefore, if supervised release is revoked, he may not be required to serve more than 2 years in prison. 18 U.S.C. § 3583(e)(3).

**Policy Statements:**

The probation officer believes Mr. Hill 's most serious violation is a Grade C in that his violation is technical in nature. Mr. Hill 's original criminal history category was Category I. Pursuant to USSG §7B1.4(a), the range of imprisonment applicable upon revocation is 3 to 9 months.

Pursuant to USSG §7B1.3(c)(1), the minimum term may be satisfied by a sentence of imprisonment; or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG §5C1.1(e) for any portion of the minimum term.

The Chapter 7 policy statements regarding the range of imprisonment applicable upon revocation are not binding on the Court. The Court must consider the policy statements, but may deviate from them for good reason articulated on the record.

**Imposition of Supervised Release**

The maximum term of supervised release that can be reimposed following revocation is the term of supervised release authorized by statute minus the imprisonment imposed upon revocation.

**FACTORS THAT MAY WARRANT DEPARTURE:**

At the original sentencing, the Court departed from the applicable guideline range as part of a binding plea agreement for departure accepted by the Court. Therefore, the Court may consider an upward departure. USSG §7B1.4, comment (n.4).

**SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM:**

None

**UNSATISFIED CONDITIONS OF ORIGINAL SENTENCE:**

None

**ADJUSTMENT FOR OFFICIAL DETENTION:**

None

## RECOMMENDATION:

It is recommended that Mr. Hill 's supervised release be revoked and that he be sentenced to the high end of the range of the Chapter 7 policy statements. Mr. Hill has displayed troubling behavior toward his supervising U.S. Probation Officer. This behavior escalated to the point that his officer did not feel safe and had to leave his residence. It does not appear that Mr. Hill is able to comply with his conditions of supervision at this time. It is recommended that Mr. Hill be held in custody in an attempt to address his violation behavior and to assist him in receiving mental health assistance.

It is recommended that nine years and three months supervised release be reimposed following a custodial sentence. This amount of supervised release is the original term of supervision less the recommended imprisonment term. An additional term of supervision will give Mr. Hill another opportunity to be monitored in the community and to provide needed assistance.

An additional condition of supervised release is also recommended if a reimposed term of supervised release is ordered, the defendant shall cooperatively participate in a program of the Residential Re-Entry Center (RRC) until discharged by the center director and/or probation officer, but no later than 180 days from admission. This condition is recommended in the event that Mr. Hill does not have a suitable residence for supervision purposes upon release from custody.

## Voluntary Surrender/Detention:

Mr. Hill does not appear to be a suitable candidate for voluntary surrender or release at a detention hearing as he is seen as a danger to the community. Mr. Hill has displayed troubling and erratic behavior toward his supervising U.S. Probation Officer. This behavior escalated to the point that his officer did not feel safe in his home and had to leave. Mr. Hill does not appear to be a risk of flight as he has no history of non-appearance noted.

Respectfully submitted,

Edward R. Cameron
Supervisory U.S. Probation Officer

Approved by:

Lisa P. Palombo
Deputy Chief U.S. Probation Officer

4-29-15
Date

cc:     U.S. Attorney
        Defense Attorney
        Brian David Hill