IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:13CR435-1 |
| ) | |
| BRIAN DAVID HILL ) | |

DETENTION ORDER

This matter came before the Court on June 11, 2015, for a detention hearing and preliminary revocation hearing on whether probable cause exists to sustain the petition for supervised release action as to Defendant Brian David Hill ("Defendant"). See Fed. R. Crim. P. 32.1.

On the basis of the evidence presented by the United States Probation Officer, the Court finds probable cause to believe that the Defendant violated the terms of his supervised release as alleged in the petition for supervised release action. At the hearing, the Probation Officer testified that Defendant was released to supervision on November 13, 2014. The Probation Officer further testified that during a home visit on April 28, 2015, Defendant became very upset with the Probation Officer, starting hitting objects off of the table, tried to leave the room, and was verbally abusive toward the Probation Officer. The Court finds this evidence sufficient to establish probable cause as to the alleged violations in the Petition. Accordingly, the Defendant shall be held to answer at the revocation hearing.

1

The finding of probable cause of a supervised release violation is a constitutionally sufficient predicate for directing that the releasee, already convicted of a crime, be held in custody pending the revocation hearing. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972) (holding that a finding of probable cause is a sufficient ground for detaining a parole violator); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (holding that an alleged probation violator is entitled to the same due process set forth in Morrissey with respect to parole violators); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (applying the protections set forth in Morrissey and Gagnon to revocations of supervised release); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991) (holding that Morrissey's standards apply to supervised releases); see also Fed. R. Crim. P. 32.1.

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a supervised releasee's eligibility for release pending the revocation hearing shall be in accordance with 18 U.S.C. § 3143(a). Under that section, the Court "shall" order that a supervised releasee be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Rule 32.1(a)(6) further states that "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

Having considered the evidence presented at the hearing, the Court cannot find by clear and convincing evidence that Defendant does not pose an unreasonable risk of danger to the community. In this regard, the evidence indicates that while on supervised release and during

2

a home visit by the Probation Officer, Defendant acted out physically by knocking items off a table and became verbally abusive toward his Probation Officer causing her to become concerned for her safety. The Probation Officer also noted that Defendant had been "agitated" during other visits, and she noted in particular an earlier incident in which she arrived for a visit and everyone in the home was upset because Defendant had hit his grandfather shortly before the Probation Officer arrived. Under these circumstances, and in particular in light of the Probation Officer's stated concern for her own safety in supervising the Defendant, the Court cannot find that Defendant has shown by clear and convincing evidence that he would not pose a risk of danger to another person or the community.

To the extent counsel for Defendant presented evidence regarding Defendant's mental health issues, in particular his autism, and the need for the Probation Officer to take a more cooperative or gradual approach in communicating with him in light of his disabilities, the Court concludes that those matters are best addressed at the revocation hearing. To the extent counsel for Defendant raised concerns regarding the treatment of Defendant's medical conditions while he is in custody, in particular his diabetes, the Court has directed the Marshal's Service to ensure that Defendant has been evaluated medically and that he is receiving appropriate medical care.

IT IS THEREFORE ORDERED that Defendant be held in custody until the final revocation hearing in this matter.

This, the 17th day of June, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge