IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Greensboro, North Carolina |
| | ) | June 10, 2014 |
| vs. | ) | 10:04 a.m. |
| | ) | |
| BRIAN DAVID HILL, | ) | |
| | ) | Case No. 1:13CR435-1 |
| Defendant. | ) | |
| _____ | ) | |

TRANSCRIPT OF PLEA
BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:    ANAND P. RAMASWAMY, AUSA
                       Office of the U.S. Attorney
                       101 S. Edgeworth Street, 4th Floor
                       Greensboro, North Carolina 27401


For the Defendant:     ERIC D. PLACKE, AFPD
                       Office of the Federal Public Defender
                       301 N. Elm Street, Suite 410
                       Greensboro, North Carolina 27401


Court Reporter:     Joseph B. Armstrong, RMR, FCRR
                    324 W. Market, Room 101
                    Greensboro, NC  27401

Proceedings reported by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

<u>P R O C E E D I N G S</u>

1

2          (At 10:04 a.m., proceedings commenced.)

3          (Defendant present.)

4          THE COURT:  All right.  Good morning, Mr. Ramaswamy.

5          MR. RAMASWAMY:  Good morning, Your Honor.  The

6  Government would call -- I believe this is more of a status

7  conference -- United States versus Brian David Hill in

8  1:13CR435-1, represented by Mr. Placke.

9          THE COURT:  All right.  Good morning, Mr. Placke.

10          MR. PLACKE:  Good morning, Your Honor.  Your Honor,

11  if I may, I think I can assist here.  Mr. Hill has decided --

12  he's had a chance to speak with his family, and he and I have

13  had a chance to speak some -- has decided to enter a plea of

14  guilty in accordance with the offer, I believe a copy of which

15  has been supplied to the Court.  Our first opportunity to

16  review this particular plea offer was yesterday; and although

17  that was conducted at a couple of different places, it was also

18  interrupted by some other circumstances.  We've been continuing

19  that this morning.  If we could have perhaps a recess of 15

20  minutes, I think we can be all set, Your Honor.

21          THE COURT:  All right.  Well, I understand that

22  completely.  It's not been so long ago that I forgot what it

23  was like to have clients moved from one facility to another

24  unexpectedly, so I'll be happy to give you that.  Why don't we

25  just say we'll stand in recess until 10:30.  I'll come back in

```
 1   then; and if for whatever reason you need additional time, I'm
 2   happy to provide it to you.
 3            We'll be on -- we'll just stand at ease until 10:30.
 4            (At 10:05 a.m., break taken.)
 5            (At 10:34 a.m., break concluded.)
 6            THE COURT:  All right.  You may call the next case.
 7            MR. RAMASWAMY:  Your Honor, if we can return to the
 8   matter of Brian David Hill in 1:13CR435-1.  He's represented by
 9   Mr. Placke.
10            THE COURT:  All right.  Mr. Placke, give me just one
11   second.  All right.  I meant to check the guidelines, but a
12   portion of this plea agreement is made under -- I think it
13   was 3 -- wait a minute.  Oh, 11(c)(1)(B).  So it's a nonbinding
14   recommendation at this point in time.
15            MR. PLACKE:  Exactly.
16            THE COURT:  All right.  Mr. Placke, are you and
17   Mr. Hill ready to proceed in this matter?
18            MR. PLACKE:  Yes, we are, Your Honor.
19            THE COURT:  Have you had enough time to review the
20   Government's file in this case?
21            MR. PLACKE:  I have.
22            THE COURT:  And do you believe Mr. Hill understands
23   the charge and the nature of this hearing?
24            MR. PLACKE:  I do.
25            THE COURT:  And is it his intention to enter a plea
```

1  of guilty here today?

2       MR. PLACKE:  It is, Your Honor.

3       THE COURT:  And has anyone made any threats or

4  promises to Mr. Hill to induce his plea of guilty other than

5  those contained in the plea agreement?

6       MR. PLACKE:  No, Your Honor.

7       THE COURT:  And is it your recommendation that I

8  accept his plea of guilty?

9       MR. PLACKE:  It is.

10       THE COURT:  Mr. Hill, I'm going to ask Ms. Welch to

11  administer the oath to you at this time.

12       THE DEFENDANT:  All right.

13       (Defendant sworn by the clerk.)

14       THE COURT:  Thank you.  Mr. Hill, you are now under

15  oath; and because you're under oath, if you answer any of my

16  questions falsely, those answers may later be used against you

17  in a separate prosecution for perjury or making a false

18  statement.  Do you understand that?

19       THE DEFENDANT:  Yes, sir.

20       THE COURT:  And would you state your full name,

21  please, sir.

22       THE DEFENDANT:  Brian David Hill.

23       THE COURT:  And how old are you, Mr. Hill?

24       THE DEFENDANT:  Twenty-four years old.

25       THE COURT:  How far did you go in school?

1          THE DEFENDANT:  High school.

2          THE COURT:  And is that some high school or graduated

3     from high school?

4          THE DEFENDANT:  It was home school.

5          THE COURT:  Home school.  Are you able to read and

6     understand the indictment and the plea agreement in this case?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And have you been treated recently for

9     any mental illness or addiction to narcotic drugs?  And let me

10    say during the course of this colloquy, if I ask you any

11    questions that you don't understand, please stop me, and I'll

12    either rephrase it, or I'll give you a minute to talk to

13    Mr. Placke if you want to.

14         THE DEFENDANT:  All right.  Thank you, sir.

15         THE COURT:  You may talk to Mr. Placke.

16         (Discussion between defendant and Mr. Placke.)

17         THE COURT:  All right.  I'll ask the question again.

18    Have you been treated recently for any mental illness or

19    addiction to narcotic drugs?

20         THE DEFENDANT:  Mild autism.

21         THE COURT:  And what kind of treatment or what

22    procedures are you involved in at this point with respect to

23    that?

24         THE DEFENDANT:  Basically, I take Prozac and Geodon.

25         THE COURT:  All right.  And when's the last time you

US v. Hill - Plea - June 10, 2014

1  took those medications?

2          THE DEFENDANT:  Orange County Jail.

3          THE COURT:  All right.  Was that yesterday, today?

4  Do you remember when?

5          THE DEFENDANT:  I think --

6          THE COURT:  Just your best recollection is fine.

7          THE DEFENDANT:  All right.  Basically, I think it was

8  probably Sunday I took the Geodon, and Monday I took the Prozac

9  but not the Geodon.

10          THE COURT:  All right.  Now, Mr. Hill, is there

11  anything about the mild autism you described or the medications

12  that you're taking that affects your ability to hear me or

13  understand my questions or this proceeding?  Did you understand

14  that question?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  All right.  Anything about your -- the

17  mild autism or the treatment or the medications that impairs or

18  affects your ability to hear me and understand this proceeding?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  It does affect your ability?

21          THE DEFENDANT:  No, no, sir.

22          THE COURT:  Let me ask the question this way.  With

23  the understanding that you're going through this treatment and

24  taking those medications, are you able to hear me and

25  understand my questions here today?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And are you able to understand the nature

3 of this proceeding?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  All right.  And other than the two

6 medications that you just described, are you under the

7 influence of any drug, alcoholic beverage, or other

8 medications?

9          THE DEFENDANT:  Insulin.

10          THE COURT:  Okay.  Is there anything about that

11 Insulin that affects your ability to understand me or follow

12 this proceeding?

13          THE DEFENDANT:  I don't think so, sir.

14          THE COURT:  All right.  Mr. Placke, I will ask you.

15 Listening to Mr. Hill so far, he seems to me to be

16 appropriately responsive, and I don't find anything about the

17 conditions or medications that suggest we cannot proceed.  Do

18 you agree with that?

19          MR. PLACKE:  I agree with that, Your Honor.  There

20 have been two occasions, one was yesterday, and one was several

21 months ago, when the particular time of day and relationship to

22 meal time was such that we were talking, talking, and then

23 Mr. Hill's blood sugar, which fluctuates rapidly in his case,

24 had dropped some, and his affect changed.  I could tell he

25 wasn't feeling well, and we had to stop and have the jailers

US v. Hill - Plea - June 10, 2014

provide him some food.  But those have been the only times when there has been impact on our ability to communicate.

THE COURT:  All right.  Mr. Hill, when your blood sugar drops, can you kind of feel that coming on?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  If at any time in this proceeding something like that occurs, just let me know, and we'll stop; and whatever you need, food or Insulin, we'll take care of that, and then we'll continue when you're able.  Do you understand that?

THE DEFENDANT:  Yes.  Thank you, sir.

THE COURT:  All right.  Mr. Hill, have you received a copy of the indictment and reviewed it with Mr. Placke?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand the indictment and the charge against you?

THE DEFENDANT:  Yes, sir.

THE COURT:  And have you fully discussed the charge in the indictment and the case in general with Mr. Placke?

THE DEFENDANT:  Yes, sir.

THE COURT:  And have you and Mr. Placke discussed any possible defenses you might have to the charge?

THE DEFENDANT:  Yes, sir.

THE COURT:  What I mean by that is have you talked to Mr. Placke about everything you think might be helpful to you

1    in defending this case?

2             THE DEFENDANT:  I believe so, sir.

3             THE COURT:  All right.  And are you fully satisfied

4    with the services of Mr. Placke and his counsel,

5    representation, and advice?

6             THE DEFENDANT:  Yes, sir.

7             THE COURT:  Now, I understand there's a plea

8    agreement in your case, Mr. Hill, and one has been filed that

9    on page 7 appears the signature of Brian D. Hill.  Is that your

10   signature?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  And, Mr. Hill, before I talk to

13   Mr. Placke, I am going to address directly the fact -- and I'm

14   not sure when the letters were written, but at least one letter

15   was written after your hearing before Judge Tilley in which a

16   number of motions were denied.  Do you understand that?

17            THE DEFENDANT:  Yes.

18            THE COURT:  I have reviewed that letter, and the

19   entry of a plea of guilty pursuant to this plea agreement would

20   result in my not having any kind of hearing or further inquiry

21   as to that letter.  Do you understand that?

22            THE DEFENDANT:  Yes, sir.

23            THE COURT:  In other words, a plea of guilty would

24   render moot those complaints because we're addressing them

25   through this colloquy, my questions and answers.  Do you

1  understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And having been advised of that, is it

4  your request that I proceed ahead with this plea of guilty

5  hearing?  Do you want to go forward with this?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  Mr. Placke, as I understand

8  Mr. Hill's plea agreement in this case, he has agreed to enter

9  a voluntary plea of guilty to the offense charged in the

10 indictment.  In exchange for his plea of guilty, the Government

11 has agreed to recommend Mr. Hill for a reduction in his offense

12 level pursuant to Section 3E1.1(b) of the sentencing guidelines

13 if he otherwise qualifies.  Furthermore, the United States has

14 agreed not to oppose Mr. Hill's request for a departure

15 and/or -- well, specifically a departure, but either a

16 departure or a variance under 5H1.3 and four of the sentencing

17 guidelines.  Further, the Government has agreed not to oppose

18 Mr. Hill's request that a sentence of time served constitutes

19 an appropriate active sentence component to any sentence

20 imposed in the case.  Is that your understanding of Mr. Hill's

21 plea agreement.

22          MR. PLACKE:  Yes, it is, Your Honor.

23          THE COURT:  And does this plea agreement contain all

24 the terms and conditions of Mr. Hill's agreement with the

25 United States?

1          MR. PLACKE:  Yes, it does.

2          THE COURT:  Mr. Hill, is my summary of the plea

3   agreement the same as your understanding of the terms of your

4   plea?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And have you had enough time to review

7   the plea agreement and discuss it with Mr. Placke?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And do you understand all the terms of

10  your plea agreement?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And does this plea agreement represent

13  the entire agreement between you and the United States in this

14  case?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  All right.  Mr. Hill, in the agreement as

17  I just summarized it, there are two provisions I want to talk

18  to you about specifically.  One is the provision in which the

19  United States has agreed to make a recommendation to the Court

20  for a reduction in your offense level pursuant to Section

21  3E1.1(b) of the sentencing guidelines if you otherwise qualify

22  for that recommendation.  That is only a recommendation, and it

23  is not binding on this Court.  Do you understand that I can

24  refuse to follow the recommendation as contained in the plea

25  agreement?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And do you understand that I can impose a

3    sentence that is more severe than you may anticipate based on

4    that recommendation?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And do you understand that if I should

7    choose not to follow the Government's recommendation, that fact

8    alone is not a reason I would allow you to withdraw this guilty

9    plea?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Now, the second provision in your plea

12    agreement, Mr. Hill, relates to the Government's agreement to

13    not oppose a request for a departure under Section 5H --

14    Sections 5H1.3 and 5H1.4 of the sentencing guidelines and the

15    Government's agreement not to oppose or object to a sentence of

16    time served at the sentencing hearing.  Now, there again, that

17    is only a recommendation, and it is not binding on this Court.

18    Do you understand that?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And I will tell you, Mr. Hill, even with

21    this statement that I'm about to make, I've had enough time to

22    review the factual basis in this case, and I've also had the

23    opportunity to review the evaluation as well as some of your

24    communications with the Court.  At this point in time I would

25    tell you that I am inclined to accept those recommendations or

1    accept the plea agreement with those recommendations from the

2    Government.  Do you understand that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  But even saying that now, Mr. Hill,

5    ultimately my final determination as to whether or not to

6    accept those recommendations will depend upon the presentence

7    report, we'll talk more about that later, and any additional

8    information I might get.  So I say that to illustrate this

9    point, that is, the Government's agreed to make a

10   recommendation; Mr. Placke, it appears at this point, has a

11   very strong argument; but, ultimately, the final decision as to

12   whether or not I will accept that recommendation will be

13   conditional upon my review of the presentence report at a later

14   time.  Do you understand that?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Now, if -- having said all that, if at

17   that time I should for some reason reject the recommendation

18   and fashion a different sentence other than what's called for

19   in the plea agreement, then under those circumstances that fact

20   alone is not a reason I would allow you to withdraw this guilty

21   plea.  Do you understand that?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  And I understand that can be a little

24   intimidating or frightening to hear that at this point,

25   Mr. Hill, but this is a very serious hearing that we're having

here today, and you're making a substantial decision as to how
to resolve this case, and I want to make sure you understand
all of the potential consequences of it.  If it works out the
way that everybody described, then that's good, but there are
potential consequences you need to make sure you understand.
Do you understand all that?

   THE DEFENDANT:  Yes, sir.

   THE COURT:  Anything you want to talk to Mr. Placke
about further after hearing my comments?

   THE DEFENDANT:  Um-um.

   THE COURT:  All right.  Has anyone made any threats
or promises to you other than those contained in the plea
agreement in an effort to get you to plead guilty?

   THE DEFENDANT:  No, sir.

   THE COURT:  And has anyone in any way attempted to
force you to plead guilty against your wishes?

   THE DEFENDANT:  No, sir.

   THE COURT:  Now, in this case, Mr. Hill, you are
pleading guilty to a felony offense.  If your plea of guilty is
accepted by this Court, you will be adjudicated guilty of that
offense, and, as a result, you will lose certain valuable civil
rights, including the right to vote, the right to hold public
office, the right to serve on a jury, and the right to possess
any type of firearm.  Do you understand these consequences of
your guilty plea?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  Now, upon your plea of guilty, there are

3  certain statutory penalties that apply -- or upon conviction, I

4  should say.  In this case you are seeking to enter a plea of

5  guilty to violation of 18 USC Section 2252A(a)(5)(B).  The

6  statutory penalties that apply upon conviction include all of

7  the following:

8       A term of imprisonment of not more than 10 years.

9       A period of supervised release of not less than five

10 years or more than life.

11      A fine of not more than $250,000 or twice the gross

12 gain or loss caused by the violation, whichever is greater.

13      A special assessment of $100 is mandatory.

14      I can order forfeiture of a number of the items, such

15 as computer and images and other things seized as a result of

16 this activity, and I also have authority to order restitution

17 to any victims of the crime.

18      Do you understand those statutory penalties that

19 apply?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  Now, in advising you of those statutory

22 penalties, I mentioned supervised release.  Supervised release

23 means that following any term of imprisonment you'll be placed

24 on a period of supervision by this Court.  During that time, if

25 you violate any of the conditions of that supervised release,

US v. Hill - Plea - June 10, 2014

you can be given additional time in prison up to the full term
of supervised release imposed.  The Court could also impose an
additional term of imprisonment and then reimpose supervised
release in response to a violation.  Do you understand
supervised release?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Do you understand all of the possible
penalties and consequences of this plea of guilty?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Now, up to this point, I've described the
statutory penalties that apply.  Ultimately, it will be up to
this Court to determine a sentence which is sufficient but not
greater than necessary.  The process of determining that
sentence starts by calculating an advisory sentencing guideline
range based on sentencing guidelines created by the Sentencing
Commission.  I cannot determine the applicable sentencing
guideline range for your case until after a presentence report
is prepared.  That report will contain a guideline calculation
prepared by the probation officer.  Once that report is
prepared, you'll have the opportunity to review that report
with Mr. Placke and file any objections or challenge any facts
or guideline calculations as recommended by the probation
officer.

          Do you generally understand that process I've just
described?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Now, Mr. Placke may have discussed the

3     guidelines with you, and here I am certain he has discussed the

4     guidelines with you because your plea agreement has a guideline

5     provision recommendation in it.  However, no one -- in spite of

6     what Mr. Placke may have told you, no one knows what that

7     guideline range or your sentence might be until after that

8     presentence report is prepared, and I have had the opportunity

9     to review that report as well as the -- any objections you or

10    the United States might file.  As a result, do you understand

11    that your guideline range and your sentence may be different

12    from any estimate Mr. Placke may have provided to you?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  And do you understand that I can use a

15    guideline range or impose a sentence that is more severe than

16    any recommended to -- than any -- excuse me -- estimated to you

17    by your attorney or recommended by the Government?  Do you

18    understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  All right.  Are you doing okay?  You look

21    a little -- are you doing all right?

22         THE DEFENDANT:  Yeah.  Yes, sir.

23         THE COURT:  All right.  If you need to sit down, just

24    let me know that, and we'll be fine.

25         Now, once your guideline range has been determined,

1  it is an advisory sentencing guideline range.  To determine a

2  sentence, I am required to consider that advisory sentencing

3  guideline range, any applicable departures to that range, and

4  then all the other factors set out under 18 USC Section 3553.

5  Do you generally understand the process of determining a

6  sentence?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  As a result of that process, do you also

9  understand that this Court has the authority to impose a

10 sentence that is more severe than that called for by the

11 applicable advisory sentencing guideline range?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Do you understand that if your sentence

14 is more severe than that called for by the guidelines, that

15 fact alone is not a reason I would allow you to withdraw this

16 guilty plea?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Do you understand that parole has been

19 abolished, and, if you're sentenced to prison, you will not be

20 released on parole?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And do you understand that both you and

23 the United States has the right to appeal any sentence I may

24 impose in your case?  Do you understand that?

25         THE DEFENDANT:  Yes, sir.

THE COURT: All right. I think it's clear. You certainly, Mr. Hill, seem to understand it, but just a moment ago when I talked about departures from the guideline range, those two provisions in your plea agreement, 5H1.3 and 4, I think, are actually formally known as departures, and the final determination as to whether to grant a departure downward is one that I will make at the time of sentencing after reviewing your presentence report. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Now, in this case, Mr. Hill, because you've been charged with a felony, you have certain constitutional rights, and by pleading guilty you will waive many of these constitutional rights.

You have the right to plead not guilty.

You have the right to a trial by jury, which means you have the right to have your guilt or innocence determined by a jury.

At any trial you are presumed innocent. The United States is required to prove your guilt of the crime charged beyond a reasonable doubt, which means the United States is required to prove each and every element of the crime charged beyond a reasonable doubt before you can be found guilty.

You have the right to the assistance of counsel at all stages of this proceeding, including a trial; and if you cannot afford an attorney, one will be appointed for you.

1          You have the right to see and hear all of the

2    witnesses called to testify.  You have the right to confront

3    those witnesses, and you or your attorney has the right to

4    cross-examine each of those witnesses.

5          You have the right to issue subpoenas and to compel

6    the attendance of witnesses to testify in your defense; and if

7    you cannot afford the cost of those subpoenas, the Government

8    can be required to pay those costs for you.

9          You have the right to testify in your own defense if

10   you choose to, but no one can force you to testify, that is,

11   you have the right to refuse to testify; and if you choose not

12   to testify, your refusal to testify cannot be used against you

13   in any way.

14         You have the right to present evidence, but you're

15   not required to present any evidence at all.  If you choose not

16   to present any evidence at all, that fact cannot be used

17   against you.

18         Do you understand each of these rights?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  And do you further understand that by

21   entering this plea of guilty, once your plea is accepted by

22   this Court, there will be no trial, and you will have given up

23   your right to a trial as well as these other rights associated

24   with a trial?

25         THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  In this case, Mr. Hill, as I
mentioned earlier, you're seeking to enter a plea of guilty to
a violation of 18 USC Section 2252A.  The elements of that
offense, that is, the facts the United States would be required
to prove beyond a reasonable doubt at any trial, include all of
the following:

One, that you knowingly possessed certain items.

Two, those items included any magazine, periodical,
film, videotape, computer disk, or other material that
contained images of child pornography, as that term is defined
by statute.

And, three, the material you possessed with intent to
view had been mailed, shipped, or transported in interstate or
foreign commerce by any means, including a computer, or have
been produced using materials that had been mailed, shipped, or
transported in interstate or foreign commerce by any means,
including computer.

I'm sure Mr. Placke has been over this with you a
time or two, but do you understand the elements of the offense
charged in the indictment?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that by pleading
guilty this to offense, you are admitting to the elements of
the offense as those facts are described in the indictment?

THE DEFENDANT:  Yes, sir.

US v. Hill - Plea - June 10, 2014

1        THE COURT:  Do you have any questions about anything

2   we've been over before I call upon you to enter your plea in

3   this case?  Any questions at all for me or Mr. Placke?

4        THE DEFENDANT:  No, sir.

5        THE COURT:  Then in Case No. 1:13CR435-1, United

6   States versus Brian David Hill, how do you plead to the offense

7   charged in the indictment?

8        THE DEFENDANT:  Guilty, Your Honor.

9        THE COURT:  And are you pleading guilty because you

10  are, in fact, guilty?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Then it is the finding of this Court in

13  Case No. 1:13CR435-1 that Mr. Hill is fully competent and

14  capable of entering an informed plea.  The Court further finds

15  that Mr. Hill is aware of the nature of the charges and the

16  consequences of his plea, and his plea of guilty is a knowing

17  and voluntary plea.

18       Mr. Placke, a written factual basis has been filed in

19  this case.  Have you received a copy of the factual basis and

20  reviewed it with Mr. Hill?

21       MR. PLACKE:  Yes, Your Honor.

22       THE COURT:  Are there any objections?

23       MR. PLACKE:  No, Your Honor.

24       THE COURT:  Mr. Hill, have you reviewed the factual

25  basis with Mr. Placke?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And are there any objections that -- or

3    do you agree with Mr. Placke, that is, you generally agree with

4    the facts described in the factual basis?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  All right.  Then I will find in

7    Mr. Hill's case that his plea of guilty is supported by an

8    independent basis in fact containing each of the essential

9    elements of the offense.  His plea is, therefore, accepted, and

10   Mr. Hill is now adjudged guilty of the offense charged in the

11   Bill of Indictment.

12         Mr. Hill, a written factual basis -- or excuse me --

13   a written presentence report will be prepared in your case.

14   You will be asked to provide information for that report and to

15   submit to an interview.  Mr. Placke may be present with you and

16   advise you at all stages of this process if you so desire.

17         Once that report is prepared, you'll be given the

18   opportunity to review that report with Mr. Placke and file any

19   objections that you might have.  If those objections are not

20   resolved prior to sentencing, I will resolve those objections

21   at the sentencing hearing.  Both you and Mr. Placke will have

22   the opportunity to speak on your behalf at the sentencing

23   hearing.

24         I'll order the preparation of a presentence report.

25   I'm going to set sentencing at this point in time for Tuesday,

September 30, 2014, at 9:30 a.m. in Greensboro, Courtroom 1.

I'm going to ask Ms. Welch to contact probation to see if we

can move this presentence report along a little bit faster.

Mr. Hill has been in custody locally and at the BOP for the

better part of a year now?

MR. PLACKE:  Since December, Your Honor.

THE COURT:  Since December, six months.

MR. PLACKE:  Your Honor, one other matter that may

affect the scheduling to some degree.  I've discussed with

Mr. Hill the psychosexual evaluation the Court typically

inquires about; and consistent with my advice, he's willing to

do that.  I know sometimes that affects scheduling of the

sentencing hearing.

THE COURT:  Yeah, it sometimes extends it out.  In

light of the recommendation, I would like to get a look at the

presentence report sooner rather than later.  I'm not sure that

anybody's purposes are served all that well if I adopt the

recommendation that Mr. Hill remains in local lockup for

another several months.  Mr. Ramaswamy, do you have any

thoughts about that one way or another?

MR. RAMASWAMY:  I'll leave it in the Court's

discretion, Your Honor.

THE COURT:  I'll order -- thank you.  Yes, sir?

MR. PLACKE:  The only thing I would add, I would

expect that that evaluation would be done back at Butner which

provides, you know, better or more comprehensive care than a
local facility can.

THE COURT:  Are they sending some folks to Butner for
that evaluation now?

MR. PLACKE:  They are, Your Honor.

MR. RAMASWAMY:  My understanding on the psychosexual
evaluation, and I could be wrong, I'll have to hear from
probation, is that Dr. Hirsch is the only approved evaluator,
and it's not necessarily in custody.  I think it's more often
seen out of custody than in.

THE COURT:  I'm going to -- I'll order a psychosexual
evaluation, but I'm going to leave it -- ordinarily, I'd put
the sentencing date out an extra 30 days or so, but I'm going
to leave the sentencing where it is and ask that Probation go
ahead and disclose the presentence report 35 days -- or go
ahead and disclose the presentence report timely regardless of
whether the psychosexual evaluation is completed.  I want a
little more detailed look at some of the sentencing factors
sooner rather than later.  Did you follow that, Ms. Welch?

THE CLERK:  Yes, sir.

THE COURT:  All right.  If you'll let Probation know
that.

Mr. Hill, let me leave you with one other thought.
It seems to me after talking to you today and hearing your
responses that for the most part some of your concerns have --

and fears have been allayed with respect to both the process as
well as counsel in the case.  I don't mind telling you that you
are represented by very experienced and capable counsel in this
court in a wide variety of matters, so in many respects you're
very -- we'd expect that out of all lawyers with the public
defender and Criminal Justice Act panel attorneys, but you've
got a good one.

Now, you need to give some thought about mailing
items directly to the Court because they can hurt you -- they
can hurt this -- they can hurt you in this process in very
unexpected ways.  For example, I understand completely your
concerns about various pieces of the process and, most notably,
registration as a sex offender and various other things.  But
if you say the wrong thing, and that gets communicated to me,
it becomes a factor I have to take into consideration in
fashioning a sentence later.

So let me strongly urge you that to the extent you
want to send letters, give them to Mr. Placke for his review
first rather than sending them directly to the Court, and I can
assure you -- as a matter of fact, I'll direct Mr. Placke to do
it if that makes you feel better.  But to the extent the
information needs to be conveyed to the Court, Mr. Placke will
convey that information to me.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Part of what a lawyer does, and I'm sure

US v. Hill - Plea - June 10, 2014

1 you understand this, is stand as a buffer between client's

2 statements that may be made without fully realizing the import

3 of those statements and -- between the client and the Court in

4 those circumstances.  So I want to encourage you going forward

5 to the extent frustrations may develop to send that

6 communication to Mr. Placke first, and then you all decide

7 together whether or not that's the kind of thing that should

8 come to the Court.  Do you disagree with that, Mr. Placke?

9         MR. PLACKE:  No, Your Honor.

10         THE COURT:  All right.  Well, we'll move forward and

11 see if we can move on to sentencing as quickly as possible in

12 this matter.  Anything further at this time?  Mr. Placke?

13         MR. PLACKE:  No, Your Honor.

14         THE COURT:  Mr. Ramaswamy?

15         MR. RAMASWAMY:  No, Your Honor.

16         THE COURT:  All right.  Thank you, Mr. Hill.  We'll

17 stand adjourned.

18         (At 11:08 a.m., proceedings adjourned.)

19         * * * * *

20         C E R T I F I C A T E

21     I certify that the foregoing is a correct transcript
from the proceedings in the above-entitled matter.

22

23

24 Date: 06/24/2015   Joseph B. Armstrong, RMR, FCRR
United States Court Reporter

25                 324 W. Market Street
Greensboro, NC  27401

US v. Hill - Plea - June 10, 2014