IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA ) Greensboro, North Carolina
) November 10, 2014
vs. ) 3:15 p.m.
)
BRIAN DAVID HILL, )
) Case No. 1:14CR435-1
Defendant. )
___________________________________)

TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: KYLE D. POUSSON, AUSA
Office of the U.S. Attorney
101 S. Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401

For the Defendant: JOHN SCOTT COALTER, ESQUIRE
Mckinney Perry & Coalter, PA
PO Box 1800
Greensboro, North Carolina 27401

Court Reporter: Joseph B. Armstrong, RMR, FCRR
324 W. Market, Room 101
Greensboro, NC 27401

Proceedings reported by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

P R O C E E D I N G S

(At 3:15 p.m., proceedings commenced.)

(Defendant present.)

THE COURT: All right. Mr. Pousson, you may call the next case.

MR. POUSSON: Thank you, Your Honor. If it should please the Court, the Government would ask to call the matter of United States of America versus Brian David Hill. This is 1:14CR435-1. Mr. Hill is represented by Mr. Coalter. The matter is calendared for sentencing.

THE COURT: Mr. Coalter, are you and Mr. Hill ready to proceed?

MR. COALTER: We are, Your Honor. For the Court's edification, I have asked him how he's feeling, and he seems to be okay, Your Honor.

THE COURT: All right. Have you received a copy of the presentence report and reviewed it with Mr. Hill?

MR. COALTER: I have, Your Honor.

THE COURT: Are there any objections?

MR. COALTER: There are no objections, Your Honor.

THE COURT: Mr. Hill, let me ask you at this point in time, have you reviewed the presentence report with Mr. Coalter?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you generally agree with the

report?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. You may have a seat. I will adopt then the presentence investigation report without change in this case. In Mr. Hill's case, the offense of conviction, that is, a violation of 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), does not carry a mandatory minimum sentence. The resulting advisory guideline calculation is as follows:

A total offense level of 30.

A criminal history category of I.

A guideline imprisonment range of 97 to 121 months.

A supervised release range of five years to life.

A fine range of 15,000 to $150,000.

And a special assessment of $100 is mandatory.

Now, having made those findings, let me advise the parties of a couple of other findings. At this point, in light of the current pleading filed by Mr. Coalter in Mr. Hill's case, it is my intention to deny all of the pending pro se motions. Mr. Coalter, any objection to that?

MR. COALTER: No objection, Your Honor.

THE COURT: The second thing is I will go ahead and acknowledge, as has been discussed several times -- well, before I get it to that. Mr. Pousson, I would say I threatened to withdraw acceptance of responsibility in Mr. Hill's case. I

am very much aware of Mr. Hill's difficult conditions, and, quite honestly, I'm still very upset with the work that the lawyer from California or Illinois did in this case to nearly cost Mr. Hill the benefit of his bargain. But after reviewing Mr. Coalter's response and evaluating Mr. Hill's current position, I am inclined to allow acceptance of responsibility. Any objection?

MR. POUSSON: No, Your Honor.

THE COURT: All right. And last but not least, the plea agreement contains a provision in which the Government has agreed that it does not oppose departure in Mr. Hill's case on two grounds. The Government agrees not to oppose defendant's request that 5H1.3 and 5H1.4 of the sentencing guidelines apply in the present case. I am persuaded, after reviewing the reports, that 5H1.3, mental and emotional condition, does apply in this case, and it is present to an unusual degree. I don't think anyone disputes that here.

I'm also beginning -- believe that I also conclude in relation to that factor that further incarceration is likely not necessary and could conceivably adversely affect Mr. Hill's condition and thereby, in the long-term, increase the risk of future conduct. I know we're not talking about circumstances where Mr. Hill physically attacked another individual or did something of that nature; but on the other hand, the activity that he did engage in is such that, arguably, appropriate

counseling and treatment as opposed to any type of incarceration are more appropriate here and will continue Mr. Hill on a path where he -- the overall risk could be substantially decreased.

Now, with respect to 5H1.4, in all candor -- I think that's the family circumstances. For some reason, I didn't make a note. 5H1.4, physical condition, including drug or alcohol dependence or abuse, that note says, "The physical condition or appearance, including physique, may be relevant in determining whether departure is warranted if the combination or appearance individually, or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." I can't say, Mr. Coalter, that I found that particular departure persuasive, even looking at it in tandem with the 5H1.3 grounds; but ultimately, I'm not sure that makes any difference because of the discretion that I have between a variance and a 5H1.3.

So to remove all suspense, I will say that I am inclined to grant a departure, finding that 5H1.3 is an encouraged ground for departure under the guidelines, and Mr. Hill's several mental health issues and conditions, either -- any one of them, frankly, individually, but certainly in combination, presents a case that falls well outside the heartland of cases, and I would, therefore, be inclined to

adopt the recommendation as contained in the plea agreement and grant the motion to depart based upon the 5H1.3 presentation that's been -- or the evidence that's been presented in this case.

And ultimately, I don't know that I need to get to variance because I think the mental and emotional health and conditions here are substantial enough that I am prepared to depart downward to a time served disposition as recommended by -- or recommended by the defendant and not opposed by the Government in this case.

So to the extent that assists in your presentation, I'll hear from you at this time. Well, let me ask you first. Will there be any additional evidence in Mr. Hill's case?

MR. COALTER: There will not, Your Honor.

THE COURT: Then I'll hear from you at this time as to what constitutes a sentence that is sufficient but not greater than necessary taking into consideration the advisory guideline calculation as well as all other factors set out under 18 USC Section 3553.

MR. COALTER: Your Honor, I would simply rest on the reasoning set forth in the position paper as both to downward departure and, to the extent necessary, a variance. If the Court has any specific questions that was raised in the position paper, I would be glad to answer them, but I don't have anything to add at this point, Your Honor. Your Honor, we

would simply request a sentence of time served in this matter.

THE COURT: Tell me -- one thing I am wrestling with. The presentence report, in terms of a time served disposition, recommends 10 years of supervised release, which seems reasonable to me under the circumstances, but do you have any different feeling about that?

MR. COALTER: No, Your Honor. Given a disposition of time served and the statutory range of five years to life, we think that a 10-year period would be reasonable, Your Honor.

THE COURT: All right. Thank you, Mr. Coalter. Mr. Pousson, does the Government wish to be heard?

MR. POUSSON: No, Your Honor.

THE COURT: All right. Mr. Hill, you are not required to say anything. If you choose to remain silent, your silence will not be held against you in any way whatsoever, but you do have the right to address the Court before any sentence is imposed; and if you wish to address the Court, now is the appropriate time.

THE DEFENDANT: No, Your Honor.

THE COURT: All right. In Mr. Hill's case, taking into consideration the advisory guideline calculation as well as all other factors -- appropriate departure was found previously under section 5H1.3 as well as all other factors set forth in 18 USC Section 3553, I find that a departure from the guideline range of 97 to 121 months to a sentence of time

served, which by my calculation is running right at about 11 months, almost a year -- yes, sir, Mr. Wright?

MR. WRIGHT: Your Honor, may I approach?

THE COURT: You may. You can have a seat, Mr. Coalter.

(Bench conference with probation.)

THE COURT: The question has come up here as to what to do about the mechanics of release. The Probation Office recommends that we wait and get -- the sentence will be 10 months and 20 days, but not less than time served, and the question is should we make arrangements for the release before the J & C is completed or after. I can get the J & C done pretty quick and have him processed by the BOP, which is probably the best way. I don't have -- as a practical matter. I'm not telling you as a legal matter, Mr. Coalter, but it might be the best way in terms of making sure the paperwork and the process all follow each other, and we don't have any undue surprises.

Are you comfortable with that? That might slow him down by about a week or so.

MR. COALTER: Your Honor, this is a fairly unusual situation, and obviously he wants to be out as soon as possible. However, I would defer to Your Honor and Mr. Wright about the best way to effectuate this without creating any issues that would cause problems down the road.

THE COURT: Today is Monday. I'm going to leave it this way. I'm going to say that 10 months 20 days, but not less than time served; and if the J & C is not processed by the Bureau of Prisons on or before Friday at noon, then the Marshal Service can release him after processing him through for detainers and other things as they are required to do. Do you follow me on that?

MR. COALTER: Yes, Your Honor, and would that be -- where would he be released from?

THE COURT: Usually, they're released from the institution where he is. Do you know where he'll go back to?

A MARSAHL: It looks like Greensboro.

THE COURT: It will be here in Greensboro.

MR. COALTER: I'll relay what needs to be done, Your Honor.

THE COURT: All right. I do -- with respect to the nature and circumstances of the offense, I will note that the offense itself is a very serious offense and one for which, absent the other factors, would be well in keeping with other sentences imposed for a sentence in excess of 70 or more months to be imposed in this case.

However, looking at the history and characteristics of the defendant, Mr. Hill suffers from a variety of cognitive and mental issues that, more than likely, not only affect him presently but also were at least a contributing factor in terms

of his participation in the activity that led to this offense. Therefore, while the need for the sentence imposed to reflect the seriousness of the offense is certainly substantial, in order to deter Mr. Hill and protect the public from future crimes of Mr. Hill, I find that prison, arguably, is counterproductive here and that a sentence of the type I have outlined is appropriate in light of the departure in this case and find that this departure is reasonable under the circumstances of Mr. Hill's case, particularly when taking into consideration the terms and conditions of that -- of the supervised release that will be imposed in Mr. Hill's case.

I will adopt my earlier comments with respect to 5H1.3 and the basis for a variance in Mr. Hill's case.

Then in Case No. 1:13CR435-1, United States versus Brian David Hill, as to Count One, it is hereby ordered that the defendant is committed to the custody of the Bureau of Prisons for a term of 10 months and 20 days, but not less than time served, followed by -- Mr. Pousson, I didn't hear from you. Did you want to be heard on anything?

MR. POUSSON: No, Your Honor.

THE COURT: All right. Followed by 10 years of supervised release. A special assessment of $100 is mandatory, is hereby imposed, and is due and payable immediately. A fine is waived because of Mr. Hill's inability to pay, and restitution will not be imposed in Mr. Hill's case.

During the period of supervised release, it is ordered that the defendant shall comply with the standard terms and conditions of supervised release. In addition to the standard terms and conditions, the following special conditions are imposed. Mr. Hill, you and Mr. Coalter may have a seat while I go through these.

One, the defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment and pay for those treatment services as directed by the Probation Office. Treatment may include physiological testing such as the polygraph and penile plethysmograph and the use of prescribed medications.

Two, the defendant shall not possess or use a computer to access any online computer service at any location, including employment, without the prior approval of the probation officer. This includes any internet service provider, bulletin board system, or any other public or private computer network.

Three, if granted access to an online computer service, the defendant shall consent to the probation officer conducting periodic, unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computers. This may include the removal of such equipment when necessary for the purpose of conducting a more thorough examination.

Four, the defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

Five, the defendant shall provide his personal, business, and telephone records to the probation officer upon request and consent to the release of certain information from any online, telephone, or similar account.

Six, the defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, et cetera, with any person under the age of 18, except his own children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has contact with any child, that is, a person under age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the Probation Office within 24 hours.

Seven, the defendant shall not frequent places where children congregate such as parks, playgrounds, schools, video arcades, day care centers, swimming pools, or other places used by children under the age of 18 without the prior approval of the probation officer.

Eight, the defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, videotapes, movies, or any material obtained through access to any computer or any material linked to a computer access or use.

Nine, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, or other electronic communications or data storage devices or media and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release.

Ten, the defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carry on a vocation, or is a student.

Mr. Hill, you can remain seated, but you do have the right to appeal the sentence that I have imposed in this case. If you choose to appeal, notice of appeal must be filed within 14 days of the entry of judgment. If you wish to appeal and cannot afford the services of counsel, counsel will be appointed to represent you. Mr. Coalter will be responsible for discussing your right to appeal and will file a notice of appeal if you instruct him to do so.

I think I'm going to move it back to Thursday and say that if the judgment is not entered and the defendant processed

by the Bureau of Prisons on or before Thursday at 12:00 noon, the United States Marshal Service is hereby authorized to release Mr. Hill without further waiting upon for the Bureau of Prisons upon the completion of their own required process. Does that make sense? All right. Yes, sir, Mr. Coalter?

MR. COALTER: The only other thing -- and I promised Mr. Hill I would do this. The only motion filed since I've been his attorney regarded the return of personal video and photos and whatnot. I know I'll get together with Mr. Ramaswamy on that, but I'm bringing it to the Court's attention that he's requesting the return.

THE COURT: I will -- to the extent any personal items not related to the offense of investigation may be appropriately returned to Mr. Hill at the conclusion of any appeals period, the United States is authorized to return those matters to Mr. Hill.

MR. POUSSON: Thank you, Your Honor.

THE COURT: All right.

MR. COALTER: Thank you, Your Honor.

THE COURT: Thank you, Mr. Coalter.

Mr. Hill, it's been a long road, and I know it's been a difficult road in terms of what occurred here and addressing the situation, and you may or may not feel this way, Mr. Hill, but you've been well-represented by two very capable attorneys. This is in my now close to seven years on the bench -- maybe

more than seven years on the bench -- this is, I think, only the second time that I have imposed a probationary type sentence in a case involving possession of the materials of the type that you possessed. So I hope you understand what both of your attorneys have done on your behalf.

As difficult as this may be and as significant a change as this may ultimately impose on you in terms of complying with all the conditions of release, you will be well and closely supervised -- in some respects I should say supported as well -- by the Probation Office. They will be your best friend throughout this process, and they will help you anyway they can. So you've been lucky. You've had very fine family who has been here to support you throughout the process, and I wish you good luck.

MR. COALTER: Thank you, Your Honor.

THE COURT: Mr. Coalter, Mr. Pousson, you may not have it, but right now I'm kind of stuck. Since the Government does not subpoena attorneys, I'm going to -- I have been investigating issuing a show cause order to Ms. Basko in this case, but I can't get it served without a street address, and we have not been able to find a street address. So if you don't mind, if you would check your materials to see if there's a -- I've got the PO boxes, but I can't find a street address. If you can check and see if we can find a street address, if you would let -- send that to Ms. Welch, I would appreciate it.

What Ms. Basko did here, although well-intentioned, came very close to causing substantial problems for Mr. Hill, and I am -- she represented to the Court that Mr. Hill was innocent in an affidavit filed under penalty of perjury, and I can't tolerate that. But if you can find it, I would appreciate it. If not, we'll proceed ahead.

Thank you both for your work on this case. Good luck, Mr. Hill. We'll stand adjourned.

(At 3:42 p.m., proceedings concluded.)

* * * * *

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the proceedings in the above-entitled matter.

Date: 06/24/2015

Joseph B. Armstrong, RMR, FCRR
United States Court Reporter
324 W. Market Street
Greensboro, NC 27401