IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13CR435-1 |
| | ) | |
| BRIAN DAVID HILL | ) | |

**ORDER**
**Supervised Release Violation Hearing**

On June 30, 2015, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment filed in the above-entitled case on November 12, 2014, a copy of which is attached hereto and incorporated by reference into this Order.

The Defendant was represented by Renorda Pryor, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violations were willful and without lawful excuse.

**IT IS ORDERED** that the Defendant's supervised release shall not be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. § 3553(a).

**IT IS ORDERED** that the Defendant is to remain on supervised release. The Defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and pay for treatment services, as directed by the probation officer. Such programs may include group sessions led by a qualified counselor

or participation in a program administered by the probation office. The choice of counselor rests in the discretion of probation.

**IT IS ORDERED** that the Defendant shall abide by all conditions and terms of the location monitoring home detention program for a period of six (6) months. At the direction of the probation officer, Defendant shall wear a location monitoring device which may include Global Positioning System (GPS) or other monitoring technology and follow all program procedures specified by the probation officer. Defendant shall pay for the location monitoring services as directed by the probation officer.

**IT IS FURTHER ORDERED** that all other terms and conditions of supervised release as previously imposed remain in full force and effect.

_____
United States District Judge

July 23, 2015.

ENTERED ON DOCKET
R. 55
NOV 12 2014
BY_____

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA
v.
BRIAN DAVID HILL

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:13CR435-1
USM Number: 29947-057

John Scott Coalter
Defendant's Attorney

FILED
NOV 12 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By____

**THE DEFENDANT:**

☒ pleaded guilty to count 1.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | August 29, 2012 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 10, 2014
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

NOV 1 2 2014
Date

DEFENDANT: BRIAN DAVID HILL
CASE NUMBER: 1:13CR435-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ten (10) months and twenty (20) days, but not less than time served.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

   ☐ at _____ am/pm on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 pm on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRIAN DAVID HILL
CASE NUMBER: 1:13CR435-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ten (10) years.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BRIAN DAVID HILL
CASE NUMBER: 1:13CR435-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

The defendant shall provide his personal and business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, telephone, or similar account.

The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his own children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

The defendant shall not frequent places where children congregate, such as parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carries on a vocation, or is a student.

DEFENDANT: BRIAN DAVID HILL
CASE NUMBER: 1:13CR435-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRIAN DAVID HILL
CASE NUMBER: 1:13CR435-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or

    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: to the extent any personal items not related to the offense of this investigation, the United States is authorized to return those items to Mr. Hill at the conclusion of any appeals period.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.