IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | 1:17CV1036 |
| | : | 1:13CR435-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

### MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and moves the Court to dismiss the Motion to Vacate, Set Aside, or Correct Sentence filed herein on June 10, 2016, on the ground that the Petitioner's motion is barred by the one-year limitation period imposed by amendments to § 2255 in the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 (AEDPA).

**Summary**

As Petitioner concedes,[1] his one-year time limitation for filing a petition under 28 U.S.C. § 2255 has passed. The date of the judgment plus one year would have allowed timely filing by November 11, 2015. The appellate

---

[1] DE #125, 10; DE #128, 46-47.

mandate (which affirmed the judgment and denied Petitioner's motion to extend the appellate filing deadline) plus an additional ninety days might have allowed timely filing by July 7, 2015, except that an untimely appeal does not serve to enlarge the one-year time limitation under § 2255.[2] Petitioner seeks to avoid the one-year deadline for one of his four grounds in his § 2255 petition by citing what he characterizes as newly discovered evidence showing his actual innocence. [DE #125, 4]. However, Petitioner does <u>not</u> cite any newly discovered evidence showing actual innocence. While the undersigned does not easily apprehend the exact nature of Petitioner's claims following repeated readings of the hundreds of pages filed in the instant case, it would appear that Petitioner makes a multifaceted claim to include false confession, challenges to the sufficiency of the evidence, prosecutorial misconduct, ineffective assistance of counsel, judicial misconduct, and being the victim of a computer virus and/or hacking by unknown parties likely affiliated with the government.

---

[2] *See*, e.g., *United States v. Pascencia*, 537 F.3d 385 (5th Cir. 2008)(citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). *See also Ervin v. United States*, No. 1:08CR128-7, 2011 WL 5075651.

2

[DE #125]. However, as more fully discussed below, Petitioner fails to satisfy the gatekeeping provision for fact-based claims which allows exception to the one-year time-limit otherwise applicable in § 2255 motions; for that reason, Petitioner's motion is time-barred, and should be dismissed.

**Procedural History**

As of the date of filing for this response, one hundred forty ECF documents have been filed under the criminal file number above. Most of those ECF filings are pro se ones, that Petitioner now admits many of which were baseless.[3] For the sake of brevity, the procedural history below will summarize the critical stages of prosecution and certain subsequent hearing and pleadings.

On November 25, 2013, the Jury for the Middle District of North Carolina returned a one-count indictment against Petitioner. Count One charged possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). [Doc. # 1]. On June 10, 2014, the Petitioner pled guilty to the Indictment, under a written plea agreement

---

[3] See, e.g., DE#25 at 6: "Was not given full access to criminal case discovery materials until January 22. 2015, at John Scott Coalter's office, a few months after I was convicted upon final Judgment. That was why I was furious and filed a bunch of pro se motions with evidence, even though none of those had any statutory basis."

3

supported by a written factual basis. [DE #20, #19 and Dkt. Entry dated 06/10/2014]. The district court ordered an expedited presentence report. [Docket Entry dated 06/10/2014]. Petitioner's motion for substitute counsel was granted on September 30, 2014. [Dkt. Entry dated 09/30/2014]. On November 10, 2014, the district court denied numerous pro se motions and sentenced Petitioner to ten months and 20 days' imprisonment, but not less than time served, ten years' supervised release and a $100 special assessment; a written judgment was filed two days after the sentencing hearing. [DE #54].

Petitioner gave untimely notice of appeal on January 29, 2015, [DE #62], and Petitioner was appointed a new attorney for his appeal [DE #69]. The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's untimely appeal on April 7, 2015. [DE # 75]. Following an allegation of violation of supervised release [Docket Entry dated April 22, 2015] and subsequent issuance of a warrant in that matter [DE #88, 89], Petitioner was ordered to participate in a cognitive behavioral treatment program and location monitoring home detention program without the district court revoking Petitioner's supervised release. [DE #122]. Petitioner filed his motion pursuant to 18 U.S.C. § 2255 on November 14, 2017 [DE #125], with numerous additional filings following.

4

**Petitioner's Claims under § 2255**

Section 105 of AEDPA amended 28 U.S.C. § 2255 effective April 24, 1996, to provide that:

> A 1-year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final for § 2255 purposes on or about November 25, 2015. 28 U.S.C. § 2255(f)(1). This is the day following the one-year period after the Judgment in Petitioner's case was docketed (DE #54) plus an additional fourteen days under Fed.R.Crim.P. 4(b)(1)(A). As such, Petitioner's one-year limitations period expired on or about November 25, 2016.

Petitioner's conviction became final for § 2255 purposes 10 days after the entry of his judgment, because he did not file notice of appeal within the

5

applicable time period.[4] *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); Fed. R. App. P. 26(a). Thus, combining the fourteen-day notice of appeal period and the one-year limitation period under § 2255, the Petitioner had until December 8, 2015 to file his § 2255 motion. *Id.* Because Petitioner's conviction was final after the AEDPA was enacted and because facts supporting his present claim could have been discovered through the exercise of due diligence, the limitation period lapsed on his § 2255 claim.

Petitioner attempts to avoid the one-year limitation by making one of his claims under 28 U.S.C. § 2255(f)(4), claiming actual innocence and newly discovered evidence. [DE #125, 4]. However, Petitioner never cites what his newly discovered evidence is, and what he does cite is either not newly discovered or not evidence, as further discussed below. What Petitioner claims is newly discovered evidence is at most merely new to him: the contents of his criminal discovery file previously provided by the government and more recently obtained by Petitioner through a FOIA request. Petitioner states this as follows:

> Also new evidence has been discovered since then. I had filed a Freedom of Information Act ("FOIA") request with the Executive

---

[4] *See* n.2 above, Petitioner's untimely appeal did not serve to enlarge the one-year time limitation under § 2255, but even if it did, Petitioner's § 2255 motion is out of time.

6

> Office for U.S. Attorneys ("EOUSA") concerning my criminal case discovery evidence since Mr. Coalter refused to give me my discovery, has threatened to possibly destroy the evidence, and Mr. Coalter has admitted to being in conflict of interest of me wanting to prove my actual innocence so he is working against me.

DE # 125, 10.

Petitioner further expounds on this, that his FOIA request does not contain evidence of innocence, but rather demonstrates an absence of evidence Petitioner believes the government possessed and withheld:

> I feel that the U.S. Attorney knew of any facts of possible factual innocence but they have either ignored it, lied about it, or got rid of any evidence records, papers, or things that can help to prove any facts of my actual innocence. If the U.S. Attorney perpetuated a fraud among the Court, then I have a right to investigate if that is indeed the case, and as to why.

DE #125, 11.

The contents of Petitioner's 2013 criminal discovery file cannot said to be newly discovered evidence, having previously been provided to the attorneys who represented Petitioner, as he admits ("The Defendant didn't get to review over the rest of all of the discovery material for the criminal case until January 22, 2015 at the office of John Scott Coalter (court appointed lawyer)." DE #125, 10). *See Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000) (time period runs from when facts supporting claim could have been discovered, "regardless of whether petitioner actually discovers the relevant facts at a later date").

7

Further, Petitioner's characterization of potential items he believes may show his evidence, now missing, does not constitute newly discovered evidence, but is a mere conclusory claim unsupported by the record.

Moreover, Petitioner's assertion of actual innocence is in direct contradiction to his admissions to the offense conduct as documented on two separate occasions: One is seen in his interview related to the Presentence Report. [DE #33 (PSR) ¶ 15, dated June 17, 2014]. The second would not ordinarily be before this Court, but Petitioner has taken the unusual steps of obtaining his criminal discovery file and then publicly filing some of those documents, without seeking to have them under seal as Petitioner did for other documents. The following appears[5] in DE #132 on pages 7-8, which is a scanned image of a North Carolina State Bureau of Investigation file identical to that provided by the government in discovery with the exception of two redactions apparently made by Petitioner:

> Interview of Brian David Hill
> Page 1
> [BH]
> Q. What is your computer usage and knowledge?
> A. I download movies, programs and music.
> Q. What type of download software do you use?
> A. I use bit torrent programs, like eMule. I only download. I don't share.

---

[5] A summary of this exchange also appears in DE # 33 (PSR) at ¶ 8.

Q. Does your mom ever get on your computer?
A. No.
Q. Did you use any other computers to download files?
A. Yes. But I use my black Toshiba the most.
Q. What is your email password?
A. [REDACTED]. admin@uswgo.com
Q. How long have you been downloading and viewing child pornography?
A. About a year or so.
Q. Is there any other child pornography on any other computers?
A. Yes. I have a Netbook at home that you didn't get.
Q. What is you IRC user name and password?
A. uswgo/[REDACTED]
Q. Do we have your permission to view your emails?
A. Yes. [BH]
Page2
[BH]
Q. How many child images do you think you currently possess?
A. 100+.
Q. What type of files do you search for in your file sharing programs?
A. PTHC and PTSC.
Q. What does that stand for?
A. Preteen Hardcore and Preteen Softcore.
Q. Do you think child pornography is wrong?
A. Yes. I wanna stop.
Q. How often do you look at it?
A. Probably an hour a day.
Q. Do you masturbate to child pornography?
A. Yes.
Q. Do you think that you have a problem?
A. Yes. I need help.
Q. Are you attracted to adults or just children?
A. Both. But I prefer kids.
Q. What age range do you like?
A. 12 to 13.
Q. Did you take your laptop with child pornography to your grandparent's house in Virginia?

9

      A. Yes. [BH]
      Signed by: Brian Hill
      Witnessed by: CT Brim
      Date: 08/29/2012
      Time: 12:21 PM

DE #132, 7-8.

Petitioner attempts to explain this exchange as follows: "Defendant exhibited a sophisticated form of echolalia which means he repeated what was already described to him by Police." [DE #125, 4]. A sealed report of forensic evaluation contains a single mention of Petitioner and echolalia, from a much-earlier evaluation. [DE #17 at 7, "Collateral Sources Account"]. Echolalia is "[t]he pathological, parrotlike, and apparently senseless repetition (echoing) of a word or phrase just spoken by another person." <u>Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition</u> (DSM-IV-TR) (Glossary). The dialogue quoted above demonstrates a series of questions and cogent answers, and in no way demonstrates echolalia.

    Petitioner bears the burden when purporting to present 'newly discovered evidence' to show such evidence, "that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255. Moreover, this new evidence must relate to Petitioner's factual innocence, and not merely that which

"contests the fairness of the criminal proceedings." *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003); *see also, e.g., United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999) (gatekeeping provision "requires proof of actual *innocence* and therefore can never be satisfied by evidence that would have supported a motion to suppress") (emphasis in original).

Here, Petitioner has failed to meet that burden. Petitioner's admissions to the offense conduct cited above, as well as his plea of guilty to the offense, are strong evidence contradicting his subsequent claims of actual innocence. He has not presented evidence of actual innocence, but rather provided voluminous irrelevant and disparate documents that in no way constitute newly discovered evidence of actual innocence. That, coupled with his prior detailed admissions to the offense conduct, wholly contradict his belated claims of actual innocence.

**Petitioner's additional grounds for relief**

Petitioner cites three additional grounds for relief: ineffective assistance of counsel; deprivation of due process rights by denial of access to discovery; and prosecutorial misconduct. [DE #125]. Petitioner's claims here are simply time-barred, and not subject to the potential exception of 18 U.S.C. § 2255(f)(4), for claims of newly discovered evidence. On Form AO 243 ¶ 18, asking for

explanation of why the one-year bar on § 2255 does not bar Petitioner's motion, Petitioner answers as follows:

> Because actual innocence and my Constitutional rights should not be barred by statute….Since ineffective Counsel can arubly (*sic*) be raised, then why not all Constitutional grounds since I have been deprived of all Constitutional rights that an Article III Court is supposed to guarantee all criminal Defendants accused of serious crimes.

DE #125, 10.

This reply rejects statutory limitations altogether, and Petitioner offers no legal basis why his three remaining claims are not time-barred. As with the first grounds claimed by Petitioner, the three other grounds are baseless and his Petition should be dismissed.

That this Court may be aided by the opinions summarized in DE #33 (PSR), 10-19 (¶ ¶ 43-45), and in particular the first full paragraph on page 17 (beginning with, "It is possible…"). Although the final PSR is dated September 16, 2014, the conclusions summarized therein remain relevant to Petitioner's ongoing litigation, which in its totality, has no basis in law or fact.

12

## CONCLUSION

Because the Petitioner failed to timely file his § 2255 motion, and has failed to produce newly discovered evidence showing his actual innocence, his Petition should be dismissed.

This the 10th day of January 2018.

>Respectfully submitted,
>
>MATTHEW G.T. MARTIN
>UNITED STATES ATTORNEY
>
>/S/ ANAND P. RAMASWAMY
>Assistant United States Attorney
>NCSB #24991
>United States Attorney's Office
>Middle District of North Carolina
>101 S. Edgeworth St., 4th Floor
>Greensboro, NC  27401
>Phone:  336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:12CR305-1 |
| | : | 1:16CV634 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Mr. BRIAN DAVID HILL
310 Forest St., Apt.2
Martinsville, VA 24112

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY


/S/ ANAND P. RAMASWAMY
Assistant United States Attorney
NCSB #24991
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC   27401
Phone:   336/333-5351

14