

In the United States District Court

For the Middle District of North Carolina

Brian David Hill )
Petitioner, )
)
)
v. )
)
United States of America )
Respondent. )
)
)
)

Civil Action No. 1:17-CV-1036
Criminal Case No. 1:13-cr-435-1

**PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125)**

**ADDITIONAL EVIDENCE BRIEF**

---

**NOTE: THERE IS AN ACCOMPANYING MOTION FOR LEAVE ASKING PERMISSION TO ADMIT THIS FILING TO BE TAKEN INTO ACCOUNT WHEN DECIDING PETITIONER'S 2255 MOTION AND GOVERNMENT'S MOTION TO DISMISS, IS FILED SEPERATELY TO ASK PERMISSION TO ACCEPT THE ADDITIONAL EVIDENCE**

NOW COMES the Petitioner, through Brian David Hill ("Brian D. Hill",

"Plaintiff", or "Hill"), that is acting pro se and is proceeding pro se before this

Honorable Court, is filing his Additional Evidence Brief in opposition to the

Respondent's "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR

CORRECT SENTENCE," (See Document #141) and in support to the Petitioner's

1

"MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL" (See Document #125) (also known as "2255 Motion").

The Petitioner apologizes to this court for filing the Additional Evidence while the Magistrate Judge is reviewing over all filings in regards to the "MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL" (See Document #125) (also known as "2255 Motion") and the Respondent's "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE," (See Document #141).

However the three witnesses has created a 75-page Declaration (Affidavit) that is notarized and will further support reasons why the Petitioner's 2255 Motion should not be denied and should support the need for an evidentiary hearing to determine all of the facts of Petitioner's actual innocence and that his 2255 Motion does meet the case law standards and legal statutory standards of equitable tolling.

The Petitioner will keep this brief as short as possible to not burden the Court with much more evidence and arguments as the Petitioner has already submitted a lot of compelling evidence, case law, and arguments supporting his claims under his 2255 Motion, 2255 Brief / Memorandum, Evidence Exhibits, and Brief in opposition to the Government's Motion to dismiss Petitioner's 2255 Motion.

2

The facts will be presented herein.

## 2255 STATUTE REVIEW

The one (1) year statute of limitations governing the 2255 Motions application is as follows:

28 U.S. Code § 2255 (f): A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

- (1) the date on which the judgment of conviction becomes final;
- (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
- (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

The Petitioner assumes that section (4) is talking about facts regarding newly discovered evidence supporting any of the claims in a 2255 Motion and accompanying brief / memorandum that could not have been previously discovered and could not been discovered under the exercise of due diligence.

The Petitioner assumes that section (2) refers to if the U.S. Government is unlawfully or unconstitutionally impedes the Petitioner's ability to effectively file a successful 2255 Motion that once the impediment is removed that the 1 year statute of limitations applies after the date that such unlawful or unconstitutional impediment by Government action is removed.

If that is correct then the newly submitted evidence by three witnesses Kenneth R. Forinash, Stella Forinash, and Roberta Hill is pertinent to the decision that is to be made on both Motions under documents #125 and #141.

The additional evidence provides further evidence of perjury that was used to unlawfully and unconstitutionally create an impediment by Government action of the U.S. Attorney Office (Middle District of North Carolina) and U.S. Probation office (Danville division of Western District of Virginia)which would prevent the Petitioner from being able to effectively and successfully file a valid and timely 2255 Motion on the basis of actual innocence and due process deprivations prior to falsely pleading guilty due to ineffective counsel in violation of Petitioner's right

4

to effective assistance of counsel to create an effective affirmative defense of frame up to the charge of possession of child pornography that was lodged against Petitioner in November, 2013.

## ADDITIONAL EVIDENCE THAT PETITIONER WISHES TO SUBMIT TO THE HABEAS COURT BEFORE MAKING A DECISION ON BOTH MOTIONS

The additional evidence further shows that the U.S. Attorney Office under the direction of Assistant United States Attorney Anand Prakash Ramaswamy, knowingly used a perjurer to lie on the stand at the June 30, 2015, Supervised Release Revocation ("SRV") hearing that was in front of the Honorable District Court Judge Thomas D. Schroeder. The unlawful impediment was that a perjurer named Kristy L. Burton, United States Probation Officer ("USPO") for the Western District of Virginia ("WDVA" or "VAWD") in Danville, was allowed by the United States Attorney Office (Note: *at that time, not the current U.S. Attorney Matthew GT Martin as he was not the U.S. Attorney at the time of perjury*) to lie on the stand in open court and such lying was used to make the District Court feel that Petitioner had the intent to criminally threaten the Probation Officer by misinterpreting Petitioner's Autism Spectrum Disorder and high blood sugar caused by his Type 1 Diabetes as a threatening gesture, and the Court erred in

5

accepting the testimony of a perjurer that the Petitioner had given prior warning that she was already lying in court record (See Document #137), and the U.S. Attorney permitted her to perjure not just once but multiple times during that one SRV hearing on June 30, 2015. It also ties the threatening emails with odd timing to USPO Burton showing up uninvited to tell the Petitioner not to text his lawyer, not to text anybody anymore, and then lying to the court and omitting her original demand against the Petitioner back in 2015 that he was to stop texting, and replaced her original demand with the false demand that Petitioner was told to stop filing documents with the Clerk's Office but that he did not comply when that wasn't the truth. Petitioner even stated in writing via text message that he will comply with the proper filing rules and procedures and ceased the activity after declaring that he will comply in the last text message to the Clerk in 2015, and that is in the Clerk's email records from his text message sent through MMS via cell phone service. Brian had stated that he will comply before USPO burton even showed up, and she has lied, misrepresented the facts to the court, and created lies at the SRV hearing. Her lies led up to Petitioner being placed on an additional supervised release condition of mandatory six (6) months of home detention and mandatory sex offender group counseling with the threat of Petitioner's supervised release risking revocation if Petitioner doesn't lie and tell them that he is a pedophile as the Government wanted to label him under Dr. Dawn Graney (See

6

Document #17) even though Dr. Keith Hersh (See Document #23) later ruled out her incorrect diagnosis, and the probation condition was set up to force petitioner to lie about himself and bare false witness, and being forced to bare such false witness as being forced to state what the Government wrongfully convicted him under when he never had any opportunity to cross examine witnesses and had no due process rights due to ineffective assistance of counsel. Anyways, the point being made is that the six (6) months of home detention was the unlawful impediment since the Petitioner isn't allowed to access the internet, therefore the Petitioner was severely limited and couldn't even access a law library and had a very difficult ability to even mail out things at all. Being wrongfully forced onto home detention that the Autism Spectrum Disorder and Obsessive Compulsive Disorder caused the Petitioner to focus on fighting to shorten or remove the home detention and even desired a motion to reconsider but Attorney Renorda Pryor was so ineffective, as well as the fact that she was terminated as Counsel since July 24, 2015, that the Petitioner had no means to even challenge the perjurer Kristy L. Burton that lied about multiple things in federal court and she knowingly made false statements at the SRV hearing while convincing the court that she was afraid of Petitioner's autistic meltdown behavior caused by high blood sugar and Autism Spectrum Disorder and she refused to let Petitioner do his insulin shot, therefore she unreasonably (not understanding his health problems at issue here) demanded

7

compliance from a person with high blood sugar to remain calm when high blood sugar is at higher risk of distress and is more likely to easily get angry or upset over something trivial. USPO Burton lied, misrepresented facts and truth upon the court, and the U.S. Attorney Asst. Anand Prakash Ramaswamy presented such falsehoods with malice, to retaliate against Petitioner. Ramaswamy did such with an intent to prevent Petitioner from being able to file a successful 2255 Motion to be able to overturn his wrongful conviction, just like the threatening emails had been stating against Petitioner and defense witness Susan Basko. The intent was that Petitioner should not appeal his conviction and that Petitioner would be set up again with child porn including Susan Basko if he dare challenge his wrongful conviction. The INTENT was to allow the perjury, prevent the Petitioner from being able to file a motion to reconsider the home detention which would have possibly shortened or reversed the home detention till before the statute of limitations running out for filing a timely 2255 Motion, and removing the impediment to allow the Petitioner to be able to talk with witnesses, gather any evidence especially in the state of North Carolina, gather case law through any law library, and visit his different family members to direct them to research case law for him and look for evidence since they can use the internet and print the case law and evidence onto PDF files or even DOC files or HTML files or any other tangible format that can be viewed offline to create an effective and valid 2255

8

Motion. Petitioner's family had to download the 2255 Motion form and put it on a USB flash drive to give to the Petitioner prior to filing in November, 2017. Petitioner's family conducted research that made Petitioner feel that he could file a 2255 Motion without going through his ineffective private Attorney Cynthia Everson who had misled the Petitioner. The Government made very well sure that the six (6) months of home detention was to legally (*even though the home detention was started by perjury and lies which is a federal crime and is with an intent to deprive Petitioner of his Constitutional and civil rights and privileges under the color of law*) persuade the Court to further punish Petitioner and use such restrictive home detention conditions as a means to prevent the Petitioner from gathering any evidence, talking with any witnesses, and not be able to effectively create a good claim which would have caused the 2255 Motion to succeed on actual innocence or even other unconstitutional actions that had led to Petitioner's false guilty plea and wrongful conviction. Essentially the Petitioner was impeded by such Governmental actions until the date of December 30, 2015, from the beginning date period of the home detention from June 30, 2015. Such impediments, if the Court recognizes that USPO Burton committing multiple lies on the stand in Federal Court which is perjury causing the wrongful home detention would constitute as an unlawful impediment by Government action against the Petitioner, that such impediment was lifted on December 30, 2015,

9

would set a new one (1) year statute of limitations deadline till December 30, 2016. Because Petitioner had still filed the 2255 Motion after the one (1) year deadline, it would be almost eleven (11) months after the last deadline to file a 2255 Motion which would be less time calculated that may permit equitable tolling for an (1) actual innocence claim which is one of the grounds asserted by Petitioner in his 2255 Motion, 2255 Brief, 2255 Exhibits, the opposition brief to the Government's motion to dismiss, and Additional Declarations in support of his 2255 Motion.

The threatening messages that Defense witness Susan Basko had reportedly received in 2015, she forwarded those messages to Petitioner's family and the Petitioner had timely filed that evidence before the one (1) year statute of limitations period for the exact purpose of when Petitioner had decided to file a "2255 Motion" in the future (See Documents #71, #72, and #73) can also be considered newly discovered evidence that could not have been discovered through the exercise of due diligence and could not have been presented before the Jury Trial since those messages were received after his conviction and the threats in those tormail.org messages had all came true and the threats were successfully acted out against Petitioner, Susan Basko, and other witnesses who knew the Petitioner. Those threatening messages were discovered in 2015, and were submitted to the court in a timely fashion. Therefore the one (1) year statute of limitations would have to extend to a year after the discovery of the new

10

threatening messages received on the Tracfone that was turned over to USPO Kristy L. Burton. Petitioner also has to notify Judge Schroeder that even though Judge Schroeder had wondered why (sic) *"child pornography would be a sent to a prepaid cell phone"* (*may not be exact quote, check Transcript for his actual comment on the prepaid cell phone*) as what was pondered at the SRV hearing on June 30, 2015, the answer is that the cell phone number was well known to all of Petitioner's friends, family, and Susan Basko. Petitioner was sending text messages begging people to help him prove his innocence prior to receiving more threatening messages. Mayodan Police had even attempted to call that cell phone number two times and had prior knowledge of that "prepaid cell phone number" that the Hon. Judge Schroeder was referring to.

Mayodan Police had attempted to send child pornography to the Petitioner through Appellate Counsel Mark Jones of the Bell Davis & Pitt law firm in Winston-Salem, North Carolina. That violates the Adam Walsh Act that a Police Department would even attempt to deliver any suspected child pornography or actual child pornography to the Petitioner through his court appointed Appellate Counsel and deliver to the Petitioner. The witnesses explain that the hard drive was destroyed so that there was NO child pornography in the home. What Mayodan Police had done was violate the Adam Walsh Act by that act, and eventually further events led up to the voluntary reporting of the Tracfone cell phone to USPO

11

Burton and given her the phone on a voluntary basis which is an affirmative defense under federal child pornography law as Attorney Susan Basko had cited in her Declaration under Document #46. Because of the events that led up to the Supervised Release Revocation hearing and the threats being carried out against Petitioner and Susan Basko to demand that he shut up, that he stop trying to challenge his wrongful conviction, abort filing his appeal, and be raped in prison like a good sex offender as the threatening email had stated, and all of that was discovered in 2015 thus extending the one (1) year statute of limitations to one year after the latest evidence was discovered in 2015 that could not have been discovered through the exercise of due diligence.

## ANALYSIS OF THE ADDITIONAL EVIDENCE DECLARATION BY WITNESSES KENNETH FORINASH, STELLA FORINASH, AND ROBERTA HILL

Here are some quotes that are interesting to cite before in this brief.

Exhibit 1: *"In Brian's case, he was receiving threats before he went to jail and more threats after he read his discovery 2 months after his release from jail and tried to do an appeal."* The new evidence after conviction would extend the one

12

year deadline as such threats were meant to try to stop the Petitioner from successfully proving his innocence.

Exhibit 1: "*Instead Brian received threat texts to stop the appeal, had an attorney appointed to him for the appeal who told Brian that he was too late to do the appeal, and when Brian, Attorney Sue Basko and Brian's grandparents sent him copies of threat emails and text Brian and his friends had received to stop the appeal, this attorney and Brian's probation officer at the time ignored that. Even though the threat emails admitted setting Brian up with child porn, said they planned to send more child porn and threatened Brian's life if he continued fighting to prove he is innocent. When Brian's probation officer came to Brian's grandparents' apartment angrily demanding for Brian to sit down and listen to her to stir up an autistic meltdown two months after we sent her copies of these threat text Brian had received and threat emails Attorney Sue Basko had received, she was successful.*" If USPO Burton really was scared then she should have contacted the local law enforcement and let them resolve the situation. She failed to contact the police and she had failed to do anything to report the situation for mediation before resorting to an attempted revocation of Petitioner's supervised release.

Exhibit 1: "*After Brian started his appeal, she got a threat email with foul language telling her to tell Brian to stop his appeal or bad things will happen to her, to Brian and Brian's family and attorneys. He contacts his probation officer*

13

and turns his grandmother's cell phone to her in March, 2015. He talks about his case on a radio show, three days later his probation officer comes over to his house, angry, ordering him around and making unreasonable demands. She has her boss to put an arrest warrant out for Brian who is arrested a month later and spends a month in jail. Brian is punished for having an autism meltdown."

There you have it, the unlawful impediment started by a perjurer named USPO Kristy L. Burton of the Danville division, Western District of Virginia, U.S. Probation Office, led up to the situation by Petitioner and Susan Basko receiving threatening emails and/or messages, and the intent of the U.S. Attorney Office through Ramaswamy to knowingly allow his key-witness at the SRV hearing on June 30, 2015, to retaliate and openly lie about the Petitioner to try to prevent him from filing his 2255 Motion.

Got to wonder who is really behind the threatening messages as all threatening messages had come true and always by the direct and/or indirect actions of the United States Probation Office under Kristy L. Burton or by the Mayodan Police Department or by any other Governmental person. The fact that the threats had been carried out successfully as stated by the witnesses, as stated by evidence and actions by the Government, would conclude that whoever had sent the threatening messages may have had access to the Government, had influence and/or intelligence from the Government, and may even have access to information that

14

cannot be found on Search Engines like the Google or Yahoo. Whoever had sent the threatening messages knew about the child pornography download dates at the North Carolina State Bureau of Investigation, and knew other things that were to happen to Petitioner like some psychopathic criminal executing his/her self-fulfilling prophecies against the Petitioner. Petitioner had repeatedly faxed and mailed the FBI and told them about the threatening messages and other possible criminal behavior and it was all ignored. That was why the American people had voted to elect the U.S. President Donald John Trump because the Federal Bureau of Investigation (FBI) is corrupt and refuses to investigate actual threatening text (SMS or MMS) messages and Susan Basko dealing with threatening emails were actual criminal threats were carried out concerning child pornography which is a serious offense. The FBI has let Petitioner down and his whole family was let down. Trump wants to drain the swamp because the U.S. Attorney offices and the Department of InJustice (new nickname for Department of Justice), and the FBI are all corrupt under the corrupt high up positions. However the local rank and file FBI Agents and government employees are likely good people and want to fight crime and all, but the high ups tell them what to do and if they don't follow orders like a soldier then they are dishonorably fired from their careers.

"*In the court records on June 30, 2015, Brian's at the time probation officer (Kristy Burton) says that no one wants to check Brian's grandmother's cell phone*

15

*to find out who sent that (child porn images) in a text message to his phone after all of the threats Brian and his friends had received to have Brian to stop his appeal. He even got death threats which all were ignored by this probation officer and Brian's attorney whom the court had appointed for his appeal. Brian sent copies of these threats to the FBI and to the NC Middle district court. All ignored this.*" Got to wonder why nobody in the Federal Government wants to find out who sent the threatening messages? Likely because they are afraid that Petitioner was telling the truth that somebody framed him and perpetuated the biggest child pornography fraudulent conviction with fraudulent evidence in Federal Court history. The U.S. Attorney Office does not want to open Pandora's Box because they are afraid that Petitioner was telling the truth. The truth will set Brian free and get him off of the Sex Offender Registry.

"*The prosecution continues using the police report and the false confession from 2012 against Brian even though Brian and his family have proven that Brian's confession statements are false and a result of his disabilities: brittle diabetes, autism, OCD and anxiety being questioned by two detectives at lunch time ignoring all of the laws pertaining to police questioning disabled people (ADA laws).*"

"*It was so important to have this phone examined as someone had sent child porn in it to Brian, and in re-reading this, it looks like the judge in this case was holding*

16

*Brian as responsible for someone sending him text threats and child porn to this phone. All Brian did was report it right away and gave it to the probation officer to be checked, and no one in our family wanted it back. If anyone has a cell phone, and calls someone, they usually with caller id have excess to your number. That was what happened to Brian when he called the Rockingham County, NC sheriff department, and the Mayodan police who knew what our home phone number is called Brian twice on this cell phone. Brian did not answer. After someone in the Mayodan police department found out what the number was, Brian started getting threats on this phone and later child porn."*

All of this is criminal conspiracy and unlawful impediment of Petitioner's ability to file a successful 2255 Motion. Petitioner had been suffering to the extent of suicide and he had been focused on fighting the home detention just so he can go to law libraries since he can't legally use the internet and be able to prove his innocence in a timely 2255 Motion. The Government has broken the law to try to impede the Petitioner from timely filing a 2255 Motion. Thus it does give the Petitioner one year after the impediment had ended which was on the date of December 30, 2015. December 30, 2016, which is what this 2255 Motion filing deadline extends to. After the election of U.S. President Donald John Trump, no further threatening emails had been noticed which is interesting considering all threats and attacks that could have been directed by the shadow government deep

17

state actors switched to President Trump now and so far the threats have ceased against Petitioner. Petitioner thought it was safer to file the 2255 Motion after the election of Donald John Trump and after receiving a portion of all of the discovery material evidence of this criminal case from his Freedom of Information Act requests and lawsuit which have failed in getting all discovery materials. Less than 11 months would not be too big of a time gap to extend equitable tolling for Petitioner's actual innocence claim.

The second piece of Additional evidence which may extend the timeline of the statute of limitations period which further warrants equitable tolling for collateral attack is the things revealed in Petitioner Brian D. Hill's FOIA lawsuit and ongoing Appeal in the Fourth Circuit U.S. Court of Appeals.

Citing case Brian David Hill v. Executive Office for United States Attorneys and United States Department of Justice, Case # 18-1160, U.S. Court of Appeals for the Fourth Circuit):

**Citing from excerpts of Appeal Document #7:**

*"The issues of the leaked images from Anonymous (JA 1, Doc #2-5, Doc #31-3) in March, 2016 on the Internet Archive (archive.org). There was the possible dishonesty of the U.S. Attorney Office on Document #39. There was a lot that needed to be investigated and a lot of questions that needed to be asked which*

18

*would warrant a hearing or multiple hearings to set all of the facts. With any evidence of dishonesty from the other side, it is difficult to just take the word of the Defendants' Counsel without an evidentiary hearing or a motion hearing.*"

"*For god's sake, the hacktivist (term defined as a hacker activist group) group collectively known as "Anonymous" leaked images (JA 1, Doc #2-5, Attachment to Complaint, and Doc #31-3) on "3/13/2016". That would mean that the hacker group had leaked the evidence of the SBI Case File on March 13, 2016 on the Internet Archive, that it was delivered to AUSA Ramaswamy which would be approximately four (4) to five (5) months prior to Plaintiff's FOIA Requests. That is the proof the U.S. Attorney Office still has control or reasonable access to such records and the Defendants' Counsel have not made any kind of claim or argument regarding the leak from Anonymous which would show that they do not have reasonable control or access to the SBI Case File subject to the FOIA. It could have been a Government employee leaking the images to Anonymous to publish on archive.org. The images may be grainy due to it being scanned as black and white, but it clearly says "CERTIFICATE OF DELIVERY", "STATE BUREAU OF INVESTIGATION", "CASE FIILE", "SBI Case File #: 2012-02146", "Brian David Hill, and that it was delivered to "AUSA A. Ramaswamy". Color photos have been burned onto a mixed Audio/DATA CD filed with the district court on*

19

July 17, 2017 (JA 1, Doc #31, Pages 38 and 39) and documented as such under the file names doc.leak.sbi.hill.1.jpg, doc.leak.sbi.hill.2.jpg, and doc.leak.sbi.hill.3.jpg. A "NOTICE OF FILING PAPER OR PHYSICAL MATERIALS WITH THE CLERK" was filed with the Clerk (JA 1, Doc #31-8) filing the Audio CD with the paper record documenting such media disc with the evidence images. The Anonymous leak on Doc #2-5 and Doc #31-3 also mentioned a name such as "Spread this far and wide if you expect that ungrateful b$#tard of a U.S. Attorney Ripley Rand to acquit Brian." Why would a member of the collective group known as Anonymous think leaking several images of the SBI Case File regarding the discovery material of Appellant's criminal case believe that leaking such material will acquit the Appellant? Because it may still exist in the U.S. Attorney's custody and/or control. With the possible dishonesty of the U.S. Attorney Office being documented, that they will do whatever they can to win their criminal cases at whatever cost, even if that means persuading the Defendant to take the guilty plea whatever the circumstances may be that lead to that."

It was revealed that the Hackivist (likely defined as a computer hacker type of activist) group collectively known as Anonymous leaked a few photos of the N.C. SBI forensic case file revealing that the download dates does in fact exist stating that from this analysis, 454 files had been downloaded eMule program between the dates of July 20, 2012, and July 28, 2013, according to the server.met file. The

very prosecution evidence that was used against the Petitioner but he was not allowed to review over that forensic report and was unable to review over most of the criminal case discovery evidence material from his case until a few months after his criminal conviction.

The leaked images from Anonymous and their statement on the archive.org printout that was printed by Brian's family may also constitute newly discovered evidence since it was the INTENT of the hacker group Anonymous to have leaked images that are of Petitioner's case and that such intent was for Brian's acquittal. That would mean the hacker group had leaked the evidence of the SBI Case File on March 13, 2016. The statute of limitations would go from 1 year after that date. The amount of equitable tolling from the last one (1) year statute of limitations period had ended between the dates of March 13, 2016, to March 13, 2017, the equitable tolling period would only have to be extended for 8 months, 1 day from the last timely filing period for filing a 2255 Motion due to new evidence and new facts that can support his claims including actual innocence to be able to create a whole new one (1) year statute of limitations.

The third piece of Additional evidence which may extend the timeline of the statute of limitations period which further warrants equitable tolling for collateral attack is that under Exhibit 2 (Motherboard Vice article on Free Talk Live and Ian Freeman raided on child pornography allegations due to hack of a TOR based child

21

pornography website), Exhibit 3 (threatening email forwarded to witness Roberta Hill from Mark Edge), and Exhibit 4 (Short Declaration of Brian David Hill).

Around March 22, 2016, an article from Motherboard at Vice.com revealed that the U.S. Federal Bureau of Investigation (FBI) had raided the home of Ian Freeman in Keene, New Hampshire. He was a host on the Free Talk Live radio show as was part of the Liberty Radio Network (LRN) radio station located in Keene, New Hampshire.

According to Declaration of Brian D. Hill, on March 23, 2016 Brian had noticed a text message that was received on his grandmother's cell phone directed to Brian texted by Laurie that told him that "*Awesome, BTW did you see that Liberty Radio Network got raised Monday for the SAME thing as you??????????*" (6:50PM), "*Raided. Not raised*" (6:51PM), Brian texted back to her that same day that "*Sounds like the Pedophile Ring have declared war on patriots. I stood up for the innocent people at the right time. Raids usually don't mean quick arrests. We have time to foil set ups by speaking out or forever hold our peace...err I mean un-peace*" (6:55PM), then she responded with "*Yes. I will be on with you and Mike tomorrow BTW*" (6:56PM), and "*We will discuss all that*" (6:57PM). His family conducted research and found out that Brian call into the Free Talk Live radio show. His family, monitored the show feeds until one particular day Ian Freeman or one of the show hosts mentioned about getting a message which Brian had taken

22

an interest to investigate in assuming that it was yet another tormail.org style threatening email message.

Mark Edge forwarded the threatening anonymous email to witness Roberta Hill (See <u>Exhibit 3</u>) that shows the very threatening message they (Free Talk Live) had received on Friday, April 1, 2016 at 3:25 AM, confirming yet again that another activist or patriot had received a child pornography set up attempt similar to Brian D. Hill in this case, Luke Rudkowski, Stewart Rhodes, Melissa Melton, and others just as Attorney Susan Basko had warned about in Document #46 before Brian aka Petitioner was wrongfully convicted. It uses the typing style similar to the threatening email messages (tormail.org, mail2tor, other TOR based email providers) received by Petitioner Brian D. Hill, Luke Rudkowski, Stewart Rhodes, Melissa Melton, and others had received all concerning child pornography set up attempts. Ian Freeman is the second person known to the Federal Government to have been raided by law enforcement on child pornography and have received one or more of a taunting threatening message, while Brian D. Hill is the first set up attempt that was made successful by his wrongful conviction. Both received police raids then were receiving a threatening email message declaring responsibility and threatening them to shut up and shut down "or else".

**Analysis of threatening message on Exhibit 3:**

NOTE by Petitioner: Not trying to be disrespectful to the Court by excerpting the cuss/curse words (foul language) contained in the threatening email message but it is EVIDENCE and excerpting such is necessary for evidential purposes. So I apologize for copying the threatening email texts which contains a high volume of foul language. It sounds like whoever sent that was criminally insane.

"---------- *Forwarded message* ---------- "

"From: *gl0balsender@sigaint.org*"

"Date: Fri, Apr 1, 2016 at 3:25 AM"

"Subject:

*WE,,,FRAMED,,,IAN,,,WITH,,,CHILD,,,PORN,,,,WE.....WILL......FRAME......U.....*
*.ALL...BYE......BYE.....PATRIOTS*"

"To: *ian@freetalklive.com, mark@freetalklive.com, johnson@freetalklive.com,*
*chris@chr*"

"*WE,,,FRAMED,,,IAN,,,,BERNARD,,,,WITH,,,CHILD,,,,PORN,,,,LOCATED,,,,,[*
*REDACTED],,,,,KEENE,,,,,,NEW,,,,,FUCKSHIRE///////////////WE........*

*..........WATCHING.....................YOU..........AND...............YOUR..............BAND...*
*.......................OF......................PU$$IE$$*"

*"LISTEN,,,,,,,FUCKTARDS,,,,,,,YOU,,,,,,,BETTER,,,,,,,SHUT,,,,,,,DOWN,,,,,,,FREE ,,,,,,TALK,,,,,,,LIVE,,,,,,,OR,,,,,,,WE,,,,,,,WILL,,,,,,,FRAME,,,,,,,YOU,,,,,,,all...*

*....WITH,,,,,,,CHILD,,,,,,,PORN,,,,,,,AGAIN,,,,,,,THIN,,,,,,,CALL,,,,,,,FBI,,,,,,,ON,,,,, ,YA,,,,,,,ASSH0L3$"*

*"SHUT.........DOWN...............LIBERTY..............RADIO................FOR.............GO OD..............AS.................WELL................AS.................YOUR............GODDAM....... ..........SHIRE..............guild,,,,,,,,,,,,RELIGION,,,,,THIS..............IS..............OUR..... ..............COUNTRY...........FUCKER,,,,,,,DISBAND...........NOW!!!!*

*!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!"*

*"SHUT,,,,,,,DOWN,,,,,,,YOUR,,,,,,,GODDAMN,,,,,,,RADIO,,,,,,,SHOW,,,,,,,U,,,,,,,F UCK,,,,,,,FUCKING,,,,,,,CHILDFUCKER,,,,,,,PEDOPHILES.......AT............LEAST .............YOU..............ARE...........CALLED..........PAEDOS"*

*"WE,,,,,,,ALREADY,,,,,,,CONVICTED,,,,,,,SEVERAL,,,,,,,INNOCENT,,,,,,,PEOPLE ,,,,,,,ON,,,,,,,CHILD,,,,,,,PORN"*

*"U,,,,,,,THINK,,,,,,,WE,,,,,,,PLAYEN,,,,,,,AROUND,,,,,,,WAIT,,,,,,,UNTIL,,,,,,,YOUR ,,,,,,,RAIDED,,,,,,,AGAIN,,,,,,,YO,,,,,,,FUCKLICKER.................GET...............RAP ED...............IN............PRISON...........SEX..............OFFENDER$..........THEN...... ........RAPED.............AGAIN"*

*"we,,,,,,,are,,,,,,,planning,,,,,,,our,,,,,,,next,,,,,,,cyberattack,,,,,,,against,,,,,,,u,,,,,,,FU CKTARD,,,,,,,NOW,,,,,,,GO,,,,,,,FUCK,,,,,,,LITTLE,,,,,,,GIRLZ,,,,,,,FUCKER,, ,,,,,"*

*"THE,,,,,,,FBI,,,,,,,WILL,,,,,,,BE,,,,,,,BACK,,,,,,,AGAIN,,,,,,,THEN,,,,,,,YOUR,,,,,,,LI CENSE,,,,,,,TO,,,,,,,RUN,,,,,,,A,,,,,,,RADIO,,,,,,,SHOW,,,,,,,WILL,,,,,,,BE,,,,,,,FORFE ITTED,,,,,,,AS,,,,,,,WELL,,,,,,,AS,,,,,,,YOUR,,,,,,,BANK,,,,,,,ACCOUNTS"*

*"WE,,,,,,,HAVE,,,,,,,NCMEC,,,,,,,TIP,,,,,,,LINE,,,,,,,AND,,,,,,,YOUR,,,,,,,IP,,,,,,,ADD RESS,,,,,,,PHONE,,,,,,,NUMBER,,,,,,,SOCIAL,,,,,,,SECURITY,,,,,,,NUKBER,,,,,,,,,,,, ,,,,,DRIVERS...............LICENSE,,,,,,,,,,,,,,,,,,,BIRTH,,,,,,,,,,,,,,,,CERTIFICATES,,,,,,, ,,,,,,,,,"*

*"WE,,,,,,,WILL,,,,,,,FILE,,,,,,,A,,,,,,,AFFIDAVIT,,,,,,,STATING,,,,,,,THAT,,,,,,,WE,,,,, ,,SAW,,,,,,,YOU,,,,,,,AND,,,,,,,YOUR,,,,,,,CREW,,,,,,,HAVING,,,,,,,SATANIC,,,,, ,,RIATUAL,,,,,,,ABUSE,,,,,,,SEX,,,,,,,GAMES,,,,,,,SEX,,,,,,,PLAY,,,,,,,WITH,,,,,,,8,,,,, ,YEAR,,,,,,,OLDS"*

The text of this threatening email sounds insane with high level of cuss words and foul language, like it came from a person that is a patient at some mental ward for the criminally ill, however the typing style, the similar method of operation (MO), the subject matter of claiming responsibility for framing somebody or a group of people with the horrible filth of child pornography material, and that it uses an

26

anonymous email provider such as tormail, mail2tor, uvssmail, or any other similar anonymous email service hosted on the TOR network. This threatening message came from sigaint.org. It made demands similar to those against the Petitioner of this case Brian D. Hill and others. It all seems to be about framing innocent political activists, radio show hosts, and any alternative media personalities with child pornography material as a means to politically (whether Government sanctioned or not) assassinate the character of such political enemies by the act or acts of defaming them by being victimized and framed with child pornography being planted to an email account or even on a computer by means of computer hacking and such criminal behavior was conducted by use of a computer that was used via interstate and foreign commerce.

You read the cuss-word filled threatening message giving the home address of Free Talk Live and demanding that they shut down their radio show or be further framed with child pornography. Just like how further anonymous email/message threats were lodged against Petitioner Brian D. Hill and against his friends.

These threatening messages are very well not a prank and very well not some empty threats made by some practical joke. According to Susan Basko (Doc. #46) they had to file reports with the U.S. FBI. Petitioner had also reported the threatening text messages to the FBI via fax transmission. The U.S. Attorney Asst. Anand Prakash Ramaswamy falsely claimed during the earlier Supervised Release

27

Revocation proceeding in front of a Magistrate Judge that Brian had emailed the FBI which is false. Brian had reported all criminal tips to the FBI via writing letters and by FAX transmissions.

The threatening email campaigns were being carried out by active and very real criminal threats by some psychopath or group of psychopathic people who may also be computer hackers with a skill to not getting caught by the U.S. FBI. They all have a thread tied together and that is all concerning child pornography frame ups and frame up attempts. Brian D. Hill the Petitioner of this case was successfully framed with child porn, Ian Freeman was raided by the FBI Agents and law enforcement on false child porn allegations and was never formally charged with the crime that he was accused of during the raid. That was because he never gave a false confession like Brian did, and Ian Freeman doesn't have Autism Spectrum Disorder (ASD), Type one (1) brittle Diabetes, and Obsessive Compulsive Disorder (OCD) like Brian did.

This both qualifies as (# 1) newly discovered evidence which extends the one (1) year statute of limitations period for filing a timely 2255 Motion, and (# 2) further proves FACTS of Petitioner's actual innocence by showing a connection between all threatening emails, the same methods of operation (MO), similar typing style, the victims/targets being all involved with the alternative media and/or political

28

activism that does not fall in line with the Globalist agenda of the Bilderberg Group and other groups that seek power by deceptive and incremental means.

Since the threatening email message was received by Ian Freeman and some others on April 1, 2016, but was discovered by witness Roberta Hill on Monday, April 4, 2016, the one (1) year statute of limitations period for filing a 2255 Motion would extend until April 1, 2017.

The amount of equitable tolling from the last one (1) year statute of limitations period had ended between the dates of April 1, 2017, to November 14, 2017 (date of 2255 Motion filed) would only have to be extended for 7 months, 1 week, 6 days from the last timely filing period for filing a 2255 Motion.

If the unlawful impediment is recognized by the Habeas Court as justification for a one (1) year statute of limitations period between the dates of December 30, 2015, till December 30, 2016, then the equitable tolling period for Petitioner's actual innocence claim would only have to extend for 10 months, 2 weeks, 1 day from the last timely filing period for filing a 2255 Motion.

The Additional Evidence in this brief further justifies that equitable tolling is warranted and necessary for Petitioner Brian D. Hill for asserting his actual innocence claim in his 2255 Motion (Document #125), and 2255 Brief / Memorandum (Documents #128, #128-1, #128-2), all Exhibits part of the Brief /

29

Memorandum (Documents #131, #132, #133, #134), and in Petitioner's Brief in opposition to Government's Motion to Dismiss Petitioner's 2255 Motion.

Petitioner also does not want to rely only on the threatening emails/messages as the evidence necessary for proving his actual innocence. They are approximately 5 or even 10 percent of the collateral evidence of actual innocence and/or reasonable doubt. Brian's proven false confession, the download dates (July 20, 2012, to July 28, 2013) inside of the N.C. State Bureau of Investigation (SBI) forensic case file by Special Agent Rodney V. White, the encrypted DVDs containing no child pornography which further jeopardizes the Government's case of alleged guilt, that none of the alleged child pornography files were of a known series which contradicts Detective Robert Bridge's claims in his Search Warrant affidavit for Mayodan Police Department. There are other facts. There are a lot of facts of actual innocence that the Court needs to determine before outright ever considering the idea of dismissing Brian's 2255 Motion claims.

## NEW EVIDENCE AND ADDITIONAL FACTS
## SHOW CAUSE TO THE HABEAS COURT THAT:

- That there is further evidence showing cause that U.S. Probation Officer Kristy L. Burton has committed not just one lie but multiple lies on the

30

stand in Federal Court during the SRV hearing on June 30, 2015. A liar should never have been good cause for the mandatory six (6) months of home detention and electronic monitoring using a GPS ankle bracelet monitoring device. This unlawful impediment prevented the Petitioner from being able to show actual innocence and being barred from using the internet and detained in his own home, no law library, and Renorda Pryor terminated as Counsel since July 24, 2015 according to the information in the criminal case Docket Sheet, Petitioner had no actively assigned lawyer that could overturn the home detention and had no means to produce any witness statements and couldn't gather any evidence to effectively file a successful 2255 Motion timely while on home detention. Thus USPO Kristy Burton and the corrupt U.S. Attorney Asst. Anand Prakash Ramaswamy committed a wanton act of cruelty to Petitioner's Autism Spectrum Disorder in order to impede his ability to file an effective timely 2255 Motion and Brief.

- Multiple threatening emails surfaced after Petitioner's wrongful criminal conviction. Those facts cannot be discovered under exercise of due diligence before the final criminal conviction and the newly discovered evidence further contributing to the facts surrounding actual innocence extends the deadline of the one (1) year statute of limitations.

31

- Ian Freeman who was raided by FBI Agents and law enforcement over a child pornography download allegation involving the TOR-network had also received a threatening email message from an anonymous assailant using a TORMAIL style email provider and the threatening message and Ian Freeman's situation was the style similar to the police raid on Petitioner and Roberta Hill. The only difference between Ian Freeman's and Petitioner's situation was that Petitioner gave a false criminal confession and thus could not completely tell law enforcement the truth of what really happened because they were hell-bent on making him confess to something he didn't do and wanted his political character of Brian D. Hill of USWGO Alternative News to be totally destroyed, annihilated, poof like smoke. The police didn't want to hear the truth that his Laptop was hacked into but only wanted to hear Petitioner say that he was guilty even if such confession statements fail to match the forensics when cross examined to the N.C. SBI forensic case file. When a confession cannot match the forensics of a computer, then the suspect did not actually know what was found on his computer, his confession was not true and cannot be proven true as it is factually false. Therefore Brian D. Hill is a victim like Ian Freeman of Free Talk Live and Liberty Radio Network. The corrupt U.S. Attorney Asst. Anand Prakash Ramaswamy treats Brian as a

32

criminal rather than as a victim of criminal conspiracy, rather cover up evidence than admit that he prosecuted an innocent man and subject him to wanting to kill himself by slitting his throat in December, 2013, and being placed on suicide watch while incarcerated. He failed to commit suicide but he almost did because of the victimization of Brian by the corrupt Federal Prosecutor and Mayodan Police Department. Ramaswamy should be ashamed of himself and needs to withdraw from the case and a special counsel needs to step in and represent the Government in this case. Crime doesn't pay. Ramaswamy is a crime committing Attorney who has committed one or more violations of U.S. law just to keep a wrongful conviction of an innocent man. Subornation of perjury is a federal crime.

- Anonymous group of hacktivists (defined as hacker activists) or somebody from that collective hacker group had leaked photos of the N.C. State Bureau of Investigation photos in 2016 showing the alleged download dates from eMule which the Assistant U.S. Attorney Anand Prakash Ramaswamy attempted to cover up and keep secret. Stating that "From this analysis, 454 files had been downloaded with the eMule program between July 20, 2012, and July 28, 2013." Not just that but Anonymous had stated on the Internet Archive that Petitioner's laptop was hacked by remote code execution and that the child pornography was

33

indeed planted on his computer according to that admission of those download dates from Special Agent Rodney V. White of the N.C. SBI office in Greensboro, North Carolina, when it is impossible for any files to download to a suspect's seized laptop after being placed in custody of law enforcement. When the download dates show dates of after it was seized, then evidence was indeed planted and the laptop was indeed tampered with by their own admission. Thus supporting the claims in the threatening emails from tormail.org.

## **EXHIBITS**

1. **EXHIBIT 1**. Is the Affidavit/Declaration of witnesses Roberta Hill, Kenneth Forinash, and Stella Forinash in support of Petitioner's 2255 Motion, 2255 Brief, and in opposition to Respondent's "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141). The additional evidence declaration evidence is in support of PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION

34

(Document #125). The reason for the partial redaction of email addresses is to protect the witnesses from receiving possible threatening emails, and this redaction is for the safety of these important witnesses. If the Court requests a copy without redactions, then the witnesses can the give Petitioner the same Declaration with a new notarization by a notary public (*since the redactions were hardcoded into the Declaration before being notarized*) without the redactions and can file this under seal with an accompanying "motion to file under seal". **Total of 75 pages.**

2. **EXHIBIT 2**. Is the news article by Motherboard at Vice.com regarding Ian Freeman and Liberty Radio Network (LRN) being raided by FBI Agents and law enforcement showing that there is yet another victim of a child pornography frame up campaign, the evidence is in support of PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125). **Total of 5 pages.**

3. **EXHIBIT 3**. Is the threatening email message forwarded to witness Roberta Hill's email address from Mark Edge, regarding Ian Freeman

and Liberty Radio being threatened by an anonymous email after being raided by FBI Agents and law enforcement showing that there is yet another victim of a child pornography frame up campaign, the evidence is in support of PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125). The reason for the partial redaction of Roberta Hill's email address is to protect the witness from receiving possible threatening emails, and this redaction is for the safety of these important witnesses. The reason for the home address being redacted is to comply with the redaction requirements of the Federal Rules of Criminal Procedure in regards to home addresses, especially home addresses of witnesses, victims of crime, etc. etc. If the Court requests a copy without redactions, then Petitioner can file the email printout without redactions and can file this under seal with an accompanying "motion to file under seal" **Total of 1 page.**

4. **EXHIBIT 4**. Is the Affidavit/Declaration of Petitioner Brian David Hill in support of PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE,

SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125). **Total of 4 pages.**

## CONCLUSION

Petitioner has correctly submitted additional evidence that further warrants an evidentiary hearing.

Thus USPO Kristy Burton and the corrupt U.S. Attorney Asst. Anand Prakash Ramaswamy committed a wanton act of cruelty to Petitioner's Autism Spectrum Disorder in order to impede his ability to file an effective timely 2255 Motion and Brief. They both should be sitting in a Federal Prison instead of Ramaswamy even representing the Government in this case. That is why Brian the Petitioner in his case wholeheartedly supports U.S. President Donald John Trump's campaign slogan of "Drain the Swamp" and urge the lawful purge of corrupt criminals working inside all levels of the United States Department of inJustice. Petitioner nicknames the United States Department of Justice as the Department of inJustice because of the criminal behavior being exhibited by DOJ employees and nobody there is doing anything to stop it and allows the criminal behavior there to go on freely and unchecked. Petitioner will fully cooperate with Donald Trump and his

37

new appointments in law enforcement to aid in draining the swamp and uncover the truth in finding out who framed him with child pornography.

Petitioner respectfully files this <u>PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125)</u> with the Court.

<u>Petitioner requests with the Court that a copy of this PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125) be served upon the Government as stated in **28 U.S.C. §1915(d)**, that "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases**. Plaintiff requests that copies be served with the Respondent which is the U.S. Attorney office of Greensboro, NC and AUSA Anand Prakash Ramaswamy via CM/ECF Notice of Electronic Filing ("NEF") email. Thank You!</u>

This PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125) is respectfully filed with the Court, this the 5th day of March, 2018

| Date of signing: | Respectfully submitted, |
|---|---|
| _March 5, 2018_ | _Brian D. Hill_ |
| | signed         Signed |
| | Brian D. Hill (Pro Se) |
| | 310 Forest Street, Apartment 2 |
| | Martinsville, VA 24112 |
| | Phone #: (276) 790-3505 |
| | U.S.W.G.O. |

# CERTIFICATE OF SERVICE

Petitioner hereby certifies that on March 5, 2018, service was made by mailing the original of the foregoing

PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125)

by deposit in the United States Post Office, Postage prepaid under certified mail tracking no. 7017-1450-0000-9411-2907, on March 5, 2018 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, Greensboro division. Then Petitioner requests that the Clerk of the Court to electronically file the foregoing PETITIONER'S ADDITIONAL EVIDENCE BRIEF IN OPPOSITION TO "MOTION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (Document #141) AND IN SUPPORT TO PETITIONER'S 2255 MOTION (Document #125) using the CM/ECF system which will send notification of such filing to the following parties:

| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17-cv-1036<br>101 South Edgeworth Street, 4th Floor<br>Greensboro, NC 27401<br>anand.ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1:17-cv-1036<br>101 South Edgeworth Street, 4th Floor<br>Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| --- | --- |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

40

| Date of signing: | Respectfully submitted, |
|---|---|
| *March 8, 2018* | *Brian D. Hill*<br>*Signed*      Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505<br>U.S.W.G.O. |