

| | |
|---|---|
| **Brian David Hill** <br> **Petitioner,** | ) <br> ) <br> ) <br> ) |
| **v.** | ) <br> ) <br> ) |
| **United States of America** <br> **Respondent.** | ) <br> ) <br> ) <br> ) |

**Civil Action No. 1:17-CV-1036**

**Criminal Case No. 1:13-cr-435-1**

## PETITIONER'S RESPONSE BRIEF IN SUPPORT OF "GOVERNMENT'S MOTION FOR LEAVE FOR TIME TO FILE RESPONSE" (Document #146) WITH A FEW OBJECTIONS IN OPPOSITION

NOW COMES the Petitioner, by and through Brian David Hill ("Brian D. Hill",

"Plaintiff", or "Hill"), that is acting pro se and is proceeding pro se before this

Honorable Court in the Middle District of North Carolina, is filing his Brief in

support of the Respondent's "GOVERNMENT'S MOTION FOR LEAVE FOR

TIME TO FILE RESPONSE," (See Document #146) but with a few objections in

opposition over clerical issues, legal issues, and truthful issues that need to be

corrected or looked into. Overall, the Petitioner supports the U.S. District Court

granting the Government's "Motion for Leave for Time to File Response" allowing

them two weeks to respond as a sign of good faith that Petitioner wants the

Government to make its arguments and objections as to the newly discovered and

1

additional evidence further supporting Petitioner's 2255 Motion.

The United States of America is represented by Anand Prakash Ramaswamy ("Ramaswamy") and Angela Hewlett Miller ("Miller"). Ramaswamy is the main counsel that is pertaining to pleadings in this entire 2255 case and Miller hasn't appeared to have filed anything under her name.

First the Petitioner supports the U.S. District Court granting the Government's Document #146 Motion, and has a few objections to the claims made in the Motion for the following reasons:

1. Petitioner agrees with the statement of "*WHEREFORE, the United States respectfully requests that the Court grant leave for the government to respond to Petitioner's motion (DE #144, #145) within two weeks, by **Friday, March 23, 2018**.*" The Petitioner never intended to file additional evidence with intent to not give the Government a chance to file a response with their arguments, evidence, and remarks, prior to the Judge making a decision on both the Government's Motion to Dismiss Petitioner's 2255 Motion (Document #125) and the Petitioner's 2255 Motion (Document #141). That is why the Petitioner had filed the "*Petitioner's Motion and Brief for Leave to File Additional Evidence*" (See Document #144), to ask permission for the Court to permit the admission of additional evidence and give the Government time to

2

respond to this new evidence prior to making a final decision on Petitioner's 2255 Motion and the Government's Motion to Dismiss which may affect the Constitutional right of a criminal Defendant to prove his actual innocence under equitable tolling and create new one (1) year statute of limitations based on newly discovered evidence of facts which could not have been exercised under due diligence, and based on the Government's (*it can be the U.S. Attorney and/or U.S. Probation Officer Kristy L. Burton and/or even the Federal Bureau of Prisons to conduct the unlawful impediment to be considered unlawful or unconstitutional impediment by the United States Government that would prevent a criminal defendant from timely filing a 2255 Motion, especially if such impediment was to prevent the criminal defendant aka the Petitioner from proving actual innocence in a timely fashion.*) unlawful and/or unconstitutional impediment that had prevented the Petitioner from filing an effective 2255 Motion that can meet the burden of proof standard for showing factual innocence in a timely manner prior to the statute of limitations running out. The Petitioner apologizes for the tactic of trying to prove the crimes of Ramaswamy and any other Government employees to open up the one year deadline for equitable tolling, and isn't trying to be mean to the Government, but the Petitioner may have no

3

other recourse for being allowed an evidentiary hearing to prove actual innocence. The Petitioner had long ago decided to either prove his innocence or commit suicide because he cannot stand being called a sex offender when he a virgin and has never had sex with anybody and he was framed with possession of child pornography. The only thing that keeps him from committing suicide is trying to prove his innocence. **The Government has made their message clear that Petitioner is not allowed to prove his own actual innocence and that the U.S. Attorney will use whatever means necessary to prevent the Petitioner from proving his innocence because it isn't beneficial to the Government to be exposed to the criminal justice system for convicting an innocent man**. The Government had given a good amount of time in their Motion (Doc. #146) to reasonably review over the evidence, the witnesses' statements by Roberta Hill, Stella Forinash, and Kenneth Forinash, and the Government has given a good reasonable time for the extension of time period to respond. The Petitioner wants to hear why the Government may again argue why Petitioner should not be allowed to prove his innocence while depriving him of all Constitutional rights in collusion with Eric David Placke (Federal Assistant Public Defender) to force the Petitioner to falsely plead guilty or face up to twenty years in

4

prison, then use that very false guilty plea against him due to ineffective assistance of Counsel so severe that Petitioner would have had no defense at jury trial even though he would have had a good criminal defense of frame up to prove to a Jury that he was framed with child pornography, gave a false confession, the U.S. Attorney and the entire U.S. Department of [in]justice (Department of Justice) ignored all evidence of his innocence and focused only on Petitioner's guilt, and attempted to use a liar named U.S. Probation Officer ("USPO") Kristy L. Burton of the United States Probation Office in the Western District of Virginia in Danville to openly lie about the Petitioner in Federal Court to place Petitioner on six (6) months of home detention or even the risk of imprisonment and six months of halfway house which criminally (under perjury) led to the unlawful impediment against Petitioner. **Petitioner wants to hear U.S. Attorney Asst. Anand Prakash Ramaswamy's reasoning why he would do all of this, why he would ignore evidence of potential innocence, why Ramaswamy would allow USPO Kristy Burton to lie against Petitioner knowing very well that Petitioner kept asserting his innocence and filed defective 2255 pleadings and evidence hinting in written filings that he intended to prove his actual innocence in Federal Court.** Even if Ramaswamy didn't intend

5

to commit subornation of perjury and didn't intend to put a liar up on the stand, he should have immediately notified the Court when evidence of perjury showing multiple false statements by USPO Burton were discovered and reported to the U.S. Federal Bureau of Investigation aka the FBI as well as the U.S. Supervisory Probation Officer and even the Administrative Office of the United States Courts. According to Attorney Renorda Pryor, she informed Petitioner that the Government aka the U.S. Attorney would have to approve of the "Motion to Reconsider" before Renorda could file it to shorten the home detention. Petitioner on record gave his mother documents to email to Renorda Pryor asking that she push for the home detention to be stopped on (1) good behavior, and (2) evidence proving that USPO Burton had lied however the Additional Evidence filing proving further lies by USPO Burton (*that Ramaswamy permitted*) was not known to Petitioner prior to preparing for and filing his "Petitioner's Motion and Brief for Leave to File Additional Evidence" under Document #144. Renorda failed and never gave an explanation why the "Motion to Reconsider" was never filed. Petitioner assumes that Ramaswamy blocked her from filing that Motion out of fear that his key witness USPO Burton for the Supervised Release Revocation ("SRV") hearing set for June 30, 2015, would be discredited and her testimony

6

impeached thus would release the Petitioner from the unlawful impediment which would have given the Petitioner more time to timely file an effective 2255 Motion or even ask for an extension of time to file his 2255 Motion prior to the deadline set for November, 2015. Another possibility is that Attorney Renorda Pryor chickened out which would be ineffective assistance of Counsel as she had originally asked Judhe Thomas D. Schroeder at the SRV hearing if she could file a motion to shorten his home detention and the Judge made a comment about is, assuming that it is in the transcripts as the witnesses at the SRV hearing was well aware that Renorda brought up about filing a Motion to challenge his home detention. **It is reasonable that Ramaswamy wants to win every criminal case that he has been assigned to by the U.S. Attorney, and will do whatever it takes to win every criminal case.** Petitioner wants to see Ramaswamy's response and see how many more brick walls will be placed in front of him over simply trying to prove his actual innocence which the Government wants to so desperately prevent him from doing so, just as the threatening emails had stated in their claimed objective to demand that Petitioner not appeal and not prove his innocence. They clearly stated their intent as an objective and their objective was to ruin alternative media activists including Brian D. Hill

7

the Petitioner in this case by planting/manufacturing/fabricating child pornography evidence via interstate and foreign commerce by use of a computer that is acquired by interstate and foreign commerce. Ramaswamy chooses to ignore all evidence of his innocence and that is a fact. He doesn't want to acknowledge that Petitioner gave a false confession and is a fact of actual innocence. He doesn't want to admit that Petitioner gave a false confession like Michael Crowe did in California which he was found innocent and his false confession reviewed by the Ninth Circuit U.S. Court of Appeals over California. Detectives telling Michael Crowe by hinting around that they had found the evidence linking him to the murder of his sister when that was a false statement by Detectives to compel Michael Crowe to falsely admit to killing his sister and make statements that do not match the forensics. The same circumstance in Petitioner's false confession not matching the forensics claims. Brian D. Hill and Michael Crowe both gave false confessions which is a FACT of actual innocence and Ramasamy wants to ignore that fact.

2. **Objection to Paragraph 4, Doc. #146:** "*On March 7, 2018, Petitioner filed another 130 pages captioned as "Petitioner's Motion and Brief for Leave to File Additional Evidence." (DE #144, #145). The government wishes to*

*address this filing due to its accusations of the undersigned engaging in misconduct, and due to its untimely nature."* Petitioner understands why Ramaswamy is frustrated by the number of pages presented, however the witnesses had brought this additional new evidence to his attention that the Petitioner didn't know had ever existed until it was presented to him for review by Stella Forinash and Kenneth Forinash. Petitioner didn't ask the witnesses to make it lengthy number of pages but after receiving and reviewing over the Declaration/Affidavit, Petitioner wanted to present it anyways because all of it is new evidence that the Court has never reviewed and has never witnessed due to Ramaswamy blocking Renorda's "Motion to Reconsider" or Renorda chickened out and refused to file any Motion to challenge Petitioner's horrible home detention nightmare. The witnesses asserted that they think it would be of good cause and good faith to file this additional evidence with the Court, that the Habeas Court needs to see this before deciding whether to grant or deny Petitioner's 2255 Motion. His family stated that Petitioner can appeal his 2255 Motion if it is denied and that the evidence can aid in proving his actual innocence, and that the appeal will be outside of N.C. State Senator Phil Berger's territory in North Carolina if Senator Berger has any influence over this criminal case whatsoever. Petitioner asked one of his family members to research what to file to ask the Court for permission to file this additional evidence and assumed that a motion for leave to ask permission to file the newly discovered evidence and file the additional evidence with a brief would

9

be the best way to present the newly brought up evidence by the witnesses to the U.S. District Court, as well as how it would apply to his 2255 Motion and the statute. The Petitioner made sure to file the Motion for leave to ask the Court to permit the additional evidence for review and give the Government time to respond to the new evidence. This evidence has not been filed before on Court record (*with exception of the screenshots of Transcripts to show where USPO Burton lied on the stand*). This evidence the Court has not seen before, Not the threatening email that Ian Freeman of Free Talk Live had received which has a similar typing style and method of operation that was used against Petitioner via the tormail.org threatening messages, not the additional evidence that Kristy L. Burton of the U.S. Probation Office had lied multiple times on June 30, 2015, and that her lies went unchecked in Federal Court leading to the wrongful home incarceration of Petitioner on a GPS tracking device on his ankle impeding him from successfully filing an effective 2255 Motion as the device affected his mental health and caused him to consistently fax the U.S. Probation Offices in different locations and even the FBI informing them that USPO Burton was committing perjury and that he had repeatedly asked for the home detention to be reversed. They all ignored the evidence of her perjury under their committed acts of dereliction of duty and making an innocent man suffer further punishment when all he had ever wanted to do from the beginning of his criminal charge was be found innocent by proving his innocence before he had falsely plead guilty. This is a travesty

10

of justice, miscarriage of justice, a <u>political nightmare far worse than what</u> <u>Adolf Hitler could muster up as Petitioner cannot be given the respite of a</u> <u>quick death from him being character assassinated but instead a consistent</u> <u>suffering and deterioration of his mental and physical health slowly leading</u> <u>him to deaths door if he doesn't avert the constant stress and anxiety coming</u> <u>from this case</u>, and Ramaswamy doesn't give any compassion over the Constitution and doesn't care about innocent people seeking justice. Ramaswamy stating in one sentence that ". . . *filing due to its accusations of the undersigned engaging in misconduct. . .*" needs to be fully investigated by the Office of the Inspector General of the U.S. Department of Justice or even the Office of Special Counsel. Petitioner had asked the Office of Special Counsel to investigate Ramaswamy as they aren't part of the U.S. Justice Department but they refused to investigate Ramaswamy because Petitioner is not a Government employee. It needs to be investigated by an outside party that is willing to conduct such investigation instead of ignoring Petitioner as if no evidence and testimony is ever credible. Ramaswamy has a Constitutional right under freedom of speech and due process to response to Petitioner's allegations, <u>however there needs to be a real criminal investigation into</u> <u>Ramaswamy as to why he had presented a fraudulent case with entirely</u> <u>questionable evidence</u>, made the Petitioner take a plea agreement through his ineffective counsel then his ineffective counsel John Scott Coalter threatening Brian with perjury for proving his innocence when he was never given any

11

opportunity to prove his actual innocence in an effective manner. Petitioner

was given no opportunity to cross examine the Government's witnesses.

Petitioner was given no opportunity to prove his innocence in any way which

would have been more than sufficient for a Jury to find him not guilty since

any fact of innocence is far stronger than simply raising a reasonable doubt.

Ramaswamy put a liar on the stand to force Petitioner into six months of home

detention. The U.S. Attorney Office is refusing to turn over a copy of all

discovery material pertinent to Petitioner's 2016 Freedom of Information Act

("FOIA") Requests and have omitted the existence of one August 29, 2016

FOIA Request asking for the discovery material and that the purpose of

needing such records is for proving actual innocence. They are well aware that

Petitioner wants to prove his innocence and are standing in his way and

impeding him under ever avenue from ever having any opportunity to prove

his innocence. Mayodan Police Department under the direction of corrupt State

Senator Philip Edward Berger Senior as the town Attorney of Mayodan, has

blocked Petitioner from getting access to his confession audio which would

have proven that he was coerced, gave a false confession by such coercion, that

the interview was politically motivated when the Police Detectives talked

about Brian's YouTube channel (USWGO YouTube channel) and his political

website (uswgo.com, USWGO Alternative News, defunct website) prior to

getting him to falsely admit to the allegations of downloading child

pornography. His family is even afraid of Phil Berger and continues begging

12

the Petitioner not to further fax Mayodan Police Department anymore, and not threaten lawsuits against the Town of Mayodan and threatening to sue Phil Berger Senior, by faxing them to the town Clerk, but they are preventing Petitioner from proving his innocence. Same thing with the N.C. State Bureau of Investigation. All law enforcement agencies are stonewalling the Petitioner and won't let him prove his innocence. The FBI won't even visit Petitioner and will not interview him and won't interview his family. The FBI don't want to investigate jack didly squat. They don't want to investigate any of Petitioner's claims because they are a corrupt organization as well. The FBI may as well have been in cahoots with Phil Berger or even Mayodan Police whether it be true or not. So Petitioner files the FOIA Requests and the U.S. Attorney office omits the existence of the forensic report of the N.C. State Bureau of Investigation case file and the confession Audio CD disc in his FOIA lawsuit in the Western District in Virginia under the Honorable U.S. District Court Judge Jackson K. Kiser. **The Petitioner welcomes Ramaswamy in challenging every one of Petitioner's claims against the U.S. Attorney Assistant as all he has done is stonewall Petitioner, and has done everything in his power to prevent the Petitioner from proving his actual innocence**. His family is also aware that Ramaswamy is registered Republican in North Carolina, and Philip Edward Berger, the corrupt State Senator, the town Attorney of Mayodan, is also a republican Senator. Therefore it is reasonable for Petitioner to believe that Ramaswamy will do everything he can

13

to win his case at all costs, ignore evidence of Petitioner's innocence, and protect the interests of Republican State Senator Philip Edward Berger Senior of the town of Mayodan. **Petitioner looks forward to hearing how Ramaswamy will respond to the allegations.** Yeah technically Ramaswamy may be right about this brief being filed untimely, but it is additional evidence that the Court has not previously seen which will affect the entire proceedings and further cause a need for an evidentiary hearing to determine the facts of Petitioner's actual innocence. Petitioner cannot control what the witnesses do, Petitioner cannot dictate what the witnesses do. When they find new evidence from their records and knowledge that was not presented to the Court before, Petitioner feels it is his civic duty in this case to show this evidence before the final decision is made which would lead to his 2255 Motion to be denied, granted, denied in part, granted in part, or even lead to an evidentiary hearing to determine the facts of which to determine the basis and reasoning de novo for making such decisions. The witnesses presented their 75 page Affidavit (Declaration) to Petitioner and he thought filing that alone would not be sufficient to demonstrate relevancy and demonstrate to the Court why it should be reviewed by the Judge and admitted as evidence, the Government to respond to it if they wish, and make a determination collaterally as a whole of the entire evidence presented that is all in supporting his claims under his 2255 Motion and 2255 Brief. Petitioner couldn't just demand to the witnesses that the evidence had to be found in their email account and their testimony prior to

14

filing a brief in opposition to Government's earlier Motion to Dismiss. It is impossible for Petitioner to have known that there was even more evidence against USPO Burton which would constitute an unlawful impediment by Government action that would increase his chances of his 2255 Motion and actual innocence claim being granted equitable tolling by the Habeas Court on the ground of actual innocence and newly discovered evidence that could not have been exercised under due diligence.

3. **Objection to Paragraph 3, Doc. #146:** "*Petitioner filed in excess of 100 pages on January 26, 2018, in response to the government's motion to dismiss. This filing, while exceeding the 20-page limit stated in the Roseboro letter, was timely filed according to the limits set forth in DE #142.*" Petitioner cannot be expected to further prove his actual innocence, show evidence in support of his claims, assert cases of authorities, showing evidence proving that the Government was wrong in claiming that Petitioner didn't exhibit echolalia when he had exhibited a delayed form of echolalia during his false confession, and object to every one of his erroneous claims without exceeding 20 pages, it is impossible. The Clerk didn't cite any Federal Rules as to why it is limited to 20 pages but was only cited in the Roseboro letter. This limit that cannot be found anywhere in the Federal Rules of Criminal/Civil/Appellate Procedure that gives it such authority to prevent the Petitioner from being able to fully demonstrate case law authorities, arguments and evidence as to the Petitioner should be allowed to prove his actual innocence.

4. **Objection to Paragraph 2, Doc. #146:** "*Petitioner was advised in a Roseboro letter1 (DE #142) sent from the Clerk of Court dated January 10, 2018, that he "the right to file a 20-page response in opposition to the respondent's motion…within 21 days from the date of service of the respondent's motion upon [Petitioner]." (DE #142).*" Petitioner doesn't understand what authority the 20-page limit is vested in as there is no rule set in the Federal Rules. Even the Federal Rules of Appellate Procedure does not have a 20-page limit as it can decides issues of facts and Constitutional merit as well as statutory merit. They have a 30 page limit or a word limit of up to 13,000 words if I am correct. So Petitioner is to explain why the Government is wrong, cite case law as to why the Government is wrong, why Petitioner should have an evidentiary hearing for his actual innocence claim, and defend himself against the Government using its abusive power to attempt to shut down his actual innocence claim under Writ of Habeas Corpus, and yet he is expected by the Clerk alone to only file 20 pages or less of evidence, arguments, case law, and explain objections to each statement that may be erroneous, incorrect, and contrary to law. Ramaswamy is asserting the local Clerk's uncited and non-statutory authority to dictate how many pages a response brief can be when other Federal Courts have accepted briefs that are more than 20 pages. Where is the statute and Federal Rules that put a page limit on responses to motions to dismiss civil 2255 Motions for proving actual innocence or any matter of Constitutional importance?

16

## **CONCLUSION**

Petitioner supports Ramaswamy's Motion for Extension of time with a few

objections and supports the Government's request to the U.S. District Court that

"*the Court grant leave for the government to respond to Petitioner's motion (DE*

*#144, #145) within two weeks, by Friday, March 23, 2018.*"

The Petitioner cannot wait to see what the response will be and will be happy to

challenge the Government's erroneous claims as he files a reply to their response.

The Petitioner has acted in good faith regarding his claims of misconduct by

Ramaswamy, as Donald John Trump the United States President believes that there

is corruption and criminal activities going on within the United States Department

of Justice, that for ma while Attorney General Jeff Sessions wasn't doing anything

about the corruption but instead started a Nationwide war on pot smokers as if

people smoking pot is of greater concern to society than the corruption within their

ranks. Petitioner and all witnesses including Attorney Susan Basko is aware of how

corrupt Ramaswamy is and how he likes to keep the Petitioner from proving his

actual innocence and Ramaswamy had threatened Susan Basko causing her to be

afraid of even appearing in Federal Court in 2014 to testify as a defense witness.

Ramaswamy is a coward and Justice needs to be served by the Court.

17

The Petitioner's new evidence should be considered, and Ramaswamy's misconduct needs to be reviewed by the Office of the Inspector General, as well the American Bar Association and State Bar of North Carolina. Petitioner is considering filing a grievance as Ramaswamy has acted with an ill intent against justice, against due process, and against Petitioner proving his actual innocence. If Petitioner isn't innocent, then let the Government battle this back at the Jury trial. Let the Jury decide if all facts of innocence cannot be established. The Government should permit reversing/resending the false plea agreement and let the Petitioner prove his innocence in the comfort and safety of his home during those proceedings. Petitioner is not a flight risk and he has behaved in supervised release under the supervision by U.S. Probation Officer Jason McMurray. Ramaswamy needs to stop resisting the actual innocence movement if he truly wants to seek justice otherwise he is a fraud and a false knight of justice.

Petitioner respectfully files this PETITIONER'S RESPONSE BRIEF IN SUPPORT OF "GOVERNMENT'S MOTION FOR LEAVE FOR TIME TO FILE RESPONSE" (Document #146) WITH A FEW OBJECTIONS IN OPPOSITION with the Court.

Petitioner requests with the Court that a copy of this PETITIONER'S RESPONSE BRIEF IN SUPPORT OF "GOVERNMENT'S MOTION FOR LEAVE FOR TIME TO FILE RESPONSE" (Document #146) WITH A FEW OBJECTIONS IN OPPOSITION be served upon the Government as stated in 28 U.S.C. §1915(d), that "The **officers of the court shall issue and serve all process, and perform all**

**duties** in such cases. **Witnesses shall attend as in other cases**, and the **same remedies shall be available as are provided for by law in other cases**. Plaintiff requests that copies be served with the Respondent which is the U.S. Attorney office of Greensboro, NC and through counsel AUSA Anand Prakash Ramaswamy and Angela Hewlett Miller via CM/ECF Notice of Electronic Filing ("NEF") email. Thank You!

This PETITIONER'S RESPONSE BRIEF IN SUPPORT OF "GOVERNMENT'S MOTION FOR LEAVE FOR TIME TO FILE RESPONSE" (Document #146) WITH A FEW OBJECTIONS IN OPPOSITION is respectfully filed with the Court, this the 10th day of March, 2018

| Date of signing:<br><br>*March 10, 2018* | Respectfully submitted,<br><br>*Brian D. Hill*<br>Signed Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.** |

### CERTIFICATE OF SERVICE

**Petitioner hereby certifies that on March 10, 2018, service was made by mailing the original of the foregoing**

**PETITIONER'S RESPONSE BRIEF IN SUPPORT OF "GOVERNMENT'S MOTION FOR LEAVE FOR TIME TO FILE RESPONSE" (Document #146) WITH A FEW OBJECTIONS IN OPPOSITION**

**by deposit in the United States Post Office, Postage prepaid under certified mail tracking no. 7017-1450-0000-9411-2914, on March 10, 2018 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, Greensboro division. Then Petitioner requests that the Clerk of the Court move to**

electronically file the foregoing **PETITIONER'S RESPONSE BRIEF IN SUPPORT OF "GOVERNMENT'S MOTION FOR LEAVE FOR TIME TO FILE RESPONSE" (Document #146) WITH A FEW OBJECTIONS IN OPPOSITION** using the CM/ECF system which will send notification of such filing to the following parties:

| **Anand Prakash Ramaswamy** **U.S. Attorney Office** **Civil Case # 1:17-cv-1036** **101 South Edgeworth Street, 4th Floor** **Greensboro, NC 27401** anand.ramaswamy@usdoj.gov | **Angela Hewlett Miller** **U.S. Attorney Office** **Civil Case # 1:17-cv-1036** **101 South Edgeworth Street, 4th Floor** **Greensboro, NC 27401** angela.miller@usdoj.gov |
|---|---|

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: _March 10, 2018_ | Respectfully submitted, _Brian D. Hill_ Signed Brian D. Hill (Pro Se) 310 Forest Street, Apartment 2 Martinsville, VA 24112 Phone #: (276) 790-3505 **U.S.W.G.O.** |
|---|---|

20