IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:13CR435-1 |
| | : | 1:17CV1036 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

GOVERNMENT'S RESPONSE TO "MOTION AND BRIEF FOR LEAVE TO FILE ADDITIONAL EVIDENCE" AND GOVERNMENT'S MOTION FOR PRE-FILING INJUNCTION

NOW COMES the United States of America, by and Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully files this response to Petitioner's "Motion and Brief for Leave to File Additional Evidence" (ECF Docket Entries ("DE") # 144, # 145) and a Motion For Pre-Filing Injunction regarding the Petitioner in the above-captioned matter.

*Response to Petitioner's Motion and Brief for Leave to File Additional Evidence*

The government opposes Petitioner's "Petitioner's Motion and Brief for Leave to File Additional Evidence" (DE # 144, # 145), as it (1) has been filed beyond the applicable time limits, (2) contains nothing which Petitioner could not have included in his initial § 2255 Motion, (3) is irrelevant to his claim(s)

of actual innocence, and (4) is another example of Petitioner using the federal court filing system to make unsupported conclusory allegations of misconduct by others, as will be addressed further in the government's Motion For Pre-Filing Injunction.

As stated in the government's Motion for Extension of Time To File Response (DE #146) Petitioner was advised in a *Roseboro* letter[1] (DE #142) sent from the Clerk of Court dated January 10, 2018, that he had "the right to file a 20-page response in opposition to the respondent's motion…within 21 days from the date of service of the respondent's motion upon [Petitioner]." (DE # 142). While Petitioner did respond within the time limit set forth above (DE # 143), Petitioner now seeks supplement his reply with "Petitioner's Motion and Brief for Leave to File Additional Evidence" (DE #144, #145), filed on March 7, 2018, well after the 21-day limit expired. Petitioner now makes claims to equitable tolling, regarding not only his untimely-filed § 2255 motion (DE #125), but also to his effort to supplement his reply (DE #144, 145).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*,

---

1 *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

560 U.S. 631, 649 (2010) (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (citations omitted) (internal quotation marks omitted). Ordinarily, "a petitioner must bear the risk of attorney error" and "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 650–52 (citations omitted) (internal quotation marks omitted). However, "the exercise of a court's equity powers must be made on a case-by-case basis." *Id.* at 649–50 (internal quotation marks omitted) (ellipses omitted).

Here, Petitioner cannot show *any* extraordinary circumstance which prevented the contents of his attempts to supplement his reply (DE # 144, # 145) from being filed either contemporaneously with his § 2255 Petition (DE #125) or within the 21-day limit set for his reply. Petitioner's § 2255 Motion clearly stated his intent to use his grandparents and mother as witnesses (DE # 125 at 11(in parenthetical)), and those are the same persons whose affidavit is offered in DE #145-1. Petitioner has already filed statements from all of these same persons (*see*, e.g., DE # 134 at 35-75; DE # 137-5; DE # 143-2). There is no extraordinary circumstance here that would support Petitioner's attempt to avoid the time limits regarding his answer. Additionally, there is nothing

3

within Petitioner's DE # 145-1 that is new. The court transcripts, internet content, and other assorted items Petitioner has included all existed prior to Petitioner's reply (DE #143).

There is, to the undersigned, no discernable coherent claim for relief in the material Petitioner seeks to add to his § 2255 Motion in DE # 145. Much of that document concerns a supervised release violation hearing, and this would appear to be the gravamen of Petitioner's claim therein:

> [The testifying probation officer] misrepresented facts and truth upon the court, and the [undersigned prosecutor] presented such falsehoods with malice, to retaliate against Petitioner … with an intent to prevent Petitioner from being able to file a successful 2255 Motion to be able to overturn his wrongful conviction … The intent was that Petitioner should not appeal his conviction and that Petitioner would be set up again with child porn including [a proposed defense witness] if he dare challenge his wrongful conviction.

DE #145 at 8. The supervised release violation hearing referenced by Petitioner was held on June 30, 2015. Earlier in 2015, Petitioner had already given untimely notice of appeal in his criminal case (DE #56, 62), dismissed in part with judgment affirmed by the Fourth Circuit on April 7, 2015 (DE #75). As stated in the government's Motion to Dismiss (DE #141), Petitioner had at most until July 7, 2015, to timely-file a § 2255 motion. That deadline passed *after* the supervised release violation hearing concluded. Thus, nothing

prevented Petitioner from meeting the filing rules under 18 U.S.C. § 2255. Moreover, nothing in Petitioner's additional materials demonstrates actual innocence; rather, it constitutes the same disjointed litany of conclusory allegations, accusations against others, and irrelevant material common to Petitioner's submissions to the Court.

*Motion for Pre-Filing Injunction*

The government herein moves this Honorable Court under the All Writs Act for an order granting a permanent pre-filing injunction barring Petitioner from filing any future motions, however captioned, that are directly or indirectly related to the above-captioned matters in any Court, whether state or federal, without leave of this Court. In support of this Motion, the government files herewith a supporting memorandum which is attached and incorporated herein by reference.

WHEREFORE, the United States respectfully requests that the Court deny leave for considering the Petitioner's motion for additional evidence (DE # 144, # 145), and, after affording Petitioner an opportunity to be heard on the government's Motion for Pre-Filing Injunction, enjoin Petitioner from filing any future motions, however captioned, that are directly or indirectly related

5

to the above-captioned matters in any Court, whether state or federal, without leave of this Court.

This the 23rd day of March, 2018.

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY


/S/ ANAND P. RAMASWAMY
Assistant United States Attorney
NCSB # 24991
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth Street, 4th Floor
Greensboro, NC   27401
Phone:   336/333-5351

6

Case 1:13-cr-00435-TDS   Document 148   Filed 03/23/18   Page 6 of 7

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:13CR435-1 |
| | : | 1:17CV1036 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Mr. BRIAN DAVID HILL
310 Forest St., Apt.2
Martinsville, VA 24112

        Respectfully submitted,

        MATTHEW G.T. MARTIN
        UNITED STATES ATTORNEY


        /S/ ANAND P. RAMASWAMY
        Assistant United States Attorney
        NCSB #24991
        United States Attorney's Office
        Middle District of North Carolina
        101 S. Edgeworth St., 4th Floor
        Greensboro, NC   27401
        Phone:   336/333-5351