IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
|    Petitioner, | : | |
| | : | |
|         v. | : | 1:13CR435-1 |
| | : | 1:17CV1036 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | |

MEMORANDUM IN SUPPORT OF GOVERNMENT'S
MOTION FOR PRE-FILING INJUNCTION

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and submit this memorandum in support of its Motion for a Pre-Filing Injunction and moves this Court for an order granting a permanent pre-filing injunction barring the Plaintiff from filing any future motions, however captioned, that are directly or indirectly related to the above-captioned matters in any court, whether state or federal, without leave of this Court.

I. STATEMENT OF THE CASE

On November 14, 2017, Petitioner BRIAN DAVID HILL ("Hill" or "Petitioner") filed a motion under 28 U.S.C. § 2255 in case 1:17CV1036 to vacate, set aside or correct his sentence in criminal case 1:13CR435-1. (Docket Entry ("DE") #125)(Memorandum at DE #127). Petitioner filed supporting documents captioned as "exhibits" and "declarations", and attempted to

prospectively subpoena witnesses where no hearing on his § 2255 Motion had been ordered (DE ## 129-134; ## 136-138; *see* DE # 135). The government moved to dismiss Petitioner's § 2255 Motion as untimely (DE # 141). Petitioner responded in opposition to the government's Motion to Dismiss (DE # 143) on January 26, 2018, within the applicable time period set forth for his reply (*see* DE # 142). Petitioner then filed "Motion and Brief for Leave to File Additional Evidence" (DE ## 144-145), to which the government sought leave to file a reply (DE # 146). The Court granted leave for the government's response (*see* text order dated March 12, 2018), and Petitioner then filed what he captioned, "Petitioner's Response Brief in Support of "Government's Motion for Leave for Time to File Response" " (DE # 147).

The government now moves this Court for an order granting a permanent pre-filing injunction barring Hill from filing any future motions, however captioned, that are directly or indirectly related to the above-captioned matters in any court, whether state or federal, without leave of this Court.

## II. STATEMENT OF FACTS

Prior to his § 2255 Motion and supporting documents, Petitioner filed approximately fifty-one pro se documents in his underlying criminal case, all while being represented by court-appointed counsel. Since the filing of his

2

§ 2255 Motion, Petitioner has filed eleven documents in addition to the § 2255 Memorandum and reply. The contents of documents and materials filed by Petitioner in his § 2255 Motion include:

- Copies of a complaint Petitioner filed against the case agent with that agent's law enforcement agency (DE #136-1, -2, -4);

- Petitioner's complaint against his supervising probation officer and a letter from an official with the Administrative Office of the Courts responding to that complaint (DE # 137-2, -6);

- Allegations of the former chief judge being "crooked" and having engaged in improper communications in his case (DE # 137-20);

- A petition in an unrelated matter, gathered by Petitioner, bearing the names of persons signing it (DE # 138);

- Accusations of professional misconduct, including criminal misconduct, made against the undersigned, the First Assistant Federal Public Defender, a CJA panel attorney, and others (DE # 143);

- A website's news story dated March 22, 2016, regarding a child pornography investigation (unrelated to that of Petitioner, by an agency other than the one involved in Petitioner's case) (DE # 145-2);

- Photographs of Petitioner with various other persons (with no explanation of the relevance of these photographs to the § 2255 Petition) (DE # 132 at 48-53);

- Excerpts of medical records of Petitioner which include his date of birth, partial Social Security number, and other personal information (DE 131 at 3-21);

- A purported transcript of a phone call Petitioner made to a deputy clerk in this District (DE # 137-1); and

- Color copies of Facebook pages for two persons: a former assistant district attorney (who had no association to Petitioner's criminal case) and of her brother, a police officer; this material includes photographs of those persons, of their children, and of their friends (DE # 132 at 56-68).

Petitioner's filings frequently reference suicide and self-harm:

- "[Probation Officer] is [a] horrible person that didn't care that I had always wanted to prove my innocence and that at one time I had almost cut my neck with a kitchen knife on December, 2013, all because of this horrible crap." (DE # 137 at 9).

- "If I had been entirely blocked from proving my innocence, I would have committed suicide without hesitation." (DE # 137 at 9)(six suicide references appear in this document alone).

- "The Petitioner had long ago decided to either prove his innocence or commit suicide because he cannot stand being called a sex offender when he [is] a virgin and has never had sex with anybody and he was framed with possession of child pornography." (DE # 147 at 4).

### III. STANDARD OF REVIEW

The All Writs Act, 28 U.S.C. § 1651, grants federal courts authority to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. Federal courts have inherent authority "to impose prefiling injunctions to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N.A. Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). A party's access may be restricted by the district court based on that party's repeated filing of frivolous litigation. *In re Burnley*, 988 F.2d 1, 3-4 (4th Cir. 1992); *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to

5

protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") The rules provide no exception to pro se litigants such as Hill. *See Mallon v. Padova*, 806 F. Supp. 1189 (E.D. Pa. 1992).

Pre-filing injunctions should be imposed "sparingly," but are warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 818. The Court of Appeals for the Fourth Circuit has enumerated the factors a district court must consider when determining whether to impose a pre-filing injunction. In *Cromer*, the Fourth Circuit directed district courts to evaluate the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party files his cases on a good faith basis, or only to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 818. In *Cromer*, the court noted that an injunction should be "narrowly tailored to fit the particular circumstances of the case." *Cromer*, 390 F.3d at 819 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

## IV. ARGUMENT

The first *Cromer* factor for determining whether the court should enter a pre-filing injunction is the extent to which a Plaintiff has filed "vexatious, harassing, or duplicative" lawsuits. *Cromer*, 390 F.3d at 818. This factor weighs heavily in favor of the entry of a pre-filing injunction against the Plaintiff.

In the above-captioned matter, Petitioner's filings are vexatious and harassing, and in particular, in his leveling of conclusory allegations against nearly every party involved in his criminal case (judiciary, probation officers, assigned counsel, investigators, and prosecutors) as demonstrated in the excerpts in Section II (Statement of Facts) above. Moreover, Petitioner's frequent repetition of such conclusory allegations in items filed with the Court arguably constitute a means of publishing to the world, through the ECF system, accusations damaging to the reputation of various individuals in a forum in which they have no recourse to respond. Similarly, Petitioner's inclusion of letters of complaint that Petitioner made against persons involved in his criminal case have no relevance to his § 2255 Motion, but appear to be included only to tarnish the individuals' professional reputations. While the § 2255 Petition is not the proper forum for publicizing his complaints,

7

Petitioner includes *only* his accusations within these complaints, and never states whether any were substantiated. This serves no apparent purpose other than to disseminate his complaints through the ECF system and deny recourse to those he accuses of misconduct; it is a form of harassment, as further described below under the second *Cromer* factor.

While there has been no judicial finding in the above-captioned matter that Petitioner's prior filings were 'frivolous', a full reading of the record shows that they have been treated as baseless and routinely dismissed. For example, on November 10, 2014, the district court dismissed sixteen of Petitioner's pro se motions by oral order (*see* docket entry for 11/10/2014; *see* also docket entry for 07/01/2015). Petitioner's mental condition has been found to be related to the content and volume of his court filings (DE # 23; # 33 (PSR) at 14-15; *see* also Petitioner's rejection of this: "I do not recognize the wrongful diagnosis of "<u>delusional disorder</u>" by Dr. Keith Hersh…" (DE # 137 at 3 (not filed under seal)(emphasis added)); *see* also Tr. of Mot. Hr'g, Sept. 3, 2014 (DE # 114 at 19-20)(colloquy between counsel for Petitioner and the Court). Because the report and PSR are under seal, the government will not quote directly from those here, but would instead ask that this Court consider the content those referenced items vis-à-vis Petitioner's numerous motions.

8

Petitioner's litigiousness is not limited to the above-captioned matter. The government is including as an attachment the docket sheet in civil case number 4:17-cv-00027-JLK-RSB, filed in the Western District of Virginia (Danville). There, Petitioner as Plaintiff sought to subpoena one of the attorneys in his criminal case, the case agent from his criminal case, the local police, and the undersigned, whom he named in the following excerpts:

> [The undersigned] is acting as evil as he can get, making an innocent man register as a Sex Offender under his malicious prosecution knowing that he had a weak case and always had a weak case against an innocent man that only wanted to prove his innocence so that he wouldn't lose his sanity to the extent of ending his life forever. [The undersigned] is the worst kind of District Attorney at any level of Government.

Document 53 at 14, in WDVA case 4:17-cv-00027-JLK-RSB, 01/03/18.

> How disgusting! [The civil AUSA] and [the undersigned] should both be sitting in FEDERAL PRISON RIGHT NOW. They both should be in prison and whoever else they are involved with who victimized Brian David Hill so that those corrupt federal attorneys can ruin lives for their perfect criminal conviction record which they can polish on their walls like a trophy.

*Id.* at 11 (emphasis in the original).
Nor are petitioner's statements in his civil suit confined to the government attorneys:

> [Name of CJA panel attorney] is a corrupt lawyer that needs to have his Criminal Justice Act funding revoked and his Attorney license revoked and needs to be disciplined by the State Bar, and just as corrupt as [name of First Assistant

9

> Federal Public Defender] who has committed Subornation of
> Perjury by forcing an innocent man to falsely plead guilty
> under Oath…"

*Id.* at 18. The excerpts above appear in a civil action under the Freedom of Information Act in another federal district, but Petitioner's pattern of using the court filing system as a sort of personal blog for baseless defamation is repeated therein. The government contends that Petitioner then, directly or indirectly, uploads his ECF filings to other websites in order to further disseminate his conclusory allegations in an attempt to gain public support (see website at https://archive.org/details/HillvEOUSA , uploaded 04/26/2017). The court in Petitioner's civil case cited above admonished Hill for the content of his filings, warning him regarding contempt of court for "threatening the government's counsel". (Doc. 59 in WDVA case 4:17-cv-00027-JLK-RSB, 01/05/18 (included as Attach. B herein)).

The second *Cromer* factor is whether the party files his cases on a good faith basis, or only to harass. *Cromer*, 390 F.3d at 818. Here, the content of Petitioner's supporting documents demonstrates the extent to which he lacks a good faith basis for filing, but instead uses 28 U.S.C. § 2255 in order to harass and besmirch his perceived oppressors, consistent with the diagnosis that Petitioner denies he suffers from. This is seen most clearly in his inclusion of

10

wholly irrelevant and personal Facebook pages of two individuals as described above. This is merely Petitioner's attempt to glean personal information from the Internet[1] which he sees fit to publish in the context of his allegations of wrongdoing. Even in the context of alleged wrongdoing, there is no relevance in including personal information and color photographs of persons, their children, and their friends. Petitioner in fact demanded that those Facebook pages be filed in color, as he does for various documents (DE # 127 at 3). Even if Petitioner maintains he has a good faith basis to challenge his conviction, this material has no relation to any such challenge. *See*, *e.g.*, *United States v. Woods*, No. 5:05-CR-131-FL-1, 2010 WL 11549145, at *4 (E.D.N.C. Sept. 22, 2010), aff'd, 411 F. App'x 594 (4th Cir. 2011)("Defendants maintain that they had a good faith basis in maintaining their innocence and challenging their

---

[1] Petitioner is essentially engaged in "Doxxing" or "doxing", or "searching on the Internet for, and publishing, private identifying information about an individual, typically with malicious intent." *Brennan v. Stevenson*, No. CV JKB-15-2931, 2015 WL 7454109, at *1 (D. Md. Nov. 24, 2015); see also proposed law, "Interstate Doxxing Prevention", H.R. 3067, 115th CONGRESS, 1st Session, introduced June 27, 2017.

11

convictions, sentences, and restitution orders. However, defendants nevertheless did not have a good faith basis to challenge these matters in the way in which they have chosen to do so."). This second *Cromer* factor also weighs heavily in favor of the entry of pre-filing injunction against Petitioner.

Petitioner's frequent reference to suicide is itself a form of harassment: he is threatening self-harm if his demand for relief is not met ("The Petitioner had long ago decided to either prove his innocence or commit suicide …" (DE # 147 at 4)). These references to self-harm present an irrational and troubling tactic, and a wholly unwarranted demand upon the government and this Court. As such, those references have absolutely no place in a motion for post-conviction relief, and there can be no good faith basis for such statements.

The third *Cromer* factor requires the court to examine "the extent of the burden on the courts and other parties resulting from the party's filings." *Cromer*, 390 F.3d at 818. This factor also weighs heavily in favor of the entry of a pre-filing injunction order against the Petitioner. The sheer volume of Petitioner's filings, the relative incomprehensibility of the content, and Petitioner's utter disregard for filing time limits, has placed a heavy burden on the government in the instant case. Petitioner's filings in his § 2255 Motion alone exceed one thousand pages, and just as with his attempt at a direct

appeal,[2] Petitioner's § 2255 motion was untimely-made.[3] These out-of-time challenges are especially burdensome, given the interest of the criminal justice system in the finality of convictions. *See, e.g., McCleskey v. Zant*, 499 U.S. 467, 492–93 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 n. 13, (1977). The Supreme Court held that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). Petitioner's untimely actions have created a wholly unreasonable and burdensome demand of time and resources upon the United States Attorney's Office and presumably upon the court system itself. Especially at this time when the federal government's resources are under strain, the undersigned's office is burdened by having to use its limited resources to respond to another meritless and frivolous action by Petitioner. The Court must also devote valuable time

---

[2] *See United States v. Hill*, 599 F. App'x 104, 105 (4th Cir. 2015)(unpublished)("Hill filed a notice of appeal on January 29, 2015, well beyond the expiration of the appeal and excusable neglect periods. We therefore grant the Government's motion to dismiss this portion of the appeal as untimely because Hill failed to file a timely notice of appeal or obtain an extension of the appeal period.").

[3] Petitioner as much admits this in his last filing to date: "Yeah technically Ramaswamy may be right about this brief being filed untimely…" (DE # 147 at 14).

13

resolving this matter when the Court's time could be better spent resolving cases with actual merit.

The fourth *Cromer* factor directs district courts to examine "the adequacy of alternative sanctions." *Cromer*, 390 F.3d at 818. Petitioner's history demonstrates that a pre-filing injunction is the only effective deterrent against his repetitive filings. In addition to his filings, Petitioner has also taken unacceptable actions before the Court, resulting in the Court's intervention to undo or otherwise address those actions. As stated above, Petitioner has attempted to have subpoenas issued where no hearings were yet scheduled regarding his § 2255 motion, and in his civil case in the Western District of Virginia. Alleging bias against him by the Court, he submitted a hand-written motion to recuse Judge Osteen from his criminal case (DE # 95; *see* also DE # 105). Petitioner's attempt to file via email was addressed by the Clerk of Court in a letter dated April 23, 2015 (DE # 79), and by the district court in an order dated April 29, 2015 (DE # 87). As with his subpoenas, some of Petitioner's filings have subsequently been removed from ECF (See text entry for 07/02/2015). As stated above, much of the content of Petitioner's filings is essentially defamatory to those he perceives as persecuting him, and does not directly relate to the form of the action he is pursuing, as in his § 2255 Motion.

14

Petitioner has thus demonstrated his continual willingness to abuse the ECF system. The volume of the dismissal of his prior filings, their untimeliness, and the admonition from the court in his civil action (see Attachment B), show that unless restrictions are placed on the Petitioner, he will unceasingly file vexatious, harassing, meritless, and frivolous documents with impunity.

An injunction should be "narrowly tailored to fit the particular circumstances of the case." *Cromer*, 390 F.3d at 819 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). An injunction requiring prior court approval to filing will not impair the Petitioner's ability to assert legitimate claims. *See United States v. Falice*, 1:04CV878, 2006 WL 2488391, at *6 (M.D.N.C. Aug. 25, 2006) (copy attached) (where the Court held that an injunction requiring prior court approval to assert liens would not impair ability to assert legitimate claims).

In *Ward v. Maloney*, 1:08CV54, 2008 WL 7346920, at *1 (M.D.N.C. Sept. 29, 2008) (copy attached), this Court granted a motion for a pre-filing injunction to protect the Court, the named defendants and any potential defendants from the harassment of frivolous and vexatious litigation." In *Ward*, the plaintiff filed repetitive vexatious and harassing lawsuits against his former employer, the employer's affiliates, the ERISA Plan Administrator for an affiliate, along

15

with several state court lawsuits against Wachovia Bank alleging that the bank deliberately falsified documents it provided to the plaintiff in the federal court action. The repetitive lawsuits all related to the plaintiff's former employment and benefits associated with that employment or the conduct of witnesses involved in the prior suits. In all the lawsuits, the plaintiff's claims were found to be meritless, yet he continued to file lawsuits regarding the same set of facts.

In *Ward*, the Court entered a pre-filing injunction requiring the plaintiff to obtain leave of the court to file any lawsuit, motion or related proceedings that were directly or indirectly related to the case before the Court. The Court also ordered the plaintiff to attach a copy of the Court's order and injunction to any motion for leave of court. This Court did not enjoin the plaintiff from filing all lawsuits, but tailored the pre-filing injunction to require the Court's review and approval of lawsuits related to those previously filed. In the instant case, this Court could narrowly tailor a pre-filing injunction, such as the one in *Ward*, to prevent repetitive, vexing, and harassing litigation while still allowing Plaintiff to file any potentially meritorious related claims he may have by obtaining this Court's prior approval. The injunction could also be

16

tailored so that Plaintiff would not be prohibited from filing unrelated suits he may have against unrelated parties.

## V. CONCLUSION

Based on his long history of harassing, repetitive filings, every *Cromer* factor weighs heavily against Petitioner and in favor of this Court entering a pre-filing injunction. Therefore, the government respectfully requests that this Court enter an appropriate pre-filing injunction barring Hill from filing any future motions or related proceedings which directly or indirectly related to the above-captioned criminal and civil cases, in any court, whether state or federal, without leave of this Court. Moreover, because Petitioner demonstrates repeated misuse of the ECF system to malign others rather than to support his actions, the government respectfully requests that Petitioner's filings as outlined below be placed under seal, or alternatively, that references to the parties against whom he makes conclusory allegations of misconduct or discloses personal information be redacted. This action would be narrowly tailored under these circumstances, as it would not prohibit Petitioner's access to the Court in providing what he believes to be supporting documentation, but would effectively thwart Petitioner's apparent aim of misuse of the ECF system

to publicize defamatory conclusory allegations where those maligned have no recourse to respond.

WHEREFORE, the government respectfully request that the Court:

(1) Grant this Motion for a Pre-Filing Injunction;

(2) Enter an Order granting a permanent pre-filing injunction barring Petitioner from filing any motion, however captioned, collaterally attacking his conviction or sentence other than as authorized by § 2255 and comporting to the time limits set forth therein.

(3) Order that the Petitioner must seek leave of the court to file a motion or initiate a separate action governed by the injunction herein described upon a showing that an exception to the injunction is appropriate, and that failure to obtain leave from the court may result in sanctions, including but not limited to summary denial of the motion and/or an initiation of contempt proceedings.

(4) Order that the government is exempt from responding to Petitioner's filings unless specifically ordered to do so.

(5) Order that Petitioner's filings in his § 2255 Motion be placed under seal, with the exception of DE # 125 (the § 2255 Petition).

Because of Petitioner's demonstrated propensity for filing voluminous documents of dubious relation to the issues before the Court, the government

18

would ask that this Court set this matter for hearing on the sole issue of the government's proposed Motion for Pre-Filing Injunction, to allow Petitioner to respond to this Motion in person before the Court.

This the 23rd day of March, 2018.

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY


/S/ ANAND P. RAMASWAMY
Assistant United States Attorney
NCSB # 24991
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth Street, 4th Floor
Greensboro, NC   27401
Phone:   336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:13CR435-1 |
| | : | 1:17CV1036 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Mr. BRIAN DAVID HILL
310 Forest St., Apt.2
Martinsville, VA 24112

                Respectfully submitted,

                MATTHEW G.T. MARTIN
                UNITED STATES ATTORNEY


                /S/ ANAND P. RAMASWAMY
                Assistant United States Attorney
                NCSB #24991
                United States Attorney's Office
                Middle District of North Carolina
                101 S. Edgeworth St., 4th Floor
                Greensboro, NC   27401
                Phone:   336/333-5351