**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CORTEZ FISHER, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**711 F.3d 460; 2013 U.S. App. LEXIS 6465**
**No. 11-6781**
**October 26, 2012, Argued**
**April 1, 2013, Decided**

**Editorial Information: Subsequent History**

Amended by United States v. Fisher, 2013 U.S. App. LEXIS 6575 (4th Cir. Md., Apr. 1, 2013)

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Maryland, at Baltimore. (1:07-cr-00518-JFM-1; 1:10-cv-00706-JFM). J. Frederick Motz, Senior District Judge.United States v. Fisher, 2011 U.S. Dist. LEXIS 58574 (D. Md., May 27, 2011)

**Disposition:**
REVERSED.

**Counsel**
ARGUED: Marta Kahn, Baltimore, Maryland, for Appellant.
Philip S. Jackson, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.
ON BRIEF: Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

**Judges:** Before AGEE, WYNN, and FLOYD, Circuit Judges. Judge Wynn wrote the majority opinion, in which Judge Floyd joined. Judge Agree wrote a dissenting opinion.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant plead guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C.S. § 841 and possession of a firearm by a convicted felon in violation of 18 U.S.C.S. § 922(g). After his guilty plea, he filed a 28 U.S.C.S. § 2255 motion seeking to vacate his plea based upon a police officer's criminal misconduct. The United States District Court for the District of Maryland denied the motion. Defendant appealed.Defendant's convictions for violating 21 U.S.C.S. § 841 and 18 U.S.C.S. § 922(g) were vacated because a police officer's affirmative misrepresentation, which informed defendant's decision to plead guilty and tinged the entire proceeding, rendered the defendant's plea involuntary and violated his due process rights.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

29947057

Supplement 1

## Opinion

{711 F.3d 462} WYNN, Circuit Judge:

It is axiomatic that, "to be constitutionally valid, a **plea** of guilty must be knowingly and voluntarily made." *United States v. Brown*, 117 F.3d 471, 473 (11th Cir. 1997). And "a guilty **plea** is not knowingly and voluntarily made when the defendant has been misinformed" as to a crucial aspect of his case. *Id.*

In this extraordinary case, the law enforcement officer responsible for the investigation that led to the defendant's arrest and guilty **plea** himself later pled guilty to having defrauded the justice system in connection with his duties as an officer. Regarding this case specifically, the officer admitted to having lied in his sworn affidavit that underpinned the search warrant for the defendant's residence and vehicle, where evidence forming the basis of the charge to which the defendant pled guilty was found. We hold that the officer's affirmative misrepresentation, which informed the defendant's decision to plead guilty and tinged the entire proceeding, rendered the defendant's **plea involuntary** and violated his due process rights. Accordingly, we reverse the district court's decision holding otherwise and remand for further proceedings.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.