**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CORTEZ FISHER, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
711 F.3d 460; 2013 U.S. App. LEXIS 6465
No. 11-6781
October 26, 2012, Argued
April 1, 2013, Decided

**Editorial Information: Subsequent History**

Amended by United States v. Fisher, 2013 U.S. App. LEXIS 6575 (4th Cir. Md., Apr. 1, 2013)

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Maryland, at Baltimore. (1:07-cr-00518-JFM-1; 1:10-cv-00706-JFM). J. Frederick Motz, Senior District Judge.United States v. Fisher, 2011 U.S. Dist. LEXIS 58574 (D. Md., May 27, 2011).

**Disposition:**
REVERSED.

**Counsel**
ARGUED: Marta Kahn, Baltimore, Maryland, for Appellant.
Philip S. Jackson, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.
ON BRIEF: Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

**Judges:** Before AGEE, WYNN, and FLOYD, Circuit Judges. Judge Wynn wrote the majority opinion, in which Judge Floyd joined. Judge Agree wrote a dissenting opinion.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant plead guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C.S. § 841 and possession of a firearm by a convicted felon in violation of 18 U.S.C.S. § 922(g). After his guilty plea, he filed a 28 U.S.C.S. § 2255 motion seeking to vacate his plea based upon a police officer's criminal misconduct. The United States District Court for the District of Maryland denied the motion. Defendant appealed.Defendant's convictions for violating 21 U.S.C.S. § 841 and 18 U.S.C.S. § 922(g) were vacated because a police officer's affirmative misrepresentation, which informed defendant's decision to plead guilty and tinged the entire proceeding, rendered the defendant's plea involuntary and violated his due process rights.

**OVERVIEW:** The law enforcement officer responsible for the investigation that led to the defendant's arrest and guilty plea himself later pled guilty to having defrauded the justice system in connection with his duties as an officer. Specifically, the officer admitted to having lied in his sworn affidavit that underpinned the search warrant for the defendant's residence and vehicle, where evidence forming the basis of the charge to which defendant pled guilty was found. The circuit court agreed with defendant's contention that the officer's deliberate misrepresentation underpinned the entire case against him and induced his guilty plea, thereby rendering his plea involuntary. Defendant's lawyer in the underlying criminal proceedings declared under oath that an examination of the warrant was a critical part of her evaluation of the government's case. Because the lawyer thought that there were no grounds on which to

A04CASES                                   1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Supplement 2* (handwritten)

challenge the warrant, she believed the government's case to be a strong one and advised defendant to enter a plea. Defendant had shown that there was a reasonable probability that he would not have plead guilty, had he known of the impermissible government conduct.

**OUTCOME:** The order denying the 28 U.S.C.S. § 2255 motion was reversed.

A04CASES

2

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

[523 US 618]

guilty **plea** was involuntary because he was misinformed about the elements of a § 924(c)(1) offense, that this claim was not waived by his <*pg. 837> guilty **plea**, and that his conviction should therefore be vacated. Nevertheless, the Court of Appeals affirmed the District Court's order of dismissal. Bousley v Brooks, 97 F.3d 284 (CA8 1996).

We then granted certiorari, 521 US 1152, 138 L Ed 2d 1060, 118 S Ct 31 (1997), to resolve a split among the Circuits over the permissibility of post-Bailey collateral attacks on § 924(c)(1) convictions obtained pursuant to guilty pleas.[1] Because the Government disagreed with the Court of Appeals' analysis, we appointed amicus curiae to brief and argue the case in support of the judgment below. 522 US 990, 139 L Ed 2d 396, 118 S Ct 463 (1997).

[1b][3][4] A **plea** of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v United States, 397 US 742, 748, 25 L Ed 2d 747, 90 S Ct 1463 (1970). We have long held that a **plea** does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Smith v O'Grady, 312 US 329, 334, 85 L Ed 859, 61 S Ct 572 (1941). Amicus contends that petitioner's **plea** was intelligently made because, prior to pleading guilty, he was provided with a copy of his indictment, which charged him with "using" a firearm. Such circumstances, standing alone, give rise to a presumption that the defendant was informed of the nature of the charge against him. Henderson v Morgan, 426 US 637, 647, 49 L Ed 2d 108, 96 S Ct 2253 (1976); id., at 650, 49 L Ed 2d 108, 96 S Ct 2253 (White, J., concurring). Petitioner nonetheless maintains that his guilty **plea** was **unintelligent** because the District Court subsequently misinformed him as to the elements of a § 924(c)(1) offense. In other words, petitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were

[523 US 619]

this contention proved, petitioner's **plea** would be, contrary to the view expressed by the Court of Appeals, constitutionally invalid.

Our decisions in Brady v United States, supra, McMann v Richardson, 397 US 759, 25 L Ed 2d 763, 90 S Ct 1441 (1970), and Parker v North Carolina, 397 US 790, 25 L Ed 2d 785, 90 S Ct 1458 (1970), relied upon by amicus, are not to the contrary. Each of those cases involved a criminal defendant who pleaded guilty after being correctly informed as to the essential nature of the charge against him. See Brady, supra, at 756, 25 L Ed 2d 747, 90 S Ct 1463; McMann, supra, at 767, 25 L Ed 2d 763, 90 S Ct 1441; Parker, supra, at 792, 25 L Ed 2d 785, 90 S Ct 1458. Those defendants later attempted to challenge their guilty pleas when it became evident that they had misjudged the strength of the Government's case or the penalties to which they were

2LED2D 1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Supplement 2*

subject. For example, Brady, who pleaded guilty to kidnaping, maintained that his **plea** was neither voluntary nor intelligent because it was induced by a death penalty provision later held unconstitutional. 397 US, at 744, 25 L Ed 2d 747, 90 S Ct 1463. We rejected <*pg. 838> Brady's voluntariness argument, explaining that a "**plea** of guilty entered by one fully aware of the direct consequences" of the **plea** is voluntary in a constitutional sense "unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." Id., at 755, 25 L Ed 2d 747, 90 S Ct 1463 (internal quotation marks omitted). We further held that Brady's **plea** was intelligent because, although later judicial decisions indicated that at the time of his **plea** he "did not correctly assess every relevant factor entering into his decision," id., at 757, 25 L Ed 2d 747, 90 S Ct 1463, he was advised by competent counsel, was in control of his mental faculties, and "was made aware of the nature of the charge against him," id., at 756, 25 L Ed 2d 747, 90 S Ct 1463. In this case, by contrast, petitioner asserts that he was misinformed as to the true nature of the charge against him.

2LED2D                                                    2

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.