Supplement 3

| 140 LED2D 828, 523 US 614 BOUSLEY v UNITED STATES |

KENNETH EUGENE BOUSLEY, Petitioner
vs.
UNITED STATES

523 US 614, 140 L Ed 2d 828, 118 S Ct 1604

[No. 96-8516]

Argued March 3, 1998.

Decided May 18, 1998.

## DECISION

Convicted person held entitled to hearing on merits of collateral claim contesting validity of his guilty plea to federal firearms charge, if, on remand, he makes necessary showing to relieve his prior procedural default in raising claim.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Supplement 3*

**[523 US 622]**

agent, when the facts were "dehors the record and their effect on the judgment was not open to consideration and review on appeal." Id., at 104, 86 L Ed 1302, 62 S Ct 964. Petitioner's claim, however, differs significantly from that advanced in Waley. He is not arguing that his guilty **plea** was involuntary because it was coerced, but rather that it was not intelligent because the information provided him by the District Court at his **plea** colloquy was erroneous. This type of claim can be fully and completely addressed on direct review based on the record created at the **plea** colloquy.

[11] Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," Murray v Carrier, 477 US 478, 485, 91 L Ed 2d 397, 106 S Ct 2639 (1986);Wainwright v Sykes, 433 US 72, 87, 53 L Ed 2d 594, 97 S Ct 2497 <*pg. 840> (1977), or that he is "actually innocent," Murray, supra, at 496, 91 L Ed 2d 397, 106 S Ct 2639; Smith v Murray, 477 US 527, 537, 91 L Ed 2d 434, 106 S Ct 2661 (1986).

[1f][12a] Petitioner offers two explanations for his default in an attempt to demonstrate cause. First, he argues that "the legal basis for his claim was not reasonably available to counsel" at the time his **plea** was entered. Brief for Petitioner 35. This argument is without merit. While we have held that a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, Reed v Ross, 468 US 1, 16, 82 L Ed 2d 1, 104 S Ct 2901 (1984), petitioner's claim does not qualify as such. The argument that it was error for the District Court to misinform petitioner as to the statutory elements of § 924(c)(1) was most surely not a novel one. See Henderson, 426 US, at 645-646, 49 L Ed 2d 108, 96 S Ct 2253. Indeed, at the time of petitioner's **plea**, the Federal Reporters were replete with cases involving challenges to the notion that "use" is synonymous with mere "possession." See, e.g., United States v Cooper, 942 F.2d 1200, 1206 (CA7 1991) (appeal from **plea** of guilty to "use" of a firearm in violation of

**[523 US 623]**

§ 924(c)(1)), cert. denied, 503 US 923, 117 L Ed 2d 524, 112 S Ct 1303 (1992).[2] Petitioner also contends that his default should be excused because, "before Bailey, any attempt to attack [his] guilty **plea** would have been futile." Brief for Petitioner 35. This argument, too, is unavailing. As we clearly stated in Engle v Isaac, 456 US 107, 71 L Ed 2d 783, 102 S Ct 1558 (1982), "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.' " Id., at 130, n 35, 71 L Ed 2d 783, 102 S Ct 1558. Therefore, petitioner is unable to establish cause for his default.

[1g][13a] Petitioner's claim may still be reviewed in this collateral proceeding if he can

2LED2D  1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

establish that the constitutional error in his **plea** colloquy "has probably resulted in the conviction of one who is actually innocent." Murray v Carrier, supra, at 496, 91 L Ed 2d 397, 106 S Ct 2639. To establish actual innocence, petitioner must demonstrate that, " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." Schlup v Delo, 513 US 298, 327-328, 130 L Ed 2d 808, 115 S Ct 851 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). The District Court failed to address petitioner's actual innocence, perhaps because petitioner failed to raise it initially in his § 2255 motion. However, the Government does not contend that petitioner waived this claim by failing to raise it below. Accordingly, we believe it appropriate to remand this case to permit petitioner to attempt to make a showing of actual innocence.

[1h][13b] It is important to note in this regard that "actual innocence" means factual innocence, not mere <*pg. 841> legal insufficiency.

[523 US 624]

See Sawyer v Whitley, 505 US 333, 339, 120 L Ed 2d 269, 112 S Ct 2514 (1992). In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's **plea** colloquy and would not normally have been offered before our decision in Bailey.3 In cases where the Government has forgone more serious charges in the course of **plea** bargaining, petitioner's showing of actual innocence must also extend to those charges.

In this case, the Government maintains that petitioner must demonstrate that he is actually innocent of both "using" and "carrying" a firearm in violation of § 924(c)(1). But petitioner's indictment charged him only with "using" firearms in violation of § 924(c)(1). App. 5-6. And there is no record evidence that the Government elected not to charge petitioner with "carrying" a firearm in exchange for his **plea** of guilty. Accordingly, petitioner need demonstrate no more than that he did not "use" a firearm as that term is defined in Bailey.

If, on remand, petitioner can make that showing, he will then be entitled to have his defaulted claim of an **unintelligent plea** considered on its merits. The judgment of the Court of Appeals is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

29947057

Case 1:13-cr-00435-TDS   Document 171-3   Filed 03/13/19   Page 3 of 3