Brian David Hill,
Petitioner/Defendant

v.

United States of America,
Respondent/Plaintiff

Criminal Action No. 1:13-CR-435-1

Civil Action No. 1:17-CV-1036

# MOTION TO DISQUALIFY JUDGE

## MOTION AND BRIEF / MEMORANDUM OF LAW REQUESTING THE HONORABLE THOMAS D. SCHROEDER RECUSE HIMSELF FROM ANY FURTHER ACTIONS AND PROCEEDINGS IN THIS CASE

Pursuant to Title 28 U.S. Code § 455 "Disqualification of justice, judge, or magistrate judge", the Defendant Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant"), proceeding Pro Se in this action, respectfully requests that the Honorable U.S. District Court Chief Judge Thomas D. Schroeder ("Hon. Judge Schroeder") recuse himself from any further actions and proceedings in this case in the United States District Court for the Middle District of North Carolina.

### FACTS THAT REPRESENT PARTIALITY AND BIAS TOWARDS THE DEFENDANT AND ALWAYS IN FAVOR OF THE GOVERNMENT

Brian had noticed at the Final Revocation hearing dated September 12, 2019, that the Hon. Thomas D. Schroeder had exhibited extreme bias and prejudice towards

1

Defendant and led to drastic consequences against Defendant and his constitutional rights.

First consequence was that Brian was given the statutory maximum imprisonment and revocation based upon the Government's recommendation while ignoring the statements by United States Probation Officer Jason McMurray, the supervising officer. The Hon. Judge Schroeder ignored the Declaration under Document #181, known as the "EVIDENCE DECLARATION OF BRIAN DAVID HILL REGARDING CARBON MONOXIDE AND LETTER TO MARTINSVILLE POLICE CHIEF IN OPPOSITION TO GOVERNMENT'S/RESPONDENT'S DOCUMENTS #156, #157, #158, #159 AND #160". In fact the Hon. Judge Schroeder did not even admit this Declaration and attached evidence under Document #186 "Exhibit and Witness List". Basically stated that Defendant offered no submission of evidence (no evidence) for the current SRV charge which isn't true. When evidence is filed in opposition to the charging Document in a case, that evidence should have been tried before the Judge and taken into consideration.

These declarations/evidence were also ignored and not admitted into evidence and neither was it taken into consideration for the final SRV revocation outcome:

*06/24/2019 #178 DECLARATION entitled "Evidence Declaration of Brian David Hill regarding State Pro Se Motion in Opposition to Government's/Respondent's Document #156, #157, and #158" filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope – Front and Back) (Civil Case number: 17CV1036) (Garland, Leah) (Entered: 06/25/2019)*

*06/24/2019 #179 DECLARATION entitled "June 21, 2019 Declaration of Brian David Hill in Opposition to Government's/Respondent's Documents #156, #157, and #158" filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope – Front and Back) (Civil Case number: 17CV1036) (Garland, Leah) (Entered: 06/25/2019)*

*03/28/2019 #172 DECLARATION entitled "Declaration of Brian David Hill in opposition to charge under documents 156 , 157 , and 158 " filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope – Front and Back) (Garland, Leah) (Entered: 03/28/2019)*

*04/11/2019 #173 DECLARATION entitled "Declaration of Brian David Hill in Opposition to Government's Documents 156 , 157 , and 158 " filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope – Front and Back) (Garland, Leah) (Entered: 04/11/2019)*

*05/03/2019 #174 DECLARATION of BRIAN DAVID HILL entitled "Declaration of Brian David Hill in Opposition to Government's charging documents # 156 , # 157 , and # 158 " filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope – Front and Back) (Civil Case number: 17CV1036) (Garland, Leah) (Entered: 05/03/2019)*

The transcripts still have not yet been furnished by the Court Reporter of that hearing, but Assistant United States Attorney Anand Prakash Ramaswamy ("Ramaswamy") had made a verbal claim at that Final Revocation Hearing that the claimed Carbon Monoxide research was found on Wikipedia on the internet in an attempt to discredit both Roberta Hill (the witness) and Brian David Hill (the Defendant). Exhibit 3 under Document #181-4, was material that was researched by family and was cited from the National Institute of Health, a federal government organization of the United States. If you had noticed the little text in

3

that exhibit, it says "…ncbi.nlm.nih.gov…" which is a federal government domain name. It also cites reliable sources such as *"Kent Olson, MD, FACEP, FACMT, FACCT, Medical Director and Clinical Professor of Medicine & Pharmacy# and Craig Smollin, MD, Assistant Medical Director and Clinical Professor of Medicine"*. That was not from "Wikipedia" as Ramaswamy had claimed at the SRV revocation hearing. The Judge would have had access to that document (Document #181-4) and didn't care to correct Ramaswamy on the fact that none of the research materials presented in Document #181 and attachments were from this alleged "Wikipedia". That was a lie/falsehood by Ramaswamy and the judge knew that was a lie but he had decided to defend or protect Ramaswamy and ignore the testimony of both Roberta Hill and United States Probation Officer Jason McMurray ("McMurray") to give Defendant the maximum punishment for this revocation. Exhibit 6 from Document #181-7 was sourced from the Centers for Disease Control ("CDC") which is also a well-respected federal government agency that deals with public health and safety. So Ramaswamy was attempting to demean these federal agencies as calling them collectively, "Wikipedia" type of source when he had questioned witness Roberta Hill on the stand in an attempt to discredit Brian David Hill's claims and Roberta Hill to make them out to be either incompetent, not credible, or liars.

Federal Rules of Evidence, Rule 706(a) "Court-Appointed Expert Witnesses" it states that Rule 706 allows a court to appoint an expert witness either "on its own motion or on the motion of any party." The Hon. Judge Schroeder also had decided to dismiss any such notion of Carbon Monoxide to being any such cause for the Defendant's unusual and abnormal behavior on September 21, 2018, and stated on record that Roberta Hill is not an expert witness but refused to resolve the matter by appointing its own Medical Doctor or any other expert witness who has

4

knowledge on Carbon Monoxide Gas Poisoning. He never gave either party an opportunity to ask for an expert witness to confirm Brian's claims of Carbon Monoxide Gas Poisoning and Roberta Hill's claims of Carbon Monoxide Gas Poisoning.

This Judge also had given the maximum punishment under the guise of preventing Brian from conducting any repeat of the behavior of public nudity (note: *at nighttime in a hiking trail with a lot of trees on both sides*) from ever happening again. However since Brian had been released on bond since May 14, 2019, and had not exhibited any further behavior, and had not been reported as such before September 21, 2018. Brian hadn't been given any incident reports or complaints in regards to any allegation regarding indecent exposure while incarcerated. What had happened on September 21, 2018, was an unusual and remote incident. What the Government's witness Officer Robert Jones said about any other calls coming in regarding a "nude male" is considered hearsay because it does not prove that Brian D. Hill was nude at any other time than during the time of the alleged offense on September 21, 2018.

There are other issues that can be brought up as well, but Defendant rather those issues be argued on Appeal. However any willful abuses of discretion which is caused by bias, prejudice, and/or partiality towards a party deserves of recusal and should be disqualified from participating in a particular case where such bias, partiality, and prejudice is found.

**ANALYSIS OF THE LAW GOVERNING DISQUALIFICATION**

Section 455 provides in relevant part:

5

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be Questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C.A. § 455 (West 2006)."'[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" United States v. Hartsel, 199 F.3d 812, 820 (6th Cir. 1999) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990)) (modifications in original).

It is clear that there is an inherit bias or partiality by the Hon. Judge Schroeder when he has ignored all evidence that was submitted in opposition to Supervised Release Violation ("SRV") charging Document #157, but only admitted and permitted the Government's evidence and made a ruling entirely favorable to the Government.

Ignoring evidence is not professional conduct of any judicial official. If evidence is not valid under the court rules or the Constitution, then it is rebuked in an order addressing such issue. If evidence is submitted and is valid, and is ignored and never addressed, then it creates a hole in a party's ability to defend against allegations by the other party. It creates a vacuum that sways justice in favor of one party over the other. If evidence is invalid, then it should be declared invalid and inadmissible. If evidence is valid, then the Judge should at least weigh in that

6

evidence to see if it proves the facts alleged by the party who presented such evidence.

To prove this, let Facts be submitted to a candid world.

The Hon. Judge Schroeder was entirely or almost entirely dependent upon the approval of Ramaswamy the counsel for the Government.

Government objected to Defendant's Notice of Interlocutory Appeal (Document #187) that was filed before the hearing, the Judge took the objections of the Government to heart and refused to defer the proceedings until after the Appeal mandate. The appeal was directly over the decision to reschedule the Final Revocation hearing because it was too early and did not permit resolving the issue of Trial De Novo to prove Defendant's actual innocence/legal innocence to his state charge that was relevant to the SRV case and hearing. That appeal should have caused a procedural continuance to a later date for good constitutional reasoning.

Then the Government was not in favor of the oral motion for continuance by Defendant's defense counsel at the time. So the Judge denied that too and was going to immediately arrest and imprison Brian if he had not spoken up when permitted to make a statement prior to the sentencing which would have conflicted with the Trial De Novo, state bond, and assert supremacy over Brian's constitutional right to procedural due process. It is an error of law to immediately revoke Supervised Release or Probation while an appeal for the state charge aka Trial De Novo is still ongoing because then the Judge can immediately arrest, detain, and imprison the Defendant making it almost impossible or easy to impede the due process of a Probationer involved in an ongoing appeal and case of Trial

7

De Novo. It interferes with the state bond conditions and interferes with the state court process and makes a final decision over the state court process as if the state has no power when charging a criminal defendant to determine whether a crime was committed or whether the defendant was actually innocent under statute, constitution, or case law. The Hon. Judge Schroeder had ordered the Defendant to turn himself into a Federal Prison Institution or U.S. Marshals Service on December 6, 2019. This interferes with the state's constitutional due process of determining whether Brian is legally guilty or even legally innocent of his original charge. So if the jury decides, out how emotion, that Brian is guilty, Brian is deprived in his state case from being able to appeal the decision to a three-judge Circuit Court bench trial to determine whether or not Brian is legally innocent of indecent exposure for not being obscene (sexual). It drags out the state case for possibly more months or even years. It violates Defendant's right to a speedy trial. As long as the Defendant is released on bond and following all bond conditions as ordered by the Court (Document #176, and #176-3) without violation, he should be permitted under the Constitution and all of due process and under the right to a speedy trial, to be allowed to dispose of the charge after all appeals timely filed have been exhausted before the Final Revocation hearing to ensure that all due process rights have been preserved instead of deprived.

Another interesting proof of bias and prejudice, was that during the revocation hearing of June 30, 2015 (Document #123, Transcript), the Hon. Judge Schroeder had been on the side of U.S. Probation Officer Kristy L. Burton and her three caught perjury statements while testifying on the stand (Document #137, Document #144, and Document #145). That perjury by Kristy L. Burton is a fraud upon the court and should have been subject to extreme scrutiny for endangering the integrity and honesty of the Federal Judicial System by lying on the stand, and
8

getting away with it without being prosecuted. The Hon. Judge Schroeder never punished Kristy L. Burton for her perjury and had even instructed Brian's family to be respectful to Brian's Probation Officer. However even though Brian and his family have been respectful to Probation Officer Jason McMurray, Judge Schroeder had treated Jason differently and didn't endorse him the same way he had endorsed Kristy Burton the liar. So the Hon. Judge Schroeder is okay with people lying on the stand if it is in favor of the Government and against the Defendant, but when a Probation Officer testifies in favor of the Defense then Schroeder changes attitude and ignores the Probation Officer Jason McMurray and doesn't consider what he says in calculating Brian's imprisonment, and even makes the Probation Officer's life more difficult as the hard work of supervising Brian is thrown down the toilet by extending Brian's Supervised Release beyond 2024. The Hon. Judge Schroeder made his Probation Officer's life more difficult which is an attack on the Probation Office in favor of the U.S. Attorney. If that isn't also considered evidence of an inherit bias or prejudice or partiality towards the Defendant, than I don't know what is.

The Hon. Judge Schroeder rather make an error of law and overrule Defendant on every Government's objection or almost every Government's objection may show an inherit bias against the Defendant in favor of the Government. The job of a Judge is to resolve the disputes/conflicts between the parties, like a referee in a football game. It is not the job of a Judge to always rule in favor of one party or one football team over the other. That would make the average American person believe that the Federal Courts are rigged in favor of one party and do not represent the facts and the truth.

Maximum imprisonment was recommended by a specialist in the U.S. Probation Office in Greensboro (not Roanoke) who had never supervised Brian, does not

9

know Brian's story and does not fully know the circumstances of what had happened, and the recommendation was not by Brian's supervising Probation Officer Jason McMurray. The violation was of a technical nature and if actual legal innocence is the issue then attempting to revoke the Supervised Release of a Probationer who may be legally innocent of a new criminal charge may be in violation of the U.S. Constitution's Eighth Amendment as "cruel and unusual punishment" being inflicted because punishment is being inflicted on the actually innocent which is a miscarriage of justice. The Hon. Judge Schroeder recommended the maximum prison sentence and did not take anything into account in Defendant's favor, that itself is biased, partial, and/or prejudiced on its face. It is dangerous to a Constitutional Republic and makes it impossible for Defendant to file anything or ask for any hearings because they will likely all be in favor of the Government always. With such a Judge over all actions in this case, Defendant does not stand a chance at winning his 2255 Motion or any Motions, any bond hearings, or anything for that matter unless the Government gives mercy to Brian when the Government doesn't have to show mercy or compassion. The Hon. Judge Schroeder did not take Brian's good behavior into account, did not take Brian's following of the probation conditions (*with one minor infraction under Document #124 but a 2255 Motion had been filed under penalty of perjury alleging actual innocence, so that infraction should not count since forcing a Defendant to accept responsibility would conflict with the affidavit of Brian's claimed actual innocence*) since 2015. USPO Jason McMurray was being treated respectfully by Brian, Brian did attend the Sex Offender Treatment provider and did not lie to them. Brian told the Treatment Provider that he was working on proving his actual innocence which is his constitutional right under Writ of Habeas Corpus. Other than that small infraction for simply telling the truth, Brian had been complying with his conditions without issue for three years (*compliance is more*

*than three years when excluding the infraction, and Brian's compliance prior to the first violation alleged by Kristy L. Burton, Brian's compliance after being released on home detention*) and his Probation Officer had not run into any issues which would have caused intervention from the Court until that incident on September 21, 2018. All of the good time that USPO McMurray has supervised Brian was not counted, Brian's good behavior was not counted, the carbon monoxide evidence was not counted, Brian's interlocutory appeal was ignored and was filed after the hearing (*to trick the Fourth Circuit U.S. Court of Appeals into believing that appeal was not filed before the hearing on record*), and the testimony of the only two witnesses presented by Defendant's counsel was not counted. His bond conditions had required Brian to attend mental health counseling and medication to help manage his symptoms which would help keep his anxiety in check which would prevent Brian from going insane from all of the stress and anxiety coming from this case. Brian had been compliant with Piedmont Community Services condition of his bond, and all conditions of his bond including a strict curfew. That should have also been taken into consideration, but it wasn't by the Hon. Judge Schroeder. The only thing he had considered was jail credit, to make it appear that he was being reasonable and compliant with proper sentencing procedures.

There was also a weird issue that went on with Document #180 which attorney Renorda Pryor had also been a witness to. That document shall be attached to this motion as a true and correct copy of a Document that was filed under #180 that had a premeditated order from the Hon. Judge Schroeder condemning Brian to 10 months of imprisonment but did not extend his Supervised Release term.

This came from the court issued Document filed June 26, 2019, before it was modified and replaced with a new document:

11

Case 1:13-cr-00435-TDS   Document 195   Filed 09/30/19   Page 11 of 20

## "JUDGMENT AND COMMITMENT"
## "Supervised Release Violation Hearing"

"On August 9, 2019, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Order filed July 24, 2015 and the Judgment filed November 12, 2014 in the above-entitled case, copies of which are attached hereto and incorporated by reference into this Judgment and Commitment."

"The Defendant was represented by Renorda E. Pryor, Attorney."

"The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follow were willful and without lawful excuse."

"Violation 1. On September 21, 2018, the Defendant was arrested for the commission of a crime."

"IT IS ORDERED that the Defendant's supervised release be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. §§ 3553(a) and 3583(e)."

"IT IS ORDERED that the Defendant be committed to the custody of the Bureau of Prisons for imprisonment for a period of ten (10) months."

"IT IS FURTHER ORDERED that no additional term of supervision be imposed as to this Defendant."

"IT IS RECOMMENDED that the Defendant be permitted to participate in any available drug treatment program and be designated to a facility as close as possible to his home in North Carolina."

"The Defendant is remanded to the custody of the United States Marshal."

-- End of information copied from alleged premeditated order from the Hon. Judge Schroeder. --

Attorney Renorda Pryor had assumed that it was some kind of mistake or error, but Defendant had suspected that the Judge wanted Brian to be given the maximum imprisonment since his family had shown him this document. Defendant had suspected that the Judge had originally wanted Brian imprisoned before the hearing was to have begun, and that is a premeditated order that asserts a personal belief of guilt before a hearing has even begun. Personal bias or belief outside of the facts.

If this document was incorrectly filed, then it revealed what the Judge had wanted for Brian months prior to the Final Revocation hearing, or that document was leaked by a court employee, whistleblower or insider of Judge Schroeder's chamber who had decided to take a risk to leak the document to PACER to warn Brian or his family that they were coming for him and coming to imprison him before the hearing was even scheduled to begin. If this order was premeditated, then the Hon. Judge Schroeder was not going to listen to any evidence or witnesses but only to incarcerate and punish Brian for whatever personal reason or belief he so desires. That itself is delusional/conclusory thinking and warrants an investigation into this judge for non-compos mentis. When a fixed belief exists that Brian had violated the conditions of supervision based on a technical violation of state law when the matter of his legal innocence has not been resolved, and such

13

belief that he deserves maximum punishment no matter what evidence or witnesses is offered, it is delusional and is irresponsive to the facts and truth in this case.

Defendant asks that the Hon. Judge Schroeder voluntarily recuse himself entirely from the criminal case of Brian David Hill, the 2255 Motion case of Brian David Hill, and any other cases or actions that concern Brian David Hill. Defendant requests that the Judge recuse himself from this case and disqualify himself from this case.

WHEREFORE, Brian prays for relief that the Judge recuse himself from this criminal case and the Habeas Corpus civil case concerning his 2255 Motion.

WHEREFORE, Brian prays that a new Judge is assigned to this case, one that is not in conflict of interest and is impartial. Since Judge Osteen had voluntarily recused himself from this case, another Judge from the bench is recommended for assignment of this case and any other case filed by Defendant or a case that the Defendant is named in such case.

WHEREFORE, Brian prays that he receives any other relief that the Court deems as necessary and proper.

### Declaration of Brian David Hill on attached evidence

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. Attached hereto to this filing is a true and correct photocopy of the original Document #180, Filed 06/26/19, that is entitled as "JUDGMENT AND COMMITMENT" "Supervised Release Violation Hearing". It was filed in that document of the docket sheet until it was modified. "NOTICE OF HEARING as to BRIAN DAVID HILL. Final Hearing re Revocation of Supervised Release set for 8/9/2019 at 02:00 PM in Winston−Salem

14

Courtroom #2 before CHIEF JUDGE THOMAS D. SCHROEDER. (Engle, Anita) (Main Document 180 replaced on 6/27/2019) (Engle, Anita). (Entered: 06/26/2019)". So it was supposed to have been a NOTICE OF HEARING document but instead was a well drafted document concerning the Judgment and Commitment Order of Brian David Hill prior to the future hearing as if it was something that may have been planned/premeditated ahead of the planned revocation hearing. **Total of 2 pages.**

Total is 2 pages of attachment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2019.

Respectfully submitted,

*Brian D. Hill*
Signed
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

Respectfully filed with the Court, this the 25th day of September, 2019.

Respectfully submitted,

*Brian D. Hill*
*Signed*
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C. § 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

# CERTIFICATE OF SERVICE

Petitioner hereby certifies that on September 25, 2019, service was made by mailing the original of the foregoing:

"MOTION TO DISQUALIFY JUDGE -- MOTION AND BRIEF / MEMORANDUM OF LAW REQUESTING THE HONORABLE THOMAS D. SCHROEDER RECUSE HIMSELF FROM ANY FURTHER ACTIONS AND PROCEEDINGS IN THIS CASE"

by deposit in the United States Post Office, in an envelope (certified mail), Postage prepaid, on September 25, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CMIECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17-cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1:17-cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>September 24, 2019 | Respectfully submitted,<br><br>*Brian D. Hill*<br>Signed<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 1<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>**U.S.W.G.O.**<br><br>I stand with QANON/Donald-Trump – Drain the Swamp<br>I ask Qanon and Donald John Trump for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|

I ask Department of Defense ("DOD") military Constitutional oath keepers, alliance, Qanon for help in protecting me from corruption and criminal behavior of Government.

Certified Mail tracking no: 7017-2680-0000-5750-9153

*Qanon, Any good Government left, please investigate, help me!!!*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:13CR435-1 |
| ) | |
| BRIAN DAVID HILL ) | |

**JUDGMENT AND COMMITMENT**
**Supervised Release Violation Hearing**

On August 9, 2019, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Order filed July 24, 2015 and the Judgment filed November 12, 2014 in the above-entitled case, copies of which are attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Renorda E. Pryor, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follow were willful and without lawful excuse.

Violation 1.   On September 21, 2018, the Defendant was arrested for the commission of a crime.

**IT IS ORDERED** that the Defendant's supervised release be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. §§ 3553(a) and 3583(e).

**IT IS ORDERED** that the Defendant be committed to the custody

of the Bureau of Prisons for imprisonment for a period of ten (10) months.

**IT IS FURTHER ORDERED** that no additional term of supervision be imposed as to this Defendant.

**IT IS RECOMMENDED** that the Defendant be permitted to participate in any available drug treatment program and be designated to a facility as close as possible to his home in North Carolina.

The Defendant is remanded to the custody of the United States Marshal.

_____
United States District Judge

_____ \_\_\_\_\_, 2019.