IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:13CR435-1
)
BRIAN DAVID HILL )

**ORDER**

On September 12, 2019, after a continuance from August 9, 2019, at Defendant's request, Defendant Brian David Hill appeared for a hearing with appointed counsel, Attorney Renorda E. Pryor, Esquire, on a charge that he had violated the terms and conditions of supervised release. The Defendant was caught by law enforcement exposing himself in public throughout his hometown in Martinsville, Virginia, in the early morning hours of September 21, 2018, proof of which was provided by officer testimony as well as photographs the Defendant took of himself on his camera. The Defendant was convicted in state court in Virginia in 2018, and his federal revocation proceeding followed.

After the hearing, but prior to the entry of the judgment and commitment, the Defendant filed *pro se* motions to stay the judgment pending appeal (Doc. 192) and to disqualify the judge (Doc. 195) which were received in the Clerk's Office September 18, 2019, and September 30, 2019, respectively. Defense counsel has not joined in or adopted Defendant's motions. Defense counsel has not moved to withdraw from the case, and Defendant has not requested to proceed *pro se*. The Defendant has a history of filing multiple

*pro se* motions,[1] and he was warned previously by two of his lawyers not to file *pro se* motions while represented by counsel unless it was on a proper basis. (Doc. 123 at 47, 73, 80-81.) This court also warned him. (Id. at 80-81.)

A defendant does not have a right to be represented by counsel and, at the same time, proceed *pro se* as to selected matters. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("Faretta does not require a trial judge to permit 'hybrid' representation of the type Wiggins was actually allowed."). A defendant also does not have the right to consideration of *pro se* motions while being represented simultaneously by counsel. See United States v. White, No. 7:08-CR-00054, 2010 WL 1462180 (W.D. Va. Apr. 12, 2010). As the court in White stated:

> Although there is a paucity of Fourth Circuit precedent directly addressing this issue, every Circuit Court of Appeals to have considered the phenomenon of a *pro se* motion filed by a represented party has determined that a court does not have to accept or entertain these motions. See United States v. Whitelaw, 580 F.3d 256, 259 (5th Cir. 2009) (holding that the district court's refusal to consider a *pro se* motion by represented party was proper); United States v. D'Amario, 328 Fed. Appx. 763, 764 (3d Cir. 2009) (unpublished) ("A district court is not obligated to consider *pro se* motions by represented litigants."); Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."); United States v. Gwiazdzinski, 141 F.3d 784,

---

[1] His counsel has previously refused to adopt his multiple *pro se* filings pending at the time of his prior revocation proceeding on a prior petition. (Doc. 123 at 72.)

2

787 (7th Cir. 1998) ("A defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) (holding that district court did not err in "refusing to consider Tracy's unsigned, *pro se* motions"); United States v. Guadalupe, 979 F.2d 790, 795 (10th Cir. 1992) ("Because he is represented by thoroughly competent counsel, his [*pro se*] motion is out of order and DENIED.").

Id. at *1. For these reasons, the consideration of *pro se* motions by represented parties would likely result in confusion, vitiate the advantages of having appointed counsel who are trained in the law, and needlessly magnify already crowded dockets. See id. at *2.

To be sure, there are *pro se* motions by a counseled defendant that merit this court's consideration, such as a motion to relieve counsel and proceed *pro se.* See Faretta v. California, 422 U.S. 806 (1975). But Defendant's motions do not invoke those or any similar considerations. His *pro se* motions will therefore be denied as procedurally improper.

Given the allegations of the Defendant's request for recusal, it is appropriate for the court to provide the following.

Hill moves for disqualification under 28 U.S.C. § 455(a) and (b)(1). (Doc. 195 at 6.) At the outset, it is noteworthy that the Defendant made similar attacks on his previous judge, Judge William L. Osteen, Jr., resulting in the case being re-assigned to the undersigned. (Doc. 95 (charging that Judge Osteen is "biased,"

3

"ranted," and refused to "accept the defendant's legal innocence" and seeking recusal of the judge and reassignment of the case).)

Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The critical question presented by this statute is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). A judge "need not recuse himself because of 'unsupported, irrational, or highly tenuous speculation.'" Assa'ad-Faltas v. Carter, No: 1:14-CV-678, 2014 WL 5361342, *2 (M.D.N.C. Oct. 21, 2014) (quoting DeTemple, 162 F.3d at 287). Section 455(a) employs an objective standard, which asks "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." DeTemple, 162 F.3d at 286-87 (internal quotation marks and citations omitted). But at the same time, a hypothetical observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." Id. Finally, to disqualify a judge, "the probability that [the judge] will decide a case on the basis other than the merits must be more than trivial." Id.

Section 455(b)(1) requires a judge to disqualify himself

4

"[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings." Bias or prejudice must be proven by compelling evidence. Bardes v. US Courts, No: 1:17-CV-00089-MR-DLH, 2017 WL 3402080, *3 (W.D.N.C. Aug 8, 2017) (citing Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000)). Beyond that, the movant must show that the bias or prejudice is "extrajudicial or personal in nature, and which results in an opinion based on something other than what was learned from the judge's participation in the case." Id. (citing Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995)); see also Belue v. Leventhal, 640 F.3d 567, 572-73 (4th Cir. 2011) ("Put differently, the bias or prejudice must result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case.") (internal quotation marks and citations omitted).

The Defendant points, among other things, to an error made by the Clerk's Office in this case. Apparently a deputy clerk, when filing the August 9, 2019 notice of hearing (Doc. 180), inadvertently filed a draft of a judgment which she had begun to prepare in anticipation of the court's hearing, incorporating the single violation alleged in the petition seeking revocation. The undersigned did not instruct the deputy clerk to prepare any such draft and had no knowledge the draft had been prepared or inadvertently filed until the Defendant's present motion (well after

5

the hearing on his revocation). Nor did the undersigned make any determination at any time before pronouncing sentence what the disposition and/or sentence in this case would be. It appears that the deputy clerk's mistake was corrected within 24 hours when it was noted by the clerk's office, and the draft judgment was removed from CM/ECF. Not only was the court unaware of the error, more importantly the filing had no influence on the court's independent determination it made based on the evidence presented at the revocation hearing. The Defendant's contention that the court pre-determined the case is false.[2]

Moreover, there is no evidence of any bias or prejudice against the Defendant, nor is there any. The court has been very patient and tolerant of the Defendant's conduct in this case, including his many frivolous filings.[3] In point of fact, at a prior revocation proceeding, where the undersigned found the Defendant to have been insolent and aggressive toward his probation officer (calling her an "asshole" and acting in a violent way she reasonably felt threatening),[4] and after an image of child pornography had been

---

[2] Indeed, the draft judgment reflects a prison term the clerk reports she had arbitrarily carried over from a judgment in another case, which she used as a template. The term is not within the guideline range for this case, and the court's actual sentence was less than the sentence the clerk reports she had arbitrarily left in the incomplete judgment draft.

[3] Defendant's counsel suggested that the Defendant files his volume of documents with the court to help him "reduce[] his anxiety." (Doc. 123 at 17-18.)

[4] The probation officer testified to awareness of an incident when the

6

found on a pre-purchased cell phone he was using,[5] the court nevertheless declined to revoke him. Instead, in deference to the Defendant's autism (Doc. 123 at 68 ("this all seems to result largely from the Defendant's autism, and so that's a key factor that I am going to take into account"), at 69 ("Now, I give heavy weight to the fact that he's autistic and that he is going to have difficulty controlling some of this."); at 83 ("I understand Mr. Hill's issues with autism.") and in light of the fact that he had been in custody for approximately 30 days, the court continued the Defendant on supervision, modified his conditions of supervision to include six months of home incarceration with GPS monitoring, and added a condition for more counselling.[6] (Doc. 122; Doc. 123 at 80-81.) For these reasons, therefore,

IT IS ORDERED that the Defendant's *pro se* motion to stay the judgment pending appeal (Doc. 192) is DENIED WITHOUT PREJUDICE, and his motion for recusal (Doc. 195) IS DENIED.

---

Defendant reportedly hit his grandfather. (Doc. 123 at 22-23, 48.)

[5] The Defendant maintained that the child pornography was sent to his cell phone unsolicited and anonymously, which seems unlikely in so far as the cell phone is a prepaid phone belonging to his grandmother (Doc. 123 at 6, 35) and no one would likely have knowledge of the phone number.

[6] A continuing frustration the probation officer reported was that the Defendant "doesn't think he has to comply with the conditions" of his release, even though he pleaded guilty to the underlying conviction. (Doc. 123 at 34-35.) The court has also acknowledged that despite the Defendant's autism, he has demonstrated a significant intellectual understanding. E.g., id. at 69 ("I also am concerned that he seems to be highly intelligent in some areas, including the use of computers and electronic devices.").

7

/s/   Thomas D. Schroeder
                                        United States District Judge
October 4, 2019