

In the United States District Court
For the Middle District of North Carolina

| | |
|---|---|
| Brian David Hill, Petitioner/Defendant | ) ) ) ) |
| v. | ) ) |
| United States of America, Respondent/Plaintiff | ) ) ) ) ) ) |

Criminal Action No. 1:13-CR-435-1

Civil Action No. 1:17-CV-1036

## MOTION FOR SANCTIONS AND TO VACATE JUDGMENT IN PLAINTIFF'S/RESPONDENT'S FAVOR

## MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF REQUESTING THE HONORABLE COURT IN THIS CASE VACATE FRAUDULENT BEGOTTEN JUDGMENT OR JUDGMENTS

NOTICE: Due to the Motion to "Disqualify/Recuse Judge — Document #195" in regards to the Hon. Judge Thomas D. Schroeder, this motion should not be decided by that Judge but should be tried by another Judge of the bench. Due to the facts and allegations inside of this motion, it would be a conflict of interest for Judge Schroeder to render any decision on this motion.

Pursuant to the inherit power or implied power of the U.S. District Court (Courts § 18 - inherent or implied powers, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), Courts § 225.1; Equity § 47 - power to vacate fraudulent judgment) (See **Supplement 1**, document printed from LexisNexis law library while at FCI-1 Butner in 2019), the Defendant/Petitioner Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant"), proceeding Pro Se in this action, respectfully requests that the Honorable U.S. District Court vacate a fraudulently begotten judgment, the Document #122, filed: July 24, 2015, and the oral judgment on June

1

30, 2015 finding the Defendant/Petitioner in violation of Supervised Release conditions. On the basis of fraud upon the court, such judgment should be vacated.

The U.S. Probation Office in Greensboro (the petitioner for revocation) and through the United States Attorney Office for the Middle District of North Carolina had petitioned for revocation back in 2015 on a fraudulent basis and that such a basis had lacked merit.

Because the Hon. Judge Schroeder had used this June 30, 2015 fraudulently begotten judgment of violation in calculating a worse punishment of the Defendant/Petitioner in a future revocation hearing, Defendant/Petitioner can no longer stand by and allow the fraudulent begotten judgment of Document #122 and is requesting that the fraud be addressed, vacated as a matter of right of the Court through its inherit powers, and punish those who had engaged in the fraud against the Court and sanction them for the fraud or frauds against Defendant/Petitioner.

Defendant/Petitioner would like to request sanctions against the Government/Respondent/Plaintiff counsel Assistant U.S. Attorney ("AUSA") Anand Prakash Ramaswamy at the Greensboro NC Office, Lisa P. Palombo (deputy Chief U.S. Probation Officer), and Edward R. Cameron (Supervisory U.S. Probation Officer). The sanctions are on the basis of the fraud upon the court. The fraud is the perjury of U.S. Probation Officer ("USPO") Kristy L. Burton ("Burton") while testifying on the stand at the final revocation hearing of June 30, 2015 (See Transcript under Document #123). Also the false statements of USPO Burton that ended up as statements carried under penalty of perjury as stated in the Petition for revocation under Order for Warrant — Document #88, pushed by Edward R. Cameron.

2

## FACTS THAT REPRESENT THAT THE JUDGMENT ENTERED ON JUNE 30, 2019, AND THE WRITTEN JUDGMENT OF DOCUMENT #122 WAS BASED UPON A FRAUD UPON THE COURT BY BOTH THE U.S. PROBATION OFFICE AND THE UNITED STATES ATTORNEY

There is no basis to support the fact of judgment that "*Defendant did make threatening gestures toward the probation officer, Ms. Burton.*".

First of all, Defendant/Petitioner had apologized for having an autistic meltdown. Any behavioral expert would disagree with this analysis that an autistic meltdown is the same as making a willful and knowing threatening gesture and is incorrect. (See **Exhibit 1**, a report sourced from The Missouri Department of Mental Health).

This judgment criminalizes Autism Spectrum Disorder ("autism") and treats an autistic behavior the same as a willful criminal behavior of a person who does not exhibit any neurological or mental defect. Brian's autism is a neurological disorder, an impairment of the brain. See **Exhibit 2**, "Autism Spectrum Disorder Fact Sheet"; Prepared by: Office of Communications and Public Liaison, National Institute of Neurological Disorders and Stroke, National Institutes of Health in Bethesda, MD 20892.

From the record of that hearing on Page 26 of the transcript (Document #123) counsel Renorda Pryor's cross examination of witness Kristy L. Burton stated that "*he suffers from autism -- he has Autism Spectrum Disorder, and that there is difficulty -- he has difficulty understanding other people in social interactions which interferes with his ability to establish and maintain relationships. "Some individuals with Autism Spectrum Disorders have histories of aggressive behavior, particularly in situations where they are <u>emotionally overwhelmed, feel threatened, or do not have the language and social skills to respond more appropriately</u>.""*

USPO Burton's response was "*I read that statement, yes, but I don't feel that that's a guideline as to how to deal with it*."

So the real truth of the matter was that USPO Burton was not trained in how to deal with behaviors in Autism Spectrum Disorder, assuming that she is not lying over that matter. She did not understand how Autism works and clearly did not know how to properly supervise a criminal Defendant with Autism. This clearly shows incompetence and possibly unethical misconduct and a deficiency in the federal judicial system and its agencies. The need for judges and probation officers to criminalize and punish those with autism and throwing those with Autism into federal prisons without an understanding of how Autism works and what it is about. Congress may need to mandate Autism training for Federal Probation Officers and Federal Judges, or USPO Burton was making excuses for her incompetence by insisting on violating and punishing Petitioner/Defendant for a medical condition that he cannot help but having since his childhood.

Searching up the keywords "threat" or "threatening" inside of the Transcript ordered by family, Defendant/Petitioner cannot find that USPO Burton ever acknowledged orally or in writing of allegedly being threatened.

Defendant/Petitioner did not threaten to harm or kill USPO Burton. He was having a meltdown which would calm down once it normally ran its course. The meltdowns can be partially caused by overwhelming stress/anxiety caused from the wrongful conviction of Brian David Hill and being deprived of justice by the corrupt United States Attorney office who has been resisting Brian's effort to proving his actual innocence since he was originally charged. They violated Rule 3.8 and yet they never got in trouble and never faced consequences for their

4

corrupt actions because of the CORRUPTION of the United States Department of Justice (Justice Department, DOJ).

The frauds upon the court are simple, there was no mentioning of a "threat" or "threatening gesture" against USPO Kristy L. Burton from Danville, Virginia, except by the Hon. Judge Schroeder. That was an assumption and a conclusory allegation against Brian by the Chief Judge Thomas D. Schroeder, and is not grounded in fact. The fact that after Brian's meltdown, he did apologize to his Probation Officer and at least followed through with her conditions also proved there was no intent under "mens rea" to threaten the USPO Burton over an autistic meltdown caused by a neurological disorder. The "threat" fact cannot be established without any testimony or clear and convincing evidence proving such. An autistic meltdown is not evidence of an intentional threat.

Because the original judge had jumped to conclusions of a baseless claim of a "threatening gesture" over Brian's autism, it is not grounded in fact and is a fraud upon the court. Has no basis in fact. It is an incorrect assumption.

**Transcript cited from Page 30 of 84, Document #123:**

Q Did you -- okay. I just want to make sure I understand
why you feel that he failed to follow your instruction. I
believe that you also said that you were in fear of your life
on that day?
A I felt unsafe.
Q You felt unsafe. Did he throw something at you?
A He did not throw anything at me, no.
Q Did he jump towards you?
A No.
Q Did he stand up and maybe, you know, bolt toward you and
do anything that could have been aggressive to make you feel
that he was going strike you in any kind of way?
A He did not come towards me, no.

5

Q Okay. And you're saying that you felt unsafe or -- unsafe
that day because he called you a jerk?
A No, that's not what I am saying.

If her life was really in danger at all, she would have called the police instead of walking away. She blew his autistic meltdown out of proportion and exaggerated the situation in her benefit to protect herself from having to have been found to being incompetent and not able to do her job properly without the training needed to handle an autistic client. As for example, USPO Jason McMurray handles Brian's autism and other disabilities differently than with Kristy Burton, and tries to work with Brian and his family in making sure that he understands the compliance with Supervised Release conditions. Jason McMurray had been treated with respect and there had been no issues other than the infraction over the matter of Brian's actual innocence statements to the treatment provider and the technical state law violation that is still in the appeal process. USPO McMurray conducts his supervision in a respectful, understanding, and compassionate manner.

The perjury of Kristy L. Burton, especially when it was three times, shows that the witness may not have even been credible. It establishes that if two or three lies can be told under oath, then what truths did Kristy L. Burton tell the court? Was there any merit at all for the revocation hearing to even come to a judgment of violation at all?

Read Declaration — Document #137, Memorandum — Document #145 (refer to all issues involving Kristy L. Burton perjury), and Document #145-1, Filed 03/07/18 Pages 32 to 76.

The fact that USPO Burton would openly make false claims on the stand during the hearing on June 30, 2015, is clearly an example of fraud upon the court. The

6

only witness of AUSA Anand Prakash Ramaswamy had gone and lied multiple times under oath. Yet she would lie enough to be taken on the record as a credible witness when she clearly demonstrated that she was incompetent and had felt or acted childish and had felt disrespected by Brian's words of "jerk" and "asshole" and may had decided to make up that she had felt unsafe, and then the judge had been deceived to believe that Brian had made threatening gestures towards his Probation Officer. That is not true and needs to be corrected on the record, respectfully.

There is a difference between a regular Probationer making threatening gestures towards an officer out of a disagreement and a Probationer that has had an autistic meltdown out of fear and anxiety. A panic attack is not threatening a Probation Officer? Being given immediate demands and then the Probationer with autism being subject to quick radical change causing him to sit on the chair and have a meltdown is not any intent to threaten the Probation Officer. It is entirely not factual at all to make assumptions about the "threatening gesture" conduct when autistic people are known not to socialize properly in society and may not make the appropriate gestures. There is intent when being accused of a crime or misconduct. Brian had no intent to threaten USPO Burton, and Brian has long-term or permanent medical conditions that exacerbate these issues. There is no reason at all to find that Brian was in any way, shape, or form, threatened his Probation Officer and is a fraud upon the court by the Government and its witness Kristy L. Burton.

When witnesses lie on the stand multiple times, they have no credibility in a court of law. In-fact the Defendant/Petitioner has the right to argue to this Court that the Government's entire position may lack merit "[r]egardless of the relevance of these [fraudulent] materials to the substantive legal issue in the case," this is enough to

7

"completely taint [the party's] entire litigation strategy from the date on which the abuse actually began").

"*if you catch the other side engaged in falsification, you can use it to argue that its entire position lacks merit.*"

See **Supplement 2**, "Responding to Falsification of Evidence" By Jonathan K. Tycko.

The facts is that Kristy L. Burton was behaving childishly and was incompetent, and she had attempted to cover up her incompetence by lying on the stand and lying as to the real reason why Brian had an autistic meltdown.

The "Petition for Warrant or Summons for Offender under Supervision" Document #88 had fraudulently asserted that the entire issue of what led to Brian supposedly becoming unhinged was over the Clerk's office directing him to cease texting the court officials and that he did not comply, and that when USPO Burton supposedly lectured Brian about ceasing that behavior he became visibly upset. All of that was a distortion of the facts of what had really happened. Brian was upset because he was told that he could not text his lawyer or anybody, and this was demanded without a court order stating that Brian was not allowed to text message. Communication is important to somebody with Autism Spectrum Disorder because they already have a deficiency in being able to socialize properly. What USPO Burton had attempted to do is similar to throwing a prisoner in solitary confinement, the same conditions of being excommunicated from the flock, excommunicated and separated from society. To tell somebody not to text message anybody anymore all for making the mistake of wrongfully texting the court, is a form of cruel and unusual punishment to somebody with Autism. Imagine you make a little mistake and you're thrown in solitary confinement and not be able to

8

socialize with others, some are driven insane, some eat feces/poo-poo and smear it all over the walls, some strip naked and yell or act crazy. It is like telling a mentally deficient person that he will not be allowed to socialize with anybody anymore and be treated the same as solitary confinement with the sole purpose of blocking the person from communication with others in society. The opposite of rehabilitation.

The purpose of the U.S. Probation Act of 1925, was meant to be rehabilitative to those released from prison. The purpose was to ensure that people live productive and good social lives, a life away from crime. USPO Burton was ordering that an already mentally deficient autistic person be further barred from the world of communication without setting a new condition and without allowing Brian to have a lawyer present to challenge such order, and then when USPO Burton demanded that Brian not be allowed to even text his lawyer, that could be construed as interfering with Brian's legal and constitutional right to effective assistance of counsel in the Sixth Amendment of the U.S. Constitution further adding constitutional deprivations to what Brian had already suffered throughout this case under severe structural defects of a Constitutional nature. The original law on Federal Probation should not be twisted and misinterpreted to become a prison without bars, a cheaper way to imprison somebody while calling it "Supervised Release" or "Probation" but is really a tool to instill control and fear upon the Probationer, fear that any little issue or screw-up can lead to a severe prison sentence or repercussions. Some may be deserved and some may not. Depends on circumstances and facts.

Brian did try to comply despite his Autistic meltdown. There is no intent to threaten his Probation Officer back in 2015, and she clearly lied to cover up her incompetency. She was clearly not equipped to handle Autistic behaviors and she

should have petitioned her boss to have a new Probation Officer assigned to Brian's case to supervise him (like Jason McMurray who has been supervising Brian without any personal issues for years, no conflicts of interest). Whatever her issue was, she clearly should not have lied three times under oath. That is perjury in violation of 18 U.S. Code § 1621. She was never arrested and indicted for her proven perjury. That problem comes from AUSA Anand Prakash Ramaswamy who was warned of her perjury and yet did nothing about it. He was warned a second time about her proven perjury and his response was filing a motion for pre-filing injunction to shut Brian up and aid to bar him from proving his innocence, another form of attempted excommunication or blockade from being able to express any legal issues or concerns involving the case while U.S. Probation Office in the future can try attempting to revoke his Supervised Release over and over again on any little allegation of "non-compliance".

Another fraud upon the court was that Document #88 stated and I quote that "*USPO Burton and Mr. Hill continued to discuss his issue with sending documents to the Court*". That never even happened. Brian, Roberta Hill, Stella Forinash, and Kenneth Forinash all knew that the issue had nothing to do with the issue of "*sending documents to the court*" which is his legal right when filing them properly through the postal service or hand delivery. The claims made under Document #88 had false statements and that itself is a fraud upon the court.

The fraud upon the court by the U.S. Probation Office is the statement in Document #88 giving the Court the impression that Brian was barred from any means of being allowed to file which would include but not limited to mailing documents to the Court and did not comply. That is a load of garbage and is a fraud upon the court.

10

Document #88: "*According to information provided by USPO Burton, on April 28, 2015, she visited Mr. Hill's residence to address his sending numerous documents to the Court to be filed in his case. The U.S. District Court Clerk's Office had directed Mr. Hill to cease this behavior, however, he had not complied. When USPO Burton attempted to address this issue with Mr. Hill, he became visibly upset. He began wringing his hands together and shaking his head. After USPO Burton instructed Mr. Hill to stop sending documents to the Court, he hit a plate off of a table beside a couch sending it to the floor*."

That is a distortion of the facts and differs from the facts on the record.

See Letter — Document #78: "Letter to BRIAN DAVID HILL regarding proper filing of court documents. (Daniel, J) (Entered: 04/24/2015)"

Stated on record that "*Please be advised that pursuant to the Court's Administrative and Policies Procedures, litigants not represented by counsel for a particular matter shall file pleadings on paper. In the future, please submit any documents you wish to have filed via hand delivery or by the U.S. Postal mail addressed to the Clerk of Court at 324 West Market Street, Greensboro, North Carolina 27401-2544*."

"*After USPO Burton instructed Mr. Hill to stop sending documents to the Court, he hit a plate off of a table beside a couch sending it to the floor*."

That statement is another fraud upon the court. The truth was brought out that it was over the issue of text messaging then Kristy L. Burton knew she had gone too far and covered up her original instruction that she verbally ordered Brian David Hill not to text message his lawyer, not to text message his friends or family, and that he couldn't text message anybody. This fraud upon the court is perjury and all

perjury statements by both Kristy L. Burton and her mirrored perjury to Edward R. Cameron who submitted the "Petition for Warrant" with false information and twisting the story to hide her incompetence, all of them need to face a reprimand for violation of United States criminal code.

That very letter from the Clerk's office had stated that Brian David Hill can still send documents to the court as long as it is properly filed by mailing or hand delivery. Document #88 made it sound as though Brian was getting upset with USPO Kristy L. Burton because she and the Clerk directed Brian not to file any documents at all with the Court (without a restriction order on filing, no filing injunctions at the time). That is the opposite of the facts in this case.

In fact Supervisory U.S. Probation Officer Edward R. Cameron was faxed one or more documents concerning the lies of Kristy L. Burton but were ignored. Edward Cameron was okay with lies and fraudulent information being typed up in government documents for the record at the U.S. Probation Office in Greensboro, NC. That may also violate the Obstruction of Justice federal law. At the Court's request, Brian is ready to expand the record by showing the extrinsic evidence of the fact that Edward Cameron was okay with the fraud upon the Court and okay with the perjury. That in itself is extrinsic evidence that Edward R. Cameron was informed of the fraud upon the court and permitted it. He should be held accountable too for this blatant abuse of supervisory power.

Even Renorda Pryor had conclusively by circumstance jumped on the fraud upon the court and went along with it by stating *"The only -- I think the only issue, as you heard on the stand from his mom, is that I explained to him he can't send any more letters to the Court, that he needs to use his attorney on that basis"*

12

That is a lie too that Attorney Renorda Pryor had reiterated. She basically went along with depriving Brian of his due process rights. Only a private attorney or Pro Se filer is able to file a 2255 Motion. If a private attorney does not want to file a 2255 Motion without charging a pile of money, then Brian's only option was filing Pro Se such as Document #125 and Document #128.

However Renorda also brought up truths that had needed to be reiterated, such as "*And when he did have the opportunity to calm down, he understood -- not only did he write it to the Court to apologize to Officer Burton, he also apologized to her by fax, I believe, as well as by phone.*"

That shows that Brian's autistic meltdown was not intentional but was a behavioral meltdown that is difficult to control once an emotional meltdown begins. Kristy L. Burton never said Brian made "threatening gestures" towards her. Brian stayed on the chair the whole time. Brian apologizing shows no intent of threat and no intent on non-compliance.

Another issue was that "*he missed one only because of transportation matters, but he's made every appointment.*" So Brian had a lawful excuse why he had missed an appointment at Piedmont Community Services.

It is erroneous that Judge Shroeder stated that "*I am going to find that the Defendant did make threatening gestures toward the probation officer, Ms. Burton. Now, there may be reasons that explain all of this, but the probation officers have to be able to meet with their clients, with the defendants, and be able to enforce the conditions of supervised release*". Brian apologizing after having an autistic behavioral meltdown should have been sufficient for USPO Burton to continue visiting Brian. If she did not want to handle supervising somebody with autism,

then she should have requested that another supervising officer conduct supervision of Brian Hill. Jason McMurray has had no issues with Brian telling his sex offender treatment provider that he is innocent and was wrongfully convicted due to ineffective counsel. Brian has every constitutional right to prove his actual innocence and should not be punished by the court for that. USPO Jason McMurray has handled the supervision a whole lot better than Kristy L. Burton. Her attitude and lies makes it quite clear that she disliked Brian and wanted to make his life a living hell to make an example out of him. USPO McMurray does not try to make Brian's life a living hell and enforces only the conditions he is required to enforce but respects Brian's right and ability to file a 2255 Motion and asking the Court to acknowledge his actual innocence. It is clear that Kristy L. Burton was incompetent and had made errors on her profession, unprofessional errors and misconduct, and that should have been noted on the record in this case.

Judge Schroeder's comment on "*Ms. Burton is credible*" is a fraud upon the court. Her multiple false statements on the stand under oath should subject Schroeder's factual finding that "*Ms. Burton is credible*" to collateral attack on the basis that she was not a credible witness, was incompetent and had attempted to hide her unprofessional misconduct by telling lies. That is not a correct statement of fact.

Judge Schroeder also put another controversial statement stating that "*I am not going to tolerate that kind of conduct. The probation officers don't deserve to be treated like that, and they can't work with the defendants who treat them like that.*"

Judge Schroeder didn't make that kind of comment on the September 12, 2019 final revocation hearing. Once the transcript comes out, it proves that U.S. Probation Officer Jason McMurray from Roanoke, Virginia wasn't given the same respect as with Kristy L. Burton. Judge Schroeder makes assumptions and gives

14

respect to those who testify against Brian and in favor of the Government. All totally one-sided. These issues of fraud, error, and assumptions, is exactly why Brian had filed the motion to "Disqualify/Recuse Judge — Document #195". It is clear that respect is shown to one officer over another. Assumptions were made and asserted as factual findings. It is an error of law. Kristy L. Burton was treated more respectfully by Judge Thomas D. Schroeder than Jason McMurray.

Judge Schroeder again asserts another false fact by stating "*Now, I credit Ms. Burton <u>when she says she felt threatened enough</u> that she was going to leave.*" She never said she had felt threatened and the words "threat" searched on the Transcript only reveals that Renorda Pryor had argued that Brian had felt threatened.

Page 26, Document #123: "*Some individuals with Autism Spectrum Disorders have histories of aggressive behavior, particularly in situations where they are <u>emotionally overwhelmed, feel threatened</u>, or <u>do not have the language and social skills to respond more appropriately</u>.*"

So the "threat conduct" was that if Brian was feeling "threatened" or emotionally overwhelmed (stressed, anxiety, thoughts of suicide) then it can trigger a meltdown or even self-harm. Kristy L. Burton never said she had felt threatened, never stated that Brian had threatened her. It is an error and a fraud upon the court. It is an error of the record regarding the facts in this case.

"*Okay. And based on your reading of the PSR, did you notice that it also stated that any time that there is an <u>emotionally overwhelming situation or when Mr. Hill has felt --feel any threat -- threatened or anything like that</u>, that he does tend to*

*have some aggressive behavior and not only him, but others in his type of -- that has the type of autism that he has also also has those type of things as well?"*

Again the only "feeling" of being "threatened" is in regards to Brian David Hill and not uttered by Kristy L. Burton and is not in regards to Kristy L. Burton.

Making facts based on raw assumptions instead of affidavits, testimony, expert witnesses, and other tangible credible evidence is in itself is false facts perpetuated on court record and is a fraud upon the court.

## ANALYSIS OF THE CASE LAW INVOLVING FRAUD UPON THE COURT

Various specific types of falsification violate federal criminal laws. See, e.g., 18 U.S.C. § 1621 (perjury punishable by up to five years' imprisonment); 18 U.S. Code § 1622 (subornation of perjury punishable up to five years' imprisonment); 18 U.S.C. § 1519 (knowing falsification or destruction of documents or other tangible objects punishable by up to 20 years' imprisonment); 18 U.S.C. § 1520 (destruction of certain corporate audit records punishable by up to 10 years of imprisonment). And knowing destruction or falsification of documents in an attempt to influence the outcome of a judicial proceeding also violates the general "obstruction of justice" law. 18 U.S.C. § 1503. See, e.g., U.S. v. Craft, 105 F.3d 1123, 1128 (6th Cir. 1997) ("Acts that distort the evidence to be presented or otherwise impede the administration of justice are violations of 18 U.S.C. § 1503. The act of altering or fabricating documents used or to be used in a judicial proceeding would fall within the obstruction of justice statute if the intent is to deceive the court."). All states have similar laws.

Citing: 501 U.S. 32, 44 (1991), G. RUSSELL CHAMBERS vs. NASCO, INC., 501 US 32, 115 L Ed 2d 27, 111 S Ct 2123, reh den 501 US 1269, 115 L Ed 2d, 1097, 112 S Ct 12, [No. 90-256], Argued February 27, 1991., Decided June 6, 1991.

"501 U.S. at 56–57; see also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43(D.C. 1986) (once a party embarks on a "pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the substantive legal issue in the case," this is enough to "completely taint [the party's] entire litigation strategy from the date on which the abuse actually began")."

The perjury of Kristy L. Burton and the subornation of perjury by Anand Prakash Ramaswamy shows that they are willing to deceive the Court in an attempt to punish and revoke the Supervised Release of Defendant/Petitioner and be able to use that violation as leverage to push for the maximum imprisonment if the Defendant/Petitioner is ever accused of another violation of Supervised Release condition. AUSA Ramaswamy is willing to do whatever it takes to win every case, whether it is by persuading every criminal defendant to accept a plea agreement and accepting the basis of questionable evidence submitted to the Grand Jury, or even by twisting the facts and/or distorting the truth and/or outright lying. He continues to ignore N.C. State Bar Rule 3.8.

There is no established fact that Brian's autistic meltdown can be construed as to being a willful and intent of a threatening gesture against Brian's Probation Officer when the truth is that Kristy L. Burton had perjured herself to protect herself from appearing incompetent and ignorant in any kind of training to be able to deal with an autistic probationer. It is not Brian's fault, but it is the Probation Officer's fault for lack of training on Autism, Congresses lack of legal statutory authority to

mandate that the U.S. Probation Office receive autism training, and the lack of the Government's ability to understand Autism to the extent where situations can be handled better or differently. It is not Brian who failed the Probation Office back in 2015, but the Probation Office who had failed Brian.

The Court has the authority to reverse the judgments that are based upon frauds upon the court. Fact frauds, testimony frauds (perjury, lying, false statements) and document frauds such as submitting any official government or court documents with false information. It must be corrected to protect the integrity of the judiciary.

See Breezevale Ltd. v. Dickinson, 879 A.2d 957, 964 (D.C. 2005)(affirming sanction of dismissal where top executives of plaintiff company engaged in scheme to forge documents and subsequently denied the forgery in pleadings and sworn testimony); Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1263 (D.C. 1986)(affirming sanction of dismissal where plaintiff, inter alia, destroyed audiotapes and made false statements to the court "that no responsive documents could be found" in order "to deceive the court, and to improperly influence the court in its decision on the defendants' motions to compel, with the ultimate aim of preventing the judicial process from operating in an impartial fashion"); Cox v. Burke, 706 So. 2d 43 (Fla. Dist. Ct. App. 1998) (affirming sanction of dismissal where plaintiff gave false answers to interrogatories and deceptive deposition testimony); Pope v. Fed. Express Corp., 974 F.2d982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir.1989) (affirming dismissal where plaintiff concocted a single document); Tramel v. Bass, 672 So. 2d 78, 82 (Fla. Dist. Ct. App.1996) (affirming default judgment against defendant who excised damaging six-second portion of videotape before producing it during discovery).

A court also may impose additional monetary sanctions—in the form of fines or punitive damages—above and beyond the specific amount of the innocent party's fees and expenses.

Jemison v. Nat'l Baptist Convention, 720 A.2d 275, 285 (D.C. 1998) (punitive damages may be imposed if court finds that bad faith litigator acted with malice).

AUSA Ramaswamy did not want to address or refused to address the substantial evidential issues of Kristy L. Burton committing perjury but instead moved to suppress Defendant's/Petitioner's right to file pleadings with the pre-filing injunction motion.

Again citing: Declaration — Document #137, Memorandum — Document #145 (refer to all issues involving Kristy L. Burton perjury), and Document #145-1, Filed 03/07/18 Pages 32 to 76.

Ramaswamy had refused to address the allegations themselves of the perjury and did not want to correct the falsehoods but instead had pushed for a pre-filing injunction to prevent Brian from further exposing his misconduct (Documents #148 and #149). That makes Ramaswamy liable for subornation of perjury under 18 U.S. Code § 1622 (subornation of perjury punishable up to five years' imprisonment), the fact that he is okay with the very perjury he was made aware of. So AUSA Ramaswamy may had decided to commit one or more violations of United States law in order to deceive the Court into violating Brian's Supervised Release conditions.

It doesn't matter what the "relevance of these [fraudulent] materials to the substantive legal issue in the case" are because the Plaintiff/Respondent had allowed these lies to be used and abused on court record in order to make Brian's

probation at higher risk of a higher prison sentence if the Defendant/Petitioner is ever accused of a violation in the future (including technical violations in nature). The lies should have been corrected after Ramaswamy and the Court was made aware of the lies of Kristy L. Burton, U.S. Probation Officer of the U.S. Probation Office in Danville, Virginia. Because they were not corrected after being conducted over the substantive issue, but instead had pushed for a pre-filing injunction last year, shows a malicious prosecutor's intent upon wrongfully incarcerating Defendant/Petitioner, evidence and witnesses don't even matter.

More frauds upon the court will be brought up from the September 12, 2019 final revocation hearing after receipt of the Transcript. Defendant/Petitioner shall push for vacating that Judgment at a later time, and will also push for default judgment of the 2255 Motion on the ground of actual innocence as a matter of law or matter of constitutional right and based upon the Government's repeated pattern of frauds upon the court. The 2255 statutory filing deadlines do not block a Defendant's/Petitioner's ability to petition a court to vacate a fraudulent begotten Judgment. A Judgment is not subject to finality where there is any evidence of a fraud upon the court that led to such judgment.

Defendant asks that the Honorable Court consider vacating the fraud begotten oral judgment of June 30, 2015, and vacating the fraud begotten written judgment under Document #122, filed: Jul 24, 2015, "ORDER Supervised Release Violation Hearing signed by JUDGE THOMAS D. SCHROEDER on 7/23/2015. Defendant's supervised release is not revoked and the Defendant is to remain on supervised release. The Defendant shall participate in a cognitive behavioral treatment program and location monitoring home detention program as set out herein. All other terms and conditions of supervised release as previously imposed remain in full force and effect in case as to BRIAN DAVID HILL (1). (Daniel, J)".

20

WHEREFORE, Brian prays for relief that the fraudulent begotten Judgments concerning the Supervised Release Violation of 2015 be vacated or set aside, and be stricken from the record unless such evidence must remain on the record to further prove a repeated pattern of fraud upon the court by the Government for the 2255 case when Brian pushes for default judgment.

WHEREFORE, Brian prays that any judgments adverse to Defendant/Petitioner and favorable to the Government in the future that had cited the violation charge from 2015 to also be modified, corrected, or reconsidered to address the frauds upon the court and not use them against Defendant/Petitioner who is a victim of such frauds by the adversary.

### **The sanctions Defendant/Petitioner are requesting are as followers:**

WHEREFORE, Defendant/Petitioner prays that the Court vacate and reverse the fraudulent begotten judgment entered under Document #122;

WHEREFORE, Defendant/Petitioner prays that the Court consider reversing, vacating, nullifying, setting aside, or even striking any other Judgments in favor of the United States of America (Respondent/Plaintiff) when they had used any frauds upon the court to obtain favorable judgment;

WHEREORE, Defendant/Petitioner prays that he be reimbursed for any or all legal expenses that was necessary to defend against such frauds and the expenses can be simple things such as postage for legal mailings and paper and printer ink and/or any other resources necessary, and be reimbursed for any emotional damages caused by the adverse party.

WHEREORE, Defendant/Petitioner prays that the Court hold Lisa P. Palombo (deputy Chief U.S. Probation Office), and Edward R. Cameron (Supervisory U.S. Probation Officer) accountable for perjury (or subornation of perjury), unethical or unprofessional misconduct, and fraud or frauds being pushed through the Petition for revocation under Document #88.

WHEREFORE, Defendant/Petitioner prays that Kristy L. Burton be charged with perjury and that the judge recommend that she be charged with perjury.

WHEREFORE, Defendant/Petitioner prays that the Court sanction AUSA Ramaswamy for misconduct including violation of state bar Rule 3.8.

WHEREFORE, Brian prays that he receives any other relief that the Court deems as necessary and proper.

### Attached evidence

**Supplement 1:** Document printed from LexisNexis law library while at FCI-1 Butner in 2019, in regards to the inherit powers of the Court and the issues of fraud upon the court. **Total of 4 pages.**

**Supplement 2:** "Responding to Falsification of Evidence" By Jonathan K. Tycko. Research article by a lawyer in regards to the issues of perjury, falsification of evidence, destruction of evidence, and fraud upon the court by a party in a case. **Total of 5 pages.**

Total is 11 pages of attachment including Supplement marker pages.

### Declaration of Brian David Hill on attached evidence

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. Attached hereto as <u>Exhibit 1,</u> is a true and correct photocopy of a report titled "Autism Spectrum Disorders" sourced from The Missouri Department of Mental Health. **Total of 38 pages.**

2. Attached hereto as <u>Exhibit 2,</u> is a true and correct photocopy of a printout of "Autism Spectrum Disorder Fact Sheet"; Prepared by: Office of Communications and Public Liaison, National Institute of Neurological Disorders and Stroke, National Institutes of Health in Bethesda, MD 20892. "All NINDS-prepared information is in the public domain and may be freely copied. Credit to the NINDS or the NIH is appreciated." This did not come from Wikipedia. **Total of 9 pages.**

Total is 49 pages of attachment including Exhibit marker pages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 2, 2019.

Respectfully submitted,

*Brian D. Hill*
Signed

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

23

Respectfully filed with the Court, this the 2nd day of October, 2019.

New World Order - Checkmate!
Ramaswamy - Checkmate!
Q WWG1WGA
Drain The Swamp

Respectfully submitted,

_Brian D. Hill_
Signed
~~~~~~~~
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

<u>Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C. § 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail.</u>
<u>Thank You!</u>

CERTIFICATE OF SERVICE

Petitioner hereby certifies that on October 2, 2019, service was made by mailing the original of the foregoing:

"MOTION FOR SANCTIONS AND TO VACATE JUDGMENT IN PLAINTIFF'S/RESPONDENT'S FAVOR -- MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF REQUESTING THE HONORABLE COURT IN THIS CASE VACATE FRAUDULENT BEGOTTEN JUDGMENT OR JUDGMENTS"

by deposit in the United States Post Office, in an envelope (certified mail), Postage prepaid, on October 2, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CMIECF system which will send notification of such filing to the following parties to be served in this action:

| | |
|---|---|
| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>*October 2, 2019* | Respectfully submitted,<br><br>*Brian D. Hill*<br>*Signed*    Signed |
|---|---|

October 2, 2019

Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

I stand with QANON/Donald-Trump – Drain
the Swamp
I ask Qanon and Donald John Trump for
Assistance (S.O.S.)
Make America Great Again

I ask Department of Defense ("DOD") military Constitutional oath keepers, alliance, Qanon for help in protecting me from corruption and criminal behavior of Government.

Certified Mail tracking no: 7015-0640-0006-0646-2519

Friend's justice site: JusticeForUSWGO.wordpress.com

No New World Order!
No Phil Berger Dictator!