# Supplement 1

USWGO
QANON // DRAIN THE SWAMP
MAKE AMERICA GREAT AGAIN



UNITED STATES DISTRICT COURT CASE NO. 1:13-CR-435-1
MIDDLE DISTRICT OF NORTH CAROLINA

Supplement in attachment to "MOTION FOR SANCTIONS AND TO VACATE JUDGMENT IN PLAINTIFF'S/RESPONDENT'S FAVOR -- MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF REQUESTING THE HONORABLE COURT IN THIS CASE VACATE FRAUDULENT BEGOTTEN JUDGMENT OR JUDGMENTS"

G. RUSSELL CHAMBERS, Petitioner
vs.
NASCO, INC.

501 US 32, 115 L Ed 2d 27, 111 S Ct 2123, reh den 501 US 1269, 115 L Ed 2d 1097, 112 S Ct 12

[No. 90-256]

Argued February 27, 1991.

Decided June 6, 1991.

### DECISION

Federal District Court, in diversity case, held to have properly invoked its inherent power in assessing attorneys' fees as sanction for party's bad-faith conduct in course of litigation.

### SUMMARY

The owner of a television station in Louisiana agreed to sell the station's facilities and broadcast license to a corporation, but he later refused to consummate the sale. The corporation notified the owner's attorney of the corporation's intention to file a diversity suit in the United States District Court for the Western District of Louisiana to seek specific performance of the agreement and a temporary restraining order to prevent the alienation or encumbrance of the properties at issue. On the day before the suit was to be filed, the owner and his attorney attempted to place the properties beyond the District Court's reach by creating a trust, of which the trustee and beneficiaries were the owner's family members, and causing the properties to be conveyed to the trust. The attorney withheld this information from the District Court, which subsequently granted a preliminary injunction against the owner and warned the owner and the attorney that their conduct had been unethical. However, the owner proceeded to defy the preliminary injunction, file meritless motions and pleadings, and engage in delaying actions. After

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case 1:13-cr-00435-TDS   Document 199-1   Filed 10/04/19   Page 2 of 5

the trial in the District Court but before the entry of judgment, the owner-acting in direct contravention of the District Court's orders to maintain the status quo pending the outcome of the litigation-attempted to gain the Federal Communications Commission's permission to build a new transmission tower and to relocate the transmission facilities to that site. The owner withdrew the application after the corporation sought contempt sanctions. The District Court, finding that the transfer of the properties to the trust was a simulated sale and that the deeds purporting <*pg. 28> to convey the property were of no effect, entered judgment in favor of the corporation (623 F Supp 1372). The United States Court of Appeals for the Fifth Circuit, affirming the District Court's judgment, found the owner's appeal frivolous, imposed appellate sanctions, and remanded the case to the District Court with orders to fix the amount of appellate sanctions and to determine whether further sanctions should be imposed for the manner in which the litigation had been conducted (797 F.2d 975). On remand, the District Court (1) determined that further sanctions were appropriate; (2) declined to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure-which provides for the imposition of attorneys' fees as a sanction for the improper filing of papers with a court-on the grounds that Rule 11 did not reach the owner's out-of-court conduct, and that it would have been impossible to assess sanctions at the time of the owner's improper filing of papers because the falsity of the pleadings was not yet apparent at that time; (3) declined to impose sanctions under 28 USCS § 1927-under which an attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the attorneys' fees reasonably incurred because of such conduct-on the ground that the statute did not apply to the owner himself and was not broad enough to reach all the misconduct; (4) invoked the District Court's own inherent power in imposing sanctions; and (5) assessed the owner for the entire amount of the corporation's litigation costs paid to its attorneys (124 FRD 120). The Court of Appeals, affirming, (1) held that the District Court had not abused its discretion in awarding the attorneys' fees to the corporation, and (2) rejected the argument that a federal court sitting in a diversity case must look to state law, not the court's inherent power, to assess attorneys' fees as a sanction for bad-faith conduct in litigation (894 F.2d 696).

On certiorari, the United States Supreme Court affirmed. In an opinion by White, J., joined by Marshall, Blackmun, Stevens, and O'Connor, JJ., it was held that (1) a federal court has inherent power to assess attorneys' fees as a sanction for a party's bad-faith conduct in the course of litigation; (2) this inherent power is not displaced by the sanctioning scheme of 28 USCS § 1927 and the various sanctioning provisions in the Federal Rules of Civil Procedure; (3) under the circumstances presented, the District Court did not abuse its discretion in resorting to its inherent power without first invoking the federal sanctioning provisions; (4) the District Court, sitting in a diversity case, properly used its inherent power, notwithstanding that the law of Louisiana provided, as a general rule, that attorneys' fees were not to be awarded to a successful litigant, given that (a) Louisiana's general rule did not embody a substantive policy, but rather focused on the award of attorneys' fees due to a party's success on the underlying claim, (b) the District

LED2                                                                                              2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Court, in assessing attorneys' fees against the owner for fraud and bad-faith conduct, did not attempt to sanction the owner for breach of contract, and thus the fee-shifting was not a matter of substantive remedy, but rather was a matter of vindicating judicial authority, and (c) under such circumstances, the District Court's inherent power could not be made subservient to any state policy without transgressing the boundaries set out in Erie R. Co. v Tompkins (1938) 304 US 64, 82 L Ed 1188, 58 S Ct 817,<*pg. 29> and subsequent United States Supreme Court decisions with respect to the applicability of state law in federal diversity cases; and (5) under the circumstances, the District Court acted within its discretion in assessing as a sanction the entire amount of the corporation's attorneys' fees at the conclusion of the litigation.

Scalia, J., dissenting, expressed the view that (1) a Federal District Court's inherent power does not reach conduct beyond the court's confines that does not interfere with the conduct of the trial, (2) the District Court appeared to have imposed sanctions for the owner's breach of contract, and (3) the District Court had no power to do so.

Kennedy, J., joined by Rehnquist, Ch. J., and Souter, J., dissenting, expressed the view that (1) a federal court must rely, where possible, on express federal sanctioning provisions rather than on its inherent power to sanction bad-faith misconduct, and (2) the District Court acted improperly in (a) failing to rely on the federal sanctioning provisions, and (b) allowing sanctions to be awarded for the owner's prelitigation breach of contract.<*pg. 30>

## RESEARCH REFERENCES

20 Am Jur 2d, Costs §§ 74, 75, 78; 20 Am Jur 2d, Courts §§ 78, 79

8 Federal Procedure, L Ed, Courts and Judicial System §§ 20:324-20:326, 20:337, 20:339, 20:347

2 Am Jur Proof of Facts 233, Attorneys' Fees

28 USCS § 1927; USCS Court Rules, Federal Rules of Civil Procedure, Rule 11

L Ed Digest, Appeal § 1424; Costs and Fees § 33; Courts § 549.5

L Ed Index, Attorneys' Fees; Discretion of Court; District Courts and Judges; Erie Doctrine; Fee Shifting; Frivolous Matters; Rules of Civil Procedure

Index to Annotations, Attorneys' Fees; Civil Procedure Rules; Discretion of Court; District Courts; Erie Doctrine; Vexatious Litigation

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

### Courts § 18 - inherent or implied powers

5. Certain implied powers must necessarily result to courts of justice from the nature of their institution, powers which cannot be dispensed with in a court because they are necessary to the exercise of all others; such powers are governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases; courts of justice are vested, by their very creation, with power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates.

### Attorneys § 6 - power of courts

6. Although a court's power to control admission to its bar and to discipline attorneys who appear before it ought to be exercised with great caution, such power is incidental to all courts.

### Contempt § 26 - court's power to punish

7. The power to punish for contempt is inherent in all courts; this power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gives rise to the contempt power is not merely the disruption of court proceedings, but rather disobedience to the orders of the judiciary, regardless of whether such disobedience interferes with the conduct of trial. (Scalia, J., dissented in part from this holding.)

### Courts § 225.1; Equity § 47 - power to vacate fraudulent judgment

8. A federal court has the inherent power to vacate its own judgment upon proof that a fraud has been perpetrated upon the court; this historic power of equity to set aside fraudulently begotten judgments is necessary to the integrity of the courts; moreover, a federal court has the power to conduct an independent investigation in order to determine whether the court has been the victim of fraud.

LED2                                                                 1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.