In the United States District Court
For the Middle District of North Carolina

FILED
OCT 15 2019
Clerk U.S. District Court

|  |  |
|---|---|
| Brian David Hill, Petitioner/Defendant ) ) ) ) | **Criminal Action No. 1:13-CR-435-1** |
| v. ) ) | **Civil Action No. 1:17-CV-1036** |
| United States of America, Respondent/Plaintiff ) ) ) ) ) | |

## PETITIONER'S SECOND MOTION FOR SANCTIONS AND TO VACATE JUDGMENT THAT WAS IN PLAINTIFF'S/RESPONDENT'S FAVOR

## MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF REQUESTING THE HONORABLE COURT IN THIS CASE VACATE FRAUDULENT BEGOTTEN JUDGMENT OR JUDGMENTS

NOTICE: Due to the Motion to "Disqualify/Recuse Judge — Document #195" and appeal of his decision not to recuse himself, in regards to the Hon. Judge Thomas D. Schroeder, this motion should not be decided by that Judge but should be tried by another Judge of the bench. Due to the facts and allegations inside of this motion, it would be a conflict of interest for Judge Schroeder to render any decision on this motion.

Pursuant to the inherit power or implied power of the U.S. District Court (Courts §
18 - inherent or implied powers, Chambers v. NASCO, Inc., 501 U.S. 32, 44
(1991), Courts § 225.1; Equity § 47 - power to vacate fraudulent judgment) (See
**Supplement 1 — Document #199, Attachment #1 ECF No. 199-1**), the
Defendant/Petitioner Brian David Hill ("Brian D. Hill", "Hill", "Brian",
"Defendant", "Petitioner"), proceeding Pro Se in this action, respectfully requests
that the Honorable U.S. District Court vacate a fraudulently begotten judgment, the
Document #200, filed: October 7, 2019, and the oral judgment on September 12,

1

2019 finding the Defendant/Petitioner in violation of Supervised Release conditions, that the Defendant/Petitioner be sentenced to nine (9) months imprisonment, and that nine (9) years Supervised Release be re-imposed. On the basis of fraud upon the court, such judgment should be vacated. Defendant/Petitioner plans to file a third motion for sanctions after reviewing over the transcript of the September 12, 2019 hearing. Brian also plans on filing a final motion for sanctions for the 2255 motion to be given default judgment in favor of Defendant/Petitioner on the ground of actual innocence as that is not subject strictly to the one year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and a judgment rendered on the basis of fraud upon the court by the adverse party is not a final judgment and can be subject to collateral attack upon proving intrinsic and/or even extrinsic frauds upon the court by the adverse party (See **Supplement 2 — Document #199, Attachment #2, ECF No. 199-2**)

The U.S. Probation Office in Greensboro (the petitioner for revocation) and represented through the United States Attorney Office for the Middle District of North Carolina had petitioned for revocation back in November 13, 2018 on issues that are based on perjury and/or subornation of perjury which is a fraud upon the court, and that such a basis had lacked merit. Their entire position lacks merit.

Defendant/Petitioner can no longer stand by and allow any more lies to be used against Brian David Hill by law enforcement and by the corrupt U.S. Probation office in Greensboro, North Carolina and by the Assistant United States Attorney Anand Prakash Ramaswamy. Brian is requesting that the fraud be addressed, vacated as a matter of right of the Court through it's inherit powers, and punish those who had engaged in the fraud against the Court and sanction them for the fraud or frauds against Defendant/Petitioner.

2

Defendant/Petitioner would like to request sanctions against the Government/Respondent/Plaintiff counsel Assistant U.S. Attorney ("AUSA") Anand Prakash Ramaswamy at the Greensboro, NC Office, Kevin M. Alligood (U.S. Probation Officer Specialist), and Edward R. Cameron (Supervisory U.S. Probation Officer). The sanctions are on the basis of the fraud upon the court. The fraud is the perjury of U.S. Probation Officer Specialist ("USPOS") Kevin M. Alligood ("Kevin") in the Petition for Warrant or Summons for Offender Under Supervision (See Petition under Document #157, ECF No. 157). Also the false statements of USPOS Kevin that ended up as statements carried under penalty of perjury as stated in the Petition for revocation under Order for Warrant — Document #157, was approved by Supervisor Edward R. Cameron.

These are not the full facts of fraud upon the court as Brian is still awaiting the Transcript to challenge the final revocation judgment on appeal. Once the transcript is acquired, more inquires will be conducted of the fraud upon the court by the adverse party counsel AUSA Ramaswamy and be documented and then a final motion for sanctions. This final motion for sanctions will be filed not just asking for the final judgment for the Supervised Release Violation under Doc. #200 to be vacated, but also a request for default judgment for Brian's 2255 Motion (Document #125) as a matter of law (actual innocence exception) and for the basis of the Government's repeated pattern of fraud upon the court which invalidates any final judgments and therefore are not final judgments that can shielded from any collateral attack. Brian will soon request permanent relief from the final conviction and all judgments against Brian and wants this wrongful conviction overturned once and for all. Attorney Renorda Pryor does not represent Brian's 2255 case and is not reportedly counsel for the 2255 case, so any motions

3

for that case are not under Renorda's jurisdiction, but under Brian's pro se jurisdiction.

## FACTS THAT REPRESENT THAT THERE ARE STATEMENTS OF PERJURY IN DOCUMENT #157 PETITION FOR WARRANT AND THAT SUCH PERJURY STATEMENTS REPRESENT A FRAUD UPON THE COURT BY THE U.S. PROBATION OFFICE

"According to the police report, on the night of September 21, 2018, a report was received that a nude male had been observed **running on a public park trail** within the city limits." (ECF No. 157, pg. 1)

The hiking trail that Brian David Hill was allegedly on was the "Dick and Willie passage" hiking trail. That is all it was. There are no playgrounds on this trail. This trail is not called a park, and not considered as a park, but a hiking trail, a nature trail with access to the city in certain trail heads. See **Exhibit 1**, "*Dick & Willie Passage Rail Trail - Virginia Is For Lovers*", a 3-page printout by family. Also at night the hiking trail has absolutely no children and usually no adults. Nobody in their right frame of mind would hike a hiking trail at night due to coyotes, wild black bears, and even the risk of running into criminals that usually conduct their dealings around nighttime (referencing drug dealers and gangs). There is no teeter totters (seesaw) on the hiking trail. There is no playgrounds on the trail. It is meant to be a walking trail, and a biking trail. Plenty of trees on both sides of the trail in various areas of the hiking trail.

That hiking trail was mentioned on affidavits/declarations by Brian prior to Document #157.

"*...near the hiking trail of "Dick and Willie"...*" (ECF No. 153, Pg. 3)

4

Anybody who conducts any investigation into the "Dick and Willie" hiking trail would know that it is not a "park" but just a public hiking trail. To smear the hiking trail as a park, is meant to ensnare Brian into being liable under the Sex Offender laws and regulations. That hiking trail is not a park. There is a clear difference between a public park and a public hiking trail.

"***Mr. Hill ran away from the officers*** and was shortly thereafter detained near a creek." (ECF No. 157, pg. 1)

That is a vague statement which paints a picture that Brian had allegedly and knowingly ran from the police. The fact is that they never announced verbally that they were officers of a law enforcement agency.

"...*I ran and then noticed a red lazer beam light like that private mercenaries, bad guys, and good guys all have. A light came on with a guy yelling at me. I didn't know who he was. I was scared it was them, going to kill me for not exactly following the hoodie guy's directives. I ran, fell down the left side slope of the trail, getting cuts and scrapes all over my body, until I fell in the creek bed.*" (ECF No. 153, Pg. 4)

So it is clear that they did not announce themselves as law enforcement. As far as Brian was concerned, he thought it was a bad guy or bad guys in his reported dealings with a man wearing a dark hoodie. Brian was scared and it is a normal reflex action to run away from criminals in the middle of the night. Brian did not knowingly and intentionally ran from officers. That was why Brian was never charged under V.A. Code § 18.2-460(E) and/or Virginia Code 18.2-479.1. That is because the officer who yelled at Brian did not announce verbally that he was a police officer. It was nighttime when visibility is very poor.

5

Two laws of Virginia code govern charges of "fleeing from an officer" of the law.

V.A. Code § 18.2-460(E), "*Any person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor. For purposes of this subsection, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest and (a) the officer has the legal authority and the immediate physical ability to place the person under arrest, and (b) a reasonable person who receives such communication knows or should know that he is not free to leave.*"

"Virginia Code 18.2-479.1: Fleeing from a law-enforcement officer; penalty"

"*A. Any person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor.*"

"*B. For purposes of this section, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest and (a) the officer has the legal authority and the immediate physical ability to place the person under arrest, and (b) a reasonable person who receives such communication knows or should know that he is not free to leave.*"

There is no evidence that Brian had intentionally fled from the law enforcement officer or officers. When Brian had realized that they were law enforcement officers, he had cooperated and that shows that Brian did not intentionally flee from justice.

6

That statement from the ECF No. 157 Petition for Warrant or Summons, is misleading and did not specify that the officer did not verbally announce that he was law enforcement before Brian had ran away.

*"Mr. Hill advised the officers that a "black man in a hoodie" made Mr. Hill "get naked and take pictures of himself."* (ECF No. 157, Pg. 1 and 2)

Brian had never stated in writing or verbally that it was a "black man in a hoodie".

*"I was approached by a man in a hoodie, probably some time between 11 to 12 that night, I think maybe between 5 to 6 feet tall, **maybe white**..."* (ECF No. 153, Pg. 3)

That statement made under declaration (penalty of perjury) said that Brian had thought the man wearing the hoodie was "WHITE" or sounded like a white guy and not a "BLACK MAN". Sounds kind of racist when the officers of Martinsville wanted to depict the suspect as being a "black man" when Brian stated he sounded like a white man.

*"...Hill was coerced and threatened by an unidentified guy wearing a hoodie..."* (ECF No. 162, Pg. 2, Paragraph 2)

That document also did not mention anything about a "black man" in a hoodie.

That was probably why the police were never able to find the "man in the hoodie" because they were too racially focused looking for a black man in a hoodie, that they were never going to find the suspect because they had already pictured some black man wearing a hoodie threatening a white man to get naked in public or his momma would be killed like it is some projects or ghetto like in big cities. The police made the wrong call and put the wrong description from Brian's statements.

7

Because of that, they were never going to find the suspect because they had already screwed up their case from the very beginning, such incompetence. It is clear incompetence and that isn't good for any law enforcement agency. They even refused to retain the blood vials drawn from Brian as evidence while he was at the hospital. They pretty much caused the hospital to destroy the blood vials causing Brian to never be able to prove the Carboxyhemoglobin levels and thus will never be able to fully prove carbon monoxide poisoning. Because of that they were able to make Brian look like a liar and have his supervised release wrongfully revoked. They destroyed evidence that could have proven Carboxyhemoglobin, and then have Brian's probation revoked. All of that was intentional fraud and sabotage.

That covers the issue of intrinsic fraud.

The issue of extrinsic fraud is that, Brian had repeatedly said that the man in the hoodie had sounded like a white guy, that the man in the hoodie had sounded like a white guy. Brian had told that to his lawyer Scott Albrecht, had told that to his family, and even to the police.

Brian never said that it sounded like a black guy in a hoodie. That element of fraud should be investigated by the court.

"*The camera contained several nude photographs of Mr. Hill in different locations around the city of Martinsville.*" (ECF No. 157, Pg. 2)

That statement had apparently came from Officer Robert Jones of Martinsville Police Department.

Brian had reported that he had received a letter from his mother about a statement similar to what was said in the quoted sentence from Document #157.

8

"Received a letter from Roberta Hill dated "Sept. 25, 2018." Parts of her letter said "I talked to Jason and he told me that the police said that you recanted the story that you told us in the hospital.""" (ECF No. 152, Pg. 1)

"Letter also said that "**_taking photos of yourself at various places around town_**.""

That statement is false, according to Exhibit 2 of the Government's trial exhibits on September 12, 2019 during the revocation hearing, the photos were all taken around one area around the Dick and Willie hiking trail, (See citation on Document #186, Witness and Exhibit List).

When you hear from the petition that Brian allegedly was taking nude photos of himself "_in different locations around the city of Martinsville_", it sounds exactly like that. It would make any reasonable person feel that Brian was running all over the big city of Martinsville taking photos of himself at different areas around the city, by foot, as if Brian was walking to different areas of the city to take nude photos of himself.

However when AUSA Ramaswamy's Exhibit 2 (See **Exhibit 2**, attached to this pleading) (Cited in Document #186, Witness and Exhibit List) show that the photos were all taken around the Greene Co. Inc. building at night and at the places close to the Greene Co. Inc. building at night when nobody was working at the building, it shows a direct contradiction to the officer's claim that Brian was taking nude photos of himself around the city of Martinsville. There is a clear difference between "_around the city of Martinsville_" and in one specific area around the Dick and Willie passage hiking trail at night. Brian was not walking all over Martinsville taking photos of himself. He did hike miles and was arrested in a different area from where he had taken the photos, but he did not take photos

9

where he was allegedly arrested. Brian took photos only in one spot, in one area around the hiking trail, around one of the trailheads. It is a clear cut contradiction and is a fraud upon the court meant to make the story after Brian's arrest sound more extreme than it really truthfully was in regards to the photos obtained.

"*Mr. Hill was subsequently arrested for Indecent Exposure, in violation of Virginia Criminal Code § 18.2-37, a Class 1 Misdemeanor.*" (ECF No. 157, Pg. 2)

That is not accurate or correct. There has to be enough factual elements of the crime to establish evidence that a crime was committed. Being arrested does not constitute evidence that a crime was committed. That is why jury trials and bench trials are set up, to determine whether the law was violated by a criminal defendant or not.

The statute in that petition was not even correctly cited. It was "§ 18.2-387. Indecent exposure". The wrong statute was cited in that petition.

From that statute: "*Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or any place where others are present.*"

There is a lot of well-established case law regarding the elements of what it takes to violate § 18.2-387 of Virginia Code.

Supplement 1: KENNETH WAYNE ROMICK v. COMMONWEALTH OF VIRGINIA, Record No. 1580-12-4

Case 1:13-cr-00435-TDS   Document 206   Filed 10/15/19   Page 10 of 24

Supplement 2: KENNETH SAMUEL MOSES v. COMMONWEALTH OF VIRGINIA Record No. 0985-03-3

Supplement 3: A. M.* v. COMMONWEALTH OF VIRGINIA, Record No. 1150-12-4

Supplement 4: KIMBERLY F. NEICE v. COMMONWEALTH OF VIRGINIA, Record No. 1477-09-3

Notably, the allegations make reference to naked and nude but do not contain any reference to obscene or obscenity or intent. It does not contain any reference to masturbation and does not contain any reference to any evidence of sexual arousal.

The evidence is insufficient as to whether or not Brian had violated Virginia Code § 18.2-387.

A violation of a conditions of probation should be detailed enough to provide a demarcation line to afford a criminal defendant fair notice. In this case, that demarcation line is very detailed and clear when the condition is that the defendant is not to commit a "crime" because a "crime" is defined by elements which, when each element has been met, can serve as basis for a conviction of a "crime". Contrariwise, when any element of a defined crime has not been met with sufficient evidence, then there is insufficient evidence that the condition (i.e., not commit a crime) has been violated. In the case at hand, the alleged condition violation is based on committing the "crime" defined by Virginia Criminal Code § 18.2-387 which has been addressed by the courts of Virginia (See e.g., *Kimberly F. Neice v. Commonwealth of Virginia*, Record No. 1477-09-3 in the Circuit Court of Giles County; see also *A. M. v. Commonwealth of Virginia*, Record No. 1150-12-4 in the Circuit Court of Shenandoah County; see also *Kenneth Samuel Moses v.*

*Commonwealth of Virginia*, Record No. 0985-03-3 in the Circuit Court of Richmond. Note: these cases were also referenced by Brian in earlier filing with the Court in ECF No. 179 at page 10). These courts have found, concerning meeting all of the elements of the crime, that mere nudity is not a sufficient basis for a finding of obscene or indecent as would be required for Brian David Hill to have committed that crime. Based on the evidence in the District Court, Hill's conduct was not a crime because his actions did "not rise to the level of obscenity required under Code § 18.2-387, as defined in Code § 18.2-372."

To support a finding that a crime was committed as defined by Virginia Criminal Code § 18.2-387, the District Court must have found, at least, by a preponderance of the evidence that Hill's "actions had as their dominant purpose an appeal to the prurient interest in sex" with "purient interest in sex" meaning "a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value." Such a finding has no support in the record of the District Court.

Parole and supervised release are both conditional liberty but revocation of either is subject to the requirements of due process which includes "a written statement by the factfinders as to the evidence relied on and reason for revoking". See *Morrissey v. Brewer*, 408 U.S. 471, 489-90 (1972).

There is no factual basis that Brian David Hill had been "*in violation of Virginia Criminal Code § 18.2-37, a Class 1 Misdemeanor.*" (ECF No. 157, Pg. 2)

The Probation Office assumed that Brian David Hill was already guilty and had violated Criminal Code § 18.2-387, there was no fact of such as the petition was

12

filed one month before the General District Court trial that was set for December 21, 2018. The petition was flawed and should not have been executed until Brian was convicted of the state charge and had exhausted all appeals and had failed. However Officer Robert Jones had admitted at the hearing on September 12, 2019, that Brian had not been obscene. There is no evidence of obscenity against Brian as to the violation and the evidence of his state charge.

In fact multiple written filings before Brian's arrest for the violation had stated under penalty of perjury, under oath, that Brian had never masturbated.

"...*I was threatened to get naked, I never masturbated, it was a crazy incident. Whoever threatened me needs to be charged and arrested...*" (ECF No. 153, Pg. 9)

"*Attorney said that I can bring up about the guy wearing the hoodie. Said that under the law, I would have to have masturbated or be aroused in public to have committed indecent exposure. After he heard my story about the guy in the hoodie, he said taking pictures of myself is not illegal. So he argued that I am technically innocent.*" (ECF No. 163, Pg. 5)

"*I never masturbated, I told the police the truth. When I was seen by a passing vehicle, I never masturbated.*" (ECF No. 163, Pg. 4)

Same statements in Amended declaration under Document #164.

Multiple affidavits, same statements that Brian had never masturbated in public.

There is no evidence at all of obscenity, no evidence of sexual behavior.

It is a fraud upon the court for the U.S. Probation Office to assert that Brian had violated Virginia law when his own lawyer, an assistant public defender none the

13

less, had stated that Brian never violated Virginia law. Then well-established case law precedents stating that simply being naked is not obscene. Which that of course is the same as nudism (nudism is non-sexual nudity), a nudist out of place for example. Whether or not Brian can prove that carbon monoxide had caused his bazaar behavior on September 21, 2018, is irrelevant when the conduct of Brian did not rise to the level of obscenity for him to be guilty of indecent exposure.

It is clear that Brian had violated no law and engaged in no commission of a crime.

There is no basis to support the fact of Brian ever had violated Virginia law unless he was to be convicted and the conviction affirmed by the highest court in Virginia. Is Brian to be punished for lawful nudism arguably? If he were in an area where nudism was okay, would Brian have been in violation for that?

## ANALYSIS OF THE CASE LAW INVOLVING FRAUD UPON THE COURT

Various specific types of falsification violate federal criminal laws. See, e.g., 18 U.S.C. § 1621 (perjury punishable by up to five years' imprisonment); 18 U.S. Code § 1622 (subornation of perjury punishable up to five years' imprisonment); 18 U.S.C. § 1519 (knowing falsification or destruction of documents or other tangible objects punishable by up to 20 years' imprisonment); 18 U.S.C. § 1520 (destruction of certain corporate audit records punishable by up to 10 years of imprisonment). And knowing destruction or falsification of documents in an attempt to influence the outcome of a judicial proceeding also violates the general "obstruction of justice" law. 18 U.S.C. § 1503. See, e.g., U.S. v. Craft, 105 F.3d 1123, 1128 (6th Cir. 1997) ("Acts that distort the evidence to be presented or otherwise impede the administration of justice are violations of 18 U.S.C. § 1503.

14

The act of altering or fabricating documents used or to be used in a judicial proceeding would fall within the obstruction of justice statute if the intent is to deceive the court."). All states have similar laws.

Citing: 501 U.S. 32, 44 (1991), G. RUSSELL CHAMBERS vs. NASCO, INC., 501 US 32, 115 L Ed 2d 27, 111 S Ct 2123, reh den 501 US 1269, 115 L Ed 2d, 1097, 112 S Ct 12, [No. 90-256], Argued February 27, 1991., Decided June 6, 1991.

"501 U.S. at 56–57; see also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43(D.C. 1986) (once a party embarks on a "pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the substantive legal issue in the case," this is enough to "completely taint [the party's] entire litigation strategy from the date on which the abuse actually began")."

The perjury of USPOS Kevin M. Alligood and the subornation of perjury by Edward R. Cameron shows that they are willing to deceive the Court in an attempt to punish and revoke the Supervised Release of Defendant/Petitioner and be able to use that violation as leverage to push for the maximum imprisonment if the Defendant/Petitioner is ever accused of another violation of Supervised Release condition in the future. If AUSA Ramaswamy is not willing to undo the damage he had caused by having Brian's supervised release wrongfully revoked since Brian's conduct was completely legal, then Ramaswamy has further permitted, used, and encouraged frauds upon the court and had violated N.C. State Bar Rule 3.8, again. He continues wanting to imprison and persecute an innocent man. Innocent of indecent exposure statute of Virginia, and actually innocent of the original conviction of possession of child pornography (ECF No. 125, 128). AUSA

Ramaswamy cannot control himself in wrongfully convicting people, and to always win cases at any cost.

There is no established fact that Brian's conduct had violated § 18.2-387. It is not good for a legitimate Article III federal court to punish and imprison an actually innocent person. It is considered cruel and unusual punishment, in violation of the Eighth (8th) Amendment under the United States Constitution, to imprison an innocent man or woman. The revocation petition had pushed for imprisonment of Brian David Hill, despite being legally innocent of indecent exposure and has a high chance of being acquitted by proper jury instructions or being acquitted by the Courts of Appeals which would create yet another case law authority on indecent exposure, with highly likely the exact same reasoning as to why Brian is not guilty of indecent exposure.

The Court has the authority to reverse the judgments that are based upon frauds upon the court. Fact frauds, frauds of innocent people being imprisoned, testimony frauds (perjury, lying, false statements) and document frauds such as submitting any official government or court documents with false information. It must be corrected to protect the integrity of the judiciary.

See Breezevale Ltd. v. Dickinson, 879 A.2d 957, 964 (D.C. 2005)(affirming sanction of dismissal where top executives of plaintiff company engaged in scheme to forge documents and subsequently denied the forgery in pleadings and sworn testimony); Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1263 (D.C. 1986)(affirming sanction of dismissal where plaintiff, inter alia, destroyed audiotapes and made false statements to the court "that no responsive documents could be found" in order "to deceive the court, and to improperly influence the court in its decision on the defendants' motions to compel, with the ultimate aim of

16

preventing the judicial process from operating in an impartial fashion"); Cox v. Burke, 706 So. 2d 43 (Fla. Dist. Ct. App. 1998) (affirming sanction of dismissal where plaintiff gave false answers to interrogatories and deceptive deposition testimony); Pope v. Fed. Express Corp., 974 F.2d982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir.1989) (affirming dismissal where plaintiff concocted a single document); Tramel v. Bass, 672 So. 2d 78, 82 (Fla. Dist. Ct. App.1996) (affirming default judgment against defendant who excised damaging six-second portion of videotape before producing it during discovery).

A court also may impose additional monetary sanctions—in the form of fines or punitive damages—above and beyond the specific amount of the innocent party's fees and expenses.

Jemison v. Nat'l Baptist Convention, 720 A.2d 275, 285 (D.C. 1998) (punitive damages may be imposed if court finds that bad faith litigator acted with malice).

AUSA Ramaswamy did not want to address the substantial evidential issues of Brian not being obscene and that Brian had never masturbated in public. Brian was not sexually aroused in public. Brian had not repeated the behavior that had been exhibited on September 21, 2018. Brian was clearly not in his right frame of mind and had no intent to violate § 18.2-387. There was no reason to enter an order revoking Brian's supervised release for a crime that he is legally innocent of. Even if Brian was inappropriately being a nudist out of place and should have been in a nudist colony or nudist beach or nudist resort or nudist camp to freely walk around naked, he did not break the law as it was defined. Even though it is clear that Brian should not have been out there at night, but <u>Brian never actually broke the law.</u>

More frauds upon the court will be brought up from the September 12, 2019 final revocation hearing after receipt of the Transcript. Defendant/Petitioner shall push more evidence of any findings of the frauds upon the court, to further push for vacating that Judgment at a later time, and will also push for default judgment of the 2255 Motion on the ground of actual innocence as a matter of law or matter of constitutional right and based upon the Government's repeated pattern of frauds and abuses upon the court against Brian David Hill, to win for the Government. The 2255 statutory filing deadlines do not block a Defendant's/Petitioner's ability to petition a court to vacate a fraudulent begotten Judgment. A Judgment is not subject to finality where there is any evidence of a fraud upon the court that led to such judgment.

Defendant asks that the Honorable Court consider vacating the fraud begotten oral judgment of September 12, 2019, and vacating the fraudulent begotten written judgment under Document #200, filed: October 7, 2019, "JUDGMENT ON REVOCATION OF PROBATION/SUPERVISED RELEASE. The Defendant's supervised release is revoked. Nine (9) months imprisonment. Nine (9) years supervised release is re-imposed under the same terms and conditions as previously imposed. The Defendant shall surrender to the U.S. Marshal for the Middle District of N.C. or to the institution designated by the Bureau of Prisons by 12:00 p.m. on 12/6/2019 as to BRIAN DAVID HILL. Signed by CHIEF JUDGE THOMAS D. SCHROEDER on 10/4/2019. (Daniel, J))".

WHEREFORE, Brian prays for relief that the fraudulent begotten Judgments concerning the Supervised Release Violation of 2018 (ECF No. 157) to 2019 (ECF No. 200) be vacated or set aside, and be stricken from the record unless such evidence must remain on the record to further prove a repeated pattern of fraud

18

upon the court by the Government and/or by the U.S. Probation Office for the 2255 case when Brian pushes for default judgment.

WHEREFORE, Brian prays that any judgments adverse to Defendant/Petitioner and favorable to the Government in the future that had cited the violation charge from Document #157 to also be modified, corrected, or reconsidered to address the frauds upon the court and not use them against Defendant/Petitioner who is a victim of such frauds by the adversary.

## The sanctions Defendant/Petitioner are requesting are as followers:

WHEREFORE, Defendant/Petitioner prays that the Court vacate and reverse the fraudulent begotten judgment entered under Document #200;

WHEREFORE, Defendant/Petitioner prays that the Court consider reversing, vacating, nullifying, setting aside, or even striking any other Judgments in favor of the United States of America (Respondent/Plaintiff) and in favor of the U.S. Probation Office when they had used any frauds upon the court to obtain favorable judgment;

WHEREORE, Defendant/Petitioner prays that he be reimbursed for any or all legal expenses that was necessary to defend against such frauds and the expenses can be simple things such as postage for legal mailings and paper and printer ink and/or any other resources necessary, and be reimbursed for any emotional damages caused by the adverse party.

WHEREORE, Defendant/Petitioner prays that the Court hold Kevin M. Alligood  (U.S. Probation Officer Specialist), and Edward R. Cameron

(Supervisory U.S. Probation Officer) accountable for perjury (or subornation of perjury), unethical or unprofessional misconduct, and/or fraud or frauds being pushed through the Petition for revocation under Document #157.

WHEREFORE, Defendant/Petitioner prays that Kevin M. Alligood be charged with perjury or subornation of perjury and that the judge recommend that he be charged with perjury.

WHEREFORE, Defendant/Petitioner prays that the court consider reporting Edward R. Cameron's misconduct to the U.S. Merit Systems Protection Board for an investigation for ethics violations and unprofessional misconduct.

WHEREFORE, Defendant/Petitioner prays that the court consider reporting Kevin M. Alligood's misconduct to the U.S. Merit Systems Protection Board for an investigation for ethics violations and unprofessional misconduct.

WHEREFORE, Defendant/Petitioner prays that Martinsville Police Officer Robert Jones be charged with Obstruction of Justice by supplying false information to Kevin M. Alligood and any other U.S. Probation Officials and that the judge recommend that he be charged with Obstruction of Justice.

WHEREFORE, Defendant/Petitioner prays that the Court sanction AUSA Ramaswamy for misconduct including violation of State Bar Rule 3.8.

WHEREFORE, Brian prays that he receives any other relief that the Court deems as necessary and proper.

**Attached evidence**

20

**Supplement 1:** Case law: KENNETH WAYNE ROMICK v. COMMONWEALTH OF VIRGINIA, Record No. 1580-12-4. **Total of 5 pages.**

**Supplement 2:** Case law: KENNETH SAMUEL MOSES v. COMMONWEALTH OF VIRGINIA Record No. 0985-03-3. **Total of 29 pages. The pages 30 through 39 of the case filing was omitted from this supplement.**

**Supplement 3:** Case law: A. M.* v. COMMONWEALTH OF VIRGINIA, Record No. 1150-12-4. **Total of 8 pages.**
Total is 11 pages of attachment including Supplement marker pages.

**Supplement 4:** Case law: KIMBERLY F. NEICE v. COMMONWEALTH OF VIRGINIA, Record No. 1477-09-3. **Total of 8 pages.**
Total is 54 pages of attachment including Supplement marker pages.

### Declaration of Brian David Hill on attached evidence

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. Attached hereto as <u>Exhibit 1</u>, is a true and correct photocopy of a printout of the "Dick & Willie Passage Rail Trail - Virginia Is For Lovers", a 3-page printout by family. **Total of 3 pages.**

2. Attached hereto as <u>Exhibit 2</u>, is a true and correct black-and-white photocopy of Assistant United States Attorney Anand Prakash Ramaswamy's Exhibit 2 that was presented at the final revocation hearing dated September 12, 2019 (Citation on Document #186, Witness and Exhibit List). Showed the alleged location of where the nude photographs were taken. Original may or may not have been in color but Renorda Pryor had did her best to have scanned the exhibit and other exhibits in black-and-white due to the limitations of her scanner. **Total of 1 pages.**

Total is 6 pages of attachment including Exhibit marker pages.

21

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2019.

Respectfully submitted,

**Brian D. Hill**
Signed     Signed

Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

Respectfully filed with the Court, this the 11th day of October, 2019.

Respectfully submitted,

**Brian D. Hill**
Signed     Signed

Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C. § 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Petitioner hereby certifies that on October 11, 2019, service was made by mailing the original of the foregoing:

"PETITIONER'S SECOND MOTION FOR SANCTIONS AND TO VACATE JUDGMENT THAT WAS IN PLAINTIFF'S/RESPONDENT'S FAVOR -- MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF REQUESTING THE HONORABLE COURT IN THIS CASE VACATE FRAUDULENT BEGOTTEN JUDGMENT OR JUDGMENTS"

by deposit in the United States Post Office, in an envelope (certified mail), Postage prepaid, on October 11, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CMIECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
|---|---|
| U.S. Attorney Office | U.S. Attorney Office |
| Civil Case # 1:17 -cv-1036 | Civil Case # 1: 17 -cv-1036 |
| 101 South Edgeworth Street, 4th | 101 South Edgeworth Street, 4th |
| Floor, Greensboro, NC 27401 | Floor, Greensboro, NC 27401 |

23

| Anand.Ramaswamy@usdoj.gov | angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>*October 11, 2019* | Respectfully submitted,<br><br>*Brian D. Hill*<br>*Signed*     Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 1<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>**U.S.W.G.O.**<br><br>I stand with QANON/Donald-Trump – Drain the Swamp<br>I ask Qanon and Donald John Trump for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|

I ask Department of Defense ("DOD") military Constitutional oath keepers, alliance, Qanon for help in protecting me from corruption and criminal behavior of Government.

Certified Mail tracking no: 7019-1120-0001-4751-4580

Friend's justice site: JusticeForUSWGO.wordpress.com

24