# Supplement 3

USWGO
QANON // DRAIN THE SWAMP
MAKE AMERICA GREAT AGAIN



UNITED STATES DISTRICT COURT CASE NO. 1:13-CR-435-1
MIDDLE DISTRICT OF NORTH CAROLINA

Supplement in attachment to "PETITIONER'S SECOND MOTION FOR SANCTIONS AND TO VACATE JUDGMENT THAT WAS IN PLAINTIFF'S/RESPONDENT'S FAVOR -- MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF REQUESTING THE HONORABLE COURT IN THIS CASE VACATE FRAUDULENT BEGOTTEN JUDGMENT OR JUDGMENTS"

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Alston and Senior Judge Willis
Argued at Alexandria, Virginia

A. M.[*]

v.  Record No. 1150-12-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE RANDOLPH A. BEALES
FEBRUARY 12, 2013

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

D. Eric Wiseley (The Wiseley Law Firm, PLC, on briefs), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.

On September 29, 2011 A.M. (appellant) was convicted of the misdemeanor of indecent exposure in violation of Code § 18.2-387 in the Juvenile and Domestic Relations District Court of Shenandoah County. On appeal for a trial *de novo*, the Circuit Court for the County of Shenandoah found appellant guilty of the same charge, and on February 15, 2012 sentenced him to fifty hours of community service. Appellant argues on appeal that the trial court erred when it found the evidence sufficient to convict him of indecent exposure, pursuant to Code § 18.2-387, because the obscenity element of that statute was not satisfied. For the following reasons, we reverse appellant's conviction.

---

[*] We use initials for the appellant and the juvenile witness in an attempt to protect their identities, given that they are juveniles.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Appellant, a fourteen-year-old middle school student, was a regular passenger on a school bus driven by Ms. Bridget Vance Keffer. Ms. Keffer had driven appellant's bus for two years, and she described his general conduct on her bus as "not very good, at times." She testified that he would throw papers, would not remain in his seat, and was loud sometimes. She noted, though, that "he's not the worst." Before June 8, 2011 (the date of the incident at issue), the record does not include any evidence of any overtones of sexuality in appellant's behavior toward Ms. Keffer.

Appellant's bus stop was near the end of the bus route. In fact, appellant's home was the second to last stop, such that when appellant got off the bus, the only other passenger left was another juvenile student, J.G. June 8, 2011 was the last day of school before summer vacation. Ms. Keffer testified that, on that date, when only J.G., appellant, and she were on the bus, "[appellant] made a comment to [her] that [she] had nice lips." Ms. Keffer testified that she did not respond because it was "[appellant's] last day, and [she] didn't even want to get into it with him."

A couple minutes later, the bus approached appellant's home. J.G. and appellant were sitting two or three seats behind Ms. Keffer. As appellant went to exit the bus by descending the steps, Ms. Keffer testified that he stopped and asked her, "Ms. Bridget, you want to know what the little piggy said all the way home?" Ms. Keffer responded, "No, [A.M.]. Just go home, have a good summer." Ms. Keffer testified that appellant then "stepped down on the second step on the bus, turned around, dropped his pants down to his . . . around his knees, and jumped off the bus, and ran up his lane, going wee, wee, wee." Ms. Keffer stated that she "did not see his privates," but did see his exposed buttocks.

- 2 -

Testifying for the Commonwealth, J.G. testified that he saw appellant get off the bus with his pants down, crying "wee, wee, wee, wee, wee . . . with the pig thing." Appellant had notified J.G. beforehand that he would get off the bus with his pants down. J.G. testified that appellant did not tell Ms. Keffer that he wanted to have any type of sexual relations with her. He also testified that appellant did not do anything overtly sexual during the incident. J.G. stated that he did not observe appellant flirt with Ms. Keffer or try to have any sexual contact with her. J.G. did not see anything in appellant's behavior that made him think appellant was making any sort of sexual overtures. J.G. did not hear the comment from appellant to Ms. Keffer, in which appellant said that she had "nice lips."

Appellant did not present any evidence. Appellant moved to strike the evidence. The trial court denied the motion to strike, and found appellant guilty as charged. A final order convicting appellant was entered on February 15, 2012, and this appeal followed.

## II. ANALYSIS

Appellant argues that the trial court erred when it found the evidence sufficient, as a matter of law, to convict appellant of indecent exposure, pursuant to Code § 18.2-387 – and argues specifically that the obscenity element of the statute was not satisfied.

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting

Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). The Commonwealth's evidence must exclude every reasonable hypothesis of innocence. See Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994).

Code § 18.2-387, the statute under which appellant was convicted, states:

> Every person who intentionally makes an *obscene* display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or any place where others are present.

(Emphasis added).

While "private parts" can include the buttocks, Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994), Code § 18.2-387 does not criminalize mere exposure of a naked body, see Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) ("A portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene."). Instead, a conviction under Code § 18.2-387 requires proof beyond a reasonable doubt of obscenity.

Code § 18.2-372 defines the word "obscene" accordingly:

> The word "obscene" where it appears in this article shall mean that which, considered as a whole, has as its *dominant theme or purpose an appeal to the prurient interest in sex,* that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, *excretory functions or products thereof* or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value.

(Emphasis added).

The "obscenity" element of Code § 18.2-387 may be satisfied when: (1) the accused admits to possessing such intent, Moses v. Commonwealth, 45 Va. App. 357, 359-60, 611 S.E.2d

607, 608 (2005) (*en banc*); (2) the defendant is visibly aroused, Morales v. Commonwealth, 31 Va. App. 541, 543, 525 S.E.2d 23, 24 (2000); (3) the defendant engages in masturbatory behavior, Copeland v. Commonwealth, 31 Va. App. 512, 515, 525 S.E.2d 9, 10-11 (2000); or (4) in other circumstances when the totality of the circumstances supports an inference that the accused had as his dominant purpose a prurient interest in sex. See Jackson, 443 U.S. at 319. Even with properly according the trial court's factfinding "with the highest degree of appellate deference," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006), the record here does not support the conclusion that appellant's conduct was obscene, as is defined in Code § 18.2-372 and as required by Code § 18.2-387. It was repulsive, disrespectful, and inappropriate in every way – but not actually "obscene" as the General Assembly has defined the meaning of that term in Code § 18.2-372.

When the evidence is "considered as a whole," it is simply insufficient to prove beyond a reasonable doubt that appellant's conduct was obscene as defined by Code § 18.2-372. The question on appeal is not whether a rational factfinder could infer a sexual aspect about appellant's conduct. Instead, the question is whether a rational factfinder could find that appellant's conduct had, as its "*dominant* theme or purpose an appeal to the *prurient* interest in sex, that is, a *shameful or morbid interest* in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse." Code § 18.2-372 (emphasis added).

Here, the trial court found:

> I don't look at either incident--that is, the statement about the lips, the dropping of the pants--separately, and look at each of them in a vacuum. You look at the total, the conduct as a package. Here, he makes the comment about having pretty lips, and then, shortly thereafter, drops his pants.
>
> Now, I agree, making a comment to someone that you have pretty lips, standing alone, is not necessarily *a sexual comment*. It depends on the circumstances surrounding it. Dropping his pants, standing alone, perhaps would not have *a sexual content*. But it is

- 5 -

> the two acts together, in close proximity, that I think makes this a
> violation of the statute.

(Emphasis added).

The trial court inferred that appellant's statement was "a sexual comment" and that appellant's actions, considered as a whole, had "a sexual content." The trial court was entitled to make these inferences. However, proof that appellant's actions had "a sexual content" is the incorrect legal standard here and is an insufficient basis upon which to conclude that the obscenity element of Code § 18.2-387 was satisfied beyond a reasonable doubt.

Even viewing the totality of the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, the trial court's conclusion that appellant's conduct violated the *obscenity* element of Code § 18.2-387 was plainly wrong. See Code § 8.01-680. Appellant's comment that Ms. Keffer had "nice lips" could have been a sexual comment, as the trial court inferred, but that lone comment was not coupled by evidence of any other statements[1] or actions demonstrating that the *dominant* theme of his conduct was a *prurient* interest in sex – i.e., "a *shameful* or *morbid* interest" in, *inter alia*, "sexual conduct" or "sexual excitement." Code § 18.2-372 (emphasis added). For example, nothing in the record on appeal even suggests that appellant invited any sexual conduct with Ms. Keffer, hinted at any sexual excitement on his part, or, when he dropped his pants upon exiting the bus (with his back to Ms. Keffer and running away from her), displayed his sexual organs to her (or to anyone else). In fact, Ms. Keffer testified that she "did not see his privates." Moreover, there was no evidence that appellant had ever made sexual comments or acted in a sexual manner in the presence of

---

[1] The Commonwealth argues that appellant's statement as he mooned Ms. Keffer and ran down the street – "wee, wee, wee" – referred to excretory functions under Code § 18.2-372. While the trial court was entitled to make such an inference, it was plainly wrong to conclude that the *dominant* theme of appellant's statement and conduct was a prurient interest in sex, as required by Code § 18.2-372.

- 6 -

Ms. Keffer before June 8, 2011 (the date of the incident before us), which was the last day of school.

Appellant's conduct here certainly does not rise to the level that this Court found obscene in Hart. There, Hart entered an office supply store wearing a "G-string" swimsuit covered by short running shorts. 18 Va. App. at 78, 441 S.E.2d at 706. While a clerk waited on him, Hart pulled down his running shorts (or he allowed them to fall) to expose his pubic area and buttocks, while asking the clerk what she thought of "the whole picture." Id. at 78, 441 S.E.2d at 706. Hart told the clerk that he liked the Velcro on his shorts because it allowed for "easy access to women who wanted him." Id. at 78, 441 S.E.2d at 707. This Court held, that based on Hart's "statements, in conjunction with his actions . . . [t]he trial court was entitled to conclude that . . . his actions had as their dominant purpose an appeal to the prurient interest in sex as defined in the Code." Id. at 80, 441 S.E.2d at 707. The contrast between Hart's behavior and appellant's behavior is illustrative. Whereas the sexual nature of Hart's conduct was extremely overt, whatever sexual aspect of appellant's conduct, if any, could only be inferred.

The evidence fails to exclude the reasonable hypothesis that the dominant purpose of appellant's conduct – i.e., "mooning" Ms. Keffer two minutes after he told her she had "nice lips" – was to pull a "prank" on his bus driver on the last day of school – albeit an extremely inappropriate and repulsive one. Therefore, we find that a rational factfinder could not conclude that the fourteen-year-old appellant's statement and actions when "considered as a whole, [had as their] dominant theme or purpose an appeal to the prurient interest in sex." Code § 18.2-372. Consequently, he could not be found guilty under Code § 18.2-387.[2]

---

[2] On brief and during oral argument before this Court, appellant's counsel acknowledged that his client potentially was criminally culpable for disorderly conduct under Code § 18.2-415, but argued that the required "obscene" element was missing so that appellant could not be convicted of indecent exposure under Code § 18.2-387. Disorderly conduct, under Code § 18.2-415, is not a lesser-included offense of the misdemeanor of indecent exposure, under Code § 18.2-387.

- 7 -

Case 1:13-cr-00435-TDS   Document 206-5   Filed 10/15/19   Page 8 of 9

In indecent exposure cases, the Commonwealth is also obliged to prove that the defendant's conduct violated "contemporary community standards of sexual candor." Morales, 31 Va. App. at 544, 525 S.E.2d at 24 (citing House v. Commonwealth, 210 Va. 121, 126, 169 S.E.2d 572, 576 (1969)). However, we do not need to reach the question of whether appellant's conduct violated "contemporary community standards of sexual candor" because we have concluded that the evidence simply cannot support the conclusion that appellant's behavior was obscene, as defined by Code § 18.2-372, and as required for conviction under Code § 18.2-387.

### III. CONCLUSION

Although appellant's behavior was certainly inappropriate and repulsive, it does not rise to the level of obscenity required under Code § 18.2-387, as defined in Code § 18.2-372. Accordingly, we must reverse the trial court's conviction of appellant under Code § 18.2-387.

Reversed and dismissed.