In the United States District Court
For the Middle District of North Carolina

| | |
|---|---|
| Brian David Hill, <br> Petitioner/Defendant | ) <br> ) <br> ) <br> ) Criminal Action No. 1:13-CR-435-1 <br> ) <br> v. ) <br> ) Civil Action No. 1:17-CV-1036 <br> United States of America, ) <br> Respondent/Plaintiff ) <br> ) <br> ) |

**PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURSUANT TO APPELLATE RULE 10(e) (Doc. #215)**

**MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF "PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURSUANT TO APPELLATE RULE 10(e)" (Doc. #215)**

NOTICE: Criminal Defendant and Petitioner Brian David Hill requests with the Clerk that this MOTION, Exhibits and any corrections of omissions done to the Transcript of the hearing/proceeding dated September 12, 2019 or any supplements accepted by the Court, be transmitted to the Court of Appeals for the Fourth Circuit for both case no. #19-7483 and case no. #19-4758.

Pursuant to Rule 52 of the Federal Rules of Criminal Procedure and Rule 10(e) of the Federal Rules of Appellate Procedure, the Petitioner and criminal Defendant Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant", "Petitioner"), proceeding Pro Se in this action, respectfully moves this Court for an order correcting the errors of omission from the Document #215 Transcript of the

1

hearing/proceeding on September 12, 2019, and by the Court Reporter Briana Bell. Brian is also requesting review of the transcript for errors and omissions and to correct such errors of omissions, prior to using the Transcript as part of the Record on Appeal (ROA).

The Transcript is one of the most important documents of the record that is reviewable on Appeal, and represents what actually occurred during a particular hearing/proceeding at a particular date and time in a case.

If there were any statements by a witness or any statements by a lawyer that was not included in the transcript that was actually said at a particular hearing/proceeding regarding that very same ordered transcript, then it omits possibly important statements or claims that can be reviewed on appeal as of right.

A letter dated October 25, 2019, was mailed to Court Reporter Briana Bell asking for a transcript within 7 days, and a check by a third party who had agreed to pay for the transcript to review over the transcript for three purposes, (1) Appeal in case no. 19-7483 in the Fourth Circuit to ask a higher court to reverse the decision of the Hon. Judge Thomas D. Schroeder denying Brian's motion to recuse/disqualify under Document #195; (2) to assist Brian's appellate counsel in Appeal case no. 19- 4758, and (3) to prepare for a Third Motion for Sanctions for fraud upon the Court and to request default Judgment for the civil 2255 case in favor of Brian David Hill to permanently reverse the wrongful conviction and wrongful Supervised Release Violations against Brian David Hill for a repeated pattern of fraud upon the Court against Brian by the counsel of the United States of America, the federal Government.

See Document #4, case no. 19-7483, U.S. Court of Appeals for the Fourth Circuit, pages 5 to 7, letter to Briana Bell and check by third party to pay for quick

transcript production to attempt to prevail on appeal and ask for vacation of wrongful judgments by the issue of frauds upon the court as caused by Respondent, quickly before being wrongfully compelled to turn himself in by December 6, 2019, to some Federal Prison in Kentucky. In October 28, 2019, Monday, Briana Bell considered the letter as filed on Monday and had planned to complete the transcript order by November 4, 2019. Brian's mother Roberta Hill received the PDF format transcript file in her email account at Yahoo.com, and then gave a copy to Brian on a flash drive to review over the transcript.

Stella Forinash, Brian David Hill, Roberta Hill, and Kenneth Forinash had done some looking through the Transcript and searching the keywords in the document file on PDF format and noticed some errors of omission. Omission meaning that information that was supposed to be inside of the Transcript of what was verbally said at the hearing dated September 12, 2019, was not in the transcript and was a cause for concern for all of those who had attended the hearing on September 12, 2019.

In regards to both Appeals in the Fourth Circuit, case nos. #19-7483 and #19-4758, it is unacceptable for these errors of omission, missing information that is critical to both appeals and to prove any arguments of anything in either or both appeals in the Fourth Circuit.

The witnesses that is filing federal affidavits of the error of omission are as follows:

1. **Exhibit 1:** Declaration of Roberta Hill in support of "PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURUANT TO APPELLATE RULE 10(e)", 2 pages

3

2. **Exhibit 2:** Declaration of Brian David Hill in support of "PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURUANT TO APPELLATE RULE 10(e)", 5 pages
3. **Exhibit 3:** Declaration of Stella Forinash in support of "PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURUANT TO APPELLATE RULE 10(e)", 3 pages
4. **Exhibit 4:** Declaration of Kenneth Forinash in support of "PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURUANT TO APPELLATE RULE 10(e)", 2 pages

Total of 12 pages, excluding 4 pages of exhibit page markers. 16 pages total.

Other witnesses that are able to testify as to what was said at that hearing as to the omitted information from Transcript as are follows:

1. Witness Jason McMurray, United States Probation Officer in the Western District of Virginia, Roanoke Division.
2. Attorney Renorda Pryor, counsel who had appeared on behalf of Defendant with Defendant at the hearing.
3. Government's witness Sergeant Robert Jones, of Martinsville Police Department in the Commonwealth/State of Virginia.
4. Any Deputy U.S. Marshal that was present at that hearing and remembers anything that was said at that hearing in Winston-Salem.

Brian requests that if the four witnesses statements under Declaration isn't enough to warrant correction of the Transcript from the record for appeal in case nos. #19-

4

7483 and #19-4758, then Brian requests that the Court subpoena all witnesses named above to either submit Declarations or supply any testimony to this Court in regards to the omissions from the official Transcript of the Federal Court hearing dated September 12, 2019.

The issues that need to be addressed over what was believed to have been omitted from the "09-12-19 USA v. Brian D. HIll.pdf" Transcript file that was emailed to Brian's mother from Court Reporter Briana Bell are as follows:

1. The Assistant U.S. Attorney Anand Prakash Ramaswamy had made a statement or had asked witness Roberta Hill about "Wikipedia" in response to her testimony about "carbon monoxide" in regards to her testimony explaining her research into carbon monoxide, and as to why she thought Brian had exhibited the weird behavior on September 21, 2018. The mentioning of "Wikipedia" by Anand Prakash Ramaswamy was omitted from the Transcript. At least I believe that it was Anand Prakash Ramaswamy as I do not see Renorda Pryor trying to mention the term "Wikipedia" in regards to my mother's claim about carbon monoxide and things she had researched on the internet. I did see her research about carbon monoxide, she had printed PDF files for me in regards to the National Institute of Health and the other articles including one from the Centers for Disease Control. That is why I still remember the words quite clearly about hearing an attorney mention the word "Wikipedia" or something like "it was probably found on Wikipedia" or "it was probably from Wikipedia" or something to that affect. From the Transcript however, the Judge mentioned about "Wikipedia" with no source of that word "Wikipedia" in the Transcript. Shows that the word "Wikipedia" was mentioned by somebody at the hearing/proceeding on the record but Brian and other witnesses

5

believe it was erroneously omitted from the official transcript. The Judge said on page 58 of that Transcript: *"THE COURT: I mean, it's not -- it's scientific evidence, and there's no indication she's qualified to -- I don't even know what her source was, whether it was Wikipedia or what have you"*. Where did the judge get his opinion about "Wikipedia" in regards to Roberta Hill when it was not mentioned in the Transcript in any other page?

Citing Document #195, Filed 09/30/19, Page 3 of 4:

*"The transcripts still have not yet been furnished by the Court Reporter of that hearing, but Assistant United States Attorney Anand Prakash Ramaswamy ("Ramaswamy") had made a verbal claim at that Final Revocation Hearing that the claimed Carbon Monoxide research was found on Wikipedia on the internet in an attempt to discredit both Roberta Hill (the witness) and Brian David Hill (the Defendant). Exhibit 3 under Document #181-4, was material that was researched by family and was cited from the National Institute of Health, a federal government organization of the United States. If you had noticed the little text in Case 1:13-cr-00435-TDS Document 195 Filed 09/30/19 Page 3 of 20 that exhibit, it says "...ncbi-nlm.nih.gov..." which is a federal government domain name. It also cites reliable sources such as "Kent Olson, MD, FACEP, FACMT, FACCT, Medical Director and Clinical Professor of Medicine & Pharmacy# and Craig Smollin, MD, Assistant Medical Director and Clinical Professor of Medicine". That was not from "Wikipedia" as Ramaswamy had claimed at the SRV revocation hearing. The Judge would have had access to that document (Document #181-4) and didn't care to correct Ramaswamy on the fact that none of the research materials presented in Document #181 and attachments were from this alleged "Wikipedia". That was a lie/falsehood by Ramaswamy and the judge knew that was a lie but he had decided to defend or protect Ramaswamy and ignore the testimony of both Roberta Hill and United States Probation Officer Jason McMurray ("McMurray") to give Defendant the maximum punishment for this revocation. Exhibit 6 from Document #181-7 was sourced from the Centers for Disease Control ("CDC") which is also a well-respected federal government agency that deals with public health and safety. So Ramaswamy was attempting to demean these federal agencies as calling them collectively, "Wikipedia" type of source when he had questioned witness Roberta Hill on the stand in an attempt to discredit Brian David Hill's claims and Roberta Hill to make them out to be either incompetent, not credible, or liars."*

It is ironic that after Brian David Hill files this motion on September 30, 2019, mentioning about what he claimed would be in the Transcript in regards to the "Wikipedia" comment that no Wikipedia comment is in the transcript except a one-time mention by "The Court" which would be the Hon. Judge Thomas D. Schroeder. This issue must be corrected to show that Assistant U.S. Attorney Anand Prakash Ramaswamy had indeed mentioned that statement about "Wikipedia".

2. Attorney Renorda Pryor had asked Government's witness Sergeant Robert Jones of Martinsville Police Department a particular question and his answer that was omitted for the transcript. Attorney Pryor had asked Robert Jones if Brian was being obscene and he had answered no to that question, either "no" or "I don't think so" or that he didn't think that he was.
3. Officer Robert Jones had mentioned about Brian having clothes in his backpack, a watch (or pocket watch), and flashlights.

Only three (3) things were not in the Transcript file that Brian David Hill and others remember were verbally said at the hearing.

There are several reasonable explanations as to why this could have potentially happened.

The first reasonable explanation was that the Court Reporter had not typed up those verbal statements in real time which would be unlikely for a professional court reporter but mistakes can happen as to human beings, who get caught up in human errors. Which to error is to be human, but errors can be corrected. Brian isn't going to hold it against the Court Reporter for accidental errors and the Court should not hold it against the Court Reporter either. As long as the Transcript is

7

corrected or the omitted information can be part of the record for appeal transmittal, there are no issues that create a harmful impact on either party in this case.

The second reasonable explanation is that if the Court Reporter had been compelled by any person or by any means to omit certain information from the Transcript, that it can be forensically proven upon any investigation that is to be conducted. All transcripts that are not aided by audio recordings, are created in real-time during a hearing/proceeding by use of a mechanical stenotype reporter and are unedited which means it can contain possibly typographical errors. The unedited transcript has a higher chance of errors being found but it is the raw computer file of the transcription conducted by a court reporter if a computer was used in the transcription process. Likely after each court hearing or trial, a file is created and saved on the Court Reporter's assigned computer in the courtroom, and is date/time stamped after the file is created and after the hearing has been finished. If the transcript was to ever have been possibly doctored or modified by whatever influence which could trigger such fraudulent activity, it can be proven if the original unedited transcript has a later modified file date and time stamp when originally unedited transcript files were created primarily on the day of the hearing or hearings that was transcribed and would have been saved to a computer file (presumably a document file) after the hearing. If the transcript, by any elicit means, was ever altered or information removed from the transcript computer file, the modified date and time stamps would have been altered to show a completely different day than the hearing, and of course would be a more recent day which would differ from the day of the original hearing. Computer forensics could check out and investigate the Court Reporter's laptop computer to check the particular transcript for the original hearing, the unedited transcript, and compare it with the

edited and finished transcript that was certified by the Court Reporter. The omissions could have been simply that the Court Reporter had an accidental lapse in typing up the transcript in real-time during the hearing which is human error and is not intentional at all. If it was intentional, the original file should be checked and cross referenced with the edited official transcript to see if anything was removed from the edited version that clearly should not have been removed. If the unedited transcript file was edited at a later time which would mean that it was permanently modified and the original may not be recoverable, then the unedited real-time transcript was compromised then becomes a fraudulent document and the hearing transcript record was fraudulently altered in such a way that sanctions must be conducted against the Court Reporter, and that such alteration deprives Brian David Hill, the criminal defendant, of due process of law in our Constitution as the omissions may include issues of significant importance for record on appeal (ROA).

## ANALYSIS

Review is not required unless a deponent or party requests it. FRCP 30(e)(1); Holland v. Cedar Creek Mining, Inc., 198 F.R.D. 651, 48 Fed. Rules Serv. 3d 1142 (S.D. W. Va. 2001). Conversely, corrections are not permitted unless review is requested. EBC, Inc. v. Clark Bldg. Systems, Inc., 618 F.3d 253 (3d Cir. 2010).

FRCP 30(e) is not restricted to correcting stenographical errors. *See Unlimited Resources, Inc. v. Deployed Resources, LLC*, 75 Fed. Rules Serv. 3d 938 (M.D. Fla. 2010) (court permitted both substantive and corrective changes but imposed safeguards to prevent abuse, including reopening deposition on amended answers at deponent's expense and allowing both versions of transcript to be read at trial); *Dering v. Service Experts Alliance LLC*, 69 Fed. Rules Serv. 3d 939 (N.D. Ga. 2007) (party permitted to make changes which expanded upon but did not

9

contradict his deposition testimony; however, deponent added sufficient additional information to warrant reopening deposition).

A request for review is an "absolute prerequisite" to deposition corrections. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217 (9th Cir. 2005).

The general rule of a closed appellate record is not absolute. Attorneys requesting that federal courts of appeals consider materials not in the district court record can rely on three possible avenues to supplement the record on appeal: (1) Rule 10(e)(2)(C) of the Federal Rules of Appellate Procedure, (2) Rule 201 of the Federal Rules of Evidence, and (3) the inherent equitable authority of the federal courts of appeals. This analysis may use hypothetical scenarios to examine the various contexts in which each of these avenues may present a means of supplementing the record on appeal.

See Lowry v. Barnhart, 329 F.3d 1019, 1024 (9th Cir. 2003), See id. (citing Fed. R. App. P. 10(e)(2)(C) and Fed. R. Evid. 201, and listing the three exceptions to the general rule of reviewing a closed record). Rule 48 of the Federal Rules of Appellate Procedure also provides for appellate fact-finding in the form of appointing a "special master to hold hearings, if necessary, and to recommend factual findings and disposition in matters ancillary to proceedings in the court." Fed. R. App. P.48. The Advisory Committee Note indicates, however, that the Rule is not intended to alter the practice of remanding unresolved factual issues to trial courts, but applies instead to ancillary matters such as the "application for fees or eligibility for Criminal Justice Act status on appeal." Fed. R. App. P. 48, advisory comm. n. Thus, while Rule 48 allows for supplementation of the appellate record with evidence not in the district court record, its limited purpose greatly restricts the nature of the evidence permitted.

10

Rule 10(e)(2)(C) of the Federal Rules of Appellate Procedure and Rule 201 of the Federal Rules of Evidence, They apply only in very specific and narrow circumstances-<u>correcting inadvertent omissions</u> under FRAP 10(e)(2)(C) or taking judicial notice of highly indisputable facts or directly related court proceedings under FRE 201.

Rule 10(e)(2)(C) Intended to permit correction of the appellate record to accurately reflect what happened in the district court, See U.S. ex rel. Mulvaney v. Rush, 487 F.2d 684, 687 n. 5 (3d Cir. 1973).

FRAP 10(e)(2) provides that:

[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals.

Accordingly, most federal courts of appeals interpret FRAP 10(e)(2) to allow supplementing the appellate record "only to correct inadvertent omissions, not to introduce new evidence." The courts of appeals are willing to supplement the record with materials not in the district record only if the materials were relied on in the district court proceedings and would have been introduced into the district court record but for inadvertent omission. See Adams v. Holland, 330 F.3d 398, 406 (6th Cir. 2003) ("Thus, the purpose of amendment under this rule is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence not before the District Court, even if the new evidence is substantial.") (citation omitted; emphasis in original); Thompson v. Bell, 373 F.3d 688, 690 (6th Cir. 2004) (adhering to court's "previous

11

interpretation that Rule 10(e) does not allow inclusion in the appellate record of material that the district court did not consider"), reversed on other grounds, 545 U.S. 794(2005). The Tenth Circuit has even refused supplementation under FRAP 10(e)(2) when the omission arose from logistical or technical difficulties encountered at the district court level by a pro se litigant. Duvall v. Putnam City Sch. Dist., 530 Fed. Appx. 804, 806 n. 1(10th Cir. 2013).

Even if the omission from the district court record was not inadvertent, some federal courts of appeals allow supplementation under FRAP 10(e)(2) when (1) the proffered materials bear heavily on the merits of the issue before the court, [1] (2) a new issue arises on appeal,[2] (3) the subject of appellate review is a habeas petition or an appeal from an administrative proceeding,[3] or (4) the proffered materials have been stipulated to by both parties.[4]

---

[1] In reviewing a criminal defendant's allegations of ineffective assistance, which were premised on trial counsel's failure to move for suppression of particular evidence, the Second Circuit permitted supplementation of the appellate record because the government had provided defendant's trial counsel with the materials but had never filed them with the district court. See U.S. v. Aulet, 618 F.2d 182, 185-87 (2d Cir. 1980). The Second Circuit reasoned that because the omitted materials may have been the very reason that prompted defendant's trial counsel to forgo the motion to suppress, the court could not justify "ignoring these materials which bear heavily on the merits of [defendant's] claim." Id. at187. The reader should note that permitting supplementation with materials that "bear heavily on the merits" is likely limited to the context of habeas petitions. See infra Part11(d) (discussing the courts' demonstration of particular leniency in permitting requests by habeas petitioners to supplement the record). Otherwise, such a potentially broad exception risks undermining the general rule of a closed appellate record. A federal court of appeals may also permit supplementing the appellate record with materials that the district court excluded when that evidentiary ruling is itself on appeal. See e.g. U.S. v. Stoltz, 683 F.3d934, 936 n. 3 (8th Cir. 2012).

[2] If a new issue arises on appeal, the Third Circuit has permitted supplementation under FRAP 10(e) when both parties agreed to stipulate to a fact relating to a potential mootness barrier. Brody v. Spang, 957 F.2d 1108, 1114 n. 4 (3d Cir. 1992)

[3] In cases of judicial review of administrative proceedings or habeas petitions, the federal courts of appeals have also demonstrated willingness to supplement the record with materials from state courts or agency proceedings, even if they were omitted from the district court record. See ML. v. Fed. Way Sch. Dist., 394 F.3d 634, 641 n. 8 (9th Cir.2005) (granting supplementation of the appellate record with testimony from the administrative proceeding because a reviewing court must examine the administrative record as a whole, even if the district court record did not include the testimony in question); Crockett v. Hulick, 542 F.3d 1183, 1188 n. 3 (7th Cir. 2008) (granting supplementation of the record with jurors' affidavits and accountability instruction from a habeas petition)

[4] See Williams v. Drake, 146 F.3d 44, 50 n. 6 (1st Cir. 1998) (noting that "[a]lthough the trial transcript is silent on the magistrate's response to the removal request, the parties have filled the gap by stipulating to

It is clear that the Federal Rules of Appellate Procedure allow correcting the record of the errors of omission in the District Court including Transcripts. Either by having the Court Reporter cross reference the unedited transcript with the official edited transcript, locate the omitted information, and making sure to add the omitted information into the edited transcript and then modify the document and notify all parties that the transcript had been corrected and that it was an inadvertent error. If the error cannot be originally corrected, then the affidavits in attachment to this Motion may be a supplement that the Court of Appeals and the U.S. District Court can consider as information that is part of the September 12, 2019, hearing that should be transmitted along with the transcript and could be considered part of the Record on Appeal (ROA) for the two appeal cases. Then added to the appeal as an additional supplement to the Transcript that has the omissions of information that should have been part of the ROA.

## CONCLUSION

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court grant this Motion and compel the Court Reporter Briana

---

the substance of the magistrate's reply," and accepting that stipulation); Jeffrey C. Dobbins, New Evidence on Appeal, 96 Minn. L. Rev. 2016,2034 (2012) ("Courts and commentators will occasionally suggest that stipulation by the parties can permit a court to consider evidence that was not before the trial court."); but see also id. ("On the other hand, there is plenty of case law supporting the traditional rule, under which appellate courts will refuse to consider supplemental evidence on appeal even when the parties are willing to stipulate to its accuracy and to its inclusion in the appellate record."); cf Jones v. Jackson Natl. Life Ins. Co., 819 F. Supp. 1385, 1387 (W.D. Mich.1993) (refusing to augment district court record on the basis of parties' stipulation, and pointing out that "[t]o the extent there may be an 'inherent equitable power' to supplement the record exceeding the power provided in Rule 10(e), such power is to be exercised not by this Court, but by the Court of Appeals") (citations omitted). See infra Part II(a)(2) for a discussion of courts' inherent equitable power. Individual courts may also have local rules that permit supplementation of the appellate record with unopposed materials. See e.g. Duvall, 530 Fed. Appx. at 806 n. I (noting that "[u]nder its authority pursuant to Tenth Circuit Rule 27.3(A)(3), the clerk granted the unopposed portion of Ms. Duvall's motion [to supplement]").

Bell to correct her omissions from her official Transcript for the hearing/proceeding dated September 12, 2019;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court consider that if there is no way possible to find where the omissions would go in the transcript, that the Court can permit the issues raised in Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 to supplement the omissions in the record to correct the issues of her omissions from her official Transcript for the hearing dated September 12, 2019;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court Transmit this Motion and all attached Exhibits to the Court of Appeals for the Fourth Circuit in case nos. #19-7483 and #19-4758 during the Motion pending to notify the Court of Appeals of the Transcript omission issues while it is ongoing prior to resolving and disposing of the issues in this Motion;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that if the Court Reporter Briana Bell intends to correct such omissions as simply human errors in her filed Document #215 transcript, that the correct Transcript pdf file be emailed to Roberta Hill for Brian Hill for free without any additional fee charge (since his family paid $388 for the transcript to be quickly furnished), and the corrected transcript be transmitted to the U.S. Court of Appeals for all pending cases concerning the Transcript, and that all attorneys who had asked for the original edited Transcript be emailed the corrected version to prevent mistakes from being finalized for the Record on Appeals;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that if the omissions cannot be corrected by the Court Reporter after being confronted with these issues, that an investigation should be conducted by any

14

appropriate authority and that there should be a forensic examination of the Court Reporter's computer equipment to check for evidence of any intentional document modification or omissions;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that if the transcript was ever proven to be an intentional act of releasing a fraudulently modified document file or information illegally omitted or removed from the document file, that sanctions be placed against that Court Reporter and that the victims of such omission be compensated financially and documented as possible due process violations and possible fraud or frauds upon the court which may void the Document #200 judgment as voidable judgment;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests any other relief that the Court deems necessary and proper for the interests of justice that so require;

Respectfully filed with the Court, this the 7th day of November, 2019.

Respectfully submitted,

*Brian D. Hill*
Signed             Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

15

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C. § 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on November 7, 2019, service was made by mailing the original of the foregoing:

"PETITIONER'S AND CRIMINAL DEFENDANT'S MOTION TO CORRECT OR MODIFY THE RECORD PURUANT TO APPELLATE RULE 10(e) (Doc. #215)"

by deposit in the United States Post Office, in an envelope (Express Mail), Postage prepaid, on November 7, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CMIECF system which will send notification of such filing to the following parties to be served in this action:

| | |
|---|---|
| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th | |

| Floor, Greensboro, NC 27401 <br> john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: <br><br> November 7, 2019 | Respectfully submitted, <br> *Brian D. Hill* <br> Signed <br> Brian D. Hill (Pro Se) <br> 310 Forest Street, Apartment 1 <br> Martinsville, Virginia 24112 <br> Phone #: (276) 790-3505 <br>  <br> I stand with QANON/Donald-Trump – Drain the Swamp <br> I ask Qanon and Donald John Trump for Assistance (S.O.S.) <br> Make America Great Again |

I ask Department of Defense ("DOD") military Constitutional oath keepers, alliance, Qanon for help in protecting me from corruption and criminal behavior of Government.

Express Mail tracking no: EL 334901015 US

Friend's justice site: JusticeForUSWGO.wordpress.com

17

Case 1:13-cr-00435-TDS   Document 216   Filed 11/08/19   Page 17 of 17