In the United States District Court
For the Middle District of North Carolina

| | |
|---|---|
| Brian David Hill,<br>Petitioner/Defendant<br><br>v.<br><br>United States of America,<br>Respondent/Plaintiff | Criminal Action No. 1:13-CR-435-1<br><br>Civil Action No. 1:17-CV-1036 |

# REQUEST THAT THE U.S. DISTRICT COURT VACATE FRAUDULENT BEGOTTEN JUDGMENT, VACATE THE FRAUDS UPON THE COURT AGAINST BRIAN DAVID HILL

Criminal Defendant and § 2255 Motion Petitioner Brian David Hill is respectfully requesting that the earlier Motion under Document #199, be granted.

The MOTION was entitled "Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and Brief/Memorandum of Law in Support of Requesting the Honorable Court in this case Vacate Fraudulent Begotten Judgment or Judgments" filed by BRIAN DAVID HILL. Response to Motion due by 10/25/2019. (Attachments: # 1 Supplement 1, # 2 Supplement 2, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Envelope - Front and Back) (Civil Case number: 17CV1036) (Garland, Leah) (Entered: 10/04/2019).

The U.S. Attorney Office had until October 25, 2019 to respond to that motion, to oppose that motion, and did not object to it and did not file any response thereto. "Response to Motion due by 10/25/2019."

1

Therefore to prevent any further injury, miscarriage of justice, and frauds against the party "Brian David Hill" in this criminal case, Brian requests that the Motion for Sanctions under Document #199 be granted As Soon As Possible.

The Supervised Release Violation under Document #122 is a nullity and should be considered a void judgment on the basis of fraud, ineffective counsel, and due process violations. Brian is considering filing a Writ of Mandamus or Writ of Prohibition to order that the fraudulent begotten judgment or judgments be vacated and nullified.

## CONSTITUTION INVOLVED

<u>Fifth and Fourteenth Amendments</u>

Guarantee all citizens the right to equal protection
under the laws and due process in all courts from
being deprived of life, liberty and property, without
due process under the laws of the land.

## CASE LAW INVOLVED

Ex Parte Seidel, 39 S.W.3d 221 (2001), Court of Criminal Appeals of Texas, En Banc.

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). Since the trial court's dismissal "with prejudice" was void, it may be attacked either by direct appeal or collateral attack. See Ex parte Shields, 550 S.W.2d at 675.

The law is well-settled that a void order or judgement is void even before reversal", VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348, 41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850). It has also been held that" It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or, collateral.' Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). <u>A court' cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court</u>", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const.

FRCP RULE 60(b) FRCP Rule 60(b) provides that the court may relieve a party from a final judgment and sets forth the following six categories of reasons for which such relief may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a judgment is void; (5) circumstances under which a judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

3

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1)-(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b).

This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985).

When appeal is taken from a void judgment, the appellate court must declare the judgment void, because the appellate court may not address the merits, it must set aside the trial court's judgment and dismiss the appeal. A void judgment may be attacked at any time by a person whose rights are affected. See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1994, no writ); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.—Tyler Aug. 30, 1999, no pet. h.).

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999).

<u>Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process,</u> U.S.C.A. Const. Amend. 5 – *Triad Energy Corp. v. McNell* 110 F.R.D. 382 (S.D.N.Y. 1986).

A void judgment is one which, from its inception, was, was a complete nullity and without legal effect, Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985).

A void judgment is one which, from its inception, was a complete nullity and without legal effect, Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972).

<u>A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree</u> – *Loyd v. Director, Dept. of Public Safety,* 480 So. 2d 577 (Ala. Civ. App. 1985).

<u>A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment,</u> *City of Los Angeles v. Morgan,* 234 P.2d 319 (Cal.App. 2 Dist. 1951). <u>Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects,</u> *Ward v. Terriere,* 386 P.2d 352 (Colo. 1963).

A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, *Davidson Chevrolet, Inc. v. City and County of Denver,* 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed. 2d 629 (Colo. 1958).

*People v. Sales,* 551 N.E.2d 1359 (Ill.App. 2 Dist. 1990). <u>Res judicata consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect,</u> *Allcock v. Allcock* 437 N.E. 2d 392 (Ill. App. 3 Dist. 1982).

Void judgment is one which, from its inception is complete nullity and without legal effect *In re Marriage of Parks,* 630 N.E. 2d 509 (Ill. App. 5 Dist. 1994). Void judgment is one entered by court that lacks the inherent power to make or enter the particular order involved, and it may be attacked at any time, either

5

directly or collaterally; such a judgment would be a nullity *People v. Rolland* 581 N.E.2d 907, (Ill. App. 4 Dist. 1991).

<u>Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment</u>, U.S.C.A. Const. Amed. 5, *Hays v. Louisiana Dock Co.,* 452 *n.e.2D* 1383 (Ill. App. 5 Dist. 1983).

<u>A void judgment has no effect whatsoever and is incapable of confirmation or ratification</u>, *Lucas v. Estate of Stavos,* 609 N. E. 2d 1114, rehearing denied, and transfer denied (Ind. App. 1 dist. 1993).

Void judgment is one that from its inception is a complete nullity and without legal effect *Stidham V. Whelchel,* 698 N.E.2d 1152 (Ind. 1998).

Relief form void judgment is available when trial court lacked either personal or subject matter jurisdiction, *Dusenberry v. Dusenberry,* 625 N.E. 2d 458 (Ind.App. 1 Dist. 1993).

Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14 *Matter of Marriage of Hampshire,* 869 P.2d 58 ( Kan. 1997).

Judgment is void if court that rendered it lacked personal or subject matter jurisdiction; void judgment is nullity and may be vacated at any time, *Matter of Marriage of Welliver,* 869 P.2d 653 (Kan. 1994).

A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process *In re Estate of Wells,* 983 P.2d 279, (Kan. App. 1999).

Void judgment is one rendered in absence of jurisdiction over subject matter or parties 310 N.W. 2d 502, (Minn. 1981). A void judgment is one rendered in absence of jurisdiction over subject matter or parties, *Lange v. Johnson,* 204 N.W.2d 205 (Minn. 1973).

<u>A void judgment is one which has merely semblance, without some essential element, as when court purporting to render is has no jurisdiction</u>, *Mills v. Richardson,* 81 S.E. 2d 409, (N.C. 1954).

6

A void judgment is one which has a mere semblance, but is lacking in some of the essential elements which would authorize the court to proceed to judgment, *Henderson v. Henderson,* 59 S.E. 2d 227, (N.C. 1950).

Void judgment is one entered by court without jurisdiction to enter such judgment, *State v. Blankenship* 675 N.E. 2d 1303, (Ohio App. 9 Dist. 1996).

**Void judgment, such as may be *vacated at any time* is one whose invalidity appears on face of judgment roll,** *Graff v. Kelly,* 814 P.2d 489 (Okl. 1991). A void judgment is one that is void on face of judgment roll, *Capital Federal Savings Bank v. Bewley,* 795 P.2d 1051 (Okl. 1990).

Where condition of bail bond was that defendant would appear at present term of court, judgment forfeiting bond for defendant's bail to appear at subsequent term was a void judgment within rule that *laches does not run against a void judgment* Com. V. Miller, 150 A.2d 585 (Pa. Super. 1959).

A void judgment is one which shows upon face of record a want of jurisdiction in court assuming to render the judgment, *Underwood v. Brown,* 244 S.W. 2d 168 (Tenn. 1951).

A Void judgment is one which shows upon face of record want of jurisdiction in court assuming to render judgment, and want of jurisdiction may be either of person, subject matter generally, particular question to be decided or relief assumed to be given, *State ex rel. Dawson v. Bomar,* 354 S.W. 2d 763, certiorari denied, (Tenn. 1962).

A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, *State v. Richie,* 20 S.W.3d 624 (Tenn. 2000).

A void judgment is one which shows on face of record the want of jurisdiction in court assuming to render judgment, which want of jurisdiction may be either of the person, or of the subject matter generally, or of the particular question attempted to decided or relief assumed to be given, *Richardson v. Mitchell,* 237 S.W. 2d 577, (Tenn.Ct. App. 1950).

A **void** judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

7

<u>A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud</u>, *In re Adoption of E.L.,* 733 N.E.2d 846, (Ill. App. 1 Dist. 2000). Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties, *Cockerham v. Zikratch,* 619 P.2d 739 (Ariz. 1980).

Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, *Irving v. Rodriquez,* 169 N.E.2d 145, (Ill. app. 2 Dist. 1960). <u>Invalidity need to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record</u>, *Crockett Oil Co. v. Effie,* 374 S.W.2d 154 ( Mo. App. 1964).

Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, *People ex rel. Brzica v. Village of Lake Barrington,* 644 N.E.2d 66 (Ill. App. 2 Dist. 1994).

While voidable orders are readily appealable and must be attacked directly, void order may be circumvented by collateral attack or remedied by mandamus, *Sanchez v. Hester,* 911 S.W.2d 173, (Tex. App. – Corpus Christi 1995). Arizona courts give great weight to federal courts' interpretations of Federal Rule of Civil Procedure governing motion for relief from judgment in interpreting identical text of Arizona Rule of Civil Procedure, *Estate of Page v. Litzenburg,* 852 P.2d 128, review denied (Ariz. App. Div. 1, 1998).

**When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory,** *Orner v. Shalala,* 30 F.3d 1307, (Colo. 1994).

Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside, *Jaffe and Asher v. Van Brunt,* S.D.N.Y.1994. 158 F.R.D. 278.

A "void" judgment as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by ).

**No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been.** 10/13/58 *FRITTS v. KRUGH.* SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97.

In *Stoesel v. American Home,* 362 Sel. 350, and 199 N.E. 798 (1935), the court ruled and determined that, "Under Illinois Law and Federal Law, when any officer of the Court has committed "fraud on the Court", the order and judgment of that court are void and of no legal force and effect." In *Sparks v. Duval County Ranch,* 604 F.2d 976 (1979), the court ruled and determined that, "No immunity exists for co-conspirators of judge. There is no derivative immunity for extra-judicial actions of fraud, deceit and collusion." In *Edwards v. Wiley,* 374 P.2d 284, the court ruled and determined that, "Judicial officers are not liable for erroneous exercise of judicial powers vested in them, but they are not immune from liability when they act wholly in excess of jurisdiction." See also, *Vickery v. Dunnivan,* 279 P.2d 853, (1955). In *Beall v. Reidy,* 457 P.2d 376, the court ruled and determined, "Except by consent of all parties a judge is disqualified to sit in trial of a case if he comes within any of the grounds of disqualification named in the Constitution. In *Taylor v. O'Grady,* 888 F.2d 1189, 7th Cir. (1989), the circuit

9

ruled, "Further, the judge has a legal duty to disqualify, even if there is no motion asking for his disqualification." Also, when a lower court has no jurisdiction to enter judgment, the question of jurisdiction may be raised for the first time on appeal. See *DeBaca v. Wilcox,* 68 P. 922. The right to a tribunal free from bias and prejudice is based on the Due Process Clause. Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his/her property, then the judge has engaged in the crime of interference with interstate commerce; the judge has acted in his/her personal capacity and not in the judge's judicial capacity. See *U.S. v. Scinto,* 521 F.2d 842 at page 845, 7th circuit, 1996. Party can attack subject matter jurisdiction at anytime in the proceeding, even raising jurisdiction for the first time on appeal, *State v. Begay,* 734 P.2d 278. "A prejudiced, biased judge who tries a case deprives a party adversely affected of due process." See *Nelson v. Cox,* 66 N.M. 397.

"Where a court failed to observe safeguards, it amounts to **denial of due process of** law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

Federal Rules of Civil Procedure, Rule 60. Relief from Judgment or Order:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. Where necessary parties in government have actual notice of suit, suffer no prejudice from technical defect in service, and there is justifiable excuse for failure to serve properly, courts should not construe rule 4 of these rules governing service so

rigidly, or construe this rule governing relief from orders so narrowly, as to prevent relief from dismissal, especially where dismissal signals demise of all or some of plaintiff's claims. Jordan v. U.S., C.A.D.C. 1982, 694 F.2d 833, 224 U.S. App. D.C. 267. A liberal construction of this rule is particularly appropriate where equitable considerations are involved. Johnson Waste Materials v. Marshall, C.A.5 (Tex) 1980, 611 F.2d 593. This rule authorizing a court on motion to relieve a party or a legal representative from a final judgment or order for any reason justifying relief is to be liberally applied in a proper case, that is, in a case involving extraordinary circumstances or extreme hardship. U.S.S. v. Cirami, C.A.2 (N.Y) 1977, 563 F.2d 26, on remand 92 F.R.D. 483. See, also, Marquette Corp. v. Priester, D.C.S.C.1964, 234 F.Supp. 799;U.S. v. $3,216.59 in U.S. Currency, D.C.S.C.1967, 41 F.R.D. 433. Subd. (b)(4) to (6) of this rule that court may relieve party from final judgment if it is void, if it is no longer equitable that judgment should have prospective application or for any other reason justifying relief from operation of judgment, is to be liberally construed to carry out purpose of avoiding enforcement of erroneous judgment. Blanchard v. St. Paul Fire & Marine Ins. Co., C.A.5 (Fla.) 1965, 341 F.2d 351, certiorari denied 86 S.Ct. 66, 382 U.S. 829, 15 L.Ed.2d 73. This rule should be liberally construed for purpose of doing substantial justice. In re Hankins, N.D.Miss.1973, 367 F.Supp. 1370. See, also, Fackelman v. Bell, C.A.Ga.1977, 564 F.2d 734; Radack v. Norwegian America Line Agency, Inc., C.A.N.Y.1963, 318 F.2d 538; Triplett v. Azordegan, D.C.Iowa 1977, 478 F.Supp. 872; Tann v. Service Distributors, Inc., D.C.Pa.1972, 56 F.R.D. 593, affirmed 481 F.2d 1399. This rule establishing requirement for granting relief from a final judgment or order is to be given a liberal construction. U. S. v. One 1966 Chevrolet Pickup Truck, E.D.Tex.1972, 56 F.R.D. 459. 7. — Void judgment clause: Although this rule providing for relief from judgment is not substitute for appeal and finality of judgments ought not be disturbed except on

very narrow grounds, liberal construction should be given this rule to the end that judgments which are void or are vehicles of injustice not be left standing. Brennan v. Midwestern United Life Ins. Co., C.A.7 (Ind.) 1971, 450 F.2d 999, certiorari denied 92 S.Ct. 957, 405 U.S. 921, 30 L.Ed.2d 792.

### There is no time limit when a judgment is void:

*Precision Eng. V. LPG*, C.A. 1st (1992) 953 F.2d 21 at page 22, *Meadows v. Dominican Republic* CA 9th (1987) 817 F.2d at page 521, *In re: Center Wholesale, Inc.* C.A. 10th (1985) 759 F.2d 1440 at page 1448, *Misco Leasing v. Vaughn* CA 10th (1971) 450 F.2d 257, *Taft v. Donellen* C.A. 7th (1969) 407 F.2d 807, and *Bookout v. Beck* CA 9th (1965) 354 F.2d 823. See also, *Hawkeye Security Ins. V. Porter*, D.C. Ind. 1982, 95 F.R.D. 417, at page 419, *Saggers v. Yellow Freight* D.C. Ga. (1975) 68 F.R.D. 686 at page 690, *J.S. v. Melichar* D.C. Wis. (1972) 56 F.R.D. 49, *Ruddies v. Auburn Spark Plug.* 261 F. Supp. 648, *Garcia v. Garcia*, Utah 1986 712 P.2d 288 at page 290, and *Calasa v. Greenwell*, (1981) 633 P.2d 555 at page 585, 2 Hawaii395. "Judgment was vacated as void after 30 years in entry," *Crosby. V. Bradstreet, CA 2nd (1963) 312 F.2d 483 cert. denied 83 S.Ct. 1300, 373 US 911, 10 L. Ed. 2.d 412. "Delay of 22 years did not bar relief," U.S. v. Williams, D.C. Ark. (1952) 109 F.Supp. 456.*

## GOVERNMENT DID NOT FILE ANY OBJECTIONS TO AND NO RESPONSES TO MOTION FOR SANCTIONS UNDER DOCUMENT #199 AND SECOND MOTION FOR SANCTIONS UNDER DOCUMENT #206

Government/Respondent, Counsel for the United States of America did not object to any of the Doc. #199 and #206 claims raised by Petitioner/Defendant Brian David Hill in regards to being a victim of a "fraud upon the court" and that the Court should vacate the fraudulent begotten judgment or judgments based on the issues raised.

Government had until October 25, 2019, to respond to the allegations in Document #199 but they did not respond to the allegations against Anand Prakash

12

Ramswamy, counsel representing the United States of America, as well as others. That motion was well grounded in law as well as case law authorities as all Courts have an inherit power to attack any frauds upon the court either on appeal or collaterally at any time and isn't subject to a statute of limitations.

Government had until November 5, 2019, to respond to the allegations in Document #206 but they did not respond to the allegations that the United States Probation Office has entered a fraudulent begotten *"Petition for Warrant or Summons for Offender Under Supervision"* (See Document #157) under oath or affirmation which is perjury on its face and subject to impeachment. That motion was well grounded in law as well as case law authorities as all Courts have an inherit power to attack any frauds upon the court either on appeal or collaterally at any time and isn't subject to a statute of limitations. The original Petition under Doc. #157 is a nullity from its inception and should not have been carried as a valid charge. The finding of violation under Doc. #200 should have been considered as a void judgment on its face and had no jurisdiction.

The Government and U.S. Probation Office has waived any right to challenge the allegations of fraud against them under Documents #206 and #199 by refusing to answer the allegations in Documents #206 and #199. It shows that they did not hold their position in adversity against Brian David Hill. They didn't respond when given three weeks of a deadline as if they flaunt that they do not care about Brian David Hill's actual innocence and neither do they care about violating N.C. State Bar Rule 3.8. Unless they attack any of the facts alleged in both motions for sanctions, they are kept as facts and were not challenged. If those allegations were challenged timely, then there would be a hearing to address the allegations. Since no response was made to both Motions' fraud upon the court allegations, then they are prima facie evidence of frauds unless proven otherwise.

So this request is asking the U.S. District Court to promptly, As Soon As Possible, relieve the party Brian David Hill from any further injury and cruel and unusual punishment against him by the Respondent for the judgment under Document #122 being created by frauds such as perjury, conclusory claims and misunderstandings that cannot be established as facts, and the fact that the U.S. Attorney Office in Greensboro, North Carolina refuses to correct any frauds brought to their attention by pleadings that were filed by the adverse party Brian David Hill.

Brian also requests that since the U.S. Attorney Office, the counsel for the United States of America has not objected to the Document #206 motion for sanctions in regards to the Document #157 fraud upon the court issues, that if the original petition was based upon fraud, then the entire Supervised Release Violation was voided and was a nullity from the beginning of its filing. It never should have been signed by a judge and neither should it have a force and effect. Brian warns that he may have to file a Writ of Mandamus or Writ of Prohibition asking for prohibiting enforcement of any fraudulent begotten judgments as they are a nullity and shouldn't have any consequences of a valid judgment.

The frauds need to be addressed, and such frauds on its face are grounds for vacating and nullifying the effected judgments at any time.

This is not the Third Motion for Sanctions Brian plans on filing as his last resort in his 2255 case, then Brian is considering that if the U.S. District Court in the Middle District of North Carolina does not reverse any of its fraudulent begotten judgments, then he shall ask the Court of Appeals or the U.S. Supreme Court for Writ of Mandamus or Writ of Prohibition, and ask the higher courts for remedy of relieving Brian David Hill of any or all fraudulent begotten judgments as documented and was filed properly before the Court.

As long as Brian David Hill files the proper case law authorities and his requests

14

Case 1:13-cr-00435-TDS Document 217 Filed 11/08/19 Page 14 of 18

are well grounded in law, he has every right to file a motion or request asking for any relief as well-grounded by statute, the Court's inherit power, and well-grounded by the United States Constitution.

Brian is entitled with every legal right and common law right, as a United States citizen, to ask any Court to reverse any or all of its judgments when any proof surfaces that such judgments were grounded in fraud. If the adverse party does not object to the fraud allegations, then they have consented to or not objected to losing any judgments favorable to them that such allegations directly address. Not filing any responses when the other party asks for sanctions, is the same as both parties being ordered to appear before a hearing over the issues of fraud and the party to which the allegations were directed against do not show up at the hearing to respond. They had plenty of opportunity to respond and they did not respond to the allegations against them in both Documents #199 and #206.

Brian David Hill is entitled to relief of voidable judgments, As Soon As Possible.

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court enter a vacatur of judgment under Document #122 and that it be ruled as a VOID judgment and can no longer be used against Brian David Hill (Petitioner/Defendant) as brought out in unopposed Document #199 motion;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court enter a vacatur or nullification or voiding of Document #157 as a fraudulent begotten petition for warrant or summons for offender under supervision and is a nullity from its inception as brought out in unopposed Document #206 motion;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court enter a vacatur of Document #200 as the fraudulently filed

15

petition under Document #157 that opened up the Supervised Release Violation case was a nullity from its inception and creating a judgment from a fraudulent petition on the basis of perjury and false information does not make it less voidable;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests any relief that the Court deems necessary and proper for the interests of justice that so require;

Definition: Definition of INCEPTION (Black's Law Dictionary) INCEPTION. Commencement; opening; initiation. The beginning of the operation of a contract or will, or of a note, mortgage, lien, etc.; the beginning of a cause or suit in court.

Respectfully filed with the Court, this the 7th day of November, 2019.

Respectfully submitted,

*Brian D. Hill*
Signed
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

<u>Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C. § 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!</u>

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on November 7, 2019, service was made by mailing the original of the foregoing:

"REQUEST THAT THE U.S. DISTRICT COURT VACATE FRAUDULENT BEGOTTEN JUDGMENT, VACATE THE FRAUDS UPON THE COURT AGAINST BRIAN DAVID HILL"

by deposit in the United States Post Office, in an envelope (Express Mail), Postage prepaid, on November 7, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CMIECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

17

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>November 7, 2019 | Respectfully submitted,<br><br>*Brian D. Hill*<br>*Signed* Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 1<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.**<br>I stand with QANON/Donald-Trump – Drain the Swamp<br>I ask Qanon and Donald John Trump for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|

I ask Department of Defense ("DOD") military Constitutional oath keepers, alliance, Qanon for help in protecting me from corruption and criminal behavior of Government.

Certified Mail tracking no: EL 334901015 US

Friend's justice site: JusticeForUSWGO.wordpress.com

*Qanon, S.O.S. Help Me!*