IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:17CV1036 |
| v. | ) | 1:13CR435-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed a motion (Docket Entry 125) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The undersigned recently recommended that this motion be dismissed as time-barred, or, in the alternative, be denied as meritless. (Docket Entry 210.) Petitioner has now filed a motion to amend his § 2255 motion to raise an additional ground for relief. (Docket Entry 214.) For the following reasons, the motion is denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, "A party may amend its pleading once as a matter of course within 21 days after serving it" or within 21 days of a responsive pleading or motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id*. "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). In this case, the time to amend as a matter of course has long since passed, the

Government has not consented to the amendment, and, consequently, Petitioner can only amend with the Court's permission. It would, however, be futile to permit Petitioner to amend to add this new ground for relief asserting fraud upon the Court.

More specifically, the essence of Petitioner's proposed amended ground for relief appears to be that one or more of the Assistant United States Attorneys who prosecuted him in this case framed him and that this amounted to a fraud upon the Court. (Docket Entry 214 at pdf pages 26-29.) To begin, it is far from clear that this is a new ground for relief, as this theory (*i.e.*, that Petitioner has been set-up or framed) is woven into the fabric of all of his other grounds for relief to greater or lesser degrees. In any event, Petitioner's proposed amended ground for relief fails for the same reasons that Petitioner's other grounds for relief fail. As explained in detail in the prior Recommendation (Docket Entry 210), all Petitioner's grounds are vague, conclusory, unsupported, speculative, irrelevant, and time-barred. (*See generally* Docket Entry 210.) *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). The proposed new ground for relief fails for all these reasons as well. If the Court were to permit Petitioner to amend to raise this ground, it would immediately be dismissed as time-barred, denied as meritless, or both. Given that it would be futile to permit Petitioner to pursue his proposed new ground for relief further, and given that it fails as a matter of law for multiple reasons, his motion to amend is denied as futile.[1]

---

[1] Even if Petitioner's motion were treated as an objection to the previously filed Recommendation, or as supplementary argumentation relevant to the grounds set forth in the initial § 2255 motion, Petitioner would still not be entitled to any form of relief. As explained, all his grounds for relief are vague, conclusory, unsupported, speculative, irrelevant, and time-barred.

2

Case 1:13-cr-00435-TDS   Document 219   Filed 11/20/19   Page 2 of 3

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to amend (Docket Entry 214) is **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

November 20, 2019
Durham, North Carolina