# Supplement 1

USWGO
QANON // DRAIN THE SWAMP



UNITED STATES DISTRICT COURT CASE NO. 1:13-CR-435-1
UNITED STATES DISTRICT COURT CASE NO. 1:17-CV-1036
MIDDLE DISTRICT OF NORTH CAROLINA

Supplement in attachment to "DECLARATION OF BRIAN DAVID HILL IN
OPPOSITION TO DOCUMENTS #157 AND #200"

COURT ADDRESS:
55 W. CHURCH ST. P.O. BOX 1206
MARTINSVILLE, VA 24114-1206
PHONE # : 276-403-5106

**OFFICIAL RECEIPT**
**MARTINSVILLE CIRCUIT COURT**
CIVIL

DATE : 11/18/2019     TIME : 16:03:34     CASE # : 690CL1900033100

RECEIPT # : 19000005319     TRANSACTION # : 1911800015

CASHIER : JCC     REGISTER # : E719     FILING TYPE : WHC     PAYMENT : FULL PAYMENT

CASE COMMENTS : HILL, BRIAN DAVID v. COMMONWEALTH OF VIRGINIA

SUIT AMOUNT : $0.00

ACCOUNT OF : HILL, BRIAN DAVID

PAID BY : HILL, BRIAN DAVID

CASH : $40.00

DESCRIPTION 1 : WHC:WRIT OF HABEAS CORPUS

2 : PLAINTIFF: HILL, BRIAN DAVID

3 : NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 049 | WRIT TAX (CIVIL) | $5.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 |
| 123 | LEGAL AID SERVICES | $9.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 |
| 219 | LAW LIBRARY | $2.00 |

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 304 | CIVIL FILING FEE (LAW & EQUITY) | $10.00 |
| 315 | MISCELLANEOUS FEES & COMMISSIONS | $3.00 |

TENDERED : $     40.00

AMOUNT PAID : $     37.00

CHANGE AMOUNT : $     3.00

PAYOR'S COPY     CLERK OF COURT : ASHBY R. PRITCHETT     RECEIPT COPY 1 OF 3

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

|  |  |  |
|---|---|---|
| **Brian David Hill,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Case No.** ___CL19000331-00___ |
| | ) | **(Court will supply No.)** |
| **v.** | ) | |
| | ) | |
| **Commonwealth of Virginia,** | ) | |
| **Attorney General of Virginia,** | ) | |
| | ) | |
| **Respondent,** | | |

## PETITION FOR WRIT OF HABEAS CORPUS

Criminal Defendant and Petitioner Brian David Hill (General District Court of
Martinsville case no. C18-3138, Martinsville Circuit Court case law no.
CR19000009-00), hereby files a Petition for the Writ of Habeas Corpus requesting
relief of vacating the wrongful conviction of Brian David Hill based upon the
finding of guilty on December 21, 2018, and based upon the guilty plea under
withdrawing the appeal on November 15, 2019.

Instructions-Read Carefully

In order for this petition to receive consideration by the Court, it must be legibly
handwritten or type-written, signed by the petitioner and verified (notarized). It must set forth in
concise form the answers to each applicable question. If necessary, petitioner may finish his
answer to a particular question on an additional page. Petitioner must make it clear to which
question any such continued answer refers.

Since every petition for habeas corpus must be sworn under oath, any false statement of a
material fact therein may serve as a basis of prosecution and conviction for perjury under §18.1-
273. Petitioners should, therefore, exercise care to assure that all answers are true and correct.

1

When the petition is completed, the original and two copies (total of three) should be mailed to the Clerk of the Court. The petitioner shall also keep one copy.

**Place of Detention:** Petitioner was convicted, is on strict bond conditions imposed by Federal Court as a cause of the state charge, but is not detained. However the conviction in the General District Court affects Brian's Federal Supervised Release and can cause him to be detained in a Federal Prison if he is not found legally innocent of the state charge. Petitioner is on Federal Supervised Release and is risking Federal Imprisonment if Petitioner is not found legally innocent of his state charge. So technically Petitioner is not free to come and go as he pleases and is under strict conditions, and is under the custody of the United States until the sentence of Supervised Release is finished. Additional restrictions were imposed including mandatory ankle monitor device because of the very state charge that Petitioner is challenging.

Petitioner is under more strict federal custody as a result of the state charge on September 21, 2018 and the conviction that was rendered on December 21, 2018 in General District Court. There is an ongoing appeal in the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia, but the state charge plays a role as to whether Brian David Hill will face federal prison time and as to whether Brian will be off of Federal bond conditions as a result of the state charge which triggered a federal Supervised Release Violation.

### A. Criminal Trial

**1. Name and location of the court which imposed the sentence(s) from which you seek relief:**

2

Martinsville General District Court and Martinsville Circuit Court

55 West Church Street, Martinsville, Virginia 24112

**2.    The offense or offenses for which the sentence was imposed. (include indictment number(s) if known):**

a. § 18.2-387. Indecent exposure. – September 21, 2018

**3.    The date upon which sentence was imposed and the terms of the sentence:**

a. 30 days, sentence originally imposed by General District Court on December 21, 2018, but was challenged on Appeal. Appeal was withdrawn on November 15, 2019, and a guilty plea was entered as a result. The sentence was re-imposed as 30 days on November 15, 2019, but Brian was processed and released from Jail that same day because he already had served his sentence, which is technically a sentence of time served.

**4.    Check which plea you made and whether the trial was by jury or judge:**

**Plea of guilty_X_  Plea of not guilty _X_ ; Trial by jury____  Trial by judge _X_**

Petitioner had automatically pled not guilty by default but was found guilty by the judge in the Martinsville General District Court on December 21, 2018. Petitioner filed an appeal and was appealed to the Circuit Court. Petitioner then filed a motion to withdraw appeal because the Petitioner had stated on record in Seq. #40 filing that he believed he was not going to receive a fair and impartial trial, and that the jury would have been prejudiced because of a federal conviction in the Middle District of North Carolina even though it had been challenged on Writ of Habeas Corpus since November 2017.

3

**5.    The name and address of each attorney, if any, who represented you at your criminal trial:**

Scott Albrecht - 2529 Livingston Rd., Roanoke, VA 24015, formerly Martinsville Public Defender Office

Lauren McGarry - Martinsville Public Defender Office - 10 E Main St, Martinsville, VA 24112

Matthew S. T. Clark - 711B Starling Ave, Martinsville, VA 24112-4223

**6.    Did you appeal the conviction?** Yes, to the Circuit Court, but then Petitioner had withdrawn his appeal on November 15, 2019 (*Disposition Date: 11/15/2019, Disposition: APPEAL WITHDRAWN*), because Petitioner believes that he wasn't going to receive a fair trial because of the prejudice from his wrongful federal conviction in 2014. His attorneys were ineffective.

**7.    If you answered "yes" to 6, state:**

**The result and the date in your appeal or petition for certiorari:**

General District Court Appeal Date: 12/26/2018

Appeal withdrawn on 11/15/2019 because Petitioner believes he is legally innocent and that there may be enough evidence to prove that Petitioner wasn't obscene when obscenity is required to convict Petitioner, but the jury would have been prejudiced because it was a Bible belt area, jurors would automatically feel that Petitioner is some kind of pervert or weirdo upon the Commonwealth Attorney asking Petitioner what he was convicted for in Federal Court and Petitioner was told by a private lawyer in free consultation that he would not be allowed to tell the jury that he is challenging his conviction on actual innocence and fraud upon the court by the U.S. Attorney, and that all the jury would hear is his conviction on

4

"possession of child pornography" and they would immediately think Brian was perverted and obscene based upon a 2014 wrongful conviction that is currently still being challenged on Writ of Habeas Corpus. His mom and grandparents were there during the free consultation with this private attorney. They would think he was perverted and obscene based upon an old conviction that is being challenged which contaminates the facts and testimony of what had happened on September 20-21, 2018, for Brian to be charged with indecent exposure. The federal case presents no facts that would be necessary to determine if Brian is guilty of indecent exposure on September 21, 2018, but would automatically prejudice the jury with extreme prejudice, possibly in violation of Rule 2:403 of the Virginia Rules of Evidence Part Two, Rules of the Supreme Court of Virginia, ARTICLE IV. RELEVANCY, POLICY, AND CHARACTER TRAIT PROOF:

*EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, MISLEADING THE JURY, OR NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE*

*Relevant evidence may be excluded if:*

*(a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact; or*

*(b) the evidence is needlessly cumulative.*

It would mislead the jury into believing that Brian had obscene or had perverted intentions based upon a 2014 conviction in federal court that is being collaterally challenged under Writ of Habeas Corpus (2255 Motion) and fraud upon the court against Brian David Hill. It would contaminate the trier of fact into not accepting

any facts of no obscenity in the state case and as to what had happened on September 21, 2018 which caused the indecent exposure charge.

The citations of the appellate court opinions or orders:

The cases that Petitioner had tried to file with the Court on a pro se motion to dismiss were based on the persuasive case law authorities which are cited herein:

1. Kenneth Wayne Romick v. Commonwealth of Virginia, Record No. 1580-12-4, Argued at Alexandria, Virginia

2. A. M. Commonwealth of Virginia, Record No. 1150-12-4, Argued at Alexandria, Virginia

3. Kenneth Samuel MOSES v. COMMONWEALTH of Virginia, Record No. 0985-03-3, Court of Appeals of Virginia, Richmond.

4. Kimberly F. Neice v. Commonwealth of Virginia, 1477093 (Va. Ct. App. 2010), Record No. 1477-09-3, CIRCUIT COURT OF GILES COUNTY.

5. Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974)

6. Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994)

Analysis:

From A. M. Commonwealth of Virginia:

*"Code § 18.2-387, the statute under which appellant was convicted, states:"*

> *"Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or any place where others are present."*

6

*"(Emphasis added)."*

*"While "private parts" can include the buttocks, Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994), <u>Code § 18.2-387 does not criminalize mere exposure of a naked body</u>, see Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) ("<u>A portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene.</u>"). <u>Instead, a conviction under Code § 18.2-387 requires proof beyond a reasonable doubt of obscenity.</u>"*

*"Code § 18.2-372 defines the word "obscene" accordingly:"*

*"The word "obscene" where it appears in this article shall mean that which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value."*

*"(Emphasis added)."*

*"The "obscenity" element of Code § 18.2-387 may be satisfied when: (1) the accused admits to possessing such intent, Moses v. Commonwealth, 45 Va. App. 357, 359-60, 611 S.E.2d 607, 608 (2005) (en banc); (2) the defendant is visibly aroused, Morales v. Commonwealth, 31 Va. App. 541, 543, 525 S.E.2d 23, 24 (2000); (3) the defendant engages in masturbatory behavior, Copeland v. Commonwealth, 31 Va. App. 512, 515, 525 S.E.2d 9, 10-11 (2000); or (4) in other circumstances when the totality of the circumstances supports an <u>inference that the accused had as his dominant purpose a prurient interest in sex.</u>"*

From Kenneth Wayne Romick v. Commonwealth of Virginia:

7

*"Kenneth Wayne Romick was convicted of indecent exposure, third offense, in violation of Code §§ 18.2-387 and 18.2-67.5:1, and he argues the evidence was insufficient to prove that he intentionally made a display of his private parts and that such display was obscene. We agree that such display was not obscene and reverse and dismiss the indictment."*

*"The mere exposure of a naked body is not obscene. See Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) (finding that "[a] portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene")."*

**8. List the name and address of each attorney, if any, who represented you on your appeal:**

Appeal was from General District Court, but no appeal was taken thereafter because a withdrawal of appeal was entered on November 15, 2019.

The attorneys that were involved in that Circuit Court case of trial de novo were:

Scott Albrecht - 2529 Livingston Rd., Roanoke, VA 24015, formerly Martinsville Public Defender Office

Lauren McGarry - Martinsville Public Defender Office - 10 E Main St, Martinsville, VA 24112

Matthew S. T. Clark - 711B Starling Ave, Martinsville, VA 24112-4223

**B. Habeas Corpus**

**9. Before this petition, did you file with respect to this conviction any other petition for habeas corpus in either a State or federal court? No**

8

This is the first Petition for Writ of Habeas Corpus concerning this charge and conviction in General District Court as well as the conviction in Circuit Court due to withdrawing appeal.

**10.  If you answered "yes" to 9, list with respect to each petition:**

**The name and location of the court in which each was filed:**

N\A

**The disposition and the date:**

N\A

**The name and address of each attorney, if any, who represented you on your habeas corpus:**

N\A

**11.  Did you appeal from the disposition of your petition for habeas corpus?**
N\A

**12.  If you answered "yes" to 11, state:**

**The result and date of each petition:**

N\A

**The citations of court opinions or orders on your habeas corpus petition:**

N\A

**The name and address of each attorney, if any, who represented you on appeal of your habeas corpus:**

N\A

9

**13.** List all other petitions, motion or applications filed with any court following a final order of conviction and NOT set out in sections A or B. Include the nature of the motion, the name and location of the court, the result, the date, and citations to opinions or orders. Give the name and address of each attorney, if any, who represented you:

a. N\A since no motion was filed after withdrawing of appeal on November 15, 2019.

b. N\A

c. N\A

d. N\A

e. N\A

### D. Present Petition

**14.** State the grounds which make your detention unlawful, including the fact upon which you intend to rely:

**GROUND ONE: Legal Innocence – Actual Innocence**

Will be explained in BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

**GROUND TWO: Due Process Deprivation, violation of Fourteenth Amendment**

Will be explained in BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

**GROUND THREE: Ineffective Assistance of Counsel, Violation of Fifth Amendment**

10

Will be explained in BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

**Ineffective Assistance of counsel claim is raised** as that claim along with actual innocence can withdraw a guilty plea since it is wrong to convict a person who was actually innocent. Ineffective counsel was because Scott Albrecht did a lot of things wrong, and the other court appointed lawyers didn't do things that they could have done to get Petitioner an outcome of not-guilty. Scott Albrecht kept telling Brian David Hill and members of his family that Brian was innocent of indecent exposure because he wasn't being obscene but filed no motion for dismissal due to lack of evidence of obscenity or even that Brian is legally innocent because Brian wasn't being obscene at all with multiple affidavits in federal court record stating that Brian never masturbated when he was naked. He never masturbated when a vehicle went by while Brian was at the Dick and Willie hiking trail area at night and the road where the vehicle saw him was on Hooker Street (*that is the name of the street but Brian didn't know that street name until 2019, likely named after Hooker Furniture company*). More will be explained in BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

**GROUND FOUR: Prosecutorial Misconduct by violating State Bar Rule 3.8** by not recognizing that Brian David Hill was not obscene and had no prurient interest in sex, never masturbated when naked, and that the Commonwealth Attorney of Martinsville had intended on requesting a jury trial knowing that Brian's [wrongful] federal conviction in the Middle District of North Carolina would contaminate and prejudice any Christian Bible belt juror to automatically believe that Brian was perverted and had perverted intention and would not recognize any evidence in relevance as to what had happened on September 20-21,

2018, as to Brian not being obscene and that simply being naked is not being obscene as a matter of law. The jury would not have recognized Brian's legal innocence and jury instructions would not matter either because their minds will already be made up with hearing the words from the Commonwealth Attorney if they ask the question: "Brian, what were you convicted for in Federal Court?" and Brian would have to answer for "possession of child pornography in 2014", and then if Brian even attempts to explain that he is challenging it on actual innocence, the Prosecutor would likely block his testimony and even if Brian would be allowed to explain about why he falsely plead guilty, the Jury would already have their minds made up and they would only view Brian in a perverted light.

More will be explained in BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

## GROUND FIVE: Guilty Plea invalid caused by ineffective counsel

The guilty plea entered as caused by Petitioner withdrawing appeal, was caused by ineffective assistance of counsel and Brian is legally innocent. A guilty plea isn't valid when the constitutional errors likely caused the conviction of an innocent man or woman.

More will be explained in BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

**15.    List the grounds set forth in 14, which has been presented in any other proceeding:**

Only in filings did Petitioner's legal innocence and other issues were brought in pro se filings. However these issues were not brought up by counsel orally or in writing in any proceedings except in Martinsville General District Court on December 21, 2018, Attorney Scott Albrecht brought up that I wasn't being

12

obscene but the Commonwealth Attorney had argued that I wasn't charged with obscenity. Scott Albrecht never showed any case law to back up his arguments, so he lost. Scott Albrecht was ineffective.

**List the proceedings in which each ground was raised:**

None were brought up at any hearings except December 21, 2018, where Attorney Scott Albrecht brought up that I wasn't being obscene but the Commonwealth Attorney had argued that I wasn't charged with obscenity. Scott Albrecht never showed any case law to back up his arguments, so he lost.

**16. If any ground set forth in 14 has not been presented to a court, list each ground and the reason why it was not:**

**a. GROUND ONE: Legal Innocence**

Legal Innocence was brought up in pro se pleadings and was brought up at the hearing dated December 21, 2018, but attorney Scott Albrecht was so ineffective that he didn't present any case law showing that obscenity is required in order to convict me on indecent exposure. The case laws were all researched by me when I was at the law library system at the Western Virginia Regional Jail in December, 2018. My friend Eric found the other case law. My family researched the case law pdf files, and I cited them in pleadings. However all pro se pleadings were ignored because Petitioner was represented by counsel who was ineffective.

**b. GROUND TWO: Due Process Deprivation**

Because I was represented by counsel that was ineffective, any grounds I would raise pro se would be ignored.

**c. GROUND THREE: Ineffective Assistance of Counsel**

13

Because I was represented by counsel that was ineffective, any grounds I would raise would be ignored.

d. GROUND FOUR: Prosecutorial Misconduct by violating State Bar Rule 3.8

Because I was represented by counsel that was ineffective, any grounds I would raise would be ignored.

**f. GROUND FIVE: Guilty Plea invalid caused by ineffective counsel**

There was no guilty plea in General District Court but only a finding of guilty by bench trial. Because Brian had withdrawn his appeal on November 15, 2019, it was automatically entered as a guilty plea. So Brian could not have raised this ground prior to withdrawing his appeal in the Martinsville Circuit Court.

## PRAYER FOR RELIEF

Therefore, Petitioner Brian David Hill ("Petitioner") (movant) asks that the Court grant the following relief:

1. That the conviction entered on November 15, 2019 in the Martinsville Circuit Court and conviction entered in Martinsville General District Court entered on December 21, 2018, be vacated.

2. That the indictment entered on September 21, 2018, also be vacated or dismissed since Petitioner has shown factual innocence.

3. That Petitioner be granted a Writ of Actual Innocence or a certificate of Innocence certifying that petitioner is innocent of his charge of indecent exposure on September 21, 2018, and allow Petitioner to expunge his criminal record pursuant to V.A. Code § 19.2-392.2.

4. That Petitioner be waived from any and all legal fees that was caused by Petitioner withdrawing his appeal in Circuit Court, since Actual Innocence is

14

the ultimate and permanent acquittal of a criminal charge. That Petitioner not be compelled to pay for any prosecution and court appointed lawyer's fees.

5. That the Court grant any other possible relief.

Respectfully submitted,

Brian D. Hill

*signed*

Signed
Petitioner
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

Former U.S.W.G.O. Alternative News reporter
I stand with QANON – Drain the Swamp
I ask Qanon for Assistance (S.O.S.)
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

## AFFIDAVIT OF PETITIONER

COMMONWEALTH OF VIRGINIA

CITY/COUNTY OF Mantinsville / Henry

The above named petitioner being first duly sworn, says:

a. He signed the foregoing petition; and
b. The facts stated in this petition are true to the best of his information and belief; and

15

c. The facts stated in the Brief and Exhibits in support of Petition for Writ of Habeas Corpus are true to the best of his knowledge and belief.

*Brian D. Hill*
Signed
_____

Signature of Petitioner

This day the above signed person did appear before me and subscribed and sworn to before me this _18_ day of _November_ , 20 _19_

*Mitzie C Thompson*

Notary Public

MITZIE C THOMPSON
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES APR. 30, 2021
COMMISSION # 353833

My Commission Expires: _4 - 30 - 2021_

My Notary Number: _353833_

The petition will not be filed without payment of court costs unless the petitioner is entitled to proceed *in forma pauperis* and has executed the attached.

Brian D. Hill (Pro Se)
Petitioner
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

Friend's site: JusticeForUSWGO.wordpress.com

16

## BRIEF AND EXHIBITS IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

Brian D. Hill ("Brian", "Hill, "Petitioner") files this brief and exhibits in support of his Petition for Writ of Habeas Corpus. This shall serve as brief / memorandum of law in support of Petitioner's Writ of Habeas Corpus.

## BACKGROUND

Brian David Hill was found naked on the Dick and Willie passage walking trail at around approximately between the time period of 3:00AM and 4:00AM, on September 21, 2018. The officer Robert Jones, Sergeant of Martinsville Police Department, received a 911 call from a passerby vehicle on "Hooker Street" that goes along the hiking trail at that area. Officer Jones had arrested Brian David Hill for being naked, and he was charged with indecent exposure.

According to the information sourced from federal court record and from Petitioner's own knowledge of what had happened he gives this background information on what had happened.

He was set for trial in the Martinsville General District Court on December 21, 2018. His only source of spendable income was his Supplemental Security Disability Income ("SSI") and so Brian was appointed a lawyer from the Martinsville Public Defender Office. His name was Scott Albrecht. Despite his failures and ineffectiveness as counsel, he did tell Petitioner that he was innocent of indecent exposure because Brian did not engage in obscenity behavior.

Around late night September 20, 2018, Brian David Hill had left the house with his clothes on, and was threatened by a man wearing a hoodie (*a dark hoodie, a black*

*hoodie, Brian has Autism so his statements can sound confusing*). Sounded like a white guy, may have been 160 pounds because he was more lightweight. Police misidentified him as a "black man in a hoodie". Brian never told the police that he was black. He was directed to take his clothes off, walk on the Dick and Willie passage hiking trail and take pictures of himself and then place the camera or SD card at the bench after Southern Finishing factory, which that factory can be seen from Hooker Street where 911 was called. Brian never physically was naked around somebody else physically enough to freak somebody out saying "oh my god" (for example) before 911 was called and when 911 was called. Whoever had called 911 may have thought that the nude male was a mentally ill person or somebody with dementia or somebody in danger. Brian informed Officer Jones after he was handcuffed about a man wearing a hoodie and told him about what had happened. Because of Brian's Autism, Brian made confusing statements and didn't exhibit the proper social cues which caused the Officer to not believe Brian's story. Brian was then charged with indecent exposure and booked into Martinsville City Jail.

Whether the man wearing the hoodie was real or some hallucination or a prank by somebody who took advantage of Brian's Autism, Brian truly and deeply believed that his mother would be murdered, shot full of holes, if Brian didn't do what the "man in the hoodie" had instructed him to do. Which then slides into Brian being repetitive in the taking of a lot of photos of himself in the nude and showing incorrect/inappropriate facial expressions which is also caused by his Autism. Brian took the photos around one area of Martinsville where the Greene Co. Inc. building was and where the Dick and Willie hiking trail was. 911 was not called around there and neither was Hooker Street located around that area. The photos were taken in a completely different spot. Brian voluntarily gave permission for

18

law enforcement to view the photos hoping they would locate the guy wearing the hoodie, not knowing that it would be used against him and would embarrass him.

Brian did a lot of unusual and weird behavior on September 21, 2018.

| Hearing Information | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Time | Result | Type | Courtroom | Plea | Duration | Jury |
| 12/02/2019 | 09:00 AM | WITHDRAWN | JURY TRIAL | | | | NO |
| 11/15/2019 | 09:00 AM | APPEAL WITHDRAWN | PLEA | | GUILTY | | |
| 11/04/2019 | 09:00 AM | | TERM | | | | |
| 08/30/2019 | 09:00 AM | WITHDRAWN | JURY TRIAL | | | | NO |
| 08/27/2019 | 09:00 AM | SET FOR TRIAL | TO BE SET | | | | |
| 07/15/2019 | 09:00 AM | SET FOR TRIAL | ARRAIGNMENT | | NOT GUILTY | | |
| 06/04/2019 | 02:30 PM | GRANTED | BOND | | | | |
| 04/23/2019 | 09:00 AM | CONTINUED MOTION OF DEFENSE | REVIEW | | | | |
| 01/28/2019 | 09:00 AM | CONTINUED MOTION OF DEFENSE | TERM | | | | |

Document list table below:

19

| Seq. # | Date | Type | Party | Judge | Book & Page | Instrument | Remarks |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Pleadings/Orders** |
| 40 | 11/12/2019 | MOTION | ERH | | | | FAX TO WITHDRAW APPEAL |
| 39 | 11/04/2019 | MOTION | ERH | | | | FAX MOT TO DISMISS |
| 38 | 09/11/2019 | BOND ORDER | BEW | GCG | | | AMENDED BOND ORDER |
| 37 | 08/27/2019 | NOTICE | BEW | | | | APPEAR 12-2-19 @ 9AM |
| 36 | 08/27/2019 | CONTINUANCE ORDER | BEW | GCG | | | SET 12-2-19 @ 9AM |
| 35 | 08/29/2019 | CLERK'S WORKSHEET | JCC | | | | COMMONWEALTH WITNESS LIST |
| 34 | 08/21/2019 | NOTICE | JCC | | | | APPEAR 08/27/19@9AM |
| 33 | 08/21/2019 | CLERK'S WORKSHEET | JPN | GCG | | | EMAIL CD JURY TRIAL |
| 32 | 08/20/2019 | CONTINUANCE ORDER | JPN | GCG | | | CD-TBS ON 8/27 |
| 31 | 08/19/2019 | MOTION | BEW | | | | CONTINUE 8-30-19 |
| 30 | 08/06/2019 | NOTICE | ERH | | | | PRIOR CONVICTIONS |
| 29 | 08/01/2019 | ORDER | JCC | GCG | | | APPOINTED ATTY MATT CLARK |
| 28 | 07/30/2019 | ORDER | JCC | GCG | | | ATTY L.MCGARRY WITHDRAWN |
| 27 | 07/29/2019 | MOTION | BEW | | | | PUB. DEFENDER WITHDRAW |
| 26 | 07/26/2019 | MOTION | JCC | | | | MOT TO SUPPRESS EVIDENCE |
| 25 | 07/26/2019 | MOTION | JCC | | | | DISCOVERY |
| 24 | 07/15/2019 | ORDER | JCC | GCG | | | DISCOVERY |
| 23 | 07/19/2019 | MOTION | ERH | | | | REQ SUB COUNSEL-FILED BY D |
| 22 | 07/19/2019 | MOTION | ERH | | | | INSANITY DEF-FILED BY DEF |
| 21 | 07/18/2019 | WITNESS LIST | JCC | | | | COMMONWEALTH WITNESS LIST |
| 20 | 07/15/2019 | NOTICE | JCC | | | | TO APPEAR 08/30/19@9AM |
| 19 | 07/15/2019 | SCHEDULING ORDER | JCC | | | | CA OF REQ JURY-SET 8/31@9A |
| 18 | 06/04/2019 | OTHER | JCC | | | | CONT CUST-07/15/19@9AM |
| 17 | 06/04/2019 | ORDER | JCC | GCG | | | AGREED ORDER FOR BOND |
| 16 | 06/04/2019 | CLERK'S WORKSHEET | JCC | | | | MOT FOR BOND |
| 15 | 05/30/2019 | CLERK'S WORKSHEET | JCC | | | | HILL TURNED HIMSELF IN |
| 14 | 05/30/2019 | CLERK'S WORKSHEET | JCC | | | | EMAIL TO A.HALL-TRIAL DAT |
| 13 | 02/01/2019 | CLERK'S WORKSHEET | JCC | | | | EMAIL FROM CWS-CAPIAS |
| 12 | 01/30/2019 | CLERK'S WORKSHEET | JCC | | | | EMAIL TO CWA ABOUT CAPIAS |
| 11 | 06/04/2019 | OTHER | JCC | | | | RELEASE ORDER |
| 10 | 06/04/2019 | BOND | JCC | | | | |
| 9 | 05/31/2019 | MOTION | BEW | | | | MOTION FOR BOND |
| 8 | 05/29/2019 | MOTION | BEW | | | | EARLIER TRIAL DATE |
| 7 | 04/08/2019 | MOTION | ARP | | | | FILE EVIDENCE BEFORE TRIAL |
| 6 | 02/06/2019 | ORDER | JCC | GCG | | | DISCOVERY |
| 5 | 02/06/2019 | RESPONSE | JCC | | | | MOT FOR RECIPROCAL DISCOVE |
| 4 | 01/23/2019 | MOTION | JPN | | | | TO ADMIT EVIDENCE |
| 3 | 01/09/2019 | EVALUATION REPORT | TTM | | | | PSYCHOLOGICAL EVAL-GDC |
| 2 | 01/09/2019 | CCRE (NUMBER ONLY) | TTM | | | | |
| 1 | 01/09/2019 | GD PAPERWORK | TTM | | | | |

Case 1:13-cr-00435-TDS Document 221-1 Filed 11/20/19 Page 22 of 76

There was testimony of Sergeant Officer Robert Jones from federal court Transcript concerning this case.

See Doc. #215, case no. 1:13-cr-435, M.D.N.C, Transcript: *"Radio traffic came across as a male subject with no clothes on running down the side of the street at Hooker Street near the Henry County Public Safety building."*

That area of the side of the street is also met with part of the Dick and Willie passage hiking trail.

See Document #215 in federal case no. 1:13-cr-435-1, Middle District of North Carolina, United States District Court. If the Court isn't able to access that record directly through PACER.GOV or CM/ECF, Petitioner would be able to supply a true and correct copy of that transcript record upon request to expand the record in this case. However there were omissions from that transcript and an order has been filed by the U.S. District Court to correct the omissions from the record as to the answer by Officer Robert Jones under oath saying that Brian David Hill had not been obscene to his knowledge.

See Doc. #218, case no. 1:13-cr-435, M.D.N.C, ORDER: *"(re: 216 MOTION) signed by CHIEF JUDGE THOMAS D. SCHROEDER on 11/15/2019. Within seven (7) days the court reporter shall review her stenographic and other materials from the September 12, 2019 hearing and determine if the allegedly omitted statements were made and if the transcript accurately reflects the proceedings before the court. FURTHER that within seven (7) days the court reporter shall either file a corrected transcript or file a memorandum reporting that the certified transcript (Doc. 215 ) accurately reflects the proceedings. Any further request for relief in the pending motion will await the court's review of the determination from the court reporter as to BRIAN DAVID HILL. (Daniel, J)*

*Modified on 11/15/2019 to add text of last paragraph in 218 Order. (Daniel, J).*
*(Entered: 11/15/2019)".*

If the omissions from the official court transcript are corrected or if the Appeals
court supplements the four affidavits as part of the record of what had happened
orally at the court hearing dated September 12, 2019, then it is considered fact that
Sergeant Officer Robert Jones admitted under oath as to Brian David Hill not being
obscene or that he didn't think Brian was being obscene. Further questions need to
be asked as to what he had meant in regards to that statement.

If Officer Jones admits in his expert opinion as a law enforcement officer that
Brian wasn't aroused in his interaction with Brian, that the 911 caller never saw
any masturbatory behavior, and with his opinion regarding Brian naked in the
photographs, and that Brian didn't engage in masturbatory behavior, then it proves
the following.

Also the officer saw flashlights in two of his hands so there was no way possible
for any masturbatory behavior, according to his testimony in the Transcript.

See Doc. #215, case no. 1:13-cr-435, M.D.N.C, Transcript:
```
"Q Did you see him holding anything?"
"A He did. He had a yellow flashlight in his hand and
then also another black object, which was later found
to be another flashlight in his other hand."
```

That it proves for a fact that Brian David Hill was not taking a prurient interest in
sex on September 21, 2018, that Brian never engaged in any masturbatory behavior
on September 21, 2018, that Brian did not physically approach anyone of the
public while he was naked, that Brian's autistic behaviors explain the weird
abnormal but non-sexual behavior and the photographs on September 21, 2018,
that Brian was just naked in the photographs, that Brian was not aroused on

22

September 21, 2018, and that the photos were taken hours before Brian was ever seen by a passing vehicle around Hooker Street (the photos may be considered private and not for public disclosure as the person who had called 911 had called miles away from Greene Co. Inc., the location and area where the photos were actually taken. When the photos themselves were taken, nobody of the public knew they were being taken, it was at nighttime where it would be more difficult for anybody to have even been able to witness Brian, that the camera was in the backpack, and the person who had called 911 did not know that photos were ever taken of Brian. It is not against the law to take nude photos of adults and nudists. The photos themselves did not cause anyone to be contacting 911, so the photos may not even be relevant as to whether Brian was being obscene when somebody had called 911 on him from a passing vehicle between 3:00AM to 4:00AM and likely called with a Cellular phone (a cell phone) in the vehicle. Brian did not engage in any predatory behavior and not in any sexual behavior towards anybody. He was just naked. Brian didn't make any sexual gestures or comments towards anybody. The facts are simple, Brian David Hill was not sexual and had no prurient interest in sex. Brian was naked after a man directed Brian to take his clothes off and walk on a hiking trail and take photos of himself or his mother would be killed. Whether there was a guy wearing or hoodie or maybe Brian hallucinated this guy or maybe he had fell asleep and dreamed of a man wearing a hoodie threatening Brian and then Brian took it as a real event. Whatever the case may be, there is absolutely NO evidence at all that Brian David Hill engaged in masturbatory behavior in public and that Brian had no sexual intent at all. Brian said under affidavit in his federal case that he never masturbated, in relevance to what had happened on September 20-21, 2018. Even if Brian had exhibited psychosis (See **Exhibit 7)** in regards to his report of the man wearing the hoodie, it doesn't mean that Brian didn't felt threatened. If Brian felt threatened enough by

something or someone or a hallucination to get naked on a hiking trail at night where wild animals can approach him and hurt him or eat him, where Brian had no access to his insulin or even glucose tablets and no glucose monitor, where Brian didn't even have access to his prescribed medicines when it wasn't even in his backpack, then Brian had absolutely no intent and plan to have ever been indecently exposed, and absolutely no plan and no intent to be obscene and was not being obscene. Brian's confusing statements to law enforcement should have clued them in that something wasn't right with Brian mentally. Those law enforcement statements should have been disclosed to the medical staff at Sovah Hospital in Martinsville, Virginia. Brian should have been involuntarily committed and maybe then could they have tested for drugs and found evidence of carbon monoxide gas poisoning and they could have conducted any further tests and Brian never would have been charged with indecent exposure. His home would have been fixed after careful inspection by the Henry County Fire Marshals investigators, and Brian would have been released from the Hospital, possibly on any kind of medications, and Brian never would have been charged or even let alone face a wrongful conviction of indecent exposure. It was a dereliction of duty by Martinsville Police to not have disclosed to mental health staff at the Hospital that Brian's statements didn't make any sense, and Brian would not have been discharged from the Hospital into police custody.

Legal innocence is actual innocence. This never should have gone as far as a jury trial, it never should have even been forced to have a trial de novo in Circuit Court knowing that the Commonwealth Attorney can use Petitioner's wrongful conviction in federal court.

The highest Court of this country, the United States Supreme Court had ruled and upheld that actual innocence is a ground for Habeas Corpus and that is an exception to any procedural default.

*"See BOUSLEY v. UNITED STATES, 523 U.S. 614 (1998). Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy "has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, supra, at 496. To establish actual innocence, petitioner must demonstrate that, "`in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). The District Court failed to address petitioner's actual innocence, perhaps because petitioner failed to raise it initially in his § 2255 motion. However, the Government does not contend that petitioner waived this claim by failing to raise it below. Accordingly, we believe it appropriate to remand this case to permit petitioner to attempt to make a showing of actual innocence. It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. \*624 See Sawyer v. Whitley, 505 U.S. 333, 339 (1992). In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in Bailey.[3] In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."*

25

*"With few exceptions, a prisoner may not raise a claim as part of a collateral attack if that claim could have been raised on direct appeal, unless he can demonstrate either: (1) "cause" for his failure to do so and "prejudice" as a result of the alleged violation, or (2) "actual innocence" of the crime of which he was convicted. Bousley v. United States, 523 U.S. 614, 622-23 (1998)."*

*"However, "[w]here a petitioner raises claims of ineffective assistance of counsel in a § 2255 motion, he need not show 'cause and prejudice' for not having raised such claims on direct appeal, as these claims may properly be raised for the first time in a § 2255 motion." United States v. Cook, 130 F. Supp. 2d 43, 45 (D.D.C. 2000) (citation omitted), aff'd, 22 F. App'x 3 (D.C. Cir. 2001)."*

A § 2255 motion is a statutory remedy based on the United States Constitution's "Writ of Habeas Corpus" clause.

*"**The Suspension Clause of the U.S. Constitution (Article I, Section 9, Clause 2)**, states: "The Privileges of the Writ of Habeas Corpus shall not be suspended unless when in Cases of Rebellion of Invasion the public Safety may require it.""*

The United States Constitutional rights also apply in state courts as well due to the Fourteenth Amendment.

*"The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states."*

"Fourteenth Amendment, U.S. Constitution, Section 1. *"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the*

26

*United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.""*

If Federal Writ of Habeas Corpus can be used as a vehicle to demonstrate legal innocence as a means to vacate and nullify a wrongful conviction by order of the United States Supreme Court precedential case law precedent, then States have to allow a legal vehicle as well for legal innocence which is actual innocence.

In fact if this Court does not overturn the wrongful conviction in the Martinsville General District Court and appeal withdrawn in Martinsville Circuit Court, when Brian had provided evidence and case law showing good cause for Petitioner's legal innocence which is actual innocence, then Brian David Hill suffers a miscarriage of justice, and is cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and in violation of Virginia Constitution Article I. Bill of Rights, Section 9. Prohibition of excessive bail and fines, cruel and unusual punishment.

ANALYSIS:

**Virginia Constitution Section 9. Prohibition of excessive bail and fines, cruel and unusual punishment, suspension of habeas corpus, bills of attainder, and ex post facto laws.**

*"That excessive bail ought not to be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; that the privilege of the writ of habeas corpus shall not be suspended unless when, in cases of invasion or rebellion, the public safety may require; and that the General Assembly shall not pass any bill of attainder, or any ex post facto law."*

Emphasis added.

It is a cruel and unusual punishment to inflict any penalties against an innocent man or woman.

The penalties that were imposed against Brian David Hill as a result of a conviction of indecent exposure is as follows:

1. Brian David Hill was given 30 days imprisonment. However Petitioner had served 91 days from September 21, 2018 until December 22, 2018. Then Brian was thrown back in jail between May 30, 2019 and June 4, 2019 which is six days. Total of 97 days of imprisonment as a result of this charge.

2. Brian David Hill was revoked of Supervised Release in Federal Court as a result of being charged and was later wrongfully convicted in Martinsville General District Court on December 21, 2018 (See **Exhibit 1**). Brian faces up to 9 months of federal imprisonment over this Supervised Release Violation if he is not found to be legally innocent of indecent exposure.

3. Brian David Hill is being billed over 1,000 dollars (See **Exhibit 2**) which Brian is required to pay despite the fact that Brian's federal Social Security Disability (SSI) benefits is his only source of spendable income and already $500 a month is paying to rent. His SSI money cannot be taken by state governments and cannot be garnished. Citing 31 U.S.C. § 3716(c)(3)(A)(i) which only allows the feds to garnish social security. Any other creditor is estopped by 42 U.S.C. § 407(a). The Supremacy Clause operates differently from the due process clause, applying only when comparing federal law to state law. In the exempt fund garnishment context, the most common Supremacy Clause argument assesses the relationship between 42 U.S.C. § 407, which "imposes a broad bar against the use of any legal process to reach all social security benefits," and state garnishment laws conflicting therewith. Supreme Court precedent clearly and unequivocally rejects state law that allows permanent deprivation of

28

benefits in contravention of 42 U.S.C. § 407. See Philpott v. Essex County Welfare Bd., 409 U.S. 413, 417 (1973). See, e.g., Harris v. Bailey, 574 F. Supp. 966, 971–72 (W.D. Va. 1983) (assessing the Virginia statutory scheme in light of 42 U.S.C. § 407 and finding a Supremacy Clause violation). The Commonwealth of Virginia may arrest and capias Brian David Hill if he doesn't have his limited income of $771 a month of SSI disability money be garnished to pay the legal fees of ineffective counsel and a corrupt Commonwealth Attorney.

*"that the imprisonment of a factually innocent person is cruel and unusual punishment under the Eighth Amendment to the United States Constitution, which forbids, in part, "cruel and unusual punishment.""*

The Eighth Amendment provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. See Robinson v. California, 370 U.S. 660, 675 (1962) (Douglas, J., concurring). Defendants seeking habeas corpus relief for free-standing claims of actual innocence have consistently relied on the Eighth Amendment. See, e.g., Herrera, 506 U.S. 390; In re Davis, No. CV409-130, 2010 WL 3385081, at *39–43 (S.D. Ga. Aug. 24, 2010). The Eighth Amendment's prohibition of "cruel and unusual punishment" is intended to protect the "dignity of man," recognizing that "the State has the power to punish, [but] . . . that this power [must] be exercised within the limits of civilized standards." Trop v. Dulles, 356 U.S. 86, 99–100 (1958). Rather than remaining the same from its enactment, the scope of the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Id.; see

29

also In re Davis, 2010 WL 3385081, at \*39–43. Scholars that argue that the Eighth Amendment should serve as the underlying constitutional basis for freestanding claims of actual innocence contend that it is unconstitutional to execute a prisoner who is actually innocent. See, e.g., Richard A. Rosen, Innocence and Death, 82 N.C. L. REV. 61, 108 (2003). In essence, a challenge based on the Eighth Amendment "calls into question the permissibility of capital punishment based upon a characteristic of the offender: a total lack of culpability, which is demonstrated through a showing of factual innocence based upon evidence discovered subsequent to a full and fair trial." In re Davis, 2010 WL 3385081, at \*40 (footnote omitted).

Brian David Hill shall first cite persuasive case law authorities as to why he is legally innocent.

The persuasive case law authorities are cited herein:

1. Kenneth Wayne Romick v. Commonwealth of Virginia, Record No. 1580-12-4, Argued at Alexandria, Virginia

2. A. M. Commonwealth of Virginia, Record No. 1150-12-4, Argued at Alexandria, Virginia

3. Kenneth Samuel MOSES v. COMMONWEALTH of Virginia, Record No. 0985-03-3, Court of Appeals of Virginia,Richmond.

4. Kimberly F. Neice v. Commonwealth of Virginia, 1477093 (Va. Ct. App. 2010), Record No. 1477-09-3, CIRCUIT COURT OF GILES COUNTY.

5. Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974)

6. Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994)

Analysis:

From A. M. Commonwealth of Virginia:

"Code § 18.2-387, the statute under which appellant was convicted, states:"

> "Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or any place where others are present."

"(Emphasis added)."

"While "private parts" can include the buttocks, Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994), Code § 18.2-387 does not criminalize mere exposure of a naked body, see Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) ("A portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene."). Instead, a conviction under Code § 18.2-387 requires proof beyond a reasonable doubt of obscenity."

"Code § 18.2-372 defines the word "obscene" accordingly:"

"The word "obscene" where it appears in this article shall mean that which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value."

"(Emphasis added)."

31

"The "obscenity" element of Code § 18.2-387 may be satisfied when: (1) the accused admits to possessing such intent, *Moses v. Commonwealth*, 45 Va. App. 357, 359-60, 611 S.E.2d 607, 608 (2005) (en banc); (2) the defendant is visibly aroused, *Morales v. Commonwealth*, 31 Va. App. 541, 543, 525 S.E.2d 23, 24 (2000); (3) the defendant engages in masturbatory behavior, *Copeland v. Commonwealth*, 31 Va. App. 512, 515, 525 S.E.2d 9, 10-11 (2000); or (4) in other circumstances when the totality of the circumstances supports an *inference that the accused had as his dominant purpose a prurient interest in sex.*"

From Kenneth Wayne Romick v. Commonwealth of Virginia:

"*Kenneth Wayne Romick was convicted of indecent exposure, third offense, in violation of Code §§ 18.2-387 and 18.2-67.5:1, and he argues the evidence was insufficient to prove that he intentionally made a display of his private parts and that such display was obscene. We agree that such display was not obscene and reverse and dismiss the indictment.*"

"*The mere exposure of a naked body is not obscene. See Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) (finding that "[a] portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene").*"

The facts that were established in favor of Brian's innocence are as follows:

According to the evidence submitted by the United States Attorney office for the Middle District of North Carolina, concerning the very state charge of indecent exposure for the supervised release violation, officer Robert Jones (the one who charged Hill with indecent exposure) had admitted under oath (penalty of perjury) that Brian had not been obscene. He also had admitted on the stand at the General District Court of Martinsville on December 21, 2018, that he did not see any

32

arousal and not seen any masturbation. Brian had filed true and correct photocopies of federal court declarations/affidavits where Brian had admitted multiple times under oath in writing that he "never masturbated". See Seq. #4, MOTION to admit evidence, filed 01/23/2019, see Seq. #7 MOTION to file evidence before trial, filed 04/08/2019.

*"...I was threatened to get naked, I never masturbated, it was a crazy incident."*

*"Whoever threatened me needs to be charged and arrested..." (ECF No. 153, Pg. 9, U.S. District Court, Middle District of North Carolina, case no. 1:13-cr-435)*

*"Attorney said that I can bring up about the guy wearing the hoodie. Said that under the law, I would have to have masturbated or be aroused in public to have committed indecent exposure. After he heard my story about the guy in the hoodie, he said taking pictures of myself is not illegal. So he argued that I am technically innocent." (ECF No. 163, Pg. 5, U.S. District Court, Middle District of North Carolina, case no. 1:13-cr-435)*

*"I never masturbated, I told the police the truth. When I was seen by a passingvehicle, I never masturbated." (ECF No, 163, Pg. 4, U.S. District Court, Middle District of North Carolina, case no. 1:13-cr-435)*

Same statements in Amended declaration under Document #164 of Brian's federal case.

Multiple affidavits, same statements that Brian had never masturbated in public.

There is no evidence at all of obscenity, no evidence of sexual behavior.

The only inferences of attempting to establish any element of obscenity was that one attorney gave Brian his opinion that Brian was reportedly smiling in some

33

photographs. Brian has a mental and neurological condition known as Autism Spectrum Disorder. Mental examinations should not only be limited to just competency and sanity. Brian has Autism Spectrum Disorder ("Autism"), and that disorder can affect and impair communications. Some days it is more difficult for another person to tell that Brian even has Autism, and other days it is easier to tell.

See Document #206 (*U.S. District Court, Middle District of North Carolina, case no. 1:13-cr-435*), MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments" filed by BRIAN DAVID HILL. Response to Motion due by 11/5/2019. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Supplement 1, # (4) Supplement 2, # (5) Supplement 3, # (6) Supplement 4, # (7) Envelope - Front and Back) (Garland, Leah), filed Oct 15, 2019.

The U.S. Attorney Office had also acquired information from Officer Robert Jones of Martinsville Police Department and had filed evidence on September 12, 2019, at the supervised release violation hearing in Winston-Salem, NC.

Under Exhibit 2 — Document #206, Attachment #2, one of the Government's exhibits, Brian had taken photos between 12:29AM to 1:01AM. (See **Exhibit 3**)

Brian also has Obsessive Compulsive Disorder ("OCD") which can cause him to have excessive compliance when directed to do something. That would explain why Brian had taken the amount of photos that he had done. Excessive behavior was caused by his OCD. Any medical doctor or psychologist that the Court would want to ask that is any expert in Autism would attest that Brian can smile in photos in a bad situation, that when Brian had been taught by his family to smile in front

34

of the camera he can literally just smile in photos even where others aren't smiling, and can exhibit an inappropriate gesture or behavior that can misconstrued. It is important for this Court to take notice that Brian's Autism and OCD would explain both his excessive photo taking and Brian's smiling in some photographs. Autism can cause somebody to smile under circumstances where normal people would not smile, and police can mistake that gesture as a suspicious gesture. The photos were also not taken around the time and location where 911 was called, presumably by cell phone. Nobody called 911 when the photos were taken, but that somebody had called 911 around the road of "Hooker Street" where the Dick and Willie passage hiking trail was. At that area there was no place for Brian to hide himself and would have been seen regardless once a car had decided at night to have driven down the road of Hooker Street. That was also from the U.S. Attorney's reported evidence of where 911 was called on Brian. In fact the 911 caller had never elected to testify against Brian at the General District Court and neither at the Federal Court hearing on September 12, 2019.

Still Brian had not been aroused, Brian had not had a prurient interest in sex. Brian has Autism and OCD. Brian had admitted multiple times under oath in federal court documents in 2018 that he had never masturbated. Even the police admitted during the Supervised Release Violation hearing over this very charge that when he approached Brian that he was carrying a flashlight in each hand. So Brian wasn't aroused and didn't appear to show any sexual arousal. The photographs were taken around the area of Greene Co. Inc., factory building around nighttime when nobody was working at that building, and 911 was reportedly called around Hooker Street which was miles away from the Greene Co. Inc., factory building and the area where Brian allegedly took the photos. Brian was never seen by a person when the photos were taken, a majority of the photos taken on or around

35

private property and nobody was present in those areas to have witnessed Brian. The only time Brian was reported to the police, was at the Dick and Willie hiking trail around Hooker Street, where the Southern Finishing factory was. The photos were taken until 1:01AM and then around two hours later at 3:00AM approximately, 911 was called. The person who called 911 may have called because they were concerned that a nude male was walking out at night and likely had thought that the person was drunk, an elderly person wandering away from a rest home or care home, or that it was a mentally ill or mentally deficient person, or person with mental retardation, or someone in danger.

Exhibit 4 (See **Exhibit 4**) is documented from a Government source and likely sourced from other well research institutions that people with Autism can do repetitive behaviors and give the wrong social cues.

*"Autism represents a broad group of developmental disorders characterized by impaired social interactions, problems with verbal and nonverbal communication, and repetitive behaviors or severely limited activities and interests."*

*"Autism - or more precisely the autism spectrum disorders (ASDs) - represent a broad group of developmental disorders characterized by impaired social interactions, problems with verbal and nonverbal communication, and repetitive behaviors or severely limited activities and interests."*

*"The ASDs include a variety of medical autism diagnoses, which vary in the severity of the individual symptoms and include autistic disorder (sometimes called classical autism), Asperger's syndrome and a general diagnostic category called Pervasive Developmental Disorders (PDD)."*

Brian was given that diagnosis of PDD-NOS which stands for Pervasive Developmental Disorder: Not Otherwise Specified but that older diagnosis at the

36

age of two was let go from TEACCH (University of North Carolina, Department of Psychology) and was diagnosed with Autism Spectrum Disorder at the age of four.: Mild Range. See **Exhibit 5**, photocopy of Autism TEACCH papers of Brian David Hill, which was filed in a federal court case.

*"The hallmark symptom of autism is **impaired social interaction**. Children with autism may fail to respond to their name and often avoid eye contact with other people. They have **difficulty interpreting what others are thinking or feeling because they don't understand social cues** provided **by tone of voice or facial expressions and they don't watch other people's faces to pick up on these cues**."*

This doesn't just explain why those on the Autism Spectrum may not make the appropriate body gestures or facial expressions, but also shows ineffective counsel as counsel had failed to ask for a Medical Doctor or any certified Medical Expert with any expertise in Autism Spectrum Disorder. That would help the jury or judge to have understood why Brian David Hill was smiling in the photographs of him naked. He isn't being sexual or of a perverted mind. Nudists smile in photographs and they aren't being sexual. That was why Virginia Courts of Appeals have stated that nudity itself is not obscenity and that simply being naked should not be criminalized by that statute. If it was, then all bathhouses, all art galleries with any statues or artwork with nudity, and all nudism resorts and beaches would then be criminalized because others would be present to see full-body-nudity which would show buttocks, genitalia, and breasts.

In fact people with Autism (See **Exhibit 6**) have *"Deficits in social-emotional reciprocity, ranging, for example, from abnormal social approach and failure of normal back-and-forth conversation; to reduced sharing of interests, emotions, or affect; to failure to initiate or respond to social interactions."*

37

So is Brian David Hill being pushed into a conviction for indecent exposure or for his Autism Spectrum Disorder? Is Brian being punished over his Autism? Was Martinsville Police properly trained on how to deal with Autism Spectrum Disorder and find better ways to deal with an autistic behavior rather than conviction and punishment?

Exhibit 6: Autism behavior was documented in the DSM-IV in regards to the fact that Autism can cause *"Restricted, repetitive patterns of behavior, interests, or activities, as manifested by at least two of the following, currently or by history (examples are illustrative, not exhaustive; see text)"*, *"Highly restricted, fixated interests that are abnormal in intensity or focus (e.g., strong attachment to or preoccupation with unusual objects, excessively circumscribed or perseverative interests)"*, and *"Insistence on sameness, inflexible adherence to routines, or ritualized patterns of verbal or nonverbal behavior (e.g., extreme distress at small changes, difficulties with transitions, rigid thinking patterns, greeting rituals, need to take same route or eat same food every day)."*

That would explain why Petitioner Brian David Hill had taken a lot of nude photos of himself. If he was indeed threatened by a man wearing a hoodie, to get naked and take photos of himself, then his Autism can work against him and cause him to be overly-compliant and exhibit a repetitive behavior. Maybe Brian had smiled in some because he thought by doing this repetitive behavior that his mother would be safe from being killed.

Is an autistic behavior obscene when not-sexual? Does an autistic person who simply strips naked have any intent to have a prurient interest in sex?

Brian's Federal affidavits say that he never masturbated when he was naked on September 21, 2018. The Martinsville Police has presented no evidence of any

38

masturbatory behavior. So Brian didn't engage in masturbation. Brian wasn't being obscene.

One of the things the Habeas Court should do is ask Martinsville Police Sergeant Robert Jones if he ever thought that Brian was being obscene. Was Brian engaging in any masturbatory or any sexual behavior? Was Brian just naked at night on a walking trail and that was it?

These are the questions that prove facts of Brian David Hill's factual innocence. If Brian did not engage in any obscenity on the Dick and Willie hiking trail at night, and was not being obscene on September 21, 2018, then will the Habeas Court consider the well-established and persuasive case law that says that Brian David Hill is not guilty of indecent exposure because there was no obscenity here?

Brian David Hill has Autism Spectrum Disorder. It affects his behavior and is a neurological disorder, and a very difficult disorder to tame without medication. Brian David Hill was not on any medication except for insulin on September 21, 2018 and didn't even have his insulin with him when he was found by Officer Robert Jones. Whether Brian had any intent of being obscene or not should be at what the Officer witnessed and based on the behaviors of Autism Spectrum Disorder. The officer Robert Jones did not think that Brian was being obscene. At the General District Court, the officer did not see any masturbatory behavior and did not feel that Brian was being in any way, shape, or form obscene. The photographs by the Commonwealth Attorney of Brian David Hill being naked has the earmarks of repetitive behavior (taking more photographs than reasonably necessary to satisfy a demand by another person), inappropriate body gestures and facial expressions, and all of those are documented symptoms of Autism Spectrum Disorder according to the DSM-IV, diagnostic psychiatric manual. Autism itself is NOT documented exclusively as a sexual behavior and Autism is NOT a sexual

39

offense behavior. Autism symptoms can vary depending on each person diagnosed with such.

Brian's behavior to Officer Robert Jones shows symptoms of his Autism.

Brian's behavior when taking the photographs to satisfy the guy wearing a hoodie shows symptoms of his Autism.

Brian's behavior in the photographs shows symptoms of his Autism.

It is not that the Government has lack of obscenity in regards to Brian David Hill, it is that his Autistic behavior, even though abnormal, do not exhibit a prurient interest in sex. Brian did not engage in sexual conduct, he was just naked. That was enough for a Police Officer to detain him and arrest him for indecent exposure, but it is not enough to convict him of indecent exposure because he did not possess a prurient interest in sex.

Brian David Hill had sent a letter to Martinsville Police Department with attached evidence. All of that should be reviewed by the court. A true and correct copy of that letter and evidence was filed on Federal court record.

See Document #181 DECLARATION entitled "Evidence Declaration of Brian David Hill Regarding Carbon Monoxide and Letgter to Martinsville Police Chief in Opposition to Government's/Respondent's Documents # 156, # 157, # 158, # 159, and # 160 " filed by BRIAN DAVID HILL. (Attachments: # 1 Exhibit 0, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Envelope - Front and Back) (Garland, Leah) (Entered: 07/22/2019). See all attachments to see the very evidence that was mailed to the Police Chief of Martinsville Police Department. Case United States v. HILL (1:13-cr-00435), U.S. District Court, M.D. North Carolina. The evidence cited from Federal Court documents should be

40

admitted into the case as relevant evidence. The Martinsville Police failed or refused to investigate any of the evidence mailed to the Police Department. It was signed for By G.E. Cassidy and was delivered on the date/time of 2:52 pm on August 7, 2019. See **Exhibit 12**.


## BASIS OF INEFFECTIVE COUNSEL

Petitioner Brian David Hill was not given effective counsel under the Fifth Amendment of the United States Constitution.

See Strickland v. Washington, 466 U.S. 668 (1984)

*The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The same principle applies to a capital sentencing proceeding -- such as the one provided by Florida law -- that is sufficiently like a trial in its adversarial format and in the existence of standards for decision that counsel's role in the proceeding is comparable to counsel's role at trial. Pp. 466 U. S. 684-687.*

*A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Pp. 466 U. S. 687-696.*

*(a) The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted*

41

*defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. These standards require no special amplification in order to define counsel's duty to investigate, the duty at issue in this case. Pp. 466 U. S. 687-691.*

*(b) With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Pp. 466 U. S. 691-696.*

Petitioner's counsel Scott Albrecht was deficient in the following ways:

1. Scott Albrecht told Brian and his family that Brian was legally innocent of indecent exposure but failed to show case law to the General District Court supporting his claim that Brian cannot be convicted of indecent exposure unless he was being obscene at the time he was naked. He failed to file a motion to dismiss based upon lack of evidence of obscenity. If there is no evidence of obscenity, then there is no evidence whatsoever to convict Brian David Hill of indecent exposure and the indictment should have been dismissed without a jury trial or bench trial, as it wastes the Court's time and resources. Scott Albrecht did not address a Medical Doctor or any other certified expert in Autism Spectrum Disorder to

42

explain Brian's abnormal behavior on September 21, 2018 that differs from a usual reasonable person with no neurological defects. He could have shown why Brian's behavior and actions taken that night was abnormal but did not rise to any level of obscenity. Scott Albrecht failed to demonstrate Brian's innocence prior to the trial in General District Court which would have resolved the case a long time ago and this Writ would never have had to have been drafted up by Petitioner. Martinsville City Jail has no law library at all which further deprived Petitioner of his constitutional rights and blocked Brian from being able to file a Writ of Certiorari to appeal his federal Freedom of Information Act (FOIA) lawsuit in Danville, Virginia. Martinsville City Jail deprived him of access to any legal resources with no law library. He couldn't file any valid motions to the federal court while he was incarcerated at Martinsville City Jail. So Martinsville City Jail is partially at fault as to why a Federal Detainer was thrown at Brian. The State owes him his actual innocence and owes him the right to overturn his state conviction. The Supreme Court believes that prisoners have a right to legal resources to prevent harmful legal outcomes. If the state stands in the way of A Petitioner's ability to do legal research or get legal assistance, a Petitioner may be able to file a suit claiming that the Petitioner has been denied access to the courts. See Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72, 83 (1977).For recent cases discussing the right of access, see Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010) (holding that the prisoner Hebbe satisfied the Lewis "actual injury" requirement, because while the prison was on lockdown, Hebbe was denied access to the law library to file a brief for his appeal);Benjamin v. Kerik, 102 F. Supp. 2d 157, 164–69 (holding that three of the eight allegations of "actual injury" fulfilled the Lewis requirement).

2. Scott Albrecht had never filed a discovery motion asking for the police body-camera (bodycam) footage of what was recorded by Martinsville Police during and before the arrest of Brian David Hill. The footage is likely destroyed or disposed of now because Scott Albrecht failed or refused to even simply ask the police for the bodycam footage during their retention period which Petitioner may not know the official evidence retention period for Martinsville Police Department. Scott's failure may have hurt Brian's ability to show that he wasn't obscene, wasn't engaging in masturbatory behavior, and made it more difficult for Brian David Hill to win at trial.

3. Scott Albrecht never used evidence emailed or faxed or hand delivered from Brian's family members. In fact Scott Albrecht ignored it all. He never asked anyone to testify in Brian's favor, no defense witnesses present. The only one who testified on December 21, 2018 in General District Court was the accused Petitioner "Brian David Hill".

4. Scott Albrecht never asked his client Brian David Hill if he wanted to appeal the decision of the General District Court. Brian was whisked away by law enforcement which had caused Brian's Autism to act up and Brian said "F**k the Police" and they rushed him out of the courtroom. Scott Albrecht caused this as he deprived Brian of his right to appeal. If Scott had done that, then Brian never would have said those words. Brian's own lawyer betrayed Brian by not even allowing him to appeal the decision. Brian had to write his own "Notice of Appeal" and beg the officers to let it be mailed out on December 22, 2018, before he was transported under Federal Marshals custody to the Western Virginia Regional Jail in Salem, Virginia. His Notice of Appeal was docketed and the case was opened up in the Martinsville Circuit Court. Scott Albrecht was so ineffective that Brian got upset and cussed out the police in the courtroom, then begged the officers of the

44

Jail to let his "Notice of Appeal" be mailed out before the U.S. Marshals or Jail Officers that were deputized by the U.S. Marshals took him away. Even the U.S. Marshals had in their report about what Brian told the officers when they whisked him away, and Brian had saw a peek of that in his federal file that the jail staff was reviewing. So it made Brian look bad, his Autism was again sued against him, and his own lawyer betrayed him which caused that behavior. Brian kept getting betrayed by his own court appointed lawyers who do not fully represent him or misrepresent him.

5. Scott Albrecht didn't review over all of the Brady material with his client. Scott told Brian that they would review over the photos together to determine if Brian was aroused or if he wasn't being obscene, but Brian first saw the photos at the General District Court bench trial on December 21, 2018. He never showed Brian the police report on Brian and never gave Brian a chance to review over the entire report to see any possible defenses or contradictions. Scott never showed Brian all of the requested discovery material, and so Brian couldn't assist his lawyer in his defense because he didn't see the whole picture of what the prosecution would present at trial.

Scott Albrecht was ineffective. He didn't present any appellate case law about the obscenity requirement for his client to be convicted under "§ 18.2-387. Indecent exposure." He didn't do a good job. Brian's family witnessed Scott Albrecht losing a few other cases before Brian's case was brought up on December 21, 2018. Scott Albrecht was only good for one thing, admitting that Brian David Hill was legally innocent of indecent exposure because he wasn't being obscene. However Scott Albrecht failed to prove it, failed to demonstrate that his client Brian David Hill was legally innocent. He was constitutionally deficient under the Strickland v. Washington prong. The prejudice Brian has suffered was not getting his case

45

dismissed by motion to dismiss that his own attorney could have filed. The additional prejudice was that Brian was arrested and transported away by deputies of the U.S. Marshals Service because Scott Albrecht had failed to demonstrate Brian's innocence under any pleadings prior to Brian being served with a Federal Detainer in November, 2018. Brian was further prejudiced that not being found innocent in General District Court caused Brian's Supervised Release to be revoked on September 12, 2019 in Winston-Salem, North Carolina. His Supervised Release Revocation was appealed timely and is being overturned, but if Brian remains convicted of indecent exposure, then Brian runs a high risk of going to Federal Prison within a month or within time. While awaiting his fate on stricter bond conditions as a result of the Violation over his state charge of indecent exposure and conviction in General District Court.

**Petitioner's counsel Lauren McGarry was deficient in the following ways:**

1. Lauren McGarry had no defense prepared at all, and didn't have anybody to research persuasive case law about the obscenity requirement for indecent exposure charges.

2. Lauren McGarry pushed for Brian David Hill to waive jury trial and have it as a bench trial, Commonwealth Attorney had pushed for a jury trial. Then Lauren McGarry brought up that Brian's federal conviction can be brought up because it is a sex case and the jury will more than likely give the maximum sentence of imprisonment and find Brian guilty. The Rules of Evidence say something different than what Lauren McGarry's legal contentions were:

CITATION: RULES OF SUPREME COURT OF VIRGINIA // PART TWO

VIRGINIA RULES OF EVIDENCE

ARTICLE VI. WITNESS EXAMINATION

Rule 2:609 IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME (derived from Code § 19.2-269)

*"Evidence that a witness has been convicted of a crime may be admitted to impeach the credibility of that witness subject to the following limitations:"*

*"(a) Party in a civil case or criminal defendant."*

*"(i) The fact that a party in a civil case or an accused who testifies has previously been convicted of a felony, or a misdemeanor involving moral turpitude, and the number of such convictions may be elicited during examination of the party or accused."*

*"(ii) If a conviction raised under subdivision (a)(i) is denied, it may be proved by extrinsic evidence."*

*"(iii) In any examination pursuant to this subdivision (a), the name or nature of any crime of which the party or accused was convicted, except for perjury, may not be shown, nor may the details of prior convictions be elicited, unless offered to rebut other evidence concerning prior convictions."*

Yes, if Brian were to testify on the stand, the Commonwealth Attorney can get Brian to admit that he was convicted in Federal Court, however *"the name or nature of any crime of which the party or accused was convicted, except for perjury, may not be shown, nor may the details of prior convictions be elicited, unless offered to rebut other evidence concerning prior convictions."* Brian stated in his motion to withdraw (See **Exhibit 8**) that he was given the impression that his federal conviction of "possession of child pornography" would be brought up and Brian would not be allowed to tell the jury that he had filed a Writ of Habeas Corpus on the ground of actual innocence in November, 2017, and later is asking

47

for vacatur of that conviction on an additional ground (not subject to time bar) of Fraud Upon the Court by the federal prosecutor.

If the Commonwealth Attorney forces Brian to disclose what he was convicted for while he testified on the stand, the attorney should have prepared to have copies of Brian's legal remedies in federal court being exercised to show the jury that he may not be guilty of possession of child pornography, and if his conviction is overturned at a later time then it should not even be an issue as to the state charge of indecent exposure.

It says the name and nature of any crime "*may not be shown, nor may the details of prior convictions be elicited, unless offered to rebut other evidence concerning prior convictions.*" Either Brian's wrongful conviction should not even be brought up but limited to just asking Brian if he was a convicted felon without any further details, or if the subject matter of "possession of child pornography" is brought up; then Brian's attorney or Brian orally has a right to testify that he is attempting to overturn his federal criminal conviction on the Writ of Habeas on actual innocence and fraud upon the court to "rebut other evidence concerning prior convictions."

Lauren McGarry was one of Brian's court appointed lawyers who had scared Brian and his family into considering withdrawing his appeal and accepting the guilty verdict of the lower court.

Citing Rule 2:403:

*"RULES OF SUPREME COURT OF VIRGINIA // PART TWO"*

*"VIRGINIA RULES OF EVIDENCE"*

*"ARTICLE IV. RELEVANCY, POLICY, AND CHARACTER TRAIT PROOF"*

48

*"Rule 2:403 EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, MISLEADING THE JURY, OR NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE"*

"Relevant evidence may be excluded if:"

*"(a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact; or"*

*"(b) the evidence is needlessly cumulative."*

So even this rule can apply to Brian's testimony in being forced against his will to admit that Brian was convicted in federal court for possession of child pornography when it is being challenged on the grounds of Fraud Upon the Court and actual innocence through Writ of Habeas Corpus (2255 Motion).

See Document #214, "MOTION FOR LEAVE TO AMEND OR SUPPLEMENT HIS 2255 MOTION by BRIAN DAVID HILL. (1:17CV1036) (Butler, Carol) (Entered: 11/04/2019)". That asks the Court to amend for a GROUND FIVE: Fraud Upon the Court, to be added to his federal Writ of Habeas Corpus petition.

See Document #125, "MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL. (Attachments: # 1 Envelope)(Taylor, Abby) Civil case 1:17-cv-01036-TDS opened. (Entered: 11/14/2017)". That asks the Court to vacate his wrongful conviction and one of the grounds is on the basis of Actual Innocence in his federal Writ of Habeas Corpus petition.

49

Lauren McGarry and Matthew Clark, none of them was going to bring that up if Brian testifies, the Commonwealth Attorney asks Brian about his conviction on "possession of child pornography" but they were never going to disclose about Brian's "Fraud upon the court" allegations which none of them were opposed or responded to by the U.S. Attorney. They were never going to expose Brian's actual innocence claims.

However she did at least file a motion to withdraw as counsel of record and then Matthew Clark was appointed as counsel of record.

3. Lauren McGarry didn't review over all of the Brady material with her client. She never showed Brian the police report on Brian and never gave Brian a chance to review over the entire report to see any possible defenses or contradictions. Lauren McGarry never showed Brian all of the requested discovery material, and so Brian couldn't assist his lawyer in his defense because he didn't see the whole picture of what the prosecution would present at trial.

4. Lauren McGarry never asked for any pre-trial hearings to determine the admissibility of any evidence and to submit a list of witnesses and exhibits of what was planned for the jury trial.

**Petitioner's counsel Matthew Clark was deficient in the following ways:**

1. Matthew Clark had not timely filed any request with the Court for a Medical Doctor or any medical expert at all to testify in defense of Brian David Hill before the scheduled jury trial of December 2, 2019. In fact he had filed no motion or request at all to attempt to admit any expert witnesses.

2. Matthew Clark had not attempted to file a motion to dismiss based upon Brian's legal innocence and no evidence of obscenity. Brian D. Hill had filed a fax pro se with a motion to dismiss on November 4, 2019 (Seq. #39) but that motion was

50

ignored as well. With Brian having no other recourse he had two choices, (1) file a motion to proceed pro se with no guarantee that Brian may have counsel appointed again and Brian has no trial experience and is not a lawyer, or (2) withdraw the appeal. Brian was placed in this bad position by both bad advice and lack of real representation.

3. Matthew Clark had not filed any motions to suppress any evidence. Clark had not filed any requests to block the Commonwealth Attorney from bringing out any details of Brian's wrongful federal criminal conviction or request that if the jury hears of his charge, that pursuant to Rule 2:609 the Attorney would present federal court filings showing that Brian David Hill had petitioned the U.S. District Court and is still pending in regards to his actual innocence and fraud upon the court by the federal prosecutor to make it a FAIR TRIAL instead of an unfair prejudiced jury trial.

4. Matthew Clark had not faxed, emailed, or mailed any interrogatories, at least to Petitioner's knowledge. Brian faxed interrogatories with pretty decent and relevant questions to the Commonwealth's Attorney and to Matthew Clark's office but nothing was ever done about it. The interrogatories were ignored; he never moved to adopt his client's interrogatories and never attempted to enforce them with the Commonwealth Attorney's office.

5. Matthew Clark never asked for any pre-trial hearings to determine the admissibility of any evidence and to submit a list of witnesses and exhibits of what was planned for the jury trial.

6. Matthew Clark didn't review over all of the Brady material with his client. He never showed Brian the police report on Brian and never gave Brian a chance to review over the entire report to see any possible defenses or contradictions.

51

Matthew Clark never showed Brian all of the requested discovery material, and so Brian couldn't assist his lawyer in his defense because he didn't see the whole picture of what the prosecution would present at trial.

The prejudice that all three ineffective court appointed lawyers had caused Brian are that:

(1) Brian was wrongfully convicted for indecent exposure when he could have been found legally innocent with support of relevant case law authorities.

(2) Brian faces up to 9 months of imprisonment (See **Exhibit 1**) (See **Exhibit 9**) unless he is found legally innocent of indecent exposure as it would prove that Brian David Hill complied with his Federal Probation by not violating a state, federal, or local law.

(3) Brian David Hill is being billed with legal costs of over $1,000. (See **Exhibit 2**), which is additional punishment. Brian's only source of income is $771 SSI disability benefits, with food stamps and Medicaid. $500 goes to rent. Demanding that Brian garnish any of his SSI money to pay legal costs isn't just additional cruel and unusual punishment against a mentally disabled person who doesn't work a job, it violates the Federal Law on protecting SSI benefits from garnishment from any court mandated costs. (making 4.. . installment payments of $ 300.00 . per 6 MONTHS-beginning .o5}15/2020.)

(4) Brian David Hill is suffering under restrictive Federal Bond conditions that were triggered and caused by the state charge of indecent exposure (See **Exhibit 9**). That shows that the state charge had put Brian in a more restrictive Federal custody due to the cause of the state charge on September 21, 2018 (See **Exhibit 10**, **Exhibit 11**). Brian is entitled to prove his legal

52

innocence to resolve the Federal Supervised Release issue and release Brian from bond. If any of Brian's court appointed lawyers had done their job at actually defending Brian, conducting thorough investigative work and presenting persuasive case law in Brian's favor, and filing suppression motions or even a motion to dismiss, then Brian would have had a better chance of not being served with a Federal Detainer. Brian never would have been placed on Federal bond, and likely the Supervised Release Violation hearing would have made a determination more favorable to Brian had he been found legally innocent of indecent exposure. The attorneys' unprofessional errors and failures had caused Brian unnecessary harm, imprisonment up to 9 months, the cost of hundreds of dollars of paperwork and mailings for Brian to have to keep fighting this state case and the federal case over and over again until justice is finally there. Carpel tunnel syndrome and other misery and suffering that has happened to Brian as a result of such ineffectiveness.

(5) Had Brian had effective lawyers, the jury would have found Brian not guilty or would have given Brian a good chance to prevail on appeal as a matter of law, or the case would have been dismissed as a matter of law.

Brian had clearly established not just the deficient performance and constitutional deprivations caused by ineffective counsels' but also prejudice. Brian had demonstrated violation of his Fifth Amendment right to effective assistance of counsel and due process.

## BASIS OF DUE PROCESS DEPRIVATION

Petitioner had explained why he had withdrawn his appeal (See **Exhibit 8**). He was deprived of fair and equal access to the judicial system through ineffective counsel. Brian had filed pro se motions out of disagreements Brian had had with his legal

counsels' Scott Albrecht, Lauren McGarry, and Matthew Clark. None of those pro se motions were ever acted upon.

Brian had also faxed interrogatories at an earlier time asking the Commonwealth Attorney questions under oath which was directed to one of the Government's witnesses "Sergeant Robert Jones" of Martinsville Police Department. Those were also never acted upon and ignored by the Commonwealth Attorney because Brian was represented by counsel.

Brian had filed a motion to suppress, motion to dismiss, motion to plead not guilty by reason of insanity and intent to bring an insanity defense, and motion for discovery. In fact none of those were ever acted upon because Brian's counsel knew what Brian was legally asking the Court to do but none of them ever attempted to file any of those and none of them ever adopted those pro se motions so that the Court and the Commonwealth Attorney would not ignore them since the attorney adopting it would make those motions the same as attorney filed motions.

Because of ineffective counsel, Brian was not given fair and impartial access to our judicial system. His rights, his evidence, his witnesses, his interrogatories, and any chance of him proving legal innocence was all completely deprived from Brian David Hill the Petitioner. As long as Brian was represented by ineffective counsels', Brian was deprived of any and all access to the criminal justice system. He was not going to get a fair trial, he was destined to lose the jury trial unless Brian had proceeded pro se but Brian has no trial experience, Brian is not a licensed lawyer and never been to law school, and his Autism would make it difficult to convince a jury that he is innocent, and Brian can't ask himself questions while testifying on the stand, he would essentially be a sitting duck waiting to politically be shot down.

54

Brian David Hill was entirely deprived of due process due to ineffective counsel.

Brian was deprived of access to all potential discovery materials which includes the police body-camera (bodycam) footage recorded on September 21, 2018. Brian was deprived of motion to dismiss to maintain his innocence which would have caused Brian to never face a potential conviction. Brian was deprived of motion(s) to suppress evidence. Brian was deprived of interrogatories to ask Government's witness Robert Jones if Brian was engaging in masturbatory behavior or any behaviors at all which would be required to legally find Brian guilty of obscenity. That would be enough for a conviction of indecent exposure if there was obscenity. Brian was deprived of presenting any witnesses in his favor including expert witnesses *(even ones his family had agreed to pay for if the Commonwealth Attorney objects to any money being paid for by the State to fund the expert witness)*. Brian was deprived of all rights in the Constitution. Brian's pro se motions were ignored, so Brian had no equal and fair access to the Court in Virginia. In violation of every one of his constitutional due process rights protections afforded to all criminal defendants inside the United States.

Ineffective counsel deprived Brian of all just and fair outcomes for the jury trial that would have ended badly due to severe ineffective counsel. All of Brian's court appointed counsels' failed to submit jury instructions with the Appellate case law and another instruction as a matter of law that simply being naked is not obscene and is not criminalized under the statute.

## GUILTY PLEA INVALID CAUSED BY INEFFECTIVE COUNSEL

Case law regarding ineffective counsel and case law regarding guilty pleas.

Padilla v. Kentucky, 130 S. Ct. 1473 (2010)

The failure to advise a defendant about the deportation consequences of entering a plea in a felony drug case amounted to ineffective assistance of counsel. The Court held that in certain situations, the failure to provide *any* advice constitutes ineffective assistance – especially where the consequence of a plea is easy to determine and is "automatic" – while in other cases, it is required at a minimum that counsel advise the defendant that there may be immigration consequences and that the defendant should seek advice from an immigration law attorney. In other words, to be effective, an attorney may be required to actually provide accurate advice if the immigration consequences are clear; and at a minimum, should warn the defendant of possible consequences if the result of entering a plea is not so clear. The Court held that the right to effective assistance of counsel is not violated only when counsel provides erroneous advice.

*Hill v. Lockhart*, 474 U.S. 52 (1985)

When a defendant challenges a guilty plea after sentencing on the ground that his lawyer provided him ineffective assistance, he must demonstrate that (1) his counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Missouri v. Frye*, 132 S. Ct. 1399 (2012)

The defendant was entitled to raise a *Padilla* claim based on his attorney's statement, "The government almost never issues a detainer for a Cuban, because they won't deport to Cuba." The fact that the plea was entered one year prior to the decision in *Padilla* does not mean that the attorney was not ineffective in providing this inaccurate advice.

*United States v. Bui*, 795 F.3d 363 (3rd Cir. 2014)

Trial counsel erroneously advised the defendant that if he entered a guilty plea to possessing drugs within 1000 feet of a school, he could receive safety-valve relief and receive a shorter sentence. However, the safety-valve is not available for this drug offense. The attorney provided ineffective assistance in connection with the guilty plea and the plea was therefore set aside.

*Roundtree v. United States*, 751 F.3d 923 (8th Cir. 2014)

An evidentiary hearing should have been held to determine whether trial counsel failed to warn the defendant that he was facing a mandatory life sentence if convicted at trial.

*Kovacs v. United States*, 744 F.3d 44 (2d Cir. 2014)

Counsel's erroneous advice about the deportation consequences of a plea to misprision of a felony was grounds to award coram nobis relief.

*Heard v. Addison*, 728 F.3d 1170 (10th Cir. 2013)

The defendant entered a guilty plea in state court to child molestation and received a twenty-five year sentence. The Tenth Circuit granted a writ, because a state court unpublished decision (issued prior to the time the defendant entered his guilty plea) indicated that the precise conduct that was involved in defendant's case was not a crime under Oklahoma law (looking under the dress of a girl who is wearing underwear). If the defendant had known about this ruling, he would not have entered a guilty plea. Interestingly, a decision issued by the Oklahoma courts *after* the defendant entered his plea suggested that his conduct *would* be criminal.

*United States v. Reed*, 719 F.3d 369 (5th Cir. 2013)

The Fifth Circuit remanded this § 2255 case back to the district court to conduct an evidentiary hearing on whether trial counsel was ineffective in failing to properly advise the defendant about what sentence he would have received had he entered a guilty plea. Trial counsel (according to the defendant), advised him that he would be sentenced to 36 months if he accepted the plea offered by the government. The defendant claimed in his § 2255 petition that he was actually facing between 8 – 14 months had he accepted the plea. A hearing on the merits of the claim was required.

*Johnson v. Uribe*, 682 F.3d 1238 (9th Cir. 2012)

The defendant entered guilty pleas to illegal reentry, and filing a false firearm transaction report (regarding his citizenship). Counsel failed to investigate and research the possibility that defendant was actually a citizen under the principle of "derivative citizenship" since his mother was naturalized. This was ineffective assistance of counsel that tainted the guilty plea.

*United States v. Smith*, 640 F.3d 580 (4th Cir. 2011)

If a defendant claims that his lawyer was so deficient that it amounted to no counsel at all, this can taint a guilty plea. Though a guilty plea generally waives all non-jurisdctional defects, this doctrine does not bar a challenge to the right to counsel, because this affects the voluntariness of the plea.

*United States v. Weeks*, 653 F.3d 1188 (10th Cir. 2011)

In the context of reviewing an ineffective assistance of counsel claim for a defendant who entered a guilty plea to a conspiracy offense, the Tenth Circuit emphasized that a conspiracy conviction requires proof that the defendant knew that his agreement involved a violation of the law, not simply an agreement to engage in certain conduct: "An agreement with others that certain activities be done, without knowing at the time of the agreement that the activities violate the law, is therefore insufficient to establish conspiracy." The defendant's § 2255 petition in this case was sufficient to allege facts that necessitated a hearing on the question of whether he fully understood the nature of the charges. The plea colloquy was insufficient to show that the defendant understood the nature of the proof that was required to prove his guilt, given his reluctance to acknowledge that he knew, at the time the events occurred, that his conduct was illegal.

*Tovar Mendoza v. Hatch*, 620 F.3d 1261 (10th Cir. 2010)

The trial attorney's grossly inaccurate statement to the defendant about the amount of time he would be required to serve if he pled guilty amounted to ineffective assistance of counsel and rendered the guilty plea involuntary. Defense counsel told the defendant his sentence would be three years. The sentence imposed was 25 years.

*Bauder v. Department of Corrections*, 619 F.3d 1272 (11th Cir. 2010)

The Eleventh Circuit held that the defendant's attorney provided ineffective assistance of counsel because of his failure to advise the defendant of the possibility that his guilty plea to stalking under Florida law could lead to civil commitment as a sexually violent person under state law. The Eleventh Circuit relied on *Padilla* in holding that even though the law was not absolutely clear that civil commitment was a collateral consequence, the attorney had the obligation to at least warn the defendant of the possibility.

*Williams v. Jones*, 571 F.3d 1086 (10th Cir. 2009)

58

The defendant was offered a plea agreement that would require him to serve 13 months. He drew the line at 12 months (so he could serve the sentence in the county jail) and the attorney advised him to simply enter a plea "straight up" without a plea agreement and see if another month could be shaved off the sentence. The defendant took the advice and the judge sentenced the defendant to ten years. The attorney was unaware of prior convictions that changed the judge's mind. The attorney provided ineffective assistance of counsel. Even without the recidivist issue, advising the defendant to reject a 13 months certain sentence and plead without an agreement to see if he could get 12 months was not sound advice.

*United States v. Mooney*, 497 F.3d 397 (4th Cir. 2007)

Trial counsel was ineffective in advising the defendant that he should plead guilty in this felon-in-possession case, because there was no justification defense available. The defendant seized the gun from his wife, who was threatening him, and promptly went to the police who were at his place of employment and gave them the weapon.

*Julian v. Bartley*, 495 F.3d 487 (7th Cir. 2007)

Counsel advised the defendant that pursuant to the (then) new decision in *Apprendi*, the state could not impose consecutive sentences based on the defendant's recidivist status, because the prior offense was not set forth in the indictment. Because *Apprendi* exempted prior offenses from the scope of its decision (prior offenses need not be set forth in the indictment, or proved to a jury in order to affect the sentence), the attorney's advice was ineffective assistance of counsel. The defendant rejected a plea offer and went to trial. The Seventh Circuit granted the writ. Oddly, the court held that the state is not required to offer the original deal. It may offer that deal, but it is not required to do so. The state may also simply re-try the defendant.

*United States v. Morris*, 470 F.3d 596 (6th Cir. 2006)

In a crowded state court holding cell, the defendant met his appointed attorney for the first time. He was offered a plea of four years, or face federal charges. The attorney had virtually no time to review discovery or have a private conversation with the defendant. She also provided inaccurate advice about the possible federal sentence if he did not take the state plea. This was ineffective assistance of counsel. The defendant rejected the state plea offer and was then prosecuted in federal court. The district court judge concluded that the federal indictment should

be dismissed so that the defendant could be given a reasonable opportunity to consider entering a plea to the state charge.

*Dando v. Yukins*, 461 F.3d 791 (6th Cir. 2006)

Trial counsel was ineffective in failing to request expert funds in order to investigate the defendant's possible duress (battered spouse) defense to charges that she assisted her boyfriend in a string of robberies. The attorney declined to hire the expert because he thought that funds were not available to investigate this type of defense. The defendant's guilty plea was tainted by this ineffective assistance of counsel.

*Satterlee v. Wolfenbarger*, 453 F.3d 362 (6th Cir. 2006)

The defendant gave a proffer to the state court prosecutors pursuant to an agreement that provided that if he were to proceed to trial, what he said could be used to impeach him. His attorney did not explain this to him. After giving the proffer and incriminating himself, he backed out of the deal and proceeded to trial, not realizing that if he testified, his statements could be used against him. The attorney provided ineffective assistance of counsel. The court ultimately concluded, however, that the ineffective assistance of counsel was not prejudicial.

*United States v. Herrera*, 412 F.3d 577 (5th Cir. 2005)

The defendant entered a guilty plea, having been advised by his attorney that he could still preserve for appeal his state speedy trial act claim. His advice was erroneous. This amounted to ineffective assistance of counsel. The Sixth Circuit remanded the case to the district court to evaluate the merits of the defendant's speedy trial act claim, in order to determine whether he was prejudiced by the attorney's ineffectiveness.

*United States v. Couto*, 311 F.3d 179 (2d Cir. 2002)

Trial counsel affirmatively misled the defendant into believing there were things that could be done to avoid deportation (when, in fact, there were none). This affirmative misrepresentation is different than a failure to advise the defendant of collateral consequences of a plea.

*Smith v. United States*, 348 F.3d 545 (6th Cir. 2004)

60

In ruling on a plea withdrawal motion, courts consider whether the defendant "has raised a significant question about the voluntariness of the original plea." United States v. Schmidt, 373 F.3d 100, 103 (2d Cir. 2004). They may also consider:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea.

In federal habeas case-law, the United States Supreme Court has suggested that imprisonment or execution of an innocent prisoner could violate the U.S. Constitution but has never clarified the standard a prisoner would have to meet to successfully assert such a claim. Herrera v. Collins, 506 U.S.390, 418-19, 427-29 (1993); see also id. at 430-46 (Blackmun, J. dissenting); McQuiggin v. Perkins, 569U.S.383, 392 (2013); House v. Bell, 547 U.S.518, 554-55 (2006). Still, actual innocence can serve as a defense to otherwise applicable procedural defaults such as successive petitions or petitions that assert claims that could have been asserted previously in the litigation. McQuiggin at 392-93.

Actual innocence and ineffective counsel both play a vital role in withdrawing Petitioner's guilty plea entered on November 15, 2019.

Brian's plea of guilty that was entered on 11/15/2019 by withdrawing his appeal was caused by a mixture of bad advice, lack of investigative work, Brian not being given access to all discovery material by any of the court appointed lawyers including Scott Albrecht, failure to ask the state to pay for any expert witnesses such as Medical Doctors and Autism experts, failure to ask for any witnesses at all

61

and failure to draft a witness and exhibit list, the difference of opinions by different lawyers but almost all lawyers told Brian to withdraw his appeal due to his wrongful federal conviction, and failure to attempt to dismiss the criminal case on the basis of Brian's legal innocence due to no obscenity.

Brian was not obscene, Brian did not have a prurient interest in sex, Brian never engaged in masturbatory behavior in public, Brian was just naked on the Dick and Willie passage hiking trail at night. The nude photos taken of Brian were between 12:29AM and 1:01AM, and were taken miles away from the location where 911 was called. The photos were taken but were not shared with anybody except being voluntarily turned over by Brian to Martinsville Police Department. The photos may or may not be relevant to the issue of obscenity as Brian was arrested out of a 911 phone call that came from Hooker Street which was miles away from Greene Co. Inc., the area where the photos were actually taken, around that area. The photos from the camera are considered private/personal and were not being given to the public to look over. It was the Commonwealth Attorney at the General District Court that flashed the nude photos (possibly 8 by 10 size) of Brian around like it was a television show, so that the audience (*there were many people in the courtroom that day*) could see a glimpse of Brian's naked body in the photos. The Commonwealth Attorney also had made fun of Brian and his Autism Spectrum Disorder, like a bully. Brian didn't spread the photos in that camera around to anybody, but it was the Commonwealth that is having Brian's nude photos looked at and being scrutinized by many people not involved with the case if they saw the photos presented by the Commonwealth Attorney on December 21, 2018.

62

Along with the unfair prejudice of Brian's federal "child pornography" conviction being shared with the jury despite Brian challenging it on grounds of actual innocence and fraud upon the court, the nude photos of Brian would be reviewed over by all members of the jury. Some might feel offended; some might spread rumors throughout the city. A potential juror could be one of Brian's neighbors or a store clerk of a store that Brian visits to buy something or goes grocery shopping. Having total strangers in the jury pool viewing the nude photos of Brian may cause word to be spread throughout Martinsville that Brian David Hill is some kind of pervert or terrible person without understanding or knowing the circumstances of what all had happened. The cards were stacked against Brian and the attorneys did nothing to really mitigate the issues of Brian's legal innocence and the fact that Brian wasn't even being obscene. Despite Brian's legal innocence, Brian was facing a jury that would be predetermined that Brian was a predator and a pervert alone by hearing of Brian's federal conviction. They would already determine that Brian was automatically being obscene over his past charge. It makes Brian look bad.

Counsel failed to ask the bench to dismiss his case and prevent the whole prejudiced jury trial with simply proving Brian's legal innocence. Counsel failed to ask the state to pay for an expert witness to explain Brian's abnormal but not illegal behavior. It is clear that Brian will not repeat the act of public nudity at night, and Brian will never do that at any time. Brian's behavior was something that should not happen, but it was clearly not illegal and without criminal intent.

Wherefore, Brian asks this Court to consider withdrawing Brian's guilty plea when considering his legal innocence claim. Legal innocence cannot be fully recognized without withdrawing his invalid guilty plea. Brian David Hill is legally innocent of indecent exposure under well-established Virginia case law from Virginia Courts

63

of Appeal. His guilty plea holds no merit and should be withdrawn and his legal innocence recognized by this Honorable Court.

## PROSECUTORIAL MISCONDUCT BY
## VIOLATINGSTATE BAR RULE 3.8

The Commonwealth Attorney of Martinsville who prosecuted Brian David Hill for the charge of indecent exposure had committed prosecutorial misconduct by violating V.A. State Bar Rule 3.8 and then aggravated this violation by requesting a jury trial knowing of Brian's wrongful federal conviction of "possession of child pornography". The Commonwealth Attorney intends to paint Brian David Hill as a pervert, despite arguing in General District Court that Brian was not charged with obscenity on December 21, 2018. They intend to falsely paint Brian as being obscene by contaminating Brian's state charge with the federal conviction in 2014 knowing that checking the Docket Sheet and researching into the federal case would reveal that Brian's case is being challenged by a 2255 Motion and on issues of fraud upon the court. The Commonwealth Attorney refuses to accept Brian's legal innocence, refuses to accept the precedential case law of Brian David Hill being legally innocent as a matter of law. They are doing everything they can, knowing that Brian is on Federal Probation conditions, to convict Brian of indecent exposure by tainting the jury pool with prejudice and hate. The facts are that Brian was not being obscene. Brian should not have been forced into a situation where he pleads guilty by withdrawing his appeal in Circuit Court.

It is the GOVERNMENT'S RESPONSESIBILITY, to ensure that they are not convicting innocent people and people that are aware of or were made aware of that are legally innocent of their charge(s). Government counsel isn't supposed to be just an advocate for the Government and an advocate for law enforcement.

Government counsel is supposed to dismiss charges against those who are legally innocent. If evidence or case law arises showing that a criminal defendant who they had charged is legally innocent, then the Commonwealth Attorney should move to dismiss the charge or acquit the convicted defendant to comply with State Bar Rule 3.8 and Rule 3.8 of the American Bar Association Model Rules of Professional Conduct.

"[1] *A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence.*"

The Commonwealth Attorney Andrew Hall had violated Rule 3.8 and should be disciplined if he does not move to acquit Brian David Hill of his charge of indecent exposure.

## OTHER MATERIALS IN SUPPORT OF PETITIONER'S WRIT OF HABEAS CORPUS

There are other materials which are also in support of this Petition and Brief / Memorandum of law for Writ of Habeas Corpus.

Read **Exhibit 13**: "Brian David Hill's grandmother's notes are in bold and underlined from the transcript on 9·12·2019: from Stella Forinash". Has information helpful to this Court.

See **Exhibit 14** for proof photographs of house damage in Apartment 2 caused by possible Carbon Monoxide Gas.

See **Exhibit 15** of Exhibit 1 — Document #181, Attachment #2, Statement from Chimney Expert Pete Compton filed on federal court record. It is evidence of carbon monoxide gas in Apartment 2 prior to Brian's arrest for indecent exposure.

See **Exhibit 16**: Exhibit 0 — Document #181, Attachment #1, Letter to Martinsville Police Chief – 13 pages

See **Exhibit 17**: Cumulative Autism/OCD/diabetes/etc. evidence 1. Autism and the brain; 2. Autism placard and identification card; 3. Copy of Page 2 of DMV form; 4. Autism and Wandering Prevention Tips; 5. Autism Awareness; 6. Symptoms Evidence in autism; 7. Symptoms and signs of carbon monoxide poisoning; 8. 2-page Autism Wandering / Elopement from National Autism Association; 9. Brittle diabetes page; 10. Signs of hyperglycemia; 11. Information page on "A diabetic seizure…"; 12. Facts about Obsessive Compulsive disorder; 13. Symptoms of Generalized Anxiety Disorder

All evidence from Exhibits 13-17 is additional evidence in support of Petitioner's claims of ineffective counsel, actual innocence, and possibly other grounds.

## EXHIBIT LIST

Exhibit 1: Document #200, court order: "JUDGMENT ON REVOCATION OF PROBATION/SUPERVISED RELEASE. The Defendant's supervised release is revoked. Nine (9) months imprisonment. Nine (9) years supervised release is re-imposed under the same terms and conditions as previously imposed." – 2 Pages but pages 3 to 16 were omitted in this Exhibit.

Exhibit 2: The legal costs billed to Brian David Hill as a result of Petitioner Brian David Hill withdrawing his appeal. – 2 Pages

66

Exhibit 3: A map introduced by federal prosecutor, Assistant United States Attorney Anand Prakash Ramaswamy allegedly of where the photos were taken by Brian David Hill. – 2 pages

Exhibit 4: Article from the National Human Genome Research Institute (genome.gov) on Autism Spectrum Disorder. Government source. – 8 pages

Exhibit 5: Autism TEACCH papers. – 6 pages

Exhibit 6: IACC Subcommittee Diagnostic Criteria - DSM-5 Planning Group - . Government source. – 2 pages

Exhibit 7: A true and correct copy of Exhibit 9 — Document #181, Attachment #10, detailing a Piedmont Community Services report from Dr. Conrad Daum – 7 pages

Exhibit 8: A true and correct copy of the FAXED Motion to Withdraw Appeal. – 12 pages

Exhibit 9: Petition for Warrant or Summons for Offender Under Supervision, federal probation violation petition for arrest based upon the state charge and state case against Brian David Hill. Document #157 in Brian's federal criminal case. – 2 pages

Exhibit 10: Federal Order setting conditions for release (Bond) – 3 pages

Exhibit 11: Federal Appearance Bond – 2 pages

Exhibit 12: USPS tracking page on certified mail tracking number of envelope mailed to Martinsville Police Chief – 2 pages

Exhibit 13: Brian David Hill's grandmother's notes are in bold and underlined from the transcript on 9·12·2019: from Stella Forinash – 17 pages

Exhibit 14: Photographs of house damage in Apartment 2 caused by possible Carbon Monoxide Gas. – 12 pages

Exhibit 15: Exhibit 1 — Document #181, Attachment #2, Statement from Chimney Expert Pete Compton filed on federal court record. – 2 pages

Exhibit 16: Exhibit 0 — Document #181, Attachment #1, Letter to Martinsville Police Chief – 13 pages

Exhibit 17: Cumulative Autism/OCD/diabetes/etc. evidence 1. Autism and the brain; 2. Autism placard and identification card; 3. Copy of Page 2 of DMV form; 4. Autism and Wandering Prevention Tips; 5. Autism Awareness; 6. Symptoms Evidence in autism; 7. Symptoms and signs of carbon monoxide poisoning; 8. 2-page Autism Wandering / Elopement from National Autism Association; 9. Brittle diabetes page; 10. Signs of hyperglycemia; 11. Information page on "A diabetic seizure…"; 12. Facts about Obsessive Compulsive disorder; 13. Symptoms of Generalized Anxiety Disorder – 14 pages

Any federal court records used in exhibits or cited in this Petition for Writ of Habeas Corpus and it's supporting brief thereto, is admissible under V.A. Code § 8.01-389.

*"§ 8.01-389. Judicial records as evidence; full faith and credit; recitals in deeds, deeds of trust, and mortgages; "records" defined; certification."*

*"A. The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are certified by the clerk of the court where preserved to be a true record. For the purposes of this section, judicial proceeding shall include the review of a petition and issuance of a temporary detention order under § 16.1-340.1 or 37.2-809."*

*"A1. The records of any judicial proceeding and any other official record of any court of another state or country, or of the United States, shall be received as prima facie evidence provided that such records are certified by the clerk of the court where preserved to be a true record."*

*"D. "Records" as used in this article, shall be deemed to include any memorandum, report, paper, data compilation, or other record in any form, or any combination thereof."*

*"E. The use of the term "copy teste," "true copy," or "certified copy" or a substantially similar term on a certification affixed or annexed to a copy of an official record maintained by a clerk of court that bears the signature of the clerk or any deputy clerk, and that has the name of the court where such record is preserved on the document or on the certification, shall be prima facie proof that such record is certified by such clerk to be a true copy of the official record kept in the office of the clerk. Nothing herein shall be construed to require or prevent a clerk from using an official seal or prevent a clerk from using any other acceptable method of certification for a court record."*

Respectfully submitted,

Brian D. Hill
Signed

Signed
Petitioner
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON – Drain the Swamp

I ask Qanon for Assistance (S.O.S.)
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

This pleading had been delivered by hand to the Office of the Hon. Ashby Pritchett, Clerk's office at the Martinsville Circuit Court on November 18, 2019, at the address of 55 West Church Street, Martinsville, Virginia 24112.

## CERTIFICATE OF SERVICE OF COMMONWEALTH ATTORNEY

I hereby certify that on this the 18th day of November, 2019, a true copy of the foregoing application, brief / memorandum, and exhibits was served by hand to the Respondent(s) which is the office of the Commonwealth Attorney of Martinsville, at 55 West Church Street, Martinsville, Virginia 24112, counsel for Respondent of the party: Commonwealth of Virginia, Fax: 276-403-5478. This shall serve as compliance to Rule 5:7(a)(3) of the Rules of the Supreme Court of Virginia.

Petitioner

*Brian D. Hill*
Signed
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON – Drain the Swamp
I ask Qanon for Assistance (S.O.S.)
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

70

## CERTIFICATE OF SERVICE OF ATTORNEY GENERAL

I hereby certify that on this the 18th day of November, 2019, a true copy of the foregoing application, brief / memorandum, and exhibits was served by certified mailing (postage prepaid) to the Respondent(s) which is the office of the Attorney General, at 202 North Ninth Street, Richmond, Virginia 23219, counsel for Respondent of the party: Attorney General of Virginia. This shall serve as compliance to Rule 5:7(a)(3) of the Rules of the Supreme Court of Virginia.

Petitioner

*Brian D. Hill*
Signed                Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON – Drain the Swamp
I ask Qanon for Assistance (S.O.S.)
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

71

# AFFIDAVIT IN FORMA PAUPERIS

COMMONWEALTH/STATE OF VIRGINIA

CITY/COUNTY OF. Mantiwsville / Henry

The petitioner being duly sworn, says:

1. He is unable to pay the costs of this action or give security therefor;
2. His assets amount to a total of $. 771

Brian D. Hill
*Signed*

Signature of Petitioner

Subscribed and sworn to before me

this 18. day of November 20 19

Mitzie C. Thompson

Notary Public

My commission expires: 4-30-21

MITZIE C THOMPSON
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES APR. 30, 2021
COMMISSION # 353833

Petitioner

Brian D. Hill
*Signed*        Signed

Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON – Drain the Swamp
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

72

# ACKNOWLEDGEMENT OF RECEIPT

## CERTIFICATE OF SERVICE

I _Nancy Sherman_ , who works at the Commonwealth Attorney's Office at 55 West Church Street, Martinsville, Virginia 24112 on the date of November 18, 2019, acknowledge receipt of a true and correct copy of:

1. Petition for Writ of Habeas Corpus
2. BRIEF AND EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS
3. All 17 Exhibits attached to Brief

Petitioner

_Brian D. Hill_
Signed                                    Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

Former U.S.W.G.O. Alternative News reporter
I stand with QANON – Drain the Swamp
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

```
============================================
              MARTINSVILLE
             1123 SPRUCE ST
         MARTINSVILLE, VA 24112-9998
              515652-0362
              (800)275-8777
           11/18/2019 03:29 PM
============================================
============================================
--------------------------------------------
Product              Qty    Unit    Price
                            Price
--------------------------------------------
PM 2-Day              1    $7.35    $7.35
Flat Rate Env
    (Domestic)
    (RICHMOND, VA  23219)
    (Flat Rate)
    (Expected Delivery Day)
    (Wednesday 11/20/2019)
Certified                           $3.50
    (USPS Certified Mail #)
    (70191120000147514610)
--------------------------------------------
Total:                             $10.85
--------------------------------------------


Cash                               $20.00
Change                            ($9.15)
--------------------------------------------

Includes up to $50 insurance

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.


Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm

             Preview your Mail
             Track your Packages
             Sign up for FREE @
          www.informeddelivery.com


All sales final on stamps and postage.
 Refunds for guaranteed services only.
      Thank you for your business.

        HELP US SERVE YOU BETTER

        TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

               Go to:
     https://postalexperience.com/Pos

      840-5250-0004-003-00043-68254-02

         or scan this code with
         your mobile device:
```



```
      or call 1-800-410-7420.
```

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

7019 1120 0001 4751 4610

For delivery information, visit our website at *www.usps.com*®.

RICHMOND, VA 23219

OFFICIAL USE

Certified Mail Fee   $3.50

MARTINSVILLE
058  VA 24112

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)              $
☐ Return Receipt (electronic)            $    $0.00
☐ Certified Mail Restricted Delivery     $    $0.00
☐ Adult Signature Required               $    $0.00
☐ Adult Signature Restricted Delivery    $

Postmark
Here

NOV 18 2019

Postage   $7.35

Total Postage and Fees   $10.85            11/18/2019

Sent To   Office of the Attorney General
Street and Apt. No., or PO Box No.   202 North Ninth Street
City, State, ZIP+4®   Richmond VA 23219

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions