

In the United States District Court
For the Middle District of North Carolina

)
**Brian David Hill,** )
**Petitioner/Defendant** )
) **Criminal Action No. 1:13-CR-435-1**
**v.** )
) **Civil Action No. 1:17-CV-1036**
**United States of America,** )
**Respondent/Plaintiff** )
)
)

### Petitioner's Third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff's/Respondent's Favor

### Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant request for Default Judgment and Vacate Fraudulent begotten Judgment or Judgments

Criminal Defendant and § 2255 Motion Petitioner Brian David Hill("Brian D. Hill", "Hill", "Brian", "Defendant", "Petitioner")is respectfully requesting that the Honorable U.S. District Court grant this motion for sanctions and give Petitioner default judgment in Petitioner's favor in the 2255 case as a matter of law and for evidence of a repeated pattern of fraud upon the court. This is pursuant to the inherit power or implied power of the U.S. District Court (Courts § 18 - inherent or implied powers, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), Courts § 225.1; Equity § 47 - power to vacate fraudulent judgment) (See Supplement 1 — Document #199, Attachment #1 ECF No. 199-1).

The sanctions that Petitioner has requested are to deter habitual lying, repeated pattern of frauds upon the court, repeated injury and prosecutorial abuses against

1

party: Brian David Hill. Since the counsel of the United States of America, Anand Prakash Ramaswamy, and had further doubled down with more fraud and lies against Petitioner to have Petitioner imprisoned on December 6, 2019.

The lies and frauds are repeated, will cause repeated injury and distrust of the Federal Court, and will cause repeated miscarriages of justice and cruel and unusual punishments continually inflicted against Brian David Hill.

The original criminal conviction and all Supervised Release Violations should be declared null and void for the frauds upon the court by the United States of America and for the constitutional rights violations and deprivations against Petitioner since the original criminal case had begun.

Brian David Hill has been repeatedly injured and lied about by Attorney Anand Prakash Ramaswamy, NC Lic. #24991, and this attorney had continued to repeat more misrepresentations and lies on the court against Brian David Hill. He is being repeatedly injured and his rights repeatedly violated.

Anand Prakash Ramaswamy is a licensed attorney and is an officer of this Court. It is the duty of any Court of competent jurisdiction, to vacate fraudulent begotten judgments caused by an attorney who is an officer of that court. It is this Court's duty to punish an attorney who misrepresents the facts, misrepresents what happened, brings any frauds upon the court, and attempts to deceive the court to win their case and win their argument.

## LIES OF ANAND PRAKASH RAMASWAMY FROM TRANSCRIPT #215

2

The lies or misrepresentation of what actually happened because of what Assistant U.S. Attorney Anand Prakash Ramaswamy had said at the hearing dated September 12, 2019. This is sourced from the transcript Document #215. Now of course there is an order under Document #218 to correct the omissions from the transcript but the statements in the transcript can still be used for the purpose of this motion.

Citing pages 67 and 68 of transcript:

**MR. RAMASWAMY:** I would first say that the Defendant is a registered sex offender who spent at least three hours out that night naked, photographing himself for some unknown reason. **And the Court has also heard testimony that there were other reports of a naked man in a stocking cap, and he's shown wearing a stocking cap prior to this, and that there were no such reports after Mr. Hill's arrest.**

"...*there were other reports of a naked man in a stocking cap, and he's shown wearing a stocking cap prior to this, and that there were no such reports after Mr. Hill's arrest.*"

That is hearsay and AUSA Ramaswamy cannot establish facts out of hearsay. How would Ramaswamy like it if I claimed that I saw him wearing a tutu and wearing makeup at a bar sounding like a girl? Or I claim that he is Santa clause? But I do not know whether it was Ramaswamy or not? (Making a theoretical argument here to prove a point).

Either it was Brian or it was not. Hearsay cannot be accepted for any party. Ramaswamy is not above the law so hearsay is not affirmative evidence. Ramaswamy saying that "there were other reports of a naked man in a stocking cap", and "he's shown wearing a stocking cap prior to this, and that there were no such reports after Mr. Hill's arrest." That does not match what Sergeant Jones had said under oath, the Government's own witness. The Court heard testimony that

3

said "*Did you get similar calls after Mr. Hill was arrested in this case?*" and his answer was "*A. We've had, I know, **two other calls for indecent exposure incidents**, but **they were both identified as not being Mr. Hill**.*"

Citing Page 28 of Transcript:

```
Q Other than September 21, were you -- of last year, were
you aware of other calls in reference to a naked person on that
trail or in that area?
A We have had other calls in the city in reference to a
white male running naked with a stocking cap on, which was
consistent with Mr. Hill.
Q Did you get similar calls after Mr. Hill was arrested in
this case?
A We've had, I know, two other calls for indecent exposure
incidents, but they were both identified as not being Mr. Hill.
```

That proves that indecent exposure is not limited to Brian David Hill, that anybody can be doing it. There is a college campus right around the City of Martinsville. It is titled the "Patrick Henry Community College". It is a college campus, and colleges are where young students go around doing things like streaking, hazing, and getting drunk and can run around naked acting crazy. There are college students who are wild and ones who love to party and get drunk or do stupid and crazy things.

Unless Officer Jones had correctly identified any phone calls regarding a nude male to being of Brian, it is hearsay and cannot be established as a material fact. Ramaswamy's claim of "that there were other reports of a naked man in a stocking cap" is not based on a material fact but hearsay and then lying on top of that by claiming "and that there were no such reports after Mr. Hill's arrest." That contradicts what the witness had said on page 28.

4

Again the witness said on page 28 that "I know, two other calls for indecent exposure incidents, but they **were both identified as not being Mr. Hill**". Ramaswamy is such a habitual liar that he would lie or misrepresent about what a witness had said earlier in the very exact same hearing.

Citing Page 32 of Transcript:

```
"Okay. And you said that the caller, based on the diagram
on -- I believe that's Government's Exhibit No. 7. The caller
that called in at 3:12 a.m., that was near I believe -- that
looks like a Burger King; is that correct?
A Correct. Right there at that intersection for the Burger
King is a 24-hour laundromat and just around -- if you take a
right from there, you are in sight of the CVS that's open 24
hours a day.
Q And that's not pictured here on Exhibit No. 5; correct?
A No."
```

Brian and his family knows where that Burger King was located. The hiking trail was below the bridge and the bridge connects to the road where to the right side is where Burger King would be located, and Hooker Street was a road that is going downward to the left at the 3-way intersection.

See Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4 and Exhibit 5 in attachment to this motion.

Shows that any folks at the Burger King cannot see what was on the Dick and Willie hiking trail. Shows that there were no 24-hour-open-businesses around the Dick and Willie trail. It shows that the Hooker Street road goes downward and the trees block anybody from seeing the hiking trail from the top. The trail goes underneath a bridge. The photographs tell a lot.

Ramaswamy along with Sergeant Jones had attempted to deceive the court by showing a 2-dimensional roadmap as an exhibit to make it appear that the Dick and Willie hiking trail is easily seen by folks at Burger King, and a *"24-hour laundromat and just around -- if you take a right from there, you are in sight of the CVS that's open 24 hours a day"*. That is a major distortion and misrepresentation of the location of where Hooker Street was. 2D maps is not an accurate description as it doesn't show trees, hills, and can be used to paint whoever they want a certain way. CVS Pharmacy is across from the bridge and cannot be seen from the Dick and Willie trail. The area of Hooker Street where the Dick and Willie trail can be seen cannot see CVS.

The Government's Exhibit 2 of the exhibits introduced at the hearing on September 12, 2019 were of "map, arrows, and some text". A 2D map does not show the level of hills, does not show where trees are, and does not show the terrain of the area of the location. That right there was a fraud and misrepresentation perpetuated by Anand Prakash Ramaswamy from the record.

Citing Pages 19 and 18 of Transcript:

**BY MR. RAMASWAMY**
"Q I'm going to ask you about Government's Exhibit 1 in relation to this trail, the Dick and Willie Passage. In your further investigation or knowledge, were you able to determine whether these photographs were taken in reference to that trail?
A Further investigation from the initial incident, it looks like all of these were taking place at the Greene Company right behind the Mexican restaurant right in that area, Virginia Avenue, Memorial Boulevard, and Commonwealth Boulevard.
Q What type of area is that?"

"A It's the Wal-Mart -- it's our Wal-Mart intersection. There's several restaurants, a gas station right here in this little area, along with a hotel there as well.
Q In terms of Martinsville, or Henry County, is it -- how would you describe it in terms of car traffic? Foot traffic?

6

A Heavy traffic."

That is also a distortion, lies, and deceiving the Court into believing that Brian was running naked around close to Wal-Mart and where there is heavy traffic. <u>Late at night, there is no heavy traffic (12:30 AM to 3:AM) in the middle of the **NIGHT.**</u> That was why 911 was never called from where the photos were taken. Heavy traffic and heavy foot traffic was during the daytime. That response and question by AUSA Ramaswamy is deceptive and another fraud upon the court.

Citing Pages 22, 23, to beginning of 24 of Transcript:

```
"Q Now, in relation to Martinsville, Henry County -- well,
strike that.
Is that the same intersection that has the Wal-Mart on the
one side and other businesses on the other?
A Correct.
Q In relation to Martinsville and Henry County, how busy of
an intersection is that? Is it a -- it's in the top?
A It's one of our busiest intersections for that area.
Q I am going to show you a photograph marked Government's
Exhibit 6.
```
**MR. RAMASWAMY:** And I have no objection if counsel moves to seal this one as well, Your Honor.
**MS. PRYOR:** That would be my request, Your Honor.
**THE COURT:** All right. It's granted.
**BY MR. RAMASWAMY**
```
Q I have some questions related to Government's Exhibit 6.
What is shown in that exhibit?
A This is the grassy section just up from the intersection
behind the gas station. The Wal-Mart intersection is here with
the stoplights. The signs for all the stores down there in the
strip mall just below Wal-Mart is here in the smaller, lower
right-hand corner.
Q And you're pointing to the lower right-hand corner of
Government's Exhibit 6. Is there also a yellow sign with a
semicircular top about in the center near the bottom?"
```

```
"A Yes, sir.
Q What business is that?
"A That's one of the businesses right here on the main strip.
I think it's a Midas or Monro, something to that effect, and
then Hill Chiropractic is right there as well.
```

7

Q Is that a tire store?
A Correct.
Q And is that visible? Is this intersection visible in
Government's Exhibit 5?
A Yes, sir. It's right here.
Q And you're pointing to -- in Government's Exhibit 5, on
the right, you're pointing to where there's a Lowe's sign, in
between the Lowe's and the Wal-Mart?
A Right. The Hill Chiropractic sign is here just at the
stoplight, the Monro Muffler shop is here, and the Wal-Mart
intersection is all right there together.
**MS. PRYOR:** Your Honor, do you mind if I move closer
just so I can see where they're pointing? I am unable to see
it from here.
**THE COURT:** Why don't you hold it up so counsel can
see it.
**THE WITNESS:** The Wal-Mart intersection is here where
the blue sign is. We've got the yellow building, which is the
muffler shop, tire shop there, and then just past that one with
this other brick building behind it is the Hill Chiropractic
building."

See Exhibit 6, Exhibit 7, Exhibit 8, Exhibit 9 and Exhibit 10 in attachment to this
motion.

It is not one of the busiest intersections at night. It is impossible for anybody at
night from Wal-Mart, Hill Chiropractic, and Monro Muffler shop to see anybody
on the other side of the road where the Dick and Willie trail is at a lower level. The
road does not have heavy traffic at night as a majority of stores are closed. Traffic
is usually between hardly anybody to nobody at night depending on the time and
some periods there could be some more traffic but again at night but not heavy
traffic. Not many cars even though there is nighttime traffic. At night time it is
difficult to see anybody to the left or right. That was why 911 was never called
from that entire area. It was only Hooker Street where the 911 call came from.
Brian was not around Wal-Mart and the photos were taken NOT at Wal-Mart and
was far away from Wal-Mart. Brian never even crossed the big stretch of road that
was shown in Government's exhibits.

8

Again, it is a big deception and AUSA Ramaswamy along with Sergeant Robert Jones deceived the Court into believing that Brian was taking nude photos of himself around a busy intersection while heavy traffic was pouring through and where he can be seen from Wal-Mart, Hill Chiropractic, and Monro tires. It again makes the situation sound far worse than it really was.

The Government's exhibits on September 12, 2019, the photos were taken in the daytime during a more heavy traffic period instead of being taken at night when Brian was out on September 21, 2018. It again, shows that AUSA Ramaswamy is misrepresenting the location and area by painting it out to be what they wanted to depict it in a negative light against Brian.

Citing Page 10 of Transcript:

**THE COURT:** You may have a seat, sir.
The allegation in the petition is that Mr. Hill was
arrested by the Martinsville, Virginia Police Department for a
misdemeanor indecent exposure on September 21, 2018. He
reportedly **was running around a public park nude at the time.**

The Dick and Willie passage was not a public park but a hiking trail. That comment above was not by AUSA Ramaswamy though but that too is a fraud upon the court that Brian "reportedly was running around a public park nude".

See Exhibit 1 — Document #206, Attachment #1.

It is not a park but a walking trail. It is not a place meant for kids to congregate.

Citing Page 13 of Transcript:

Q On that trail, is that trail open at night?
A It is.
Q Is it a park?
A **It's a walking trail that goes from the county through the**

9

**city back out into the county.**

The Government's own witness admitted under oath that it is a walking trail and did not answer to it being a park. So it is not a park but a "walking trail".

Citing Page 43 of Transcript:

```
Q As far as being a registered sex offender and the
conditions of his supervision, would that prevent him from
going to parks and places where children congregate?
A I would have to review his conditions of supervision, but
our standing order in the Western District of Virginia would
require permission for someone to go to places that are
primarily used by children.
Q Did Mr. Hill ever seek such permission in relation to the
Dick and Willie Passage?
A In the past, he has asked for permission during the
daytime hours to go on the trail to take pictures of wildlife
and nature.
```

Walking trails have no playgrounds, mainly adults use that walking trail. It is not designated as a place for children to congregate. AUSA Ramaswamy was attempting to deceive Jason McMurray and the Court to believe that Brian was congregating at a park walking trail instead of 'just a walking trail'. The Dick and Willie passage has no playgrounds, has no teeter totters. Brian didn't violate his condition for walking on a walking trail. What Jason McMurray had meant for Brian asking for permission to walk on hiking trails was whenever he was under home detention, he would have to fax a weekly schedule with times that he wanted to go hiking. When you're walking out in the woods or on hiking trails, that is not where kids congregate and it is not a park. There are public parks with hiking trails but the Dick and Willie passage is not a park, it is just a long walking trail.

Again AUSA Ramaswamy deceived the Court into the recommendation of 9 months of imprisonment.

10

It is clear and convincing arguments and evidence that proves Anand Prakash Ramaswamy is a habitual liar and deceiver and he deceives the Court to punish his political enemy Brian D. Hill formerly of USWGO Alternative News.

This is hardcore criminal defamation of character against Brian by lying and deceiving the Court into believing that Brian is walking naked around Burger King, Wal-Mart, or even around a public park where kids congregate to make it appear that Brian was engaging in violation type behavior. This deception by an officer of the court should not be tolerated. Ramaswamy should be held accountable for criminal-level defamation of character.


## LIES OF ANAND PRAKASH RAMASWAMY FROM HIS RESPONSE TO "EMERGENCY MOTION FOR STAY OF IMPRISONMENT PENDING APPEAL"

See **Supplement 1**, which is the official response from Assistant U.S. Attorney Anand Prakash Ramaswamy. This is sourced from Document #19, case no. 19-4758, U.S. Court of Appeals for the Fourth Circuit.

Cited from page 9 of that response:

*"Defendant Hill fails to show exceptional reasons why his detention would not be appropriate, and the government submits that the transcript of hearing supports Hill's **detention as a danger to the community**, based on the conduct of his violation."*

That was a lie, as it goes against what even the Chief Judge Thomas D. Schroeder had said. Fraud upon the court is exceptional circumstances why detention would not be appropriate.

11

Citing page 76 to 77 of #215 Transcript:

"**THE COURT:** I'm going to find **he's not likely to flee or pose a danger to the community** under circumstances where he's on GPS monitoring. So I'm going to add a condition to his supervision that he be given GPS location monitoring, and he can self-report then."

Not only that but the Court was sent pleadings that Ramaswamy was also served a copy of thorough Notice of Electronic Filing through CM/ECF, which means he was made aware of this issue: The issue that there was case law showing that Brian David Hill cannot be guilty of indecent exposure under V.A. Code § 18.2-387 unless he was being obscene.

There is no evidence of obscenity. Sergeant Officer Robert Jones of Martinsville Police Department never made any comment or suggestion that Brian was being obscene, no comment or suggestion that Brian ever engaged in masturbatory behavior, and he was the witness of the Respondent/Government at that hearing.

In fact a Declaration is coming into the U.S. District Court, to the Clerk's office entitled "DECLARATION OF BRIAN DAVID HILL IN OPPOSITION TO DOCUMENTS #157 AND #200" which has a true and correct copy (however the signatures were all original in this copy) of the Writ of Habeas Corpus filed by Brian David Hill against the Commonwealth of Virginia on the ground of his legal innocence.

Brian was never charged with rape, Brian was never accused of rape. Brian was never charged with murder, never accused of murder. Brian's state charge of indecent exposure was without victims and no restitution was requested. Brian never raped, never molested, never killed anybody, and never hurt anybody. Brian was only hurting himself on September 21, 2018, Brian didn't have his insulin with him and didn't have any of his medications with him when he was naked, and

12

when he was out of his home with clothes on. There is no evidence that Brian is a danger to society, a danger to the community.

Brian was out on Federal bond conditions without the ankle monitor after May 15, 2019, and was placed on the ankle monitor around September 15, 2019. Brian never was accused of anything and was never charged with anything around that time, was compliant with his curfew, and was out in the community. Nobody of the public has ever considered Brian David Hill to be a danger to the community. The only one accusing Brian of being a danger to the community is Anand Prakash Ramaswamy and some yes-men or yes-women at the U.S. Probation Office over being misled and over an autistic meltdown that Kristy L. Burton had witness. Just people that do not know Brian at all personally to make any such correct determination on that but would do what they are told like servants to keep their jobs.

Brian never engaged in masturbatory behavior, he never approached anybody of the general public while he was naked at night, he never went up to somebody and that person could scream "oh my god". Brian was not being obscene and obscenity is required under that statute. AUSA Ramaswamy never showed the case law precedent to the U.S. District Court during the hearing on September 12, 21019.

See Supplement 1 — Document #206, Attachment #3: case law

See Supplement 2 — Document #206, Attachment #4: case law

See Supplement 3 — Document #206, Attachment #5: case law

See Supplement 4 — Document #206, Attachment #6: case law

The cases that are in Petitioner's favor as to his charge of indecent exposure are cited herein:

13

1. Kenneth Wayne Romick v. Commonwealth of Virginia, Record No. 1580-12-4, Argued at Alexandria, Virginia

2. A. M. Commonwealth of Virginia, Record No. 1150-12-4, Argued at Alexandria, Virginia

3. Kenneth Samuel MOSES v. COMMONWEALTH of Virginia, Record No. 0985-03-3, Court of Appeals of Virginia,Richmond.

4. Kimberly F. Neice v. Commonwealth of Virginia, 1477093 (Va. Ct. App. 2010), Record No. 1477-09-3, CIRCUIT COURT OF GILES COUNTY.

5. Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974)

6. Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994)

Analysis:

From A. M. Commonwealth of Virginia:

*"Code § 18.2-387, the statute under which appellant was convicted, states:"*

*"Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or any place where others are present."*

*"(Emphasis added)."*

*"While "private parts" can include the buttocks, Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994), <u>Code § 18.2-387 does not criminalize mere exposure of a naked body</u>, see Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) ("<u>A portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene.</u>"). <u>Instead, a</u>*

14

*conviction under Code § 18.2-387 requires proof beyond a reasonable doubt of obscenity.*"

"*Code § 18.2-372 defines the word "obscene" accordingly:*"

"*The word "obscene" where it appears in this article shall mean that which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value.*"

"*(Emphasis added).*"

"*The "obscenity" element of Code § 18.2-387 may be satisfied when: (1) the accused admits to possessing such intent, Moses v. Commonwealth, 45 Va. App. 357, 359-60, 611 S.E.2d 607, 608 (2005) (en banc); (2) the defendant is visibly aroused, Morales v. Commonwealth, 31 Va. App. 541, 543, 525 S.E.2d 23, 24 (2000); (3) the defendant engages in masturbatory behavior, Copeland v. Commonwealth, 31 Va. App. 512, 515, 525 S.E.2d 9, 10-11 (2000); or (4) in other circumstances when the totality of the circumstances supports an inference that the accused had as his dominant purpose a prurient interest in sex.*"

From Kenneth Wayne Romick v. Commonwealth of Virginia:

"*Kenneth Wayne Romick was convicted of indecent exposure, third offense, in violation of Code §§ 18.2-387 and 18.2-67.5:1, and he argues the evidence was insufficient to prove that he intentionally made a display of his private parts*

and that such display was obscene. *We agree that such display was not obscene and reverse and dismiss the indictment*."

"*The mere exposure of a naked body is not obscene*. *See Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) (finding that "[a] portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene")*."

Unless Brian was breaking the law and was being sexual in public, Ramaswamy cannot ask the Court to punish Brian for conduct that is not illegal and not in violation of his condition for Supervised Release.

This Court may take judicial notice that the allegation supported by affidavit (i.e., Petition for Warrant, District Court Docket No. 157, 1:13-cr-435 M.D. North Carolina) which lead to the District Court's judgment and order (Doc 200) alleged:

> "According to the police report, on the night of September 21, 2018, a report was received that a nude male had been observed running on a public park trail within the city limits. Officers responded and made contact with the male, later identified as Mr. Hill. Mr. Hill ran away from the officers and was shortly thereafter detained near a creek. Mr. Hill advised the officers that a "black man in a hoodie" made Mr. Hill "get naked and take pictures of himself." Mr. Hill was in possession of a camera which he voluntarily allowed the officers to examine. The camera contained several nude photographs of Mr. Hill in different locations around the city of Martinsville." Doc 157 at pages1-2.

Also at the hearing there was no statement proving any obscenity had happened. No supporting evidence that Brian engaged in any kind of sexual behavior. Again, the Dick and Willie passage is not park. See Doc. #206.

16

Notably, the allegations make reference to naked and nude but do not contain any reference to obscene or obscenity.

This Court may take judicial notice of an opinion of the Court of Appeals of Virginia (See http://www.courts.state.va.us/wpcau.htm (All *web links researched and pasted by Eric Clark of Kansas and emailed to Brian's mother inside of a sample motion for stay*)) summarized as "Trial court erred in finding evidence was sufficient to prove appellant made a display of his private parts and that such display was obscene; conviction reversed and dismissed". Full opinion located at http://www.courts.state.va.us/opinions/opncavwp/1580124.pdf

An arrest is only evidence of an allegation of a crime, not evidence of any of the elements of a crime. At best, the crime alleged by an arrest provides notice of the elements of a crime. At the very least, it must be shown by a preponderance of other evidence that each of the elements of the alleged crime was met before a finding of a violation for the commission of a crime holds any merit. The only evidence identified by the judgment only cites to "arrested for the commission of a crime" which is insufficient evidence, even under a preponderance of evidence standard, to show each of the required elements of a crime were met. In other words, the District Court's showing of evidence relied upon and the reasoning of the District Court as to why or how any condition of release was violated is insufficient to conclude that any probation violation occurred.


A violation of a conditions of probation should be detailed enough to provide a demarcation line to afford a defendant fair notice. In this case, that demarcation line is very detailed and clear when the condition is that the defendant is not to commit a "crime" because a "crime" is defined by elements which, when each

17

element has been met, can serve as basis for a conviction of a "crime". Contrariwise, when any element of a defined crime has not been met with sufficient evidence, then there is insufficient evidence that the condition (i.e., not commit a crime) has been violated. In the case at hand, the alleged condition violation is based on committing the "crime" defined by Virginia Criminal Code § 18.2-387 which has been addressed by the courts of Virginia (See e.g., *Kimberly F. Neice v. Commonwealth of Virginia*, Record No. 1477-09-3 in the Circuit Court of Giles County; see also *A. M. v. Commonwealth of Virginia*, Record No. 1150-12-4 in the Circuit Court of Shenandoah County; see also *Kenneth Samuel Moses v. Commonwealth of Virginia*, Record No. 0985-03-3 in the Circuit Court of Richmond. Note: these cases were also referenced by Hill in the District Court in ECF 179 at page 10.) These courts have found, concerning meeting all of the elements of the crime, that mere nudity is not a sufficient basis for a finding of obscene or indecent as would be required for Hill to have committed that crime. Based on the evidence in the District Court, Hill's conduct was not a crime because his actions did "not rise to the level of obscenity required under Code § 18.2-387, as defined in Code § 18.2-372."

To support a finding that a crime was committed as defined by Virginia Criminal Code § 18.2-387, the District Court must have found, at least, by a preponderance of the evidence that Hill's "actions had as their dominant purpose an appeal to the prurient interest in sex" with "prurient interest in sex" meaning "a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or

18

scientific value." Such a finding has no support in the record of the District Court and the State cannot cure a statement of findings by the factfinder post hoc.

That is, if the sole evidence of being "arrested" is not the only evidence relied upon by the District Court then due process was not accorded to Hill. Parole and supervised release are both conditional liberty but revocation of either is subject to the requirements of due process which includes "a written statement by the factfinders as to the evidence relied on and reason for revoking". See *Morrissey v. Brewer*, 408 U.S. 471, 489-90 (1972). Brian is not a danger to the community. Brian cannot have access to any evidence while he is incarcerated which of course is what Ramaswamy wants so that he can lie some more against Brian and prevent Brian from being able to prove his lies. That is how dangerous Ramaswamy is in Brian's criminal case.

### Cited from page 8 of that response:

"*At the conclusion of the hearing, the district court found by a preponderance of the evidence that Hill violated Virginia law by indecently exposing himself as alleged.*"

That right there is kangaroo territorial-jurisdictional defect of judicial action and is also a lie by Ramaswamy.

A Federal Court in North Carolina, that isn't even under the jurisdiction of Virginia, cannot simply override interpretations of law in another state. Only the U.S. Supreme Court has the authority to override lower courts in both state and federal jurisdictions. North Carolina Federal Court does not have the authority to override the case law of Virginia and then declare Brian guilty of Virginia law without giving Brian an opportunity to prove in the state court that Brian may not have violated Virginia law or may be legally innocent of Virginia law. Only the

19

Federal Courts in the Western District of Virginia shall be able to determine the legality of Virginia Law in the Federal constitutional and legal context.

There are six persuasive cases that would disagree with U.S. District Court's wrongful usurpation of power in favor of Anand Prakash Ramaswamy.

(# 1) Kenneth Wayne Romick v. Commonwealth of Virginia, Record No. 1580-12-4, Argued at Alexandria, Virginia; (# 2) A. M. Commonwealth of Virginia, Record No. 1150-12-4, Argued at Alexandria, Virginia; (# 3) Kenneth Samuel MOSES v. COMMONWEALTH of Virginia, Record No.0985-03-3, Court of Appeals of Virginia, Richmond; (# 4) Kimberly F. Neice v. Commonwealth of Virginia, 1477093 (Va. Ct. App. 2010), Record No. 1477-09-3, CIRCUIT COURT OF GILES COUNTY; (# 5)Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974); (# 6) Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994).

A federal court in North Carolina that has no authority over and no knowledge of Virginia case law and isn't even residing in Virginia and has no idea how Virginia law is interpreted, cannot just declare that Brian had violated Virginia law without giving him the full benefits of a state criminal trial including but not limited to the right to an impartial jury, the right to present and submit evidence in a criminal defendant's defense, the right to effective assistance of counsel, the right to cross examine the witnesses, and the right to present case law showing that Brian has to meet the legal elements of a statute of offense in order to be guilty of that state of offense. One cannot offend under a statute unless the conduct meets the case law interpretation and definition of that statute. Courts were given power to interpret the statute but must respect the jurisprudence of other courts. One court in a different jurisdiction cannot rule that one violated a law in a case in another state. That is major tyrannical usurpation of power. Jurisdiction is important when

Courts decide the issues. One of the reasons why the United States of America was created was so that the King of Great Britain (the Manga Carta) couldn't whisk away criminal defendants to some far away courthouse in another territory where access to witnesses may be impossible as somebody can be dragged before a court faraway from where the alleged crime may have happened.

This may be a territorial jurisdictional defect by the U.S. District Court. They can legally decide whether Brian violated his conditions of Supervised Release, but cannot decide whether Brian had violated Virginia law as it overrides the power, authority, and jurisdiction of the Virginia courts by a Federal Court foreign to Virginia soil. The reason we have jurisdictional territory limits is to prevent a Court in a faraway state from asserting jurisdiction over an allegation of a crime in a completely different state where the alleged offense actually occurred. The State of Washington or Federal Courts in the State of Washington cannot charge or convict that Brian David Hill violated Virginia law. That judgment right there is subject to being a void judgment and never had any jurisdictional merits.

There has been a trend to treat certain "jurisdictional facts" that do not bear on guilt (*mens rea or actus reus*) as non-elements of the offense, and therefore as issues for the court rather than the jury, and to require proof by only a preponderance that the offense was committed in the territorial jurisdiction of the court to establish that venue has been properly laid. *See United States v. Bowers*, 660 F.2d 527, 531 (5th Cir. 1981); *Government of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979); *United States v. Black Cloud*, 590 F.2d 270 (8th Cir. 1979) (jury question); *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974). The court in *Government of Canal Zone v. Burjan*, 596 F.2d at 694-95, applied the preponderance test to determinations of whether or not the offenses took place within the Canal Zone which established not merely proper venue but subject

21

matter jurisdiction as well. Other cases, however, hold that the issue of whether the United States has jurisdiction over the site of a crime is a judicial question, *see UnitedStates v. Jones*, 480 F.2d 1135, 1138 (2d Cir. 1973), but that the issue of whether the act was committed within the borders of the Federal enclave is for the jury and must be established beyond a reasonable doubt. *See United States v. Parker*, 622 F.2d 298 (8th Cir. 1980); *United States v. Jones*, 480 F.2d at 1138. The law of your Circuit must be consulted to determine which approach is followed in your district.

The decision in *Burjan* should be viewed with caution. The analogy between territorial jurisdiction and venue has much to recommend it. Nevertheless, it is important to recognize that the two are not of equal importance. As the *Burjan* court noted, citing Fed. R. Crim. P. 12, subject matter jurisdiction is so important that it cannot be waived and may be noticed at any stage of the proceeding, *see Government of the Canal Zone v. Burjan*, 596 F.2d at 693, whereas the Ninth Circuit in *Powell* rested its ruling that venue need be proved by only a preponderance on the relative unimportance of venue as evidenced by its waivability. There is a clear distinction between the question of which court of a sovereign may try an accused for a violation of its laws and whether the sovereign's law has been violated at all.

Proof of territorial jurisdiction may be by direct or circumstantial evidence, and at least at the trial level may be aided by judicial notice. *SeeUnited States v. Bowers*, 660 F.2d at 530-31; *Government of Canal Zone v. Burjan*, 596 F.2d at 694. *CompareGovernment of Canal Zone v. Burjan*, 596 F.2d 690 *withUnited States v. Jones*, 480 F.2d 1135, concerning the role judicial notice may play on appeal.

If a court does not have personal jurisdiction over a defendant or property, then the court cannot bind the defendant to an obligation or adjudicate any rights over the

property. ... Personal jurisdiction is different from subject-matter jurisdiction or territorial jurisdiction. Territorial jurisdiction is the power of a court to render a judgment concerning events that occurred within a territory.

It is a wrongful usurpation of power for a Federal Court located in Winston-Salem, North Carolina to ever assert that Brian David Hill had violated Virginia law and not let the Virginia courts handle the innocence or guilt of the offense allegation that had happened in Martinsville, Virginia.

## CASE LAW AUTHORITIES IN SUPPORT OF THIS MOTION

501 U.S. 32, 44 (1991), 501 U.S. at 56–57; see also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43(D.C. 1986) (once a party embarks on a "pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the substantive legal issue in the case," this is enough to "completely taint [the party's]entire litigation strategy from the date on which the abuse actually began").

In *Stoesel v. American Home,* 362 Sel. 350, and 199 N.E. 798 (1935), the court ruled and determined that, "Under Illinois Law and Federal Law, when any officer of the Court has committed "fraud on the Court", the order and judgment of that court are void and of no legal force and effect." In *Sparks v. Duval County Ranch,* 604 F.2d 976 (1979), the court ruled and determined that, "No immunity exists for co-conspirators of judge. There is no derivative immunity for extra-judicial actions of fraud, deceit and collusion." In E*dwards v. Wiley,* 374 P.2d 284, the court ruled and determined that, "Judicial officers are not liable for erroneous exercise of judicial powers vested in them, but they are not immune from liability when they act wholly in excess of jurisdiction." See also, *Vickery v. Dunnivan,* 279 P.2d 853, (1955). In *Beall v. Reidy,* 457 P.2d 376, the court ruled and determined, "Except by consent of all parties a judge is disqualified to sit in

trial of a case if he comes within any of the grounds of disqualification named in the Constitution. In *Taylor v. O'Grady,* 888 F.2d 1189, 7th Cir. (1989), the circuit ruled, "Further, the judge has a legal duty to disqualify, even if there is no motion asking for his disqualification." Also, when a lower court has no jurisdiction to enter judgment, the question of jurisdiction may be raised for the first time on appeal. See *DeBaca v. Wilcox,* 68 P. 922. The right to a tribunal free from bias and prejudice is based on the Due Process Clause. Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his/her property, then the judge has engaged in the crime of interference with interstate commerce; the judge has acted in his/her personal capacity and not in the judge's judicial capacity. See *U.S. v. Scinto,* 521 F.2d 842 at page 845, 7th circuit, 1996. Party can attack subject matter jurisdiction at anytime in the proceeding, even raising jurisdiction for the first time on appeal, *State v. Begay,* 734 P.2d 278. "A prejudiced, biased judge who tries a case deprives a party adversely affected of due process." See *Nelson v. Cox,* 66 N.M. 397.

Destafano v. State Farm Mutual Automobile Insurance Co., 28 Fla. L. Weekly D1077 (Fla. 1st DCA April 28, 2003), and Long v. Swofford, 805 So. 2d 882 (Fla. 3d DCA 2003), have been more favorably disposed to affirm dismissals with prejudice for serious, palpable "fraud on the court."

The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

24

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215." The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

"A universal principle as old as the law is that proceedings of a **court without jurisdiction** are a **nullity** and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"Jurisdiction is fundamental and a judgment rendered **by a court that does not have jurisdiction** to hear is **void** ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

**A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked _at any time,_ in any court, either directly or collaterally, provided that the party is properly before the court,** Long v. Shorebank Development Corp., 182 F.3d 548 ( C.A. 7 Ill. 1999).

A **void** judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987).

25

Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, *Irving v. Rodriquez,* 169 N.E.2d 145, (Ill.app. 2 Dist. 1960). <u>Invalidity need to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record,</u> *Crockett Oil Co. v. Effie,* 374 S.W.2d 154 ( Mo.App. 1964).

Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, *People ex rel. Brzica v. Village of Lake Barrington,* 644 N.E.2d 66 (Ill.App. 2 Dist. 1994).

So the Court can vacate the conviction under Document #54, entered on November 12, 2014, and entitled *"JUDGMENT as to BRIAN DAVID HILL (1), Count(s) 1, Ten (10) months and twenty (20) days imprisonment, but not less than time served; ten (10) years supervised release; $100.00 special assessment. Signed by CHIEF JUDGE WILLIAM L. OSTEEN JR. on 11/12/2014. (Daniel, J) (Entered: 11/12/2014)"*. Not just vacate the conviction but dismiss the entire case with prejudice to prevent any further injury and frauds and misrepresentations by Anand Prakash Ramaswamy against Brian David Hill. Even if Brian were as guilty as Al Capone (citing United States of America v. Alphonse Capone), no court should deny any criminal defendant the due process of law, the impartial and fair trial, and courts should deter any and all frauds upon the court. Any judgments grounded on fraud and due process violations are null and void. They are either void judgments and/or should be voided.

26

Brian David Hill had already filed three motions with fraud upon the court allegations which were never opposed (Citing Doc. #206, Doc. #169, and Doc. #199).

Brian had read the response by Anand Prakash Ramaswamy (See **Supplement 1**) opposing Attorney Kennedy's motion to stay judgment of imprisonment pending appeal. He had discovered that it had lies. So after Brian had filed multiple motions and other pleadings in the past directly accusing Anand Prakash Ramaswamy, by name, of frauds upon the court and lying, he doubles down and continues his pathological lying. Ramaswamy is a habitual liar, and any more injuries from this bad lawyer could lead to even worse wrongful revocations, more punishments, or even worse wrongful repercussions. Brian David Hill shouldn't be under this kind of abuse, he has Autism, he has OCD, and it is affecting his health negatively since late 2013 and all of 2014. It worsens his blood sugars and makes them more difficult to control because of the consistent anxiety, stress, and fear that Brian lives in on a daily basis as a result of the corruption and misconduct by Anand Prakash Ramaswamy.

How many times must Brian prove the lies over and over again before the Court will wise up to these abuses and allow Brian to permanently be vacated of this case, his wrongful conviction, and be allowed to live his life freely again? When will Brian not be made to continually suffer these miscarriages of justice anymore?

Brian isn't just entitled to default judgment in his 2255 case due to a repeated pattern of fraud upon the court, he is entitled to default judgment on the ground of "Actual Innocence" as a matter of law.

## PETITIONER'S REQUEST FOR DEFAULT JUDGMENT AS A MATTER OF LAW

27

The Petitioner had already demonstrated false confession, that the SBI forensic report doesn't confirm whether each and every file of interest was of actual obscene child pornographic material as required under federal statute, and that Anand Prakash Ramaswamy had repeatedly engaged in a fraud upon the court.

Fraud upon the court is also not subject to any statute of limitations and is part of equity as well as the Courts' inherit powers.

Since the fraud upon the court issues are in regards to the "guilt" elements and the "violation" elements which make Brian look guilty, the frauds upon the court make it even more likely that Brian is innocent. When facts of guilt are disproven and shown that they are possible frauds, then the adverse party, the United States of America had defrauded Petitioner and the Court, and coerced Petitioner to falsely plead guilty under oath (See Documents #19 and #20) to cover up those frauds. Petitioner shouldn't even have to be held accountable for falsely pleading guilty under oath when Brian was misled not just by his court appointed lawyers but also misled by the frauds perpetuated by Anand Prakash Ramaswamy. The whole point of the guilty plea was to finalize Brian's conviction because they did have a weak case against Brian if even a case at all and to cover up the evidence. Cover up the N.C. SBI forensic report and not ever allow Brian to have a copy of it, and to cover up the confession audio file that was obtained by Mayodan Police Department and never allow Brian to have access to his own [false] confession on August 29, 2012, making is difficult for Brian to prove his innocence. Cover ups and frauds, which is what Anand Ramaswamy is good at.

Proving the frauds not only could have a chance at reversing the Supervised Release Violations, but also demonstrate that the United States of America in this case has no merits to any of their arguments, and the repeated pattern of fraud demonstrate that they have no merits at all in this case. The only thing left is that

28

Brian David Hill is actually innocent and that Brian should never have been convicted or forced into a situation of ever having to enter a false plea of guilty by being misled and by ineffective assistance of counsel.

Brian, actually innocent of possession of child pornography, is entitled to default judgment in his 2255 Motion on the ground of only "Actual Innocence" and frauds upon the court by the adverse party, as a matter of law.

See McQuiggin v. Perkins, 569 U.S. 383 (2013)

*"More than 11 years after his conviction became final, Perkins filed his federal habeas petition, alleging, inter alia, ineffective assistance of trial counsel. To overcome AEDPA's time limitations, he asserted newly discovered evidence of actual innocence, relying on three affidavits, the most recent dated July 16, 2002, each pointing to Jones as the murderer. The District Court found that, even if the affidavits could be characterized as evidence newly discovered, Perkins had failed to show diligence entitling him to equitable tolling of AEDPA's limitations period. Alternatively, the court found, Perkins had not shown that, taking account of all the evidence, no reasonable juror would have convicted him. The Sixth Circuit reversed. Acknowledging that Perkins' petition was untimely and that he had not diligently pursued his rights, the court held that Perkins' actual-innocence claim allowed him to present his ineffective-assistance-of-counsel claim as if it had been filed on time. In so ruling, the court apparently considered Perkins' delay irrelevant to appraisal of his actual-innocence claim."*

That claim was untimely filed by "10 YEARS" as his writ of habeas corpus petition was filed "11 YEARS" after his final conviction. Brian's 2255 claim of actual innocence was filed est. 3 years after the final conviction. Brian's untimely filing was less years than McQuiggin v. Perkins, 569 U.S. 383 (2013). Also that

29

case never brought out the issue of fraud upon the court by Government counsel in the criminal case. That case also never had two motions asking for sanctions which both of them brought up issues of fraud upon the court but were unopposed, again citing Doc. #199 and Doc. #206.

Brian is even more entitled to default judgment for his actual innocence in his favor than the decision under McQuiggin v. Perkins.

*"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup v. Delo, 513 U. S. 298 , and House v. Bell, 547 U. S. 518 , or expiration of the AEDPA statute of limitations, as in this case. Pp. 7–14."*

*"(a) Perkins, who waited nearly six years from the date of the 2002 affidavit to file his petition, maintains that an actual-innocence plea can overcome AEDPA's one-year limitations period. This Court's decisions support his view. The Court has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding actual-innocence claim, Herrera v. Collins, 506 U. S. 390 –405, but it has recognized that a prisoner "otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence," id., at 404."*

*"The Court has applied this "fundamental miscarriage of justice exception" to overcome various procedural defaults, including, as most relevant here, failure to observe state procedural rules, such as filing deadlines. See Coleman v. Thompson, 501 U. S. 722 . The exception, the Court's decisions bear out, survived AEDPA's passage. See, e.g., Calderon v. Thompson, 523 U. S. 538 ; House, 547 U. S., at 537–538. These decisions "see[k] to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest*

30

*in justice that arises in the extraordinary case." Schlup, 513 U. S., at 324.*
*Sensitivity to the injustice of incarcerating an innocent individual should not abate*
*when the impediment is AEDPA's statute of limitations. Pp. 7–9."*

*"(b) The State urges that recognition of a miscarriage of justice exception would*
*render §2244(d)(1)(D) superfluous. That is not so, for AEDPA's time limitations*
*apply to the typical case in which no actual-innocence claim is made, while the*
*exception applies to a severely confined category: cases in which new evidence*
*shows "it is more likely than not that 'no reasonable juror' would have convicted*
*[the petitioner]," Schlup, 513 U. S., at 329. Many petitions that could not pass*
*through the actual-innocence gateway will be timely or not measured by*
*§2244(d)(1)(D)'s triggering provision. Nor does Congress' inclusion of a*
*miscarriage of justice exception in §§2244(b)(2)(B) and 2254(e)(2) indicate an*
*intent to preclude courts from applying the exception in §2244(d)(1)(D) cases.*
*Congress did not simply incorporate the miscarriage of justice exception into*
*§§2244(b)(2)(B) and 2254(e)(2). Rather, Congress constrained the exception's*
*application with respect to second-or-successive petitions and the holding of*
*evidentiary hearings in federal court. The more rational inference to draw from the*
*incorporation of a modified version of the exception into other provisions of*
*AEDPA is that, in a case not governed by those provisions, the exception survived*
*AEDPA's passage intact and unrestricted. Pp. 9–14."*

*"A federal habeas court, faced with an actual-innocence gateway claim, should*
*count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier*
*to relief, but as a factor in determining whether actual innocence has been reliably*
*shown. A petitioner invoking the miscarriage of justice exception "must show that*
*it is more likely than not that no reasonable juror would have convicted him in the*
*light of the new evidence." Schlup, 513 U. S., at 327. Unexplained delay in*

31

*presenting new evidence bears on the determination whether the petitioner has made the requisite showing. Taking account of the delay in the context of the merits of a petitioner's actual-innocence claim, rather than treating timeliness as a threshold inquiry, is tuned to the exception's underlying rationale of ensuring "that federal constitutional errors do not result in the incarceration of innocent persons." Herrera, 506 U. S., at 404. Pp. 14–16."*

Any reasonable juror would find a criminal defendant actually innocent when the adverse party has committed a repeated pattern of fraud upon the court, and when the confession is a false confession but still considered a factual basis of guilt, and when the forensic report doesn't represent an actual fact or facts of what is necessary to convict Brian David Hill of possession of child pornography.

Brian also had referenced the United States counsel's fraud upon the court in his Doc. #213 "Objection by BRIAN DAVID HILL re 210 Recommended Ruling - Magistrate Judge re 168 MOTION filed by BRIAN DAVID HILL, 153 MOTION to Appoint Attorney filed by BRIAN DAVID HILL, 141 MOTION to Dismiss Motion to Vacate, Set Aside, or Correct Sen (Attachments: # 1 Envelope - Front and Back)(Butler, Carol) (Entered: 11/04/2019)" was not timely responded to either.

According to the Clerk's filed Doc. #211 "Notice of Mailing Recommendation: Objections to R&R due by 11/4/2019. Objections to R&R for Pro Se due by 11/7/2019. (Garland, Leah) (Entered: 10/21/2019)", *"A party may respond to another party's objections within 14 days after being served with a copy."* The objections were filed on CM/ECF by the Clerk on November 4, 2019. The two week mark would be November 18, 2019, which is a Monday. There was no timely response. Even if the response deadline was by Tuesday, November 19, 2019, out of grace, there was still no timely filed response.

32

Then there was Brian's letter to the U.S. Magistrate Judge in his 2255 case. See Doc. #169, MOTION for Hearing and for Appointment for Counsel filed by BRIAN DAVID HILL. **Responses due by 2/20/2019**. (Attachments: # 1 Envelope - Front and Back) (Garland, Leah) (Entered: 01/30/2019).

It says "...crippled my ability to prove factual innocence and prove AUSA Ramaswamy's fraud upon the Court." Another written statement from that letter said *"The "Factual Basis" of my guilt provided by the Government prior to Sentencing was fraudulent. My confession statements were proven to be inaccurate and false, a false confession caused by my Autism because of the way I was interrogated."* That letter cited the proper case law of Chambers v. NASCO, Inc. and properly cited the Court's inherit powers.

More statements cited from that letter that was a motion said *"The SBI, that is the State Bureau of Investigation and through their Case File (forensic report) reported files/images/videos of interest but there was NO affidavit verifying/confirming whether each such file could have been actual child pornography. In addition to that, the SBI case file said that 454 files had been downloaded with the eMule program between July 20, 2012, and July 28, 2013, while my computer was seized on August 28, 2012."*

That motion and statements in that letter was never opposed or responded to by the Government counsel, by Anand Prakash Ramaswamy.

He may believe he can get away with all of this; defrauding the court and getting away with it all without any sanctions or punishment, while making poor criminal defendants suffer under their prosecutions. It is time for ABSOLUTE REMEDY in favor of Brian David Hill.**Ramaswamy IS NOT ABOVE THE LAW**!!!!!!!!!!!!!!

33

How many lies does Brian have to prove was told by Anand Prakash Ramaswamy on court records before he is entitled to any relief? <u>Does Brian have to consider filing a Writ of Mandamus</u> to get any kind of afforded relief? Have all judgments throughout this criminal case that have harmed and prejudiced Brian at all been void judgments and are without merit?

So three motions talking about fraud upon the court against Ramaswamy were unopposed (Citing Doc. #169, Doc. #206, and Doc. #199).

Brian will go ahead and show the lies of Ramaswamy.

Ramaswamy claimed in his appeal response to the Attorney Kennedy's Motion for Stay that Brian is a danger to the community, but yet he knows that Brian is still being released in the community for months without any further charges or complaints that would warrant to ever paint Brian as a danger to the community. Ramaswamy continues uttering words without merit or using incidents caused by Autism and then making up things to make Brian sound worse than what he really was.

Ramaswamy is damaging and injuring Brian David Hill and his life, damaging and injuring Brian David Hill's family members and their lives. When Brian shows any evidence of fraud by the adverse party, and they don't respond to multiple motions and pleadings (where they can legally respond to within a certain fixed time period) accusing them of specific frauds they have perpetuated against the Court and against Brian David Hill, Brian the Petitioner is entitled to default judgment and vacatur of all fraudulent judgments that were against him.

---Again case law on void judgments and judgements grounded on fraud---

Ex Parte Seidel, 39 S.W.3d 221 (2001), Court of Criminal Appeals of Texas, En Banc.

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). Since the trial court's dismissal "with prejudice" was void, it may be attacked either by direct appeal or collateral attack. See Ex parte Shields, 550 S.W.2d at 675.

The law is well-settled that a void order or judgement is void even before reversal", VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348,41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850). It has also been held that" It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or, collateral.' Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). <u>A court' cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court</u>", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8,27 S. Ct. 236 (1907). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4),28 U.S.C.A., U.S.C.A. Const.

When appeal is taken from a void judgment, the appellate court must declare the judgment void, because the appellate court may not address the merits; it must set aside the trial court's judgment and dismiss the appeal. A void judgment may be

attacked at any time by a person whose rights are affected. See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1994, no writ); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.—Tyler Aug. 30, 1999, no pet. h.).

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999).

A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, *State v. Richie,* 20 S.W.3d 624 (Tenn. 2000).

A void judgment is one which shows on face of record the want of jurisdiction in court assuming to render judgment, which want of jurisdiction may be either of the person, or of the subject matter generally, or of the particular question attempted to decided or relief assumed to be given, *Richardson v. Mitchell,* 237 S.W. 2d 577, (Tenn.Ct. App. 1950).

A **void** judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud, *In re Adoption of E.L.,* 733 N.E.2d 846, (Ill.App. 1 Dist. 2000). Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties, *Cockerham v. Zikratch,* 619 P.2d 739 (Ariz. 1980).

36

Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, *People ex rel. Brzica v. Village of Lake Barrington,* 644 N.E.2d 66 (Ill.App. 2 Dist. 1994).

Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, *Irving v. Rodriquez,* 169 N.E.2d 145, (Ill.app. 2 Dist. 1960). <u>Invalidity need to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record,</u> *Crockett Oil Co. v. Effie,* 374 S.W.2d 154 ( Mo.App. 1964).

While voidable orders are readily appealable and must be attacked directly, void order may be circumvented by collateral attack or remedied by mandamus, *Sanchez v. Hester,* 911 S.W.2d 173, (Tex.App. – Corpus Christi 1995). Arizona courts give great weight to federal courts' interpretations of Federal Rule of Civil Procedure governing motion for relief from judgment in interpreting identical text of Arizona Rule of Civil Procedure, *Estate of Page v. Litzenburg,* 852 P.2d 128, review denied (Ariz.App. Div. 1, 1998).

**<u>When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory,</u>** *Orner v. Shalala,* 30 F.3d 1307, (Colo. 1994).

In *Stoesel v. American Home,* 362 Sel. 350, and 199 N.E. 798 (1935), the court ruled and determined that, "Under Illinois Law and Federal Law, when any officer of the Court has committed "fraud on the Court", the order and judgment of that court are void and of no legal force and effect." In *Sparks v. Duval County*

37

*Ranch,* 604 F.2d 976 (1979), the court ruled and determined that, "No immunity exists for co-conspirators of judge. There is no derivative immunity for extra-judicial actions of fraud, deceit and collusion." In *Edwards v. Wiley,* 374 P.2d 284, the court ruled and determined that, "Judicial officers are not liable for erroneous exercise of judicial powers vested in them, but they are not immune from liability when they act wholly in excess of jurisdiction." See also, *Vickery v. Dunnivan,* 279 P.2d 853, (1955). In *Beall v. Reidy,* 457 P.2d 376, the court ruled and determined, "Except by consent of all parties a judge is disqualified to sit in trial of a case if he comes within any of the grounds of disqualification named in the Constitution. In *Taylor v. O'Grady,* 888 F.2d 1189, 7th Cir. (1989), the circuit ruled, "Further, the judge has a legal duty to disqualify, even if there is no motion asking for his disqualification." Also, when a lower court has no jurisdiction to enter judgment, the question of jurisdiction may be raised for the first time on appeal. See *DeBaca v. Wilcox,* 68 P. 922. The right to a tribunal free from bias and prejudice is based on the Due Process Clause. Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his/her property, then the judge has engaged in the crime of interference with interstate commerce; the judge has acted in his/her personal capacity and not in the judge's judicial capacity. See *U.S. v. Scinto,* 521 F.2d 842 at page 845, 7th circuit, 1996. Party can attack subject matter jurisdiction at anytime in the proceeding, even raising jurisdiction for the first time on appeal, *State v. Begay,* 734 P.2d 278. "A prejudiced, biased judge who tries a case deprives a party adversely affected of due process." See *Nelson v. Cox,* 66 N.M. 397.

---Again case law on void judgments and judgements grounded on fraud---

Brian is entitled to relief in his 2255 Motion. Brian has shown that his confession was false; Brian has shown that there was frauds upon the court by the adverse

attorney. The adverse attorney made no effort to correct any frauds, and made no efforts to correct the false information on record against Brian David Hill.

The party of the United States of America has no merit in this case. How can there be merit for a habitual liar caught lying over and over again?

There needs to be no more criminal proceedings and no more punishments against Petitioner as he has long shown that he is indeed entitled to relief.

Actual Innocence and the miscarriage of justice gateway is not subject to the time-bar of the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

Brian's "GROUND ONE: Actual Innocence"claim has been proven and fraud upon the court has been proven. When the adverse party does not respond when given an opportunity by the Clerk to respond to the allegations of fraud in Brian's motions, then Brian is entitled to relief as a matter of law and as a matter of the inherit powers of all federal and state courts. Brian is entitled to relief as a matter of law.

Brian David Hill is entitled to relief of voidable judgments, As Soon As Possible.

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court grant this motion for sanctions and default judgment in Brian David Hill's favor;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court enter a vacatur of judgment under Document #54 for fraud upon the court and that it be ruled as a VOID judgment and can no longer be used against Brian David Hill (Petitioner/Defendant);

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court enter default judgment in Brian David Hill's favor in the

39

2255 case for the ground of "Actual Innocence" and fraud upon the court as a matter of law, as a sanction against the offending party: The United States of America;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court enter dismissal of the grand jury indictment and dismiss this criminal case with prejudice and end all sentences against Brian David Hill;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that the Court vacate any and all orders of imprisonment including any sentences that have not been completely served;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that Anand Prakash Ramaswamy pay any and all legal fees of Brian David Hill in the cost of his pro se filings, printer ink, printer paper, and legal mailings in the fight against the deceptions and frauds by Ramaswamy;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that Anand Prakash Ramaswamy be reported to the North Carolina State Bar Council disciplinary staff for an investigation then possible disciplinary action; be reported to the U.S. Merit Systems Protection Board for an investigation into his misconduct and to face possible disciplinary action; and be given any other appropriate sanctions;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests that after default judgment is granted, that Brian David Hill be given a certificate of innocence in this case certifying his actual innocence in this case;

WHEREFORE, Petitioner and Criminal Defendant Brian David Hill requests any other relief that the Court deems necessary and proper for the interests of justice that so require.

40

Respectfully filed with the Court, this the 20th day of November, 2019.

## Supplement listings for this MOTION:

**Supplement 1:** RESPONSE BY UNITED STATES TO EMERGENCY MOTION
FOR STAY OF IMPRISONMENT PENDING APPEAL, Document #19, U.S.
Court of Appeals, Fourth Circuit, case no. 19-4758. – 11 pages total

**Exhibit 1:** A photo taken from Google Street view by one of Brian's family
members. Depicts where Burger King was. The road to the left from VA-57 is
Hooker Street. Photo taken from the daytime and does not represent what was at
night. – 1 page

**Exhibit 2:** A photo taken from Google Street view by one of Brian's family
members. Depicts the road of Hooker Street which shows that the road goes
downward and not at the same level. Anyone who is at Burger King or the 24-hour
laundromat cannot possibly see anybody on Hooker Street or even the Dick and
Willie trail. Photo taken from the daytime and does not represent what was at
night. – 1 page

**Exhibit 3:** A photo taken from Google Street view by one of Brian's family
members. Depicts the road of Hooker Street going downward with a factory or
warehouse building to the right and there was a hiking trail to the left lower down
and cannot be seen from the top of Hooker Street as trees are blocking that upper
area. Photo taken from the daytime and does not represent what was at night. The
trail cannot be seen from that spot. -  1 page

**Exhibit 4:** A photo taken from Google Street view by one of Brian's family
members. Depicts the road of Hooker Street going downward with a factory or

41

warehouse building to the right and the hiking trail was to the left but the trail cannot be seen from that spot. – 1 page

**Exhibit 5:** A photo taken from Google Street view by one of Brian's family members. Depicts the bridge that goes over the Dick and Willie trail, and to the right of the bridge was Hooker Street where the road goes downward. The trail cannot be seen from that spot at night. A fence makes is difficult to see the trail underneath. – 1 page

**Exhibit 6:** A photo taken from Google Street view by one of Brian's family members. Depicts the Wal-Mart intersection where Monro tires and Hill's chiropractor was on that main road. Shows Wal-mart in the distance. The Dick and Willie hiking trail cannot be seen from Wal-Mart, cannot be seen from Monro ties, and cannot be seen from Hill's chiropractor. The photo was from the daytime. Traffic is not heavy at night from what I remember. Traffic is not heavy at night, so the photo should be taken at discretion cautiously.– 1 page

**Exhibit 7:** A photo taken from Google Street view by one of Brian's family members. Depicts the other side of US 220 BUS. Traffic was not heavy at night as heavy traffic was shown in the daytime picture. The Dick and Willie trail cannot be seen from the area the photo was taken. The photo was from the daytime. Traffic is not heavy at night from what I remember. Traffic is not heavy at night, so the photo should be taken at discretion cautiously.– 1 page

**Exhibit 8:** A photo taken from Google Street view by one of Brian's family members. Depicts the other side of US 220 BUS. Traffic was not heavy at night as heavy traffic was shown in the daytime picture. The Dick and Willie trail cannot be seen from the area the photo was taken. The photo was from the daytime. Traffic is

not heavy at night from what I remember. Traffic is not heavy at night, so the photo should be taken at discretion cautiously.– 1 page

**Exhibit 9:** A photo taken from Google Street view by one of Brian's family members. Depicts the other side of US 220 BUS. Traffic was not heavy at night as heavy traffic was shown in the daytime picture. The Dick and Willie trail cannot be seen from the area the photo was taken. The photo was from the daytime. Traffic is not heavy at night from what I remember. Traffic is not heavy at night, so the photo should be taken at discretion cautiously. Shows Greene Co. Inc. in the distance to the right at a lower ground level from the road and bridge.– 1 page

**Exhibit 10:** A photo taken from Google Street view by one of Brian's family members. Depicts the Greene Co. Inc. building to the left of the Dick and Willie hiking trail. The trail is not where anybody can see from the main road of US 220 BUS or 1157 Virginia Ave at nighttime. The hiking trail is below the bridge and not at the same level as the road where the Wal-Mart intersection is.– 1 page

Respectfully submitted,

*Brian D. Hill*
Signed          Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505

# U.S.W.G.O.

Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

43

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on November 20, 2019, service was made by mailing the original of the foregoing:

"Petitioner's Third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff's/Respondent's Favor -- Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant request for Default Judgment and Vacate Fraudulent begotten Judgment or Judgments"

by deposit in the United States Post Office, in an envelope (Certified Mail), Postage prepaid, on November 20, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CMIECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
|---|---|
| U.S. Attorney Office | U.S. Attorney Office |
| Civil Case # 1:17 -cv-1036 | Civil Case # 1: 17 -cv-1036 |
| 101 South Edgeworth Street, 4th | 101 South Edgeworth Street, 4th |
| Floor, Greensboro, NC 27401 | Floor, Greensboro, NC 27401 |
| Anand.Ramaswamy@usdoj.gov | angela.miller@usdoj.gov |
| JOHN M. ALSUP | |
| U.S. Attorney Office | |
| 101 South Edgeworth Street, 4th | |

Floor, Greensboro, NC 27401
john.alsup@usdoj.gov

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C.
§1915(d) that "The officers of the court shall issue and serve all process, and
perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to
serve process with all parties.

| Date of signing:<br><br>11/20/2019 | Respectfully submitted,<br><br>*Brian D. Hill*<br>Signed       Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 1<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>**U.S.W.G.O.**<br><br>I stand with QANON/Donald-Trump – Drain<br>the Swamp<br>I ask Qanon and Donald John Trump for<br>Assistance (S.O.S.)<br>Make America Great Again |

I ask Department of Defense ("DOD") military Constitutional oath keepers,
alliance, Qanon for help in protecting me from corruption and criminal behavior of
Government.

Certified Mail tracking no: 7019-1120-0001-4751-4627

Friend's justice site: JusticeForUSWGO.wordpress.com

Qanon S.O.S help me?