# Supplement 1

USWGO
QANON // DRAIN THE SWAMP



UNITED STATES DISTRICT COURT CASE NO. 1:13-CR-435-1
UNITED STATES DISTRICT COURT CASE NO. 1:17-CV-1036
MIDDLE DISTRICT OF NORTH CAROLINA

Exhibit in attachment to "Petitioner's Third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff's/Respondent's Favor -- Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant request for Default Judgment and Vacate Fraudulent begotten Judgment or Judgments"

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 19-4758

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Appellee, )<br>)<br>v. )<br>)<br>BRIAN DAVID HILL, )<br>)<br>Appellant. )<br>_____ ) | RESPONSE BY UNITED<br>STATES TO EMERGENCY<br>MOTION FOR STAY OF<br>IMPRISONMENT PENDING<br>APPEAL |

The United States of America, by and through the United States Attorney for the Middle District of North Carolina, hereby responds to defendant Brian David Hill's "Emergency Motion for Stay of Imprisonment Pending Appeal" (Docket Entry #13 in Case No. 19-4758). The United States opposes the motion as set forth below.

**Procedural history regarding Defendant Hill's Motion**

Brian David Hill was originally sentenced to 10 months and twenty days, but not less than time served, in Middle District of North Carolina case 1:13CR435-1, having been convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). [*See* Docket Entry[1] ("DE")

---

[1] References to docket entries MDNC Case 1:13CR435-1 will appear as "DE"

#200 in MDNC Case 1:13CR435-1, incorporating the judgment from that case]. Following allegations that Hill violated conditions of his supervised release by committing a misdemeanor offense in Virginia, Hill was arrested on December 22, 2018, with his release authorized by order from that District on May 14, 2019. [DE #157-160, #176-2.]. The revocation hearing was continued on Defendant Hill's motion from August 9, 2019, to September 12, 2019. [DE #183].

Following a revocation hearing on September 12, 2019, during which the government presented a witness and exhibits, Hill was found to be in willful violation of conditions of supervised release by the Honorable Thomas D. Schroeder. [DE #186 and Docket Entry Text for 09/12/2019]. Hill was sentenced to 9 months imprisonment followed by 9 years of supervised release. *Id.* Hill later gave notice of appeal from the district court's revocation of his supervised release. [DE #203, #207]. Hill now moves this Court for a stay of his remaining custodial sentence pending the appeal, claiming the appeal will raise substantial questions of law and fact which are likely to result in a

---

without further reference to the case number. *See* Fed. R. App. P. 10(a). References to docket entries in the instant case will use the Fourth Circuit case number within the reference.

2

reversal, an order for a new trial, or a sentence that does not include incarceration, citing *United States v. Haymond*, 139 S. Ct. 2369 (2019). [Docket Entry #13 in Case No. 19-4758].

## Standard regarding release pending appeal

Release pending appeal is governed by 18 U.S.C. § 3143(b), which states, in part, as follows:

> (b) Release or detention pending appeal by the defendant.—
> (1) Except as provided in paragraph (2) [which addresses circumstances where detention is mandatory], the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds--
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>> (i) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Id.*

3

## Rules Regarding Stay or Injunction Pending Appeal

Parties must ordinarily move first in the district court for a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8. If a defendant is released from a sentence of imprisonment pending appeal, the court must stay a sentence of imprisonment. Fed. R. Crim. P. 38(b)(1). If the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal. Fed. R. Crim. P. 38(b)(2). Motions seeking relief including the stay of a judgment or order pending appeal must:

> (i) show that moving first in the district court would be impracticable; or
> (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.
>
> (B) The motion must also include:
> (i) the reasons for granting the relief requested and the facts relied on;
> (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
> (iii) relevant parts of the record.
>
> (C) The moving party must give reasonable notice of the motion to all parties.
>
> (D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

4

  (E) The court may condition relief on a party's filing a bond or other security in the district court.

Fed. R. App. P. 8(a)(2).

### Basis of Defendant Hill's Motion: Likelihood of Reversal/Order for New Trial/Non-Custodial Sentence Upon Appeal

Defendant Hill cites *United States v. Haymond,* 139 S. Ct. 2369 (2019), stating it created "a paradigm shift in the law by establishing that the Sixth Amendment right to trial by jury also applies to supervised release revocation hearings." [Docket Entry #13 in Case No. 19-4758]. In *Haymond*, the Supreme Court held in a split 4-1-4 decision that 18 U.S.C. § 3583(k) (which imposes a five-year mandatory minimum on certain sex offenders who violate their supervised release by committing another enumerated federal sex crime) violates the Fifth and Sixth Amendment rights to a jury trial. *Haymond*, 139 S. Ct. at 2378. Like the defendant in *Haymond*, Hill was convicted of possession of child pornography, but importantly, Hill was *not* subject to any mandatory sentence upon revocation. Defendant Hill appears to contend in his Motion that *Haymond* is applicable beyond revocations under 18 U.S.C. § 3583(k), encompassing all supervised release revocations regarding the rights to a jury trial. However, the Supreme Court in *Haymond* stated, "As we have emphasized, our decision is limited to § 3583(k)—an unusual provision enacted

little more than a decade ago—and the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment." *Id.* at 2383. Similarly, this Court has not extended *Haymond* beyond the scope of § 3583(k) revocations and sentencings in recent unpublished decisions. *See United States v. Moore*, 775 F. App'x 94, 94 (4th Cir. 2019)(unpub.); *United States v. Chimaera-El*, 780 F. App'x 61, 62 (4th Cir. 2019)(unpub.)("Because the plurality in *Haymond* expressly limited its holding to § 3583(k) … we conclude that this decision does not provide a basis for finding [defendant]'s judgment invalid."); *United States v. Rhodes*, No. 18-4733, 2019 WL 4942268, at *2 (4th Cir. Oct. 8, 2019)(unpub.); *United States v. Mooney*, 776 F. App'x 171, 171 (4th Cir. 2019)(unpub.). The undersigned has not found any case in any sister Circuit extending the holding in *Haymond* beyond the context of revocations under 18 U.S.C. § 3583(k), nor does the Defendant Hill cite any such case. Defendant Hill thus fails to carry the burden of showing a likelihood of reversal, order for a new trial, or sentence that does not include incarceration. [Docket Entry #13 in 19-4758]. Defendant Hill fails to demonstrate that his appeal raises a substantial question of law or fact likely to result in the types of relief listed in 18 U.S.C. § 3143(b)(1)(B). This Court has defined a "substantial question" as "a close question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195,

6

196 (4th Cir. 1991) (internal quotation marks omitted). "There are no blanket categories for what questions do or do not constitute substantial ones. Whether a question is substantial must be decided on a case-by-case basis." *Steinhorn*, 927 F.2d at 196 (internal quotation marks omitted).

**Form of Defendant Hill's Motion**

Defendant Hill's Motion is insufficient under Fed. R. App. P. 8, in that it fails to show why first moving in the district court would have be impracticable, and fails to be supported by any affidavit supporting the facts in dispute or relevant parts of the record.

**Basis of the Government's Opposition to Defendant's Motion**

Because the facts underlying the Government's opposition to Defendant Hill's Motion necessitate reference to the record of the proceedings (DE #215[2], Transcript of the Supervised Release Hearing dated September 12, 2019 ("Transcript")). Summarizing, after Sergeant Jones of the Martinsville, VA, Police Department received a call at 3:12 a.m. on the evening of September 21,

---

[2] While Defendant Hill has filed, pro se, a "Motion to Correct or Modify the Record Pursuant to Appellate Rule 10(e)" [DE #216], that document does not appear to request <u>redactions</u> as explained in the accompanying text for the transcript docket entry in DE #215, but rather asserts there are omissions. Reference is made to the Transcript as appearing as part of the record in DE #215 are made pursuant to Fed. R. App. P. 10(a)(2).

7

2018, that an unclothed male was running down Hooker Street, he eventually encountered and arrested Hill. [Transcript at 15-17, 26]. Sergeant Jones testified that Hill was on a Martinsville city trail several miles in length, and Hill was "naked other than a backpack, his tennis shoes and socks, and a stocking cap." [Transcript at 12-14]. Hill possessed a camera with a memory card later found to have photographs of Hill naked at various sites on or near the trail. [Transcript at 17-19]. Time stamps on the photographs begin at 12:29 a.m. [Transcript at 20]. Hill claimed an unknown person gave him a camera and forced him by threats to take photos of himself naked. [Transcript at 15-16]. Examination of the camera's memory card showed that it contained a document: a monthly supervision report for August 2018, for Brian D. Hill. [Transcript at 27, 43]. At the conclusion of the hearing, the district court found by a preponderance of the evidence that Hill violated Virginia law by indecently exposing himself as alleged. [Transcript at 61-62]. The district court imposed a nine-month within-Guidelines range sentence, noting that Hill would likely serve about three months due to credit for time served while in federal custody. [Transcript at 73-74]. Over the government's objection, Hill was allowed to remain out of custody and self-report by December 6, 2019, for the purpose of his state jury trial on the underlying indecent exposure offense,

having appealed from a bench trial for that offense. [Transcript at 29, 75-77]. The district court added conditions of GPS monitoring, finding that with such conditions that Hill was "not likely to flee or pose a danger to the community under circumstances where [Hill is] on GPS monitoring." [Transcript at 76]. Notwithstanding this, the Government respectfully submits that Hill's release following revocation was an accommodation by the district court and limited to Hill's state court obligation.

In summary, Defendant Hill has failed to meet the applicable standards under 18 U.S.C. § 3143(b), Fed. R. App. P. 8(a)(2), or Fed. R. Crim. P. 38. If this Court were to consider Defendant Hill's Motion under 18 U.S.C. § 3145, review and appeal of a release or detention order, Defendant Hill fails to show exceptional reasons why his detention would not be appropriate, and the government submits that the transcript of hearing supports Hill's detention as a danger to the community, based on the conduct of his violation.

WHEREFORE, the United States respectfully requests that the Court deny Hill's "Emergency Motion for Stay of Imprisonment Pending Appeal."

This, the 15th day of November, 2019.

> Respectfully submitted,
>
> MATTHEW G.T. MARTIN
> UNITED STATES ATTORNEY
>
> /S/ ANAND P. RAMASWAMY
> Assistant United States Attorney
> NCSB #24991
> United States Attorney's Office
> Middle District of North Carolina
> 4th Floor, 101 South Edgeworth Street
> Greensboro, NC  27401-6024
> Phone:  (336) 332-6340

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| v. ) | NO. 19-4758 |
| ) | |
| BRIAN DAVID HILL, ) | |
| ) | |
| Appellant. ) | |
| ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system with notice to Appellant's Counsel:

E. Ryan Kennedy, Esq.

                                        Respectfully submitted,
                                        MATTHEW G.T. MARTIN
                                        UNITED STATES ATTORNEY

                                        /S/ ANAND P. RAMASWAMY
                                        Assistant United States Attorney
                                        NCSB #24991
                                        United States Attorney's Office
                                        Middle District of North Carolina
                                        4th Floor, 101 South Edgeworth Street
                                        Greensboro, NC  27401-6024
                                        Phone:   (336) 332-6340