IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13CR435-1 |
| | ) | |
| BRIAN DAVID HILL | ) | |

**MEMORANDUM ORDER**

This matter is before the court on the pro se motion of Defendant Brian David Hill to correct or modify the record from his September 12, 2019 hearing on revocation of his supervised release, pursuant to Federal Rule of Appellate Procedure 10(e). (Doc. 216.) On September 12, 2019, Mr. Hill appeared for a hearing with appointed counsel, Attorney Renorda E. Pryor, Esquire, on a charge that he had violated the terms and conditions of supervised release. Mr. Hill was caught by law enforcement exposing himself in public throughout his hometown in Martinsville, Virginia, in the early morning hours of September 21, 2018, proof of which was provided by officer testimony as well as photographs Mr. Hill took of himself on his camera. At the time he was apprehended, Mr. Hill was completely naked, except for footwear. The Defendant was convicted of indecent exposure in state court in Virginia in 2018, and his federal revocation proceeding followed.

This court held a revocation hearing and, after hearing evidence and argument of counsel, as well as allocution of Mr.

Hill, found that Mr. Hill violated the valid conditions of his supervision and that the violation was willful and without lawful excuse. The court revoked supervision. The court imposed 9 months of imprisonment (with knowledge that Mr. Hill would likely be eligible for credit for significant time already in custody) and re-imposed a period of supervision. The court granted Mr. Hill's request to self-report, setting a date in early December of 2019, to permit him to attend further state court proceedings in Virginia in the interim.

Mr. Hill has continued to file numerous pro se filings, even though his case is on appeal. One of which is the current pro se request to modify or correct the record from the September 12, 2019 hearing. Mr. Hill's motion claims the following omissions in the September 12, 2019 transcript:

First, that Assistant United States Attorney Anand Ramaswamy "had made a statement or asked witness Roberta Hill about 'Wikipedia' in response to her testimony about 'carbon monoxide' in regards to her testimony explaining her research into carbon monoxide, and as to why she thought Brian [Hill] had exhibited the weird behavior on September 21, 2018." (Doc. 216 at 5.)

Second, that "Attorney Renorda Pryor had asked Government's witness Sergeant Robert Jones of Martinsville Police Department a particular question and his answer that was omitted for the transcript. Attorney Pryor had asked Robert Jones if Brian [Hill]

2

was being obscene and he had answered no to that question, either 'no' or 'I don't think so' or that he didn't think that he was." (Id. at 7.)

Third, that "Officer Robert Jones had mentioned about Brian [Hill] having clothes in his backpack, a watch (or pocket watch), and flashlights." (Id.)

Mr. Hill requests that the court direct the court reporter "to correct her omissions from her official Transcript," allow the transcript to be supplemented by the exhibits he has filed "to correct the issues of her omissions from her official Transcript," transmit Mr. Hill's filing to the Fourth Circuit Court of Appeals, provide a corrected transcript at no cost to Mr. Hill, "conduct a forensic examination of the Court Reporter's computer equipment to check for evidence of any intentional document modification or omissions," sanction the court reporter, compensate "victims," and void the underlying criminal judgment on revocation of supervised release (Doc. 200). (Doc. 216 at 13-15.)

On November 15, 2019, the court directed the court reporter to review her stenographic and other materials from the September 12, 2019 hearing and determine whether the statements Mr. Hill contends occurred were inadvertently omitted from the official transcript, and to either file a corrected transcript or file a memorandum reporting that the certified transcript (Doc. 215) accurately reflects the proceedings before the court. (Doc. 218.)

3

The court deferred on any other requested relief, pending the review by the court reporter. (Id. at 3.)

On November 20, 2019, the court reporter filed a memorandum, certifying that she re-examined the stenographic notes and other materials used to produce the transcript of the September 12, 2019 hearing, that the filed transcript accurately reflects the proceedings held, and that no changes and/or modifications need to be made. (Doc. 220.)

Mr. Hill's motion invokes Federal Rule of Criminal Procedure 52 and Federal Rule of Appellate Procedure 10(e). Where "any difference arises about whether the record truly discloses what occurred in the district court," the district court must settle the record. Fed. R. App. P. 10(e)(1). Rule 10(e) provides this court with authority to correct or supplement the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 19(e)(2)(B). Thus, Rule 10(e) "vests authority in the district court to conform the record to what occurred in the district court either by supplying what has been omitted or correcting what has been erroneously transcribed." United States v. Greenwell, 418 F.2d 845, 846 (4th Cir. 1969) (per curiam).

Having carefully reviewed all of Mr. Hill's filings, the certified transcript of the September 12, 2019 hearing, the court reporter's memorandum certifying the accuracy of the transcript,

and based on this court's recollection of the proceedings, the court declines to order an alteration in the transcript. First, the court finds that Mr. Hill has not demonstrated that the transcript is inaccurate in any of the respects he claims. It is also noteworthy that Mr. Hill's alleged omissions/errors are not specific, but are imprecise, uncertain, and generalized. Second, and independently, Mr. Hill has failed to demonstrate that the alleged statements he urges, which were not made at the September 12, 2019 hearing and thus are properly not included in the certified transcript, are material, as required by Rule 10(e). At issue in the revocation proceeding was whether Mr. Hill, who is on supervised release following his conviction for child pornography, violated the terms of his supervision when he was arrested by the Martinsville, Virginia Police Department well after midnight, naked, after having exposed himself publicly, including on a public park trail within the city limits, and having taken graphic photographs of himself doing so. The alleged omissions are simply not material to the decision on revocation and appellate review of the same. Mr. Hill's excuse for his conduct originally was that a "black man in a hoodie" threatened his family if he did not get nude and take photographs of himself. (See Doc. 157 (12C Petition for Warrant or Summons for Offender Under Supervision).) Mr. Hill's defense then shifted to a claim, offered through the testimony of his mother, that he might have been suffering from

5

carbon monoxide poisoning resulting from an improperly-vented flue in the family's apartment, although there is no evidence he ever received any medical treatment. (Doc. 215 at 51-52.) The transcript and record therefore do not require correction or supplementation. See United States ex rel. Carter v. Halliburton Co., No. 1:11-cv-602 (JCC/JFA), 2016 WL 2997349, at *4 (E.D. Va. May 25, 2016) (denying supplementation of the record as not material); Pilger v. D.M. Bowman, Inc., No. WDQ-10-0597, 2013 WL 417772, at *2 (D. Md. Jan. 31, 2013) (denying request to supplement record to the extent jury instruction was not material to the issue on appeal).

For these reasons, Mr. Hill's motion to correct or modify the record, including all other relief sought therein (Doc. 216), is DENIED.

SO ORDERED.

/s/   Thomas D. Schroeder
United States District Judge

November 21, 2019

6

Case 1:13-cr-00435-TDS   Document 223   Filed 11/21/19   Page 6 of 6