In the United States District Court
For the Middle District of North Carolina

Brian David Hill,
Petitioner/Defendant

v.

United States of America,
Respondent/Plaintiff

Criminal Action No. 1:13-CR-435-1

Civil Action No. 1:17-CV-1036

**MOTION TO RECONSIDER – REQUEST FOR HOME DETENTION IN LIEU OF REMAINDER OF THE NINE (9) MONTHS OF IMPRISONMENT**

Criminal Defendant and § 2255 Motion Petitioner Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant", "Petitioner") files this Motion to respectfully request reconsideration of the Document #200 and Document #186 order for NINE (9) months imprisonment. Brian requests reconsideration of the NINE (9) months imprisonment to be 6 months of imprisonment (*possibly time served, Federal Detainer on November 15, 2018, till released on May 14, 2019*) and 3 months of home detention/home incarceration in lieu of the remainder of his unserved sentence for good behavior and respect towards his Probation Officer. Brian also requests that this motion be deferred if barred by the pending appeal(s) pursuant to Rule 37 of the Federal Rules of Criminal Procedure. "*Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal*" or requests that the Court of Appeals remands for this motion for relief, pursuant to subsection "(c) *Remand. The district court may decide the motion if the court of appeals remands for that purpose.*"

1

The good cause is good behavior, respect of the U.S. Probation Officer Jason McMurray, and any good behavior Brian exhibits while in Federal Prison at FMC Lexington. Brian will file this motion by mail at the Post Office before traveling on December 5, 2019, to FMC Lexington to self-report.

Brian had already been on the ankle monitor since September 15, 2019, and would like an alternate form of punishment rather than the incarceration.

Each week or two weeks, Brian plans on submitting a Declaration in support of this motion of each week or two weeks that he had exhibited good behavior, whenever he receives no incident reports, and will also request that FMC Lexington get him into Education to work towards his General Education Diploma (GED).

The Court can get a response from the U.S. Probation Officer Jason McMurray, who had been Brian's supervising officer since 2015 while under home detention and after sentence of home detention was served in 2015.

Brian introduces as **Exhibit 1**, a Declaration of Brian David Hill's outstanding good behavior despite the hiccup on September 21, 2018, Brian had not exhibited such behavior thereafter and has been over a year.

Brian was not on any mental health medication or anti-anxiety medication in 2018 prior to his arrest on September 21, 2018. Even if Brian cannot prove absolute evidence of carbon monoxide but just cumulative evidence of carbon monoxide, it is a fact that Brian was not on any mental health medications last year prior to be placed in Martinsville City Jail. Brian had been taking Zoloft since Piedmont Community Services had a psychiatrist Dr. Conrad Daum, a forensic psychiatrist, evaluated Brian. See Exhibit 9 — Document #181, Attachment #10 (Docket Entry 181-10).

2

Brian had been placed on anti-anxiety medication and it had helped with Brian's anxiety. Anxiety can worsen the symptoms of his Autism and OCD. Federal Prison also worsens his Autism and OCD symptoms as was outlined by former USPO Kristy L. Burton that Brian's OCD symptoms can be exacerbated by incarceration.

Quote from Document #86, Order on Probation Petition 12B:

> "*It has been reported that <u>several environmental factors have exacerbated his conditions, including imprisonment</u> and attempts by the officer to obtain urine specimens for testing.*"

Imprisonment is counter-productive to the Zoloft medication which had decreased his anxiety and made Brian more able to function which makes USPO McMurray's job easier for his Probation. Brian's excessive fear of imprisonment for months had led to an increase in filing pleadings right and left over fears of what may happen to him in Federal Prison.

Dr. Dawn Graney even acknowledged in Document #17, that Brian was susceptible to being manipulated by other inmates, and is counter-productive to Brian being compliant. At FCI-1 Butner, during the evaluation this year by Dr. Dawn Graney, Brian was manipulated by an inmate named Willie Rodgers into believing that Zackery Hamby was going to file a false sexual claim against Brian David Hill. Brian knew a false report against him would ruin any chance of him proving actual innocence in his 2255, so he was manipulated by Willie Rodgers, once in North Carolina Unit, to type up a false PREA complaint against Zackery Hamby. Brian was confronted with this issue by SIS and the Lieutenants, Brian admitted that he was manipulated to file a false PREA complaint on Zackery Hamby, and was manipulated by inmate named Willie Rodgers. Brian was thrown in the Special Housing Unit (SHU) with an incident report, Brian started to have a

3

meltdown, and got depressed until somebody from CTP Administration ordered Brian's release from the SHU. Brian apologized for being manipulated like a puppet, this is the main reason why imprisonment should be discouraged by this Court. Another incident was where an inmate begged Brian for his commissary stamps, and Brian just trusted that he needed them and gave that inmate almost an entire book of stamps. Later that inmate lied and claimed he never got stamps and demanded more from Brian. Prison does not benefit Brian at all and does not do anything to increase the compliance but can cause problems with his Autism and OCD, can make him worse.

Renorda Pryor had brought up information from the Recommendations in the Pre-Sentence Investigation Report against Brian going to Federal Prison and that he had a higher opportunity to be bullied and manipulated into possibly breaking rules out of fear, being intimidated, being threated, and being lied to.

**See Transcript — Document #123, pages 32-33:**

> "Q Okay. And you do remember in the PSR where it stated that **it's probably not a good idea to incarcerate him if you don't have -- if it's -- if it's not necessary** due to his health and his mental health issues?
>
> A I don't remember that specifically in there.
>
> Q Okay. And do you remember whether it stated that he would probably -- not only did **he suffer from post-traumatic stress disorder when he was incarcerated the first time, but also he has a tendency to be bullied in prison** -

4

> A I did read –
>
> Q -- or in custody?
>
> A I did read that people who have autism -- that that can be a factor, yes.
>
> Q And **you said that you recommended that he goes to Piedmont to get treatment services**?
>
> A Yes, ma'am.
>
> Q Okay. Did he comply with that particular order?
>
> A He was going to Piedmont, yes."

So the Pre-sentence Investigation Report (PSR) actually did not recommend that he be imprisoned. Brian was to comply with mental health treatment and he has been since his release on bond conditions.

Till this day, Brian had never been charged with any violent offense in his life. Brian had only harmed himself on September 21, 2018. He was out on a walking trail at night without a cell phone and without any means of communication to call for help, out in a hiking trail with higher evaluation in areas and has a lot of trees. Brian was at high risk of being attacked by wild coyotes and wild black bears which could have killed or maimed Brian. If the police had not found Brian, Brian might have been attacked by coyotes and never would have been seen again.

Citing (Brian's family looked up this link to paste on here) media report: https://www.martinsvillebulletin.com/news/a-sight-to-see-a-wide-range-of-animals-call/article_3f65d745-4377-5344-baf4-74cd6fecfec3.html

5

> "*Active both day and night: <u>**Coyotes**</u>, red foxes, gray foxes, white tail deer, muskrats, lizards, turtles, frogs, toads, salamanders, <u>**copperheads, rattlesnakes, American black bears**</u>.*"

Brian could have stepped on a copperhead snake and died that night, Brian could have encountered a black bear or coyotes and his flesh would have torn apart. Brian also could have risked getting bit by a poisonous spider. Walking out at night is more dangerous to an unarmed person with Autism, then walking during the daytime. Brian was more of a risk to his own life on September 21, 2018, rather than a danger to the community. Brian had never done an incident like that again after he was arrested.

Brian has Autism, he can be easily manipulated, and that was why Brian told the story about the man in the hoodie, because Brian is easily susceptible to being manipulated by others which is a fact, even those who may be pranking Brian or making him believe things that may or may not be true to get him to do something he didn't want to do. He is at higher risk in a Federal prison of being manipulated by those with bad/evil intentions.

Brian and his family had been working with Piedmont Community Services to get him in socialization programs where he can be around others who have similar mental disabilities. That program would be beneficial to Brian's compliance with his Supervised Release and socializing with others his own age. One of Brian's conditions was that he cannot be in contact with another felon. Brian cannot make friends in Federal prison as having any contact with anybody released from Federal Prison as a convicted felon may violate his conditions. Brian does not need to be in a Federal Prison but needs to be doing positive things in the community such as mental health programs. In Federal Prison, he is more likely to get an incident report by being manipulated by other inmates desperate for commissary, prison

politics, or looking to get more commissary by taking advantage of Brian's Autism, OCD, and low blood sugars with his Type 1 brittle diabetes.

Brian's behavior when under the bond conditions has been totally compliant. Brian has been respectful to his Probation Officer Jason McMurray and has remained on good terms with his Probation Officer.

**See Transcript — Document #215, pages 38-39:**

> "Q Are you aware that Mr. Hill is diagnosed with autism?
> A I am aware, yes.
> Q And with your reaction and your interaction with him, have you found -- have you found to determine that you do see some level of weaknesses when it comes to -- when it comes to your communication with him?
> A Sometimes it can be difficult to communicate with Mr. Hill. So I have on many occasions -- he resides with his mother, and I have spoken with Roberta, is his mother's name, to see how things are going. And <u>Mr. Hill has always been respectful. It is hard to communicate with him</u> on --
> sometimes, but I will speak with his mother, and I have spoken with his grandparents on occasion as well.
> Q Okay. And when you've talked to Mr. Hill, I think you stated it, has he been respectful with you?
> A <u>He has.</u>"

So Brian has been respectful with his Probation Officer. Brian has been on the ankle monitor bracelet for almost three (3) months since September 15, 2019. Brian has no problem with an alternative form of punishment of home detention instead of incarceration. USPO McMurray would have no issues with Brian being placed under 3 months of home detention on lieu of his imprisonment.

7

Brian had complied with his bond conditions requiring him to attend Piedmont Community Services appointments. Brian had been seeing a counselor since Preston Page had voluntarily refused to continue counseling with Brian since September 21, 2018 last year. However Brian had completed counseling and was planning on being reassessed at Piedmont Community Services to continue with the counseling. Now that will not be able to happen because of his imprisonment. Brian can no longer receive counseling and prison life will not benefit Brian at all as towards his behavior of compliance.

For two times now, Brian had met with a mental health specialist from REACH, a mental health crisis organization in Virginia. The Court and the U.S. Government can research this organization for reference. The REACH support staff person who is helping Brian in this legal crisis nightmare can be contacted by phone at the number 540-418-2072.

*"REACH is a crisis prevention, intervention and stabilization system to support individuals with intellectual and/or developmental disabilities, as well as a mental health condition or challenging behavior that is negatively affecting their quality of life. The REACH clinical team provides consultation as well as ongoing preventative & crisis planning. The REACH clinical team works with the individual and his/her system of supports in order to problem solve, reduce the frequency of needed emergency interventions and assist with ongoing stability."*

*"The REACH crisis therapeutic home has 6 beds. The crisis therapeutic home is designed to provide short-term treatment to stabilize the individual and assess the individual's needs. Adults may enter this service for 3-5 days for a preventative stay, or up to 15 days for emergency and hospital/jail step-down. The maximum length of stay is 30 days."*

*"Who is eligible for REACH services? Individuals with a developmental disability (as outlined in the Code of Virginia § 37.2-100 Definitions) with co-occurring mental illness and/or significant challenging behaviors that are active or cyclical in nature are eligible for REACH services. REACH serves both child and adult populations. Note: to be eligible for REACH services, the developmental disability must be established during the developmental period."*

*"Brief residential crisis therapeutic services at a REACH Crisis Therapeutic Home (CTH) for individuals aged 18 or above for stabilization of a crisis, a planned prevention, or as a step-down from a state hospital, training center, or jail. The CTH can provide in depth assessments, a change in setting to allow for stabilization, and a highly structured and supportive environment to improve coping skills and work on other goals that aide in stabilizing the current crisis or prevent future occurrence. As it is best practice and the least restrictive treatment approach to provide services in the setting in which the crisis occurred, the CTH shall be used only when community based crisis services or supports are not effective or are clinically inappropriate."*

*"Individualized training to the individual and his/her support system which targets the CEPP and associated strategies that support the individual early in the escalation period such that crisis situations can be avoided and the likelihood of out of home placement is reduced"*

Brian cannot get access to REACH services while in Federal Prison. REACH was not available at the time that Brian was arrested on September 21, 2018 because Brian and his family were not aware of such services at that time. **Had REACH gotten involved in the first place before Brian's arrest, Brian would have been deferred by police to being placed inside of a "Crisis Therapeutic Home". That would have been a better answer than Brian being arrested, and**

9

**REACH would have been able to convince the police to allow Brian to receive medication and any other mental health needs which would have prevented the behavioral crisis on September 21, 2018, and it would have created a better outcome for Brian.**

Brian is not amendable to Sex Offender treatment because of his belief that he was actually innocent and is still fighting to prove that for his 2255 Motion that is still pending before this Court. Instead his Probation Officer had required Brian to attend mental health counseling, believably regular mental health counseling in lieu of Sex Offender Treatment as a man who continues proclaiming innocence to a crime cannot be amendable to treatment. Brian cannot be reassessed at Piedmont Community Services to receive more counseling and medication because of his imprisonment on December 6, 2019. This is counter-productive to his Probation.

It seems too harsh for somebody with Autism Spectrum Disorder when there are reasonable alternatives to imprisonment to protect the community. Brian is not a danger to the community. He never touched anybody inappropriately. He never molested anybody. Brian was only naked on September 21, 2018, at night time and was not being obscene, he was not aroused. Nobody ever reported Brian as being sexual. Brian was clearly having a mental health crisis or something happened that badly affected his neurological mental health to have caused that incident.

Brian asks the Court to take pity on these factual issues.

The atypical nature of the offense and the time of night, when few people would be present, greatly mitigate the seriousness of the alleged misconduct. Examination into his history and characteristics indicate a reduced need for lengthy incarceration. <u>Home confinement, at most, is warranted here</u> and the district court erred in not doing so but can still remedy the lengthy incarceration. Brian Hill is, essentially, cared for by his mother and she generally keeps him from things that

will harm him. **<u>Brian needs loving guidance, not a jail cell.</u>** Inmates will manipulate him to doing things, Brian will not have access to legal resources in Federal Prison such his local PDF archive of all court documents his family members have saved from PACER. Federal Prisons generally do not allow lengthy piles of papers of court documents (voluminous materials) and will only allow a reasonable amount of legal materials. Brian needs access to his entire legal documents archive to attempt to prevail in his 2255 case, otherwise the Court may need to defer taking any action in his 2255 case until after he is released from Federal Prison to protect his legal right to get access to the very court documents he needs to cite in order to successfully prosecute his appeals.

Brian needs more help when having a mental health crisis, not imprisonment. Brian has successfully been enrolled in the REACH program. However they will close his case upon Brian being in Federal Prison. Piedmont Community Services will also close his case due to Brian's imprisonment, detrimental to the very purposes Probation had wanted Brian to get mental health services for compliance with his Probation.

Brian also has been working with his Probation Officer to comply with every request and do anything that needs to be done. Since May 14, 2019, Brian had again been supervised by his Probation Officer and every visit has been with respect and compliance. Brian would like to respectfully ask this Court for USPO Jason McMurray's recommendation instead of Greensboro U.S. Probation's recommendation because Greensboro doesn't send somebody up there to supervise Brian and doesn't even personally know Brian or knows a lot about his case and neither of his ongoing legal battles. The Probation Officers in Greensboro, NC, highly likely don't have as much information and knowledge of Brian as USPO McMurray does. His recommendation should matter if he recommends home

11

Case 1:13-cr-00435-TDS   Document 234   Filed 12/10/19   Page 11 of 15

will harm him. **<u>Brian needs loving guidance, not a jail cell.</u>** Inmates will manipulate him to doing things, Brian will not have access to legal resources in Federal Prison such his local PDF archive of all court documents his family members have saved from PACER. Federal Prisons generally do not allow lengthy piles of papers of court documents (voluminous materials) and will only allow a reasonable amount of legal materials. Brian needs access to his entire legal documents archive to attempt to prevail in his 2255 case, otherwise the Court may need to defer taking any action in his 2255 case until after he is released from Federal Prison to protect his legal right to get access to the very court documents he needs to cite in order to successfully prosecute his appeals.

Brian needs more help when having a mental health crisis, not imprisonment. Brian has successfully been enrolled in the REACH program. However they will close his case upon Brian being in Federal Prison. Piedmont Community Services will also close his case due to Brian's imprisonment, detrimental to the very purposes Probation had wanted Brian to get mental health services for compliance with his Probation.

Brian also has been working with his Probation Officer to comply with every request and do anything that needs to be done. Since May 14, 2019, Brian had again been supervised by his Probation Officer and every visit has been with respect and compliance. Brian would like to respectfully ask this Court for USPO Jason McMurray's recommendation instead of Greensboro U.S. Probation's recommendation because Greensboro doesn't send somebody up there to supervise Brian and doesn't even personally know Brian or knows a lot about his case and neither of his ongoing legal battles. The Probation Officers in Greensboro, NC, highly likely don't have as much information and knowledge of Brian as USPO McMurray does. His recommendation should matter if he recommends home

detention for the rest of his sentence rather than 3 months of imprisonment. Brian would only have three months left to serve the sentence if the calculations are correct. The short term of his imprisonment is a waste of tax payer's money and a waste of limited resources that should be used towards worse criminal offenders, not somebody who was a victim of circumstance like Brian Hill was. This creates a huge burden on Brian and his family to have to travel to Kentucky, especially during visitation hours. The number of hours of travel to the Prison over only three months left of imprisonment is a heavy burden for such a short period of incarceration left.

Renorda Pryor also made it known that even a halfway house under the Federal Bureau of Prisons would be a bad idea due to the possibility of being manipulated by others.

**See Transcript — Document #123, page 77:**

> **MS. PRYOR:** Your Honor, I saw that as one of the recommendations. The only issue that I have with the residential reentry center is, Your Honor, they don't specialize -- or none that I saw in my research specialize in anything that deals with, not only his disability, but his health issues. The residential reentry center, based on my research, is just almost like a, I guess, halfway house where, you know, yes, he would have his independence, but there's no -- <u>it puts him back in a position where he can be exploited, where he can be bullied, where he can be asked to do things that he probably should not be doing</u>, and I think it's

12

<u>just because people would take advantage of him. And that would be my only reason I would not want him to be right back before you because of somebody exploiting him.</u> So I would only suggest -- <u>I would not be up to recommending,</u> but if that is the recommendation, of course, from the Court, Your Honor, we understand.

## CONCLUSION

For the reasons stated above, Brian D. Hill urges this Court to reconsider the sentence and revocation of his supervised release or, in the alternative, to sentence him to an alternative sentence, such as home confinement, rather than incarceration.

Respectfully filed with the Court, this the 5th day of December, 2019.

Respectfully submitted,

*Brian D. Hill*
signed
　　　　　　　　　　　Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505

**U.S.W.G.O.**

Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

13

<u>Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!</u>

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on December 5, 2019, service was made by mailing the original of the foregoing:

"MOTION TO RECONSIDER – REQUEST FOR HOME DETENTION IN LIEU OF REMAINDER OF THE NINE (9) MONTHS OF IMPRISONMENT"

by deposit in the United States Post Office, in an envelope (Certified Mail), Postage prepaid, on December 5, 2019 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| | |
|---|---|
| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

14

Case 1:13-cr-00435-TDS   Document 234   Filed 12/10/19   Page 14 of 15

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>~~[scribbled out]~~<br>December 5, 2019 | Respectfully submitted,<br>**Brian D. Hill**<br>Signed<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.**<br>I stand with QANON/Donald-Trump – Drain the Swamp<br>I ask Qanon and Donald John Trump for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|

I ask Department of Defense ("DOD") military Constitutional oath keepers, alliance, Qanon for help in protecting me from corruption and criminal behavior of Government.

Certified Mail tracking no: 7017-1070-0000-3531-7444

Friend's justice site: JusticeForUSWGO.wordpress.com

*Qanon S.O.S. help me*

15