**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4758

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BRIAN DAVID HILL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1)

Submitted:  July 21, 2020                                                Decided:  October 16, 2020

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

E. Ryan Kennedy, ROBINSON & MCELWEE, PLLC, Clarksburg, West Virginia, for Appellant.  Matthew G.T. Martin, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's judgment revoking his supervised release and imposing a sentence of nine months in prison, followed by an additional nine years of supervised release. On appeal, Hill argues that the district court erred by conducting the revocation hearing without a jury and failing to apply a beyond a reasonable doubt standard of proof, erred in finding that Hill violated a condition of his supervised release, and abused its discretion in denying Hill's motion to continue the revocation hearing. We affirm.

Hill first asserts that proof beyond a reasonable doubt, not preponderance of the evidence, is the appropriate standard for revoking supervised release and further claims that a jury must make the relevant factual findings. However, we have previously determined "that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights, including any right to have the alleged supervised release violation proved to a jury beyond a reasonable doubt." *United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014); *see Johnson v. United States*, 529 U.S. 694, 700 (2000) (holding that supervised release violation "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt"). Although Hill argues that the Supreme Court's holding in *United States v. Haymond*, 139 S. Ct. 2369 (2019) (striking down 18 U.S.C. § 3583(k) (2018)) should be extended to all supervised release proceedings, we conclude that *Haymond* had no impact on Hill's revocation sentence imposed under 18 U.S.C. § 3583(e)(3) (2018). Accordingly, because *Ward* remains good law, its holding forecloses Hill's argument.

2

Hill next argues that the district court erred in finding that Hill violated the conditions of his supervised release. We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). Hill challenges the district court's finding that he committed a state offense by violating Virginia's indecent exposure statute and argues that his conduct was neither intentional nor obscene, as required to violate Va. Code Ann. § 18.2-387 (2018).

We have reviewed the record and find no merit to Hill's contentions. To satisfy its burden of proof at the revocation proceeding, the Government presented evidence that, while serving his supervised release term, Hill intentionally made an obscene exposure of his person in a public place. Hill was arrested after exposing himself and taking naked photographs of himself late at night in various areas of the commercial district of Martinsville. The district court credited the testimony and evidence presented by the Government and rejected the alternative explanations that Hill offered to excuse his conduct. *See United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) ("The district court's credibility determinations receive great deference." (internal quotation marks omitted)). Further, the Government sufficiently demonstrated that Hill's conduct was obscene. *See* Va. Code Ann. § 18.2-372; *Price v. Commonwealth*, 201 S.E. 2d 798, 800 (Va. 1974). Accordingly, the district court did not abuse its discretion in revoking Hill's supervised release when it determined that the Government established, by a preponderance of the evidence, that Hill intentionally violated the Virginia statute and that his conduct was obscene.

Finally, Hill asserts that the district court abused its discretion in denying his motion for a continuance made on the day of the revocation hearing. Hill sought to delay the revocation hearing until his appeal on the Virginia indecent exposure conviction was complete. "We review the denial of a motion for a continuance for abuse of discretion." *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). "'[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *United States v. Williams*, 445 F.3d 724, 738-39 (4th Cir. 2006) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Even where this broad discretion has been abused, "the defendant must show that the error specifically prejudiced his case in order to prevail" on appeal. *Copeland*, 707 F.3d at 531 (brackets and internal quotation marks omitted).

The district court was not required to grant Hill's motion for a continuance pending the conclusion of his appeal of his indecent exposure conviction in Virginia circuit court. *See United States v. Spraglin*, 418 F.3d 479, 480–81 (5th Cir. 2005) (rejecting appellant's argument that district court abused its discretion in revoking his supervised release based on evidence of his state murder conviction, which was still pending on appeal when supervised release was revoked); *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir. 1993) ("The conviction itself, whether or not an appeal is taken, provides adequate proof of the violation of state law to justify revoking probation."). Further, Hill has not established that he was prejudiced by the denial of the motion. We therefore conclude that the district court did not abuse its discretion in denying Hill's motion.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*