PROB 12B
10/03

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
(Probation Form 49, Waiver of Hearing Is Attached)

| | | | |
|---|---|---|---|
| Name of Offender: | BRIAN DAVID HILL | Case Number: | 1:13CR435-1 |

Name of Sentencing Judicial Officer:   The Honorable William L. Osteen, Jr.

Date of Original Sentence:   November 10, 2014

Original Offense:   Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

Original Sentence:   Custody of the Bureau of Prisons for a period of 10 months and 20 days, but not less than time served, followed by a ten-year term of supervised release.

April 29, 2015: Modification suspending mandatory drug testing was filed.

June 30, 2015: Supervised release violation hearing before the Honorable Thomas D. Schroeder. Supervised release was continued with the additional special conditions of a six-month home incarceration program and participation in a Cognitive Behavioral Therapy program.

September 4, 2015: Report of Offender Under Supervision was filed.

September 12, 2019: Supervised release revoked. Custody of the Bureau of Prisons for a period of 9 months followed by a 9-year term of reimposed supervised release.

Type of Supervision:   Supervised Release    2nd Term of Supervision Commenced: December 6, 2019
                                            2nd Term of Supervision Expires: December 5, 2028

Assistant U.S. Attorney:  Anand Prakash Ramaswamy            Defense Attorney: Eric D. Placke

## PETITIONING THE COURT

[ ]  To extend the term of supervision for   years, for a total term of   years.
[X]  To modify the conditions of supervision as follows:

   1.) The defendant shall not contact or communicate directly, or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means including verbal, written, telephonic, electronic or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass minors

**RE: Brian David Hill** <span style="float:right">2</span>

      working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.

2.) The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

3.) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030 (e)(l), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on defendant's compliance with the Computer Monitoring Program authorized the probation office to identify, monitor, access and seize any such devices under the defendant's control.

4.) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

5.) The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student or were convicted of a qualifying offense.

6.) The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

7.) The defendant shall submit to search and seizure of his or her computer, as defined in 19 U.S.C. § 1030(e)(l), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

8.) The defendant shall not possess, view or otherwise use any child pornography as defined

in 18 U.S.C. § 2256(8).

9.) The defendant shall not reside or linger within 100 feet of any park, school, property, playground, arcade, amusement park, day ·care center, swimming pool, community recreation field, zoo, youth center, carnival, circus, or other places that are primarily used or can reasonably be expected the be used by minors, without permission of the probation officer.

10.) The defendant shall participate in the Computer Monitoring Program adopted by this court and comply with all of the conditions in the program's Participant Agreement. The defendant shall allow monitoring software/hardware to be installed on each computer, electronic. communication device, or other Internet-capable device the defendant has access to at the defendant's ·expense.

11.) The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program. The defendant must maintain use of all prescribed medication.

## CAUSE

Mr. Hill is currently being supervised in the Western District of Virginia. In coordination with this district, a transfer of jurisdiction has been tentatively agreed to, as Mr. Hill lacks ties to the Middle District of North Carolina and has resided for a period within the Western District of Virginia. To initiate this transfer, the Western District of Virginia has requested that Mr. Hill's supervised release conditions be modified to align with local sentencing conditions regarding sex offenders. Mr. Hill has voluntarily agreed to the adoption of these conditions. After the addition of these conditions, a transfer of jurisdiction will be processed. We respectfully request the Court adopt the conditions as outlined above.

Respectfully submitted,

Kevin M. Alligood
U.S. Probation Officer Specialist

Approved by:

Christopher M. Bersch
Supervisory U.S. Probation Officer

October 26, 2020
Date