PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF VIRGINIA

**United States of America**               Docket No.   1:13CR00435

vs.

**Brian David Hill**

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall not contact or communicate directly, or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means including verbal, written, telephonic, electronic or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.

2. The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

3. In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030 (e)(1), cellular telephone, or other Internet-

capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on defendant's compliance with the Computer Monitoring Program authorized the probation office to identify, monitor, access and seize any such devices under the defendant's control.

4. The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

5. The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student or were convicted of a qualifying offense.

6. The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

7. The defendant shall submit to search and seizure of his or her computer, as defined in 19 U.S.C. § 1030(e)(1), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

8. The defendant shall not possess, view or otherwise use any child pornography as defined in 18 U.S.C. § 2256(8).

9. The defendant shall not reside or linger within 100 feet of any park, school, property, playground, arcade, amusement park, day care center, swimming pool, community recreation field, zoo, youth center, carnival, circus, or other places that are primarily used or can reasonably be expected the be used by minors, without permission of the probation officer.

10. The defendant shall participate in the Computer Monitoring Program adopted by this court and comply with all of the conditions in the program's Participant Agreement. The defendant shall allow monitoring software/hardware to be installed on each computer, electronic communication device, or other Internet-capable device the defendant has access to at the defendant's expense.

11. The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program. The defendant must maintain use of all prescribed medication.

Witness: _____  Signed: X _Brian D. Hill_
U.S. Probation Officer                          Signed
                                        Probationer or Supervised Releasee

_9/22/2020_
DATE