)
Brian David Hill, )
Petitioner/Defendant )
) **Criminal Action No. 1:13-CR-435-1**
v. )
) **Civil Action No. 1:17-CV-1036**
United States of America, )
Respondent/Plaintiff )
)
)

**Petitioner's Motion to grant Four Pending Uncontested Motions**

**Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant this motion to grant the four pending uncontested motions**

Criminal Defendant and § 2255 Motion Petitioner Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant", "Petitioner") is respectfully requesting that the Honorable U.S. District Court grant this motion requesting that the Judicial Officer of this Court to make a ruling/decision on four uncontested/undisputed pending motions that were properly filed before this court as a matter of law and as a matter of procedural due process. That is since the Plaintiff/Respondent the attorneys for the United States of America, the Government, did not file any response by the set due dates to three of the pending motions and therefore waives the right to any file any objections to those motions. This is pursuant to Local Civil Rules of the Middle District of North Carolina under LR 7.3 MOTION PRACTICE, as well as the inherit power or implied power of the U.S. District Court (Courts § 18 - inherent or implied powers, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991),

1

Courts § 225.1; Equity § 47 - power to vacate fraudulent judgment) (See Supplement 1 — Document #199, Attachment #1 ECF No. 199-1).

The exact relief that Petitioner is requesting is that the assigned Judicial Officer of the U.S. District Court enter a decision on the following motions or grant the following uncontested/undisputed pending motions:

1. Document #199 MOTION entitled "Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and Brief/Memorandum of Law in Support of Requesting the Honorable Court in this case Vacate Fraudulent Begotten Judgment or Judgments" filed by BRIAN DAVID HILL. <u>Response to Motion due by 10/25/2019.</u> (Attachments: # (1) Supplement 1, # (2) Supplement 2, # (3) Exhibit 1, # (4) Exhibit 2, # (5) Envelope - Front and Back) (Civil Case number: 17CV1036) (Garland, Leah)."

2. Document #206 MOTION entitled "MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments" filed by BRIAN DAVID HILL. <u>Response to Motion due by 11/5/2019.</u> (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Supplement 1, # (4) Supplement 2, # (5) Supplement 3, # (6) Supplement 4, # (7) Envelope - Front and Back) (Garland, Leah)."

3. Document #217 MOTION entitled "Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill", filed by BRIAN DAVID

HILL re: [199] Motion. <u>Response to Motion due by 12/2/2019</u> (Attachments: # (1) Envelope - Front and Back) (Garland, Leah) Modified on 11/12/2019 to correctly link document. (Garland, Leah)"

4. Document #222 MOTION entitled "Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor" filed by BRIAN DAVID HILL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Supplement 1, # 12 Envelope - Front and Back) (Garland, Leah) (Entered: 11/21/2019)

Petitioner had attempted to file a Writ of Mandamus to compel the Judge to enter a decision on those uncontested motions under U.S. Court of Appeals for the Fourth Circuit case no. 19-2338. Due to likely some defects in the Writ of Mandamus out of Petitioner feeling emotional distress over the imprisonment order last year (Document #200), the Court of Appeals mistakenly denied the Writ over assuming that it was a circumvent to direct appeal. However, the Supreme Court and the Virginia Supreme Court both made rulings on Mandamus relief being appropriate to get a judge to act where he/she refuses to act and ought to act. Petitioner plans on filing a Writ of Mandamus Petition in the U.S. Supreme Court or again in the Fourth Circuit correcting the defects from the other failed petition but more precisely asking simply for removing a block to appellate relief, which Petitioner is entitled to relief in that regard. Petitioner is entitled to appellate relief upon a non-favorable decision to those four uncontested pending motions.

3

WHEREFORE, before Petitioner attempts another Mandamus petition over his right to relief to request action on four (4) pending uncontested motions, that were never acted upon, never denied or granted, Petitioner asks for action to be taken by the Court on those foregoing pending motions.

## Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant the four pending uncontested motions

NOW COMES the Brian David Hill, by and through Brian David Hill, and submit this brief / memorandum in support of its Petitioner's Motion to grant Four Pending Uncontested Motions and moves this Court for an order granting this motion by entering a decision, judgment, or action, on the four (4) uncontested pending motions that were never decided upon by the Court as of yet.

### I. STATEMENT OF THE CASE

On October 4, 2019, Petitioner had filed the Document #199, MOTION entitled "Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and Brief/Memorandum of Law in Support of Requesting the Honorable Court in this case Vacate Fraudulent Begotten Judgment or Judgments" filed by BRIAN DAVID HILL. <u>Response to Motion due by 10/25/2019</u>. (Attachments: # (1) Supplement 1, # (2) Supplement 2, # (3) Exhibit 1, # (4) Exhibit 2, # (5) Envelope - Front and Back) (Civil Case number: 17CV1036) (Garland, Leah)." The Respondent/Plaintiff never filed any response by the due date of 10/25/2019 which would have been the date of October 25, 2019.

4

On October 15, 2019, Petitioner had filed the Document #206, MOTION entitled "MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments" filed by BRIAN DAVID HILL. <u>Response to Motion due by 11/5/2019.</u> (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Supplement 1, # (4) Supplement 2, # (5) Supplement 3, # (6) Supplement 4, # (7) Envelope - Front and Back) (Garland, Leah)." filed on the docket. The Respondent/Plaintiff never filed any response by the due date of 11/5/2019 which would have been the date of November 5, 2019.

On November 8, 2019, Petitioner had filed the Document #217, "MOTION entitled "Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill", filed by BRIAN DAVID HILL re: [199] Motion. <u>Response to Motion due by 12/2/2019</u> (Attachments: # (1) Envelope - Front and Back) (Garland, Leah) Modified on 11/12/2019 to correctly link document. (Garland, Leah)" filed on the docket. The Respondent/Plaintiff never filed any response by the due date of 10/25/2019 which would have been the date of December 2, 2019.

On November 21, 2019, Petitioner had filed the Document #222, MOTION entitled "Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor" filed by BRIAN DAVID HILL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Supplement 1, # 12 Envelope - Front and Back) (Garland, Leah) (Entered: 11/21/2019). The Clerk forgot to enter a response date, but this motion had never been responded to by the Respondent/Plaintiff in about

5

almost an entire year since it was filed, and as of the date of November 2, 2020, that would be exactly 11 months, 1 week, 5 days or calculated as 347 days without ever a response from the U.S. Attorney Office.

The Petitioner now moves this Court for an order granting this motion to make a decision on the four (4) pending uncontested motions in the case, captioned above, that were properly filed and entitled as MOTIONS before this Court.

## II. STATEMENT OF FACTS

Those four (4) uncontested motions were filed in the civil/criminal case regarding the § 2255 Motion and supporting documents, and Petitioner had not been represented by counsel throughout the entire § 2255 case. Petitioner has not been appointed legal counsel to represent him over any matters and requests under this Court's inherit powers as it is not following a normal statutory remedy process but based upon inherit powers affirmed to all Courts by the United States Supreme Court. Even though the § 2255 case had initially been dismissed on New Years Eves around December 31, 2019 (Doc #236, #237) the four uncontested motions have still not been acted upon and it is the Judge's ministerial duty to act upon those pending motions properly filed in the record of this court by the clerk which is a judicial officer of the court, even Mandamus relief may be used to remedy such dereliction of duty when not acting upon pending motions which were not responded to by a certain due date.

The four (4) pending motions had sought the following forms of relief:

- #199: Sanction the Attorney/Attorneys of the Respondent/Plaintiff of the United States of America and Vacate the fraudulent begotten judgment entered on July 24, 2015 (Document #122). Fraud allegations were not

contested and therefore the Government had waived it's right to contest, so it is proven to be factual, prima facie.

- #206: Sanction the Attorney/Attorneys of the Respondent/Plaintiff of the United States of America and Vacate the fraudulent begotten judgment entered on October 7, 2019 (Document #200). Fraud allegations were not contested and therefore the Government had waived it's right to contest, so it is proven to be factual, prima facie.
- Request that the Court vacate any or all fraudulent begotten judgments as what was argued in Document #217.
- #222: Sanction the Attorney/Attorneys of the Respondent/Plaintiff of the United States of America and Vacate the fraudulent begotten judgment entered on November 12, 2014 (Document #54). Fraud allegations were not contested and therefore the Government had waived it's right to contest, so it is proven to be factual, prima facie.

### III. STANDARD OF REVIEW

The All Writs Act, 28 U.S.C. § 1651, grants federal courts authority to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. The Supreme Court has held that "the inherent power [of a federal court] allows [it] to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Thus, a motion alleging fraud on the court is sometimes called a "Hazel-Atlas" motion.

The Fourth Circuit may or may not have established a case law standard of review in regards to Fraud Upon the Court. As the Supreme Court has already made an authoritative/controlling opinion on this issue, The Sixth Circuit had established a

7

good standard for fraud upon the Federal Courts. Therefore, Petitioner asks this Court to adopt the Sixth Circuit standard for the elements of fraud:

The elements of fraud on the court include conduct: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that deceives the court. See Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

It should also be noted that the Roseboro letter under Document #211:

> "Rule 72(b), Fed. R. Civ. P. provides in pertinent part: (b) Dispositive Motions and Prisoner Petitions."
>
> "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. <u>A party may respond to another party's objections within 14 days after being served with a copy.</u> Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portion of it the parties agree to or the magistrate judge considered sufficient."

The U.S. Attorney was directed in a written letter by the Deputy Clerk Leah J. Garland, that a party may respond to another party's objections within 14 days after being served with a copy, which of course they were served by CM/ECF Notice of Electronic Filing on the date that objections were filed by the Deputy Clerk. Fraud upon the court allegations against the elements of Petitioner's guilt presented/prosecuted by the Respondent/Plaintiff were also undisputed and uncontested.

See Document #213, Page 3 of 137:

"Before I raise such objections, one of the <u>issues that may not be subject to time bar is fraud upon the court</u>, especially <u>a repeated pattern of fraud upon the court</u>."

And

"If this court decides to dismiss Brian's 2255 case and allow the <u>repeated pattern of frauds by the Respondent</u>, and then <u>use those frauds against the Petitioner to increase his imprisonment and punishment</u>, then this court no longer holds <u>integrity</u> and <u>no longer is to be trustworthy</u>. Any judgments rendered by this court when they allow frauds, ignore evidence, and ignore Supreme Court case law is void judgments. It no longer is a legitimate Article ill court and should be held to scrutiny by either the U.S. Congress in impeachment proceedings or the U.S. Military for possibly high treason. Legitimate Article ill courts must provide due process and must provide relief to <u>victims of frauds upon the court and must correct such frauds in order to maintain trust and integrity</u>."

Last issue is the fraud upon the court Supplement under Page 92 of 137, Dkt. 213.

The U.S. Attorney (Respondent) did not respond to those fraud allegations and evidence either. Default judgment of vacatur of the fraudulent begotten judgments must be honored by this Court.

## IV. ARGUMENT

If this Court or even the Fourth Circuit wishes to adopt the decision of the Sixth Circuit's interpretation on frauds upon the court, The Chambers v. NASCO, Inc. or Demjanjuk v. Petrovsky ("Demjanjuk ") factors for determining whether the court should enter an order granting the uncontested pending motions for sanctions based upon the court's inherit or implied powers is to the extent which the Plaintiff/Respondent has filed and shown the elements of: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the

9

truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that deceives the court.

The first Demjanjuk factor is that the fraud was conducted on the part of an officer of the court. As Anand Prakash Ramaswamy, Esq., is an attorney of law which means that he is an officer of the court, the main prosecutor who had charged Petitioner with his criminal charge and prosecuted that charge as well as prosecuting the two supervised release violations, and therefore satisfies that factor.

The second Demjanjuk factor is that it is directed at the judicial machinery itself. As the Plaintiff/Respondent had prosecuted the charges of both the "possession of child pornography" charge (Doc. #1) and the two probation violation charges (Doc. #88 and #156, #157, #158), the fraud allegations that were uncontested in the four (4) pending motions were all regards to prosecution and frauds being directed at the judicial machinery to obtain a favorable judgment. Therefore, this satisfies the second factor.

The third Demjanjuk factor is that it is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth. As the Plaintiff/Respondent had prosecuted the first probation violation under Document #88 by allowing and knowingly permitting his witness Kristy L. Burton, United States Probation Officer for the Western District of Virginia in Danville, to make multiple false statements verbally under oath on June 30, 2015. The Respondent was warned on multiple occasions about his key-witness Kristy L. Burton making false statements under oath including Document #137 and Document #145-1. Instead the Respondent had attempted to brush all of the fraud aside by pushing for a pre-filing injunction under Document #148 and #149, to justify the frauds and make it nearly impossible to have challenged them. It was denied under Document #210 by the

10

Magistrate Judge. Kristy L. Burton was caught lying multiple times which is perjury, it doesn't matter what justification that the Plaintiff/Respondent has for those false statements when Judge Osteen had made remarks in September 30, 2014 about Attorney Susan Basko (Document #46) was at risk of a perjury charge for statements she had made regarding Mr. Hill's innocence in the case under oath. If Susan Basko faced a risk of perjury for her claims made in Declaration under pleading 46, then so should Kristy L. Burton, since Probation Officers are also officers of the court and therefore can be subject to sanctions by the Court. Ramaswamy the officer of the court had knowingly allowed false statements and false facts or misconstrued facts to go upon the public record in this court and be used against Petitioner Brian David Hill. Ramaswamy had never apologized for having a witness who had made multiple false statements and had never shown acceptance of responsibility for his own mistakes, she never shown any remorse and neither has AUSA Ramaswamy. He knowingly prosecuted falsehoods and distorted truths to fir the prosecution's narrative when falsehoods should not be used to bolster a federal prosecution of a criminal or civil case. Therefore, that satisfies the third factor.

The fourth Demjanjuk factor is that it is a positive averment or a concealment when one is under a duty to disclose. As discovered in the Government's response to Brian's Freedom of Information Act ("FOIA") lawsuit in the Western District of Virginia, case no. 4:17-cv-00027, Hill v. EOUSA; The Respondent/Plaintiff had destroyed the evidence of the North Carolina State Bureau of Investigation forensic case file proving that supposed child pornography was downloading between the dates July 20, 2012, and July 28, 2013, when the computer was seized on August 28, 2012. See Document #49 and all attachments in case Hill v. Executive Office for United States Attorneys, case no. 4:17-cv-

11

00027, Western District of Virginia. Destroying evidence which would conceal it from ever being proven as fact. That itself is wrong. The purpose of the frauds was to be a positive averment in favor of the party who engaged in fraud through its officer of the Court, Anand Prakash Ramaswamy. That is to obtain a favorable judgment in adverse to Brian David Hill leading to wrongful imprisonment and wrongful punishments. Using fraud and deception to punish an innocent man and repeatedly attempt to revoke his supervised release is a repeated pattern of miscarriages of justice, in violation of the U.S. Constitution's prohibition on cruel and unusual punishments from its clause under the 8th Amendment. Therefore, that satisfies the fourth factor.

The fifth Demjanjuk factor is that it deceives the court. The Court had wrongfully been given the impression that Brian had threatened his Probation Officer Kristy L. Burton (Document #122) when there was no evidence of ever in reference to "threatening" Kristy L. Burton. Because of the false statements produced under oath on June 30, 2015, which is perjury by Kristy L. Burton, none of her statements should have been taken at face value without physical or corroborating evidence. There was nothing in the transcript ever stating that there were threats directed at Kristy L. Burton. The Court was deceived by the false statements and was given the impression that Brian David Hill had somehow intentionally made threatening statements or gestures towards Kristy L. Burton while Brian was having an autistic mental breakdown under his Autism Spectrum Disorder, also known as meltdowns which are common in those who suffer under the Autism Spectrum Disorder. Mental breakdowns happen to people in society, especially those with neurological and mental health issues documented in this case and other cases. There was no threat directed towards his former Probation Officer Kristy L. Burton and no intent of such. No evidence of such. That violation

which was fraudulently based on perjured testimony as documented under Document #88 escalated into the issue of the second supervised release violation under Documents #156, #157, and #158. So, the frauds from the first violation escalated into the second violation charge. There were frauds and issues from the original charge of possession of child pornography. The prosecutor was wrong about a lot of things in the case. The confession made on August 29, 2012, was a false confession. The SBI forensic report that was destroyed by the Government had a lot of issues that contradict the so-called facts of guilt alleged by the Plaintiff/Respondent. In fact, the Government never responded to the fraud allegations in Document #169 (Responses due by 2/20/2019) motion with the claims alleging that *"The "Factual Basis" of my guilt provided by the Government prior to Sentencing was Fraudulent. My confession statements were proven to be inaccurate and false, a false confession caused by my Autism because of the way I was interrogated"*, and the Government did not respond to that direct allegation challenging the factual basis of guilt and slamming it as entirely fraudulent. The Government never owned up to any of these issues, even when confronted with these issues. The fact they even tried to push for a pre-filing injunction meant that the Government wanted to cover-up the truth and block any and all remedies Brian David Hill could ever request to relieve him of any wrongful punishments in his federal criminal case. They rather fight Petitioner tooth and nail, rather than admit that they were wrong about anything false that they had ever presented before the Court. Therefore, that satisfies the fifth factor.

The inherent power to "fashion appropriate sanction[s] for conduct which abuses the judicial process" was reaffirmed by the Supreme Court in Chambers v. NASCO, Inc. 501 U.S. 32, 44 (1991).

13

Where falsification occurs in the midst of ongoing judicial proceedings, and is specifically directed at affecting those proceedings, it often is termed "fraud on the court." A court, as an exercise of this inherent authority, may sanction fraud on the court through dismissal (if the falsifier is the plaintiff) or default (if the falsifier is the defendant).

Some examples are: Breezevale Ltd. v. Dickinson, 879 A.2d 957, 964 (D.C. 2005) (affirming sanction of dismissal where top executives of plaintiff company engaged in scheme to forge documents and subsequently denied the forgery in pleadings and sworn testimony); Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1263 (D.C. 1986) (affirming sanction of dismissal where plaintiff, inter alia, destroyed audiotapes and made false statements to the court "that no responsive documents could be found" in order "to deceive the court, and to improperly influence the court in its decision on the defendants' motions to compel, with the ultimate aim of preventing the judicial process from operating in an impartial fashion"); Cox v. Burke, 706 So. 2d 43 (Fla. Dist. Ct. App. 1998) (affirming sanction of dismissal where plaintiff gave false answers to interrogatories and deceptive deposition testimony); Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) (affirming dismissal where plaintiff concocted a single document); Tramel v. Bass, 672 So. 2d 78, 82 (Fla. Dist. Ct. App. 1996) (affirming default judgment against defendant who excised damaging six-second portion of videotape before producing it during discovery). See 501 U.S. at 56–57; see also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43 (D.C. 1986) (once a party embarks on a "pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the

14

substantive legal issue in the case," this is enough to "completely taint [the party's] entire litigation strategy from the date on which the abuse actually began").

It has always been understood—the inference, indeed, is one of the simplest in human experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause.

The arguments cited from Attorney report titled "Responding to Falsification of Evidence" by Jonathan K. Tycko. Jonathan K. Tycko is a partner with Tycko Zavareei & Spiva LLP in Washington, D.C. He can be reached at (202) 973-0900 or by email at jtycko@tzslaw.com.

There is the Local Rule 7.3 of this Court, since the 2255 case is both under the civil and criminal rules, even the local rules, and it states that uncontested motions are granted in normal course. See LR 7.3 MOTION PRACTICE (k):

> "(k) Failure to File and Serve Motion Papers. The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied. A response unaccompanied by a required brief may, in the discretion of the Court, be disregarded and the pending motion may be considered and decided as an uncontested motion. <u>If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.</u>"

According to that local rule in the Middle District of North Carolina, motions not responded to are uncontested and ordinarily will be granted "without further notice".

The Respondent/Plaintiff never responded to the fraud allegations against the Government's factual basis of guilt under Document #169. The Respondent/Plaintiff never responded to the four pending motions under Documents #199, #206, #217, and #222. Those four were uncontested and therefore the Petitioner is entitled to the relief requested in each pending uncontested motion. Those pending motions should be granted immediately without further delay as a matter of law, as a matter for conscious sake, and to restore this Court's integrity in this case.

## V. CONCLUSION

Based on Respondent's/Plaintiff's repeated pattern of fraud and inability to hold his key-witness accountable for false statements under oath which is perjury, every Chambers v. NASCO, Inc. factor and every Demjanjuk factor weighs heavily against Respondent/Plaintiff and in favor of this Court entering a decision on the four (4) uncontested pending motions before the Court.

Therefore, the Petitioner respectfully requests that this Court enter an order granting the four (4) uncontested motions pending before this Court.

WHEREFORE, the Petitioner respectfully request that the Court:

(1) Grant this Motion for action upon the pending uncontested motions on the record;

(2) Enter an Order granting the four pending uncontested motions #199, #206, #217, and #222. Provide the relief requested in each of those pending

16

uncontested motions including but not limited to vacatur of all fraudulent begotten judgments such as Document #54, Document #88, and Document #200.

(3) Order that the Respondent/Plaintiff respond to the claims and facts brought up in the uncontested pending motions, if the Court finds it necessary. Order that if the Government does not want to file any response, to vacate the fraudulent begotten judgments and maybe even order a hearing for the Government to personally be asked questions regarding the United States of America counsel's frauds.

(4) Order that the Government be sanctioned by paying the pro se non-attorney legal fees as a penalty/sanction for the frauds upon the court and the costs it took Brian David Hill to be able to defend against such frauds. Costs such as paper, ink cartridge, printer replacement, envelopes, and postage, basically they are only legal case reimbursement costs and nothing more requested by Petitioner.

## ADDITIONAL CASE LAW AUTHORITIES IN SUPPORT OF THIS MOTION

In *Stoesel v. American Home,* 362 Sel. 350, and 199 N.E. 798 (1935), the court ruled and determined that, "Under Illinois Law and Federal Law, when any officer of the Court has committed "fraud on the Court", the order and judgment of that court are void and of no legal force and effect." In *Sparks v. Duval County Ranch,* 604 F.2d 976 (1979), the court ruled and determined that, "No immunity exists for co-conspirators of judge. There is no derivative immunity for extra-judicial actions of fraud, deceit and collusion." In *Edwards v. Wiley,* 374 P.2d 284, the court ruled and determined that, "Judicial officers are not liable for erroneous exercise of judicial powers vested in them, but they are not immune from liability when they act wholly in excess of jurisdiction." See also, *Vickery v. Dunnivan,* 279

P.2d 853, (1955). In *Beall v. Reidy,* 457 P.2d 376, the court ruled and determined, "Except by consent of all parties a judge is disqualified to sit in trial of a case if he comes within any of the grounds of disqualification named in the Constitution. In *Taylor v. O'Grady,* 888 F.2d 1189, 7th Cir. (1989), the circuit ruled, "Further, the judge has a legal duty to disqualify, even if there is no motion asking for his disqualification." Also, when a lower court has no jurisdiction to enter judgment, the question of jurisdiction may be raised for the first time on appeal. See *DeBaca v. Wilcox,* 68 P. 922. The right to a tribunal free from bias and prejudice is based on the Due Process Clause. Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his/her property, then the judge has engaged in the crime of interference with interstate commerce; the judge has acted in his/her personal capacity and not in the judge's judicial capacity. See *U.S. v. Scinto,* 521 F.2d 842 at page 845, 7th circuit, 1996. Party can attack subject matter jurisdiction at anytime in the proceeding, even raising jurisdiction for the first time on appeal, *State v. Begay,* 734 P.2d 278. "A prejudiced, biased judge who tries a case deprives a party adversely affected of due process." See *Nelson v. Cox,* 66 N.M. 397.

Destafano v. State Farm Mutual Automobile Insurance Co., 28 Fla. L. Weekly D1077 (Fla. 1st DCA April 28, 2003), and Long v. Swofford, 805 So. 2d 882 (Fla. 3d DCA 2003), have been more favorably disposed to affirm dismissals with prejudice for serious, palpable "fraud on the court."

Respectfully filed with the Court, this the 2nd day of November, 2020.

Respectfully submitted,

*Brian D. Hill*
Signed    Signed

18

Brian D. Hill (Pro Se)
310 Forest Street, Apartment 1
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on November 2, 2020, service was made by mailing the original of the foregoing:

"Petitioner's Motion to grant Four Pending Uncontested Motions -- Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant this motion to grant the four pending uncontested motions"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on November 2, 2020 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

19

| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17-cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17-cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>November 2, 2020 | Respectfully submitted,<br><br>*Brian D. Hill*<br>Signed   Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 1<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.**<br>I stand with QANON/Donald-Trump – Drain the Swamp<br>I ask Qanon and Donald John Trump for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL/Pardon

Case 1:13-cr-00435-TDS   Document 264   Filed 11/04/20   Page 20 of 20
