

In the United States District Court
For the Middle District of North Carolina

| | |
|---|---|
| Brian David Hill, ) | |
| Petitioner/Defendant ) | |
| ) | Criminal Action No. 1:13-CR-435-1 |
| v. ) | |
| ) | Civil Action No. 1:17-CV-1036 |
| United States of America, ) | |
| Respondent/Plaintiff ) | |
| ) | |
| ) | |

# DECLARATION OF BRIAN DAVID HILL AND NEW EVIDENCE IN SUPPORT OF PENDING MOTION UNDER DOCUMENT # 206 REQUESTING SANCTIONS

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

Petitioner Brian David Hill ("Brian D. Hill", "Petitioner) would like to submit a Declaration and its attached evidence in support of his #206 Motion for Sanctions (Filed: October 15, 2019) that was still pending before this Court and was uncontested since no response was ever filed to that motion before this Court. That motion still pending before this Court is MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments" filed by BRIAN DAVID HILL. Response to Motion due by 11/5/2019. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Supplement 1, # 4 Supplement 2, # 5 Supplement 3, # 6 Supplement 4, # 7 Envelope − Front and Back) (Garland, Leah) (Entered: 10/16/2019).

No response was ever entered by the Government in regards to pending motion Document #222, MOTION entitled "Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in

1

Plaintiff/Respondent's favor" filed by BRIAN DAVID HILL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Supplement 1, # 12 Envelope – Front and Back) (Garland, Leah) (Entered: 11/21/2019).

Petitioner hereby submits new evidence that was not previously filed in this Court before and would be considered new evidence which counters the "Judgment and Revocation" (Doc. #200, Filed: October 7, 2019) proving even further that the judgment revoking the Supervised Release of Petitioner Brian David Hill is even further based upon fraud upon the court. Fraud upon the court as there was no intent to commit indecent exposure, no intent to commit any obscenity, or both. The evidence further proving that the Martinsville Police Department refused and/or failed to conduct a reasonable thorough investigation before deciding to charge Brian David Hill on September 21, 2018, with indecent exposure under Virginia Code § 18.2-387 in the Martinsville General District Court. The additional evidence proves even further that "evidence fails to show that Appellant" aka Brian David Hill "acted intentionally to make an obscene display or exposure of his person" as Attorney Edward Ryan Kennedy had argued before the U.S. Court of Appeals for the Fourth Circuit. See his arguments in appellant brief document: USCA4 Appeal case no.: 19-4758, Doc: 21, Filed: 12/19/2019.

The evidence attached thereto under **Exhibit 1** shows photograph exhibits of what was filed in the Petition/Motion for Writ of Error Coram Nobis/Vobis", case no. CL20000089-00 that was filed this year on March 16, 2020 in the Circuit Court of Martinsville. Even though it was denied later on April 10, 2020 without an opinion from the Hon. Giles Carter Greer, it shows photographs of an envelope that was mailed to the Police Chief G. E. Cassady from the City of Martinsville Police Department. That envelope was signed for by G. E. Cassady. A fax was sent to Martinsville Police Department on how important signing for the envelope was and that he needed to pick it up due to it having important evidence that had needed to be investigated. See **Exhibit 2** for the photocopy of that fax letter that Martinsville Police Department had received before Chief G. E. Cassady had personally signed for that envelope. Martinsville Police never investigated any of the evidence in the envelope, has the evidence will forensically show that the envelope was never even opened up. The envelope contained the original letter, and a copy if that letter was filed with this Court on July 22, 2019, as Document #181, "DECLARATION entitled "Evidence Declaration of Brian David Hill Regarding Carbon Monoxide and Letgter to Martinsville Police Chief in Opposition to

2

- Government's/Respondent's Documents # 156 , # 157 , # 158 , # 159 , and # 160 " filed by BRIAN DAVID HILL. (Attachments: # 1 Exhibit 0, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Envelope – Front and Back) (Garland, Leah) (Entered: 07/22/2019)". That letter was mailed out to Martinsville Police Department before the Doc. #186 revocation hearing on September 12, 2019.

Brian David Hill, the Petitioner, has this envelope that was signed for by the Police Chief G. E. Cassady. Petitioner states under oath or affirmation why this is possible. Petitioner will explain how he has the envelope, the very envelope that was mailed to Martinsville Police Department with evidence for them to investigate regarding the indecent exposure incident and charge on September 21, 2018. The truth is there was no investigation into any of that evidence, the envelope was never even opened, Petitioner's court appointed lawyer Matthew Clark never told him about the envelope being in his possession, as Petitioner discovered the sealed envelope to the Police Chief of Martinsville in case files that Brian had requested from Matthew Clark's office when Brian had decided to timely appeal his conviction of indecent exposure due to Matthew Clark begging Brian and his family to withdraw the appeal and accept the decision of guilty in the General District Court. However, Brian didn't know that his lawyer had lied to him and his family or deceived him by failing or refusing to notify Brian of the envelope that Brian intended to mail to Martinsville Police Department therefore waiving attorney/client privilege. It is Brian's constitutional and legal rights, as a citizen of Martinsville, Virginia, to report evidence of a crime or evidence of an incident to his local Police Department when new evidence surfaces. It is the duty of Martinsville Police to investigate new evidence mailed to them. It is a dereliction of duty at best, corruption at worst.

    I also would like to present a filing and it's attached evidence from a federal lawsuit from the Western District of Virginia to this Court as I do not want to refile the entire Writ of Error Coram Vobis/Nobis document and evidence as it would be redundant. So, I would like to introduce Document #2-2, case of Brian David Hill v. Glen Andrew Hall, Esq., et al., case no. 4:20-cv-00017, Western District of Virginia.

## DECLARTION:

3

I Brian David Hill had typed up a letter and attached exhibits to that letter that was to be directed to the Police Chief of Martinsville Police Department, letter dated Thursday, July 18, 2019, and I had requested that Officer Robert Jones, aka the one who initially investigated the incident and charged Brian David Hill with indecent exposure on September 21, 2018, be the one to also receive a copy (by "CC:") of my letter and attached exhibits with the intent of wanting an investigation into this. I had apologized to the police for cussing them out on September 21, 2018, and explained to them that I had no knowledge of carbon monoxide gas that was flowing into my Apartment and once I had the evidence showing that multiple symptoms were documented showing evidence of potential carbon monoxide poisoning, that I thought it should be made available to the criminal investigator who had arrested me for indecent exposure as I was charged under Virginia Code § 18.2-387. I have the return receipt which proves that the envelope was signed for by Police Chief G. E. Cassady on August 7, 2019.

After I had faxed the Martinsville Police Department (See **Exhibit 2**) asking for the Chief of Police to sign for the envelope, I got a return receipt back proving that he had indeed signed for the envelope back in 2019. That was before the Final Supervised Release Violation hearing that had been scheduled for September 12, 2019. I had assumed that the envelope had been read and that there was some sort of an investigation into my claims of carbon monoxide, and that chimney expert Pete Compton would be questioned by Martinsville Police to verify my claims to the Police Department in that letter giving a good reasonable explanation why I was out butt naked on the Dick and Willie hiking trail at nighttime on September 21, 2019. I couldn't give that explanation on the day that I was charged because I did not know that I had been subject to carbon monoxide poisoning or gas until my family had notified me while I was being mentally evaluated by Dr. Dawn Graney of the Federal Correctional Institution 1 ("FCI-1") in Butner, North Carolina.

Later I found out that my assumptions were way off when I discovered that the envelope that I had mailed to the Police Chief had never even been opened and I will explain to this court herein how I indeed know this and how I can prove it.

After the hearing on September 12, 2019 before the Hon. Thomas David Schroeder in the Winston-Salem U.S. District Court, my ineffective counsel Matthew Clark in my Virginia criminal case (for the indecent exposure) had kept pressuring me to withdraw my appeal and trial de novo in the Circuit Court and accept the decision in the lower court which that influence came directly after I was revoked of my

4

Supervised Release on September 12, 2019 at the hearing. My Attorney Matthew Clark had been informed of the decision in the federal court regarding the revocation and then he started pressuring the pestering me and my family to have me withdraw my appeal and give up on me fighting for acquittal in my state criminal case. That was indeed caused and influenced by that decision on September 12, 2019. If my court appointed lawyer Matthew Clark had known that proving my technical innocence to my charge of indecent exposure would play a role in me possibly not being revoked of my Supervised Release sentence, Matthew Clark may not have advised me to withdraw my appeal in state court. So that decision may have completely influenced my Attorney in such a negative and ineffective way in my opinion.

Anyways, I had faxed Matthew Clark's office a letter asking for my case files as I was pursing my Writ of Habeas Corpus direct collateral attack on my wrongful conviction of indecent exposure that was caused and influenced by me being revoked of my Supervised Release on September 12, 2019. I still had not known of the envelope being in Matthew Clark's possession until I had picked up the case files at Matthew Clark's office. His assistant that works at his Martinsville law office, gave me the case files. I took them back home at 310 Forest Street, Apartment 2, Martinsville, VA 24112 to examine the contents of the case files. I saw the envelope and was baffled why the envelope that I had originally mailed to the Police Chief G. E. Cassady was in my Attorney's case files that were given to me.

I noticed some writing on it "Turned over to CA 8/7/2019 1455 hrs", "N.L 7-22-19 won't be back till 8-1-19" and from what I could tell it appeared to me that my envelope was turned over to the Commonwealth Attorney on August 7, 2019 and then the Commonwealth Attorney turned over the envelope to my court appointed Attorney Matthew Clark without ever opening its contents and he had never informed me verbally that he had received my envelope that was mailed and directed to Martinsville Police Department to investigate the evidence contents inside. Matthew Clark never informed me in writing that he had received my envelope that was mailed and directed to Martinsville Police Department to investigate the evidence contents inside. Even my own lawyer Matthew Clark never opened up the envelope to see what I had attempted to mail to Martinsville Police Chief and why I would mail it without going through my lawyer. He never acknowledged that I had waived attorney/client privilege when mailing evidence to Martinsville Police Department, and that I have a right to report a crime or any

5

evidence relating to a possible crime or investigation to my local Police Department as a citizen of that locality. Martinsville Police Department had failed me and by not conducting a thorough investigation they cannot just make assumptions regarding intent of indecent exposure ort even obscenity when they failed and/or refused to investigate any evidence I had sent them by mail or had wanted to send them but was blocked from doing such.

My lawyer Matthew Clark never investigated the contents inside that envelope, Martinsville Police Officer Robert Jones never investigated the contents inside that envelope prior to the Revocation Hearing on September 12, 2019, at the Winston-Salem North Carolina federal courthouse, the Martinsville Police of Chief never investigated the contents inside that envelope, and even the Commonwealth Attorney who had prosecuted the charge of indecent exposure never investigated the contents inside that envelope. That envelope had clear and convincing factual evidence that was more provable than my claim in 2018 as to a man wearing a hoodie directing me to take my clothes off and take pictures of myself. I had a document my mother had printed for me regarding a National Institutes of Health ("NIH") medical study regarding acute carbon monoxide poisoning and the symptoms. The symptoms had I believed matched my weird and bazaar behavior on September 21, 2018. A month after I was arrested, I was diagnosed with "psychosis" which is a symptom of carbon monoxide poisoning according to the NIH article. Later on, I found evidence that my resting blood pulse was over 100 while I was at the Hospital on September 21, 2018, the day that I was arrested and had been arrested after being discharged from the Hospital. When a resting blood pulse is recorded as to being over 100, it is medically known as Sinus Tachycardia. That is also a symptom known to have been exhibited by those exposed to carbon monoxide gas poisoning. The Sovah Hospital medical record I had requested of the date of September 21, 2018, the medical record of myself of being examined at the Hospital before I was arrested by Martinsville Police, showed two times an abnormal resting blood pulse. One number from the record showed around 4:09AM was "Pulse 119" and around 5:01AM was "Pulse 106" (Doc. #181-11, Page 6 of 8). That was filed under Document #181-11, dated July 22, 2019, a few months before the final revocation hearing. That proves to this Federal Court in this case that I, Brian David Hill, was wrongfully discharged from the Hospital into Martinsville Police custody and then to Martinsville City Jail regarding my charge of indecent exposure. I should not have been medically cleared. They released me when records show that I had multiple abnormally high resting blood pulse, and

6

yet they drew blood from my arm which is evident when they were prepared to conduct laboratory testing but then cancelled them and likely threw my blood away. They put in the medical record "Corrections: (The following items were deleted from the chart)". So, they drew my blood which would have had the biological evidence and the levels which could have proven the levels of Carbon Monoxide ("CO") poisoning in my blood but they threw it away. I had told my first state court appointed lawyer Scott Albrecht in my criminal case that I felt I was drugged and blacked out while I was on the Dick and Willie hiking trail when I was naked. I asked for the drug test results and asked for a drug test but my court appointed lawyer Scott Albrecht never did any such thing and ignored my requests even though that would have proven me actually innocent of indecent exposure as the carbon monoxide would show an abnormality of my health during the indecent exposure incident. More than likely that evidence would have been brought up at the General District Court and may have led to a not-guilty verdict. If the Circuit Court had heard of this evidence at the jury trial that had been planned for December 2, 2019, the Jury would have likely voted not-guilty on the factual basis that there was no intent to be indecent and that the carbon monoxide was a lawful reason or excuse to have conducted the weird and bazaar behavior on September 21, 2018, that I had not exhibited previously and had not exhibited such behavior after that incident as the source of what had caused the carbon monoxide to reportedly enter by Apartment in 2018 was reportedly removed by Pete Compton the chimney expert that I wanted to testify at the Final Revocation Hearing on September 12, 2019, but Attorney Renorda Pryor never asked him to testify as an expert witness or as a witness at all.

With all of this cumulative evidence I had on carbon monoxide, it is clear that I was suffering under its effects when I was naked on the Dick and Willie hiking trail on September 21, 2018, and would explain my abnormal, bazaar and weird behavior. It is clear to the best of my knowledge when asking my family to research about carbon monoxide symptoms and effects that carbon monoxide affects the brain and can cause anywhere from hallucinations to psychosis to not making any sense when interviewed or interrogated.

I also had filed four affidavits which is one from myself (Document #216-2), one from Stella Forinash (Document #216-3), one from Kenneth Forinash (Document #216-4), and one from Roberta Hill (Document #216-1). Whether or not the Court would agree as to the omissions in the official transcript of the proceeding dated September 12, 2019, we all know that there were things that the U.S. Attorney's

7

witness Officer Robert Jones (as listed under Document #186 on Exhibit and Witness List) did not find in my backpack when I was arrested on September 21, 2018. I did not have my glucose tablets with me that night. I did not have my insulin pens with me that night. I did not have my diabetic glucose monitor with me that night. Also, the trial Exhibits and Witnesses listed under Document #186 have a statement that is incorrect and there is no evidence ever proving a certain entry. It said "(Sealed) Thumbnail Photos from Defendant's Phone". There was no phone that was seized by Martinsville Police Department but was a camera according to the search warrant affidavit I had seen in my state case. So that was incorrect and I hope that gets corrected on the record. Yeah, I did not have any of my necessary diabetic equipment. I did not have any cell phone with me on the night that I was out on the Dick and Willie trail on September 21, 2018, otherwise the Police could have found things like for example: emergency contacts. They did not find any evidence of me even being diabetic. Officer Robert Jones did not find things in my backpack that I normally would have in my backpack when I go hiking with my mother and caretaker Roberta Hill.

My mother and caretaker Roberta Hill are also paid to be my caretaker under Virginia Medicaid program Consumer Direct, formerly known as Public Partnerships. She is paid for a certain number of hours to help manage my diabetes and supervise me when I manage my diabetes. What I mean by that is there are times when I can do my own insulin shots and drink glucose beverages to help manage my diabetes. There are times when I cannot manage my own type one brittle diabetes and sometimes, I can be incapacitated due to my low blood sugar. During those times my caretaker does whatever she can to give me glucose whether it be with honey or marshmallows or icing. That is to bring my low blood sugar back up either to stop my diabetic seizure to get me back to normal or to prevent a diabetic seizure from coming. So, I cannot fully take care of myself. That is why I have a Medicaid paid for caretaker.

I did remember something from the day of the hearing on September 12, 2019, about Attorney Renorda Pryor asking Officer Robert Jones if he knew I was diabetic and he did not know I was diabetic, as if the Officer was shocked and did not know as he was never told but rather I told him that I had Autism but forgot to tell him that I had type 1 brittle diabetes which is unlike me. The fact I didn't even mention an important medical health problem before and during my arrest tells me that I wasn't thinking properly and didn't understood why I was not thinking properly that night. I had sinus tachycardia at the Hospital but was discharged

without the Hospital ever finding out why, pushing to order laboratory results but then cancelling them. The Hospital never should have medically cleared me, it was inappropriate and they should have held me under observation and should have held me until they had figured out why I had sinus tachycardia on two different readings of my resting blood pulse. The Officer I forgot to have told him that I had type 1 brittle diabetes. I had no cell phone, no diabetic insulin, no glucose tablets, no diabetic blood sugar reader, and no emergency contact information. I was clearly not thinking straight. Out in the middle of the night, butt naked on a deserted hiking trail, I was spotted at one point of the hiking trail where a road with cars can see the hiking path, all that person saw was a naked man running and not doing anything sexual and probably out of concern for that person's safety had called 911. I written letters to the Court in 2018 saying things that made no sense and saying to people that I thought I was drugged and blacked out while I was on the trail. All of this I am willing to admit under oath or affirmation to the Court. I clearly had no men's rea when I was charged on September 21, 2018. It doesn't make any logical sense to have no diabetic supplies in my backpack when I was arrested by Officer Robert Jones. He didn't know when he arrested me that I was a type one brittle diabetic because I only remember telling him about me having Autism Spectrum Disorder. The Hospital clearly did not educate that officer about my medical problems. That Hospital clearly erroneously discharged me as I never should have been medically cleared according to the hospital record dated September 21, 2018. Two high resting blood pulse readings which is considered tachycardia which is a sign of possibly more serious medical health issue and they released me to be thrown in jail without bond/bail then they even knew why and how I would have sinus tachycardia. The claim by the U.S. Probation Office or U.S. Attorney Office or Prosecutor in the state case that claimed I was medically cleared is and should be without merit. I was prematurely discharged but it is too late for me to file a lawsuit under the civil statute of limitations in the Commonwealth of Virginia but I wanted to sue that Hospital for medical neglect. Instead I will show evidence to this Court that there is no intent to indecently expose and there is no intent to being obscene. A Hospital that did not investigate the tachycardia readings and cancelled the laboratory tests that would have proven the levels of carbon monoxide which could have led to no criminal charge by the Commonwealth of Virginia, my Probation Officer would have been informed of the levels of carbon monoxide and I never would have had to worry about facing a revocation over what had happened. The Police Department of Martinsville had failed me, the Hospital had failed me. I didn't fail myself, I wasn't thinking clearly,

9

like I was half thinking. I never should have been held criminally culpable to the extent pushed by the U.S. Probation Officer and by the U.S. Attorney Office. That was wrong and clearly is an erroneous revocation. If this Court cannot undo its miscarriage of justice done on September 12, 2018, then I will ask the President of the United States Donald John Trump for a full unconditional pardon over my probation violation in regards to what had happened on September 21, 2018 (Doc. #156, #157, #158). The President has the absolute right to grant pardons and reprieves. If the President feels that the U.S. District Court did wrong in one of its judgments in a criminal case and created a permanent miscarriage of justice that cannot be undone and cannot be remedied, then I believe the President has the right to pardon me of that probation violation and relieve me of the consequences of what had happened since it is not my fault. Carbon monoxide is not my fault and I cannot help how it had affected me. It affected me to the extent where I was out on a hiking trail at night, butt naked, without my necessary medical supplies on September 21, 2018. If this Court cannot have any sympathy to the evidence and facts I have demonstrated before this Court then maybe the President of the United States will correct this fraud, the fraudulent begotten judgment under Document #200. The President of the United States, I will request that he intervene in his case even if I have to ask each and every member of the Donald Trump family to forward my request personally to the President himself to grant me a pardon or reprieve for this wrongful supervised release violation and revocation.

Also, it should be noted for this Court that on September 21, 2018, the Sovah Hospital of Martinsville who acted as though I was medically cleared which was also claimed by the U.S. Probation Office for my indecent exposure charge if I had recalled that Arrest Warrant and charge Declaration correctly, that they never checked my diabetic blood sugar on September 21, 2018, as far as the record was concerned. There is no evidence on the September 21, 2018, that my diabetic glucose was checked before I was discharged to Police/Jail. Diabetes does play a major role of my behavior in my life. Even the U.S. Marshals know that diabetes can affect behavior as one of them had told me in 2015. Part of the evidence submitted to the Martinsville Police Department that was attached to the letter that they never read because they had never opened up the original envelope that I have in my possession after that Police Chief months ago had signed for that envelope and gave it up, showed that Sovah Hospital saw multiple times that I had tachycardia but never further investigated and never checked my diabetic blood sugar.

10

See Document #181-3, Filed 07/22/2019, Page 5 of 5. That medical record said "POC GLU" which was "429" at around "1006" and "435" around "0943". Both were extremely high blood glucose readings. That was around November 19, 2017. My diabetic blood sugar reading was checked around that admission to that same Hospital.

Then according to Document #181-11, Filed 07/22/2019, Page 5 of 5. That medical record dated September 21, 2018, said "04:48 28-year-old male with diabetes and autism presents for evaluation…"

It said on Page 8 of 8, of that federal court case record, "04:52 09/21 04:52 09/21/2018 04:52 Discharged to Jail/Police. Impression: Abrasion, right knee; Abrasion of unspecified front wall of thorax. Condition is Stable." That contradicts the tachycardia readings on Page 6 of 8 which again is Document #181-11. When tachycardia is present which is an abnormally high resting blood pulse and it had lasted for about proximately almost an hour on record, to say my condition is stable is not true. They failed and because of that I can never ever get the levels of carbon monoxide poisoning and thus ineffective counsel and medical neglect by the Hospital and lying that my health was cleared or just simply being incompetent has violated my Constitutional and/or legal rights. I never should have been revoked of my supervised release. This is an extreme and unusual circumstance.

Here are some quoted information from the medical records submitted on federal court record

Document #181-11, Filed 07/22/2019, Page 6 of 8, "Vital Signs":

It said "04:09 BP 124 / 86; Pulse 119; Resp 19; Temp 98; Pulse ox 98% ; Weight 99.79 jt kg; Height 6 ft. 0 in. (182.88 cm); Pain 0/10;"

It said "05:01 BP 119 / 80; Pulse 106; Resp 16; Temp 98.2; Pulse Ox 99% ; Pain 0/10; jt"

From what it said from around 4AM to 5AM I still had exhibited a resting blood pulse of over 100, a long period of time to have tachycardia and the Hospital never got the levels and never investigated as to even why, that is serious medical neglect, irresponsible behavior for the medical profession, and/or is extreme incompetence. Document #181-3, Page 4 of 5: shows I had sinus tachycardia due to my resting blood pulse being over 100. That was on Sunday, November 19, 2017. At that date period, I had a fall and blood was coming out of a part of my head because of that fall. Ambulance was called but because my OCD was really

11

bad at about that time, I insisted that I head to the Hospital voluntarily. Then it took me about an hour or more doing my OCD routine. Not knowing that the more hot water I had used up in my routine, that even more carbon monoxide was coming into my Apartment and my mother's Apartment. That would explain to the Hospital why I had Sinus Tachycardia. Same as me having Tachycardia at around 4AM and 5AM around September 21, 2018, but the Hospital was lazy enough and stupid enough to not complete the laboratory tests after drawing my blood and thus they never got the levels of carbon monoxide which would have been a defense to my charge of indecent exposure. Then when I got to the Hospital hours after the ambulance came and left after I insisted that I do my OCD routine before going to the Hospital, they found evidence that I had sinus tachycardia. The Hospital was ignorant, incompetent, stupid, and ruined my life on September 21, 2018, when they let me go to jail with evidence in my blood which would have exonerated me and acquitted me.

If this U.S. District Court cannot acquit me even after this affidavit as to my carbon monoxide poisoning and the Police refusing to look at evidence in a manilla envelope mailing, then I have no choice but to peaceably go to every family member of President Donald J. Trump to petition them and beg them to contact the President directly and have me granted an unconditional full pardon for my supervised release violation for the incident on September 21, 2018. The President has the power to pardon me for any federal charges. As for the state, it will be up to the Governor to pardon me or the State Court to acquit me. However, the President does have the right to grant pardons and reprieves for any federal punishments that I receive, therefore the President has the absolute right to pardon me for my probation violation and I will push for a pardon if the Court cannot fix this miscarriage of justice.

## EXHIBITS

I also attach hereto as **Exhibit 1**, a true and correct copy of the photographs that was submitted to the Circuit Court as part of the Motion/Petition for Writ of Error Coram Vobis/Nobis. As well as two photocopy scans of the return receipt showing that it was signed for by Police Chief G. E. Cassady, and was under restricted delivery. It shows the envelope to Police Chief G. E. Cassady that was signed for by Police Chief G. E. Cassady on August 7, 2019, but was turned over to the Commonwealth Attorney and then to my court appointed lawyer who did nothing with it while badgering me and my family to accept the guilty verdict of the

12

General District Court. He ignored valuable evidence and refused to ask Martinsville Police to investigate any of it. Both of my state court appointed lawyers Matthew Clark and Scott Albrecht did nothing to ask for the Police Body camera footage which also could have been useful to evaluate my eyes to determine if I was under the influence of any drugs or substances. Both lawyers were ineffective and damaged by defense in the state case to such extent where proving my factual innocence may or may not be impossible. They refused to investigate my claim that I was drugged. I had agreed to a drug test that was never conducted by Martinsville Police and never requested by any of my court appointed lawyers in my Virginia state case. They never asked for the body-camera footage and then Matthew Clark told me in 2019 that the footage may likely be destroyed now because of the retention period. I sent multiple letters, one was certified mail by my family where I kept asking for the body-camera footage and my court appointed lawyers in my state case knew I wanted the body-camera footage and they never asked for it as evidence and they allowed it to be destroyed. That is what led to me falsely accepting the decision of guilty in the Martinsville General District Court. My lawyers allowed potential evidence favorable to me as a defendant to be destroyed by the Police Department. They allowed the Martinsville Sovah Hospital to destroy evidence such as drawing blood from my veins. They violated my legal rights under the Americans with Disabilities Act, Title II. They violated my rights as a criminal defendant. My court appointed lawyers in my state case didn't want to do anything that could have prevented my revocation of supervised release in my Federal case by allowing favorable evidence to be destroyed and allowing any facts that could have helped me also be destroyed. My ineffective counsel ruined my life and allowed the fraud of indecent exposure to become a permanent criminal record against me and they won't even apologize for what they had done to me. **Exhibit 1** contains 5 pages of evidence which should be filed in COLOR by the deputy Clerk.

I also attach hereto as **Exhibit 2**, a true and correct copy of the original fax that I had transmitted to the Martinsville Police Department on August 7, 2019. I have this original because I assumed that it was also turned over to the Commonwealth Attorney and then to Matthew Clark, my court appointed lawyer, and that is how I am in possession of this original fax record. **Exhibit 2** contains 1 page of evidence in black and white. I have the original fax record in my possession as well.

This evidence should be sufficient to prove that the U.S. Attorney Office for the Middle District of North Carolina had wrongfully prosecuted a questionable and possibly fraudulent charge of violating supervised release as the Martinsville Police Department was allowed to destroy their body-camera footage of what had happened on September 21, 2018, because my court appointed lawyers never fulfilled my requested as the client for the body-camera footage. Scott Albrecht should be sued or held legally responsible in Virginia for this blatant ignorance to allow spoliation of evidence which may be useful in proving that I had no intent (mens rea) to indecent exposure and potential carbon monoxide symptoms. The U.S. Probation Office never should have pushed for revoking my supervised release and should have given me a chance to have me be found not-guilty in the state court. This prosecution led to such a miscarriage of justice that blood evidence was destroyed, body-camera footage was destroyed, and all of that evidence being destroyed was allowed by both the Commonwealth Attorney Glen Andrew Hall (that jerk!!!!) and the Defense Attorney Scott Albrecht and had this evidence been brought up I likely would not have been found guilty of indecent exposure at the General District Court of Martinsville.

I feel I had been wrongfully convicted in the state court on December 21, 2018, I was deprived of due process of such egregious circumstances. I was wrongfully allowed by my own court appointed lawyers to have allowed evidence to be destroyed that may have been beneficial to me proving that I had no intent of indecent exposure, no intent of obscenity and should not have been revoked of my supervised release.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 2, 2020.

Respectfully filed with the Court, this the 2nd day of November, 2020.

Respectfully submitted,

*Brian D. Hill*
Signed
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112

14

Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
I ask Qanon and Donald John Trump for Assistance (S.O.S.)
Make America Great Again

<u>Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!</u>

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on November 2, 2020, service was made by mailing the original of the foregoing:

"DECLARATION OF BRIAN DAVID HILL AND NEW EVIDENCE IN SUPPORT OF PENDING MOTION UNDER DOCUMENT # 206 REQUESTING SANCTIONS"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on November 2, 2020 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
| U.S. Attorney Office | U.S. Attorney Office |

15

| Civil Case # 1:17-cv-1036<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Civil Case # 1: 17-cv-1036<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>November 2, 2020 | Respectfully submitted,<br><br>Brian D. Hill<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>I stand with QANON/Donald-Trump – Drain the Swamp<br>I ask Qanon and Donald John Trump for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|



Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL/Pardon

JusticeForUSWGO.NL/Pardon

JusticeForUSWGO.wordpress.com/Pardon