# Supplement 1

USWGO
QANON // DRAIN THE SWAMP





UNITED STATES DISTRICT COURT CASE NO. 1:13-CR-435-1
UNITED STATES DISTRICT COURT CASE NO. 1:17-CV-1036
MIDDLE DISTRICT OF NORTH CAROLINA

Exhibit in attachment to "EVIDENCE IN SUPPORT OF DECLARATION OF BRIAN DAVID HILL AND NEW EVIDENCE IN SUPPORT OF PENDING MOTION UNDER DOCUMENT # 206 REQUESTING SANCTIONS AND IN SUPPORT OF # 265 AND # 266 DECLARATION"

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

|  |  |  |
|---|---|---|
| Commonwealth of Virginia, | ) | |
| Plaintiff, | ) | Criminal Action No. CR19000009-00 |
| | ) | Civil Case No. CL19000331-00 |
| v. | ) | Civil Case No. CL20000089-00 |
| | ) | |
| Brian David Hill, | ) | |
| | ) | **SECOND NOTICE OF FRAUD** |
| Defendant, | ) | **UPON THE COURT** |

## SECOND NOTICE OF FRAUD UPON THE COURT

COMES NOW criminal defendant, civil Writ of Error Coram Nobis/Vobis Petitioner and civil Writ of Habeas Corpus Petitioner Brian David Hill ("Brian", "Hill", "Petitioner") respectfully files this SECOND NOTICE OF FRAUD UPON THE COURT.

The Defendant attaches the evidence of what he is filing in this case concerning Scott Albrecht being purely ineffective by allowing destruction of evidence that Brian David Hill sought as part of his right to discovery in his criminal case; was made aware that Brian David Hill wanted the body camera footage that was recorded by Officer Robert Jones on the night of September 21, 2018, and Scott Albrecht never asked to obtain the footage by litigation hold letter or subpoena despite repeated requests by Brian Hill and/or Eric Clark and/or his family for the body-camera footage. Scott Albrecht was Brian's court appointed attorney between the time he was appointed in September or October, 2018, and some point in June, 2019, Scott Albrecht had left the Martinsville Public Defender Office and Brian's lawyer was replaced with Lauren McGarry. However, for the issues that will be

1

raised here in this fraud upon the court evidence filing by Petitioner Brian David Hill, Lauren McGarry is a side issue and Brian will focus on Scott Albrecht.

Brian also attaches further evidence of potential fraud and deception in regards to the original charging officer Sgt. Robert Jones who had charged Petitioner Brian Hill on September 21, 2018. See **EXHIBIT 2** for the proof. **Exhibit 2** shows oral testimony that was transcribed during a Federal Court hearing concerning the Supervised Release Violation over the very same Virginia State Charge that was lodged against Brian David Hill on September 21, 2018. That this evidence is credible and relevant evidence to help demonstrate the fraud and explain how it is fraudulent.

TRANSCRIPT (Page 3 of **EXHIBIT 2**):

Q Okay. But as part of your investigation, have you been able to find out whether there were some threatening matters that was sent to him or his family?

A I have not heard anything of that, no.

Q But do you -- but you didn't do the investigation?

A No.

Right there cited from the Transcript proves to this Court that there was no thorough investigation. None of the officers of Martinsville Police Department ever asked Brian D. Hill or Roberta Hill to produce the evidence of the threatening greeting card that Brian had allegedly claimed. In fact, in the last "NOTICE OF FRAUD UPON THE COURT" and the very same photographs filed in Brian's Petition for Writ of Error Coram Vobis/Nobis, case no. CL20000089-00 evidence was filed showing that the envelope signed for by Police Chief G. E. Cassady was never even opened. It was turned over to the Commonwealth Attorney who also never opened the envelope. So again, this Martinsville Police Department had

2

refused to investigate any evidence in regards to Brian David Hill's claims that he was threatened to get naked and take photos of himself. It is hard to believe that they claim they could never find the guy wearing the hoodie, this "black man" wearing a hoodie when Brian trying to correct the record that he never said "black man" but said sounded like a white guy but wearing a "black hoodie". They got his alleged description wrong, they never investigated anything to even be worthy of proving to this Court that somehow Brian David Hill was wrong because they claimed they had never found a guy wearing a hoodie, but yet they admit they really conducted no actual thorough investigation. They never tested Brian for drugs. They never asked for the Laboratory results after the Sovah Hospital drew blood from Brian's veins. Now let's go back to the Transcript and see what else this witness Robert Jones had to say in regards to the indecent exposure charge/case.

TRANSCRIPT (Page 3 of **EXHIBIT 2**):

Q Did Mr. Hill -- when you approached him, did he tell you that he had autism?

A He did.

Q And do you guys -- does your -- I would say does your -- does the department train you on how to approach someone with autism?

A We deal with some academy-wise and not much follow-up after that.

Q Did he also tell you that he was a diabetic as well?

A I do not recall him telling me that, no.

Q Did he tell you that he was also OCD?

A Not that I recall.

3

> Q And when you took him to the hospital, did they admit him into the hospital that night?
> A No, they cleared him medically and psychologically and released him to us.
> Q Okay. Did you get those reports from -- the medical reports?
> A No, I did not do a subpoena for his hospital records.

Still that was pretty lousy for an investigator or police officer who was supposed to conduct a reasonable and pretty thorough investigation before considering a criminal charge against somebody that can potentially ruin somebody's life like that of Brian David Hill. Never subpoenaed for his Hospital Records when Brian made multiple claims that he thought he was drugged yet nobody actually wanted to verify whether Brian David Hill was telling the truth on being drugged or not. Didn't even know that Brian was diabetic even though the Jail would know. Diabetes does affect the behavior of somebody. Low blood sugar can impair brain functions and make somebody appear to be confused and/or drunk. The Hospital never actually checked for Brian's blood sugar before Brian was arrested, had exhibited tachycardia but was not committed to the Hospital to even try to find out why. This whole criminal investigation was very sketchy and should not have been prosecuted to such an extent where Glen Andrew Hall, Esq., had clearly taken it. <u>He does not care about the truth, he does not care about the facts, all he cares about is winning each and every one of his cases</u> to make his prosecutorial record look good for if he ever went into private practice with such a good looking record.

TRANSCRIPT (Page 4 of **EXHIBIT 2**):
> Q Okay. Did you speak to a doctor or anyone regarding his

4

> condition or anything of that nature that night?
>
> A We -- other than just checking with him to see if they were going to be releasing him or admitting him, no.
>
> Q Do you recall any tests that were taken that night besides just checking, I believe you said, his knee?
>
> A No, ma'am. Like I said, when we -- we also checked him for mental health issues is the reason why they cleared him psychologically, to make sure there was nothing going on there. Once they do that, they do lab work and other stuff. I didn't ask about his medical history.
>
> Q Was there any tests dealing with his blood alcohol content or anything of that nature?
>
> A I don't know if they did. Like I said, I did not get his records. They normally do, but I do not have that.

That is interesting that the Police Officer said that they normally "do lab work and other stuff." And yet the Sovah Hospital did no Laboratory Work and threw away the blood vials, that itself is fraudulent as they said Brian David Hill was medically cleared, had fooled ignorant Officer Robert Jones into believing that "they do lab work and other stuff" but the evidence showed that they neglected to even do such. That itself is fraudulent. NO MEDICAL LAB TESTS while Officer Robert Jones thought they medically cleared him and did the laboratory work. UNBELIEVABLE!!!!!!!!! Why Brian would falsely withdraw his appeal when his ineffective counsel Matthew Clark was not going to bring any of these issues up when all of that would have shown a defect in the elements that were prosecuted by Glen Andrew Hall, Esquire, the Commonwealth Attorney of Martinsville. Officer Jones who would have testified at Brian's scheduled "Jury Trial" would have likely made the same statements that he assumed that lab tests were done and

5

other stuff but then the Sovah Hospital released Defendant Brian David Hill to Jail without laboratory tests while Officer Robert Jones was convinced that they did. <u>That is serious poopooing of an investigation.</u> The Officers were clearly ignorant and this was not a thorough investigation worthy of prosecuting this very criminal case. If Brian had a half-decent court appointed lawyer or even a private lawyer, all of this would have been brought out and Brian David Hill would have been found not-guilty in the General District Court or even the Circuit Court.

I don't care what justification CORRUPT COMMONWEALTH ATTORNEY Glen Andrew Hall has to say here. Brian was NOT IN FACT medically cleared. Does neglecting to conduct the laboratory tests and the Police Officer not even knowing what the potential lab results were when they were never done behind the scenes sound like a true medical cleared?

Does neglecting to check Brian's diabetic blood sugar glucose sound like a true medical cleared?

Does neglecting investigate why Brian had multiple "Vital Signs" showing abnormally high resting blood pulse of over "100" which its medical term is called "tachycardia", ask any medical Doctor about this term, does that sound like a true medical cleared?

Brian was NOT medically cleared by the standards that clearly should have been set here. A police officer who thought Brian was medically cleared, that he was A-Okay to be charged with indecent exposure and have his Supervised Release Revoked, thought lab tests were done and other stuff but he assumed WRONG. It was NOT TRUE. There is clear fraud upon the court since the very beginning of this prosecution by Glen Andrew Hall, Esquire. **There clearly needs to be an <u>ACQUITTAL of Brian David Hill of this charge.</u>** Brian can't go back in a time

6

Case 1:13-cr-00435-TDS   Document 267-1   Filed 11/10/20   Page 7 of 17

machine and ask the Hospital to conduct thorough laboratory tests, the evidence destruction is too late and NOT Brian's FAULT by any means. This Court clearly needs to reexamine the entire prosecution and guilty verdict on December 21, 2018. This guilty verdict is clearly erroneous. How much evidence must Brian mail to this Court, FAX to this Court, before this Court corrects the wrongful conviction of Brian David Hill?

**EXHIBIT 3** clearly shows an email addressed to Attorney Scott Albrecht in regards to "*Obtaining body cam footage through discovery*". That proves Brian David Hill wanted his court appointed lawyer to obtain the body-camera footage as part of his Brady materials aka Discovery materials in his criminal case.

It appears that Brian's family received Brian's messages through SmartJailMail from Western Virginia Regional Jail and Brian wanted this information to be emailed or faxed to Scott Albrecht:

> **EXHIBIT 3** Quote: "I will file a motion for Writ of Actual Innocence and motion for new trial pursuant to Virginia Code Sec. 19.2-265.4 a failure to provide discovery in Misdemeanor and felony cases. The bodycam footage and 911 recording is another one. I will fill out the ADA Accommodation form for my Circuit Court case on January 28, 2019."

So, Brian's lawyer Scott Albrecht had sat on potential Brady evidence material that had become spoliated aka spoliation of evidence. He knew as a lawyer that Law Enforcement agencies have an evidence retention period. It was Scott Albrecht's duty as an officer of the court to protect Brian's constitutional Brady rights by filing with Sovah Hospital and with Martinsville Police Department, a subpoena or a litigation hold letter asking the Hospital and Police Department to hold onto any potential evidence that Brian had requested. Brian said that he thought he was drugged and initially told his attorney that during his first meeting with his attorney

7

according to statements he had made in **EXHIBIT 5** in a fax to his lawyer at the time.

Brian said this in **EXHIBIT 5:**

> <u>I had originally told you that I thought I was drugged. This year new evidence came to my attention and was discovered in late January carbon monoxide was present in my Apartment and was witnessed by Roberta Hill</u>, the expert who found evidence of carbon monoxide damage, and even my Probation Officer Jason McMurray saw the damage of the carbon monoxide cause and effect.

Why did Brian's defense attorney not file a motion compelling a Court-Ordered DRUG TEST or any kind of lab test to see what was going on?????????? Why did Martinsville Police not request a DRUG TEST as would clearly be their right with the way Brian was naked at night on a walking trail falling into a creek with cuts and abrasions on his body??????? Why did Glen Andrew Hall, Esquire, not ask the Court to drug test Brian?????????????? Too late as the blood vials were destroyed.

This proves serious ignorance, negligence, and incompetence from the Police Department, from Sovah Hospital, from Brian's court appointed lawyers, and even from the prosecutor Glen Andrew Hall. All are incompetent and ignorant.

An email addressed to Scott Ablrecht at his IDC email address also mentioned:

> **EXHIBIT 4, Page 3**: "Evidence of coercion exists but was not disclosed under Discovery violating Brady rights. <u>Police bodycam footage during interview of Brian after arrest</u>."

**EXHIBIT 6**, clearly shows that Brian D. Hill had mailed multiple letters to Police Chief G. E. Cassady asking for the body-camera footage to be turned over to Brian's lawyer. Brian's court appointed lawyer Matthew Clark told Brian and his family in 2019, that the body-camera footage was likely destroyed and could not get ahold of it due to going past the six-month retention period for Police Body-

8

Camera footage. So, Scott Albrecht had sat on potential evidence and let it become spoliated also termed as spoliation of evidence and then Matthew Clark acted as though there was clearly nothing, nothing that he could do to obtain the destroyed evidence that Scott Albrecht allowed to be destroyed which likely benefited Glen Andrew Hall. That right there is a MAJOR WRONG. Total deprivation of Brian's constitutional due process rights to his Brady Materials under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Matthew Clark also told Brian and his family that no law requires laboratory tests or drug testing and that was one of the factors of what led to Brian David Hill falsely accepting the decision of the General District Court by withdrawing his appeal. However, this incompetence proves that the Police assumed there was a lab test but yet there was no lab test and so there is no way that Brian David Hill was ever proven to be medically cleared. There was no clear and convincing evidence that Brian David Hill was medically cleared, maybe psychologically cleared, yes, but should not have been medically cleared. That was premature and erroneous and thus cannot be established as a FACT by the Commonwealth or even by the Federal Prosecutor or even by the U.S. Probation Office.

Exhibits LIST and page number range will have the following evidence:

EXHIBIT 1. Declaration by Brian David Hill certifying that all Exhibits are true and correct copies of original records.

EXHIBIT 2. Six pages excerpt of 81-page Transcript from U.S. District Court for the Middle District of North Carolina, with the testimony statements of Martinsville Police Department Sergeant Robert Jones, the same officer who arrested and charged Brian with indecent exposure on September 21, 2018, and is relevant in this criminal case. Transcribed by Briana L. Bell, RPR, Official Court Reporter who has transcribed this testimony at a federal court hearing. This Court

9

can ask for the entire Transcript to authenticate the record if necessary. Her email address for this Court or the Commonwealth Attorney to contact to confirm authenticity is at: brinesbit@gmail.com. Her name was Briana Nesbit but later changed to Briana Bell. Direct contact number is 336-734-2514. Transcript dated as November 4, 2019. Total of 6 pages.

EXHIBIT 3. Two-page print-out of an email that Roberta Hill had printed for Brian David Hill to use in this criminal case as evidence. Entitled "Re: Brian D. Hill asked me to send this email to you about his appealed case". Emailed to Brian's court appointed lawyer Scott Albrecht at the time through his Indigent Defense Commission email: salbrecht@mar.IDC.Virginia.gov. Total of 2 pages.

EXHIBIT 4. Five-page print-out of an email conversation that Roberta Hill had printed for Brian David Hill to use in this criminal case as evidence. Entitled "Fw: Brian D. Hill request", "Re: Brian D. Hill request", "Re: Brian D. Hill request", and "Brian D. Hill request". Shows in Page 3 an email to Brian's court appointed lawyer Scott Albrecht at the time through his Indigent Defense Commission email: salbrecht@mar.IDC.Virginia.gov. Total of 5 pages.

EXHIBIT 5. Two-page photocopy of a 1-page FAX letter to Attorney Scott Albrecht. As well as a "Transmission Verification Report". Says it had faxed two pages and it likely was a cover page but was omitted from this Exhibit. It was transmitted to the Office of the Public Defender fax number on May 15, 2019, 6:09PM. Total of 2 pages.

EXHIBIT 6. Seven-page photocopy of what appears to be a letter that Brian's grandparents Kenneth Forinash and Stella Forinash had mailed to Martinsville Police Chief G. E. Cassady. It appears that it was likely signed for by a different officer. Pages 1 and 2 show a typed of version of the written letter that Brian had

10

mailed to the Police Chief asking for the body-camera footage about the incident on September 21, 2018, and give it to his lawyer as part of the discovery process. Page 3 shows what appears to be a scan of the envelope. Page 4 shows a photocopy of the original handwritten letter with something else written on it saying "For Jason McMurray". That was probably a goof and the words "For Jason McMurray" were probably not in the original letter. It was photocopied using the photocopying machine at the Federal Correctional Institution I at Butner, North Carolina. Pages 5 through 7 are of both sides of the "Return Receipt" mailed by Brian's grandparents and the certified mail receipt as well as the U.S. Postal Service receipt. Total of 7 pages.

| EXHIBIT NO. | Page Range | Date: |
|---|---|---|
| EXHIBIT 1 | 1-5 | November 7, 2020 |
| EXHIBIT 2 | 6-12 | November 4, 2019 |
| EXHIBIT 3 | 13-15 | December 27, 2018 |
| EXHIBIT 4 | 16-21 | December 26, 2018 |
| EXHIBIT 5 | 22-24 | May 15, 2019 |
| EXHIBIT 6 | 25-32 | January, 2019, March, 2019 |

WHEREFORE, the undersigned Defendant files further evidence showing FRAUD UPON THE COURT as follows:

1. That the original charge on September 21, 2018, and the trial on December 21, 2018, prosecutor Glen Andrew Hall, Esq., prosecuted the element of guilt that Brian David Hill was medically cleared as if Brian Hill had a clean bill of health with laboratory tests certifying such when evidence of medical neglect and lies show otherwise. Lab tests were never conducted after being ordered originally and then was to be deleted from the chart. They knowingly discharged a patient when showing symptoms of tachycardia on

11

record for about approximately a full hour and never checked his blood sugar not knowing what his diabetic blood glucose was as there is no evidence in the Sovah Hospital Medical record on September 21, 2018, that Brian's blood sugar was ever checked before Brian David Hill was arrested. This is evidence of MEDICAL NEGLECT, INCOMPETENCE, MAYBE EVEN CORRUPTION, who knows;

2. That Martinsville Police Department failed and both Brian's court appointed lawyer Scott Ablrecht and Commonwealth Attorney Glen Andrew Hall sat on evidence that Brian had requested before it's spoliation, including a request that Brian David Hill said that he thought he was drugged and that clearly demonstrated that he should have been given laboratory tests or drug tests or whatever; instead allowing blood vial or vials to being spoliated aka spoliation of evidence;

3. That Brian David Hill had faxed his lawyer showing that he had made an earlier statement in 2018 about the thought of being drugged and yet his lawyer failed or refused to file a subpoena or litigation hold letter to Sovah Hospital on Brian's drawn blood samples and have them drug tested;

4. That Brian David Hill had emailed his family using SmartJailMail from Western Virginia Regional Jail showing that he had wanted his lawyer Scott Albrecht to obtain the Martinsville Police Department body-camera footage as part of his criminal case discovery materials pursuant to Brady and Giglio, but his lawyer Scott Albrecht had failed or refused to file a subpoena or litigation hold letter to Martinsville Police Department on Brian's claim that the Police had body-camera footage of the incident on September 21, 2018, thus that evidence was also destroyed aka spoliation of evidence thanks to Glen Andrew Hall, G.E. Cassady the Police Chief, and/or Scott

12

Albrecht repeatedly ignoring Brian's requests for the body-camera footage that could have been favorable to the defense;

5. That Martinsville Police Department and Commonwealth Attorney Glen Andrew Hall prosecuted a case where the elements of guilt, where there were elements of the charge that were proven wrong/false beyond a reasonable doubt. That both Martinsville Police Department and Commonwealth Attorney Glen Andrew Hall had allowed evidence to be destroyed and ignored Brian's repeated written pleas asking for the additional discovery materials relevant to the guilt or innocence of Brian David Hill and relevant to his charge on September 21, 2018, originally in the General District Court of Martinsville.

Once evidence is destroyed, physical evidence, biological evidence, it can never be recovered. Brian David Hill can and <u>will never face a fair jury trial in this criminal case as a result of this much level of FRAUD and spoliation of evidence</u>. Destruction of evidence will negatively affect Brian's success rate at winning the jury trial for his charge of indecent exposure under Virginia Code § 18.2-387. The destruction of evidence will forever hurt Brian David Hill and had caused Matthew Clark his court appointed lawyer to beg him and his family to pressure Brian David Hill to withdraw his appeal and accept the decision of the lower court. All of this is wrong, deprives Brian of all of his basic Constitutional rights. Deprives Brian of his rights under Brady and Giglio. Deprives Brian of his right to a fair trial. Deprives Brian of proving actual innocence by evidence being destroyed and allowed to being destroyed by both the Commonwealth Attorney and Brian's defense attorneys despite <u>Brian repeatedly making statements in total opposite of destroying evidence. This is contradictory and his court appointed lawyer was clearly working against him and working against his Constitutional rights</u>. His

13

court appointed lawyers have clearly worked with or in favor of Glen Andrew Hall in his fraudulent prosecution. <u>Brian David Hill should never have been convicted; all of this is a shame of a case.</u> **<u>It is not worthy of a guilty verdict.</u>**

Case law in support of this NOTICE:

Where falsification occurs in the midst of ongoing judicial proceedings, and is specifically directed at affecting those proceedings, it often is termed "fraud on the court." A court, as an exercise of this inherent authority, may sanction fraud on the court through dismissal (if the falsifier is the plaintiff) or default (if the falsifier is the defendant).

Some examples are: Breezevale Ltd. v. Dickinson, 879 A.2d 957, 964 (D.C. 2005) (affirming sanction of dismissal where top executives of plaintiff company engaged in scheme to forge documents and subsequently denied the forgery in pleadings and sworn testimony); Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1263 (D.C. 1986) (affirming sanction of dismissal where plaintiff, inter alia, <u>destroyed audiotapes and made false statements to the court "that no responsive documents could be found" in order "to deceive the court,</u> and to <u>improperly influence the court in its decision on the defendants' motions to compel,</u> with the ultimate aim of <u>preventing the judicial process from operating in an impartial fashion</u>"); Cox v. Burke, 706 So. 2d 43 (Fla. Dist. Ct. App. 1998) (affirming sanction of dismissal where plaintiff gave false answers to interrogatories and deceptive deposition testimony); Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) (affirming dismissal where plaintiff concocted a single document); Tramel v. Bass, 672 So. 2d 78, 82 (Fla. Dist. Ct. App. 1996) (affirming default judgment against defendant who excised <u>damaging six-second portion of videotape before</u>

14

producing it during discovery). See 501 U.S. at 56–57; see also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43 (D.C. 1986) (once a party embarks on a "pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the substantive legal issue in the case," this is enough to "completely taint [the party's] entire litigation strategy from the date on which the abuse actually began").

It has always been understood—the inference, indeed, is one of the simplest in human experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause. The arguments cited from Attorney report titled "Responding to Falsification of Evidence" by Jonathan K. Tycko. Jonathan K. Tycko is a partner with Tycko Zavareei & Spiva LLP in Washington, D.C. He can be reached at (202) 973-0900 or by email at jtycko@tzslaw.com.

Hill respectfully files this SECOND NOTICE with this honorable Court, this the 7th day of November, 2020.

Respectfully submitted,

*Brian D. Hill*
Signed

Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505

15


Former U.S.W.G.O. Alternative News reporter
I stand with QANON/Donald-Trump – Drain the Swamp
Make America Great Again
**JusticeForUSWGO.wordpress.com/Pardon**
**JusticeForUSWGO.wordpress.com**
Amazon: The Frame Up of Journalist Brian D. Hill

This pleading and all its attached Exhibits had been transmitted by facsimile to the Office of the Hon. Ashby Pritchett, Clerk's office at the Martinsville Circuit Court on November 2, 2020, at the address of 55 West Church Street, Martinsville, Virginia 24112 and at Fax: (276) 403-5232.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of November, 2020, a true copy of the foregoing NOTICE/Pleading and all its attached Exhibits was transmitted by facsimile to Glen Andrew Hall, Esq., at the office of the Commonwealth Attorney of Martinsville, at 55 West Church Street, Martinsville, Virginia 24112, counsel for Plaintiff of the Commonwealth of Virginia, Fax: 276-403-5478.

*Brian D. Hill*
Signed

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505


Former U.S.W.G.O. Alternative News reporter
Make America Great Again
JusticeForUSWGO.wordpress.com
Amazon: The Frame Up of Journalist Brian D. Hill

16