**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-7755**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

BRIAN DAVID HILL,

            Defendant - Appellant.

———————————

**No. 20-6034**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

BRIAN DAVID HILL,

            Defendant - Appellant.

———————————

Appeals from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1, 1:17-
cv-01036-TDS-JLW)

———————————

Submitted:  December 1, 2020                    Decided:  December 18, 2020

_____

Before GREGORY, Chief Judge, and DIAZ and HARRIS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Brian David Hill, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Brian David Hill seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing as untimely Hill's 28 U.S.C. § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Hill has not made the requisite showing.

Hill also argues that the district court judge should have recused himself. We review a judge's recusal decision for abuse of discretion. *United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017). Hill fails to establish that recusal was required. *See Belue v. Leventhal*, 640 F.3d 567, 572-74 (4th Cir. 2011) (discussing valid bases for bias or partiality motion); *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) ("The presiding judge is not . . . required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." (internal quotation marks omitted)).

Accordingly, we deny a certificate of appealability and dismiss the consolidated appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4