No.21-6038

# In The
# Supreme Court Of The United States

In Re: BRIAN DAVID HILL,
                              Petitioner,

On Petition for a Writ of Mandamus or Prohibition to the United States District Court for the Middle District of North Carolina and the United States Court of Appeals for the Fourth Circuit

## PETITION FOR REHEARING

Brian David Hill
*Pro Se*
Ally of QANON, and General Flynn
*Former USWGO Alternative News Reporter*
310 FOREST STREET, APARTMENT 2
MARTINSVILLE, VIRGINIA 24112
Tel.: (276) 790-3505
E-Mail: c/o Roberta Hill at
rbhill67@comcast.net



*Friend of justice for all*
Dated: December 1, 2021



JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL,
USWGO.com

i

# PETITION FOR REHEARING

Pursuant to Supreme Court Rule 44.2, Brian D. Hill ("Petitioner") respectfully petitions for rehearing of the Court's denial of his Petition for Writs of Mandamus and/or Prohibition issued on November 15, 2021. The Petitioner moves this Court to grant this petition for rehearing and consider his case with merits briefing and oral argument due to unforeseen critical errors caused by an Officer of the Court, Hon. Scott S. Harris, who is the Clerk of the Supreme Court of the United States. Pursuant to Supreme Court Rule 44.2, this petition for rehearing is filed within 25 days of this Court's decision in this case. Presumably that deadline may be on December 10, 2021. Petitioner's Petition for Writs of Mandamus and/or Prohibition was wrongfully denied due to unforeseen circumstances and errors caused by an Officer of the Supreme Court, Hon. Scott S. Harris, which had caused such circumstances to have changed the outcome negatively against Petitioner, no response from Respondent(s).

## REASONS FOR GRANTING THE PETITION

This Court's rules state that a Petition for Rehearing's "grounds shall be limited to <u>intervening circumstances</u> of a substantial or controlling effect or to <u>other substantial grounds not previously presented</u>." The issues regarding an Officer of this Court unlawfully blocking EMERGENCY MOTIONS and RULE 15.5 DELAY LETTERS are of a substantial issue and intervening circumstance warranting reopening a closed Supreme Court Case. Petitioner has forensic

evidence which backs the claims made in this Petition. Forensic evidence such as phone call logs, seven voicemail recordings of the full phone calls made to the Clerk's Office of the Supreme Court of the United States, c/o Roberta Hill's emails to the Public Information Officer(s) concerning the EMERGENCY MOTIONS being paper filed with the Clerk's Office, and even photographs and scans of what was mailed to the Clerk's Office of the Supreme Court in great details. It is forensic standard evidence and the Petitioner will file this evidence upon request by the U.S. Supreme Court, as well as ask Roberta Hill to email a copy of such evidence to U.S. Solicitor General Elizabeth Prelogar who also knew about the EMERGENCY MOTIONS and RULE 15.5 DELAY LETTERS. U.S. Solicitor General Elizabeth Prelogar purposefully chose to ignore it with the intent of having Petitioner's petition in the above-captioned case denied and thrown out of the Supreme Court. It is to the best of Petitioner's belief that Hon. Scott S. Harris had violated 18 U.S. Code § 2071, which had caused the failure of the litigation for this Petition for Writs of Mandamus and/or Prohibition. The outcome would have been different had those EMERGENCY MOTIONS and RULE 15.5 DELAY LETTERS been filed and acted upon.

2

The evidence and facts alleged with the forensic evidence are as follows as to why Petitioner's petition for Writs of Mandamus and/or Prohibition were wrongfully denied due to failure or neglect of duty by Hon. Scott S. Harris:

1. On or about October 28, 2021, Petitioner had mailed his first Rule 15.5 Delay Letter to the Clerk of this Supreme Court, "Re: In Re Brian David Hill, Petitioner, No. 21-6038". By Certified Mail with Tracking Number: 70191120000223871576. It was reported as delivered on November 1, 2021 10:59 am. Eleven days before the Conference. The mailing was addressed to the appropriate Officer of the Court: "Hon. Scott S. Harris, Clerk; Supreme Court of the United States; 1 First Street N.E.; Washington, DC 20543". That mailing was never filed, never returned to Petitioner either. No acknowledgment of receipt. The Clerk's Office never gave any position as to that pleading prior to the wrongful denial of Mandamus/Prohibition on November 15, 2021. A copy of the pleading were also mailed to the Counsel for Respondent for the party: United States of America.

2. On or about November 3, 2021, Petitioner had made his first phone call recording of his call with the Clerk's office of U.S. Supreme Court in regards to case no. 21-6038, In Re Brian David Hill; the Mandamus/Prohibition

3

Petition. To be sure that they were made aware of his paper filing of his Rule 15.5 Delay Letter for case no. 21-6038, the above captioned case. That phone call was never returned by the Office of the Clerk and call logs from Comcast/xFinity of Roberta Hill account proves this to be fact.

3. On or about November 2, 2021, Petitioner had mailed his second and third Rule 15.5 Delay Letters to the Clerk of this Supreme Court, "Brian David Hill, Petitioner, v. United States, No. 21-6036"; and "Brian David Hill, Petitioner, v. United States, No. 21-6037". By Certified Mail with Tracking Number: 70191120000223871583. It was reported as delivered on November 9, 2021 at 11:30 am. Three days before the Conference. The mailing was addressed to the appropriate Officer of the Court: "Hon. Scott S. Harris, Clerk; Supreme Court of the United States; 1 First Street N.E.; Washington, DC 20543". That mailing was never filed, never returned to Petitioner either. No acknowledgment of receipt. The Clerk's Office never gave any position as to that pleading prior to the denial of Mandamus/Prohibition on November 15, 2021. A copy of the pleadings were also mailed to the Counsel of Respondent for the party: United States of America.

4

4. On or about November 8, 2021, Petitioner had made his second and third phone call recordings of his two calls with the Clerk's office of U.S. Supreme Court in regards to cases no. 21-6037, 21-6036, and 21-6038; 21-6038 is In Re Brian David Hill; the Mandamus/Prohibition Petition; and the other two Certiorari petitions under "Brian David Hill, Petitioner, v. United States". To be sure that they were made aware of his three paper filings of his trio Rule 15.5 Delay Letters for case no. 21-6037, 21-6036, and 21-6038; 21-6038 is the above captioned case. That phone call was never returned by the Office of the Clerk and call logs from Comcast/xFinity of Roberta Hill account proves this to be fact. Account of phone number: 276-790-3505.

5. All Rule 15.5 Delay letters were emailed by Petitioner's mother and assistant, c/o Roberta Hill, to the U.S. Solicitor General's Office. Not just physically mailed, but also emailed to make sure that the Counsel of Respondent(s) for the party: United States of America, was made aware of the Rule 15.5 Delay Letters and had the opportunity to respond to them after being served upon them by two different methods which is paper mailing by Petitioner and email by Roberta Hill. Petitioner's mother asked for "read receipts" for each email containing a digital Portable Document Format

5

(PDF) file of Petitioner's pleadings mailed to the Clerk's Office. A read receipt for email delivery and opening of an email is similar to that of a Post Office return receipt for a physical delivery to somebody. Read receipts were sent by the U.S. Solicitor General Office's registered email address (registered with this Supreme court: SupremeCtBriefs (SMO) <supremectbriefs@usdoj.gov>) for the three Rule 15.5 Letter pleadings, confirming that they were indeed received on the dates Tuesday, November 2, 2021 6:49:57 PM for case no. 21-6036; Tuesday, November 2, 2021 6:50:17 PM for case no. 21-6037; and Thursday, October 28, 2021 4:14:19 AM for case no. 21-6038, the above captioned case. This shall be affirmative proof, prima facie evidence, that U.S. Solicitor General Elizabeth Prelogar and/or her staff/assistants had received electronic copies of all of those pleadings filed by Petitioner. Petitioner has PDF file records containing scans of the envelopes and scans of the contents of what was mailed to the Solicitor General, the forensic evidence. Petitioner has PDF file records containing scans of the envelopes and scans of the contents of what was mailed to the Office of the Clerk of the Supreme Court, the forensic evidence.

6

6. On or about November 9, 2021, Petitioner had made his fourth phone call recording of his call with the Clerk's office of U.S. Supreme Court in regards to cases no. 21-6037, 21-6036, and 21-6038; 21-6038 is the above captioned case. The day that the other two Rule 15.5 delay letters were received at the dock of the U.S. Supreme Court and delivered to the Mail Room. Not just the Rule 15.5 Delay Letters; but Petitioner had also mailed three EMERGENCY MOTIONS FOR LEAVE OF COURT TO REQUEST A RESPONSE FROM RESPONDENT(S), for all three cases including the above captioned case. To be sure that they were made aware of his paper filings of all three 15.5 Delay Letters for case no. 21-6037, 21-6036, and 21-6038, the above captioned case. That phone call was never returned by the Office of the Clerk and call logs from Comcast/xFinity of Roberta Hill account proves this to be fact.

7. On or about November 6, 2021, the Petitioner had mailed Affidavits of Service, Certificates of Compliance, one original and ten copies of the EMERGENCY MOTIONS FOR LEAVE OF COURT TO REQUEST A RESPONSE FROM RESPONDENT(S) for all three cases 21-6036, 21-6037, and 21-6038, the above captioned case. It was mailed by UPS private mail carrier. It was under Tracking Number: 1Z3H70TCP900000419. It was

delivered by Petitioner to the UPS Access Point on November 6, 2021. The box with the EMERGENCY MOTIONS were delivered to the Supreme Court on 11/09/2021 12:59 P.M. timely filed. Delivery Confirmation proof.

8. All EMERGENCY MOTIONS were emailed by Petitioner's mother and assistant, c/o/ Roberta Hill, to the U.S. Solicitor General's Office. Not just physically mailed, but also emailed to make sure that the Counsel of Respondent for the party: United States of America, was made aware of the EMERGENCY MOTIONS and had the opportunity to respond to them after being served upon them by two different methods which is paper mailing by Petitioner and email by Roberta Hill. Petitioner's mother asked for "read receipts" for each email containing a digital Portable Document Format (PDF) file of Petitioner's pleadings mailed to the Clerk's Office. Read receipts were sent by the U.S. Solicitor General Office's registered email address (registered with this Supreme court under SupremeCtBriefs (SMO) <supremectbriefs@usdoj.gov>) for the three EMERGENCY MOTIONS pleadings, confirming that they were indeed received on the dates Monday, November 8, 2021 1:13:05 PM for case no. 21-6036; Monday, November 8, 2021 1:08:24 PM for case no. 21-6037; and Monday, November 8, 2021

8

1:06:43 PM for case no. 21-6038, the above captioned case. This shall be affirmative proof, prima facie evidence, that U.S. Solicitor General Elizabeth Prelogar and/or her staff/assistants had received electronic copies of all of those pleadings filed by Petitioner. Petitioner has PDF file records containing scans of the envelopes and scans of the contents of what was mailed to the Solicitor general, the forensic evidence. Petitioner has PDF file records containing scans of the envelopes and scans of the contents of what was mailed to the Office of the Clerk of the Supreme Court, the forensic evidence. Forensic meaning highly detailed and documented proof.

9. On or about Wednesday, November 10, 2021, one day prior to the federal holiday known as Veterans Day, Petitioner had made his fifth phone call recording of his call with the Clerk's office of U.S. Supreme Court in regards to cases no. 21-6037, 21-6036, and 21-6038; 21-6038 is the above captioned case. That phone call was in regards to his Rule 15.5 Delay letters and his three EMERGENCY MOTIONS FOR LEAVE OF COURT TO REQUEST A RESPONSE FROM RESPONDENT(S), for all three cases including the above captioned case. To be sure that they were made aware of his paper filings of all three 15.5 Delay Letters and EMERGENCY MOTIONS for cases

9

no. 21-6037, 21-6036, and 21-6038, the above captioned case. That phone call was never returned by the Office of the Clerk and call logs from Comcast/xFinity of Roberta Hill account: 276-790-3505 proves this to be fact.

10. On or about November 12, 2021, Petitioner made this extremely important sixth phone call to the Clerk's Office on the day of the Conference of November 12, 2021, over the three trio Petitions under cases no. 21-6036, 21-6037, and 21-6038; 21-6038 is the above captioned case. Again begging the Clerk to make sure that the Justices either delay the Conference for those three cases or receive his EMERGENCY MOTIONS to ensure that they were also were acted upon by the Honorable Justices of this Court.

11. The Clerk's Office never returned a single phone call entered into the voicemail for the "Clerk's Office of the Supreme Court of the United States". The Clerk never acknowledged receipt for any of his Rule 15.5 Delay letters when they were all mailed to the right address with the correct address on the envelopes and box all mailed to the Clerk's Office of the Supreme Court.

12. Honorable Scott S. Harris is the named Clerk of the Supreme Court, Officer of this Court, and is relevant to the claims made in this Petition for Rehearing. He is responsible for the operations/duties of the Clerk's Office.

10

13. Roberta Hill also emailed eFilingSupport of the Clerk's Office of the Supreme Court and the Public Information Office in regards to alerting the Clerk's Office about Petitioner's EMERGENCY MOTIONS. They were emailed and a copy to U.S. Solicitor General's registered email on Saturday, November 6, 2021. They were reviewed by eFilingSupport efilingsupport@supremecourt.gov on Monday, November 8, 2021 8:54:17 AM. Four days before the Conference scheduled on November 12, 2021. That email was never returned by anybody in the Public Information Office and never returned by the Clerk's Office. Just like the phone calls, never returned at all. The following public information officers also read the email warning about the EMERGENCY MOTIONS prior to the Conference date:

    1. (PIO) Kara Tershel ktershel@supremecourt.gov on Sunday, November 7, 2021 10:00:51 AM

    2. (PIO) Sarah Woessner swoessner@supremecourt.gov on Sunday, November 7, 2021 9:00:41 AM

    3. (PIO) Patricia McCabe PMcCabe@supremecourt.gov on Saturday, November 6, 2021 11:12:51 PM

Email subject was: "EMERGENCY MAILINGS: Emergency Motions coming, please delay Conference over three cases, please review over entire email, skip two day waiting period for mail room (EMERGENCY MOTIONS, EMERGENCY, EMERGENCY, EMERGENCY)". That email was to no avail, just like Petitioner's six phone calls prior to the Conference decision in all three cases including the above captioned case. The three PIO officers sent read receipts confirming receipt of the EMERGENCY EMAIL.

14. The Justices of this Supreme Court never got to review over the EMERGENCY MOTIONS FOR LEAVE OF COURT TO REQUEST A RESPONSE FROM RESPONDENT(S) for cases no. 21-6037, 21-6036, and 21-6038; 21-6038 is the above captioned case. The Clerk never made any decision on the Rule 15.5 Delay Letters for cases no. 21-6037, 21-6036, and 21-6038; 21-6038 is the above captioned case. Petitioner has the proof of delivery by the Certified Mail tracking numbers and the UPS tracking number and Delivery Confirmation. Petitioner has this forensic evidence and documentation for the Supreme Court upon its request to validate and verify the evidence and forensic documentation evidence to validate the claims made in this Petition for Rehearing.

12

15. Clerk Scott S. Harris and/or his assistants and staff never docketed Petitioner's Rule 15.5 Delay Letters and never taken action on them. Acting as though it was never part of the public record and so no action was ever taken by the Clerk, because it was covered up, concealed, or carried away in sheer violation of Federal Law: 18 U.S. Code § 2071 - Concealment, removal, or mutilation generally or any other applicable law governing the duties, responsibilities of a Clerk of a Federal Court including the Supreme Court.

16. Clerk Scott S. Harris and/or his assistants and staff never docketed Petitioner's EMERGENCY MOTIONS FOR LEAVE OF COURT and never taken action on them. Never even distributed them to the Conference, never distributed them to the Justices, and never even asked the Counsel for the Government for a response. Acting as though it was never part of the public record and so no action was ever taken by the Clerk, because it was covered up, concealed, or carried away in sheer violation of Federal Law: 18 U.S. Code § 2071 - Concealment, removal, or mutilation generally or any other applicable law governing the duties, responsibilities of a Clerk of a Federal Court including the Supreme Court.

17. The evidence referenced in this Petition for Rehearing proves that the Office of Hon. Scott S. Harris failed or neglected to do his duty to docket Petitioner's three RULE 15.5 LETTERS and three EMERGENCY MOTIONS FOR LEAVE OF COURT all concerning the above captioned case. In violation of 18 U.S. Code § 2071 - Concealment, removal, or mutilation generally; if this was done on purpose whether by conspiracy or willful neglect of duty. Dereliction of duty, failure to docket pleadings.

18. Hon. Scott S. Harris is solely responsible for the wrongful denial of the Petition for the Writs of Mandamus and/or Prohibition issued on November 15, 2021. The reason Petitioner states that the denial of his Petition is wrongful is because the Justices did not know of Petitioner's EMERGENCY MOTIONS. The Clerk's Office failed to return a single phone call made to their office throughout this process. The Clerk did not take any action on his three Rule 15.5 DELAY LETTERS. Petitioner had used Certified Mail and the correct mailing address for the Supreme Court. Everything was done appropriately and properly. Petitioner deserves his Mandamus Petition case to be re-opened in this Supreme Court. The Clerk, the Hon. Scott S. Harris as an officer of the Court, had neglected to do his duty and that was the sole

14

cause and trigger for denying the Petition on November 15, 2021. Petitioner asks this Court for retrying his Petition and sanctioning the Clerk, Hon. Scott S. Harris, for neglect or willful violation of 18 U.S. Code § 2071 or any applicable law. Asks that all future pleadings not be unlawfully blocked.

## X. CONCLUSION

For the foregoing reasons, Petitioner Brian D. Hill respectfully requests that this Court grant the petition for rehearing, vacate its decision made on November 15, 2021 and order full briefing and argument on the merits of this case.

*II*

DATED this 1st day of December, 2021.

Respectfully submitted,

*Brian D. Hill*
Signed
_____
Brian D. Hill
Brian David Hill
Pro Se
Ally of QANON and General Flynn
Former USWGO Alternative News Reporter
310 FOREST STREET, APARTMENT 2
MARTINSVILLE, VIRGINIA 24112
Tel.: (276) 790-3505
E-Mail:
c/o Roberta Hill at rbhill67@comcast.net
JusticeForUSWGO.wordpress.com



15

## CERTIFICATE OF COUNSEL/PRO SE FILER

I hereby certify that this petition for rehearing is presented in good faith and not for delay. This is with accordance with Rule 44.2.

DATED this 1st day of December, 2021.

Respectfully submitted,

*Brian D. Hill*
Signed
_____
Brian D. Hill
Brian David Hill
Pro Se
Ally of QANON and General Flynn
Former USWGO Alternative News Reporter
310 FOREST STREET, APARTMENT 2
MARTINSVILLE, VIRGINIA 24112
Tel.: (276) 790-3505
E-Mail:
c/o Roberta Hill at rbhill67@comcast.net
JusticeForUSWGO.wordpress.com

