In the United States District Court
For the Middle District of North Carolina

FILED
JAN 2 7 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N. C.
By

)
**Brian David Hill,** )
**Petitioner/Defendant** )
)
)   **Criminal Action No. 1:13-CR-435-1**
**v.** )
)   **Civil Action No. _____**
**United States of America,** )
**Respondent/Plaintiff** )
)
)

## MOTION FOR CHANGE OF VENUE / TRANSFER OF VENUE TO THE WESTERN DISTRICT OF VIRGINIA – MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION

Criminal Defendant and 28 U.S.C. § 2255 ("2255 Motion").

Petitioner Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant",

"Petitioner") is respectfully requesting that THE 2255 Motion case, Brief /

Memorandum of Law, and Exhibits, as well as any other Motions not acted upon

to be transferred to the U.S. District Court for the Western District of Virginia.

(See pages 154-170 of Brief / Memorandum of Law). Essentially Petitioner

requests for a change of venue in both the Respondent/Plaintiff and of the U.S.

District Court to the correct jurisdiction which should handle this 2255 case.

Petitioner submits this motion respectfully with the Court as to why this request

should be granted.

1

1. Petitioner submits this MOTION and BRIEF / MEMORANDUM OF LAW as to why this motion should be granted.

## BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION

2. Petitioner had brought up very important reasons in "GROUND IX – IMPROPER VENUE, LACK OF TERRORITORIAL JURISDICTION; IMPROPER JURISDICTION ACCORDING TO CHANGE OF JURISDICTION AS REQUESTED BY THE U.S. PROBATION OFFICE AND ACCORDING TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION; THIS 2255 MOTION AND CASE SHOULD ALSO BE TRIED IN THE JURISDICTION OF THE ALLEGED SUPERVISED RELEASE VIOLATION IN MARTINSVILLE, VIRGINIA; THE MIDDLE DISTRICT OF NORTH CAROLINA FEDERAL JUDGES HAD NO LEGAL AUTHORITY OR JURISDICTION TO INTERPRET VIRGINIA LAW AND ATTEMPT TO OVERRIDE VIRGINIA LAW; ALSO VIOLATES FEDERAL RULES OF CRIMINAL PROCEDURE 18". (See pages 154-170 of 2255 Motion's Brief / Memorandum of Law).

2

3. All matters and sentences of Petitioner's sentence of Supervised Release including any potential violations or modification of Petitioner's sentence was transferred to the Western District of Virginia. See #260, #261, #262.

4. See Document #260 USPO PROB 12B - Modification to Conditions: ("Mr. Hill is currently being supervised in the Western District of Virginia. In coordination with this district, **a transfer of jurisdiction has been tentatively agreed to,** as **Mr. Hill lacks ties to the Middle District of North Carolina and has resided for a period within the Western District of Virginia**. To initiate this transfer, the Western District of Virginia has requested that Mr. Hill's supervised release conditions be modified to align with local sentencing conditions regarding sex offenders. Mr. Hill has voluntarily agreed to the adoption of these conditions. After the addition of these conditions, a transfer of jurisdiction will be processed. We respectfully request the Court adopt the conditions as outlined above.")

5. Document #262 Probation Jurisdiction Transferred to Western District of Virginia as to BRIAN DAVID HILL Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Garland, Leah): ("**IT IS HEREBY ORDERED that pursuant to 18U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the WESTERN DISTRICT OF VIRGINIA** upon that **Court's order of acceptance of**

**jurisdiction**. This Court hereby **expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.\* This sentence may be deleted in the discretion of the transferring Court"**)

6. The Court Order said that "This Court hereby **expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.\* This sentence may be deleted in the** discretion of the transferring Court". The Supervised Release sentence may be modified or deleted at the discretion of the transferring Court without further inquiry of the Middle District of North Carolina. The Western District of Virginia should have originally tried the Supervised Release Violation charge due to the Sixth Amendment's requirement that the Trial by Jury **be conducted in the state and district where the alleged offense was charged, and must be proven beyond reasonable doubt.** This is due to the U.S. Supreme Court's ruling in United States v. Haymond, 139 S. Ct. 2369, 204 L. Ed. 2d 897 (2019). The Supreme Court had ruled that all Supervised Release Violations which carry any imprisonment must be treated the same as regular criminal case prosecutions instead of being mislabeled as a sentencing enhancement, thus requiring the Constitutional rights of those accused of regular criminal offenses and subject to Grand Jury indictment or presentment upon a

4

Grand Jury. The violation findings under Document #200 and the charge under Document #157 were both filed in the wrong jurisdiction, and both were not presented upon a jury to make any findings of fact. They should be entirely transferred to the correct jurisdiction of the Virginia charge of indecent exposure, which would be in the Western District of Virginia. It was unconstitutional all along for the entire case and Trial to have been in the Middle District of North Carolina after the Supreme Court changed the Judicial System's treatment of Supervised Release Violators to be treated the same as criminal defendants under a new charge after presentment of a Grand Jury.

7. Once jurisdiction and venue has been challenged, the U.S. District Court needs to prove that they had jurisdiction from the very beginning. Coggins v. Abbett, CASE NO. 3:08-cv-262-TMH [WO], 12 (M.D. Ala. Jun. 18, 2008) ("holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action sua sponte for lack of subject matter jurisdiction if jurisdiction is not found.")

8. Coggins v. Abbett, CASE NO. 3:08-cv-262-TMH [WO], 12 (M.D. Ala. Jun. 18, 2008) ("The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S.

5

462, 476-82 (1983). The Eleventh Circuit has described the Rooker-Feldman doctrine as follows: The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts.") This brings up a very important point that Judge Schroeder never should have used the judgment of the General District Court in Martinsville as the basis for revoking Supervised Release while ignoring the Circuit Court's jurisdiction (Trial De Novo) over the criminal case had nullified the finding of guilty by the General District Court at the time. That never should have been used as an elemental basis and it was selectively ignored in favor of the U.S. Attorney.

9. Since November 12, 2014, with exception to all days when Petitioner was incarcerated, Petitioner had served every day of his Supervised Release in the Western District of Virginia.

10. Venue is appropriate in the Western District of Virginia due to "GROUND VII – IT IS NOW POSSIBLE AND PETITIONER SUSPECTS THAT THE ORIGINATING JUDICIAL OFFICER WHO REVOKED THE SUPERVISED RELEASE ON DOCUMENT #200 **MAY OR MAY NOT BE A TARGET OF A BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER DUE TO CLAIMS BY ATTORNEY L. LIN WOOD** ASSERTING IN PUBLIC STATEMENTS THAT "JUDGES" AND "OFFICIALS" WERE

6

BEING ORDERED TO RAPE AND MURDER CHILDREN ON VIDEO RECORDINGS AND THUS WERE COMPROMISED AND NO LONGER IMPARTIAL TO THE DECISIONS THEY MADE WHILE BEING BLACKMAILED. REGARDLESS OF WHETHER THE BLACKMAIL WAS MATERIAL TO ANY DECISIONS MADE AGAINST BRIAN DAVID HILL, IT WOULD STILL MAKE THE JUDGE PARTIAL AND/OR BIASED AND/OR COMPROMISED. THIS VIOLATES THE U.S. CONSTITUTION'S GUARANTEE THAT THE TRIER OF FACT REMAIN IMPARTIAL DURING THE CRIMINAL PROCEEDINGS OF A CASE". Because any judges in the Western District of Virginia do not have ties to the Middle District of North Carolina. They would have no conflict of interest in subpoenaing, investigating, reviewing over, and documenting the alleged blackmail video files alleged by Attorney L. Lin Wood. As the ground of BLACKMAIL SCHEME EVIDENCE may or may not incorporate any Federal Judge within the Middle District of North Carolina; it would be a conflict of interest for any judge to determine whether he/she is in any of the alleged videos as described by Attorney L. Lin Wood. It would better for another District to investigate, subpoena, and review over the alleged blackmail videos as claimed by Attorney L. Lin Wood.

11. Since the passage of Haymond by the Supreme Court: The original Supervised Release Violation ("SRV") charge under Document #157 was filed in

7

the wrong U.S. District Court. Since all SRV charges are considered the same as a "criminal prosecution" requiring a trial by jury, the fact that the trial has to be conducted in the "state and district wherein the crime shall have been committed" (citation omitted, Sixth Amendment of the U.S. Constitution). The charge should have originally been filed in the Western District of Virginia but instead was filed in the Middle District of North Carolina trying the case in a foreign state which does not understand or know Virginia Law, and does not understand or know Virginia's Judicial Process and how it works.

12. The Federal Rules of Criminal Procedure also suggest that the Trial for the SRV charge was not tried in the right jurisdiction in Document #157, Document #200, and Document #186. Fed. R. Crim. P. 18 ("Section 18 - Place of Prosecution and Trial", "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. **The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses,** and the prompt administration of justice.").

13. Let us reexamine the words of the Sixth Amendment of the U.S. Constitution. CITATION: Amendment VI ("In all criminal prosecutions, the **accused shall enjoy the right to a speedy and public trial, by an impartial jury** of the **state and district wherein the crime shall have been committed,** which

8

district shall have been previously ascertained by law, and to be **informed of the nature and cause of the accusation; to be confronted with the witnesses against him**; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.")

14. See Cook v. United States, 138 U.S. 157, 162 (1891) ("United States v. Alberty, Hemp. 444. And in Ex parte Bollman, 4 Cranch, 75, it was held that if an offence be committed on land, the offender must be tried by the court having jurisdiction over the territory where the offence was committed.").

15. The alleged accusation of a crime of violating Supervised Release conditions due to the alleged charge of "indecent exposure" under Virginia Code § 18.2-387; was allegedly to have been charged as to have been allegedly committed in the City of Martinsville in the State/Commonwealth of Virginia. The trial should have been conducted in Roanoke, Virginia, the U.S. District Court for the Western District of Virginia, or in Danville, Virginia, the U.S. District Court for the Western District of Virginia, or anywhere in any Federal Court in the Western District of Virginia.

16. Venue was never proper or just in the Middle District of North Carolina when it concerns Virginia Law, when Petitioner had always presided in the Western District of Virginia every day he was supervised by the U.S. Probation Office since November 12, 2014.

9

17. It is a fact in the Middle District of North Carolina that none of the United States District Judges know Virginia Law, they do not understand Virginia Law. The jurisdiction and expertise of all officers of the Court are in mainly Federal Law, and in North Carolina law and trial practice unless proven otherwise, as the Trial De Novo was more of understood from the North Carolina trial processes. That was further proven in the Transcript where Attorney Renorda Pryor had attempted to explain to the Hon. Thomas David Schroeder, who presided over the hearing, about what the Virginia Trial De Novo was and still didn't practically understand the processes and appeals of the Commonwealth of Virginia. Each state conducts an entirely different legal process if that is indeed the case.

18. See Moses v. Commonwealth, 611 S.E.2d 607, 608 (Va. App. 2005) (en banc); Morales v. Commonwealth, 525 S.E.2d 23, 24 (Va. App. 2000); Copeland v. Commonwealth, 525 S.E.2d 9, 10 (Va. App. 2000); and Price v. Commonwealth, 201 S.E.2d 798, 800 (Va. 1974). The Middle District of North Carolina clearly did not know of Virginia case law and the Virginia State Court's interpretation here. They would understand North Carolina more than Virginia because the Middle District of North Carolina lives in North Carolina, resides in North Carolina, and is under the Middle District of North Carolina. Not the

Western District of Virginia. Not the territory over where the alleged Virginia Code charge was.

19. They have no knowledge of how Virginia courts actually work. They have never gone through its "draconian process" in the Court of Appeals of Virginia as one state court appointed lawyer who represented Petitioner named John Ira Jones, IV had called the strict legal processes in the Commonwealth of Virginia as "draconian". Meaning that any little mistake in the legal papers such as not properly citing all parties involved in a case could land a case out of court to be dismissed. So, the judges in the Middle District of North Carolina, have no knowledge or expertise in the legal process in the Commonwealth of Virginia, unless proven otherwise. It was wrongful for the Trial Court to make interpretations of Virginia Law based on North Carolina viewpoints or interpretations without taking into consideration the Virginia case law as high as it's Supreme Court of Virginia. A Federal Court in North Carolina has no legal authority to write laws in the Commonwealth of Virginia. A Federal Court in North Carolina has no legal authority to make interpretations of Virginia Law to erase or modify the interpretations in the Commonwealth of Virginia. It made the determination that Petitioner was guilty of violating the substance or legality of the statute of Virginia Code § 18.2-387. Indecent exposure. However, a foreign territorial Federal Court in a foreign State of North Carolina cannot override the

interpretations of Virginia Code. The only Court capable of overriding the interpretations of Virginia Code and Virginia Case Law is the Supreme Court of the United States of America and limited involvement by the Federal Courts within the Commonwealth of Virginia. A Federal Court in North Carolina has no legal authority to erase or rewrite Virginia Code unless a particular Code or interpretation of Virginia Code was later ruled as unconstitutional, but that would have to be up to a Federal Court in Virginia and not North Carolina.

20. See United States v. Mendoza, CRIMINAL CASE NO. 15-00064, 5 (D. Guam Jun. 3, 2016) ("In this case, the crime began in Colorado when the package in question was mailed from there to Guam. In addition, because the offense involved the use of mail, it was a continuing offense. When the package arrived on Guam, the crime was then completed. Accordingly, Guam is a proper venue because the crime was completed on Guam.") So only in the territory where the crime was committed or where the crime was then completed, that Federal District can be proper venue to try the alleged offense as charged.

21. The U.S. Constitution makes it clear that any criminal trial and any criminal prosecution has to be conducted at the "state and district wherein the crime shall have been committed" (Sixth Amendment, Citation omitted). The Constitution actually says in the "state and district" wherein the crime shall have

been committed; or charged. That would be the Western District of Virginia. The Western District of Virginia has competent judges and competent Clerks.

22. It is convenient for the witnesses like:

1. Investigator Robert D. Jones of Martinsville Police Department who found Brian David Hill, arrested Brian David Hill, and charged Brian David Hill with the Virginia Code alleged violation on September 21, 2018;

2. Pete Compton (Document #181, Attachment #2) the ACE Chimney specialist from Bassett, Virginia who found the metal tin on top of the exhaust areas of the top of the chimney at the residence of Brian David Hill in 2018 and 2019, causing Carbon Monoxide gas to enter both apartments of Brian David Hill and Roberta Hill;

3. Roberta Hill, who had also experienced Carbon Monoxide Gas exposure from 2017, 2018, and stopped at 2019 after the intervention by Pete Compton where he removed the metal tin from the chimney. Even after the arrest of Brian David Hill, Roberta was still under Carbon Monoxide Gas exposure, before the arrest of Brian David Hill as well;

4. Kenneth and Stella Forinash, who had also witnessed the damage caused by the Carbon Monoxide and had witnessed Pete Compton showing them the evidence of the Carbon Monoxide Gas exhaust due to the metal tin being on top of the chimney;

5. Brian David Hill, who had experienced Carbon Monoxide Gas exposure from 2017, 2018. Brian David Hill returned back to his residence after being released on bond, months after the intervention by Pete Compton where he removed the metal tin from the chimney;

13

6. Jason McMurray, who works at the Roanoke, Virginia office of the United States Probation Office. Supervises Brian David Hill and also had witnessed the damage on the wall of Brian David Hill's apartment in 2018 at the time of the Carbon Monoxide Gas exposure;

7. Dr. Conrad Daum, a forensic psychiatrist of Piedmont Community Services in Martinsville, Virginia, who evaluated Brian David Hill a month after he was arrested on indecent exposure. He thought Petitioner Brian David Hill was exhibiting a psychosis or paranoia. Psychosis is a symptom documented of those who were prolong exposed to Carbon Monoxide Gas exposure.

23. It is convenient for the witnesses as well as for access to any retention of evidence. It is inconvenient for the witnesses to have to travel all of the way to the Middle District of North Carolina. Especially Jason McMurray who works all of the way in Roanoke, Virginia, which takes an est. 40-45 minutes from Martinsville to Roanoke. Then from Martinsville to Winston-Salem, North Carolina, or Greensboro, North Carolina takes additional time. It is more convenient and saves tax-payer money to have held the Supervised Release Violation Trial in Roanoke, Virginia, instead of in Winston-Salem, North Carolina, or Greensboro, North Carolina.

24. It is a fact that the alleged Virginia charge of indecent exposure on September 21, 2018, had occurred in the Western District of Virginia and never had any relation with the Middle District of North Carolina maybe with the

14

exception to Brian David Hill being originally sentenced by the Middle District of North Carolina and they controlled the Supervised Release conditions at the time by a Supervisory Officer or any other Offices in the U.S. Probation Office for the Middle District of North Carolina but that control had been transferred to the Western District of Virginia in 2020 upon request by the U.S. Probation Office (Document #260).

25. If the Supervised Release Violation is to ever have a new trial and be retried with newly discovered evidence, it would be best for the witnesses and evidence for venue to be the Western District of Virginia and would be Constitutionally permissible for the case to be retried in a Federal Court that respects Virginia Law and understands Virginia Law more than the Middle District of North Carolina ever did if they ever even respected Virginia Law.

26. The Middle District of North Carolina clearly did not respect Virginia Law, did not respect the case law of Virginia Appellate Court and had no legal jurisdiction to interpret Virginia Law; even in a Supervised Release Violation hearing, they cannot hold the authority to make legal arguments and statutory findings or interactions in another state where the Federal Court there in Virginia could have made such interpretation. If a Federal Court in a foreign state can interpret law in another State instead of the Federal Court in the same State, then this opens the door for a Federal Court in the District of California to interpret

15

Virginia law and make rulings on Virginia Law. This opens the door for a Federal Court in Arizona to interpret Virginia law.

27. Judge Schroeder on the Trial date of September 12, 2019, did not know or understand Virginia laws, yet made the interpretation that Petitioner had somehow violated Virginia Code § 18.2-387 at the verdict of the General District Trial without ever understanding it's interpretations in the State Appellate Courts and Constitutional interpretations by the U.S. Supreme Court. He lacked the legal ability to understand Virginia Law because he doesn't conduct the legal work in Virginia but mainly in North Carolina where the interpretations are different, and the laws may be different or are interpreted differently.

28. There is a reason why the Sixth Amendment confines a Trial to the "district and state" where the accusation of the crime was alleged to have occurred and the charge to be filed for the Trial by jury. It said "in all criminal prosecutions" and the Supreme Court had ruled in 2019 that Supervised Release Violation charge proceedings are considered a new charge and a new "criminal prosecution" and thus are entitled to the same Constitutional rights as any other criminal charge. See United States v. Haymond, 139 S. Ct. 2369, 204 L. Ed. 2d 897 (2019).

29. United States v. Haymond, 139 S. Ct. 2369, 2379 (2019) ("To the contrary, we recognized in Apprendi and Alleyne , a "criminal prosecution" continues and the defendant remains an "accused" with all the rights provided by

16

the Sixth Amendment, until a final sentence is imposed. See Apprendi , 530 U.S. at 481–482, 120 S.Ct. 2348.")

30. United States v. Haymond, 139 S. Ct. 2369, 2376 (2019) ("Toward that end, the Framers adopted the Sixth Amendment's promise that "[i]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury." In the Fifth Amendment, they added that no one may be deprived of liberty without "due process of law."")

31. So if the Supreme Court had argued in 2019 that Supervised Release Violations are to be treated the same as initial criminal prosecutions, **then the venue and jurisdiction of the Middle District of North Carolina IS IMPORER. Unconstitutional and Improper.**

32. Jurisdiction of the Middle District of North Carolina in the Supervised Release Violation allegation and charge in 2018 is unconstitutional under the Sixth Amendment of the United States Constitution. It is outside of the jurisdiction, is outside of the territorial jurisdiction and is outside of the subject matter jurisdiction. No alleged crime was ever committed in the Middle District of North Carolina in 2018. No alleged crime accusation of Martinsville, Virginia was ever charged in the Middle District of North Carolina in 2018 with the exception of the Supervised Release Violation charge under Document #157, but the Virginia Code criminal complaint was charged in Martinsville, Virginia. So, under the 2019

17

decision of Haymond by the Supreme Court, it isn't just the right to a jury trial. The OPINION of the Supreme Court, the case law authority, the controlling case law of the Supreme Court, said that Supervised Release Violations which carries additional term of imprisonment are "criminal prosecutions" being mislabeled as sentencing enhancements or administrative proceedings. It is unusual for a Supervised Release Violation to be tried in a foreign State which doesn't even understand the statute at issue outside of arguably, the "state and district wherein the crime shall have been committed" (Sixth Amendment, Citation omitted).

33. The Middle District of North Carolina is a "foreign State" in this matter and doesn't ever understand Virginia Law and never will understand Virginia Law as laws change in every State/Commonwealth every year, every month, every day. Doesn't matter that it was a Federal Case of Supervised Release being used as the scapegoat to erase, overwrite, and/or rewrite Virginia case laws. The Constitution clearly states at the State and District where "the crime shall have been committed" (Sixth Amendment, Citation omitted) is where a Trial will be held, a JURY TRIAL. The decision of Haymond makes this argument apply. The Supreme Court said all of the constitutional rights of the Sixth Amendment applies to Supervised Release Violation charges. That includes the territorial jurisdiction.

34. The facts are at legal issue that the entire prosecution and Trial in the Middle District of North Carolina is unconstitutional and outside of the jurisdiction

18

where allegedly and arguably where the accusation or charged of where "the crime shall have been committed" (Sixth Amendment, Citation omitted). The Petitioner is merely an accused until proven guilty beyond a reasonable doubt.

35. If the Middle District of North Carolina has to follow the Supreme Court's verdict and legal interpretation of Haymond not to reopen a conflict with the circuits which had already been resolved in 2019, to respect the Supreme Court of the United States and follow its legal logic, then they now have to consider that the entire prosecution in the Middle District of North Carolina had a lack of territorial jurisdiction. The charge and conviction in Middle District of North Carolina had a lack of territorial jurisdiction, lack of jurisdiction. The wrongful conviction under Documents #200 and Minute Entry #186 are unconstitutional and NULL and VOID. That is a fact if the Federal Court in North Carolina wishes to respect the Supreme Court and its legal interpretation of Haymond.

36. ("A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.") Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. ("A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property.") Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

19

37. A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993). "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

38. Even if the U.S. Probation Office's request for transferring jurisdiction being granted is not grounds for granting a Motion for requesting a change of venue for the 2255 Motion; Petitioner does have the Supreme Court case of Haymond where the Sixth Amendment Constitutional rights apply to Supervised Release Violation ("SRV") charges. That an SRV charge is treated the exact same way as a regular criminal indictment. Therefore, the venue originally for the conviction under Document #200 and Document #157 should have been tried by a jury in the Western District of Virginia. The jurisdiction had been invalid all along, following the logic of Haymond. See United States v. Haymond, 139 S. Ct. 2369, 204 L. Ed. 2d 897 (2019). Venue should either change to the Western District of Virginia for the new 2255 case challenging the new conviction, not the old conviction for the 2255 Motion under Document #125. So, this is a new 2255 Motion for another conviction; the first 2255 Motion filed for the conviction under

20

Document #200; and no 2255 Motion was ever filed under Document #125 challenging Document #200 or #186. So, it is a new conviction but the original charge for this new conviction was over an event, an incident, which happened in Martinsville, Virginia. The Western District of Virginia should have been the jurisdiction, but at the time Document #157 was filed, the decision of Haymond did not exist in the U.S. Supreme Court. If Haymond had been ruled upon by SCOTUS in 2018, the charge would have had to have been in the Western District of Virginia. Venue never should have been outside of the Federal Court within the state and district over Martinsville, Virginia.

## CONCLUSION

For all these reasons, the 2255 Petitioner and criminal Defendant requests that the Court transfer venue of the 2255 Motion and case to the Western District of Virginia, the territory where the location of the alleged Virginia charge of indecent exposure was charged in the City of Martinsville, Virginia. The territory where the charge had been in its pendency, and as outlined in paragraphs 1 through 38. The original case should have never been tried in the Middle District of North Carolina. If any judges in the Middle District of North Carolina are being blackmailed or compromised, then it is important that the 2255 case be tried in a

21

different jurisdiction and venue where it is more likely that the Attorney Lin Wood's claim of the alleged blackmail videos will be reviewed and that justice can be done in a Court where the originating charge was in Martinsville, Virginia. Respectfully filed with the Court, this the 25th day of January, 2022.

Respectfully submitted,

Brian D. Hill

Signed

Brian D. Hill

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
JusticeForUSWGO.wordpress.com
USWGO.COM
JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

22

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on January 25, 2022, service was made by mailing the original of the foregoing:

"MOTION FOR CHANGE OF VENUE / TRANSFER OF VENUE TO THE WESTERN DISTRICT OF VIRGINIA – MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on January 25, 2022 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| | |
|---|---|
| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>January 25, 2022 | Respectfully submitted,<br><br>Brian D. Hill<br>Signed<br>Brian D. Hill |
|---|---|

23

|  | Signed |
|  | Brian D. Hill (Pro Se) |
|  | 310 Forest Street, Apartment 2 |
|  | Martinsville, Virginia 24112 |
|  | Phone #: (276) 790-3505 |
|  | **U.S.W.G.O.** |
|  | I stand with Q Intelligence and Lin Wood – Drain the Swamp |
|  | I ask Q Intelligence and Lin Wood for Assistance (S.O.S.) |
|  | Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL



