In the United States District Court
For the Middle District of North Carolina

FILED
JAN 2 7 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N. C.
By _____

)
**Brian David Hill,** )
**Petitioner/Defendant** )
)
) **Criminal Action No. 1:13-CR-435-1**
**v.** )
) **Civil Action No. _____**
**United States of America,** )
**Respondent/Plaintiff** )
)
)

## MOTION FOR APPOINTED COUNSEL TO ASSIST IN 2255 CASE – MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION

Criminal Defendant and 28 U.S.C. § 2255 ("2255 Motion").

Petitioner Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant",

"Petitioner") is respectfully requesting that counsel be appointed to assist in all

matters of developing the facts alleged in the 2255 Motion, Brief / Memorandum

of Law; and the attached Exhibits to assist in the discovery process and deposition

and subpoenaing of witnesses. Petitioner submits this motion respectfully with the

Court as to why this request should be granted.

1. Petitioner submits this MOTION and BRIEF / MEMORANDUM OF

LAW as to why this motion should be granted.

## BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION

2. Petitioner had brought up grounds which will basically need the appointment of legal counsel for Petitioner in this case.

3. Unlike the first 2255 Motion for the original criminal conviction under Document #125, the new 2255 Motion is to overturn a different criminal conviction and is timely filed, conviction under Document #200 and final appeal decision rendered under Document #278. This time, this 2255 Motion was filed within one year after the final conviction and the final timely appeal decisions. Even if the U.S. Attorney again ever attempts another Motion to Dismiss, this timely filed 2255 Motion makes it necessary for the appointment of Counsel to develop all facts alleged in the 2255 Motion, Brief / Memorandum of Law; and the attached Exhibits, as well as conduct discovery process and subpoena witnesses and depose witnesses for testimony under oath. Document numbers have not yet been assigned at the time this newly filed and timely filed 2255 Motion. Hopefully the Clerk files the 2255 pleadings in consecutive order so that the Judicial Official can easily read over and identify all material and relevant documents to the proceedings of this 2255 Motion.

2

4. A court has discretion to appoint counsel at any stage of the proceeding if "the <u>interest of justice so requires.</u>" 18 U.S.C. §3006A(a)(2)(B); Fed.R.Gov. § 2255 Proc. 8(c).

5. Oliver v. U.S., 961 F.2d 1339, 1343 (7th Cir. 1992) ("Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required. See Rule 8(c), 28 U.S.C. foll. § 2255.").

6. Morgan v. United States, CASE NO. 1:11-cr-12-17, 2 (N.D. Ohio Sep. 8, 2014) ("The Criminal Justice Act authorizes the appointment of counsel to a petitioner who brings a habeas petition under Sections 2241, 2254, or 2255 of Title 28. 18 U.S.C. § 3006A(a)(2)(B). Such an appointment is made only when "the interests of justice so require" and the person is financially eligible. Id. "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." Sellers v. United States, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (denying motion for counsel to pursue § 2255 motion) (citations omitted). A district court does not abuse its discretion by declining to appoint counsel in post-conviction proceedings where the issues in the case are straightforward and capable of resolution on the record.")

3

7. There are facts which cannot be resolved by Petitioner as Petitioner is not an Officer of the Court Petitioner does not have subpoena power and Petitioner does not have the power to depose witnesses compared to an Officer of the Court. The Petitioner needs the assistance of an Officer of the Court which is a counsel/attorney to assist Petitioner in five primary reasons:

1. GROUND II – That the Trial Court erred and/or abused discretion in finding that the evidence before it was sufficient to find that Petitioner had violated his supervised release by violating Virginia Code § 18.2- 387 because the evidence fails to show that Petitioner acted intentionally to make an obscene display or exposure of his person. (See Pages 44-84, of BRIEF / MEMORANDUM OF LAW)

2. GROUND IV – ACTUAL INNOCENCE - LEGAL INNOCENCE (See Pages 89-106, of BRIEF / MEMORANDUM OF LAW)

3. GROUND V – FRAUD ON THE COURT  (See Pages 106-111, of BRIEF / MEMORANDUM OF LAW)

4. GROUND VI – UNCONSTITUTIONAL INTEFERENCE WITH THE STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE UNITED STATES

4

CONSTITUTION (See Pages 111-124, of BRIEF / MEMORANDUM OF LAW)

5. GROUND VII -- IT IS NOW POSSIBLE AND PETITIONER SUSPECTS THAT THE ORIGINATING JUDICIAL OFFICER WHO REVOKED THE SUPERVISED RELEASE ON DOCUMENT #200 MAY OR MAY NOT BE A TARGET OF A BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER DUE TO CLAIMS BY ATTORNEY L. LIN WOOD ASSERTING IN PUBLIC STATEMENTS THAT "JUDGES" AND "OFFICIALS" WERE BEING ORDERED TO RAPE AND MURDER CHILDREN ON VIDEO RECORDINGS AND THUS WERE COMPROMISED AND NO LONGER IMPARTIAL TO THE DECISIONS THEY MADE WHILE BEING BLACKMAILED. REGARDLESS OF WHETHER THE BLACKMAIL WAS MATERIAL TO ANY DECISIONS MADE AGAINST BRIAN DAVID HILL, IT WOULD STILL MAKE THE JUDGE PARTIAL AND/OR BIASED AND/OR COMPROMISED. THIS VIOLATES THE U.S. CONSTITUTION'S GUARANTEE THAT THE TRIER OF FACT REMAIN IMPARTIAL DURING THE CRIMINAL PROCEEDINGS OF A CASE (See Pages 124-145, of BRIEF / MEMORANDUM OF LAW)

6. GROUND VIII – SPOLIATION OF EVIDENCE AKA DESTRUCTION

OF EVIDENCE BY (#1) MARTINSVILLE POLICE DEPARTMENT, (#2)

SOVAH HEALTH MARTINSVILLE HOSPITAL (WHILE THEY KNEW

BRIAN DAVID HILL WAS UNDER LAW ENFORCEMENT CUSTODY)

(#3) AND/OR COMMONWEALTH ATTORNEY GLEN ANDREW

HALL ESQUIRE VIOLATES THE CRIMINAL DEFENDANT'S

CONSTITUTIONAL RIGHT TO DISCOVERY EVIDENCE MATERIAL

PERTINENT TO HIS CRIMINAL CASE PURSUANT TO BRADY V.

MARYLAND, 373 U.S. 83 (1963) AND GIGLIO V. UNITED STATES,

405 U.S. 150 (1972). DESTRUCTION OF EVIDENCE ALSO MAY BE

FRAUD ON THE COURT (See Pages 145-154, of BRIEF /

MEMORANDUM OF LAW)


8. The record is not straightforward as counsel will be needed for matters

which cannot be conducted by the Petitioner on his own. See paragraphs 9 through

14.

9. As to: "GROUND II – That the Trial Court erred and/or abused discretion

in finding that the evidence before it was sufficient to find that Petitioner had

violated his supervised release by violating Virginia Code § 18.2- 387 because the

evidence fails to show that Petitioner acted intentionally to make an obscene

6

<u>display or exposure of his person."</u> Petitioner will need the assistance of counsel to subpoena Federal Prosecution's witness at Trial: Officer Robert Jones and even ask Officer Robert Jones questions of fact. Petitioner will need the assistance of counsel to subpoena the staff at Sovah Medical Hospital in Martinsville, Virginia, to inquire on the destruction of evidence and as to their neglect to properly conduct all laboratory testing instead of destroying the blood vials without conducting the laboratory work as ordered. Petitioner will need the assistance of counsel to subpoena counsel Glen Andrew Hall, Esquire, and even Dennis Debbaudt a law enforcement trainer. Petitioner does not have the power to subpoena witnesses. Only officers of the Court can subpoena material witnesses and relevant witnesses. Petitioner is not an officer of the Court. Petitioner will need the assistance of an attorney, an officer of the Court, to subpoena the witness or witnesses and obtain any records or papers or misc. evidence from the witness or witnesses to assist in fully developing this ground. Petitioner will need the assistance of counsel for deposition of witness Pete Compton who is a material witness to Carbon Monoxide gas flowing into Brian David Hill's apartment at his reported residence. The witness may not have been before Brian's arrest, but the Carbon Monoxide gas exposure was not known until after the arrest of Brian David Hill for the charge of indecent exposure. Therefore, it is material to determine that Brian David Hill was under Carbon Monoxide Gas which such gas can cause symptoms such as

7

psychosis, hallucinations, vomiting, and other issues which can lead up to or have caused the triggering of the event that happened on September 21, 2018, which led to the arrest of Brian David Hill for the state charge. Petitioner will need the assistance of counsel for deposition of witness U.S. Probation Officer Jason McMurray who is a material witness to the damage in the walls and ceiling around Brian David Hill's fireplace showing evidence of Carbon Monoxide gas flowing into Brian David Hill's apartment at his reported residence. Prior to being arrested for indecent exposure. Witnesses such as medical doctors or medical experts will also be needed but they will not talk to a pro se petitioner, they will only speak with attorneys. So, Petitioner cannot obtain an expert witness and cannot get a contract signed for the usage of an expert witness to conduct an evaluation without the assistance of an Officer of the Court which is counsel. The assistance of counsel is necessary for this ground.

10. As to: "GROUND IV – ACTUAL INNOCENCE - LEGAL INNOCENCE."
Petitioner needs the assistance of counsel for validating the credibility and validity of the claims made in his claims of Actual Innocence. Actual Innocence ground can overcome any procedural bar. Schlup v. Delo, 513 U.S. 298, 321 (1995) ("Similarly, JUSTICE O'CONNOR wrote in Carrier that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence

8

of a showing of cause for the procedural default." 477 U.S., at 496; see also Smith

v. Murray, 477 U.S., at 537, quoting Carrier, 477 U.S., at 496."). For all of the

issues brought out in pages 89-106 of the BRIEF / MEMORANDUM OF LAW,

regarding Petitioner's actual innocence, the issues cannot be fully resolved without

the appointment of counsel to fully develop the record and expand the record to

faithfully exhaust the ground of ACTUAL INNOCENCE in good faith. Witnesses

such as medical doctors or medical experts will also be needed but they will not

talk to a pro se petitioner, they will only speak with attorneys. So, Petitioner cannot

obtain an expert witness and cannot get a contract signed for the usage of an expert

witness to conduct an evaluation without the assistance of an Officer of the Court

which is counsel. The assistance of counsel is necessary for this ground. Usually,

witnesses will only speak with attorneys. So it is necessary for the interests of

justice of not convicting an innocent man.

11. As to: "GROUND V – FRAUD ON THE COURT." Petitioner will need the

assistance of counsel to subpoena or depose in a deposition under oath of Anand

Prakash Ramaswamy to determine if he had known the truthfulness or falsity of all

of the facts which he alleged in his fraudulent prosecution against Brian David

Hill. The fraud such as Brian David Hill not being medically cleared. See pages

106-111 of BRIEF / MEMORANDUM OF LAW. Even the claims of the

originating Supervised Release Violation charge, Document #157, had mirrored

9

the State Criminal Complaint Affidavit which claims that Petitioner was medically and psychologically cleared. The Hospital never actually said in the medical records that Petitioner was medically cleared. Petitioner will need this ground fully developed by expanding the record by asking expert witnesses such as medical doctors to give their expert opinion based on Petitioner's medical record, dated September 21, 2018, and compare with his medical record, dated November 18, 2017, to determine if Petitioner was truly supposed to be released from the Hospital or if Petitioner was released prematurely. Being released prematurely does support the element part of the record as to proven to being medically cleared as the medical record suggested that the Hospital put in medical advice that Brian David Hill seek his private physician after his discharge from the Hospital, even though Petitioner was not allowed to seek his private physician because of being released to "Jail / Police". Laboratory tests ordered, blood drawn, then cancelled. The originating doctor and any nurses employed at the time in the medical Document #181-11, pages 1-8, during September 21, 2018 (during the day of his arrest) would need to be deposed and testify under oath, and questioned about why they prematurely discharged Petitioner from the Hospital without conducting more through laboratory tests, treatments, and examinations prior to releasing Petitioner to "Jail / Police". They need to be questioned as to why his medical record said he had Diabetes, but they did not test his diabetic blood glucose level prior to

10

discharging him to police knowing that a diabetic can have a coma or seizure in police custody. The police should have been informed as to Petitioner's Type 1 brittle diabetes, Obsessive Compulsive Disorder, and as to his Autism Spectrum Disorder prior to discharging him to them to transport Petitioner to be jailed. It was very important, and they had failed to do so. Petitioner needs the assistance of legal counsel to fully furnish and establish this fact. Without legal counsel, Petitioner cannot depose any witnesses from the medical record dated September 21, 2018, the date of Petitioner's arrest and pertaining to Petitioner's charge that day. Petitioner is not an officer of the Court; Petitioner cannot serve subpoenas as only the Court and an officer of the Court can serve subpoenas and contact witnesses. Expert witnesses cannot and refuse to talk to pro se filers. Expert witnesses will only talk to attorneys. Therefore, to satisfy the facts alleged in this ground, Petitioner will need the assistance of counsel. It is fraud to hold Petitioner criminally culpable when he was not truly medically cleared and that holding him culpable for medical issues while falsely claiming that Petitioner was medically cleared was a lie, therefore it is a lie on charging Document #157. Any other lie pushed by the Federal Prosecution must be validated as a fraud and validated as a fact showing each lie by an officer of the Court. The Court will not listen to Petitioner claiming fraud on the Court but will listen to the attorney if the attorney

11

believes there was ever a fraud perpetuated on the Court by the Federal Prosecution. The assistance of counsel is necessary for this fact.

12. As to: "GROUND VI – UNCONSTITUTIONAL INTEFERENCE WITH THE STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

Petitioner will need the assistance of counsel to request all certified State Court records concerning the criminal case of Commonwealth of Virginia; City of Martinsville v. Brian David Hill, in the Circuit Court of the City of Martinsville in the Commonwealth of Virginia. To make a determination as to whether the State Trial Process was wrongfully usurped as a result of what had happened at the Trial on September 12, 2019. Also, to subpoena the Petitioner's request for an Absolute Pardon of Innocence to determine the status of whether there is a significant chance at the pardon of innocence may be granted to Brian David Hill. Also, the assistance of counsel will be necessary to subpoena and/or depose for deposition under oath as to court appointed counsel Matthew Scott Thomas Clark to be confronted with the facts alleged by Petitioner as alleged in **Exhibit 3**: "An Audio CD disc containing a 21 Minute, 25 Seconds audio clip of a phone call conference recording between Brian David Hill 276-790-3505 and Attorney Matthew Scott Thomas Clark 276-634-4000. Dated September 24, 2019. File reports time of

12

2:27PM. Attorney/client privilege for this audio waived." The assistance of counsel will be necessary to subpoena court appointed counsel Matthew Scott Thomas Clark to be confronted with the facts alleged by Petitioner as alleged in the Declaration/Affidavit in **Exhibit 19**: "DECLARATION OF BRIAN DAVID HILL IN SUPPORT OF THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY. MOTION UNDER 28 U.S.C. § 2255 FILED BY BRIAN DAVID HILL".

Petitioner will need an Officer of the Court to depose and ask questions of witness: Matthew Scott Thomas Clark, in regards to the Federal interference of his State criminal Trial De Novo process without showing any judicial restraint to let the State go through it's constitutional process prior to finality of the Federal case, and to ask about his possibly erroneous claim to Petitioner over the phone that he was a Federal Attorney and claimed that Petitioner had his Supervised Release Violated not because of violating any law but for his "behavior". This attorney seemed ignorant and may have made erroneous or false statements and this attorney led to Petitioner withdrawing his appeal in the State Court. See **Exhibit 4**. If this attorney is found to have made lies to Petitioner in that phone call recording, then those lies need to be made known on the record and the interference led to witness: Matthew Scott Thomas Clark, push through frauds and/or arguments to push for Petitioner withdrawing his appeal. The attorney clearly used the REVOCATION verdict by

13

Hon. Thomas David Schroeder on September 12, 2019, to push for Petitioner to give up fighting in the Circuit Court, it is obvious that he needed that verdict rendered on Document #200 or Document #186 Minute Entry as an excuse to push for Petitioner giving up in fighting to prove his innocence in the Circuit Court of the Commonwealth of Virginia. It is clear that facts must be fully developed to prove this GROUND, and that the assistance of counsel is necessary for this ground.

13. As to: "GROUND VII – IT IS NOW POSSIBLE AND PETITIONER SUSPECTS THAT THE ORIGINATING JUDICIAL OFFICER WHO REVOKED THE SUPERVISED RELEASE ON DOCUMENT #200 MAY OR MAY NOT BE A TARGET OF A BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER DUE TO CLAIMS BY ATTORNEY L. LIN WOOD ASSERTING IN PUBLIC STATEMENTS THAT "JUDGES" AND "OFFICIALS" WERE BEING ORDERED TO RAPE AND MURDER CHILDREN ON VIDEO RECORDINGS AND THUS WERE COMPROMISED AND NO LONGER IMPARTIAL TO THE DECISIONS THEY MADE WHILE BEING BLACKMAILED. REGARDLESS OF WHETHER THE BLACKMAIL WAS MATERIAL TO ANY DECISIONS MADE AGAINST BRIAN DAVID HILL, IT WOULD STILL MAKE THE JUDGE PARTIAL AND/OR BIASED AND/OR COMPROMISED. THIS VIOLATES THE U.S. CONSTITUTION'S

14

GUARANTEE THAT THE TRIER OF FACT REMAIN IMPARTIAL DURING THE CRIMINAL PROCEEDINGS OF A CASE." Petitioner will need the assistance of counsel to subpoena Attorney L. Lin Wood, regarding his claims made on Twitter and his email statements, as referenced in **Exhibits 6 through 14**. That Attorney L. Lin Wood should be subpoenaed to testify about his personal claims as to the source or sources which presented evidence of blackmail materials. One part of the evidence is an encryption key password/passcode. The password or encryption key needed to decrypt an encryption file which contains blackmail video files of "judges" and/or "officials" as alleged by Attorney L. Lin Wood, the other part of the evidence, which is the alleged blackmail video materials. These blackmail materials cannot be reviewed by Petitioner as the blackmail materials alleged by Attorney Lin Wood are of alleging a graphic nature of horrible abuse videos containing "judges" or "officials" engaging in child rape and child murder. Due to Petitioner's conditions of Supervised Release that he cannot view child pornography, the alleged blackmail materials would be constituting child pornography as a child rape is sexual exploitation of a minor. Lin Wood's claims due to his source or sources by describing what is in the alleged blackmail video files. Video files which can be viewed by presumably a Video Playing Software such as for example: Windows Media Player or any multi-codec video file playing software for a computer. He described allegedly that the: (CITATION) "The

15

blackmail targets are approached with a gun, a child, & a camera. The target is ordered to rape the child on video. The target is then ordered to shoot the child on video. The target is then owned & controlled by the blackmailers until blackmail evidence loses its value." He also claimed that: "One of those groups was hacked by a group known as Lizard Squad. The blackmail files of rape & murder were obtained by this group & copy was provided to Isaac Kappy." Such claims and validation of such claims, as well as the need for an attorney to review over the blackmail videos and contact Lin Wood himself to negotiate the communication to attempt to persuade his source or sources to allow the attorneys to gain access to the alleged blackmail videos. Only an attorney or Special Master can review over the blackmail videos and not be violating Federal Child Pornography Laws, as Petitioner cannot review over the alleged blackmail videos without violating a Supervised Release condition. Petitioner needs the Court or any Officer of the Court to review over the blackmail videos to determine if the Hon. Thomas David Schroeder, and/or Hon. William Lindsey Osteen Junior (See **Exhibit 24**, to see why Osteen should be included as well) is in any of the alleged blackmail videos of "child rape" and "murder". If they are in any of the alleged video recordings, then this satisfies the FACTS alleged in GROUND VII. Petitioner does not have subpoena power. Petitioner is not an Officer of the Court. Only an officer of the Court has subpoena power. If Petitioner somehow manages to successfully

16

subpoena Attorney Lin Wood and his source or sources, then Petitioner risks

violating Supervised Release if he reviews over even one of the blackmail videos

alleged by Attorney Lin Wood, to even push for proving if any of the judges were

ever involved in the alleged blackmail scheme if the videos prove any of that. Only

an Officer of the Court can review over blackmail videos when such videos contain

acts of "child rape" and "murder" for the purpose of the blackmailer or

blackmailers compromising a Judge or Judicial Official of a Federal Court or State

Court or both. Petitioner is not an officer of the Court. Petitioner will need the

appointment and assistance of counsel to review over the alleged blackmail videos

if voluntarily turned over by Attorney Lin Wood's source or sources. If the

Attorney and his source or sources does not voluntarily wish to turn over the

alleged blackmail videos, then the appointment of counsel is necessary to subpoena

and ask for a Court Order for the blackmail videos to be turned over to the

attorneys for the Petitioner's appointed counsel and of the United States of

America to review over the blackmail videos. Counsel for both parties need to

review over the blackmail videos to determine if the Hon. Thomas David

Schroeder, and/or Hon. William Lindsey Osteen Junior is in any of the alleged

blackmail videos of "child rape" and "murder". If they are then this demonstrates

the proof and validity of GROUND VII. This will require vacatur and this

GROUND alone will require vacatur of all judgments in the case as a whole as

17

blackmail affects the impartiality of a Judge, regardless of whether the blackmail

was material to the case or the facts itself. Blackmail of child rape and murder is

heinous, blackmail is a serious allegation, and the BRIEF / MEMORANDUM OF

LAW made good explanations as to why it is necessary for the need to have

attorneys review over the alleged blackmail videos and the seriousness of the

existence of such blackmail videos. It is critical for the interests of justice for even

this one ground alone for the appointment of counsel to review over the actual

blackmail videos, subpoena over the actual blackmail videos, and compel Attorney

Lin Wood to reveal his source or sources or at least turn over a copy of the

blackmail videos to the attorneys for review and investigation.

14. As to: "GROUND VIII – SPOLIATION OF EVIDENCE AKA

DESTRUCTION OF EVIDENCE BY (#1) MARTINSVILLE POLICE

DEPARTMENT, (#2) SOVAH HEALTH MARTINSVILLE HOSPITAL (WHILE

THEY KNEW BRIAN DAVID HILL WAS UNDER LAW ENFORCEMENT

CUSTODY) (#3) AND/OR COMMONWEALTH ATTORNEY GLEN ANDREW

HALL ESQUIRE VIOLATES THE CRIMINAL DEFENDANT'S

CONSTITUTIONAL RIGHT TO DISCOVERY EVIDENCE MATERIAL

PERTINENT TO HIS CRIMINAL CASE PURSUANT TO BRADY V.

MARYLAND, 373 U.S. 83 (1963) AND GIGLIO V. UNITED STATES, 405 U.S.

150 (1972). DESTRUCTION OF EVIDENCE ALSO MAY BE FRAUD ON THE

COURT". Petitioner will need the assistance of counsel to subpoena (#1) Attorney Glen Andrew Hall, Esquire, (#2) Martinsville Police Investigator (witness to the Government, Doc. #186) Robert Jones, and (#3) Anand Prakash Ramaswamy to inquire and subpoena in regard to the destruction of evidence pursuant to a criminal prosecution in violation of both Giglio v. United States, 405 U.S. 150 (1972) and Brady v. Maryland, 373 U.S. 83 (1963). Destruction of material evidence and biological evidence such as the blood vials of blood drawn from Brian David Hill's arm on September 21, 2018, before his arrest but while in handcuffs at the Sovah Hospital in Martinsville. Destruction of material evidence such as the recorded police body-camera footage of statements obtained from Brian David Hill on September 21, 2018, before his arrest but while in handcuffs while making statements to Officer Robert Jones who recorded the body-camera with a red light on the front of his uniform with the body-camera. Petitioner was entitled to the body-camera footage. Petitioner had written various letters requesting the body-camera footage. The Circuit Court (See **Exhibit 2**, multiple Court Orders) requesting the body-camera footage as it is Brady materials. The Commonwealth Attorney Glen Andrew Hall was the primary Government authority who had the right and authority to request a litigation hold on any biological and material evidence to a criminal investigation and a criminal case. The Officer Robert Jones has a duty as a Law Enforcement officer to retain any

19

evidence, including biological and video evidence, concerning a criminal case, criminal charge, and any relevant criminal investigation. AUSA Anand Prakash Ramaswamy had a duty to request after charging Document #157 in 2018, which all evidence must not be disposed of until after the Federal prosecution had concluded and all legally allowable appeals exhausted. AUSA Ramaswamy neglected to protect the biological evidence as well as Officer/Investigator Robert Jones, the U.S. Probation Office if they had investigated the incident, and Attorney Glen Andrew Hall of the Commonwealth Attorney Office. Evidence was destroyed, and that cannot be 100% validated as a factual ground until the witnesses and those responsible for the evidence's destruction to be questioned by deposition or under oath or affirmation. They need to be questioned as to what they had destroyed, why they destroyed it, and when they destroyed it. Petitioner cannot serve subpoenas with the witnesses as he is not an Officer of the Court. Only an officer of the Court can serve subpoenas. Only an officer of the Court can request and serve a cause for a deposition, to depose the witnesses to be questioned under oath. Petitioner needs the assistance of counsel to investigate and subpoena the causes of the destruction of biological evidence which would have proven the Actual Innocence of Brian David Hill on the date of September 21, 2018.

15. Petitioner had made it clear that he had thoroughly demonstrated the "interest of justice" element or ground which so requires the appointment of

counsel in any proceeding of the 2255 proceedings of the Petitioner's 2255 Motion and his Brief / Memorandum of Law and Exhibits 1-24. Petitioner had demonstrated enough cause that his 2255 Motion is valid and is timely filed; and thus needs the appointment of counsel for the grounds and exhibits referenced herein.

16. Lockett v. United States, 4:21-CV-1262 RLW, (E.D. Mo. Nov. 19, 2021) ("courts may appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also 28 U.S.C. § 2255(g). If a court conducts an evidentiary hearing, the interests of justice require the appointment of an attorney to represent a movant who qualifies to have counsel appointed under 18 U.S.C. § 3006A. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. If an evidentiary hearing is not conducted, the appointment of counsel is discretionary. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). In exercising such discretion, courts 1 should first determine whether the movant has presented a non-frivolous claim for relief, and if he has, should then consider factors such as the legal and factual complexity of the case, the movant's ability to investigate and present his claims, and other relevant factors. See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).") For example: Petitioner cannot investigate the blackmail videos because he does not have subpoena power and is barred by his Supervised Release condition from viewing the alleged material to investigate the matter.

21

Petitioner does not have subpoena power alone as he is not an officer of the Court, but an appointed lawyer does have subpoena power. Expert witnesses will not talk to individuals regarding a criminal case but will only talk with attorneys. Aka officers of the Court. For multiple or many reasons than one, an appointed counsel is necessary for many interests of justice including the acquittal of an innocent person who should not have ever been wrongfully convicted of a charge. The conviction must be overturned, and the development of evidence is necessary for this acquittal.

17. If necessary for effective discovery, appointment of counsel is necessary. United States v. Taylor, No. 1:18-cr-00076-NONE-BAM-5, 2 (E.D. Cal. May. 21, 2021) ("Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")")")

18. United States v. Sewell, No. 2:05-cr-0554 LKK EFB P, (E.D. Cal. Sep. 13, 2012) ("In her request, Ms. Negin explains that the court should appoint Sewell counsel because it is unlikely that he will be able to engage in effective discovery.

22

Id. at 2. Ms. Negin explains that **preserving valid objections and conducting cross-examinations require legal skills that cannot be performed effectively by a pro se prisoner.** Id. at 3.")

19. Petitioner does not have the legal authority to review blackmail videos. Petitioner cannot review the blackmail videos himself without violating his Supervised Release since the blackmail videos of "judges" and "officials" may constitute pornography or snuff film or both. Petitioner needs legal counsel to review over the videos and that the Federal Prosecution also review over the blackmail videos to determine which "judges" and "officials are in those blackmail videos. The Respondent may actually want to review over the blackmail videos as it will give the U.S. Attorney Office more criminal defendants to file criminal charges against for raping children. It would help bring justice to the victims of child rape and murder to determine who in the blackmail videos are actually raping the children as alleged by Attorney L. Lin Wood. It would fight sexual exploitation of children by such investigations. Attorneys need to be reviewing for both sides of the 2255 case. Appointment of counsel is necessary for the BLACKMAIL SUSPICION GROUND OF <u>GROUND VII</u>. The ones who were blackmailed in the alleged videos after raping a child may have raped more children or may possess child exploitation materials. It would benefit the United States of America to review over all blackmail videos, concerning child rape and murder. This cannot

23

be possible without the appointment of counsel to push initially for the subpoenas and for the testifying of Attorney Lin Wood as described in **paragraph 13** of this Motion and Brief. It would benefit both the Government and the Petitioner in this case for investigation and appointment.

20. Petitioner needs the appointment of counsel, Petitioner needs an officer of the Court for the purposes of evidentiary purposes, subpoenas, and to obtain never before investigated blackmail videos.

21. Petitioner needs the appointment of counsel; Petitioner needs an officer of the Court for the purposes of inquiring on the destruction of biological evidence and destruction of police body-camera footage after Commonwealth Attorney Glen Andrew Hall and Martinsville Police Department had violated the discovery rules in the Commonwealth of Virginia over evidence suppressing, omission, spoliation, and destruction which would have led to a non-guilty outcome in the Supervised Release Violation hearing. Petitioner would not have been revoked had evidence not been destroyed. The cause of the U.S. Attorney Office under Document #157 prosecution is fraudulent since they allowed or condoned or pushed for the destruction of evidence. Biological evidence is the most important evidence, but it is gone forever. Petitioner needs answers and for that he needs counsel. They won't respond to any of his inquiries because Petitioner is not an attorney. Petitioner

24

needs an attorney as an officer of the Court to resolve questions without answers when answers can be easily obtained by counsel.

For all these foregoing reasons, the 2255 Motion Petitioner and criminal Defendant requests that the Court appoint counsel to assist Petitioner in any discovery, evidentiary, witnesses, subpoenas, and any other valid purpose as outlined in paragraphs 1 through 21, and for any other valid purpose outlined in all applicable grounds in the 2255 Motion and Brief / Memorandum of Law. Petitioner is In Forma Pauperis and has always remained In Forma Pauperis throughout the foregoing criminal case. Therefore, Petitioner is qualified to have the assistance of counsel. See Criminal Justice Act, 18 U.S.C. § 3006A(A)(1) or 18 U.S.C. § 3006A(A)(2).

Respectfully filed with the Court, this the 25th day of January, 2022.

Respectfully submitted,

*Brian D. Hill*
Signed
**Brian D. Hill**

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505

Former U.S.W.G.O. Alternative News reporter
I stand with QANON and Lin Wood – Drain the Swamp

I ask Qanon and Lin Wood for Assistance (S.O.S.)
Make America Great Again
JusticeForUSWGO.wordpress.com
USWGO.COM
JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on January 25, 2022, service was made by mailing the original of the foregoing:

"MOTION FOR APPOINTED COUNSEL TO ASSIST IN 2255 CASE – MOTION AND BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on January 25, 2022 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
|---|---|
| U.S. Attorney Office | U.S. Attorney Office |
| Civil Case # 1:17 -cv-1036 | Civil Case # 1: 17 -cv-1036 |
| 101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401 | 101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401 |

| Anand.Ramaswamy@usdoj.gov | angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| | Respectfully submitted, |
|---|---|
| Date of signing:<br><br>January 25, 2022 | *Brian D. Hill*<br>Signed<br>**Brian D. Hill**<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.**<br>I stand with QANON and Lin Wood – Drain the Swamp<br>I ask Qanon and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL



27