IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRIAN DAVID HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:22CV74 |
| ) | 1:13CR435-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Petitioner in this action submitted a Motion (Docket Entry 291) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will direct the United States Attorney to file a Response to the Motion.

Petitioner also filed four other motions. The first Motion (Docket Entry 295) seeks the appointment of a special master because an attorney in Georgia stated that unidentified judges somewhere in this country are being blackmailed into raping and murdering children on video recordings and Petitioner fears that judges in this Court, including the ones handling his case, may be affected. The Motion will be denied because Petitioner's statement is delusional and frivolous and because Petitioner's request meets none of the requirements for the appointment of a special master. See Fed. R. Civ. P. 53(a).

Petitioner's next Motion (Docket Entry 296) seeks to have venue transferred to the Western District of Virginia because Petitioner was on supervised release residing in that district, any violations of the terms of supervised release occurred in that district, the violations

involved breaches of Virginia law, and the Court later transferred jurisdiction of Petitioner's supervised release to that district. Although all of these facts are true, Petitioner's supervision was revoked by this Court and Petitioner seeks to challenge its Judgment (Docket Entry 200) revoking supervision. Venue for a § 2255 motion is proper in the court that issued the challenged judgment. 28 U.S.C. § 2255(a). Petitioner also seeks to have venue transferred based on his delusional blackmail theory which fails for the reasons already noted. No change of venue is appropriate and Petitioner's Motion will be denied.

Petitioner next filed a Motion (Docket Entry 296) seeking an appointment of counsel to aide him in pursuing his § 2255 Motion. In considering this request, the Court notes first that there is no constitutional right to appointed counsel in a habeas case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255"). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not find that appointment of counsel is required by the

2

interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied. Should the Court later determine that discovery or an evidentiary hearing is necessary, or that the interests of justice otherwise require, the Court will appoint counsel at that time.

Finally, Petitioner filed a Motion (Docket Entry 197) seeking to have the Clerk file his pleadings in particular ways. Petitioner presents no adequate reasons supporting such a request, the Motion will be denied, and the Clerk will file any pleadings in accordance with the Court's standard operating procedures.

IT IS THEREFORE ORDERED that the United States Attorney is directed to file a Response to Petitioner's Motion (Docket Entry 291) within sixty (60) days from the date of the entry of this Order.

IT IS FURTHER ORDERED that Petitioner's Motions (Docket Entries 294, 295, 296, and 297) seeking the appointment of a special master, a change of venue, an appointment of counsel, and special filing procedures are denied.

This, the 2nd day of March, 2022.

Joe L. Webster
United States Magistrate Judge