# EXHIBIT 14
## for

For MOTION TO RECONSIDER THE ORDER/JUDGMENT UNDER DOCUMENT #300 DENYING PETITIONER'S DOCUMENT #294: "MOTION FOR APPOINTMENT OF SPECIAL MASTER FOR PROCEEDINGS AND FINDINGS OF FACT OF GROUND VII"; AND DOCUMENT #296: "MOTION FOR APPOINTED COUNSEL TO ASSIST IN 2255 CASE MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION BY BRIAN DAVID HILL."
by Brian David Hill

Case no. 1:13-cr-435-1; civil no. 1:22-CV-00074

Ally of Q, Former news reporter of USWGO Alternative News
JUSTICEFORUSWGO.WORDPRESS.COM



# *VIRGINIA:*

*In the Court of Appeals of Virginia on* Tuesday *the* 1st *day of* March, 2022.

Brian David Hill,                                                                                                                      Petitioner,

against           Record No. 0173-22-3

Commonwealth of Virginia,                                                                             Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges Beales, Athey, and Lorish

Brian David Hill seeks a Writ of Actual Innocence under Chapter 19.3 of Title 19.2 of the Code of Virginia by petition filed on February 3, 2022. Hill contends that he is actually innocent of indecent exposure, for which he was convicted in the General District Court of the City of Martinsville on December 21, 2018. Although Hill appealed the conviction to the Circuit Court of the City of Martinsville, he subsequently withdrew his appeal. By final order entered on November 18, 2019, the circuit court affirmed the judgment of the general district court and ordered Hill to pay court costs. *See* Code § 16.1-133.

Hill asserts he is innocent based on the "unlawful destruction of evidence by the Commonwealth." Specifically, Hill alleges that the Martinsville Police Department and Sovah Hospital destroyed evidence pertinent to his ability to defend against the charge for which he was convicted. Hill also notes the 2020 amendments to the actual innocence statutes relaxing the burden of proof from clear and convincing evidence to a preponderance of the evidence. *See generally Tyler v. Commonwealth*, 73 Va. App. 445, 460-62 (2021) (discussing the change in the burden of proof).

## ANALYSIS

"Code § 19.2-327.10 confers original jurisdiction upon this Court to consider a petition for a writ of actual innocence based on non-biological evidence." *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020) (quoting *Phillips v. Commonwealth*, 69 Va. App. 555, 562 (2018)). "This Court's authority to issue a

writ of actual innocence, however, 'is limited. It can only be exercised "in *such cases* and in *such manner* as may be provided by the General Assembly."'" *Waller v. Commonwealth*, 70 Va. App. 772, 775 (2019) (quoting *In re Brown*, 295 Va. 202, 209 (2018) (quoting Va. Const. art. VI § 1)) (emphasis in original).

"Code § 19.2-327.10 confers original jurisdiction upon the Court of Appeals of Virginia to consider a petition for a writ of actual innocence based on newly-discovered, non-biological evidence filed by any individual 'convicted of *a felony*[.]'" *Turner v. Commonwealth*, 282 Va. 227, 239 (2011) (emphasis added). By authorizing this Court to issue a writ of actual innocence in response to a petition from a person who was convicted of a felony, the General Assembly plainly limited eligibility for the writ to those convicted of felony offenses. "Petitions that fall 'outside of these statutory boundaries,' must be submitted to the Governor of Virginia, who is vested with the power of executive clemency." *Waller*, 70 Va. App. at 775 (quoting *In re Brown*, 295 Va. at 209). Here the record reflects, and Hill expressly pleads, that he was convicted of a misdemeanor offense.

Accordingly, this Court is without jurisdiction to consider Hill's petition for a writ of actual innocence and his petition is summarily dismissed. Code § 19.2-327.10.

A Copy,

Teste:

A. John Vollino, Clerk

By: *Anne Calvin Forsythe*

Deputy Clerk