In the United States District Court
For the Middle District of North Carolina

)
Brian David Hill,        )
Petitioner/Defendant     )
                         )        Criminal Action No. 1:13-CR-435-1
v.                       )
                         )        Civil Action No. 1:22-CV-00074
United States of America,)
Respondent/Plaintiff     )
                         )
                         )

**EMERGENCY MOTION FOR EXTENSION OF TIME OR DELAY THE
TIME FOR THE GOVERNMENT TO RESPOND TO PETITIONER'S
DOCUMENT #291 MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE (PURSUANT TO 28 U.S.C. 2255)**

Criminal Defendant and 28 U.S.C. § 2255 ("2255 Motion") Petitioner Brian

David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant", and "Petitioner") is

respectfully filing this EMERGENCY MOTION requesting that the honorable

U.S. District Court ("District Court") grant this Motion requesting to modify its

order in Document #300 to extend the time for the Government to respond to

Petitioner's DOCUMENT #291 MOTION to Vacate, Set Aside or Correct

Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL; or create a new

order to extend the time for the Government to respond to Petitioner's

DOCUMENT #291 MOTION to Vacate, Set Aside or Correct Sentence (pursuant

to 28 U.S.C. 2255) by BRIAN DAVID HILL. The Government referring to the

1

party: United States of America, counsel is the United States Attorney for the Middle District of North Carolina.

This is pursuant to **Fed. R. Civ. P. 6** ("(b) EXTENDING TIME. (1)In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. (2)Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

Also pursuant to **Fed. R. Crim. P. 45** ("(b) EXTENDING TIME. (1)In General. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect. (2)Exception. The court may not extend the time to take any action under Rule 35, except as stated in that rule.").

1. That there is a justifiable request for delay or extending the time for the Government to respond. That it is not yet ripe for response from the Government or any push for disposition by the Government possibly pushing for any dismissal during pending state criminal case appeal matters directly affecting the pending

2

2255 case and its grounds; as well as pending review by the Governor's Office of Virginia regarding Petitioner's filed request in an application for a pardon to declare Petitioner's Actual Innocence via an Absolute Pardon. As well as Petitioner's plan to file a 2254 Motion after all state remedies are exhausted but filing it prior to the one-year statute of limitations to make it timely filed.

2. Petitioner submits this MOTION and BRIEF / MEMORANDUM OF LAW as to why this motion should be granted.

## BRIEF / MEMORANDUM OF LAW IN SUPPORT OF MOTION

3. The deadline for the Government to respond to Petitioner's Document #291 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL is set for May 1, 2022.

4. The 2255 Motion under Document #291 has asserted a GROUND of "Actual Innocence – Legal Innocence" which that timely filed 2255 Motion had asserted for Actual Innocence regarding Documents #156, #157, and #158 which ended in the criminal judgment of conviction under Document #200. Document #200 judgment of conviction is what the 2255 Motion is challenging and asking for vacatur of or setting aside the judgment as erroneous and/or unconstitutional and/or illegal.

3

5. The entire basis for that conviction being challenged by the Petitioner's 2255 Motion was the supervised release violation (Doc. #156, #157, #158) caused by the criminal charge filed by the Commonwealth of Virginia and City of Martinsville in the General District Court for the City of Martinsville on September 21, 2018. That charge was for Petitioner's alleged violation of Virginia Code § 18.2-387. Indecent exposure. Because the supervised release conditions of Brian David Hill have to be complied with, and one such condition were that he does not violate a state criminal law, federal criminal law, or local criminal law. See page 3 of 6 in Document #54 Judgment for "SUPERVISED RELEASE": "The defendant shall not commit another federal, state, or local crime." (Citations omitted) So, whether Petitioner had violated or had not violated Virginia Code § 18.2-387 is relevant to the entire 2255 case as well as the substance and basis of this 2255 case under Document #291 for all intents and purposes. The General District Court did make a finding of "guilty" on the trial date of December 21, 2018. Normally those courts are not courts of record and normally find people guilty as they are not constitutionally the state courts of record. They are sometimes referred to as "cop courts" or "police courts". Petitioner had appealed the guilty verdict to the Circuit Court for the City of Martinsville which had vacated that guilty verdict under Trial De Novo to the State Court of record. The jury trial was requested by the Commonwealth's Attorney aka the Virginia's

4

version of the District Attorney for the district of Martinsville, Virginia. Jury trial was not requested by the Petitioner but by the Commonwealth Attorney, so the District Court should not have held it against Petitioner that a jury trial was scheduled for December 2, 2019, at around the time of the revocation hearing on September 12, 2019. Petitioner had withdrawn appeal due to multiple issues. However, he did maintain his innocence similar to that of an Alford Plea. If the U.S. Attorney is willing to tell the truth here in this 2255 case, when the Petitioner had filed his motion to withdraw appeal in the Circuit Court, he asked the Circuit Court to allow him to preserve the right to collateratlly attack his conviction at a later time and to preserve his legal right to prove actual innocence to overturn his indecent exposure conviction which was caused by withdrawing his appeal. The Circuit Court had in record no change of plea to guilty when he had withdrawn appeal. He had maintained his innocence when he withdrawn appeal.

6. Federal Courts have no jurisdiction in interpreting or making judgments with usage of State Laws or have limited jurisdiction in interpreting or making judgments with usage of State Laws and making judicial decisions of State laws. They normally exercise comity and judicial restraint when dealing with a pending state court matter to not interfere with the state's judicial and governmental process. Usually, Federal Courts exercise judicial restraint in constitutional situations to protect a criminal defendant's right to a trial by jury or Trial De Novo

5

which did not happen in the year 2019 in the District Court for whatever the reason is. They don't usually insist on expeditiousness upon a justifiable request for delay. Morris v. Slappy, 461 U.S. 1, 11-12 (1983) ("only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. Ungar v. Sarafite, 376 U.S. 575, 589 (1964).").

7. The State Court's appellate process is still ongoing with multiple post-conviction remedies requests denied but pending appeals of right and one Petition for Appeal. These requests are in regard to newly admissible evidence which was not admissible previously by law. Evidence which was not admissible in 2018 when Brian Hill was arrested for the charge of Virginia Code § 18.2-387. Indecent exposure. Evidence which was not admissible in 2019 when the jury trial was scheduled.

8. With the passage of Virginia Code § 19.2-271.6. in the year of 2021, evidence which could not have been used to acquit Brian David Hill or exonerate Brian David Hill's innocence claim of the criminal charge of violating Virginia Code § 18.2-387 can now be used with the passage of this new law due to the change of legal admissibility of evidence. Admissibility of evidence involving the Petitioner's (1) psychosis (Document #221-8, Page 6 of 8) diagnosis at or around

6

or material to the time of the alleged offense, (2) Autism Spectrum Disorder, and (3) Obsessive Compulsive Disorder).

9. The Petitioner had filed a Petition for the Writ of Actual Innocence in the Court of Appeals of Virginia (CAV) on February 3, 2022. It was filed under CAV case no. 0173-22-3.

10. This District Court quickly made a rash decision on March 2, 2022, in its Document #300 order ordering the Government to have 60 days to respond to Petitioner's 2255 Motion by the date of May 1, 2022, the day after the Court of Appeals of Virginia summarily dismissed the 0173-22-3 Petition on March 1, 2022. The actual innocence petition was not dismissed due to lack of merit. The actual innocence petition was not dismissed due to no merit. It was only dismissed due to lack of jurisdiction under the Virginia statute strictly only allowing "Actual Innocence" petitions for felony convictions and does not cover misdemeanor convictions. The order and opinion had stated that Petitioner's only avenue of relief may be the Governor's Office asking for an Absolute Pardon declaring somebody actually innocent of a crime.

11. Petitioner timely appealed the decision to the Supreme Court of Virginia (SCV), and the Clerk docketed that case under record no. 220186. Petitioner can submit a copy of his filed Petition for Appeal to this Court upon request as to the basis for why his Petition for the Writ of Actual Innocence should not have been

7

summarily dismissed by the CAV for a mere statutory technicality with the risk of miscarriage of justice through the revocation #200 conviction on the record for a crime which Petitioner may be actually innocent of. Hopefully the Supreme Court of Virginia recognizes that the summary dismissal of an actual innocence claim on some legal technicality is a miscarriage of justice. State Supreme Courts don't always follow the exact case law of the U.S. Supreme Court. Hopefully they will make a similar decision as the U.S. Supreme Court with the Actual Innocence exception to a procedural default.

12. The grounds for his appeal petition is asking that the Supreme Court of Virginia grant the petition for appeal and allow perfecting the appeal. The assignments of error are cited here from the record of what was filed:

Citation of filed Petition for Appeal, SCV record no. 220186:

"i. The Court of Appeals erred by entering the Final Judgment dismissing the Writ Petition (JA1, Pages 4843 through 4844) as a matter of law or abused discretion by dismissing the Writ Petition when the Court does have jurisdiction to consider the Petition on its merits. It was premature and the Virginia Constitution requires that the Court consider that Writ Petition instead of dismissing it."

"ii. The Court of Appeals erred by entering the Final Judgment dismissing the Writ Petition (JA1, Pages 4843 through 4844) as a matter of law or abused discretion by dismissing it when the Court does have jurisdiction because it is erroneous in fact as well as law to convict somebody who is actually innocent"

"iii. The Court of Appeals erred by entering the Final Judgment dismissing the Writ Petition (JA1, Pages 4843 through 4844) as a matter of law or abused discretion by dismissing it when the Court does have jurisdiction under its inherit legal powers to deter Frauds on the Court;

8

and to correct errors and untruthful/dishonest prosecution by the Commonwealth of Virginia."

(Partial citation of entire Petition for Appeal)

13. The Petitioner had filed an application requesting an Absolute Pardon from the Governor of Virginia and such application had been filed on October 16, 2019. It is still on review status and is awaiting a decision.

14. The Governor's Office and the Secretary of the Commonwealth have not yet made a decision on the Petitioner's application requesting an Absolute Pardon. They may not act on this request for an absolute pardon while there are pending appeals in the State appellate Court process concerning the criminal case specified in the application for that type of pardon. They will usually only act to make a final decision on granting a request for an Absolute Pardon after all appeals are exhausted.

15. In 2022, the Petitioner had filed two post-conviction motions in the Circuit Court for the City of Martinsville who had been the Trial De Novo Court over the appeal prior to Petitioner withdrawing appeal while asking the Court to preserve his right to collaterally attack his conviction and be allowed to prove his actual innocence to his charge and conviction at a later time. Even though Brian Hill is not declared a psychic, he did write in his Motion to Withdraw Appeal in 2019 about asking the Circuit Court to preserve his right to prove his actual

9

innocence and preserve his right to collateral attack as well, all in his Motion to Withdraw Appeal. That was two years before the 2021st passage of Virginia Code § 19.2-271.6. "Evidence of defendant's mental condition admissible; notice to Commonwealth." Which opened up Petitioner's opportunity to collaterally attack his wrongful conviction on newly admissible evidence, not admissible previously.

16. First post-conviction motion was filed on January 20, 2022, entitled the "MOTION FOR JUDGMENT OF ACQUITTAL BASED UPON NEW EVIDENCE WHICH COULD NOT BE ADMISSIBLE AT THE TIME OF CONVICTION; NEW EVIDENCE OF SPOLIATION OF EVIDENCE COMMITTED BY COMMONWEALTH OF VIRGINIA; REQUEST FOR SANCTIONS AGAINST COUNSEL GLEN ANDREW HALL, ESQUIRE (OFFICER OF THE COURT) FOR VIOLATING COURT ORDERS FOR NOT TURNING OVER BODY-CAMERA FOOTAGE AND IT IS LIKELY DESTROYED AND BIOLOGICAL EVIDENCE OF BLOOD VIALS OBTAINED ON DAY OF CHARGE, ALSO LIKELY DESTROYED". It was denied on February 10, 2022, and said in its order that the motion was being construed as a "Petition for the Writ of Actual Innocence" and claimed they had no jurisdiction and did not make the denial of that motion on the basis of its merits. It was timely appealed and appealed as a matter of right. Under CAV case no. 0290-22-3. Appeals of right differ from Petitions for Appeal requesting perfecting of the

10

appeal in Virginia Appeals Courts including the Supreme Court of Virginia. The record has not yet been received for that appeal of right to have commenced. Appeal opening briefs are not to be entered until a set deadline after the CAV receives the Record on Appeal.

17. Second post-conviction motion was filed on February 11, 2022, entitled the "MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL BASED UPON NEW EVIDENCE WHICH COULD NOT BE ADMISSIBLE AT THE TIME OF CONVICTION; NEW EVIDENCE OF SPOLIATION OF EVIDENCE COMMITTED BY COMMONWEALTH OF VIRGINIA; REQUEST FOR SANCTIONS AGAINST COUNSEL GLEN ANDREW HALL, ESQUIRE (OFFICER OF THE COURT) FOR VIOLATING COURT ORDERS FOR NOT TURNING OVER BODY-CAMERA FOOTAGE AND IT IS LIKELY DESTROYED AND BIOLOGICAL EVIDENCE OF BLOOD VIALS OBTAINED ON DAY OF CHARGE, ALSO LIKELY DESTROYED". A letter was submitted directly to the Judge Giles Carter Greer (Note: it was not ex-parte since the Commonwealth Attorney received a copy) informing him that it is not a Petition for the Writ of Actual Innocence. References to "Writ of Actual Innocence" was removed from this newer motion and had asked for a new trial if not acquittal. It was denied on February 22, 2022, under the Judge asserting again that they had no jurisdiction to consider the motion on its merits. It was timely

11

appealed and appealed as a matter of right. Under CAV case no. 0289-22-3. The record has not yet been received for that appeal of right to have commenced. Appeal opening briefs are not to be entered until a set deadline after the CAV receives the Record on Appeal.

18. The appeals are ongoing. Two appeals as a matter of right and are treated differently than the process for submitting a Petition for Appeal. Petitioner is confident that he can get those judgments of denying at least one motion or both motions overturned on appeal. That is with the case law which newly discovered evidence or newly admissible evidence usually allows a Court the jurisdiction or justification for a new trial. If a new trial is ordered by order and remand from the Court of Appeals of Virginia or the Supreme Court of Virginia, then there is no conviction with a new trial until a verdict is reached or a case is dismissed. This Court should exercise judicial restraint in this 2255 case until after a new verdict of guilty or not guilty if the appeal(s) are successful. The rule which was used in those motions was Rule 3A:15 of the Supreme Court of Virginia, governing motions for new trial or judgment of acquittal.

19. The case law standard as high as the Supreme Court of Virginia ruled that a new trial can be ordered, and the conviction vacated if the new evidence was evidence that could not have been produced at the trial. Petitioner believes that factor has been met and favorable to Petitioner as the evidence was not admissible

12

until the new Virginia law in 2021. Brian withdrawn appeal in November 2019. The jury trial was scheduled for December 2, 2019. The jury would not been legally able to hear this evidence and could not take any of it into consideration. See Coleman v. Commonwealth, No. 0993-20-2, 7 (Va. Ct. App. Oct. 5, 2021) ("The party moving for a new trial based on after-discovered evidence has the burden to establish that such evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative[, ] or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial. Id. (quoting Odum v. Commonwealth, 225 Va. 123, 130 (1983)). Here, the court determined that appellant failed to satisfy the "materiality" requirement of the Odum test. Appellant was required to prove that the evidence he produced in support of the motion was "material, and such as should produce opposite results on the merits at another trial." Odum, 225 Va. at 130. See also Mundy v. Commonwealth, 11 Va.App. 461, 481 (stating that a new trial is only granted "when it appears that the newly discovered evidence has sufficient probative weight to produce a different result on retrial"), aff'd on reh'g en banc, 11 Va.App. 461 (1990).").

20. Petitioner will bring up this ground cited in paragraph 19 and promises this Court and the U.S. Attorney that he will bring up the new trial case law

Case 1:13-cr-00435-TDS   Document 309   Filed 04/20/22   Page 13 of 26

specified in paragraph 19 of this Motion and Brief. It is new evidence because the Circuit Court did not consider it legally admissible as evidence which meant the Circuit Court at the time of the scheduled jury trial cannot treat inadmissible evidence as evidence, period. New evidence of Brian's mental condition at the time of the alleged offense charge on September 21, 2018. Mental condition such as (1) psychosis which explained why Brian David Hill's statements made to the officer was not believed by Officer Robert Jones (note: who testified at the Supervised Release Violation final hearing, See Document #186, EXHIBIT AND WITNESS LIST). However, this "psychosis" was not the usual diagnosis and was not diagnosed of Petitioner at any other time. However, the diagnosis from forensic psychiatrist Dr. Conrad Daum of Piedmont Community Services, was close to after the time of the alleged offense on September 21, 2018. It was regarding Brian Hill's claims about a guy in a hoodie threatening Petitioner with his mother being killed if he did not take his clothes off and take photos of himself in the nude. Petitioner was not diagnosed with a "psychosis" at any other period of time. Along with Autism Spectrum Disorder and Obsessive Compulsive Disorder; it is clear that Brian David Hill did not have the intent necessary to convict Petitioner of indecent exposure.

21. That statute provides, in relevant part, that "[e]very person who **intentionally** makes an **obscene** display or exposure of his person, or the private

14

parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor." Va. Code § 18.2-387 (emphases added).

22. The new Virginia law § 19.2-271.6. provides, in relevant part, that "B. In any criminal case, **evidence offered by the defendant concerning the defendant's mental condition at the time of the alleged offense, including expert testimony, is relevant**, is not evidence concerning an ultimate issue of fact, and **shall be admitted if such evidence (i) tends to show the defendant did not have the intent required for the offense charged...**" (citation omitted).

23. Even if Virginia Code § 19.2-271.6 cannot apply in Federal Court proceedings, the Supervised Release Violation charge by the U.S. Probation Office under Documents #156, #157, and #158 must take notice that Brian David Hill may not have engaged in the commission of the crime on September 21, 2018, as originally charged. He did not engage in the commission of the crime because he did not have the intent necessary to have engaged in the commission of a crime. Referring to Va. Code § 18.2-387. This is not some legal interpretation to slide away from the law. The law says, "**whoever intentionally**", "makes an **obscene** display or exposure of his person...". The new evidence when that evidence of Petitioner's autism and psychosis was previously inadmissible in a jury trial further proves that Brian David Hill has new evidence showing any reasonable trier of fact

15

that he did not have any intent to commit an actus reus without any justification, excuse, or other defense. Carbon monoxide exposure in the home (Document #221-16, Page 3 of 3) at the time of the alleged offense, autism, psychosis, and OCD. Diabetes as well, all played a role in Petitioner's behavior on September 21, 2018, and he had not exhibited a behavior like that since then. He had not been charged with indecent exposure since that point in time (Sept. 21, 2018).

24. With the complexity of this case, it is premature for the Government to file a response by May 1, 2022. The Constitutionality and issues of Federal Courts needing to exercise judicial restraint and comity to the State Court process for the timely filed 2255 Motion makes the interest of justice far outweigh the need for an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.

25. The Governor of Virginia may also be faxed a copy of this motion or Roberta Hill may email to the Governor of Virginia a copy of this motion. To notify the Governor as to the situation whether this Court grants or denies this motion, the need to consider granting the request for an Absolute Pardon or weigh heavily on the need to consider the application for a pardon to prevent this Court from potentially and wrongfully dismissing Petitioner's 2255 Motion case. There does not need to be a grave miscarriage of justice on an innocent man.

16

26. Giving the U.S. Attorney only 60 days to respond puts them in a position where they may have the opportunity to potentially file a motion to dismiss again (like in Doc. #141) knowing that Brian David Hill may be found actually innocent of the commission of a crime on September 21, 2018, by either a Court of Law or by Executive decree of the Governor of Virginia. Brian David Hill should be allowed to prove in the Commonwealth of Virginia that he did not engage in the commission of a crime on September 21, 2018, warranting that the 2255 Motion and case started by Document #291 does have merit and enough merit to require granting that motion regardless of what the U.S. Attorney argues in rebuttal.

27. This motion accompanies a "MEMORANDUM OF STELLA FORINASH AND KENNETH FORINASH IN FAVOR OF ACTUAL INNOCENCE OF BRIAN DAVID HILL; IN SUPPORT OF WHY BRIAN DAVID HILL SUSPECTS BLACKMAIL OF "JUDGES" AND "OFFICIALS"; AND IN SUPPORT OF GROUND VI - UNCONSTITUTIONAL INTERFERENCE WITH THE STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE UNITED STATES CONSTITUTION; AND IN SUPPORT OF 2255 MOTION (DOC. #291)". It was not insisted to be filed by Brian David Hill, but Stella Forinash and Kenneth Forinash put together multiple evidence documents to be

17

filed by Brian David Hill at their request. Petitioner will file this and is projected that their evidence documents are at a total of 261 pages for the Affidavit by Stella Forinash, and legal writings and evidence prepared by both Stella and Kenneth Forinash. The memorandum page without the evidence attachments is only eight pages referencing and indexing the evidence memorandum attachments. The Government will need a lot of time to respond to this memorandum as well. They have a right and should have an opportunity to respond to Stella Forinash and Kenneth Forinash and their affidavit filings. The pleading has 10 attachments. The Government should at least have an additional 60 days to respond to the Stella and Kenneth Forinash evidence memorandum filed by Brian David Hill.

28. With the Anti-Terrorism and Effective Death Penalty Act (AEDPA) and the one-year statute of limitations, Petitioner could not have waited until the State appeals have concluded prior to filing the 2255 Motion under Document #291. The state appeals do shape and finalize the facts of "Actual Innocence' at stake in the pending 2255 case. The 2255 case had to be filed prior to the one-year statute of limitations, regardless of the state appeals. The state appeals and the Governor will shape the facts of whether Brian David Hill is actually innocent of his charge on September 21, 2018. It will be the deciding factor of whether Brian David Hill had engaged in the commission of a crime or not on September 21, 2018. At issue in the judgment of conviction rendered on October 7, 2019, in Document #200. There

18

was no other crime charged. No other crime accused of. The only alleged "commission of a crime" was violation of Virginia Code § 18.2-387. Indecent exposure. If Brian Hill is found innocent of violation of Virginia Code § 18.2-387 then he did not engage in the commission of a crime and must be acquitted by this Court of the supervised release violation charge regardless of what the Government argues in response to Petitioner's 2255 motion.

29. Petitioner asks for a delay or continuance in the Government responding to the 2255 Motion case. In at least 60 days if not 120 days. Delay is necessary and the Appeals must be allowed to have been exhausted to develop the facts surrounding the Actual Innocence of Petitioner as one of his asserted grounds in his 2255 Motion (See Document #291, Page 8 of 33, GROUND FOUR).

30. Last but not least. The Document #301 Motion to Reconsider the Document #300 Order was not disputed and was not contested by the Government. See Document #301 and letter addressing this issue in Document #306 LETTER TO U.S. DISTRICT COURT, ATTN: The Honorable Magistrate Joe L. Webster. That motion also requested that the Government not respond yet and/or that the motions which were denied should have been granted. "Response to" #301 "Motion due by 4/1/2022" and there were no responses to the Document #301 Motion.

19

# CONCLUSION

For all of the foregoing reasons, the 2255 Petitioner and criminal Defendant requests that the District Court conduct the following:

1. Modify the #300 Order or creating a new order with additional days delayed for the Government to respond to Petitioner's #291 2255 Motion;

2. Extend the time for the Government to respond to Petitioner's #291 2255 Motion;

3. Delay a response from the Government indefinitely until all remaining state appeals are exhausted;

4. Delay a response from the Government indefinitely until the Governor's Office of the Commonwealth of Virginia makes a final decision on the Actual Innocence of Brian David Hill on September 21, 2018;

5. That the District Court should consider delaying the Government from responding in at least 60 days if not 120 days with the nature of the pending post-conviction motion denial appeals of right and petition appeal;

6. That the District Court should consider delaying the Government from responding in at least 60 days if not 120 days to give them additional time to review over Stella Forinash's and Kenneth Forinash's new memorandum

20

evidence filing submitted by Brian David Hill and be able to respond to that
as well with more time;

7. Grant Petitioner Brian David Hill any other relief as this Court deems

appropriate or proper or just.

Respectfully filed with the Court, this the 19th day of April, 2022.

Respectfully submitted,

$Brian\ D.\ Hill$
Signed

**Brian D. Hill**

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
https://youtu.be/zR-7YLVp5uQ -- JusticeForUSWGO.wordpress.com
USWGO.COM // JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon
the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court
shall issue and serve all process, and preform all duties in such cases. Witnesses
shall attend as in other cases, and the same remedies shall be available as are
provided for by law in other cases". Petitioner requests that copies be served with
the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic

21

Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF COMPLIANCE

1.  Pursuant to Local Rule 7.3(d): This Motion and brief complies
    with type-volume limits (contains no more than 6,250 words),
    excluding the parts of the document exempted by Local Rule
    7.3(d) (caption, signature lines, certificate of service, and any cover
    page or index are not included):

    [ X ] this brief contains [*4,806*] words.

Dated: April 19, 2022



Brian D. Hill

Signed



Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on April 19, 2022, service was made by mailing the original of the foregoing:

"EMERGENCY MOTION FOR EXTENSION OF TIME OR DELAY THE TIME FOR THE GOVERNMENT TO RESPOND TO PETITIONER'S DOCUMENT #291 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (PURSUANT TO 28 U.S.C. 2255)"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on April 19, 2022 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
|---|---|
| U.S. Attorney Office | U.S. Attorney Office |
| Civil Case # 1:17 -cv-1036 | Civil Case # 1: 17 -cv-1036 |
| 101 South Edgeworth Street, 4th | 101 South Edgeworth Street, 4th |
| Floor, Greensboro, NC 27401 | Floor, Greensboro, NC 27401 |
| Anand.Ramaswamy@usdoj.gov | angela.miller@usdoj.gov |
| JOHN M. ALSUP | |
| U.S. Attorney Office | |
| 101 South Edgeworth Street, 4th | |
| Floor, Greensboro, NC 27401 | |
| john.alsup@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| | Respectfully submitted, |
|---|---|
| Date of signing:<br><br>April 19, 2022 | Brian D. Hill<br>*Signed*<br>**Brian D. Hill**<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com

JusticeForUSWGO.NL; https://youtu.be/zR-7YLVp5uQ

 

# THE DOCUMENTARY SERIES OF
## THE FRAUDS AND FRAME UPS
## BY THE UNITED STATES DEPARTMENT OF [IN]JUSTICE
## (FAMILY PRODUCTION COMMITTEE)
## U.S. GOVERNMENT CHILD PORN PLANTING WARS
## CHILD PORN IS A [WEAPON] OF POLITICS

 **FEDERAL PORN WARS – Part 1: Frame Ups of Series of Series – DOCUMENTARY at JusticeForUSWGO.wordpress.com**
https://youtu.be/qdR7Zglxrtw

 **FEDERAL PORN WARS – Part 2: Judicial Corruption of Series of Series – DOCUMENTARY at JusticeForUSWGO.wordpress.com**
https://youtu.be/Ujwz6ytSfH8

 **FEDERAL PORN WARS – Part 3: BLACKMAIL of Series – DOCUMENTARY at JusticeForUSWGO.wordpress.com**
https://youtu.be/zR-7YLVp5uQ

**RAMASWAMY KNOWS THAT THE FEDERAL GOVERNMENT LOVES CHILD PORN BECAUSE IT IS THE PERFECT WEAPON OF POLITICAL WARFARE, PLANTING CHILD PORN TO DESTROY ANYBODY THEY WISH.**