IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN DAVID HILL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:13CR435-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

<u>GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and files this response to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Petitioner filed the present § 2255 Motion on January 27, 2022. (Docket "Dkt." #291). In his motion, he sets forth eleven claims that his supervised release revocation was improper. Petitioner's motion should be dismissed in part and denied in part. Four claims were previously raised on direct appeal and thus are not appropriately addressed in this § 2255 motion under the law of this Circuit. As to the remaining claims, Petitioner's motion should be denied because these claims are either procedurally defaulted, and the

Petitioner cannot overcome this, or they are meritless. Accordingly, Petitioner's § 2255 Motion should be dismissed in part and denied in part.

## Prior Proceedings

A grand jury for the Middle District of North Carolina returned an indictment against Petitioner for a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), possessing child pornography of a prepubescent minor under 12 years of age. (*See* Dkt. #1). Petitioner ultimately pleaded guilty to the indictment on June 10, 2014. (Dkt. dated 06/10/2014). The Court sentenced him to 10 months and twenty days in the custody of the Bureau of Prisons, followed by a term of 10 years of supervised release. (Dkt. #54).

In April 2015, the United States Probation Office filed a report alleging one violation of Petitioner's supervised release, involving his conduct towards the probation officer. (Dkt. #51). The district court did not revoke Petitioner's supervised release but continued him on supervision. (Dkt. #122).

In November 2018, the United States Probation Office filed another violation report alleging one violation of Petitioner's supervised release – for new criminal conduct in Virginia. (Dkt. #157). At a hearing on September 12, 2019, the district court revoked Petitioner's supervised release. (Dkt. dated 9/12/2019, Dkt. #186). Petitioner was sentenced to serve nine months in the custody of the Bureau of Prisons, followed by nine years of supervised release. (Dkt. #200). Following his revocation, Petitioner appealed to the Fourth

2

Circuit, which affirmed the district court's ruling on October 16, 2020. (Dkt. #257, 258). Petitioner subsequently petitioned the Fourth Circuit for a rehearing *en banc*, which was denied on November 17, 2020. (Dkt. #259, 269). Petitioner filed a petition for a writ of certiorari with the Supreme Court, which was denied on February 23, 2021. (Dkt. #276). Petitioner then filed the present § 2555 Motion on January 27, 2022.[1] (Dkt. #291).

## Discussion

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 184-86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Timmreck*, 441 U.S. 780 (1979). A collateral challenge "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless Petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d

---

[1] Petitioner has filed numerous other documents in his case, but for brevity, the Government's summary of the procedural posture relates solely to relevant filings as pertain directly to Petitioner's § 2255 on his supervised release judgment.

3

270, 280 (4th Cir. 2010); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

A motion for relief pursuant to 28 U.S.C. § 2255 must normally be brought within one year of the date that the petitioner's judgment became final, with narrow exceptions. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, Petitioner's instant motion is timely as it was filed within a year of the finality of his judgment when the Supreme Court denied certiorari on February 23, 2021. (*See* Dkt. #276, 291).

Nonetheless, even when considered, his claimed are barred and meritless. His motion should be denied and dismissed.

I.    Claims One, Two, Three, and Six were Previously Raised on Appeal and Should be Denied and Dismissed.

Petitioner's first three claims in his § 2255 motion are: (1) the district court erred in finding his supervised release violation by a preponderance of the evidence, rather than a jury finding it beyond a reasonable doubt; (2) there was insufficient evidence to find Petitioner violated the terms of his supervised release; and (3) the district court erred in denying Petitioner's motion to continue his supervised release hearing until his state appeal was resolved. (Dkt. #291, at pp. 4-7). In addition, while his sixth claim is styled as an "unconstitutional interference with the state court process," it is the same general argument as contained in the third claim – that the district court

4

should have allowed Petitioner's state appeal to resolve before it handled Petitioner's supervised release violation hearing. (Dkt. #291 at p. 14; Dkt. #292 at p. 113-126).

These claims should be denied and dismissed because they have been previously litigated on appeal and therefore are barred from being raised in a subsequent § 2255 proceeding. (Dkt. #291). Claims raised on direct appeal may not be renewed as a basis for collateral relief. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Petitioner, in his direct appeal of the supervised release revocation, argued three issues to the Fourth Circuit: (1) the district court erred by conducting the supervised release revocation hearing without a jury and by applying the preponderance of the evidence standard rather than the beyond a reasonable doubt standard to revoke Petitioner's supervised release; (2) there was insufficient evidence to find Petitioner violated Virginia Code § 18.2-387, and therefore, insufficient evidence that he had violated the terms of his supervised release; and (3) the district court erred in denying Petitioner's motion to continue his supervised release violation hearing until the underlying state charge was resolved. *See* Brief of Appellant, at 2, *United States v. Hill*, 831 F. App'x 69 (4th Cir. 2020) (No. 19-4758). The Fourth Circuit

denied each of these arguments on appeal. *See United States v. Hill*, 831 F. App'x 69 (4th Cir. 2020) (unpublished).

As to Petitioner's first argument, the Fourth Circuit concluded that the district court properly found that Petitioner was in violation of the terms of his supervision by preponderance of the evidence, and that such violations need not be found by a jury beyond a reasonable doubt. *Id.* at 70. Further, the court concluded that "the district court did not abuse its discretion in revoking Hill's supervised release when it determined that the Government established, by a preponderance of the evidence, that Hill intentionally violated the Virginia statute and that his conduct was obscene." *Id.* Finally, the Fourth Circuit ruled on the same question presented now concerning Petitioner's motion to continue his supervised release hearing, reasoning that the district court did not need to grant the motion to continue in light of the pending appeal of Petitioner's Virginia conviction. *Id.* at 71. Thus, each of Petitioner's first three claims, and his sixth claim, in this § 2255 motion have been resolved as part of a direct appeal. They cannot be recast under § 2255 and as such, these claims should be denied and dismissed.

6

II.    Petitioner's Remaining Claims Should be Denied or Dismissed.

   A. Claims Four and Ten, which Petitioner Contends Demonstrate "Actual Innocence," Should be Denied.

Petitioner's fourth claim, much like the tenth claim, is styled as an assertion of "actual innocence." It is not. Petitioner makes a number of allegations, many incorporating his first, second, and third arguments in this § 2255 Motion and several arguing that his *Brady* and *Giglio*[2] rights were violated because the Martinsville Police Department <u>could</u> have done a number of things to determine whether Petitioner was poisoned by carbon monoxide and that the department allegedly destroyed body camera footage. (Dkt. #292, pp. 91-108). However, to the extent that this claim is not otherwise barred because the substance of which has previously been raised on appeal, there is no merit to Petitioner's contention.

As to any argument concerning a *Brady* or *Giglio* violation, in order to secure relief under *Brady*/*Giglio*, a defendant must: "(1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed

---

[2] Referencing *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). However, there is little case law on whether *Brady* applies to supervised release violations. *Compare United States v. Mitchell*, 2009 WL 5201853, at *2 (W.D.N.C. Dec. 22, 2009) (assumed without discussion that *Brady* applies at a supervised release revocation proceeding), *with United States v. Garreau*, 558 F. Supp. 3d 794 (S.D. Sept. 3, 2021) (concluding that *Brady* rule does not apply in post-conviction revocation proceedings and therefore no need for the court to enter orders reminding the prosecution of its duty under *Brady*.).

7

the evidence; and (3) demonstrate that the suppression was material. The burden of proof rests with the defendant." *United States v. King*, 628 F.3d 693, 701-02 (4th Cir. 2011) (citations omitted). Evidence is "material" if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. *Cone v. Bell*, 556 U.S. 449, 469-70 (2009) (internal citation omitted). A "reasonable probability" is "a probability sufficient to undermine the confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (internal citation omitted).

In this case, the Petitioner cannot carry his burden of establishing a constitutional violation. The Government did not suppress materially favorable evidence in this case. The Petitioner cannot establish the existence of evidence favorable to him – that the Government suppressed it or that the evidence was material. Petitioner merely speculates and offers assertions about what the Martinsville Police Department should or could have done – that they should have made the hospital draw his blood and then test it for carbon monoxide levels and they allegedly destroyed body camera footage. What the Martinsville Police Department should or could have done is not proof of evidence in existence that is favorable to the Petitioner and not a *Brady* violation. An essential element of a *Brady* or *Giglio* claim is that the government suppressed the evidence. The government cannot suppress information it does not have in its possession. *See Spicer v. Roxbury Corr. Inst.*,

194 F.3d 547, 567 (4th Cir. 1999) (citing *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975) ("*Brady* clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess.")); *United States v. Hsieh Hui Mei Chan*, 754 F.2d 817, 824 (9th Cir. 1985) (government "has no duty to volunteer information that it does not possess or of which it is unaware.").

Finally, even if the Government had suppressed favorable impeachment evidence in its possession, this Court should still deny the Petitioner's motion because he has not carried his burden to show materiality. Evidence is "material" within this context if there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings would have been different. The district court considered the substance of the underlying state conviction, saw the photographs the Petitioner took of himself nude and in a public space, heard but gave no weight to the Petitioner's evidence from his mother about carbon monoxide poisoning, and found the Petitioner in violation of his supervised release for having committed criminal conduct. (Dkt. #215, at pp. 59-61, 72-75). Further, the Fourth Circuit affirmed. (Dkt. #257). Thus, Petitioner's fourth claim should be denied because it is entirely without merit.

As to his tenth claim, Petitioner contends that there was evidence not admitted at the supervised release violation hearing which should have been and would have supported his claim of innocence. (Dkt. #292, pp. 173-78). This

9

argument is procedurally defaulted because Petitioner did not raise it on direct appeal. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Petitioner cannot overcome this default when he presented these arguments to the Court during his supervised release violation hearing and through various filings. (*See* Dkt. #152 – 155, 163 – 165, 178 – 179, 181; Dkt. #215, Transcript of SRV Hearing, at pp. 60-62, 74- 82, 84-86, 91, 98-99).

Even if this Court were to consider the claim on the merits, it should nonetheless be denied. Petitioner presented these arguments concerning his innocence of the state conviction, both through witness testimony, arguments of counsel, and his own statement. (Dkt. #215, Transcript of SRV Hearing, at pp. 37-55, 57-59, 70-72). The district court considered all of the evidence put before it, and by a preponderance of the evidence, determined that Petitioner violated the terms of his supervised release by committing new criminal conduct. (*Id.* at pp. 59-61). The judgment of the district court was then upheld by the Fourth Circuit. (Dkt. #257). This issue is well-settled and Petitioner presents no new or novel arguments about his innocence that would otherwise warrant consideration on the merits by this Court. This claim should be denied.

B. Claim Five, Entitled "Fraud on the Court," Should be Dismissed as Procedurally Defaulted or Denied on the Merits.

As to claim five specifically, which is titled "Fraud on the Court," this claim contains baseless allegations concerning the prosecution of this matter, namely that the prosecutor "knew the laboratory tests were destroyed or never completed by the Hospital or Martinsville Police or both" and that the prosecutor knew that body camera footage had been destroyed in Petitioner's state case. (*See* Dkt. #292, Memorandum by Brian David Hill, pp. 108-113).[3] Any such allegations of prosecutorial misconduct were not raised on direct appeal of the supervised release judgment, but instead raised in separate collateral filings with the district court, which were subsequently denied. (*See* Dkt. #206, 268). A failure to raise a claim on direct appeal means that it is procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986). Thus, Petitioner's fifth claim should be denied as procedurally defaulted.

To overcome procedural default, Petitioner bears the burden of showing either: (1) "cause" for the default *and* "actual prejudice" or (2) that he is actually innocent. *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). First, "cause for

---

[3] These allegations were originally filed in Dkt. #206, entitled "Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor," which was subsequently denied by the district court in November 2020. (*See* Dkt. #268).

a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). Petitioner also cannot demonstrate actual prejudice. To establish prejudice sufficient to excuse procedural default and obtain collateral relief, Petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

Here, Petitioner fails to meet his burden. Petitioner would have known about these allegations of "fraud" at the time of his direct appeal (as is evidenced by his collateral filings in Dkt. #206) and could have raised them there. As a result, Petitioner cannot establish cause and prejudice sufficient to overcome procedural default when he clearly knew of these arguments he wished to make and did not raise them on direct appeal of his supervised release judgment.

Further, Petitioner cannot demonstrate actual innocence, "to establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623–

12

24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Here, the district court heard evidence on his conduct and found him in violation of the terms of his supervised release, which was affirmed by the Fourth Circuit. (Dkt. dated 9/12/2019, Dkt. #186, 257, 258). Thus, this claim is procedurally defaulted and should be dismissed.

However, even if this Court considers the fifth claim on its merits, it should nonetheless be denied. To prove prosecutorial misconduct, "a defendant bears the burden of showing (1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). None of the filings offered by Petitioner satisfy this burden because they are all unsupported assertions made either by family members or Petitioner himself. (*See* Dkt. #293, Exhibits by Brian David Hill; *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("vague and conclusory allegations which are not supported by a statement of specific <u>facts</u> do not warrant habeas relief")(emphasis added; internal citation omitted). Further, Petitioner cannot demonstrate prejudice because the claim that he suffered from carbon monoxide poisoning and that somehow negated his intent to commit the underlying state offense was offered by defense, heard by the district court and ultimately determined to be unreliable because it was not based on any scientific or reliable evidence. (Dkt. #215, Transcript of SRV

13

Hearing, at p.58-59). Thus, the fifth claim should be denied if it is considered on its merits.

### C. Claim Seven, Concerning the Impartiality of the Court, Should be Denied as Meritless.

Petitioner's seventh claim should also be denied it is meritless. This claim contains baseless and outlandish blackmail allegations and other "possible" conspiracy theories, arguing that the district court judge who handled his case was not impartial. (Dkt. #291 at p. 14-18; Dkt. #292 at p. 126-147). However, "[a] judge need not recuse himself because of 'unsupported, irrational, or highly tenuous speculation.'" *Assa-ad-Faltas v. Carter*, No. 1:14-CV-678, 2014 WL 5361342, *2 (M.D.N.C. Oct. 21, 2014) (quoting *United States v. DeTemple*, 162. F.3d 279, 287 (4th Cir. 1998)). That is precisely what these allegations are – unsupported and irrational. As a result, this claim should be denied because it is baseless and entirely without merit.[4]

### D. Claim Eight, Concerning Alleged Destruction of Evidence, Should be Denied on the Merits.

Petitioner's eighth claim, which purportedly concerns alleged discovery violations for the state offense, should also be denied. Of note, this claim is in contradiction with Petitioner's sixth claim, which asks the federal court to not

---

[4] Petitioner raised other claims concerning the district court's impartiality in additional litigation, which the Fourth Circuit found unavailing. *See* Brief of Appellant, at 52-55, *United States v. Hill*, 831 F. App'x 626 (4th Cir. 2020) (No. 19-7755, 20-6034).

14

interfere with state prosecutions.  (*See* Dkt. #292, pp. 147-156). Nonetheless, this claim is a restatement of Petitioner's fourth claim, concerning *Brady* and *Giglio*. Because it contains the same argument, simply styled differently, this claim should be denied because of the reasons discussed *infra*.

        E. Claim Nine, Alleging Improper Jurisdiction, Should be Denied on the Merits.

Petitioner's ninth claim should also be denied.  In it, Petitioner argues that the district court did not have the proper jurisdiction, nor was this the appropriate venue, to hear his supervised release violation.  (Dkt. #291 at p. 23-24; Dkt. #292 at p. 156-172).  Although the Petitioner was under supervision out of the Western District of Virginia, the Middle District of North Carolina maintained jurisdiction over Petitioner's case, with Petitioner having been convicted in this district.  (*See* Dkt. #158).  "Courtesy supervision" is an "informal arrangement between Probation Offices that does not transfer jurisdiction, but instead uses the supervising office as the 'eyes and ears' of another […] [which] finds its statutory basis in 18 U.S.C. § 3603(4)."  *United States v. Johnson*, 861 F.3d 474, 479 n. 18 (3d Cir. 2017) (also citing 8E Guide to Judiciary Policy § 375.10 (Apr. 17, 2014)).  Jurisdiction remained in the Middle District of North Carolina despite Petitioner being supervised in the Western District of Virginia, thus Petitioner's claim is meritless and should be denied.

Case 1:13-cr-00435-TDS   Document 319   Filed 07/15/22   Page 15 of 19

## F. Claim Eleven, Concerning the Impact of a New Virginia Law, Should be Denied on the Merits.

Petitioner's final and eleventh claim presents an argument based on a new Virginia law, enacted in 2021, concerning the admissibility of evidence on a defendant's mental state and the ability to form requisite intent.[5] (Dkt. #292, pp. 178-184). This claim fails because this law is not retroactive. *Teague v. Lane*, 489 U.S. 288 (1989) established that in habeas corpus claims the retroactivity of a "new rule" depends on whether the rule is "procedural" or "substantive." 489 U.S. at 311-13. "New constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," unless the procedural rule falls within the narrow exception for "watershed rules" that "implicate the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 310, 311-14; *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (internal quotation marks omitted); *see, e.g., Edwards v. Vannoy*, 141 S. Ct. 1547 (2021) (Explaining that no new rule of criminal procedure can satisfy the watershed exception.) This law does not appear to be that type of "watershed rule" that would implicate the "fundamental fairness and accuracy" of a proceeding, it simply has to do with the admissibility of evidence of a defendant's alleged diminished capacity. *See*

---

[5] Of note, the district court considered and gave "heavy deference" to the fact that Petitioner has autism. (Dkt. #215, Transcript of SRV Hearing, p. 73).

Va. Code § 19.2-271.6; *see also Commonwealth v. Sampson*, 2022 Va. Cir. LEXIS 61 (Washington County Mar. 7, 2022); *Commonwealth v. Shaw*, 2022 Va. Cir. LEXIS 41 (Arlington County Mar. 9, 2022). Thus, Petitioner's eleventh claim should be denied.

In sum, the Petitioner argues the invalidity of his supervised release revocation through a number of claims. However, these claims all fail because they either were raised on appeal, are procedurally defaulted, or are meritless. As a result, Petitioner's 2255 motion should be denied and dismissed.

Case 1:13-cr-00435-TDS   Document 319   Filed 07/15/22   Page 17 of 19

## Conclusion

For the reasons stated, Petitioner's motion for relief under 28 U.S.C. § 2255 should be denied and dismissed.

This the 15th day of July, 2022.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

/S/ ANGELA H. MILLER
Assistant United States Attorney
SCSB #11662
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth Street, 4th Fl.
Greensboro, NC 27402

/S/ MARGARET M. REECE
Special Assistant United States Attorney
NCSB #46242
United States Attorney's Office
Middle District of North Carolina
251 N. Main Street, Ste. 726
Winston-Salem, NC  27101
Phone:  336/747-7507

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that a copy of same was mailed to the Petitioner at the following address:

Brian David Hill
310 Forest Street, Apt 2
Martinsville, VA 24112

Further, I hereby certify that this response to Petitioner's § 2255 motion complies with Local Civil Rule 7.3(d)(1) by not exceeding 6,250 words (excluding the caption, signature lines, certificate of service, and any cover page or index).

Respectfully submitted,

/S/ ANGELA H. MILLER
Assistant United States Attorney
SCSB # 11662
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Flr.
Greensboro, NC 27401
Phone: 336/333-5351

Case 1:13-cr-00435-TDS   Document 319   Filed 07/15/22   Page 19 of 19