In the United States District Court
For the Middle District of North Carolina

Brian David Hill,
Petitioner/Defendant

v.

United States of America,
Respondent/Plaintiff

)
)
)
)
)
)
)
)
)
)
)

Criminal Action No. 1:13-CR-435-1

Civil Action No. 1:22-CV-00074

---

MOTION FOR LEAVE OF COURT TO FILE "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" IN EXCESS OF 4,438 WORDS AT TOTAL OF 7,563 WORDS

---




**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
310 Forest Street,
Apt. 2 Martinsville,
Virginia 24112
(276) 790-3505
c/o: Rbhill67@comcast.net; Roberta Hill

---

*Pro Se Appellant* — JusticeForUSWGO.wordpress.com

COVER PAGE

1

NOW COMES the 28 U.S.C. § 2255 ("2255 Motion") Petitioner Brian David Hill ("Hill", "Brian", and "Petitioner") who is respectfully filing this Motion requesting leave of Court (for permission) to file "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" in excess of 4,438 words above the 3,125 word limit (excluding the caption, signature lines, certificate of service, and any cover page or index) under Local Rule 7.3(d)(1). The Exhibit index in support of Petitioner's reply would also be excluded from the word limit.

## MOTION AND BRIEF / MEMORANDUM OF LAW

1. The excess words are necessary for the reply by Petitioner with new evidence (Exhibits 1-15 in support of Petitioner' reply) recently obtained all in further proving actual innocence of Brian David Hill for both the supervised release violation charge under Dkt. 157 and state charge of indecent exposure on September 21, 2018. Explanation of each exhibit and how it is material to or is relevant to Brian's actual innocence required typing those explanations in excess of the word limit. There was no way around it, Petitioner needed to explain how he was innocent in both his state and federal charges, to prove actual innocence to overcome any procedural defaults/procedural defects in his 2255 Motion case.

2

2. The excess words are necessary in explaining how the attached exhibits prove the actual innocence of Brian David Hill in support of GROUND FOUR: Actual Innocence - Legal Innocence of Petitioner's 2255 motion (Dkt. #291, pg. 8; Dkt. #292, pg. 91-108).

3. Actual Innocence can overcome any and all procedural defects and procedural defaults in a Petition for Writ of Habeas Corpus. Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Timmreck, 441 U.S. 780 (1979). Any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless Petitioner can demonstrate cause and prejudice, or actual innocence. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010); see also United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). McQuiggin v. Perkins, 569 U.S. 383, (2013) ("The Court has applied this "fundamental miscarriage of justice exception" to overcome various procedural defaults, including, as most relevant here, failure to observe state procedural rules, such as filing deadlines."). McQuiggin v. Perkins, 569 U.S. 383, (2013) ("Sensitivity to the injustice of incarcerating an innocent individual should

not abate when the impediment is AEDPA's statute of limitations. Pp. 391-394, 185 L. Ed. 2d, at 1030-1031.")

4. Word limits cannot preclude an innocent man from demonstrating actual innocence with new evidence submitted to the Court with due diligence. New evidence such as billing records from the local hospital and Medicaid claim records, as well as a proposed witness list. Petitioner must be allowed to prove actual innocence to prevent a miscarriage of justice. Convicting an innocent man of any crime including a probation violation or supervised release violation causing 9 months more of imprisonment and years of longer probation or supervised release sentences is cruel and unusual punishment inflicted when the person is in fact innocent. Also it should be noted that the Clerk in the Roseboro letter (Dkt. #320) is applying the wrong rule or wrong sub-rule as Petitioner is not using a typewriter but is using an offline Microsoft Word software for making these pleadings. Since it is not a typewriter and a typewriter does not produce color photographs and photocopies of evidence, the Clerk applied the wrong rule with the 10 page limit. The limit for a computer generated and printed or electronically filed pleading would go under the same standard as the U.S. Attorney is using the same standard of Local Civil Rule 7.3(d)(1).

5. The word limit of 3,125 words would make it impossible to explain in the attached and/or supportive 15 Exhibits how Petitioner is actually innocent of

4

Case 1:13-cr-00435-TDS   Document 321   Filed 07/27/22   Page 4 of 13

violating his supervised release as charged in Dkt. #156, #157, and #158. Actually innocent due to disproving the factual element of being medically and psychologically cleared by the local hospital before being charged with indecent exposure. Disproving the element of being medically cleared and psychologically cleared due to wasted biological sample of blood samples obtained by Brian Hill by CATH IV tube and IV KIT, hydration of Brian Hill and giving him IV fluid of Sodium Chloride while the medical record says nothing about Brian being dehydrated, omitting such procedures despite such procedures being listed in the expenditures in the exhibited billing record from the local hospital.

6. Petitioner is filing **EXHIBIT 2** in support of his reply, evidence of documentation such as billing records obtained from the "local hospital" of Sovah Health Martinsville which proves that an IV CATH and IV Kit was charged to Brian Hill's hospital billing account as a patient, as well as IV hydration and IV therapy procedures on the date of Petitioner's hospital visit on September 21, 2018, on the date he was arrested for indecent exposure. Petitioner needed the excess words to demonstrate that he was not medically cleared and not psychologically cleared as charged by the U.S. Probation Office. Petitioner needed the excess words to demonstrate that he was not being obscene and Officer Robert Jones can answer the question again under oath (since the original transcript covered up the claim by Officer Robert Jones under oath at the revocation hearing (9-12-2019)

5

that Brian was not being obscene). Brian needed this to explain how the evidence demonstrates that he does not have intent and cannot be held culpable because what happened on September 21, 2018 was a MEDICAL EMERGENCY, not a crime. For the element to be proven as fact, Brian needed to be sexually aroused and obscene on the record in this case to be guilty of indecent exposure. There is no obscenity.

7. The Court said in transcript (Dkt. #215, pg. 59) on September 12, 2019, in response to Attorney Renorda Pryor (Dkt. #215, pg. 57-58) in Judge Schroeder's own opinion and delusional belief that Petitioner had the intent to violate Virginia law and indecently make an obscene display as charged on September 21, 2018. The delusional belief that Petitioner was medically cleared and psychologically cleared. It is now considered delusional because light of new evidence shown Brian Hill was not medically cleared and was not psychologically cleared

8. The reply will explain how that was entirely a lie, Petitioner had blood drawn as evidenced by **EXHIBIT 2** in support of Petitioner's reply to the Respondent's response (Dkt. #319) and lab tests were ordered including blood alcohol content. However, no lab tests were completed and was to be deleted from the chart (Dkt. #181-11, Page 8 of 8). The billing record in **EXHIBIT 2** proved either Medicaid fraud and neglect or Medicaid waste and neglect. Proved that money was paid for drawing the blood by IV CATH and IV KIT LATEX FREE,

6

but the lab tests not being completed means blood samples were wasted despite Medicaid being billed for obtaining those samples, those samples were wasted for no reason. Either cover up or neglect.

9. The exhibits proved a lot but explanations must be given to explain the exhibits and how it demonstrates the actual innocence of Petitioner. How it disproves the elements of the charged crime. The U.S. Constitution requires that all elements of the crime must be proven beyond a reasonable doubt. All elements of guilt are not factual. The only facts are Brian was naked outside at night, and photos were taken of Brian David Hill in the nude for whatever reason. Those are not illegal when Petitioner was not medically cleared and not psychologically cleared. That is the main element. A criminal defendant cannot be convicted with a crime until he was "medically and psychologically cleared" when that is an established element of the original criminal charge to begin with. It's not that the element cannot be proven, the element is disproven with the new evidence. The redacted government agency is investigating the Dr. Brant Hinchman right now, it is pending. He may lose his license. Brian was not medically cleared, that is a lie.

10. The three elements of the criminal charge that Petitioner's reply and evidence exhibits are challenging is: (1) Intent, (2) Being medically and psychologically cleared by local hospital, and (3) obscenity (being obscene is required by Virginia case law to violate Virginia Code Section 18.2-387).

7

11. Petitioner needs to file the reply at the word count of 7,563 words, no less. Petitioner is actually innocent. Further evidence is coming which is shown in **EXHIBIT 8** that a redacted government agency or government organization is investigating the malpractice by Dr. Brant Hinchman at the local hospital who improperly and prematurely claimed Petitioner was medically and psychologically cleared when evidence shown that it was not truthful. Brian was not medically A-OKAY at the time he was arrested for indecent exposure on September 21, 2018.

12. The excess words are needed to demonstrate actual innocence and that there is a lot of evidence challenging the U.S. Probation Office's factual claim of medical clearing and psychological clearing as claimed in Dkt. #157. It is disproving that element. Brian Hill was not medically cleared and not psychologically cleared due to improper medical unprofessionalism such as medical neglect and refusing to complete the ordered laboratory tests (Dkt. 181-11, pg. 8). Giving Petitioner hydration and sodium chloride through IV tubes and yet that was not reported in the medical records (Dkt. #181-11, pg. 2-8) that Petitioner was dehydrated to the extent where IV fluids were used. The medical records do not accurately reflect entirely what had happened on September 21, 2018 at the local hospital and did not complete the ordered lab tests (Dkt. 181-11, pg. 8). The entire reply and attached EXHIBIT LIST and 15 EXHIBITS proved that Brian was not medically cleared and not psychologically cleared.

13. Since the U.S. Attorney Office as a supposed Law Enforcement agency usually has to respect fact findings by the government, state and federal government agencies, and by the police, they will have to respect the findings of the redacted government agency, whatever its findings are regarding Brian Hill being medically not cleared, and psychologically not cleared. They must respect that this investigation needs to remain confidential until the report or reports are created and government actions are taken which may be favorable to the actual innocence of Brian David Hill of his supervised release violation.

Local Civil Rule 7.3(d)(1) does permit filing over the word limit with the Court's permission. Actual innocence is good reason to justify filing in excess of the word limit, when explaining how the exhibits are material to and relate to Petitioner's actual innocence as GROUND IV of Petitioner's 2255 Motion. Petitioner needs to prove actual innocence. This Court must grant the reply to be filed in excess of word limit.

## CONCLUSION

Because actual innocence can usually overcome any procedural bar, any procedural defaults, and any procedural defects, Petitioner requests that his actual innocence must be proven by this Court allowing the filing of Petitioner's reply brief in excess of 4,438 words above the 3,125 word limit (excluding the caption, signature lines, certificate of service, and any cover page or index).

Petitioner asks this Court for the following:

1. Grant this Motion requesting permission for this Court to allow Petitioner to file his: "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" + "EXHIBIT LIST IN SUPPORT OF PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" + 15 Exhibits, in excess of the of 4,438 words above the 3,125 word limit in Local Civil Rule 7.3(d)(1);

2. Grant Petitioner permission to file his reply at the word count of 7,563 words excluding the areas of the pleading not required to be calculated in the word count for the word limit;

3. Allow the reply pleading to be filed since the reply and exhibits directly disproves the U.S. Attorney's response (Dkt. #319) asking for dismissal of Petitioner's 2255 Motion case;

4. Allow Petitioner to prove his factual innocence and actual innocence to his supervised release violation by not restricting his reply brief as it disproves three elements of his charged crime;

5. or any other relief to which movant may be entitled.

Respectfully filed with the Court, this the 26th day of July, 2022.

Respectfully submitted,

*Brian D. Hill*
Signed

Brian D. Hill
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
https://youtu.be/zR-7YLVp5uQ -- JusticeForUSWGO.wordpress.com
USWGO.COM // JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF WORD COUNT

I hereby certify that this Motion and Brief pleading asking the Court for permission complies with Local Civil Rule 7.3(d)(1) by not exceeding 6,250 words (excluding the caption, signature lines, certificate of service, and any cover page or index). The word count for this pleading is 2,136 words.

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on July 26, 2022, service was made by mailing the original of the foregoing:

"PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on July 26, 2022 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| | |
|---|---|
| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | Margaret M. Reece<br>U.S. Attorney Office<br>251 N. Main ST., Ste. 726<br>Winston-Salem, NC 27101<br>morgan.reece@usdoj.gov |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: | Respectfully submitted, |
|---|---|
| July 26, 2022 | *Brian D. Hill* Signed<br>**Brian D. Hill**<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL; https://youtu.be/zR-7YLVp5uQ



