In the United States District Court
For the Middle District of North Carolina

)
)
**Brian David Hill,**
**Petitioner/Defendant**
)
)
**Criminal Action No. 1:13-CR-435-1**
)
**v.**
)
)
**Civil Action No. 1:22-CV-00074**
**United States of America,**
)
**Respondent/Plaintiff**
)
)
)

PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE (DKT. #291)





**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street,**
**Apt. 2 Martinsville,**
**Virginia 24112**
**(276) 790-3505**
**c/o: Rbhill67@comcast.net; Roberta Hill**

*Pro Se Appellant*                    **– JusticeForUSWGO.wordpress.com**

COVER PAGE

1

NOW COMES the 28 U.S.C. § 2255 ("2255 Motion") Petitioner Brian David Hill ("Hill", "Brian", and "Petitioner") is respectfully filing this reply to the response by the Respondent: United States of America ("USA") (Docket "Dkt." #319) to Petitioner's filed 2255 Motion (Dkt. #291) in the Middle District of North Carolina.

Because of the 3,125 word limit, Petitioner feels no need to address the Respondent's every sentence of incorrect arguments, invalid arguments, and assumptions in their patently unconstitutional response (Dkt. #319). Petitioner objects to all of the Government's response (Dkt. #319). The word limit is preventing Petitioner from addressing the falsity of every claim by the Government. Petitioner is having to use thousands of words to demonstrate actual innocence with new evidence not at the time of filing the 2255 Motion. Petitioner will file an accompanying Motion for Leave of Court to file in excess of word limit. This evidence is important and needs clarification but such clarification exceeds the word limit but is necessary to prove factual innocence.

The USA's response is pushing for a miscarriage of justice and an unconstitutional dismissal of Petitioner's 2255 case. Petitioner has no need to respond to every frivolous or baseless or erroneous claim by the USA. That will exceed the word count. Instead the proof of innocence and clarification and

2

explanation will exceed the word limit, so an accompanying Motion for Leave of Court to file in excess of word limit will be filed at the time this reply was filed.

Instead Petitioner will demonstrate actual innocence and cause and prejudice, as well as demonstrating that dismissal of the foregoing 2255 case will be a complete miscarriage of justice against an innocent man. Dismissing this 2255 Motion case will be a miscarriage of justice against an innocent man, period.

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Timmreck, 441 U.S. 780 (1979). Any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless Petitioner can demonstrate cause and prejudice, or actual innocence. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010); see also United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). McQuiggin v. Perkins, 569 U.S. 383, (2013) ("The Court has applied this "fundamental miscarriage of justice exception" to overcome various procedural defaults, including, as most relevant here, failure to observe state procedural rules, such as filing deadlines."). McQuiggin v. Perkins, 569 U.S. 383, (2013) ("Sensitivity to the injustice of

3

incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations. Pp. 391-394, 185 L. Ed. 2d, at 1030-1031.")

Case law aside, Petitioner has the evidence he is IN FACT innocent of his state charge of indecent exposure, charged on September 21, 2018, in the Commonwealth of Virginia, which led to the supervised release violation charge (Dkt. #156, 157, 158) and wrongful conviction on October 7, 2019 (Dkt. #200).

Petitioner requests an evidentiary hearing and appointment of counsel if the Court considers the limited evidence in this limited reply as sufficient to demonstrate even a portion of actual innocence warrants further inquiry and investigation by this Court to prevent a miscarriage of justice against the innocent man Brian David Hill. If the Court doesn't consider the attached evidence sufficient then further inquiry and investigation is necessary to fully prove factual innocence.

Also it should be noted after reviewing over the Government's response that they ignored all evidence concerning Petitioner's factual innocence. They ignored the exhibits and are pushing straight for wrongful dismissal. It doesn't matter about whether any of the grounds in the foregoing 2255 Motion case is procedurally barred or not when Petitioner can demonstrate actual innocence. The Court did not address everything on September 12, 2019, it did not address actual innocence on September 12, 2019. The Court did not take Petitioner's autism into consideration,

4

Petitioner was given the maximum sentence of 9 months of imprisonment. The trial Court did not give any weight to or did not consider the credibility of the Virginia state court process, and that itself violates the Tenth Amendment of the U.S. Constitution.

The suggestion from Hon. Thomas David Schroeder that he would not care about the State Court's findings (Dkt. #215, pg. 8, 9) suggests that the Court under that judicial officer being assigned this case does not seem to care about any State, that judge does not seem to care about the case law precedent, and does not care about any decision or legal findings by the Circuit Court for the City of Martinsville or any Court in the Commonwealth of Virginia and had decided to make its own independent finding of guilt of violating supervised release (Dkt. #200). Hon. Thomas David Schroeder didn't have to ignore the State Court and didn't have to ignore the law, but he did ignore the law. He ignored any law favorable to Petitioner but used State statute against Petitioner to find him in violation, the Trial was rigged, it was all one sided, that was one of many reasons why Petitioner suspected and feared blackmail of child rape and murder (Dkt. #299; Dkt. #301).

In that case the new evidence presented in support of this reply proves Brian Hill innocent of his supervised release violation by disproving three elements of the charged crime. The U.S. Constitution requires in criminal trials that all

5

elements of guilt must be proven beyond a reasonable doubt. If that is this Court's position that they will not consider any factual findings from the Circuit Court then the Petitioner has enough factual evidence of innocence to warrant an evidentiary hearing if not vacatur of the conviction (Dkt. #200). If this Court does decide to respect the decisions of the Circuit Court in convicting Brian David Hill of indecent exposure as charged on September 21, 2018, then this Court must take notice of all pending criminal case appeals, any post-conviction motions for new trial based on new evidence, and a pending 2254 Motion filed in the jurisdiction of the Western District of Virginia, U.S. District Court (Dkt. 316-6, Hill v. Commonwealth of Virginia (7:22-cv-00336)). Brian's state conviction can still be overturned and acquittal is still possible in his state case based on new evidence or actual innocence or both.

How Brian Hill is actually innocent of indecent exposure and thus is innocent of his supervised release violation is now based on the following three elements of his charged crime on the record:

**Element 1:** Brian Hill was not medically cleared. Citation: "Following an examination at a local hospital, Mr. Hill was medically and psychologically cleared" (Dkt. #157, pg. 2)

That is not the truth and Petitioner has the medical documentation to prove all of it. Petitioner has evidence that blood was drawn from his arm at the local

6

Hospital (**Exhibit 2**) according to the billing records from Sovah Health Martinsville, aka the "local hospital" that the U.S. Probation Office referred to in its initial charge (Dkt. #157). According to page 1 of **EXHIBIT 2**, $66 dollars was charged for usage of a "1 CATH IV", processing #230633, Medical supply. See **Exhibit 3** for the terminology of what CATH IV means in the billing record. **EXHIBIT 3** is sourced from the NATIONAL CANCER INSTITUTE of the National Institute of Health, an agency of the USA, a credible source. It said from the NIH, that a "peripheral venous catheter" is a "device used to draw blood and give treatments, including intravenous fluids, drugs, or blood transfusions. A thin, flexible tube is inserted into a vein, usually in the back of the hand, the lower part of the arm, or the foot. A needle is inserted into a port to draw blood or give fluids. Brian Hill said blood was drawn from his arm in his original 2255 motion. " See affidavit filed by Petitioner in Document #179. The claims by Petitioner about the blood vials were argued and asserted in his 2255 brief (Dkt. #292 pg. 19). The billing record proves that the medical equipment or applicator or device was used to have drawn blood from the arm of Petitioner at the "local hospital" prior to his arrest for the charge of indecent exposure. This is backed by the medical records submitted by Petitioner (Dkt. #181-11, #181 OPPOSITION EVIDENCE) in opposition to the charging Document #157 by the U.S. Probation Office. See page 8 of Dkt. #181-11. It said different assortment of lab testing was ordered which

7

those lab testing results would not have happened if blood was never drawn from Mr. Hill's arm before his arrest by Martinsville Police. It said: "The following items were deleted from the chart)". That means $66 was charged to Brian Hill's account at the local hospital and was likely billed to Medicaid (Medicaid fraud or waste???) for a device to draw blood, and lab tests were ordered from those blood samples, but then not only were there no completion of ordered laboratory tests but they were to be deleted from the medical chart of the patient, which that patient is Brian David Hill. Lab testing was either covered up for whatever reason or the "local hospital" was negligent.

Kenneth and Stella Forinash created a 6-page letter to the U.S. District Court with questions regarding what the USA said in their response after reading the Respondent's response. See **EXHIBIT 1**. They believe it is very important for the Court and the U.S. Attorney to read every page as they also believe Petitioner is factually innocent of his supervised release violation, because of not being medically cleared as assumed by the U.S. Probation Office. Take a good look at it. This also supports Brian's claim of innocence because what happened to Petitioner on September 21, 2018 was not a crime, IT WAS A MEDICAL EMERGENCY, A MEDICAL EMERGENCY. No crime had been committed that day because it was a medical emergency. There was no medical clearing because of no laboratory results from ordered tests which would be essential to proving Brian was cleared.

8

Citation from **EXHIBIT 1**: "**A MEDICAL EMERGENCY NOT CRIMINAL by BRIAN HILL'S FAMILY (7-16-2022)… Police receive a call at 4 in the morning. A 28 year old man was running down a walking trail in Martinsville, VA in the nude at 4 AM in the morning. Why? Was he intentionally trying to be obscene or was this an emergency? Police find out that he is on the sex registry and is on probation. He is treated like a criminal, arrested and put in jail. The judge ignores his mom's testimony about carbon monoxide poisoning in their apartments and how this affected both of them for 11 months at the time of this incident… (1:13-cr-00435) Document 307 Attachments 1-10 Apr. 20, 2022)… Here is a person with autism, brittle diabetes with seizure history and OCD walking & running on a walking trail miles from his home by himself in the nude for hours, is this normal or abnormal behavior? Why did this arresting police officer not know that Brian had diabetes requiring insulin when glucose is high or glucose tabs when it is low? Did he do an investigation? How can a person with a medical history of type 1 diabetes (brittle diabetes) with seizure history since the age of 2, PDD diagnosis since the age of 3, autism spectrum disorder diagnosis since the age of 4 suddenly be "Medically cleared"? Why did this arresting police officer not know that Brian had type 1 diabetes requiring insulin or glucose tabs? Why did he not know that Brian had OCD? Did Brian not tell him? Was**

9

**Brian so far out of it mentally that night that he did not even know that he was diabetic himself? Where was the glucose monitor that Brian always takes with him when he leaves his house to go walking? Where were the emergency glucose tabs that he always keeps in his camera bag when he leaves his house? Where were his insulin pens he always takes with him if his blood glucose is high?**" Citation is just a portion of the six page document but very important.

It is a fact that Brian Hill exhibited mental confusion (Dkt. #181-9) which was brought up in transcript #215, pg. 33. Citation: "…Talking with him, the time frame didn't really add up to me at that point." That officer did not think Petitioner made sense or his story didn't add up. If Petitioner was not medically cleared, then the officer should not have taken Petitioner's statements as coherent and should treat it as delirious or psychosis (Dkt. #181-10).

Also the billing record said: "1 IV HYDRATION 1ST HR" was ordered at $585.00. Brian Hill was dehydrated and needed hydration from the nursing staff at the "local hospital". Hydration through IV tubes for the 1st hour would not have been billed to Brian Hill's medical billing account at the "local hospital" at $585.00 if Petitioner was not dehydrated. Dehydration also can lead to becoming delirious, and can also lead to hallucinations. Not only can carbon monoxide poisoning (Dkt. #181-2) cause Petitioner to have psychosis (Dkt. #181-10) and hallucinations (Dkt. #181-7, sourced from the Centers for Disease Control (CDC),

10

of the USA), but dehydration at the time of Brian Hill's hospitalization after being questioned by Officer Robert Jones and arrest can cause hallucinations and delirious mental confusion. **EXHIBIT 7** proves to this Court from the NATIONAL CANCER INSTITUTE (federal government agency/organization) that delirium can be caused by dehydration. Supported by the billing record in **EXHIBIT 2**. Delirium can cause "hallucinations and changes in attention span, mood or behavior, judgement". Brian Hill was not medically cleared, and statements obtained by Law Enforcement from Petitioner at the time of arrest were incoherent as the hospital hydrated the body of Petitioner according to the billing record in **EXHIBIT 2**. Even if this Court decides to ignore the carbon monoxide exposure of Petitioner, the medical records and billing records shown that Brian Hill had to be hydrated by IV tubes in the first hour he was in the "local hospital", again see the entry: "1 IV HYDRATION 1ST HR" was ordered at $585.00. The hospital felt that it was necessary to hydrate the dehydrated man before he was arrested. The statements obtained by Martinsville Police were obtained before Petitioner was taken to the "local hospital". There may not be a statement about dehydration in the medical records (Dkt. #181-11) but there was usage of a body hydration in the first hour of his hospital visit by IV fluids which is listed in the billing record. Billing records actually sometimes tell more details or information than the medical records, in some cases, like in this case.

11

The Probation Office said in its criminal charge that: "Following an examination at a local hospital, Mr. Hill was medically and psychologically cleared". That is not true.

It is a fact that U.S. Probation Officer Jason McMurray and Martinsville Police Investigator (and government witness at the Trial hearing) Robert Jones did not ever obtain a copy of Hill's medical records (Dkt. #215, page 35: "…Like I said, I did not get his records. They normally do, but I do not have that…".

Here is why. The billing record (**EXHIBIT 2**) and Mr. Hill's affidavit (Dkt. #179) proven blood was drawn from Petitioner's arm. That it caused the lab tests to be ordered including blood alcohol levels. Those tests can also be used to find any narcotics, drugs, substances, or gases (E.G. CarboxyHemoglobin) in the blood of Petitioner's body while at the hospital. Dkt. #181-11, pg. 8. Petitioner was not thinking straight as medical noted: "The history from nurses notes was reviewed: and my personal history differs from that reported to nursing." So medical said in page 3 of #181-11: "my personal history differs from that reported to nursing". Mental confusion.

There are contradictions in the medical record dated 9-21-2018. One entry said: "*Constitutional: This. is a well developed, well nourished patient who bdh is awake, alert, and in no acute distress.*" Page 6 of #181-11. That contradicts the entry in the **EXHIBIT 2** billing record of $585 charged to patient account. There

12

appears to be contradictions and/or cover ups and/or neglect in the medical record (Dkt. #181-11). The billing record said hydration was given to Petitioner at the hospital "1ST HR" while the medical record mentions nothing about dehydration despite the $585 billed for first hour of hydration by usage of IV fluids. If Brian was perfectly "*well developed, well nourished patient who bdh is awake, alert, and in no acute distress*" then why was blood drawn from his arm with no completed lab tests? And why was "1 IV HYDRATION 1ST HR" hooked up to Brian's arm by IV and billed at $585.00, aka "IV THERAPY", "092118 23B781 0780"?

Also it said in the billing record in the entry: "2 58-IV SOLUTI ONS, 092118 21B597 0715 1703 63, J7030, 1 IV NACL .9% 1000ML, 157.00". IV "NACL" stands for Sodium chloride 23.4% injection which is used to replenish lost water and salt in your body due to certain conditions (eg, hyponatremia or low salt syndrome). It is also used as an additive for total parenteral nutrition (TPN) and carbohydrate-containing IV fluids. A sodium chloride IV is a mixture of fluids and sodium chloride administered intravenously to restore fluid balance. Sodium chloride is used to treat or prevent sodium loss caused by dehydration, excessive sweating, or other causes. **Sodium is an electrolyte that regulates the amount of water in your body. Sodium also plays a part in nerve impulses and muscle contractions.**

13

Brian Hill was not truly medically cleared, that is a lie. Let's compare medical records, shall we.

Medical record of November 19, 2017, See **EXHIBIT 9**. Lab tests were ordered, also see Dkt. #181-3. Brian Hill was there for more hours than his hospital visit on September 21, 2018. Both hospital visits concerned fall and injury. Brian was detained by police around or in a creek meaning he fell into the creek before he was detained and was injured before being detained, injured and fell just like his hospital visit in November, 2017 with more lab work and results while the visit in September, 2018 had no lab tests completed after being ordered. His hospital visit on the date of arrest was very short and did not have lab results proving negative on anything abnormal. Dkt. 181-11.

See the financial records from Medicaid claims records concerning Brian David Hill. The cost of his hospital visit on 11-19-2017 was a lot more expensive than his hospital visit on 09-21-2018. See **EXHIBIT 4**, Virginia Medicaid Claims History For Member Name: Brian Hill. Lab results were tested completely on November, 2017, while the hospital did not have on any record as to lab testing done on September, 2018. There was no lab results. Either covered up or neglect by medical personnel at the local hospital. The same "local hospital" mentioned in charging document #157.

14

There are two transcripts this Court should be made aware of relevant and material to the arrest of Brian David Hill for the supervised release violation. Both transcripts come from two hearings held in the U.S. District Court for the Western District of Virginia, dated December 26, 2018, and May 14, 2019. One hearing was the arraignment and the other hearing was regarding the release of Brian David Hill on bond conditions pending the case in the Middle District of North Carolina. See Dkt. #176, "Rule 32.1 Documents Received from the WESTERN DISTRICT OF VIRGINIA as to BRIAN DAVID HILL." Without his family asking for a mental evaluation, the Court on its own suspicions had directed and ordered a mental evaluation of Brian David Hill for competency and possibly sanity at the time of the incident. Those two transcripts are important and are of the record concerning the supervised release violation and must be included in the 2255 case.

See **EXHIBIT 5**, USA v. Brian David Hill - 7:18-MJ-00149, December 26, 2018, Supervised Release Revocation Hearing. Transcript completed on May 2, 2022.

See **EXHIBIT 6**, USA v. Brian David Hill - 7:18-MJ-00149, May 14, 2019, Competency/Detention Hearing. Transcript completed on May 2, 2022.

Last piece of evidence that Brian David Hill was not medically cleared on September 21, 2018, is a complaint and investigation case letters from a redacted

15

government agency from a redacted government employee, two redacted government employees. Letter dated June 9, 2022 and second letter in this exhibit dated July 20, 2022. See **EXHIBIT 8**. A government agency is currently investigating Dr. Brant Hinchman, MD, doctor who was in charge of the EMERGENCY ROOM medical shift at that time in that "local hospital" which erroneously and fraudulently medically and psychologically cleared Petitioner. Petitioner was not medically cleared and should not have been considered medically cleared, because not all medical facts were made known at the time he was released to police and jail. No laboratory tests were completed after being ordered. Talk about waste and medical waste, Medicaid paid for waste of blood being drawn. Petitioner had filed a complaint against this individual and the associated/involved nurses for medical neglect and lying to Martinsville Police about Brian Hill being medically and psychologically cleared. This investigative agency has a right to prevent anybody (even the U.S. Attorney) from interfering with and fettering with such investigation. Fettering with this investigation may be a crime in the State of Virginia. So Petitioner is filing a copy of this letter, REDACTED, to protect the identity of the agency and protect its "Regional Manager" from any threats, blackmail, bribery, intimidation, obstruction, or contempt of their investigation procedures. After the completion of investigation procedures, Petitioner promises to file the non-redacted copy with this Court in lieu

16

of the redacted copy in **EXHIBIT 8** once the agency's investigation is completed, and provide a copy with the U.S. Attorney Office and a copy with the U.S. Probation Office. This is not just a government agency, but has the legal standing to suspend the license of this medical doctor. If the findings are medical neglect or even as far as Medicaid fraud or Medicaid wasteful procedures or hospital lying to police, then this proves that Petitioner was not medically cleared and thus cannot be convicted of indecent exposure, cannot be criminally held culpable for indecent exposure because he was not medically cleared as charged. Cannot be held culpable for this supervised release violation as the evidence of lack of medical clearing is enough to throw the entire case out as an unfounded criminal charge against an innocent man. Brian David Hill = Innocence.

There is evidence of a cover up or neglect of the laboratory results ordered but later deleted from the chart. Officer Robert Jones admitted under oath at the revocation hearing that: "…I don't know if they did. Like I said, I did not get his records. They normally do, but I do not have that." See page 35, Document #215. Renorda Pryor, the defense attorney had asked this officer: "Was there any tests dealing with his blood alcohol content or anything of that nature?" That officer did not have any of Petitioner's medical records, saying they normally do the lab work but he did "not have that". The U.S. Probation Office who charged Petitioner with the supervised release violation charge did not have any of Petitioner's medical

17

records while saying under oath without proof that Petitioner was medically and psychologically cleared. That is perjury. The U.S. Probation Office perjured themselves again under oath just like they lied with the liar Kristy L. Burton in 2015 (Dkt. #199 and all attachments), the U.S. Probation Office under Edward R. Cameron had lied again under oath, no surprise there. So lab work is normally done in Emergency Room visits as ordered in Petitioner's medical record file but in Petitioner's case the lab work ordered was to be deleted from the chart despite the billing record from Sovah Health Martinsville proving that a device was used to draw blood from Petitioner's arm causing lab tests to be ordered, then deleted from the chart. Attorney Renorda Pryor got some good answers from the Government's witness, Officer Robert Jones of Martinsville Police Department. The Court needs to ask him further questions regarding his claim that Petitioner was medically and psychologically cleared but the lab tests were ordered and never completed. Not medically cleared.

Regardless of this REDACTED government agency investigation (**EXHIBIT 8**) sanctioned to investigate September 21, 2018, investigating Emergency Room doctor Brant Hinchman, MD, Petitioner has proven that he was not medically cleared. The doctor lied to police officer Robert Jones on September 21, 2018 about Petitioner being medically cleared. No lab tests were completed after being ordered. Brian David Hill is actually innocent of indecent exposure

18

because he was not medically cleared, and he has to be medically cleared and psychologically cleared (being checked out fully) prior to being held criminally culpable which includes the obscenity element of the crime and the intent element of the crime. Both cannot be met unless Brian David Hill was proven beyond a reasonable doubt as to being medically and psychologically cleared as charged under oath or affirmation by the U.S. Probation Office.

Because the lab tests were ordered, the billing record shown IV was paid for to draw blood, as well as IV for hydration and sodium chloride IV for hydration of dehydrated Brian Hill as hydration IV as well as "1 IV NACL .9% 1000ML"would not have been charged in the billing record if hydration IV "1 IV NACL .9% 1000ML" were not used. It proved that blood was drawn as Petitioner had claimed, but the lab tests were to be deleted from the chart, covered up or neglect or both. It had proven that Petitioner was not medically cleared as one of the basis of elements of the supervised release violation charge. Theoretically, Petitioner could have been manipulated at night to have been drugged, somebody could have injected any kind of drug or narcotic or substance inside of him orally or by injection needle. Petitioner having autism could have accidently smelled bath salts and it could have triggered what have happened. Brian said in Dkt. #153: "...***At one point I felt like I might collapse so I may have been drugged. I had to keep sitting on benches***". Petitioner said he thought he was drugged. And the

19

Respondent, aka the U.S. Attorney cannot disprove Brian David Hill may have been on a drug, narcotic, gas, substance, anything.

Petitioner also made statements in writing in the year 2018 which had proven he was not mentally and medically cleared. Dkt. #153 pg. 2 "On September 20, 2018, Thursday, some of my memories may have been blacked out. I was under an extreme amount of stress and anxiety already due to the pre-filing injunction motion...My mom had also noticed that my doors were not being kept locked, I was psychologically afraid to sleep in my bed. Sometimes sleeping on the couch and I had a bad feeling something bad would happen to me.". Dkt. #153 pg. 2 "ON SEPTEMBER 18th, 2018, Somebody was in the thicket at the end of my neighbor's property and branches moved whenever I looked in that direction. I was around the period when I was mowing the grass between the time period of 1 to 4PM. That was a tuesday. Likely surveiling me." Petitioner having paranoid statements or delusions after his arrest and carbon monoxide or certain drugs or medications can cause such mental health issues. Not medically cleared, a lie by the U.S. Probation Office in its Dkt. #157 charge. Petitioner was not medically cleared by a long shot.

Somebody who was drugged or was on alcohol can easily be manipulated or have uncontrolled impulsive behavior of taking nude photos of themselves in the days of technology with cheap cameras (without cell phones) and cell phones.

20

Anybody who is drunk, intoxicated, or on a drug could easily take nude photos of themselves smiling or acting insane or any of the sort. Or somebody can easily take photos of somebody in the nude if they were intoxicated. Brian in the nude photographs presented at the bench trial, not jury trial, on September 12, 2019 was not acting normal, was acting erratic, and have acted crazy, in a way which normal people do not even act. It is clear Brian was not medically cleared no matter what the U.S. Attorney argues in rebuttal. The local hospital did not medically clear him, heck one month after Petitioner was presumably medically cleared, and he was diagnosed by a FORENSIC PSYCHIATRIST "DR. CONRAD DAUM" (Dkt. #292, pg. 97) as to having a "PSYCHOSIS" in the federal court records (Dkt. #181-10). He was diagnosed with that in October, 2018. Except Dr. Conrad Daum knew something wasn't mentally right with Petitioner but he didn't have the laboratory testing to prove Petitioner's psychosis was caused by intoxication because the lab tests were to be deleted from the chart. Either a criminal cover up or medical neglect and waste of Medicaid tax payer funds to charge for a blood drawing procedure but refuses to complete such procedures.

**EXHIBIT 10** is the exhibits entitled: "Police: Naked Man High On Bath Salts Chases Down Car", "MARCH 11, 2013 / 9:49 AM / CBS PITTSBURGH", and "Police say a man was high on the synthetic stimulant known as bath salts when he was naked and chased a car down the street in central Pennsylvania.". A

21

criminal on the streets could have easily influenced Petitioner outside at night to sniff bath salts and then runs around naked. This is only an example, but it brings many theories to an issue which can never be rectified, Petitioner can never be medically cleared on the day and time of his arrest for indecent exposure. He is actually innocent of indecent exposure because he had acted intoxicated and the nude photographs of Petitioner shows him acting wild or crazy outside at night which would normally happen to an intoxicated person, and that can never be fully proven because the "local hospital" medically neglected Brian David Hill and/or covered up the lab results. They drew the blood, billing record proven it, but never completed the lab tests including blood alcohol testing.

Attorney Renorda Pryor thought after hearing about or seeing the nude photographs of Brian that Petitioner may have been on drugs or alcohol aka intoxicated. That was why she asked a specific question which was reported by the Transcript (Dkt. #215, pg. 35). The transcript said: "Q Was there any tests dealing with his blood alcohol content or anything of that nature?" question asked by Atty. Pryor, the witness Robert Jones said: "A I don't know if they did. Like I said, I did not get his records. They normally do, but I do not have that." Attorney Renorda Pryor even suspected at the time of the arrest that Petitioner may have been on drugs or was drugged into taking nude photographs of himself. The laboratory testing results would have shown intoxication. The police on **EXHIBIT 15** thought

22

it was important in the ARREST WARRANT affidavit for indecent exposure to say that Brian David Hill was medically and psychologically cleared, because if Petitioner was not "medically and psychologically cleared" then this creates a huge problem, a huge medical conundrum in the prosecution's bid for proving that Petitioner may or may not have been obscene and may or may not have had the intent to violate Virginia code. The U.S. Probation Office needs proof that Petitioner was medically and psychologically cleared at the time of his arrest. The U.S. Probation Office thought it was important to note in the petition for revocation that Brian David Hill was "medically and psychologically cleared" at the "local hospital". That is not true. That is a lie. Once Petitioner proves that the medical clearing was a lie, a falsehood, a blatant disregard for the truth, then the basis in the petition for revocation by the U.S. Probation Office (Dkt. #157, "Petition for Warrant or Summons for Offender Under Supervision") is based on a falsehood. If Petitioner is not medically cleared, then the basis for such charge was erroneous and is not based on fact. It is based on theory of alleged guilt, not fact.

The U.S. Probation's charge was not based on fact but a falsehood. Brian David Hill was not medically and psychologically cleared, that is a lie. Brian could have been given any kind of drug or narcotic while he was out on the Dick and Willie passage walking trail at night, he could have been drugged while walking at

23

night from his residence to the walking trail where Petitioner reportedly got naked and took nude photos of himself. No lab tests, they were covered up, sorry.

**FOR EXAMPLES:** At the time of his arrest, Petitioner could have been on Purple Drank. At the time of his arrest, Petitioner could have been on Krokodil. At the time of his arrest, Petitioner could have been on Phencyclidine (PCP). At the time of his arrest, Petitioner could have been on Bath Salts. At the time of his arrest, Petitioner could have been on Devil's Breath. At the time of his arrest, Petitioner could have been on Methamphetamine. At the time of his arrest, Petitioner could have been on Cocaine. At the time of his arrest, Petitioner could have been on Heroin. At the time of his arrest, Petitioner could have been on fentanyl. At the time of his arrest, Petitioner could have been on ANYTHING.

The U.S. Attorney cannot disprove it or prove it because the Petitioner had not been medically and psychologically cleared at the time of his arrest. Being diagnosed with a "PSYCHOSIS" a month after his arrest draws the entire "local hospital" medical clearing into serious questions.

Petitioner is ACTUALLY INNOCENT because he has not been medically and psychologically cleared, that is a fact before this Court.

**Element 2:** Intent is necessary to convict Petitioner of the charged crime:
"Mr. Hill was subsequently arrested for Indecent Exposure, in violation of Virginia Criminal Code § 18.2-37, a Class 1 Misdemeanor." (Dkt. #157, pg. 2)

24

Because Brian Hill was not medically cleared, intent cannot be proven until there is 100% undeniable proof that Brian David Hill was medically cleared before he was arrested for indecent exposure. See the Witness Letter from Kenneth Forinash under Exhibit 22, Dkt. #293-21. See the Witness Letter from Stella B. Forinash under Exhibit 21, Dkt. #293-20. Again, SEE **EXHIBIT 1**: "A MEDICAL EMERGENCY NOT CRIMINAL by BRIAN HILL'S FAMILY (7-16-2022)".

**Element 3:** Obscenity is necessary to convict Petitioner of the charged crime: "Mr. Hill was subsequently arrested for Indecent Exposure, in violation of Virginia Criminal Code § 18.2-37, a Class 1 Misdemeanor." (Dkt. #157, pg. 2)

Because Brian Hill was not medically cleared, obscenity cannot be proven until there is 100% undeniable proof that Brian David Hill was medically cleared before he was arrested for indecent exposure.

Brian Hill said under penalty of perjury to this Court in affidavit that he never masturbated. Citation: "I never masturbated, I told the police the truth. When I was seen… seen by a passing vehicle, I never masturbated." (ECF No, 163, Pg. 4). Because Petitioner was not truly medically cleared, he cannot be obscene and wasn't in his capacity to even have his behavior construed as to any obscenity. He was not coherent. He was likely intoxicated but that cannot be determined as the lab tests were never completed after being ordered, on record in this case (Dkt. 181-11). Petitioner never masturbated and was not medically cleared at the time, he was not being obscene. Was never under the totality of circumstances to infer that Petitioner had an intent or purpose being an appeal to the prurient interest in

25

sex. See Price v. Commonwealth, 201 S.E.2d 798, 800 (Va. 1974); Romick v.

Commonwealth, No. 1580-12-4, 2013 WL 6094240, at \*2 (Va. Ct. App. Nov. 19,

2013)(unpublished).

The Respondent argued that: "Of note, the district court considered and gave

"heavy deference" to the fact that Petitioner has autism. (Dkt. #215, Transcript of

SRV Hearing, p. 73)." Dkt. 319, page 16. That is not truthful and is not the case.

Petitioner was given maximum imprisonment. The court misconstrued that

Petitioner had the intent and the Court of Appeals wrongfully erroneously affirmed

Petitioner was being obscene meaning a purpose being an appeal to the prurient

interest in sex, when that is also not true. The court ignored Petitioner's autism

entirely. That violates Due Process of Law as that was one of the 2255 grounds.

See GROUND X — FILED EVIDENCE NOT TAKEN INTO

CONSIDERATION AT TRIAL ON SEPTEMBER 12, 2019; WITNESSES

FILED WITH THE COURT DIRECTLY MATERIAL TO THE TRIAL WERE

NOT CALLED FOR TO TESTIFY AT TRIAL ON SEPTEMBER 12, 2019;

FILED AFFIDAVITS NOT TAKEN INTO CONSIDERATION AT TRIAL;

VIOLATION OF DUE PROCESS CLAUSE OF U.S. CONSTITUTION,

DEPRIVATION OF CRIMINAL DEFENDANT'S DUE PROCESS RIGHTS

UNDER THE CONSTITUTION. Dkt. 291, pg. 25. A court ignoring evidence and

witnesses violates substantive due process of law and procedural due process of

26

law. It is a kangaroo court process to ignore evidence, to ignore the law, and come to a predetermined conclusion. It is unlawful and illegal for a Federal Court to ignore evidence and ignore witnesses and ignore autism spectrum disorder.

Williamson v. Reynolds, 904 F. Supp. 1529, 1542 (E.D. Okla. 1995) ("Rather the inquiry on habeas is whether [defense counsel] . . . denied the defendant his right to due process by ignoring evidence, including evidence at trial, indicating that the defendant might not be competent").

Brooks v. State, 209 Miss. 150, 151 (Miss. 1950) ("2. Constitutional law — due process — ignoring fundamental rights. The prohibition in the Constitution that no person shall be deprived of his liberty except by due process of law was intended to guarantee the protection of fundamental and constitutional rights so that a fair trial may result, and where fundamental and constitutional rights are ignored due process does not exist and a fair trial can not be had.").

Raghav v. Wolf, 522 F. Supp. 3d 534, 538 (D. Ariz. 2021) ("Immigration Court violated his due process rights by ignoring evidence of his conditions in India and erroneously applying the law.").

There are articles of autistic children wandering away from home and found naked in public places or naked outside of the home. Of course with Petitioner, his autism had regressed to that of autistic children because nobody knew in 2018 that Brian Hill was exposed to carbon monoxide gas until 4 months after his arrest

27

(Dkt. 181-2, pg. 2). Anyways, Petitioner has autism and the Carbon Monoxide ("CO") gas exposure regressed his autism to the point of that of a child. Autistic children have the tendency of walking around naked and wandering away from home and in a lot of cases, found naked, just like Petitioner was found naked by police. Should autistic children face criminal liability or mental help programs?????????????????????????????????????????????????????????????????

Petitioner has filed four different articles of autistic children or autistic teens found naked either in public or was found naked by police, and one such exhibit regards an article on "How to Stop Your Autistic Child From Taking Their Clothes Off", "Medically reviewed Pilar Trelles, MD". See **EXHIBIT 12**. Autism is a neurological regression from people who behave normally and such normal people have no neurological damage or disability. Carbon monoxide or anybody drugging Brian Hill outside can cause such a regression to wandering around naked in public, especially at night. A MEDICAL DOCTOR may be necessary to testify in this case. See **EXHIBIT 11**: "Autistic boy, 13, found naked in house filled with human feces and dead rodents: police". Here is another autistic person found naked in a public place article. See **EXHIBIT 13**: "Naked girl found walking along I-5 near Ashland", "A girl who is believed to be autistic was found walking naked along the shoulder of Interstate 5 on Sunday north of Ashland. Oregon State Police say she appeared to be in her late teens and couldn't communicate". See **EXHIBIT**

28

**14** citation: "Motorists called police around 6 a.m. after noticing the child in the middle of the roadway with no clothes near Apache Road and Price Road…The child is autistic," Many situations of somebody with autism found wandering away from home naked. The Court did not take autism into consideration and treated Petitioner's MEDICAL EMERGENCY as a criminal matter. See Kenneth and Stella Forinash's letter to the Court and U.S. Attorney, **EXHIBIT 1**. Petitioner's autistic behavior of wandering away from home and being found naked had not been repeated (Dkt. #215, pg. 50) since his arrest after the removal of the source of the Carbon Monoxide gas (Dkt. 181-2, pg. 2), so the U.S. Probation Office should have no concern that Petitioner could do this again, Petitioner has not ran around naked since then. The carbon monoxide long-term in 2018 had regressed his behavior at that time into that of an autistic child, similar to the above referenced exhibits of example articles.

It is clear that Brian David Hill has good reason to suspect the federal judges involved in his case including the one who convicted Brian Hill in Dkt. #200 may have been blackmailed with child rape and murder (See GROUND VII "...BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER..." Concerning "JUDGES"). Petitioner had written Attorney Renorda Pryor begging her to write an affidavit about an omission or cover up of official Court transcript, and the judge went along with the cover up by the court reporter or condoned it.

29

That is illegal and violates law and Constitution. Four different witnesses signed affidavits about the Revocation hearing on September 12, 2019. See Dkt. #216: MOTION entitled "Petitioner's and Criminal Defendant's Motion to Correct or Modify the Record Pursuant to Appellate Rule 10(e) (Doc. #[215])". Dkt. #216-1, #216-2, #216-3, #216-4. See #316-1, Letter to Renorda Pryor, #216-2, Transmission tickets proving receipt, #216-3 first email to Renorda Pryor from Roberta Hill, #216-4 second email to Renorda Pryor from Roberta Hill. Attorney Renorda Pryor ignored all faxes and emails of Dkt. #316-1. The omission was the proof of innocence. Officer Robert Jones was asked by Attorney Renorda Pryor under oath at the Revocation hearing whether Brian Hill was being obscene, and the officer admitted that Petitioner was not being obscene that night. This is relevant to the state criminal charge as **EXHIBIT 15**, which triggered the supervised release violation that the U.S. Probation Office charged Petitioner with: "intentionally make an obscene display of the accused's person or private parts in a public place or in a place where others were present." What makes this important was that the same officer who charged Petitioner with this crime had admitted under oath on September 12, 2019 at the SRV revocation hearing, that Petitioner was not being obscene. This contradicts the entire arrest warrant. Of course, Petitioner was not being obscene. He was only found naked, never masturbated, and has autism. The very judge which Petitioner fears and suspects that judge of

being blackmailed with child rape and murder permitted covering up (Dkt. #223) and omitting admissions in official court transcript. Four witnesses admitted under oath that Attorney Renorda Pryor asked Officer Jones about Brian being obscene and that the officer denied under oath that Petitioner was obscene. Dkt. #216, #216-1, #216-2, #216-3, #216-4. Because the officer of the Court Briana L. Bell along with Thomas David Schroeder covered up a portion of the transcript by omission, there needs to be an evidentiary hearing requiring Officer Robert Jones to be asked again under oath, under penalty of perjury whether Brian Hill was being obscene when he was found naked on September 21, 2018. If the officer again affirms his same admission under oath that Petitioner was not being obscene, then no law was broken and Petitioner was not guilty as charged on the ground of obscenity, not including the additional element of not being medically cleared. Arguably, to be guilty of the crime, Petitioner must be obscene while naked in a public place or a place where others are present to be convicted. That is Virginia law. The officer wrongfully charged Petitioner with a crime he is innocent of. Time for the Court to ask Officer Robert Jones under oath again, and the Court must ask Officer Jones again under oath whether Brian Hill had been obscene. If he admits again that Petitioner was not obscene, then Petitioner is innocent of both the state charge and supervised release violation on this element ground alone.

31

Brian Hill is actually innocent of all three elements of his criminal charge. If the Court is still not convinced, they should hold an evidentiary hearing and appoint an attorney to represent Petitioner in this case to fully demonstrate factual innocence to prevent a miscarriage of justice. Convicting an innocent man of violating supervised release is a miscarriage of justice.

Respectfully filed with the Court, this the 25th day of July, 2022.

Respectfully submitted,

Brian D. Hill
Signed

<u>Brian D. Hill</u>
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
https://youtu.be/zR-7YLVp5uQ -- JusticeForUSWGO.wordpress.com
USWGO.COM // JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court

32

shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF WORD COUNT

I hereby certify that this reply to the Government's response to Petitioner's § 2255 motion complies with Local Civil Rule 7.3(d)(1) by asking the Court for permission by motion for leave of court to file in excess of 4,438 words above the 3,125 word limit (excluding the caption, signature lines, certificate of service, and any cover page or index). The word count for this pleading is 7,563 words.

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on July 26, 2022, service was made by mailing the original of the foregoing:

"PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" + "EXHIBIT LIST IN SUPPORT OF PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" + 15 Exhibits

by deposit in the United States Post Office, in an envelope or box, Postage prepaid, on July 26, 2022 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| | |
|---|---|
| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th<br>Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | Margaret M. Reece<br>U.S. Attorney Office<br>251 N. Main ST., Ste. 726<br>Winston-Salem, NC 27101<br>morgan.reece@usdoj.gov |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and

Case 1:13-cr-00435-TDS   Document 323   Filed 07/27/22   Page 34 of 35

perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| | Respectfully submitted, |
|---|---|
| Date of signing:<br><br>July 25, 2022 | *Brian D. Hill*<br>Signed<br>**Brian D. Hill**<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL; https://youtu.be/zR-7YLVp5uQ

