# EXHIBIT 6: USA v. Brian David Hill - 7:18-MJ-00149, May 14, 2019, Competency/Detention Hearing. Transcript completed on May 2, 2022.

## for

attached to: "EXHIBIT LIST IN SUPPORT OF PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"; and in support of "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"
by Brian David Hill

Case no. 1:13-cr-435-1; civil no. 1:22-CV-00074

Ally of Q, Former news reporter of USWGO Alternative News
JUSTICEFORUSWGO.WORDPRESS.COM



USA v. Brian David Hill - 7:18-MJ-00149                1

1        IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF VIRGINIA
2                 ROANOKE DIVISION

3   **UNITED STATES OF AMERICA,**

4           Plaintiff,           **CASE NO.: 7:18-MJ-00149**
                                  May 14, 2019
5   -v-                          Roanoke, Virginia
                                  Competency/Detention Hearing
6
    **BRIAN DAVID HILL,**             Before:
7                                 **HONORABLE ROBERT S. BALLOU**
                                  UNITED STATES MAGISTRATE JUDGE
8           Defendant.           WESTERN DISTRICT OF VIRGINIA

9   ***********************************************************
    APPEARANCES:
10
    For the Plaintiff:
11
        **CHARLENE DAY**
12      United States Attorneys Office
        310 First Street, S.W. Room 906
13      Roanoke, VA 24008
        540-857-2907
14      charlene.day@usdoj.gov

15  For the Defendant:

16      **RANDY VIRLIN CARGILL**
        Federal Public Defenders Office
17      Suite 420
        210 First Street, SW
18      Roanoke, VA 24011
        540-777-0880
19      randy_cargill@fd.org

20   _____

21
            Kelly Brown - FTR Recorder
22       Mary J. Butenschoen - Transcriber

23
    PROCEEDINGS TAKEN BY FTR; TRANSCRIBED USING COMPUTER-AIDED
24  TRANSCRIPTION

25

USA v. Brian David Hill - 7:18-MJ-00149          2

1      THE CLERK: *United States of America v. Brian David*

2    *Hill*, Case Number 7:18-MJ-149.

3      THE COURT: All right. Let the record reflect that

4    the government is present by its counsel. The defendant

5    likewise is present by counsel.

6      We're here for a couple of reasons today. The first

7    is since we were last together in your hill, Mr. Case -- or in

8    your case, Mr. Hill, excuse me. -- you were evaluated down at

9    Butner, and I've got the report back so we're going to have the

10   competency evaluation addressed and then for -- assuming that

11   he's found competent, to go forward we'll have his initial on

12   the supervised release violation.

13     Before I begin, I do want to address a couple of

14   things that are on the docket. There are two motions that are

15   on the docket. One is for me to disqualify myself, and the

16   other is for a -- for the government to produce copies of the'

17   transcript of previous hearings.

18     There are a couple of things. Mr. Hill previously

19   filed an order, Mr. Cargill, or filed a motion to reconsider my

20   decision to have him evaluated, as well as he also filed an

21   order to request transcripts in a motion for summary judgement.

22     I entered an order in this case on January the 15th

23   indicating that he's not entitled to hybrid representation

24   where he cannot file his own motions since he's represented by

25   counsel, so I denied those motions without prejudice to bring

USA v. Brian David Hill - 7:18-MJ-00149          3

1   again.  And I'm going to deny the present motions without

2   prejudice to bring again.

3        I'm -- I am going to specifically address the motion

4   to disqualify because I think that should be on the record.

5   The two grounds that were raised for me to disqualify myself

6   is, one, is that Mr. Hill previously had a civil case in this

7   court that was handled by Judge Kiser.  I made a ruling on a

8   discovery issue that he took an interlocutory appeal to the

9   Fourth Circuit on.  That civil case is 4:17-CV-27.  The Fourth

10  Circuit dismissed that appeal as an -- as an interlocutory

11  appeal.  The case was remanded.  Judge Kiser ultimately entered

12  summary judgement in the case, and the Fourth Circuit affirmed

13  that decision.  So I didn't have any involvement at all beyond

14  the -- beyond that.

15       The fact that someone takes an appeal to one of my

16  decisions is absolutely the right that they have, and I'm

17  always proud when anyone decides to exercise those rights as

18  set out under the Constitution.  And it has no impact upon the

19  way in which I handle any other decisions, and so I don't find

20  that as grounds for me to disqualify myself.

21       The second is that under Rule 59 of the Federal Rules

22  of Criminal Procedure is that a decision that I make, any

23  litigant has the right to appeal that to the presiding district

24  court judge, and that's in conjunction with the two -- or the

25  three motions that were filed earlier that I denied because

USA v. Brian David Hill - 7:18-MJ-00149                4

1    they were filed improvidently by Mr. Hill pro se.  And since

2    there was never an appeal to the presiding district judge in

3    this matter, I don't find that as grounds for me to disqualify

4    myself.

5              And so I'll address anything that the government or

6    Mr. Cargill that you think I need to address in connection with

7    those matters.

8              MS. DAY:  Nothing from the government, Your Honor.

9              MR. CARGILL:  Likewise, Your Honor.

10             THE COURT:  Okay, very well.

11             All right.  So I -- Ms. Day and Mr. Cargill, have

12   you-all received the report and the psychiatric evaluation as

13   it relates to Mr. Hill?

14             MS. DAY:  Yes from the government, Your Honor.

15             MR. CARGILL:  Yes, sir, I have, Your Honor.

16             THE COURT:  Ms. Day, is there anything else that the

17   government would like to offer in connection with the

18   determination in competency?

19             MS. DAY:  No, Your Honor.

20             THE COURT:  Mr. Cargill?

21             MR. CARGILL:  Likewise, Your Honor.  I've reviewed

22   the report with Mr. Hill and have no additions or comments on

23   the report.  I'd ask the Court to receive it and use it as the

24   basis for making its determination.

25             THE COURT:  All right.  Mr. Hill, I'll get you to

USA v. Brian David Hill - 7:18-MJ-00149                    5

1    stand up.  Is there anything that you would like me to consider

2    in connection with the -- whether you're competent to be able

3    to assist Mr. Cargill in connection with your matter today?

4    And then if you go back down to North Carolina to be able to

5    appear in front of the court down there?

6              THE DEFENDANT:  I do promise to appear at every

7    hearing that is required of me.

8              THE COURT:  Okay.  All right.  You understand -- so

9    right now all I'm considering is whether you're competent to

10   stand trial.  Do you feel competent, you understand what

11   your -- what the allegations are in the petition as to what

12   you've allegedly done wrong to violate your supervised release?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  All right.  And you understand the role

15   of all the different players here, what Mr. Cargill does for

16   you?  Are you satisfied that you know everything and that you

17   can help Mr. Cargill today?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Any lawyer that you're assigned down in

20   North Carolina, you can assist them as well?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Okay, very well.

23             All right.  Well, having considered the psychiatric

24   report, having considered the appearance of Mr. Hill here in

25   court as well as the -- taking the comments of counsel, I do

USA v. Brian David Hill - 7:18-MJ-00149                    6

1    find that Mr. Hill is competent to -- to stand trial and be

2    able to address these supervised release violations.

3            So Mr. Hill, let me address to you the supervised

4    release violations.  First of all, you -- let me just have you

5    state your full name for me, please.

6            THE DEFENDANT:  Brian David Hill.

7            THE COURT:  Okay.  And if you stand there normally

8    and talk to me so I can hear you, then -- then we'll be good.

9    So you don't need to lean down.  I think that will be more

10   comfortable for you.

11           THE DEFENDANT:  Okay, thanks.

12           THE COURT:  All right.  How old are you, Mr. Hill?

13           THE DEFENDANT:  How old am I?

14           THE COURT:  Yes, sir.

15           THE DEFENDANT:  28.

16           THE COURT:  28, all right.  How do you feel today?

17           THE DEFENDANT:  I feel all right.

18           THE COURT:  Good.  So you will recall, Mr. Hill, you

19   were previously sentenced down in the Middle District of North

20   Carolina on a federal charge of possession of child

21   pornography.  You served -- I think you were sentenced to time

22   served and then you had a period of supervised release.

23           Do you recall all that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  All right.  And some of the conditions

USA v. Brian David Hill - 7:18-MJ-00149                    7

1    that you were obligated to follow is that you not commit

2    another federal, state, or local crime in connection with this

3    matter -- or not commit another federal, state, or local crime.

4              The petition that I have in front of me that was

5    filed down in the Middle District of North Carolina alleges

6    that on September the 21st of last year you were found in the

7    City of Martinsville walking without clothes, and you were

8    charged with indecent exposure down in the City of

9    Martinsville.

10             Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right.  On the strength of that

13   there's been a petition filed in the Middle District of North

14   Carolina for action on your supervised release.

15             Do you understand these things?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Now, you do have a right to certain

18   hearings.  You can make the government prove that you are Brian

19   David Hill.  You can make the government offer sufficient

20   evidence for me to find that there's probable cause that you

21   are -- that you committed this offense, or you can waive those

22   hearings, the right to those hearings.  You can have them all

23   down in North Carolina or -- or not.

24             Do you understand these things?

25             THE DEFENDANT:  Yes.

USA v. Brian David Hill - 7:18-MJ-00149                     8

1        THE COURT:  All right.  Mr. Cargill, how do you wish

2   to proceed?

3        MR. CARGILL:  We'd ask, Your Honor, that those

4   hearings be conducted in North Carolina, and we also are asking

5   at the appropriate time that he be permitted to self-report for

6   court in North Carolina.

7        THE COURT:  Okay.  All right.  Any -- what's the

8   government's position as it relates to detention?

9        MS. DAY:  Your Honor, we're not opposed to him being

10  released to report in North Carolina.  We just ask that he be

11  put in third-party custody of his family who is here in court

12  today.

13       THE COURT:  Okay.  All right.  So I do have a

14  preliminary hearing waiver.  And Ms. Brown, let me have you

15  hand this over to Mr. Cargill.

16       So I've got a waiver form for you to sign, Mr. Hill,

17  that simply says you understand what your rights are to a

18  preliminary hearing.  Do you want to waive the preliminary

19  hearing or hold them all down in North Carolina?

20       MR. CARGILL:  Hold them all in North Carolina,

21  please, Your Honor.

22       THE COURT:  So there's a separate form for that.  Let

23  me give you a different form that is going to allow you to be

24  able to go to North Carolina and just begin this anew down

25  there.

USA v. Brian David Hill - 7:18-MJ-00149                    9

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  All right.  Do you understand that by

4  waiving your rights to hearings up here you're not admitting

5  that you've done anything wrong; you're not admitting that the

6  government is right; you simply are letting the case go down to

7  North Carolina and you'll address it all down there?  Do you

8  understand those things?

9          THE DEFENDANT:  Yes, I do, sir.

10          THE COURT:  All right.  And that's the way you wish

11  to proceed; is that correct?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Okay, very well.  So I'm going to print

14  out a form while we're -- while we're talking.  In the

15  meantime, Mr. Cargill, tell me a little bit about the --

16          MR. CARGILL:  Yes, Your Honor.

17          THE COURT:  -- home plan.

18          MR. CARGILL:  The plan, Your Honor, is that he would

19  return to his mother's home.  His mother owns a duplex

20  apartment building in Martinsville.  Roberta, who is nodding

21  her head, is the mother, and she lives in the upstairs

22  apartment.  Brian lives in the downstairs apartment.  She is

23  his paid caretaker through Public Partnerships, so she's home

24  all the time.  And Brian does require fairly constant

25  supervision, and she's willing to take on that task, as she has

USA v. Brian David Hill - 7:18-MJ-00149          10

1   been doing for quite a number of years.  And she's willing to

2   be the eyes and ears of the court and be the third-party

3   custodian and to provide transportation for Brian to North

4   Carolina for all of his court appearances.

5          THE COURT:  Still on SSI; is that correct?

6          MR. CARGILL:  He is on SSI.

7          THE COURT:  And so she's a caretaker and gets some

8   benefit, or at least is paid something through SSI to make sure

9   that's taken care of.

10          MR. CARGILL:  Correct, Your Honor.

11          THE COURT:  Okay.

12          MR. CARGILL:  And Brian has -- as the report notes,

13   he has brittle diabetes; he's autistic; he's OCD.  He does --

14   he has seizures.  So he does require fairly constant care.

15          As to the merits of this, Your Honor, he did suffer a

16   conviction in general district court.  That's on appeal, and I

17   talked to his state lawyer, and a hearing is scheduled in July.

18   So if you allow him to self-report, it would allow him to

19   pursue his appeal and hopefully have that resolved before he

20   has his merits hearing in North Carolina.

21          And finally I note, Your Honor, that he has been in

22   custody on this because he's served his 30 days on the

23   misdemeanor.  He got time served when he went to court on the

24   misdemeanor.  So he has under his belt almost five months on

25   this revocation if he is eventually revoked.  And by my count,

USA v. Brian David Hill - 7:18-MJ-00149          11

1    that might be midpoint of his guidelines -- guidelines if he's

2    found in violation.

3              So all in all, on Roberta's assurance -- and I note

4    also that his grandparents are here and they are very involved

5    in his life, and they are going to be hypervigilant about

6    taking care of Brian and making sure that this does not recur.

7              And I would note, Your Honor, he was on supervised

8    release for almost four years when this happened.  He's -- his

9    term of supervised release is ten years.

10             THE COURT:  A long term, yeah.

11             MR. CARGILL:  Yes.  So all in all, Your Honor, on

12   Roberta's assurance, I would ask the Court to release him on

13   terms so that he can appear voluntarily in North Carolina.

14             THE COURT:  All right.  Ms. Hill, can I get you to

15   come up, please.  I'll just let you stand right there behind

16   the podium.  How are you today, ma'am?

17             MS. HILL:  Okay.

18             THE COURT:  Good.  Can you give me your name?

19             MS. HILL:  Roberta Hill.

20             THE COURT:  All right.  Your son, does he go by Brian

21   or David?

22             MS. HILL:  Brian.

23             THE COURT:  Goes by -- your son is Brian?

24             MS. HILL:  Uh-huh.

25             THE COURT:  And he lives in this duplex arrangement

USA v. Brian David Hill - 7:18-MJ-00149          12

1    with you?

2              MS. HILL:  Yes.

3              THE COURT:  Does anybody else live there?

4              MS. HILL:  Nope, just me and him.

5              THE COURT:  Okay.  And certainly no firearms --

6              MS. HILL:  No.

7              THE COURT:  -- or other dangerous instrumentalities

8    there?

9              MS. HILL:  No.

10             THE COURT:  How about animals?

11             MS. HILL:  Yeah, two cats.

12             THE COURT:  Two cats.

13             MS. HILL:  Uh-huh.

14             THE COURT:  Very well.  And you-all live -- what's

15   your address?

16             MS. HILL:  310 Forest Street, Apartment 1, and

17   Brian's address is Apartment 2.

18             THE COURT:  All right.  And tell me, and that's in

19   Martinsville?

20             MS. HILL:  Uh-huh.

21             THE COURT:  And tell me the arrangement that you have

22   in connection is Brian's SSI.  You're a caretaker or --

23             MS. HILL:  I'm his payee and I'm his caretaker,

24   yes.

25             THE COURT:  Okay.  Does he listen to you?

USA v. Brian David Hill - 7:18-MJ-00149          13

1       MS. HILL:  Most of the time, yes.

2       THE COURT:  So in federal court, what -- what a bond

3   means, if you're admitted to bail, is that -- and I have a

4   third-party custodian, as Mr. Cargill said, you become the eyes

5   and the ears of the court.  And the obligations that I ask you

6   to fulfill are, one, to make sure that Brian gets to court when

7   he's supposed to and he's on time and in place and ready to go.

8       You're going to be given a time -- we may have to

9   reach out to you, but when to appear down in the Middle

10  District of North Carolina.

11      MS. HILL:  Okay.

12      THE COURT:  And it will be your obligation to make

13  sure he gets down there in any subsequent court appearances.

14      Likewise, it's your obligation to make sure that he

15  abides by the terms of my pretrial release, and we ask that you

16  do that.  And I will typically set on unsecured bond and then

17  ask the third-party custodian to co-sign that.  In other words,

18  that you have a little skin in the game, if you will, to make

19  sure that your son abides by the terms of pretrial release.

20      If he does not, your obligation is to call

21  Mr. McMurray, who I think you know already, and notify him even

22  if you know that may send Brian back to jail.  Do you

23  understand that?

24      MS. HILL:  Right.

25      THE COURT:  Can you do that?

USA v. Brian David Hill - 7:18-MJ-00149          14

1     MS. HILL:  Yes.

2     THE COURT:  That's a hard call for a mom to make.

3     MS. HILL:  Yeah.

4     THE COURT:  But you can do that.

5     MS. HILL:  Yes.

6     THE COURT:  Okay.  And otherwise anything else you

7   think I need to know, Mr. Cargill?

8     MR. CARGILL:  No, I don't think so, Your Honor.

9     THE COURT:  Ms. Day?

10     MS. DAY:  No, Your Honor.

11     THE COURT:  Do you have any questions for me,

12   Ms. Hill?

13     MS. HILL:  No.

14     THE COURT:  Okay.  All right, very well.

15     Thank you very much.

16     MS. HILL:  Thanks.

17     THE COURT:  Okay.  So Mr. Hill, I'm going to set

18   terms and conditions of release.  I think you-all have the

19   waiver form there.  You've signed that; is that correct?

20     THE DEFENDANT:  Yes.

21     THE COURT:  All right, very well.  So I'm going to

22   set terms and conditions of release that you can -- I'm going

23   to set a $25,000 unsecured bond to be co-signed by your mom as

24   a third-party custodian.  Understand that if you violate I'll

25   have you taken into custody by the marshal and detained until

USA v. Brian David Hill - 7:18-MJ-00149          15

```
1    this matter is resolved.  Likewise, if you commit a federal,

2    state, or local crime while on my pretrial release, that's a

3    separate federal offense for which you can be separately

4  , indicted and face a prison term over and above what you already

5    face.

6              Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  All right, very well.  So you are to live

9    at the 310 Forest Street address.  I think you're in Apartment

10   2.  Your mom is going to be third-party custodian.  No

11   dangerous instrumentalities, no weapons in your residence, nor

12   can you possess any.  You cannot have -- you and your mom will

13   have to consent to a warrantless search of your residence to

14   assure that you're abiding by the terms of pretrial release.

15   You are -- no alcohol, no illegal drugs, no controlled

16   substances without the -- without a valid prescription.  As

17   well, report any contact you may have with law enforcement and

18   cooperate with your probation officer in all respects.

19             No travel outside the Western District of Virginia,

20   other than the Middle District of North Carolina.  So you can

21   travel within the Middle District of North Carolina.  I believe

22   your court hearing is going to be in Greensboro, but you can

23   travel, certainly, across the border for those purposes.

24             Do you understand those things?

25             THE DEFENDANT:  Yes.
```

USA v. Brian David Hill - 7:18-MJ-00149                    16

1      THE COURT:  All right.  The other conditions that I'm

2    going to -- that I'm going to place on you is I'm going to

3    place a curfew since this is an event that happened at night,

4    and understand that you're to be in every night by 7 o'clock

5    and can't go out before 8 o'clock in the morning.  I want

6    you-all to be able to go to doctor's appointments and do what

7    you do during the day.

8          No need to be out at night, Ms. Hill.

9          And likewise, for the short-term until things are

10   taken care of down in North Carolina, because of some of the

11   underlying matters, I'm going to have a no internet prohibition

12   at this point in time, all right?

13         Do you understand that?

14         THE DEFENDANT:  Yes.

15         THE COURT:  I think you have a no internet

16   prohibition under your terms and conditions now, in any event,

17   but I'm going to reiterate that, all right?

18         Does that cover everything, Mr. McMurray?

19         PROBATION OFFICER:  Your Honor, I recommend mental

20   health conditions.

21         THE COURT:  That's right.  I also want you to

22   report -- today is on Tuesday -- by the end of next week, so I

23   think that's 10 days, to the local Community Services Board,

24   Ms. Hill, to be evaluated for ongoing mental health treatment.

25   I think that would be really helpful, and I want you to be able

USA v. Brian David Hill - 7:18-MJ-00149          17

1    to get connected and get the treatment that you need and to

2    continue with that.  And so be evaluated within ten days.

3              If Mr. McMurray does not already have an

4    authorization to allow you to be able to get your records, I'm

5    going to have you sign one and so that he can get the records

6    from the Community Services Board to assure that you're getting

7    the treatment.  He doesn't need -- he's not getting them to be

8    able to see what you're talking about, but to assure that

9    you're complying with all the treatment recommendations.

10             Do you understand?

11             THE DEFENDANT:  Yeah.

12             THE COURT:  Any questions about that?

13             THE DEFENDANT:  No.

14             THE COURT:  All right.  Ms. Hill, does that make

15   sense?  Is there anything else you think I need to add?

16             MS. HILL:  Oh, he needs a letter from his -- showing

17   that he's been released from jail for his SSI reinstated.

18             THE COURT:  So he's going to have bond paperwork for

19   that purpose, so he'll have a copy of his bond paperwork, all

20   right?

21             All right.  Ms. Day, anything further?

22             MS. DAY:  No, Your Honor.

23             THE COURT:  Mr. Cargill?

24             MR. CARGILL:  No.  Thank you, Your Honor.

25             THE COURT:  And is he at Western Virginia?

USA v. Brian David Hill - 7:18-MJ-00149          18

1     THE MARSHAL:  No, sir.  He should be released from

2  here.  He was brought over by Central Virginia today with

3  everything.

4     THE COURT:  But you-all can release him from here?

5     THE MARSHAL:  Yes, sir.

6     THE COURT:  Okay.  So he's going to have some

7  paperwork to sign here, and then he'll be released from the

8  marshal's service downstairs on the second floor.  I've got a

9  couple more matters to take up, but then after that you-all

10  can -- and don't go anywhere, Ms. Hill, because you're going to

11  need to sign that paperwork as well.  But then after that you

12  can work your way on down to the second floor, all right?

13     Thank you very much.  Good luck to you, Mr. Hill.

14     MR. CARGILL:  Good luck, Brian.

15     THE DEFENDANT:  Thank you.

16     THE MARSHAL:  Just to make sure, Your Honor, we're

17  releasing him directly to the custody of his mother or can we

18  just release him?

19     THE COURT:  Into the custody of his mother.

20     THE MARSHAL:  Okay, thank you.

21     (The proceedings concluded at 2:50 p.m.)

22                          **CERTIFICATE**

23     I, Mary J. Butenschoen, do hereby certify that the
   foregoing is a correct transcript of the electronic recording
24  in the above-entitled matter.
                    /s/            5/2/2022
25            Mary J. Butenschoen, Transcriber