In the United States District Court
For the Middle District of North Carolina

FILED
JUL 2 7 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By

)
**Brian David Hill,** )
**Petitioner/Defendant** )
)
            )    **Criminal Action No. 1:13-CR-435-1**
**v.** )
)    **Civil Action No. 1:22-CV-00074**
**United States of America,** )
**Respondent/Plaintiff** )
)
)

---

PROPOSED WITNESS LIST OF PETITIONER FOR ANY EVIDENTIARY
HEARING NECESSARY TO PROVE ACTUAL INNOCENCE OF 2255
MOTION PETITIONER BRIAN DAVID HILL

---





**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street,**
**Apt. 2 Martinsville,**
**Virginia 24112**
**(276) 790-3505**
**c/o: Rbhill67@comcast.net; Roberta Hill**

---

*Pro Se Appellant*          **– JusticeForUSWGO.wordpress.com**

COVER PAGE

1

NOW COMES the 28 U.S.C. § 2255 ("2255 Motion") Petitioner Brian

David Hill ("Hill", "Brian", and "Petitioner") who is respectfully filing this

proposed witness list attached, additional evidence attached thereafter regarding

"difficult witness" JaCody Cassell, and this proposed witness list is of material

witnesses, relevant witnesses, and necessary witnesses for any evidentiary hearing

for the foregoing 2255 Motion case to prove the actual innocence aka factual

innocence of Brian David Hill. These witnesses are necessary for proving actual

innocence, are necessary for proving the facts to disprove the prosecution's

elements of the charged crime, and are necessary for justice to be done instead of a

miscarriage of justice against innocent man Brian David Hill.

The explanations are given to the Court as to why each witness is material or

relevant to the actual innocence of the supervised release violation conviction

(wrongful conviction) of Brian David Hill on Document #200, and the charging

Documents no. #156, #157, and #158.

**PROPOSED WITNESS #1: Witness Roberta Hill**

This witness, Roberta R. Hill, personal caretaker of Brian D. Hill on a

Medicaid caretaker program, is a witness of seeing the carbon monoxide damage in

Brian David Hill's apartment, spoke with Jason McMurray in 2018 regarding Mr.

McMurray's concerns made to her about the ceiling damage and wall damage in

Petitioner's apartment in 2018. She is a witness of seeing the white residue in both

2

chimney fireplaces in Apartment 1 and Apartment 2 of Brian's residence where he lived prior to his arrest. She is a witness of knowing that her son does not have intent to just run around naked in public. She is a witness knowing that her son has never raped, never molested, and never committed any violent sexual act. Brian Hill's behavior on September 21, 2018 had shocked her and she knew something was wrong with Brian Hill due to his autism and medical issues but did not know what it was. After she hired Pete Compton of ACE Chimney & Wildlife in Bassett, Virginia, who found the metal tin placed on top of the chimney flues (See Dkt. #181-2, pg. 2), Roberta spoke with Brian Hill at visitation in Federal Correctional Institution ("FCI") in Butner, North Carolina, in 2019, Mr. Hill asked her, asked Kenneth Forinash, and asked Stella Forinash to all look into the carbon monoxide as the possible cause for his alleged indecent exposure incident. After that she was confident to pay the minimal amount necessary for a Bail Bondsman to pay for Brian's bond for him to be released.

The U.S. Probation Office had lied about or was wrong with the element that: "Mr. Hill remains without bond at the Martinsville City Jail as of the date of this report" (Dkt. #157, Pg. 1). That insinuated that Petitioner was somehow a danger to the community because he was not released on bond. That is not truthful, THAT IS A LIE. Roberta Hill didn't release her son on bond conditions because she didn't know why Brian Hill, her son, was out there naked at night, trying to

3

figure out exactly why. After Pete Compton and what he had found, Brian's family was ready to have Petitioner released on bond in both State criminal case and Federal criminal case over this supervised release violation. If Brian's family had known about the carbon monoxide earlier, Petitioner would have been released on bond in 2018, bond would have been granted, as the Circuit Court did grant Petitioner's request to be released on State bond in June, 2019 pending criminal trial in the Circuit Court.

The U.S. Probation Office lied or misrepresented in that charging report over the matter of medically cleared. The U.S. Probation Office lied or misrepresented in that charging report over the matter of Brian Hill not being released on bond for his State charge of indecent exposure.

Prior to finding out about the carbon monoxide, Petitioner's mother, Roberta Hill, had worked with Piedmont Community Services and with Attorney Scott Albrecht about finding a care home for Petitioner to live during his State criminal charge pending in 2018, in General District Court. She was afraid in 2018 that he may wander off again in 2018 without fully knowing what had happened and not knowing that the "local hospital" never completed the laboratory tests and never fully medically cleared him, Brian was not medically cleared. So she tried to work with Piedmont Community Services and REACH another mental healthcare organization to find a temporary care home for Petitioner until she was confident

4

that he would not just wander off at night. That was why he was not released on bond. She is a witness that Petitioner never raped, never molested, and she is confident that he is not a danger to society. She was just concerned that Petitioner with his autism spectrum disorder may just wander off and die of low blood sugar somewhere outside, miles away from home, or be eaten by wild animals or mauled by a wild black bear. He could have been attacked by a snake.

Roberta Hill is a witness and must be asked questions about her witnessing of Brian David Hill, paid Pete Compton to do chimney work in 2019, paid The Chimney Sweep $300 to do chimney work on October 5, 2017 and her calling The Chimney Sweep for an estimate on September 26, 2017, to be asked about the carbon monoxide poisoning, and her witness testimony about the intent of her autistic son wandering away from home and being found naked by police.

**PROPOSED WITNESS #2: Witness Stella Forinash**

This witness, Stella Forinash, mother of Roberta Hill the personal caretaker of Brian D. Hill on a Medicaid caretaker program; Stella is a witness of seeing the carbon monoxide damage in Brian David Hill's apartment, sent an email to Jason McMurray in 2018 about the ceiling damage and wall damage in Petitioner's apartment. She is a witness of seeing the white residue in both chimney fireplaces in Apartment 1 and Apartment 2 of Brian's residence where he lived prior to his arrest. She is a witness of knowing that her grandson does not have intent to just

run around naked in public. She is a witness knowing that her grandson has never raped, never molested, and never committed any violent sexual act. Brian Hill's behavior on September 21, 2018 had shocked her and she knew something was wrong with Brian Hill due to his autism and medical issues but did not know what it was. After Roberta Hill hired Pete Compton of ACE Chimney & Wildlife in Bassett, Virginia, as well as also was a witness to Pete Compton showing Roberta Hill, Stella Forinash, and Kenneth Forinash the issues when Pete Compton found the metal tin placed on top of the chimney flues (See Dkt. #181-2, pg. 2), Stella spoke with Brian Hill at visitation in Federal Correctional Institution ("FCI") in Butner, North Carolina, in 2019, Mr. Hill asked her, asked Kenneth Forinash, and asked Roberta Hill to all look into the carbon monoxide as the possible cause for his alleged indecent exposure incident. After that Stella Forinash was confident that Roberta Hill should push the lawyer to release Brian Hill from jail by Roberta Hill paying the minimal amount for a Bail Bondsman to pay for Brian's bond to be released.

Mr. McMurray (jason_mcmurray@vawp.uscourts.gov) was emailed by Kenneth and Stella Forinash (kenstella@comcast.net) on March 21, 2019, emailed about the reason for the damage in Brian Hill's apartment and about his weird abnormal behavior like the damage to the wall and ceiling. See Dkt. #293-16, pages 2-4, Exhibit 17 of 2255 Motion. Jason McMurray as an officer of the Federal

6

Courts by and through its agency known as the U.S. Probation Office doubts the intent of Brian David Hill because of the carbon monoxide damage he saw, and may feel that it was the reason why Brian was naked. He is not a medical expert and is not a gas expert, but is aware of the issue of Carbon Monoxide damage in 2018 more than the U.S. Attorney ever did. Carbon Monoxide exposure can have negative effects on the person exposed to it.

Prior to finding out about the carbon monoxide, Petitioner's grandmother, Stella Forinash, had worked with Piedmont Community Services and with Attorney Scott Albrecht about finding a care home for Petitioner to live during his State criminal charge pending in 2018, in General District Court. She was afraid in 2018 that he may wander off again in 2018 without fully knowing what had happened and not knowing that the "local hospital" never completed the laboratory tests and never fully medically cleared him, Brian was not medically cleared. So she tried to work with Piedmont Community Services and REACH another mental healthcare organization to find a temporary care home for Petitioner until she was confident that he would not just wander off at night. That was why he was not released on bond. She is a witness that Petitioner never raped, never molested, and she is confident that he is not a danger to society. She was just concerned that Petitioner may just wander off and die of low blood sugar somewhere outside,

7

miles away from home, or be eaten by wild animals or mauled by a wild black bear. Even be attacked by snakes which is a high risk of being bitten by a snake.

## PROPOSED WITNESS #3: Witness Pete Compton, ACE Chimney & Wildlife

This man is a very important expert witness and/or personal witness to seeing metal tin on top of the chimney flues sealing the exhaust flue for the two gas appliances below Apartment 2 aka Brian Hill's apartment. The two natural gas appliances are the hot water heater and the radiator for both apartments, as the pipes to the radiator heats the third apartment below Apartment 2. He was the witness who discovered the carbon monoxide poisoning of Apartment 2 and Apartment 1 of 310 Forest Street, Martinsville, VA. See Dkt. #181-2, Pg. 2, DECLARATION entitled "Evidence Declaration of Brian David Hill Regarding Carbon Monoxide and Letgter to Martinsville Police Chief in Opposition to Government's/Respondent's Documents #[156], #[157], #[158], #[159], and #[160]" filed by BRIAN DAVID HILL. (Attachments: # (1) Exhibit 0, # (2) **Exhibit 1**, # (3) Exhibit 2, # (4) Exhibit 3, # (5) Exhibit 4, # (6) Exhibit 5, # (7) Exhibit 6, # (8) Exhibit 7, # (9) Exhibit 8, # (10) Exhibit 9, # (11) Exhibit 10, # (12) Envelope - Front and Back) (Garland, Leah).

This witness is very important as Brian filed a fax complaint with the Fire Marshals of Henry County and City of Martinsville about a company called "The Chimney Sweep" (at the time he called them "The Chimney Sweeper" but was

8

referring to that business in Rocky Mount) asking for an investigation into the carbon monoxide poisoning. It was thanks to Pete Compton that Brian has this information. Brian filed the complaint by fax with the Fire Marshals in September, 2019, but nothing was ever done about it and no questions were ever asked. No investigation was ever conducted as far as Petitioner is aware, they were negligent of duty / dereliction of duty. There should have been an investigation.

Pete Compton is relevant since Brian was reportedly under carbon monoxide from October, 2017, until it was removed in January 30, 2019. Judge Schroeder and Attorney Renorda Pryor in September, 2019 refused to have Pete Compton as a witness despite his credibility as a chimney service expert. Both Attorney Renorda Pryor and Judge Schroeder have conspired to not have him as a witness, refused to allow him to be a witness when Pete Compton offered to be a witness. This witness is relevant and material since Brian David Hill had lived in a home with carbon monoxide damage and gas exposure prior to the indecent exposure charge on September 21, 2018, and Roberta Hill had continually been exposed to carbon monoxide gas until January 30, 2019, when Pete Compton found the blocking of ventilation of the gas appliances causing the carbon monoxide exposure. Pete Compton removed the blocked flue, noticed that part with the blockage was hot when he noticed it blocked the exhaust of the gas fumes.

**PROPOSED WITNESS #4: Witness Jacody Cassell, The Chimney Sweep**

9

This witness is very important but is labeled as a "difficult witness". He is a difficult witness. Some evidence will be attached to this pleading as to why he is a difficult witness but there are hundreds of pages from a closed case in the Office of the Attorney General for the Commonwealth of Virginia, case in the Dispute Resolution Unit. Brian filed a complaint against the company entity named: "The Chimney Sweep", business located at 1492 Blue Bend Rd, Rocky Mount, VA 24151-6568. Business phone number is (540) 493-2330. JaCody Cassell is presumed the owner of The Chimney Sweep but prior owner of this business was James Cassell.

This business entity known as "The Chimney Sweep" had somebody hired to protect the chimney at 310 Forest Street from the birds known as chimney swifts as it would be illegal to forcefully remove the chimney swifts from the chimney once they fly inside of the chimney at a particular time of the year. They placed metal tin on top of the chimney causing the carbon monoxide poisoning of Brian David Hill and the work had been done on October 5, 2017. Roberta Hill thought it was chicken wire that the company used and did not know that it was metal tin. Roberta Hill had no knowledge of the metal tin until January 30, 2019 when Pete Compton found the metal tin.

This business entity known as "The Chimney Sweep" had conducted chimney work on October 5, 2017. Was paid $300 by check on October 5, 2017,

10

and the check was cashed in by "The Chimney Sweep" on October 6, 2017, that money left Roberta Hill's SunTrust bank account on October 6, 2017. xFinity/Comcast Phone records printed in 2017 which luckily had four phone number record entries regarding a business phone number (540) 483-2468 belonging to James Cassell, the father of Jacody Cassell who had founded the company. That same phone number was listed on their logo for the company. That company cell phone number was under the cell phone company of U.S. Cellular. Jacody Cassell had denied not just him or one of his employees placing metal tin on top of the chimney (the same metal tin found by Pete Compton on January 30, 2019) but also made a complete wall of denial. He denied ever doing chimney work at 310 Forest Street. He denied ever giving an estimate to Roberta Hill. That would be business fraud since $300 was paid for chimney work, but he is denying any work at all, he is denying any estimate at all with the Attorney General's office of Dispute Resolution Unit. He also claimed through his hired attorney Eric Ferguson that he had no records or contracts concerning the chimney work, doesn't remember anything, so he is making it sound like he never got paid because he never did any work at 310 Forest Street. All of that is a lie. $300 was paid to The Chimney Sweep, so the claims made by Eric Ferguson would be fraudulent claims, getting paid $300 for nothing according to JaCody Cassell. Either his business did the chimney work or there was business fraud of paying $300 for nothing, one way

11

or the other he has to accept responsibility for what he had done to Brian Hill and Roberta Hill with the carbon monoxide gas. Two letters, phone call records, and a photograph of the house at 310 Forest Street with its chimney to show that photo to JaCody Cassell to question this witness under oath at any future evidentiary hearing as a difficult witness; all are attached to this PROPOSED WITNESS LIST pleading.

ATTACHMENTS:

1. LETTER TO OFFICE OF AARON M. ZIGLAR, ATTORNEY GENERAL, DISPUTE RESOLUTION UNIT, AND ATTORNEY ERIC FERGUSON – Dated July 6, 2022; RE: Case number: 953850; Mr. Brian D. Hill VS The Chimney Sweep

2. 28-7-1-2022-Call History October 23 2017 4_50AM (pages 1-5 excerpt records)(2) – Correction: it is 6 pages of excerpt of phone records; RE: Case number: 953850; Mr. Brian D. Hill VS The Chimney Sweep

3. LETTER TO OFFICE OF AARON M. ZIGLAR, ATTORNEY GENERAL, DISPUTE RESOLUTION UNIT, AND ATTORNEY ERIC FERGUSON FERGUSON – Dated July 23, 2022; RE: Case number: 953850; Mr. Brian D. Hill VS The Chimney Sweep.

4. Photograph of the home at 310 Forest Street with the chimney where the metal tin was placed on top of the flues of the chimney. This photograph was not submitted in the Dispute Resolution Unit case but is being submitted to this Court to help to jog the memory of difficult witness JaCody Cassell, by showing a photograph of the home and chimney where work was conducted on October 5, 2017.

12

The attachments prove that Mr. JaCody Cassell is a difficult witness. The dispute resolution case number is 953850; entitled as Mr. Brian D. Hill VS The Chimney Sweep. A copy of all records and correspondence of the case can be obtained from the Attorney General Office of Virginia, Dispute Resolution Unit. There are hundreds of pages of record including attachments sent by Roberta Hill by email, the faxes sent to Aaron Ziglar by Brian Hill. The responses by Attorney Eric Ferguson who represented Mr. JaCody Cassell of his business entity known as "The Chimney Sweep", who acquired this business from his father James Cassell. He is a difficult witness so questioning him will not be easy and may require photographs, check stub carbon copy of original check to be shown to the witness to help jog his memory unless he is faking his cannot-remember ever doing chimney work at the Hills residence response or responses. JaCody would face perjury if he made the same claims under oath that he made to the Dispute Resolution Unit. If he denies everything as before but this time under oath, then he could face a perjury charge.

**PROPOSED WITNESS #5: Witness police investigator sergeant Robert Jones**

This witness is very important as it was the U.S. Attorney's witness (Dkt. #186, Exhibit and Witness list document) as listed at the revocation hearing on September 12, 2019.

13

Because of the cover up sanctioned by Hon. Thomas David Schroeder, covering up in his courtroom transcript, PROVEN COVER UP due to four witness affidavits, a certain question asked of this witness under oath will need to be asked again since this judge got away with covering up a portion of the transcript. See Dkt. #216: MOTION entitled "Petitioner's and Criminal Defendant's Motion to Correct or Modify the Record Pursuant to Appellate Rule 10(e) (Doc. #[215])". Dkt. #216-1, #216-2, #216-3, #216-4. See #316-1, Letter to Renorda Pryor, #216-2, Transmission tickets proving receipt, #216-3 first email to Renorda Pryor from Roberta Hill, #216-4 second email to Renorda Pryor from Roberta Hill. Attorney Renorda Pryor ignored all faxes and emails of Dkt. #316-1. Reonorda Pryor is afraid of Judge Schroeder that she refused to respond to Brian's letters to Attorney Renorda Pryor. Renorda Pryor is afraid of Judge Schroeder, she is scared to do anything that would paint a target on her back regarding the cover up of the transcript admissions of Officer Robert Jones on September 12, 2019.

Because of the cover up sanctioned by Hon. Thomas David Schroeder, covering up in his courtroom transcript, the question regarding whether Officer Robert Jones thought Brian was not obscene after Attorney Renorda Pryor had asked that question about whether or not Brian had been obscene that night. That question will need to be asked again in this case since it was covered up by Briana Bell the Court Reporter who works for Judge Schroeder's courtroom and was

14

covered up by U.S. District Court Chief Judge Thomas David Schroeder. Evidence has proven he covered up that question and response from Officer Robert Jones in the transcript, and the question must be asked again since it was erased from the record of this Court. That is cover up and is one of many reasons why Brian Hill suspects the judge is being blackmailed with child rape and murder. See Dkt. #300.

Here are some questions which the Petitioner, the Court, or the U.S. Attorney can ask Officer Robert Jones:

1. Officer Robert Jones, on Sept. 21, 2018: Was Brian Hill being obscene that night when you found him naked? Did you think he was being obscene?

2. Officer Robert Jones, on Sept. 21, 2018: Was Brian Hill standing naked around people at the Dick and Willie walking trail at night while he was naked and did they scream oh my god or freak out?

3. Officer Robert Jones, on Sept. 21, 2018: Why did you state under oath in the CRIMINAL COMPLAINT and the U.S. Probation Office which mirrored your complaint said that Brian Hill was medically and psychologically cleared?

4. Officer Robert Jones, on Sept. 12, 2019: You said under oath on September 12, 2019 at the revocation hearing that you never got a copy of his medical records and it's obvious that you never seen his medical billing records which show things which differs from or may contradict the medical record

15

on September 21, 2018. How could you say he was in fact medically and psychologically cleared instead of Brian Hill being medically neglected as the records may show? Did you read Brian's written letter to the federal court in October, 2018 under Document #153 where he said he may have been drugged, was afraid to sleep in his own bed and thought something bad would happen to him, as well as saying some of his memories may have been blacked out?

5. Officer Robert Jones, on Sept. 21, 2018: You didn't know he was a type 1 brittle diabetic at the time you arrested him not knowing that he had type 1 brittle diabetes where he could have had a diabetic seizure in your squad car? Did you know diabetics with low blood sugar cannot be accurately interrogated or interviewed? Was Mr. Hill even coherent that night?

6. Officer Robert Jones, on Sept. 21, 2018: Do you believe he was under a hallucination, delirium, or psychosis at the time of his arrest or when you heard statements from Brian Hill?

7. Officer Robert Jones, on Sept. 21, 2018: Do you truly believe that Brian David Hill that night was being obscene as you charged him with obscenity meaning that Mr. Hill would have had to have in the totality of circumstances a purpose for appeal to the prurient interest in sex?

16

8. Officer Robert Jones, on Sept. 21, 2018: You said that the person who called the police on this naked man said a white naked male was running, not standing around attempting to show his genitals. When you or any of the other officers shone a flashlight on him without saying you were police, he ran instead of touching himself, he ran instead of trying to look sexually appealing. He just ran away showing that he did not want to give a bystander a good look because the person who called 911 said he was running away or running when he was seen by somebody in a moving vehicle. Do you believe he was being obscene when he was naked and only had a purpose for appealing to the prurient interest in sex?

9. Officer Robert Jones, on Sept. 21, 2018: Did Mr. Hill ever masturbate in front of anybody that night? If he didn't masturbate in front of anybody then do you truly feel that Mr. Hill was being obscene that night you found him?

Those questions will be the determining factor in the obscenity element of Brian Hill's state charge and in the obscenity element of supervised release violation charge.

**PROPOSED WITNESS #6: Witness Kenneth Forinash**

This witness, Kenneth R. Forinash, U.S. Air Force Veteran, is a witness of seeing the carbon monoxide damage in Brian David Hill's apartment, sent an email to Jason McMurray in 2018 about the ceiling damage and wall damage in

17

Petitioner's apartment. He is a witness of seeing the white residue in both chimney fireplaces in Apartment 1 and Apartment 2 of Brian's residence where he lived prior to his arrest. He is a witness of knowing that Brian David Hill does not have intent to just run around naked in public. He is a witness knowing that Petitioner has never raped, never molested, and never committed any violent sexual act. Brian Hill's behavior on September 21, 2018 had shocked him and he knew something was wrong with Brian Hill due to his autism and medical issues but did not know what it was. After Roberta Hill hired Pete Compton of ACE Chimney & Wildlife in Bassett, Virginia, as well as also was a witness to Pete Compton showing Roberta Hill, Stella Forinash, and Kenneth Forinash the issues when Pete Compton found the metal tin placed on top of the chimney flues (See Dkt. #181-2, pg. 2), Kenneth had spoke with Brian Hill at visitation in Federal Correctional Institution ("FCI") in Butner, North Carolina, in 2019, Mr. Hill asked all of his family including, Kenneth Forinash, Stella Forinash, and Roberta Hill for all to look into the carbon monoxide as the possible cause for his alleged indecent exposure incident. After that Kenneth Forinash was confident that Roberta Hill should have his lawyer push to release Brian Hill from jail by Roberta Hill paying the minimal amount for a Bail Bondsman to pay for Brian's bond to be released.

Mr. McMurray (jason_mcmurray@vawp.uscourts.gov) was emailed by Kenneth and Stella Forinash (kenstella@comcast.net) on March 21, 2019, emailed

18

about the reason for the damage in Brian Hill's apartment and about his weird

abnormal behavior like the damage to the wall and ceiling. See Dkt. #293-16,

pages 2-4, Exhibit 17 of 2255 Motion. Jason McMurray as an officer of the Federal

Courts by and through its agency known as the U.S. Probation Office doubts the

intent of Brian David Hill because of the carbon monoxide damage he saw, and

may feel that it was the reason why Brian was naked. He is not a medical expert

and is not a gas expert, but is aware of the issue of Carbon Monoxide damage in

2018 more than the U.S. Attorney ever did. Carbon Monoxide exposure can have

negative effects on the person exposed to it.

Prior to finding out about the carbon monoxide, Petitioner's grandpa,

Kenneth Forinash, had worked with Piedmont Community Services and with

Attorney Scott Albrecht about finding a care home for Petitioner to live during his

State criminal charge pending in 2018, in General District Court. Kenneth Forinash

wasn't in good health at the time, could not look after Brian, and at the time he was

afraid in 2018 that Brian may wander off again in 2018 due to his autism disorder

without fully knowing what had happened and not knowing that the "local

hospital" never completed the laboratory tests and never fully medically cleared

him, Brian was not medically cleared. So he also tried to work with Piedmont

Community Services and REACH another mental healthcare organization to find a

temporary care home for Petitioner until he was confident that Brian would not just

19

wander off at night. That was why he was not released on bond, having a difficulty finding an accepting medical care home. He is a witness that Petitioner never raped, never molested, and he is confident as Brian's grandpa that Brian is not a danger to society. He was just concerned that Petitioner may just wander off and die of low blood sugar somewhere outside, miles away from home, or be eaten by wild animals or mauled by a wild black bear. Snakes could bite Brian and cause him to die on the walking trail.

**PROPOSED WITNESS #7: Witness Dr. Brant Hinchman (Medical Doctor)**

This witness is a licensed Medical Doctor in 2018 at the time of Mr. Hill's arrest (See Dkt. #181-11, pg. 2-8) and discharge from the Hospital Emergency Room. He was over the RN nurses who tended to Brian David Hill on September 21, 2018, at the Emergency Room before he was discharged to Police/Jail. He was also over what was reported to the Billing Department of the "local hospital" of Sovah Health Martinsville. Every billable procedure and every item used of the hospital's resources was reported in the billing record. See **EXHIBIT 2** in support of "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)". Also referenced in "EXHIBIT LIST IN SUPPORT OF PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE

20

(DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)".

Due to the investigation initiated by the redacted government agency, Dr. Brant Hinchman may lose his license to practice medical work due to medical neglect of Brian David Hill, possible Medicaid fraud due to billed procedure of drawing blood but not completing the lab tests for the blood drawn, and/or covering up biological evidence and/or lying to Officer Robert Jones about Petitioner being medically cleared when in fact he wasn't. Officer Robert Jones admitted under oath on September 12, 2019 at the hearing that they normally do lab work or blood alcohol testing but he did not have Petitioner's medical records, never subpoenaed for them. See **EXHIBIT 8** in support of "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)". This doctor may get in some kind of legal trouble and at bare minimum the investigation which is ongoing and pending further proves that Brian David Hill was not medically cleared by the local hospital prior to being arrested on September 21, 2018. Disproves the element of guilt, Medical clearing element.

Dr. Brant Hinchmen is a very important witness as his testimony and being asked the right questions will disprove the element of the U.S. Probation Office's charge that: "Following an examination at a local hospital, Mr. Hill was medically

21

.

and psychologically cleared" (Dkt. #157, pg. 2). Mr. Hill was NOT medically and

psychologically cleared. This witness is needed for the evidentiary hearing to

disprove that element of the charged crime in both the federal court charge and the

state court charge, and thus Brian David Hill is actually innocent of indecent

exposure, and actually innocent of the supervised release violation since this court

wants to ignore any verdicts and fact findings in the Virginia Courts, refuses to

wait for the State appeals and refuses to respect the State appeals in making a

determination for the supervised release violation. Since this court wants to ignore

the Virginia courts, an independent determination should be the actual innocence

finding of Brian David Hill due to not being medically and psychologically

cleared.

Here are some questions which the Petitioner, the Court, or the U.S. Attorney can

ask Dr. Brant Hinchman:

1. Dr. Hinchman, on Sept. 21, 2018: you had in your medical report that

   laboratory tests were ordered and the billing record said IV Kit and IV

   CATH tube was used on your patient Brian David Hill, why were the tests to

   be deleted from his medical chart? Did you dispose of the blood samples

   after the lab tests were cancelled and to be deleted from the chart? Were they

   cancelled or covered up? Did anybody in Martinsville Police Department

   demand or order you to cover up the blood samples and cover up any

laboratory testing results? Why was blood drawn from the arm of Brian Hill in September 21, 2018 and then Brian's blood samples aka biological evidence was wasted at your hospital knowing he was facing a serious charge with no lab work completed?

2. Dr. Hinchman, on Sept. 21, 2018: why did you not test the diabetic blood sugar of Brian David Hill after he made statements to police then was transported to the hospital?

3. Dr. Hinchman, on Sept. 21, 2018: why was Brian being given hydration by IV tube and sodium chloride which is an electrolyte by usage of an IV tube for the first hour of his Emergency Room visit? Was Brian Hill dehydrated and that was why he was given such IV solutions and therapy?

This Doctor and the associated nurses Nicole Ramey, RN Lauren Bouldin, and RN Daniel Reynolds. in the medical record (Dkt. #181-11, pg. 2-8) are all witnesses to the fact that not all procedures were conducted. Lab work was ordered but was not completed after blood was drawn, and diabetic blood glucose testing was not conducted, may have been Medicaid fraud since IV KIT and IV CATH were used to insert a needle into Brian's arm on September 21, 2018, blood was drawn which was why lab tests were ordered in the first place but then was deleted from the chart some point afterwards, the blood sample drawing by IV tube charged to Medicaid but

the blood sample had disappeared and was wasted and disposed of.
Medicaid fraud was likely conducted here by Dr. Brant Hinchmen and the
associated nurses Nicole Ramey, RN Lauren Bouldin, and RN Daniel
Reynolds. Medicaid fraud by the local hospital and needs to be investigated
by the Virginia State Police. Petitioner will at some point push for a State
Police investigation into the local hospital and a State Police investigation
into spoliation of evidence by Martinsville Police which such spoliation of
evidence is obstruction of justice against the U.S. Probation Office by
destruction of relevant and material evidence, Brian will file reports or
complaints with the State Police when he has the time not taken up by legal
work for all cases. Medicaid fraud is a serious crime. Destruction of
evidence during a pending federal Probation investigation is a serious crime.
The serious crime of Medicaid fraud also includes federal since Medicaid is
a federal program implemented by the states. The U.S. Attorney aka
Respondent should push for a Medicaid fraud investigation into Sovah
Health Martinsville, the local hospital on September 21, 2018. The U.S.
Attorney aka Respondent should push for an Obstruction of Justice
investigations into Martinsville Police Department and investigate into G. E.
Cassady the Police Chief for destruction of body-camera footage and any
other evidence which can influence the outcome of the investigation by the

24

U.S. Probation Office while looking into the indecent exposure case prior to

charging Petitioner with a supervised release violation.

## PROPOSED WITNESS #8: Witness (U.S. Probation Officer) Jason McMurray

The U.S. Probation Officer Jason McMurray is a material witness as he was

the one who was Petitioner's supervising probation officer since 2015, for

Petitioner's supervised release sentence. Jason McMurray was also a witness to the

wall damage and ceiling damage in Apartment 2 of Brian David Hill. So he was

aware of damage materializing months prior to Brian's arrest for indecent

exposure. See Dkt. #293-16, Pages 2 through 4, **EXHIBIT 17** of 2255 Motion

case.

Brian David Hill takes hours in some cases of washing his hands and

washing his body every time he uses the bathroom as part of his Obsessive

Compulsive Disorder ("OCD") routines as part of his Autism Spectrum Disorder

("ASD"). Jason McMurray is aware of Brian's OCD hand washing body washing

routines to the extent where his routines take a while. Jason was concerned about

Brian's OCD escalating in 2018 prior to Brian's arrest and his concerns were made

know under oath during the revocation hearing in Roanoke, Virginia, dated

December 26, 2018, case no. 7:18-MJ-00149. See **EXHIBIT 5**: USA v. Brian

David Hill - 7:18-MJ-00149, December 26, 2018, Supervised Release Revocation

Hearing. Transcript completed on May 2, 2022 for attached to: "EXHIBIT LIST IN SUPPORT OF PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"; and in support of "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (DKT. #319) TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" by Brian David Hill.

Due to the carbon monoxide gas exposure in Apartment 2 as shown in Dkt. #181-2, pg. 2, it had caused the wall around the fireplace to start deteriorating due to excess moisture getting in the wall and ceiling around the fireplace due to the Carbon Monoxide gas. Mr. McMurray was so concerned about the damage in the ceiling and wall around the fireplace, he visited Roberta Hill in Apartment 1 in 2018, months prior to Brian's arrest. Petitioner was told by his mother that Jason McMurray visited her to express his concern with the weird abnormal damage in the ceiling and wall around the fireplace of Brian's apartment. Petitioner recalls that Mr. McMurray also expressed concern with Brian Hill himself with the abnormal damages in his apartment prior to leaving the home. Roberta Hill had taken photos of the damage even worse than when Brian Hill was arrested. See Dkt. #293-19, pages 2-5, **Exhibit 20** of 2255 Motion.

26

Mr. McMurray (jason_mcmurray@vawp.uscourts.gov) was emailed by Kenneth and Stella Forinash (kenstella@comcast.net) on March 21, 2019, emailed about the reason for the damage in Brian Hill's apartment and about his weird abnormal behavior like the damage to the wall and ceiling. See Dkt. #293-16, pages 2-4, Exhibit 17 of 2255 Motion. Jason McMurray as an officer of the Federal Courts by and through its agency known as the U.S. Probation Office doubts the intent of Brian David Hill because of the carbon monoxide damage he saw, and may feel that it was the reason why Brian was naked. He is not a medical expert and is not a gas expert, but is aware of the issue of Carbon Monoxide damage in 2018 more than the U.S. Attorney ever did. Carbon Monoxide exposure can have negative effects on the person exposed to it.

---

The witnesses have been proposed as established in this pleading for this U.S. District Court to conduct an evidentiary hearing in regard to actual innocence of Brian David Hill which will bring justice and follow Due Process of Law before proper disposition of the foregoing 2255 Motion case. An evidentiary hearing is necessary for proving actual innocence of Brian David Hill. The proposed witnesses are necessary for proving actual innocence of Brian David Hill. Depriving Petitioner of an evidentiary hearing is deprivation of due process, punishing Petitioner for a crime he is innocent of, and is a miscarriage of justice.

Respectfully filed with the Court, this the 25th day of July, 2022.

27

Respectfully submitted,

Brian D. Hill
*Signed*

**Brian D. Hill**

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
https://youtu.be/zR-7YLVp5uQ -- JusticeForUSWGO.wordpress.com
USWGO.COM // JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon
the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court
shall issue and serve all process, and preform all duties in such cases. Witnesses
shall attend as in other cases, and the same remedies shall be available as are
provided for by law in other cases". Petitioner requests that copies be served with
the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic
Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail.
Thank You!

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on July 26, 2022, service was made by mailing the original of the foregoing:

"PROPOSED WITNESS LIST OF PETITIONER FOR ANY EVIDENTIARY HEARING NECESSARY TO PROVE ACTUAL INNOCENCE OF 2255 MOTION PETITIONER BRIAN DAVID HILL" + FORMAL 1-PAGE WITNESS LIST + TWO LETTERS + PHONE CALL RECORDS + PHOTOGRAPH OF HOME to show difficult witness JaCody Cassell

by deposit in the United States Post Office, in an envelope or box, Postage prepaid, on July 26, 2022 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
|---|---|
| U.S. Attorney Office | U.S. Attorney Office |
| Civil Case # 1:17 -cv-1036 | Civil Case # 1: 17 -cv-1036 |
| 101 South Edgeworth Street, 4th | 101 South Edgeworth Street, 4th |
| Floor, Greensboro, NC 27401 | Floor, Greensboro, NC 27401 |
| Anand.Ramaswamy@usdoj.gov | angela.miller@usdoj.gov |
| JOHN M. ALSUP | Margaret M. Reece |
| U.S. Attorney Office | U.S. Attorney Office |
| 101 South Edgeworth Street, 4th | 251 N. Main ST., Ste. 726 |
| Floor, Greensboro, NC 27401 | Winston-Salem, NC 27101 |
| john.alsup@usdoj.gov | morgan.reece@usdoj.gov |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| | Respectfully submitted, |
|---|---|
| Date of signing:<br><br>July 25, 2022 | Brian D. Hill<br>Signed<br>Brian D. Hill<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br>U.S.W.G.O.<br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL; https://youtu.be/zR-7YLVp5uQ





# LETTER TO OFFICE OF AARON M. ZIGLAR, ATTORNEY GENERAL, DISPUTE RESOLUTION UNIT, AND ATTORNEY ERIC FERGUSON

RE: Case number: 953850; Mr. Brian D. Hill VS The Chimney Sweep

WEDNESDAY, JULY 6, 2022
EDITED, FINISHED ON THURSDAY, JULY 7, 2022, 12:53 AM

| **ATTN: Aaron M. Ziglar** | **ATTN: Eric H. Ferguson, Esq.** |
|---|---|
| Dispute Resolution Specialist | RHODES & FERGUSON ATTORNEYS |
| Office of the Attorney General | AT LAW |
| 202 North 9th Street | 305 S. Main Street |
| Richmond, Virginia 23219 | Rocky Mount, VA  24151 |
| Phone: (804) 786-1244 | eferguson@fergusonlaw.net |
| FAX: (804) 225-4378 | Phone: 540-483-5234 |
| AZiglar@oag.state.va.us | FAX: 540-483-5763 |

To Whom it may Concern,

I would like to reach out to you more personally rather than Roberta Hill conveying messages to you.

I ask Aaron Ziglar to wait until I and Roberta Hill receive a copy of her bank account record and/or check record proving that $300 was paid to The Chimney Sweep.

Once I do, I will have the evidence proving that Mr. JaCody Cassell is lying about not doing any chimney work for Roberta Hill at 310 Forest Street, Martinsville, Virginia 24112. Lying about no estimate. Lying through his representative Attorney Eric Ferguson who is simply repeating what his client is directing him to do. As it is ethical to always do what your client asks you to do, though my court appointed lawyers did not do much of that if any at all.

It is admirable Attorney Eric that you will do whatever your client asks you to do. Even if certain statements Attorney Ferguson had said can be proven to be untrue.

In this Attorney's statements from his client, Mr. Cassell, owner of the business titled as "The Chimney Sweep" in Rocky Mount, Virginia. Attorney Eric Ferguson said

some statements which I will directly prove are not truthful.

CITATION FROM ATTORNEY ERIC FERGUSON'S RESPONSE DATED JUNE 29, 2022: "My client has never done any work for the Hills."

The formal written requests from Roberta Hill were put in to both the FDIC, SunTrust (failed bank) through FDIC, and TRUIST bank. I successfully faxed TRUIST bank in both Martinsville branch and Ridgeway branch. I am simply waiting for the records.

Once I have the bank records, the photograph of the check stub, it will prove that $300 was paid to The Chimney Sweep in October, 2017, on the date which the money was transferred out of Roberta Hill's bank account in October, 2017. The check was dated as to being October 5, 2017.

I am aware that SunTrust in 2017 scans checks and keeps certain electronic records such as photocopies of cashed checks. The check date on the photograph of the check stub as to being OCTOBER 5, 2017 also backs the phone records of 276-790-2505 phone account on xFinity/Comcast. It backs that Roberta Hill made a phone call to the phone number (540) 483-2468, US Phone Book printout proved that the phone number belonged to James Cassell, who was the owner of the business known as The Chimney Sweep. Roberta opened the image to tab browser feature at the BBB profile for The Chimney Sweep to view the image logo of The Chimney Sweep and it was a large image to her surprise.



**PAGE 2 OF 12 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-7-2022**

Notice the logo for The Chimney Sweep is the exact same phone number as the caller logs supporting that two times of phone calling in the telephone records.

Roberta Hill received a phone call from (540) 483-2468 at around 10:04 AM EST, Thursday, Oct 5, 2017, lasted 23 seconds. Roberta Hill later made a phone call back to that number (540) 483-2468 at around 1:22 PM EST, Thursday, Oct 5, 2017, lasted 36 seconds. At the time Mr. Cassell, whichever Cassell it was had used the mobile cell phone provider U.S. CELLULAR. That we can prove.

What would cause The Chimney Sweep or Mr. Cassell to even be involved with calling Roberta Hill on October 5, 2017?

Roberta Hill made a longer phone call to that same number (540) 483-2468 at around 11:26 AM EST, Tuesday, September 26, 2017, lasted 3 minutes and 11 seconds. At the time Mr. Cassell, whichever Cassell it was had used the mobile cell phone provider U.S. CELLULAR. That we can prove. U.S. Cellular is his cell phone provider at the time. Roberta Hill did a phone lookup at a site called freecarrierlookup.com and printed the record for mne in pdf format. It is still at the cell phone provider of "US Cellular Corp." the exact same phone provider name coming up in the caller ID in one of the phone call log entries.

| UNKNOWN | (540) 483-2468 | 0s | PLACED | 11:32 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (540) 483-2468 | 3m 11s | PLACED | 11:26 AM EST | Tue. | Sep 26, 2017 |
| | | | | | | |
| UNKNOWN | (540) 483-2468 | 36s | PLACED | 1:22 PM EST | Thu. | Oct 5, 2017 |
| U.S. CELLULAR | (540) 483-2468 | 23s | RECEIVED | 10:04 AM EST | Thu. | Oct 5, 2017 |

Once I have a pdf or scanned copy of Roberta Hill's bank account records and proof of $300 leaving her bank account, I will have her sign an affidavit that the photograph of the check stub is a photo of her check stub and named as to being paid to "The Chimney Sweep" on the date of "Oct. 5, 2017" in the amount of $300. Her affidavit, the bank account records, and the telephone records prove beyond doubt that The Chimney Sweep was doing an estimate or doing business of some sort with Roberta Hill, in 2017.

Why would Roberta Hill pay $300 to a business called "The Chimney Sweep" on the exact same day of the telephone call logs proving that Mr. Cassell's cell phone number from provider U.S. CELLULAR was in two phone call log entries on the exact

same day as the check stub??? Both placed and received calls.

CITATION FROM ATTORNEY ERIC FERGUSON'S RESPONSE DATED JUNE 29, 2022: "Mr. Hill's complaint is baseless and he has no evidence to support it. He has offered no contract, no estimate, and no evidence of payment. He has nothing with which to back up his complaint."

We do have evidence of payment. The bank account records will prove that the money was drawn out of her bank account and that money was being paid for by check to "The Chimney Sweep".



The reason Roberta Hill has no contract was because she was never given this paper contract to my knopwledge, she cannot find this paper contract. I find it odd that she has no paper contract despite having records of other repair work done to the same home. I don't believe Mr. Cassell ever gave her a paper contract as long as I remember, it would be their fault and not our fault.

**PAGE 4 OF 12 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-7-2022**

CITATION FROM ATTORNEY ERIC FERGUSON'S RESPONSE DATED JUNE 29, 2022: "My client has no records of ever providing an estimate for work to be done at the home of the Hills in Martinsville and he has no evidence of ever doing any work for the Hills at a home in Martinsville."

We have something in this country called the Fifth Amendment, Constitutional right to remain silent. It is Mr. Cassell's right to deny everything or keep his mouth shut. Denying everything can be more detrimental then simply remaining silent under the Fifth Amendment. Especially when any denials are disproved with counter evidence.

However, if this Attorney Eric Ferguson truly wants his client's claims to be entirely true without any shadow of doubt, this lawyer and his client should have simply remained silent because the telephone records, the photograph of the check stub, the BBB profile printout, The US Phone Book printout, the logo for The Chimney Sweep, and the incoming bank account records will prove that $300 was paid to The Chimney Sweep and the check was issued by Roberta Hill to The Chimney Sweep on the very same day the phone number (540) 483-2468 was called and call received from that number on the exact same day. That number belonged to James Cassell, at the time this mobile phone number was published on US Phone Book, and that directly ties the check stub with the exact same name as the business and the phone number in the phone logs.

I would say the 3 minutes and 11 seconds on September 26, 2017 would be plenty of time to discuss an estimate, for the visit and chimney work to be conducted on October 5, 2017. $300 paid to "The Chimney Sweep" from Roberta Hill's bank account.

## CONCLUSION

At this point the claims by Attorney Eric Ferguson regarding no work ever being done at the Hill's residence in Martinsville and no estimate are fraudulent, false statements.

Despite it being scant bits and pieces of evidence, it is enough to prove a few statements made by Attorney Eric Ferguson's client Mr. Cassell are fraudulent, false statements. Pokes holes in those statements. Shows evidence of a possible cover up. Possible cover up by Mr. Cassell.

**PAGE 5 OF 12 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-7-2022**

$300 was paid for chimney work done on October 5, 2017 at the chimney, and the phone call logs prove activity was going on around or on October 5, 2017, involving Mr. Cassell.

As I said before, he has the constitutional right to remain silent. Before ever attempting to make me out to be a liar in any way, shape, or form.

His statements had proven by and through his lawyer Eric Ferguson that he will remain silent as tight as a clam. He will never admit to what he had done. It's useless.

It is come to the best of my belief that Mr. James Cassell or JaCody Cassell will never admit to placing metal tin on top of the chimney flues on the date of October 5, 2017. The fact that the complaint process, as argued by Mr. Aaron Ziglar, Dispute Resolution Specialist, he repeatedly said that the process to respond to my complaint was voluntary. The fact that Mr. Cassell would pay money and hire a lawyer, Mr. Eric Ferguson (a lawyer from Rocky Mount, VA) just to try to shoot down my COMPLAINT with the Office of the Attorney General when Aaron Ziglar repeatedly argued that the process was voluntary tells me that he is afraid of possibly criminal liability and needed to mitigate the situation by simply acting as though I am a liar, and deny everything, act like nothing is true. I symbolically shot a few holes in Attorney Eric Ferguson's claims which came directly from his client Mr. Cassell.

Like Aaron Ziglar had warned, the dispute resolution process was voluntary and is not a legal process. I was trying to get Roberta Hill to have Mr. Cassell feel guilty enough to admit his wrongdoing. A Stanley Bolten reportedly in some emails tried a few times to try to persuade Mr. Cassell to admit to what he had done. That failed. Tight as a clam.

Mr. Cassell simply made a mistake, he didn't intentionally place metal tin on top of the chimney flues with any ill intent. He made a mistake which had caused the carbon monoxide gas exposure since October 5, 2017, after the chimney work was completed.

Of course this attorney can shoot down my unsworn affidavit/declaration dated July 5, 2022 based on any legal technicality of my federal case but Roberta Hill can write an affidavit about what had happened and hers would hold up in a court of law.

However it would have been better if Mr. Cassell had remained silent rather than deny everything which destroyed his credibility the very minute we produce records

**PAGE 6 OF 12 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-7-2022**

disproving even a portion of the claims made by Mr. Cassell. His attorney is right, it is beyond the statute of limitations to file a lawsuit against Mr. Cassell and against The Chimney Sweep. So why take the time and pay attorney fees to deal with my complaint which is voluntary to respond to??? I am judgment proof, my only income is SSI disability. Why hire an attorney to respond to a supposedly "baseless" complaint if that were entirely true?

I believe there is probably some unintended consequence or consequences which scared Mr. Cassell into lawyering up. Usually certain things cause people to lawyer up.

To these reasons, I believe I have poked enough holes in Mr. Cassell's claims, that his claims of never being involved with Roberta Hill to do chimney work is baseless and based on false statements by Mr. Cassell. Enough evidence to show a reasonable doubt if Mr. Cassell made such claims against me in a court room, I can show the phone record logs, check stub, the bank account records. That would be enough to dismiss Attorney Ferguson's claims against me in front of a jury by poking those few holes which would be reasonable doubts. I have enough proof that it proved chimney work was done as $300 was paid to a business doing CHIMNEY work. What kind of work did they do on October 5, 2017??? That can be kept to speculation but Mr. Cassell cannot disprove my claims completely by claiming no involvement when there is scant evidence proving involvement of Mr. Cassell and money paid to his business. The phone records of his phone number in contact with Roberta Hill's phone number match the date of the check stub and will match the bank account records.

I will at some point have those bank account records from Roberta Hill. I will have Roberta Hill email those records directly to Mr. Aaron M. Ziglar, as well as give me the physical copies which will be scanned and made into PDF file copies . He will have those in his office of the Attorney General, and copies will be given to the Office of the Attorney General.

I was hoping to have Mr. Cassell admit to placing the metal tin on top of the chimney on·October 5, 2017, and that would establish evidence in my criminal case that Brian David Hill was subject to carbon monoxide poisoning from October 5, 2017, until the day I wandered away from home in late night September 20, 2018, and was walking naked down a deserted walking trail at night until I was arrested on September 21, 2018. My Autism Spectrum Disorder along with the Carbon Monoxide gas poisoning caused me to wander away from home and the effects of the carbon monoxide odorless tastless gas caused me to take my clothes off and walk around naked on a deserted walking trail

for hours in the middle of the night until a passing car went by the road right close to the Dick and Willie walking trail, around Hooker Street and saw me running naked and called Martinsville Police who arrested me. The carbon monoxide effects had caused me to make confusing statements which gave Officer Robert Jones the wrong conclusion that Brian David Hill was making false statements or misleading statements. People with Autism Spectrum Disorder are known to make false confessions and misleading statements to law enforcement according to a report from Dennis Debbaudt, a law enforcement trainer. Family gave me this link to paste in here:
https://www.polfed.org/WestMids/media/1938/interview-and-interrogation-of-people-with-autism.pdf or
https://web.archive.org/web/20220614102303/https://www.polfed.org/WestMids/media/1938/interview-and-interrogation-of-people-with-autism.pdf. Carbon monoxide can worsen the symptoms of Autism or even cause a regression leading me to exhibiting a behavior usually exhibited from younger autistic children who at times are found naked outside or wandering naked at night. So I exhibited an unusual behavior that normally happens with autistic children such as wandering and walking naked and confused due to the prolonged (long term) carbon monoxide exposure from October 5, 2017, until September 20, 2018.

The fact that Mr. Cassell did not exercise his right to remain silent but instead decided to make a bold move of hiring an attorney to simply respond by denying any and all involvement in anything regarding chimney work done on October 5, 2017 at 310 Forest Street had shown me that my claims will at least be considered if I file a motion for a New Jury Trial based on the false claims made by Mr. Cassell in response to only me accusing Mr. Cassell of placing metal tin on top of the chimney flues to block the exhaust from the chimney flues, when the intent of the metal tin was only with attempting to stop the chimney swifts birds from flying into the chimney in the fall. Based on what Pete Compton from ACE Chimney found in January of 2019. We all immediately figured out that this was done by the work of The Chimney Sweep. All of my supporting family members such as Roberta Hill, Stella Forinash, and Kenneth Forinash, we all knew it had to be from the past chimney work done on October 5, 2017.

I have enough evidence to push for a new trial in my criminal case based on Mr. Cassell's denials of everything even in the face of scant evidence proving $300 paid to The Chimney Sweep on October 5, 2017, phone call logs between Roberta Hill through 276-790-3505 and Mr. Cassell's mobile number (540) 483-2468 which is on provider U.S. CELLULAR, calls made on both September 26, 2017, and October 5, 2017. Normally a check would be paid to a contractor or business after the work was

completed. So the work would be completed on October 5, 2017. I have enough evidence to push back against Mr. Cassell's wall of denial. WALL OF DENIAL!!!!!!!!!

Once I get the bank account records, copies given to Attorney Eric Ferguson and Aaron Ziglar, I will give Mr. Cassell one more chance to voluntarily be a witness in my criminal case. I do not want money, I don't want a pursue a financial claim for damages against Mr. Cassell, I make that clear. I need him to testify in my criminal case. I will provide the contact information for the Circuit Court and the criminal case number. I will give Mr. Cassell one more chance to make things right after I receive the bank account records and confront his attorney with these records. He can still agree to testify and write an affidavit as of right now. He can agree to testify and I can agree to waive liability claims against him if that makes him feel more comfortable about testifying.

I agree to sign a conditional waiver of liability where I will not hold Mr. Cassell and any of his workers and agents liable for anything he has done and will not push to hold him criminally liable either, if he agrees to tell the truth and tell the facts from his own witness testimony. I will not tell him what to say, it is up to him to testify and up to him to answer my questions and the questions of the Commonwealth Attorney at any future criminal case hearings involving my charge of indecent exposure. All I want is for him to be a witness. His denials tell me that he is lying, that he does remember what happened and denies it out of fear, out of fear that it would have him civilly and criminally liable. I understand a mistake was made and that Mr. Cassell did not intentionally place metal tin on top of the chimney flues to cause carbon monoxide. If he did, then that is between him and God, that will be something he would have to face on Judgment Day, when that day naturally comes as will come for every one of us, someday. Judgment day where you will be judged for every action you take.

I will give him one more chance to make things right. One more chance before I submit the final pieces of evidence (bank account records once acquired) to the Circuit Court and that will be filed in the Federal Court in my 2254 motion once the entire State Court criminal case records are filed by the Commonwealth of Virginia in my 2254 Motion petitioning for Writ of Habeas Corpus to overturn my state conviction.

It is clear that the Circuit Court judge will feel that Mr. Cassell was lying about not doing any chimney work for Roberta Hill in Martinsville. And was lying about not doing an estimate. Even with scant evidence, lying in an attempt to shut down a complaint which is voluntary to respond to would be viewed in a negative light. The judge may consider this enough for a New Trial based on new evidence in my criminal

case. My claims would hold weight since lying in response to a complaint is usually a sign of guilt. A wall of denials when holes can be poked in such a large wall equals guilt. Lying in a voluntary response to attempt to dismiss a complaint which isn't even a lawsuit, it isn't guaranteed to receive any financial damages claims if beyond the statute of limitations, especially a hard statute of limitations. Yet lying to get a complaint dismissed as baseless when it isn't even considered a legal process. It is voluntary.

I will submit what I have so far to the Circuit Court Clerk, then soon enough I will ask for a New Trial again in my criminal case in the Circuit Court but based on the few proven lies of Mr. Cassell. I have no need to sue Mr. Cassell. If I win the jury trial, I can sue the Commonwealth Attorney Glen Andrew Hall for malicious prosecution against an innocent man. I would be compensated by the Commonwealth of Virginia for damages cased by the prosecutor. I am confident I would win suing the prosecutor of my criminal case. I would also sue my court appointed lawyers too, and win on defective counsel. I have no need to sue Mr. Cassell. I can sue the prosecutor and the ineffective defense attorney. I will also sue Martinsville Police and sue the Police Chief G. E. Cassady. I will sue them all, and I would win. I rather sue them than sue The Chimney Sweep. Believe me, I need you as a witness and suing you would not be in my best interest even if there wasn't a statute of limitations. I rather compel you to admit the truth.

At some point, NOT NOW, I plan on dismissing my complaint voluntarily after I receive the bank account records, regardless of Mr. Cassell's decision and give Mr. Cassell one last chance to make things right and admit to what he had done placing the metal tin on top of the chimney. One more chance, write an affidavit and agree to be a witness until my criminal case is disposed of and dismissed. Regardless, the complaint will be dismissed. I will not hold this complaint over you, I about have enough evidence.

Mr. Cassell has his right to remain silent, he has the right to not be a witness against himself, and him lying in response to my complaint will not help him disprove my claims when I push for a New Trial in the Circuit Court for the City of Martinsville.

Regardless of whether Mr. Cassell will testify or not, at some point after I have my final evidence I will have the complaint dismissed upon the ground that Mr. Cassell is as tight as a clam, will not cooperate to being a witness in my criminal case, and that my complaint case is going nowhere. Regardless, I am dismissing the complaint once I have the final evidence and give Attorney Eric Ferguson's client one more chance to admit to what he had done on October 5, 2017, despite the scant evidence available.

I hope that Mr. Cassell will do the moral thing, do the smart thing, be right with God, tell the truth, and stop lying.

I pray to God that he will tell the truth and do the right thing. Denying everything only hurts me and hurts my mother Roberta Hill, and lying hurts himself. Someday in the Court of God, in his life review aka judgment day the Bible spoke of, Mr. Cassell someday after being elderly and naturally passing on to the spiritual realm, HE will be shown visions of me and will experience feeling my pain, suffering, and misery he had caused me. If you ever want to read a good spiritual book, it is called **"Embraced by the Light" by Betty Eadie**. She explained that when she faced her life review, and I think she met Jesus Christ as well, that every pain or suffering she caused, she had to experience that pain and suffering she caused another, the very pain and suffering she caused another person. Some day, Mr. Cassell will face God, will face Judgment Day, his life review after he lives a long healthy life, and he will feel my pain, my misery, my suffering, and he will feel the years of anguish and torment that Mr. Cassell had caused me. The lawyer will also feel my pain, suffering, and misery as God will give everybody a life review process. GOD'S COURT, GOD'S JUSTICE SYSTEM. **Mr. Cassell can get away with hurting me and my family in man's Court of Law,** but **he cannot get away with this in God's Court of Law.** He will feel my pain, my emotions, my suffering and will look at my face and body as I am naked with cuts on my body, carbon monoxide poisoning shown on my face, and me being arrested with handcuffs. God.will show Mr. Cassell these visions and he will have to experience the pain that he caused me and Roberta Hill. He will see visions of Roberta Hill crying, almost killed herself and she told me that she almost killed herself when she saw that I was being arrested for indecent exposure. So Mr. Cassell will feel the pain of my mother almost killing herself in 2018, the pain of her body deteriorating, her suffering and her misery. Mr. Cassell will feel all of that someday as God shows him the wrongs and rights he has done with his life on this planet. Someday he will feel the pain of me, Roberta Hill, and pain of everybody he harmed and hurt. I have no need to do anything to Mr. Cassell, I am letting God and Jesus Christ deal with Mr. Cassell. Mr. Cassell, I am asking my lawyer Jesus Christ, Jesus is my lawyer and I have asked Jesus to hold you accountable someday in God's Court of Law of the Universe, Court of Heaven, whatever you wish to call it, and Jesus will prosecute you someday for what you have done to me.

My only interest throughout all of this is getting my life back, I want to be acquitted. Money doesn't matter to me when I can be free of my wrongful conviction. Please do the right thing JaCody Cassell. I pray to God that you will do what is right, do the right thing. **Though shall not bear false witness, one of God's Ten Commandments.**

.

Case 1:13-cr-00435-TDS   Document 325   Filed 07/27/22   Page 41 of 64

Case #: CR19000009-00, Martinsville Circuit Court. Virginia.

Hon. Ashby Pritchett, Clerk of the Court: APritchett@vacourts.gov and
APritchett@courts.state.va.us
Commonwealth Attorney Glen Andrew Hall, Esq.: ahall@ci.martinsville.va.us.
City of Martinsville, Commonwealth of Virginia v. Brian David Hill.

Thank You. Respectfully filed with the Aaron Ziglar, this the 7th day of July, 2022.

Brian D. Hill
Signed
**Brian D. Hill**

God bless you,
Brian D. Hill
Ally of Q, Former news reporter of U.S.W.G.O. Alternative News
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
(276) 790-3505



JusticeForUSWGO.NL or JusticeForUSWGO.wordpress.com

**PAGE 12 OF 12 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-7-2022**

# Call History xfinity connect

(276) 790-3505
Rbhill67@comcast.net

| Name | PhoneNumber | Duration | Time | Date | | |
|------|-------------|----------|------|------|---|---|
| WATSON BETTY | (336) 681-0304 | 0s | MISSED | 11:20 PM EST | Sun. | Oct 22, 2017 |
| WATSON BETTY | (336) 681-0304 | 27s | RECEIVED | 11:20 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (336) 681-0304 | 10s | PLACED | 11:19 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (276) 632-2599 | 16m 26s | PLACED | 10:58 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (336) 358-1314 | 0s | PLACED | 10:57 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (336) 954-3856 | 7s | PLACED | 10:56 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (336) 375-8888 | 0s | PLACED | 10:55 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (336) 617-7932 | 0s | PLACED | 10:53 PM EST | Sun. | Oct 22, 2017 |
| UNKNOWN | (800) 743-6179 | 60s | PLACED | 7:54 PM EST | Sat. | Oct 21, 2017 |
| TLC | (636) 534-2384 | 10s | RECEIVED | 9:51 AM EST | Sat. | Oct 21, 2017 |
| TLC | (636) 534-2384 | 0s | MISSED | 9:51 AM EST | Sat. | Oct 21, 2017 |
| UNKNOWN | (276) 632-2599 | 19m 22s | PLACED | 9:41 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (336) 333-5005 | 2m 16s | PLACED | 9:19 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (336) 333-5005 | 2m 30s | PLACED | 9:15 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (202) 262-3034 | 5s | PLACED | 8:01 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (424) 288-0650 | 4m 16s | PLACED | 7:56 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (512) 998-4705 | 3m 25s | PLACED | 7:51 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (512) 998-4705 | 6s | PLACED | 7:50 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (512) 825-7826 | 16s | PLACED | 7:50 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (773) 837-8300 | 6s | PLACED | 7:49 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (707) 540-1473 | 2s | PLACED | 7:48 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (202) 262-3034 | 3s | PLACED | 7:46 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (202) 262-3034 | 10s | PLACED | 7:45 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (202) 262-3034 | 7s | PLACED | 7:45 PM EST | Fri. | Oct 20, 2017 |
| TLC | (636) 534-2384 | 10s | RECEIVED | 6:29 PM EST | Fri. | Oct 20, 2017 |
| TLC | (636) 534-2384 | 0s | MISSED | 6:29 PM EST | Fri. | Oct 20, 2017 |
| UNKNOWN | (276) 632-2599 | 24m 12s | PLACED | 9:26 PM EST | Thu. | Oct 19, 2017 |
| UNKNOWN | (276) 632-2599 | 2m 49s | PLACED | 9:22 PM EST | Thu. | Oct 19, 2017 |
| UNKNOWN | (276) 632-2599 | 48m 56s | PLACED | 6:59 PM EST | Thu. | Oct 19, 2017 |
| TLC | (636) 534-2384 | 0s | MISSED | 10:27 AM EST | Thu. | Oct 19, 2017 |
| TLC | (636) 534-2384 | 3s | RECEIVED | 10:27 AM EST | Thu. | Oct 19, 2017 |
| TLC | (636) 534-2384 | 0s | MISSED | 4:32 PM EST | Wed. | Oct 18, 2017 |
| TLC | (636) 534-2384 | 0s | MISSED | 9:13 AM EST | Wed. | Oct 18, 2017 |
| TLC | (636) 534-2384 | 18s | RECEIVED | 9:13 AM EST | Wed. | Oct 18, 2017 |
| TLC | (636) 534-2384 | 36s | RECEIVED | 7:13 PM EST | Tue. | Oct 17, 2017 |
| TLC | (636) 534-2384 | 0s | MISSED | 7:13 PM EST | Tue. | Oct 17, 2017 |
| WIRELESS CALLER | (209) 518-3036 | 0s | MISSED | 4:41 PM EST | Mon. | Oct 16, 2017 |
| UNKNOWN | (919) 962-6136 | 15m 15s | PLACED | 4:21 PM EST | Mon. | Oct 16, 2017 |
| UNKNOWN | (919) 962-7765 | 12m 44s | PLACED | 4:03 PM EST | Mon. | Oct 16, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 1m 3s | RECEIVED | 10:04 AM EST | Sun. | Oct 15, 2017 |

Case 1:13-cr-00435-TDS   Document 325   Filed 07/27/22   Page 43 of 64

| Name | PhoneNumber | Duration | Time | Date | | |
|------|-------------|----------|------|------|---|---|
| ROB DE | (512) 825-7826 | 9s | RECEIVED | 1:56 PM EST | Sat. | Oct 14, 2017 |
| ROB DE | (512) 825-7826 | 0s | MISSED | 1:56 PM EST | Sat. | Oct 14, 2017 |
| UNKNOWN | (512) 825-7826 | 3s | PLACED | 11:49 PM EST | Fri. | Oct 13, 2017 |
| WIRELESS CALLER | (315) 690-9176 | 0s | MISSED | 4:23 PM EST | Fri. | Oct 13, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 17m 26s | RECEIVED | 10:26 AM EST | Fri. | Oct 13, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 14m 40s | RECEIVED | 9:29 AM EST | Fri. | Oct 13, 2017 |
| UNKNOWN | (512) 363-3281 | 3m 18s | PLACED | 7:32 PM EST | Wed. | Oct 11, 2017 |
| UNKNOWN | (512) 825-7826 | 3m 28s | PLACED | 7:26 PM EST | Wed. | Oct 11, 2017 |
| UNKNOWN | (540) 598-0440 | 1m 47s | PLACED | 3:58 PM EST | Wed. | Oct 11, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 8m 48s | RECEIVED | 8:54 AM EST | Wed. | Oct 11, 2017 |
| UNKNOWN | (315) 673-7198 | 8s | PLACED | 9:37 PM EST | Tue. | Oct 10, 2017 |
| UNKNOWN | (202) 646-5172 | 20s | PLACED | 9:35 PM EST | Tue. | Oct 10, 2017 |
| UNKNOWN | (276) 632-2599 | 45m 18s | PLACED | 4:15 PM EST | Tue. | Oct 10, 2017 |
| UNKNOWN | (540) 598-0440 | 1m 4s | PLACED | 2:53 PM EST | Tue. | Oct 10, 2017 |
| UNKNOWN | (276) 632-2599 | 28m 20s | PLACED | 10:00 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (814) 835-6786 | 9s | PLACED | 6:50 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (512) 246-9549 | 53s | PLACED | 3:12 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (800) 724-2719 | 30s | PLACED | 3:11 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (845) 557-3349 | 0s | PLACED | 3:03 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (877) 789-2539 | 0s | PLACED | 3:01 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (877) 789-2539 | 0s | PLACED | 3:01 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (877) 789-2539 | 0s | PLACED | 3:01 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (877) 789-2539 | 8m 8s | PLACED | 1:53 PM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (877) 789-2539 | 0s | PLACED | 1:45 PM EST | Mon. | Oct 9, 2017 |
| Bond Margaretta | (309) 525-2705 | 56s | RECEIVED | 1:08 AM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (309) 525-2705 | 6s | PLACED | 1:07 AM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (516) 736-2925 | 0s | PLACED | 12:52 AM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (516) 736-2925 | 0s | PLACED | 12:44 AM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (845) 557-3349 | 0s | PLACED | 12:09 AM EST | Mon. | Oct 9, 2017 |
| UNKNOWN | (512) 352-0129 | 2m 16s | PLACED | 10:47 PM EST | Sun. | Oct 8, 2017 |
| UNKNOWN | (512) 352-0129 | 2m 41s | PLACED | 10:44 PM EST | Sun. | Oct 8, 2017 |
| UNKNOWN | (276) 632-2599 | 45m 53s | PLACED | 10:31 PM EST | Sat. | Oct 7, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 11m 17s | RECEIVED | 10:06 AM EST | Fri. | Oct 6, 2017 |
| UNKNOWN | (512) 443-6940 | 8s | PLACED | 9:25 PM EST | Thu. | Oct 5, 2017 |
| UNKNOWN | (512) 443-5856 | 0s | PLACED | 2:03 PM EST | Thu. | Oct 5, 2017 |
| UNKNOWN | (276) 632-2599 | 22m 58s | PLACED | 1:23 PM EST | Thu. | Oct 5, 2017 |
| UNKNOWN | (540) 483-2468 | 36s | PLACED | 1:22 PM EST | Thu. | Oct 5, 2017 |
| U.S. CELLULAR | (540) 483-2468 | 23s | RECEIVED | 10:04 AM EST | Thu. | Oct 5, 2017 |
| UNKNOWN | (325) 333-1370 | 7s | PLACED | 2:57 AM EST | Thu. | Oct 5, 2017 |
| UNKNOWN | (512) 382-1694 | 0s | PLACED | 12:22 AM EST | Thu. | Oct 5, 2017 |
| UNKNOWN | (512) 382-1694 | 0s | PLACED | 11:44 PM EST | Wed. | Oct 4, 2017 |
| SOVAH DANVILLE | (434) 799-4488 | 48s | RECEIVED | 10:32 AM EST | Wed. | Oct 4, 2017 |

Case 1:13-cr-00435-TDS Document 325 Filed 07/27/22 Page 44 of 64

| Name | PhoneNumber | Duration | Time | Date | | |
|------|-------------|----------|------|------|---|---|
| SOVAH DANVILLE | (434) 799-4488 | 0s | MISSED | 10:32 AM EST | Wed. | Oct 4, 2017 |
| ROTO ROOTER SRV | (434) 685-3047 | 26s | RECEIVED | 6:36 PM EST | Tue. | Oct 3, 2017 |
| UNKNOWN | (276) 634-0088 | 22s | PLACED | 6:25 PM EST | Tue. | Oct 3, 2017 |
| ROTO ROOTER SRV | (434) 685-3047 | 14s | RECEIVED | 5:04 PM EST | Tue. | Oct 3, 2017 |
| UNKNOWN | (276) 634-0088 | 2m 11s | PLACED | 3:27 PM EST | Tue. | Oct 3, 2017 |
| Martinsville VA | (276) 622-3386 | 1m 19s | RECEIVED | 10:07 AM EST | Tue. | Oct 3, 2017 |
| UNKNOWN | (540) 857-5181 | 3m 39s | PLACED | 1:35 AM EST | Tue. | Oct 3, 2017 |
| UNKNOWN | (512) 291-5750 | 55s | PLACED | 12:04 AM EST | Tue. | Oct 3, 2017 |
| UNKNOWN | (512) 470-8290 | 0s | PLACED | 11:08 PM EST | Mon. | Oct 2, 2017 |
| UNKNOWN | (276) 226-4614 | 1m 12s | PLACED | 10:31 AM EST | Mon. | Oct 2, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 23m 9s | RECEIVED | 9:23 PM EST | Sun. | Oct 1, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 5s | RECEIVED | 9:01 PM EST | Sun. | Oct 1, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 0s | MISSED | 9:01 AM EST | Sun. | Oct 1, 2017 |
| UNKNOWN | (917) 975-7659 | 7s | PLACED | 1:29 AM EST | Sat. | Sep 30, 2017 |
| UNKNOWN | (212) 443-2222 | 12s | PLACED | 1:26 AM EST | Sat. | Sep 30, 2017 |
| UNKNOWN | (540) 598-0440 | 5s | PLACED | 5:12 PM EST | Fri. | Sep 29, 2017 |
| UNKNOWN | (276) 632-6222 | 21s | PLACED | 12:36 AM EST | Fri. | Sep 29, 2017 |
| UNKNOWN | (276) 632-2599 | 39m 2s | PLACED | 12:00 AM EST | Fri. | Sep 29, 2017 |
| UNKNOWN | (276) 632-2599 | 46m 55s | PLACED | 5:58 PM EST | Thu. | Sep 28, 2017 |
| UNKNOWN | (540) 598-0440 | 45s | PLACED | 4:55 PM EST | Thu. | Sep 28, 2017 |
| UNKNOWN | (276) 632-2599 | 45m 4s | PLACED | 6:43 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 33m 20s | PLACED | 6:07 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 36m 40s | PLACED | 5:30 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-6222 | 0s | PLACED | 5:30 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 5:30 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 5:22 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 5:18 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 5:18 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 5:17 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 5:14 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 5:13 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 5:11 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 49s | PLACED | 5:09 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:56 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:43 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:38 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:35 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:35 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:35 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 4:35 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:35 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:01 PM EST | Wed. | Sep 27, 2017 |

Case 1:13-cr-00435-TDS    Document 325    Filed 07/27/22    Page 45 of 64

| Name | PhoneNumber | Duration | Time | Date | | |
|------|-------------|----------|------|------|---|---|
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:01 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:01 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:01 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:01 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:00 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:00 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:00 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 2:52 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 2:31 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 2:31 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 0s | PLACED | 2:31 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 0s | PLACED | 2:31 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 0s | PLACED | 2:31 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 0s | PLACED | 2:30 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 0s | PLACED | 2:30 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 0s | PLACED | 2:30 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (800) 259-9231 | 1m 19s | PLACED | 2:29 PM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 27m 49s | PLACED | 12:01 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 12:01 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 12:00 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 12:00 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 12:00 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 12:00 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 11:59 AM EST | Wed. | Sep 27, 2017 |
| Compton E & K | (276) 629-4453 | 44s | RECEIVED | 10:56 AM EST | Wed. | Sep 27, 2017 |
| Compton E & K | (276) 629-4453 | 0s | MISSED | 10:56 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 42s | PLACED | 10:36 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (415) 633-6745 | 6s | PLACED | 10:36 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 673-7360 | 3s | PLACED | 10:35 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (424) 288-0650 | 4s | PLACED | 10:34 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:32 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 30s | PLACED | 10:31 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 44s | PLACED | 10:30 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:29 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 4m 12s | PLACED | 10:24 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 4m 11s | PLACED | 10:20 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 3m 25s | PLACED | 10:16 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 291-5750 | 2m 21s | PLACED | 10:14 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:13 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:13 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:12 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:08 AM EST | Wed. | Sep 27, 2017 |

Case 1:13-cr-00435-TDS   Document 325   Filed 07/27/22   Page 46 of 64

| Name | PhoneNumber | Duration | Time | Date | | |
|------|-------------|----------|------|------|---|---|
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:06 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:03 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:02 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:02 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 10:02 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:01 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:01 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:01 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:01 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 10:00 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:59 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:59 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:59 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:59 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:59 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:58 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 9:58 AM EST | Wed. | Sep 27, 2017 |
| UNKNOWN | (512) 646-4426 | 46m 4s | PLACED | 4:08 PM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (214) 505-8273 | 52s | PLACED | 11:41 AM EST | Tue. | Sep 26, 2017 |
| Cell Phone TX | (214) 505-8273 | 0s | MISSED | 11:40 AM EST | Tue. | Sep 26, 2017 |
| Cell Phone TX | (214) 505-8273 | 2m 4s | RECEIVED | 11:40 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (540) 488-5307 | 1m 11s | PLACED | 11:34 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (540) 483-2468 | 0s | PLACED | 11:32 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (540) 483-2468 | 3m 11s | PLACED | 11:26 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (276) 957-5684 | 0s | PLACED | 11:23 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (276) 629-4453 | 45s | PLACED | 11:21 AM EST | Tue. | Sep 26, 2017 |
| UNKNOWN | (415) 633-6745 | 7s | PLACED | 11:09 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (347) 759-6075 | 0s | PLACED | 11:00 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (347) 759-6075 | 0s | PLACED | 10:33 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (818) 849-3481 | 4m 30s | PLACED | 10:23 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (818) 849-3481 | 14m 41s | PLACED | 10:08 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 632-2599 | 2m 29s | PLACED | 9:00 PM EST | Mon. | Sep 25, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 0m 12s | RECEIVED | 7:58 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 632-2599 | 17m 4s | PLACED | 5:13 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (512) 646-4426 | 55m 9s | PLACED | 4:10 PM EST | Mon. | Sep 25, 2017 |

Case 1:13-cr-00435-TDS   Document 325   Filed 07/27/22   Page 47 of 64

| Name | PhoneNumber | Duration | Time | Date | | |
|---|---|---|---|---|---|---|
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:10 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:10 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 4:10 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (512) 646-4426 | 0s | PLACED | 4:09 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 632-6222 | 26s | PLACED | 3:52 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (434) 793-7147 | 1m 39s | PLACED | 3:45 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 632-2599 | 14m 55s | PLACED | 2:41 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 632-2599 | 4m 29s | PLACED | 2:36 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 632-2599 | 0s | PLACED | 2:34 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (310) 203-4721 | 8m 57s | PLACED | 2:24 PM EST | Mon. | Sep 25, 2017 |
| UNKNOWN | (276) 634-4499 | 1m 29s | PLACED | 2:22 PM EST | Mon. | Sep 25, 2017 |
| NCAVF | (310) 203-4721 | 0s | MISSED | 1:27 PM EST | Mon. | Sep 25, 2017 |
| NCAVF | (310) 203-4721 | 36s | RECEIVED | 1:27 PM EST | Mon. | Sep 25, 2017 |
| FORNASH KENNETH | (276) 632-2599 | 48m 44s | RECEIVED | 11:36 AM EST | Sat. | Sep 23, 2017 |
| UNKNOWN | (276) 632-2599 | 40m 34s | PLACED | 5:52 PM EST | Fri. | Sep 22, 2017 |
| CARILION | (540) 526-1000 | 43s | RECEIVED | 3:05 PM EST | Fri. | Sep 22, 2017 |
| CARILION | (540) 526-1000 | 0s | MISSED | 3:05 PM EST | Fri. | Sep 22, 2017 |
| UNKNOWN | (276) 632-2599 | 56m 55s | PLACED | 5:36 PM EST | Wed. | Sep 20, 2017 |
| CARILION CLINIC | (540) 224-5170 | 34s | RECEIVED | 5:35 PM EST | Wed. | Sep 20, 2017 |
| UNKNOWN | (276) 632-2599 | 35s | PLACED | 5:34 PM EST | Wed. | Sep 20, 2017 |
| CARILION HEALTH | (276) 634-4499 | 0s | MISSED | 2:25 PM EST | Tue. | Sep 19, 2017 |
| CARILION HEALTH | (276) 634-4499 | 29s | RECEIVED | 2:25 PM EST | Tue. | Sep 19, 2017 |
| ZIMMER WILLIAM | (276) 670-3300 | 54s | RECEIVED | 5:40 PM EST | Mon. | Sep 18, 2017 |
| UNKNOWN | (540) 598-0440 | 1m 13s | PLACED | 4:09 PM EST | Mon. | Sep 18, 2017 |
| UNKNOWN | (424) 288-0650 | 3s | PLACED | 9:31 PM EST | Thu. | Sep 14, 2017 |
| UNKNOWN | (512) 673-7360 | 17s | PLACED | 7:55 PM EST | Thu. | Sep 14, 2017 |
| UNKNOWN | (202) 262-3034 | 10s | PLACED | 7:54 PM EST | Thu. | Sep 14, 2017 |
| UNKNOWN | (424) 288-0650 | 14s | PLACED | 7:53 PM EST | Thu. | Sep 14, 2017 |
| UNKNOWN | (276) 224-4527 | 29m 45s | PLACED | 4:47 PM EST | Thu. | Sep 14, 2017 |
| UNKNOWN | (276) 224-4527 | 2s | PLACED | 4:46 PM EST | Thu. | Sep 14, 2017 |
| UNKNOWN | (276) 224-4527 | 18m 13s | PLACED | 9:48 PM EST | Wed. | Sep 13, 2017 |
| UNKNOWN | (424) 288-0650 | 14s | PLACED | 9:47 PM EST | Wed. | Sep 13, 2017 |
| UNKNOWN | (276) 224-4527 | 0s | PLACED | 9:47 PM EST | Wed. | Sep 13, 2017 |
| UNKNOWN | (276) 224-4527 | 11m 50s | PLACED | 4:59 PM EST | Wed. | Sep 13, 2017 |
| UNKNOWN | (540) 598-0440 | 2m 10s | PLACED | 4:56 PM EST | Wed. | Sep 13, 2017 |
| UNKNOWN | (888) 201-2244 | 44m 2s | PLACED | 4:07 PM EST | Wed. | Sep 13, 2017 |
| UNKNOWN | (512) 646-4426 | 9m 19s | PLACED | 3:57 PM EST | Wed. | Sep 13, 2017 |
| Cell Phone VA | (276) 224-4527 | 19m 42s | RECEIVED | 10:39 PM EST | Tue. | Sep 12, 2017 |
| UNKNOWN | (424) 288-0650 | 5s | PLACED | 8:24 PM EST | Tue. | Sep 12, 2017 |
| UNKNOWN | (424) 288-0650 | 4s | PLACED | 5:18 PM EST | Tue. | Sep 12, 2017 |
| UNKNOWN | (276) 632-0180 | 2m 52s | PLACED | 5:03 PM EST | Tue. | Sep 12, 2017 |
| UNKNOWN | (888) 201-2244 | 0s | PLACED | 4:53 PM EST | Tue. | Sep 12, 2017 |

Case 1:13-cr-00435-TDS   Document 325   Filed 07/27/22   Page 48 of 64

# LETTER TO OFFICE OF AARON M. ZIGLAR, ATTORNEY GENERAL, DISPUTE RESOLUTION UNIT, AND ATTORNEY ERIC FERGUSON

RE: Case number: 953850; Mr. Brian D. Hill VS The Chimney Sweep

## SATURDAY, JULY 23, 2022
## EDITED, FINISHED ON SUNDAY, JULY 24, 2022, 12:28 AM

| **ATTN: Aaron M. Ziglar** | **ATTN: Eric H. Ferguson, Esq.** |
|---|---|
| Dispute Resolution Specialist | RHODES & FERGUSON ATTORNEYS |
| Office of the Attorney General | AT LAW |
| 202 North 9th Street | 305 S. Main Street |
| Richmond, Virginia 23219 | Rocky Mount, VA 24151 |
| Phone: (804) 786-1244 | eferguson@fergusonlaw.net |
| FAX: (804) 225-4378 | Phone: 540-483-5234 |
| AZiglar@oag.state.va.us | FAX: 540-483-5763 |

To JaCody Cassell through Attorney Eric Ferguson and Aaron Ziglar,

I finally have the bank statement record of Roberta Hill's bank account proving that \$300 was taken out of the bank account of Roberta R. Hill, check record the exact same as the check stub photograph which is a carbon copy of the original check paid to "The Chimney Sweep" on October 5, 2017. The money was taken out of the bank account on October 6, 2017, a day after the money was paid for by paper check to The Chimney Sweep on October 5, 2017.

The rules of evidence allow a carbon copy sheet or carbon copy of the check or document to be admissible as evidence when the original record is not available, especially when the bank confirms or verifies a transaction of paying by check. Because I have enough evidence that Mr. Jacody Cassell through his private lawyer (legal counsel) Eric Ferguson had lied in making complete denials of ever doing work at 310 Forest Street, Martinsville, Virginia 24112 and never conducted an estimate for the chimney work, and thus makes Mr. Jacody Cassell a **difficult witness**. A difficult witness because he is refusing to be a witness and is refusing to admit to anything which would be favorable to the criminal defense of Brian David Hill, working on a pro se basis representing himself, pro se. Aaron Ziglar must accept this final evidence, and he must admit this in the record of the Dispute Resolution Unit, otherwise I may file

another complaint against The Chimney Sweep of them lying in response to my complaint which may be defamation or lying with complete denials to dismiss a complaint. I rather not file a second complaint to get this on record Mr. Ziglar, so Aaron Ziglar must accept this letter and the evidence attached to this letter. I may mail a copy by certified mail to his office, if I have to. He must accept this final evidence.

Mr. Cassell has one more chance to voluntarily admit to him or one of his employees placing metal tin on top of the chimney flues on October 5, 2017, sealing the flues, causing blockage of exhaust of two gas appliances in Apartment 3 and is exhausted by the flue or flues, below Apartment 2 at 310 Forest Street, Martinsville, Virginia 24112. He has one more chance to voluntarily admit to making this mistake, a human error. I will let this go if he can simply be a witness for his business causing the carbon monoxide intoxication. It is not a deserved criminal conviction to be naked in public at night on a deserted walking trail when under intoxication. Carbon monoxide poisoning along with AUTISM SPECTRUM DISORDER can cause the incident of being naked outside. News article examples of autistic children and autistic teens being found by police walking around naked outdoors and carbon monoxide can cause a regression of autistic adults to behave more like a autistic child or cause an autistic adult to exhibit behaviors normally caused by autistic children and autistic teenagers.

I have proven that $300 was paid for to the business entity known as "THE CHIMNEY SWEEP" by check on October 5, 2017, and was cashed on October 6, 2017, money left the SunTrust bank account of Roberta Hill at the time.

See the attached three pages in the following order:

1. USWGO_20220723_165251(OCR).pdf: Account Statement/summary from SUNTRUST BANK. Account of Roberta Hill. Her tax ID number is partially redacted as required under Federal Rules of Criminal and Civil Procedures. (one page)
2. USWGO_20220723_165737(OCR).pdf: Envelope received on July 23, 2022, containing the bank account statement. (one page)
3. Oct 5 2017 check stub.pdf: Photograph of the carbon copy of the original check paid $300 to "THE CHIMNEY SWEEP". (one page)
4. Litigation hold letter to bank(s) requesting to retain evidence beyond five year financial record retention period under the Bank Secrecy Act. (five pages)

Here is the further proof I have, further disproving Mr. Cassell's complete denials.

```
DEPOSITS/CREDITS:  11              TOTAL ITEMS DEPOSITED:   0
-------------------------------------------------------------
                                              CHECKS
CHECK                     AMOUNT DATE    SR   BATCH
NUMBER                           PAID
167                       325.00 10/10   20   75241135
168                       300.00 10/06   20   78221138

CHECKS:  3

                                        MEMBER  FDIC
```

See the check number in bank statement of bank account Roberta Ruth Hill in October, 2017. It is 168. The exact same check number as the check stub, a carbon copy of the original check paid to The Chimney Sweep, the business owned by Mr. Jacody Cassell. See the exact number, 168, same as the bank transaction record.



Case 1:13-cr-00435-TDS  Document 325  Filed 07/27/22  Page 51 of 64

The check number 168, 300.00 was paid, was paid for on 10/06 (October 6, 2017) SR is 20, and check batch number was 78221138.

$300 was paid for to The Chimney Sweep. In case the lawyer takes advantage of the 5 year check record retention period running out in October 6, 2022, this year, a LITIGATION HOLD LETTER is being filed with the Courts and with the banks.

Mr. Cassell has one more chance to voluntarily admit to his company placing metal tin on top of the chimney. It is human error and every business establishment makes human error, or caused human error. Mr. Cassell should understand this.

Aaron Ziglar, it is clear that regardless of whether Mr. Cassell wants to be a difficult witness or will admit to the human error mistake on October 5, 2017, all communications and evidence concerning the complaint and Dispute Resolution case will be filed with the Circuit Court in hundreds of pages of correspondence and letters and evidence. I will be filing a motion for a new trial based on this difficult witness of The Chimney Sweep, refusing to testify and refusing to admit to the human error caused by his own company.

So I am okay with the case being closed as I cannot force Mr. Cassell to admit to any wrongdoing as he has the Fifth Amendment right to not be a witness against himself under the U.S. Constitution but I do make one demand, that this letter and all attached evidence be filed in the foregoing Dispute Resolution case; Case number: 953850; Mr. Brian D. Hill VS The Chimney Sweep. Please Aaron Ziglar, file this last letter.

My evidence letter to Aaron Ziglar and Attorney Eric Ferguson, the letter dated July 6, 2022, addresses the evidence that Mr. Cassell's business mobile phone number (540) 483-2468 from provider U.S. CELLULAR was in contact with Roberta Hill on September 26, 2017, and October 5, 2017. The bank transaction said the check was paid on October 6, 2017, a day after the check was given to an employee of the business entity known as The Chimney Sweep. The check number in the account transaction matches the carbon copy check stub. The account number is in the record attached to this letter. Proof that The Chimney Sweep was paid $300 for what kind of work do they offer as a business? chimney services.

Regardless of what Mr. Cassell decides to do with this bank transaction record and matches the carbon copy check stub under check number 168 matches the SunTrust bank account record. The only record that we do not have yet is the digital photocopy of

the original check cashed by Mr. Cassell but the LITIGATION HOLD LETTER should cause the bank to retain such evidence for as long as necessary.

I have proven that The Chimney Sweep was paid $300 on October 6, 2017, the day after they received the check on October 5, 2017 payable to "THE CHIMNEY SWEEP" and they were contacted by phone, calls to and from The Chimney Sweep and Roberta Hill. The call logs from xFinity / Comcast prove this. It all comes together.

The attorney Eric Ferguson is wrong. Money wasn't paid for nothing, a check was paid for something. $300 was paid for something. The call log on October 5, 2017, the day before the check record was paid from the account by financial record. Can be confirmed by Eric Ferguson the attorney upon subpoena or record request.

Mr. Cassell is being a difficult witness. Witness lists in two federal habeas corpus cases and one state criminal case may be filed with his name in one of the witness list slots. He cannot weasel out of this, and I have the legal right to have him subpoenaed.

He will have to answer these questions under oath, under penalty of perjury, I will make sure he is asked under oath about the metal tin work done by an employee of The Chimney Sweep on October 5, 2017. The questions will be asked under penalty of perjury. If Mr. Cassell wishes to again deny everything like he did in his lawyer's responses July 5, 2022, June 29, 2022, it will be under oath, under penalty of perjury. He can choose not to say anything as is his right under the Fifth Amendment of the U.S. Constitution, however the questions regarding the carbon monoxide will always go unanswered with never a full explanation as to what all happened. However, if he again denies everything under oath, the financial bank record, the litigation hold letter requesting preservation of the check cashed by Jacody Cassell or one of his authorized employees or agents, the telephone records which can be verified by xFinity/Comcast, and the check carbon copy will all be used to disprove Mr. Cassell denying everything and he could face a perjury charge.

He is a witness, a difficult witness, but he cannot deny everything as there is enough evidence to prove chimney work was conducted on October 5, 2017. The denial of everything in response to the complaint makes Jacody appear suspicious, like he is hiding something, and that will make any reasonable person feel that he did make a human error on October 5, 2017 and this human error almost costed the lives of Brian Hill and Roberta Hill with carbon monoxide gas poisoning. Damaged the nerves of both of us, but I have repaired the damage with alternative medicine such as BIO-PQQ and

other supplements. I have repaired the damage to my body caused by the carbon monoxide poisoning, but the damage caused of me being wrongfully convicted must be resolved and corrected.

Jacody Cassell, you have one more opportunity to voluntarily file a witness letter with the Circuit Court for the City of Martinsville and serve rbhill67@comcast.net a copy of your witness letter. You have one more opportunity to make things right, as you have been a difficult witness but you can still come clean, tell the truth about the human error caused by your business on October 5, 2017. Please come clean about the human error and I can finally move on with my life. Simply admitting will make the truth more clear.

Case #: CR19000009-00, Martinsville Circuit Court. Virginia.

Hon. Ashby Pritchett, Clerk of the Court: APritchett@vacourts.gov and APritchett@courts.state.va.us
Commonwealth Attorney Glen Andrew Hall, Esq.: ahall@ci.martinsville.va.us.
City of Martinsville, Commonwealth of Virginia v. Brian David Hill.

This will be my last letter to Aaron Ziglar, emailed by Roberta Hill at rbhill67@comcast.net. Hopefully if the client of Eric Ferguson agrees to make a voluntary statement, I will not have to push witness lists with Jacody Cassell being a difficult witness. Not having to file hundreds of pages of correspondence.

See article: Deposition: Turning the Tables on Difficult Witnesses (and Counsel). "Due to their importance, there can be nothing more exacerbating than dealing with the antics of difficult witnesses (and opposing counsel) during the course of a deposition. So how do you stay above the fray and still get the discovery you need?"

Jacody Cassell is a difficult witness, that is a fact. He has one more chance to fix the mess his company caused on October 5, 2017. Regardless, I am done with the complaint case and am okay that it is closed. I have to file my witness list in federal court and state court.

Thank You. Respectfully filed with the Aaron Ziglar, this the 24th day of July, 2022.

Brian D. Hill
Signed
Brian D. Hill

PAGE 6 OF 7 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-24-2022

God bless you,
Brian D. Hill
Ally of Q, Former news reporter of U.S.W.G.O. Alternative News
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
(276) 790-3505



JusticeForUSWGO.NL or JusticeForUSWGO.wordpress.com

**PAGE 7 OF 7 - LETTER TO AARON ZIGLAR AND ERIC FERGUSON 7-24-2022**

SUNTRUST BANK
PO BOX 305183
NASHVILLE TN 37230-5183

PAGE 1 OF 2
63/B11/0175/0 /74
1000155990541
10/19/2017

ACCOUNT
STATEMENT

ROBERTA R HILL
310 FOREST ST APT 1
MARTINSVILLE VA 24112-4210

QUESTIONS? PLEASE CALL
1-800-786-8787

FINANCIAL CONFIDENCE GIVES YOU ALL KINDS OF CONFIDENCE.
JOIN THE MOVEMENT AT ONUP.COM.
CONFIDENCE STARTS HERE.

## ACCOUNT SUMMARY

| ACCOUNT TYPE | ACCOUNT NUMBER | STATEMENT PERIOD | TAXPAYER ID |
|---|---|---|---|
| EVERYDAY CHECKING | 1000155990541 | 09/21/2017 – 10/19/2017 | -6831 |

| DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|
| BEGINNING BALANCE | $2,344.02 | AVERAGE BALANCE | $2,873.13 |
| DEPOSITS/CREDITS | $1,508.18 | AVERAGE COLLECTED BALANCE | $2,873.13 |
| CHECKS | $870.28 | NUMBER OF DAYS IN STATEMENT PERIOD | 29 |
| WITHDRAWALS/DEBITS | $670.06 | | |
| ENDING BALANCE | $2,311.86 | | |

## DEPOSITS/CREDITS

| DATE | AMOUNT | DESCRIPTION | SR | BATCH |
|---|---|---|---|---|
| 09/22 | 712.46 | ELECTRONIC/ACH CREDIT<br>VA DMAS          PAYROLLJNL    RA2482754 | 30 | 64008949991 |
| 09/25 | 25.40 | POINT OF SALE CREDIT                 TR DATE 09/22<br>REFUNDAMAZON.COM       SEATTLE      WA 00000101 | 82 | |
| 09/29 | .05 | ELECTRONIC/ACH CREDIT<br>Amazon Asi935247 EDI PYMNTS    OFA000100268898 | 30 | 70010329180 |
| 09/29 | 5.15 | ELECTRONIC/ACH CREDIT<br>Amazon Australia Services Inc.ACH/CRED<br>/ORGAC/GB37DEUT40508128305600/Payment#: 59540504 null | 30 | 71002000056 |
| 09/29 | 18.57 | ELECTRONIC/ACH CREDIT<br>AMAZON.COM935692 EDI PYMNTS    OFA000100677296 | 30 | 70010328831 |
| 09/29 | 20.83 | ELECTRONIC/ACH CREDIT<br>AMAZON.COM935389 EDI PYMNTS    OFA000100498304 | 30 | 70010328712 |
| 09/29 | .11 | ELECTRONIC/ACH CREDIT<br>AMAZON MEDIA EU SARL  ACH/CRED<br>/ORGAC/GB51DEUT40508127304211/Payment#: 59391269 null | 30 | 72003964873 |
| 09/29 | .89 | ELECTRONIC/ACH CREDIT<br>AMAZON MEDIA EU SARL  ACH/CRED<br>/ORGAC/GB08DEUT40508127304209/Payment#: 59233693 null | 30 | 72003968814 |
| 09/29 | 3.93 | ELECTRONIC/ACH CREDIT<br>AMAZON MEDIA EU SARL  ACH/CRED<br>/ORGAC/GB51DEUT40508127304211/Payment#: 59391790 null | 30 | 72003965816 |
| 09/29 | 8.33 | ELECTRONIC/ACH CREDIT<br>AMAZON MEDIA EU SARL  ACH/CRED<br>/ORGAC/GB24DEUT40508127304212/Payment#: 60023625 null | 30 | 72003966442 |
| 10/06 | 712.46 | ELECTRONIC/ACH CREDIT<br>VA DMAS          PAYROLLJNL    RA2496762 | 30 | 78008232944 |

DEPOSITS/CREDITS: 11      TOTAL ITEMS DEPOSITED:  0

## CHECKS

| CHECK NUMBER | AMOUNT | DATE PAID | SR | BATCH | CHECK NUMBER | AMOUNT | DATE PAID | SR | BATCH |
|---|---|---|---|---|---|---|---|---|---|
| 167 | 325.00 | 10/10 | 20 | 75241135 | 169 | 245.28 | 10/10 | 20 | 75225054 |
| 168 | 300.00 | 10/06 | 20 | 78221138 | | | | | |

CHECKS: 3

MEMBER FDIC                          CONTINUED ON NEXT PAGE

 **TRUIST**

MC 306-40-06-60
P.O. BOX 85052
RICHMOND, VA 23285

RICHMOND VA 230

21 JUL 2022 PM 1 L



ZIP 23224 $ 000.57⁰
02 4TV
0000365842 JUL 21 2022

Received on
July 23, 2022

ROBERTA RUTH HILL

310 FOREST STREET APT. 1

MARTINSVILLE, VA 24112

24112-421010

168

✓ Track Your Expenses...

☐ Auto/Travel ☐ Education ☐ Medical/Dental
☐ Business ☐ Entertainment ☐ Savings
☐ Charities ☐ Food ☐ Taxes
☐ Clothing ☐ Home ☐ Utilities
☐ Dependent Care ☐ Insurance ☐ Other

Oct. 5, 2017

The Chimney Sweep

| | |
|---|---|
| BAL. FOR'D | |
| ITEM AMOUNT | 300.00 |
| BALANCE | |
| DEPOSIT | |
| FOR'D | |

Duplicate is produced using soy-based materials.
Images may appear light.

☐ TAX DEDUCTIBLE ITEM

no

For enhanced security your account number will not be printed on this copy

NOT NEGOTIABLE

## LITIGATION HOLD LETTER TO TRUIST BANK, SUNTRUST BANK, FDIC, AND ANY OTHER BANK RETAINING SPECIFIC RECORDS MATERIAL TO "THE CHIMNEY SWEEP" AND "MR. JACODY CASSELL"

(1) RE: Brian David Hill v. Commonwealth of Virginia, U.S. District Court, Western District of Virginia, case no. 7:22-cv-00336;
(2) RE: Brian David Hill v. United States of America, U.S. District Court, Middle District of North Carolina, case no. 1:22-CV-00074, 1:13-cr-435-1;
(3) RE: Commonwealth of Virginia v. Brian David Hill, Circuit Court for the City of Martinsville, Commonwealth of Virginia, case no. CR19000009-00

### SATURDAY, JULY 23, 2022

| **ATTN: Aaron M. Ziglar**<br>Dispute Resolution Specialist<br>Office of the Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Phone: (804) 786-1244<br>FAX: (804) 225-4378<br>AZiglar@oag.state.va.us | **ATTN: Eric H. Ferguson, Esq.**<br>RHODES & FERGUSON ATTORNEYS<br>AT LAW<br>305 S. Main Street<br>Rocky Mount, VA 24151<br>eferguson@fergusonlaw.net<br>Phone: 540-483-5234<br>FAX: 540-483-5763 |
| --- | --- |
| **ATTN: Truist Bank**<br>214 N Tryon St<br>Charlotte, NC 28202 | **ATTN: Federal Deposit Insurance Corporation**<br>550 17th Street, N.W.<br>Washington, D.C. 20429 |
| **ATTN: SUNTRUST BANK**<br>PO BOX 305183<br>NASHVILLE, TN 37230-5183 | **All Federal and State Courts listed herein** |

To Whom it may Concern,

I would like to respectfully request a litigation hold of evidence and records with TRUIST Bank, SunTrust Bank, and the bank which Mr. JaCody Cassell (owner) or any authorized agent for the business named "THE CHIMNEY SWEEP" cashed in or

**PAGE 1 OF 5 - LITIGATION HOLD LETTER TO BANKS 7-23-2022**

withdrawn from a $300 check from Roberta R. Hill, check dated October 5, 2017.

This is the business which the records would show that somebody from this company had cashed in the check or withdrawn the money from the check:

The Chimney Sweep
1590 Blue Bend Road
Rocky Mount, Virginia 24151
(540) 483-2468

This is a litigation hold letter. This letter will be filed in two federal cases and one state case. So this litigation hold letter is being filed with the banks and with the FDIC by Brian David Hill by and through Roberta R. Hill (rbhill67@comcast.net) as Petitioner Brian David Hill cannot use the internet and must use a filing representative to file and communicate electronically on behalf of Brian David Hill over this matter.

The litigation hold letter has attached a check stub record of $300 being paid for to a business entity known as "THE CHIMNEY SWEEP", the check dated October 5, 2017, and was paid from the bank account of Roberta Ruth Hill on October 6, 2017 (when the money had left her account) at the time while under SunTrust bank, now is known as TRUIST. So the obtained record received on July 23, 2022 was given to Brian Hill by Roberta Hill as evidence. The bank should also be aware of who cashed the check in, or can forward this LITIGATION HOLD LETTER to the bank which Mr. JaCody Cassell had cashed the $300 check from Roberta Ruth Hill to pay for a service from this chimney company in Rocky Mount, Virginia. A photograph of the $300 check stub with the check number, also referenced in the bank statement of Roberta Hill's bank account, will be included as attached to this letter.

I am proceeding In Forma Pauperis in all three listed cases and cannot afford the fees for this litigation hold letter. It will be up to the U.S. Attorney Office who prosecuted me and the Commonwealth Attorney who prosecuted me to investigate the issues I have raised in this litigation hold letter, and to deal with the legal costs for retention of evidence subject to Brady v. Maryland, 373 U.S. 83 (1963); and Giglio v. United States, 405 U.S. 150 (1972).

Under the Bank Secrecy Act, all banks have to retain check records and bank records for at least five (5) years. Brian Hill, the Petitioner in two cases and criminal defendant in the Circuit court case asks the bank for retention of specific records beyond

PAGE 2 OF 5 - LITIGATION HOLD LETTER TO BANKS 7-23-2022

the five year retention period of the Bank Secrecy Act until the litigation of the foregoing listed three cases (two are federal, one is state) have been resolved and disposed of under the Federal Rules of Evidence, Federal Rules of Civil and Criminal Procedures, and Rules of the Virginia Courts.

The following Brian David Hill requests such records in the bank(s) be retained, preserved, and not destroyed and not be spoliated (spoliation):

1. Photocopy of the cashed in or withdrawn check from the company: "The Chimney Sweep" for the amount of $300, check dated October 5, 2017, and cashed in on October 6, 2017 and was cashed in from any authorized agent of the company: "The Chimney Sweep" or Mr. JaCody Cassell (owner) of the company: "The Chimney Sweep".
2. Bank statements from both Roberta Ruth Hill in October, 2017, and any account statements regarding cashing in or withdrawing money from the $300 check from any authorized agent of the company: "The Chimney Sweep" or Mr. JaCody Cassell (owner) of the company: "The Chimney Sweep".

These records are important as this person is a difficult witness who will not cooperate with Brian David Hill requesting that he testify in his criminal case in admitting to a simple mistake which changed the life of Brian David Hill by being subject long-term to carbon monoxide poisoning in Apartment 2 of 310 Forest Street, Martinsville, Virginia 24112, from October 5, 2017, until September 20, 2018, prior to the arrest of Brian David Hill on September 21, 2018.

The records help prove that Mr. JaCody Cassell through his legal counsel Mr. Eric Ferguson had lied about never doing any chimney work and never doing any estimate to Aaron Ziglar of the Dispute Resolution Unit, a office of the Attorney General Office for the Commonwealth of Virginia. Case no. 953850. Lied about conducting no estimate and not doing any work at the residence of Roberta Hill. $300 was paid to The Chimney Sweep and retention of those records is necessary for the litigation in all three cases.

The purpose is to help prove the actual innocence of Brian David Hill for his charge of indecent exposure on September 21, 2018, in the General District Court for the City of Martinsville, appealed to the Circuit Court for the City of Martinsville. As any evidence of carbon monoxide induced intoxication is a recognized criminal defense of "intoxication" which can cause incidents such as indecent exposure. Not just proving actual innocence for the state charge, but also to help prove actual innocence in the

Federal Court in petitioning for Writ of Habeas Corpus in the Western District of Virginia by federal 2254 motion. As well as proving actual innocence to the supervised release violation charge on November 13, 2018. All three cases will need preservation of these records due to the difficulty of witness from The Chimney Sweep to ever admit to the issue of metal tin being placed on top of the chimney flues blocking the exhaust of the gas hot water heater and gas radiator below Apartment 2, the gas appliances in Apartment 3. The blocking of the exhaust of gas ventilation at the top of the chimney had caused the carbon monoxide gas poisoning and carbon monoxide gas exposure of Brian David Hill from October 5, 2017, until September 20, 2018, prior to the arrest of Brian David Hill on September 21, 2018. The type of gas which was in the issue of carbon monoxide was "natural gas". His mental health disorders of AUTISM SPECTRUM DISORDER, a neurological disorder, had worsened with the carbon monoxide exposure, prolonged exposure, long term exposure, had caused Mr. Hill to walk around naked outside at night on a deserted walking trail for hours causing the police to arrest this innocent man for indecent exposure, the police unaware of the carbon monoxide gas. A chimney business expert known as Pete Compton of ACE Chimney & Wildlife; Bassett, VA, found the metal tin blocking the exhaust flue or flues of the chimney, and that was on January 30, 2019.

The legal reasons for why retention of those financial records and check records are necessary for this difficult witness, Mr. JaCody Cassell. He is refusing to accept responsibility and refusing to cooperate with Brian Hill's repeated requests for him to voluntarily testify and admit to or admit that one of his employees had placed the metal tin on the chimney on October 5, 2017. Denying ever doing an estimate, denying ever conducting a service. Denied everything. He is a difficult witness and such difficult witness warrants preservation of the listed records until all three litigation cases listed herein are resolved.

The three cases which the litigation hold letter is regarding preservation of evidence for three different cases listed herein:

| Title of case or case style: | Case number: | Courthouse: |
|---|---|---|
| Brian David Hill v. Commonwealth of Virginia | 7:22-cv-00336 | U.S. District Court, Western District of Virginia |
| Brian David Hill v. United States of America | 1:22-CV-00074, 1:13-cr-435-1 | U.S. District Court, Middle District of North Carolina |
| Commonwealth of Virginia | CR19000009-00 | Circuit Court for the City of |

Case 1:13-cr-00435-TDS   Document 325   Filed 07/27/22   Page 62 of 64

| v. Brian David Hill | | Martinsville, |
|---|---|---|
| | | Commonwealth of Virginia |

Brian did not wanted to take things this far but to prove actual innocence he must fight with every avenue he has at his disposal to clear his name of any misdoing on September 21, 2018. Brian must prove his innocence and therefore the records must be retained due to the witness Mr. JaCody Cassell being a difficult witness refusing to admit to anything which caused the metal tin to further cause the issue of carbon monoxide poisoning of Brian David Hill.

Thank You. Respectfully filed with the banks and FDIC, this the 23rd day of July, 2022.

$Brian\ D.\ Hill$
Signed
**Brian D. Hill**

God bless you,
Brian D. Hill
Ally of Q, Former news reporter of U.S.W.G.O. Alternative News
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
(276) 790-3505



JusticeForUSWGO.NL or JusticeForUSWGO.wordpress.com

**PAGE 5 OF 5 - LITIGATION HOLD LETTER TO BANKS 7-23-2022**

