In the United States District Court
For the Middle District of North Carolina

Brian David Hill,
Petitioner/Defendant

v.

United States of America,
Respondent/Plaintiff

)
)
)
)
)
)
)
)
)
)

Criminal Action No. 1:13-CR-435-1

Civil Action No. 1:22-CV-00074

## MOTION FOR LEAVE OF COURT TO FILE "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"




Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street,
Apt. 2 Martinsville,
Virginia 24112
(276) 790-3505
c/o: Rbhill67@comcast.net; Roberta Hill

Pro Se ~~Appellant~~ — JusticeForUSWGO.wordpress.com

COVER PAGE

1

NOW COMES the 28 U.S.C. § 2255 ("2255 Motion") criminal case Defendant and Petitioner Brian David Hill ("Hill", "Brian", "Defendant", and "Petitioner") who is respectfully filing this Motion requesting leave of Court (for permission) to file a DECLARATION with 10 EXHIBITS proving new recently obtained evidence from the City of Martinsville and misc. evidence which explains the recently obtained evidence in support of Petitioner's "MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (DKT. #291). Petitioner is requesting that this new evidence be also taken into consideration in making a legal determination, factual determination, and basis determination as to whatever decision this Honorable Court comes to of Petitioner's "MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE" (DKT. #291). Whether it is denying the motion, granting the motion, or even ordering an evidentiary hearing or inquiry hearing.

The Motion for Leave of Court is asking for the Honorable District Court to accept and take into consideration in the foregoing 2255 case, the "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)", 10

EXHIBITS, and EXHIBIT INDEX. All evidence should be admitted as requested by the Petitioner.

This is filed in good faith and is not for the purpose of delay.

The Exhibit index, Declaration, and 10 exhibits themselves do not count towards the word limit.

## MOTION AND BRIEF / MEMORANDUM OF LAW

1. New evidence has been discovered and recently obtained by the Defendant/Petitioner which further proves and/or in support of **GROUND FOUR which is "Actual Innocence"** and **GROUND FIVE which is "Fraud on the Court" in Document #291 of the 2255 case.** The Petitioner is exercising his due diligence to get this new evidence on the record and before a judge in the U.S. District Court as soon as possible before the U.S. District Court makes a determination on whether to grant, deny, or hold any inquiry or evidentiary hearing over the issues brought up in Petitioner's 2255 case since his initial pleading in Document #291.

2. The new evidence could not have been obtained prior to the new Police Chief Rob Fincher who took the position as Chief of Police in Martinsville Police Department within the City of Martinsville on January 1, 2023. This new police chief is not working against the Petitioner and has been upfront and honest about what gives reasonable inference to the unlawful/illegal destruction of material

3

evidence in a criminal case such as the body-camera footage. Body-camera footage recording the Petitioner on September 21, 2018 before the arrest of Petitioner. The footage recorded by Officer Robert Jones of Martinsville Police Department who charged the Petitioner and had recorded the footage by using a body-camera device on his uniform, on his person. The evidence was unlawfully/illegally destroyed during the Administration of Chief of Police being G. E. Cassady at Martinsville Police Department.

3. Actual Innocence can overcome any and all procedural defects and procedural defaults in a Petition for Writ of Habeas Corpus. Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Timmreck, 441 U.S. 780 (1979). Any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless Petitioner can demonstrate cause and prejudice, or actual innocence. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010); see also United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). McQuiggin v. Perkins, 569 U.S. 383, (2013) ("The Court has applied this "fundamental miscarriage of justice exception" to overcome various procedural defaults, including, as most relevant here, failure to observe state

4

procedural rules, such as filing deadlines."). McQuiggin v. Perkins, 569 U.S. 383, (2013) ("Sensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations. Pp. 391-394, 185 L. Ed. 2d, at 1030-1031.")

4. It is both actual innocence and fraud on the court at issue with what is being provided with new evidence. For the sake of brevity, Petitioner will not reproduce the entire declaration of Brian David Hill on the explanation and statements under penalty of perjury along with the new evidence as to how the new recently obtained evidence proves actual innocence and/or fraud on the court. Petitioner hereby incorporates by reference, as if fully set forth herein, all pages and paragraphs of Petitioner's filed "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)."

5. The Petitioner had proven that the body-camera footage had existed and had been illegally destroyed on April 9, 2019. The new Police Chief was willing to turn over a copy of the body-camera footage to the Petitioner, and Petitioner would have gladly filed a copy of this evidence with the Court, with the U.S. Probation Officer, and with the U.S. Attorney. However, the evidence had been unlawfully destroyed.

6. The Petitioner had received this evidence because of his mother Roberta Hill receiving this evidence by email by an employee of the City of Martinsville on February 13, 2023. Defendant had exercised due diligence by filing this evidence with the U.S. District Court shortly less than a week after finding out about this new evidence.

7. The Petitioner has a right to file newly discovered evidence with this Court in a 2255 case when it is being exercised upon due diligence.

8. The fraud on the court had been proven because the U.S. Attorney Office had been deceived, the judge had been deceived, the U.S. Probation Office had been deceived, and even Attorney Renorda Pryor had been deceived. Deceived by not knowing of material evidence, material to both the supervised release violation and to the state criminal case which also had became Trial De Novo. Evidence deletion and destruction silently even after multiple letters had been mailed asking for the body-camera footage and court orders had been filed also asking for the body-camera footage within the scope of those orders. The Petitioner is also filing copies of court orders from the Virginia state courts proving that court orders had been filed, served upon the Commonwealth's Attorney and yet the evidence had still been silently deleted and destroyed even in contradiction with the policies of Martinsville Police Department as to litigation requiring footage to be marked as evidence to be retained indefinitely. This gives every reasonable inference that

6

material evidence to both state and federal charges had been silently destroyed and illegally destroyed. In non-compliance with state court orders regarding discovery. That is contempt of court. Every inference drawn as stated in the Declaration gives indication as outlined in the Declaration of the Petitioner being filed accompanying this Motion for Leave of Court to file such Declaration and new evidence, every inference drawn as stated in the Declaration gives indication that body-camera footage was illegally destroyed and not following the usual procedures of Martinsville Police Department, because that body-camera footage would have shown evidence favorable to the Petitioner aka the criminal Defendant. It would have shown intoxication or indication of intoxication or under the influence of intoxication. That is a defense of involuntary intoxication which negates intent and negates obscenity. This disproves the elements of the charge against Petitioner, even in a judicial system where a Trial is based upon a preponderance of the evidence. Obscenity would mean that in the totality of circumstances would have to support an inference that the Petitioner's nakedness would have to had as his dominant purpose a prurient interest in sex. See Romick v. Commonwealth, Record No. 1580-12-4 (Va. Ct. App. Nov. 19, 2013); Romick v. Commonwealth, Record No. 1580-12-4, 3-4 (Va. Ct. App. Nov. 19, 2013) ("The "obscenity" element of Code § 18.2-387 may be satisfied when: (1) the accused admits to possessing such intent, Moses v. Commonwealth, 45 Va. App. 357, 360, 611

7

S.E.2d 607, 608 (2005) (en banc); (2) the defendant is visibly aroused, Morales v. Commonwealth, 31 Va. App. 541, 543, 525 S.E.2d 23, 24 (2000); (3) the defendant engages in masturbatory behavior, Copeland v. Commonwealth, 31 Va. App. 512, 514, 525 S.E.2d 9, 10 (2000); or (4) in **other circumstances when the totality of the circumstances supports an inference that the accused had as his dominant purpose a prurient interest in sex**, Hart, 18 Va. App. at 80, 441 S.E.2d at 707-08. The **mere exposure of a naked body is not obscene.** See Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) (finding that "[a] **portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene").").**

9. The U.S. District Court, this Honorable Court has a duty to admit newly discovered evidence in this pending 2255 Motion case such as the "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)", as well as 10 Exhibits in support thereof. The Petitioner had stated good cause for such a good reason to submit this new evidence. It is based on new evidence, recently obtained evidence, could not have been obtained at an earlier time since Police Chief G. E. Cassady had allowed evidence to be illegally destroyed while he was the Police Chief prior to the new Police Chief Rob Fincher. This new police chief

8

had shown the professionalism and credibility that law enforcement organizations should exhibit with the revealing of this new evidence, proving evidence deletion and destruction in non-compliance with or in violation of multiple court orders regarding discovery aka Brady v. Maryland materials. See Brady v. Maryland, 373 U.S. 83 (1963). It is clear that this Court should conduct an inquiry or evidentiary hearing as to the statements which came from Rob Fincher in the new evidence, because he is a witness if not a potential witness. Rob Fincher investigated or researched his Department's records and evidence retention in response to Petitioner's FOIA request filed on January 20, 2023, and Rob Fincher found records indicating that evidence was deleted without being marked as evidence despite litigation of a criminal complaint in non-compliance with multiple court orders and ignoring multiple letters from the criminal Defendant asking for the body-camera footage which is material evidence. Material evidence had been illegally destroyed, and that is a fraud on the court, and is an indication of actual innocence since the Martinsville Police Department and the Commonwealth Attorney who was the prosecution destroyed any evidence favorable to the Defendant/Petitioner because that evidence could have hurt the case of the Commonwealth Attorney which was given the charge document filed against Brian David Hill by Martinsville Police Department who neglected to follow their own policy to preserve evidence for an indefinite period of time after litigation had

9

begun in the General District Court on September 21, 2018. Evidence had been illegally destroyed, this is prima facie evidence, it is proven, beyond a reasonable doubt. Any jury or judge would find the Petitioner innocent of his supervised release violation with this new evidence.

## CONCLUSION

Because actual innocence and fraud on the court can be challenged at any time, both can usually overcome any procedural bar, any procedural defaults, and any procedural defects, Petitioner requests that his actual innocence must be proven by this Court by allowing the filing of Petitioner's new evidence and additional evidence of a Declaration under penalty of perjury as to newly obtained and discovered evidence.

Petitioner asks this Court for the following:

1. Grant this Motion requesting permission for this Court aka Leave of Court to allow Petitioner to file his: "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)" + 10 Exhibits + EXHIBIT LIST IN SUPPORT OF ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED

EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291);

2. Allow Petitioner to prove his factual innocence and actual innocence to his supervised release violation by not restricting the filing of his new evidence as it disproves the elements of the charged crime;

3. Admit all supporting 10 exhibits as evidence and take into consideration in this 2255 case;

4. or any other relief to which movant may be entitled.

Respectfully filed with the Court, this the 18th day of February, 2023.

Respectfully submitted,

*Brian D. Hill*
Signed

Brian D. Hill

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
https://youtu.be/zR-7YLVp5uQ -- JusticeForUSWGO.wordpress.com
USWGO.COM // JUSTICEFORUSWGO.NL

<u>Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!</u>

## CERTIFICATE OF WORD COUNT

I hereby certify that this Motion and Brief pleading asking the Court for permission complies with Local Civil Rule 7.3(d)(1) by not exceeding 6,250 words (excluding the caption, signature lines, certificate of service, and any cover page or index). The word count for this pleading is 2,151 words.

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on February 18, 2023, service was made by mailing the original of the foregoing:

1. <u>MOTION FOR LEAVE OF COURT TO FILE "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"</u>;

2. <u>ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291);</u>

12

Case 1:13-cr-00435-TDS   Document 334   Filed 02/21/23   Page 12 of 14

3. EXHIBIT LIST IN SUPPORT OF ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291);

4. and 10 EXHIBITS;

by deposit in the United States Post Office, in an envelope, Postage prepaid, on February 18th, 2023 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy<br>U.S. Attorney Office<br>Civil Case # 1:17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>Anand.Ramaswamy@usdoj.gov | Angela Hewlett Miller<br>U.S. Attorney Office<br>Civil Case # 1: 17 -cv-1036<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>angela.miller@usdoj.gov |
|---|---|
| JOHN M. ALSUP<br>U.S. Attorney Office<br>101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401<br>john.alsup@usdoj.gov | Margaret M. Reece<br>U.S. Attorney Office<br>251 N. Main ST., Ste. 726<br>Winston-Salem, NC 27101<br>morgan.reece@usdoj.gov |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>Feb. 18, 2023 | | Respectfully submitted,<br><br>Brian D. Hill<br>Signed<br>Brian D. Hill<br>Signed |
|---|---|---|

Case 1:13-cr-00435-TDS   Document 334   Filed 02/21/23   Page 13 of 14

|  | Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |
|---|---|

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL; https://youtu.be/zR-7YLVp5uQ

