In the United States District Court
For the Middle District of North Carolina

Brian David Hill,
Petitioner/Defendant

v.

United States of America,
Respondent/Plaintiff

)
)
)
)
)
)
)
)
)
)

FILED
FEB 21 2023

Criminal Action No. 1:13-CR-435-1

Civil Action No. 1:22-CV-00074

---

ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL
OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT.
#291)

---





**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street,**
**Apt. 2 Martinsville,**
**Virginia 24112**
**(276) 790-3505**
**c/o: Rbhill67@comcast.net; Roberta Hill**

*Pro Se* ~~Appellant~~                    – JusticeForUSWGO.wordpress.com

COVER PAGE

1

NOW COMES the Petitioner/Defendant Brian David Hill, by and through Brian David Hill ("Brian D. Hill", "Petitioner", "Defendant", "Brian", or "Hill") is respectfully filing this Declaration and 10 EXHIBITS of evidence in support of the new evidence being submitted to the U.S. District Court and describing how it is relevant and/or material to certain grounds in the Defendant's/Petitioner's 2255 Motion. This Declaration and the supporting new evidence are being filed with the United States District Court in support of the foregoing 2255 motion case (Dkt. #291) to prove the actual innocence aka factual innocence of Brian David Hill as well as proving fraud on the court.

This unsworn Declaration/affidavit is in support of the 2255 Motion's **GROUND FOUR which is "Actual Innocence"** and **GROUND FIVE which is "Fraud on the Court"**. See Dkt. #291.

New Evidence referenced in this Declaration will be filed along with this Declaration but filed as documents separately, but will be filed at the same time, and on the same day, hopefully by the Clerk.

I, Brian David Hill, declare pursuant to Title 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. I will explain under penalty of perjury in this Declaration as to new evidence I had received recently as well as a few other pieces of evidence which help explain this new piece of evidence I recently received and recently obtained

2

due to my FOIA Request filed by fax in the City of Martinsville and Martinsville Police Department on the date of January 20, 2023.

2. This new evidence could not have been obtained prior to the retirement of former Police Chief of Martinsville Police Department, and his name is G. E. Cassady. The former Martinsville Chief of Police G. E. 'Eddie' Cassady had retired from his position as Chief of Police, effective Jan. 1, 2023.

3. This new evidence could not have been obtained prior to the corrupt former City Attorney Eric Monday having his contract terminated effective January 2, 2023. Eric Monday had worked against me in my past FOIA Request in 2019 and I believe this evidence could not have been obtained prior to his contract being terminated due to how corrupt and mean-spirited former City Attorney Eric Monday had been. I don't care if he reads this legal document on PACER or anywhere about me saying truthfully how he was mean spirited. So as of this basis due to the corrupt mean spirited City Attorney who makes legal decisions on FOIA Requests directed to the City of Martinsville, I was not confident that I could have obtained this evidence at an earlier time until this year after retirement of G. E. Cassady and legal contract termination of Eric Monday. They would have stonewalled me from obtaining any answers or evidence prior to contract termination by the City of Martinsville and the retirement of G. E. Cassady.

3

4. I, Brian David Hill, am the criminal Defendant in this foregoing case as noted herein. I am also the 2255 Motion Petitioner in the foregoing case as noted herein. Case no. 1:13-cr-435-1, civil Action No. 1:22-CV-00074.

5. This new evidence is being filed in good faith in this case and is not for the purpose of delay.

6. On January 20, 2023, I filed a FOIA Request by FAX with both the City of Martinsville and the Martinsville Police Department. I had three questions as to records in my FOIA Request. See the letter for yourself. See **EXHIBIT 3**.

7. On February 13, 2023, Roberta Hill received an email with a pdf file attachment: "Brian Hill FOIA Request.pdf" to that email which contained a digital response to my FOIA Request filed by FAX on January 20, 2023. See **EXHIBIT 1** and **EXHIBIT 2** in accompanying this Declaration.

8. On January 22, 2019, I had mailed a legal mailing with a letter dated January 19, 2019 to the Chief of Police, Police of Martinsville, Martinsville VA Police, 55 W Church ST, Municipal Building, Martinsville, VA 24112, United States. That envelope had contained a hand-written letter to the Chief of Police, which at the time was G. E. Cassady, see **EXHIBIT 9**. A copy of that hand-written letter was mailed to U.S. Probation Officer Jason McMurray in January, 2019. The **EXHIBIT 5** photocopy of that letter in **EXHIBIT 9** was actually a photocopy of the first photocopy of the letter to the Chief of Police, except writing was placed on

4

the photocopy which was mailed to Jason McMurray, and a photocopy was made

of that photocopy with the words: "For Jason McMurray", See **EXHIBIT 5**. Other

than the words "For Jason McMurray", the photocopy of the letter without the

words "For Jason McMurray" (**EXHIBIT 9**) was mailed to Chief of Police. That

letter was dated January 19, 2019, but the mailing was deposited at the Mail Room

in the institution's mailing system as LEGAL MAIL on the date of January 22,

2019, mailed from the Federal Correctional Institution 1 in Butner, North Carolina.

9. The purpose of the hand-written letter to the Chief of Police dated January

19, 2019 (**EXHIBIT 9**), was asking for material discovery evidence such as the

police body-camera footage which I knew had recorded me on September 21,

2018. On September 21, 2018, before I was arrested, I was aware that the Officer

Robert Jones of Martinsville Police Department had recorded body-camera footage

of me making statements to him prior to me being transported to the Emergency

Room at Sovah Health Martinsville the local hospital; then I was arrested

afterwards that same day. I was aware at the time the body-camera footage was

being recorded because I saw a red light turn on at the device on the officer's

uniform when the officer appeared to have activated the body-camera device on his

person, on his uniform. That mailing was mailed on January 22, 2019 on a Tuesday

because January 21, 2019 was a federal holiday of Martin Luther King Jr. Day. It

was mailed out on Tuesday at the prison mail room as LEGAL MAIL. See **EXHIBIT 8** Mailing Log.

9. A photocopy was made of the envelope which had contained the first mailing of the letter dated January 19, 2019 to the Chief of Police requesting the body-camera footage. See **EXHIBIT 7**.

10. When I was imprisoned at the Federal Correctional Institution 1 in Butner, North Carolina, I had mailed the original handwritten letter which was photocopied and is shown in **EXHIBIT 9**. I had handwritten a few words on one photocopy and had written the words on that photocopy with "For Jason McMurray" (**EXHIBIT 5**), and mailed a copy with those words handwritten on that photocopy according to the Mailing Log in **EXHIBIT 6**, made a photocopy of that **EXHIBIT 5** mailing to Jason McMurray. That mailing was mailed to the U.S. Probation Officer on January 25, 2019 (**EXHIBIT 6**).

11. Thanks to the copying machine that FCI-1 Butner provided to the inmates there including those during a psychological evaluation study, I mailed a printed photocopy of **EXHIBIT 9** to the Chief of Police in the City of Martinsville again on the date of January 30, 2019, (this would be the second mailing asking for the body-camera footage) as documented in my written Mailing Log in **EXHIBIT 6**. See **EXHIBIT 6**: Mailing log Entry "#4, 2pg, Chief of Police, Police of Martinsville, Martinsville VA Police, 55 West Church St, Municipal Building,

6

Martinsville, VA 24112 US 01/30/2019." Also see the other side of the Mailing Log in **EXHIBIT 6**, Entry "#4. copy of 1-page letter to Chief of Police dated January 20, 2019; and copy of 1-page letter to Chief of Police dated January 19, 2019.".

12. My request asking for the body-camera footage as discovery evidence was mailed two times to the Chief of Police in the City of Martinsville which is Martinsville Police Department.

13. I had asked my grandma Stella Forinash and my grandpa Kenneth Forinash to also mail a letter to the Chief of Police asking for the body-camera footage. They had received a photocopy of my handwritten letter in the mail from FCI-1 Butner, North Carolina, so they created a typed-up version of my handwritten letter in **EXHIBIT 9**. They typed up the letter to the Chief of Police as seen in **EXHIBIT 4** and was created on March 13, 2019. Then they mailed the letter with Certified Mail and Return Receipt on March 14, 2019. It was signed for by somebody on 3/18/19, likely somebody working at Martinsville Police Department.

14. See the first two pages of **EXHIBIT 10**, as was shown on the date of November 28, 2018, the General District Court had entered an order for discovery in the state criminal case of COMMONWEALTH OF VIRGINIA v. BRIAN DAVID HILL. It was an order for discovery. The reason why I believe that court

7

order had asked for the body-camera footage was where it said in the text of that order: "...it is hereby ORDERED and DECREED that the Commonwealth's Attorney permit counsel for the Defendant to inspect and copy or photograph, within a reasonable time, before the preliminary hearing, the following: ... Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, or the substance of any oral statements or confessions made by the Defendant to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth...". That body-camera footage was never produced at or introduced at the Trial in the General District Court on December 21, 2018. It was never turned over to the Defendant which is myself or it was never turned over to my defense counsel ever. As far as I am aware of.

14. See the next three pages of **EXHIBIT 10**, as was shown on the date of February 6, 2019, the Circuit Court had entered an "ORDER REGARDING DISCOVERY" in the state criminal case of COMMONWEALTH OF VIRGINIA v. BRIAN DAVID HILL. It was an order for discovery. The reason why I believe that court order had asked for the body-camera footage was where it said in the text of that order: "...it is hereby ORDERED that the Commonwealth's Attorney permit counsel for the Defendant to inspect and copy or photograph, within a reasonable time, before the trial or sentencing, the following: ... Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, or

8

the substance of any oral statements or confessions made by the Defendant to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth...". That body-camera footage was never produced at the Trial in the General District Court on December 21, 2018. It was never turned over to the Defendant which is myself or it was never turned over to my defense counsel ever. As far as I am aware of.

15. On January 20, 2023, I faxed my FOIA Request to both the City of Martinsville and Martinsville Police Department with three questions as to discovery evidence for my criminal case. See **EXHIBIT 3**. Three questions in my FOIA Request cited from the exhibit 3:

a. Question #1 (Public policy record question): What is the length of the evidence retention period of police body-camera footage stored after an incident before it can destroyed? Is it a year? Is it two years? What is the policy of Martinsville Police Department's retention period of retaining body-camera evidence before it is destroyed? (referring to potential evidence not subject to a litigation) The records I am seeking on this particular question is the policy papers of the Department, and the question may be answered additionally to requesting those records. Policy is usually same as a law or regulation.

b. Question #2 (Public policy record question): If the police body-camera footage is subject to litigation (criminal or civil) or was in pending litigation and a Court had ordered the body-camera footage to either be retained or to be turned over to a defendant as Brady material, does the body-camera footage still fall under the normal retention then destruction period for preserving body-camera footage before the body-camera footage is destroyed or does litigation involving the Police Department prohibit the Police Department from destroying the body-camera footage during pending litigation? The records I am seeking on this particular question is the policy papers of the Department, and the question

may be answered additionally to requesting those records. Policy is same as law, subject to public review.

　　　　c. Question #3: When did the Martinsville Police Department destroy the body-camera footage recorded on September 21, 2018 of the subject/suspect Brian David Hill? When in 2018 or 2019 was the body-camera footage destroyed regarding Brian David Hill? Any records of when it was destroyed? It was recorded by Officer Robert Jones at the time. I know it was recording because I saw the device on his uniform light up red. So I know that was a body-camera device and I know it had recorded on that day. My source told me that the body-camera footage was destroyed. I was told this in August, 2019 or September, 2019, claiming that it was the body-camera evidence retention period as to why it was destroyed. I was told that the body-camera footage was destroyed. My source told me this. If you do have the body-camera footage, may I have a copy of it to have experts look at it including the Innocence Project of Virginia?

　　　16. On February 13, 2023, Roberta Hill received an email from Public Information Officer named Kendall Davis with an answer to my FOIA Request in **EXHIBIT 3**. See **EXHIBIT 2** for the printout of this email. Three questions in my FOIA Request had been answered. The email had an attachment file: "Brian Hill FOIA Request.pdf". Roberta Hill printed both in PDF Format and gave those to me as evidence to use in both State Court and Federal Court. The letter from the City of Martinsville which was in attachment to that email in **EXHIBIT 2** is in **EXHIBIT 1**.

　　　17. The source to the information within the **EXHIBIT 1** answer from the City of Martinsville came from Police Chief Rob Fincher. He had revealed the following:

10

a. #1 The Martinsville Police Department utilizes a server-based video system created by COBAN Tech Corporation which is now owned by Safe Fleet Inc. This system has a programed Digital Video Management System or DVMS. The DVMS follows a retention system for those videos that have not been marked as evidence by the Commonwealth's Attorney's Office. If the Commonwealth's Attorney's Office designates a video as evidence it is retained indefinitely. All other videos are subject to the DVMS retention schedule. The DVMS begins cleanup when a video is within the minimum and maximum hold period for its event classification and when the disk usage is more than 80% and have not been accessed in 150 days. DVMS cleanup refers to changing the file allocation address of that data file to allow for other data to be stored in place of that file. This is like all computer systems in that if you tell the computer to delete an item, it is not actually deleted but designated to be overwritten.

b. #2 If a court receives an item as evidence or potential evidence, then the court retains those items in their evidence storage. A court can issue a preservation order in certain circumstances for a limited time with certain data evidence. I have not heard of one ever being used for video data. It is mostly used for cellphone and telephone data. If litigation is filed within a court then the status of a video regarding that case would then be changed to "evidence" and then retained indefinitely. Notice of that litigation would have to be served on the department within the retention period followed. If a suit is filed after the evidence has been destroyed there is no way to "un-destroy" an item.

c. #3 In the records logs, I see that two videos, one body camera and one in-car camera, that were labeled David Hill from that date were removed (deleted) by the DVMS system on 4/9/2019. Neither video was indicated as evidence, so unfortunately, we do not have either. If I had the videos, I would have no problem giving them to you but unfortunately, I do not.

18. From what I can interpret from that FOIA response letter in **EXHIBIT 1**, the Chief of Police Rob Fincher is now a potential witness for both my State Court case and Federal Court case, a witness to unlawful evidence destruction. He admitted the body-camera footage recording of what happened on September 21,

2018, before my arrest, the material evidence as to what happened on September 21, 2018, it was DESTROYED on April 9, 2019.

19. I had mailed two letters to the Chief of Police G. E. Cassady on January 22, 2019 (**EXHIBIT 8**), and January 30, 2019 (**EXHIBIT 6**). Letter was dated January 19, 2019 (**EXHIBIT 9**). My grandparents Kenneth and Stella Forinash had mailed a typed version to the Chief of Police, both Certified Mail and Return Receipt (**EXHIBIT 4**). It was signed for. Three letters, two court orders. None of it managed to save the body-camera footage from being deleted as if it were regular data. It was deleted as if it were regular body-camera footage because it was not marked as evidence. It was not marked as evidence so it was deleted as if it didn't matter despite me being charged by Martinsville Police department on September 21, 2018 with indecent exposure for the allegation of "intentionally making an obscene display". The body-camera footage was destroyed because it would have helped shown that I was innocent of my charge and I will explain in this Declaration as to why.

20. I had tried to inform the U.S. District Court that I was exposed to carbon monoxide gas. See Document #181-2, Filed 07/22/19, Page 2 of 2. I have enough evidence now to tell the Court under oath that Roberta Hill had obtained a photocopy or printout of an electronic record of the signed check from the bank corporation/company TRUIST proving that JaCody Cassell of The Chimney

12

Sweep was paid $300 on October 5, 2017, and Cassell had signed for the check. It was cashed in on October 6, 2017 or $300 was taken out of Roberta Hill's checking account on October 6, 2017 after the check was cashed in. So, I know and understand that the carbon monoxide gas started in my Apartment 2 at 310 Forest Street since October 5, 2017, after work was done by a service called The Chimney Sweep, in Rocky Mount, Virginia. I was exposed to the carbon monoxide gas until I left home late at night on September 20, 2018, and was arrested on September 21, 2018. I did also verify from requesting my medical records that I had tachycardia two separate times before I was arrested, taken to police/jail. Tachycardia meaning I had abnormally high resting blood pulse levels over 100. So away from home for hours, walking on a wooded walking trail in the nude, and I still had tachycardia. I was still intoxicated under the influence of Carbon Monoxide gas. Hours I was away from home in the middle of the night and I still suffered the effects of carbon monoxide toxicity.

21. In 2018, I did not know about the carbon monoxide gas and I was not aware that I was intoxicated or under it's influence until 2019 when my family went to FCI-1 Butner, North Carolina for visitation at the federal prison. When they spoke with me, they told me about the chimney person who found the carbon monoxide gas. I started feeling weird about what they told me and I started to ask them when they get back home if they would research or investigate the symptoms

13

of Carbon Monoxide Gas, as I started suspecting since that visitation in prison, I had started suspecting that the Carbon Monoxide Gas was the cause of my naked behavior which had caused me to be arrested on September 21, 2018. Even at that time I didn't know or understood the laws or what legal defenses I could use to a criminal charge of indecent exposure. I didn't know that I was involuntarily intoxicated on September 21, 2018 when I was arrested. It all makes sense to me, the Carbon Monoxide from the hot water heater and my hours of hand washing and washing my body which I felt was dirty due to my obsessive-compulsive disorder (OCD) and Autism. I had a lot of diarrhea problems in 2018 that I kept trying to buy probiotics and some herbal supplements to deal with my constant diarrhea problems. It was so bad that my Probation Officer showed up at one time while I was washing my body and washing my clothes after my diarrhea, I felt so dirty that my OCD routines started taking hours for each routine. I couldn't function as good, couldn't think straight. Anytime I took probiotic supplements, my diarrhea got worse. I visited Carilion Clinic to try to find out why my diarrhea problem had gotten worse. I suspected I had candida fungus and ended up getting a colonoscopy. Later on, the doctor told me I did not have candida, but they did not know that I was usually living in a home every day and every night under Carbon Monoxide Gas unless I was on a vacation which meant staying elsewhere. When I was able to go vacationing at the Massanutten resort in Virginia in my district, I

14

started feeling better there and then I didn't want to go back home, and begged my family for me to stay longer at the resort and not go back home. After I got back home, I felt even more of a need to escape my home and start walking away from my home. This urge felt really strong on the night of September 20, 2018. I didn't know why this urge was so strong with me, like I couldn't control myself anymore at the time. I did think at the time after I left my home that I saw a guy/man in a hoodie, and at another point I also had a weird vision of me lying on the bed in my home or somewhere seeing a man in a hoodie over me. I had weird a vision and I did had weird blackout of memories. I recorded these weird statements in **Document #153** filed in my federal case. This Court should review over all pages. I was even paranoid at the time and thought I was being surveilled in the backyard. My behavior, the weird feelings and thoughts didn't make any sense to me. I knew that Carbon Monoxide was the cause once I was told by my family at FCI-1 Butner during visitation when one or more of them they told me about the carbon monoxide being found in the Triplex and in my home.

22. I like to ASSERT an adverse inference with the U.S. District Court as to what the destroyed/deleted body-camera footage could have or would have proven had it not been destroyed, and had Judge Schroeder been allowed to watch the body-camera footage at the revocation hearing, had it not been destroyed unlawfully. Here is my asserted adverse inference:

15

## a. ADVERSE INFERENCE FROM BRIAN DAVID HILL

(MYSELF): I like to assert a fact that the body-camera footage recorded by Officer Jones would have shown my mannerisms, my gestures, my verbal responses, and my behavior which a toxicologist or behavioral expert would have determined that I was under toxicity, meaning that they would have determined that I was intoxicated at the time I was questioned by Officer Robert Jones as to why I was naked at night after midnight and was found naked running away from somebody who I saw chasing me but I did not know that person was police at the time but saw a flashlight turn on. I didn't have the intent to show anybody my naked body including my genitals, because I believe I was intoxicated at the time or under the severe influence of intoxication. I believe that intoxication was caused by Carbon Monoxide Gas poisoning, maybe even a street drug somebody could have given me since I was walking away from home at night which is a more dangerous time to be walking outdoors without anybody to look after me. My caretaker was sleeping while I was walking around at night "for whatever reason" as the Assistant U.S. Attorney had argued. I believe I was involuntarily intoxicated, and involuntary intoxication is a defense to a charge of a crime. Involuntary intoxication is a criminal defense when I had family research about this. I like to assert to the U.S. District Court that I am innocent of my supervised release violation because the body-camera footage which was unlawfully deleted/destroyed would have shown me in an intoxicated state or any medical or toxicologist expert would have determined that I was intoxicated when I was found in the nude on the Dick and Willie walking trail. I was involuntarily intoxicated, as I have no drug abuse history, I have never been addicted to any drugs. I never tried PCP, I never tried meth, I never tried smoking a joint, but I feel like I was involuntarily intoxicated at around the time I was naked. When I was questioned by Officer Jones I was standing up, I was not sitting, I tried to explain to him and he thought I wasn't making sense or thought my story didn't add up so he thought I was lying. I looked at him straight in the eyes and told him that I was telling him the truth. It was clear he didn't know I was under carbon monoxide gas intoxication. I didn't know I was under carbon monoxide intoxication. The body-camera footage would have shown that I was out of it and was not acting right, and anybody who examines behavior of somebody who was on

16

drugs or substances type intoxication would see my behavior and gestures and mannerisms as exactly the same as somebody who was drunk or on some kind of intoxication. Even Dr. Conrad Daum thought something was wrong with me mentally not knowing that I was exposed to carbon monoxide gas, he thought I was exhibiting a "PSYCHOSIS" (Document # 181-10, Pages 2-7). I was not in my right state of mind and couldn't realize the quality of my actions and how it may cause law enforcement to arrest me, because I was under intoxication, involuntary intoxication.

23. I can prove that the body-camera footage was illegally destroyed and here is my argument based on the 10 Exhibits being filed with this Declaration. First of all, I had written two letters to the Chief of Police, formerly G. E. Cassady asking for the body-camera footage. Those were ignored. My grandparents written a letter for the same, it was signed for by Return Receipt, and that was ignored. There was a court order for discovery by the General District Court and the Commonwealth's Attorney Glen Andrew Hall and the Martinsville Police Department ignored that court order, refused to mark the body-camera footage as evidence to be retained indefinitely. There was a second court order for discovery but this time by the Circuit Court on the basis of Trial De Novo and the Commonwealth's Attorney Glen Andrew Hall and the Martinsville Police Department still ignored or disregarded the second court order, and refused to mark the body-camera footage as evidence to be retained indefinitely. Cover up.

24. All safety valves which would have prevented the unlawful destruction/deletion of the body-camera footage had failed, which is odd. The very

17

body-camera footage recorded of me during the incident, and recorded by Officer Robert Jones, recorded by a device on his uniform, on his person. All safety valves have failed, one after another. The letters to the Chief of Police didn't work, two court orders didn't work, and this was never addressed by even the Commonwealth's Attorney after the third court order, it was never addressed that the footage was unlawfully destroyed. Heck it even violates or doesn't comport with the policy of Martinsville Police Department. Once they charged me with indecent exposure, that body-camera footage should have immediately or soon thereafter been marked as evidence to be retained indefinitely. Once they started a litigation of a criminal complaint against me and an ARREST WARRANT, that body-camera footage was material to my guilt or innocence, it was material to my charge, and it should have been marked as evidence according to the policy as stated by Police Chief Rob Fincher. Why did G. E. Cassady fail to do his Police Department's duty and policy to preserve evidence after litigation was lodged against me and charging me with a crime??? Why were the Court Orders entirely ignored when that is contempt of court multiple times??? One safety valve was me writing pro se letters. Another safety valve was the Public Defender, and then the safety valve of the Commonwealth Attorney Glen Andrew Hall. Nobody wanted to preserve evidence even after court orders and multiple letters to the Chief of Police.

18

25. This new evidence is in support of my 2255 Motion's GROUND FOUR: "Actual Innocence - Legal Innocence"; and "GROUND FIVE" "Fraud on the Court" (Doc. #291, pg. 8-10, pg. 13-14). Both grounds are support and here is why I believe so under penalty of perjury based on the new revelations of body-camera footage being illegally destroyed.

26. I understand from various case law I read that fraud on the court means that the Court had been deceived, and that the deception led to a wrongful decision because the fraud had created such a bias or prejudice that it deprived a party or parties of due process of law. I was deprived of due process of law by this fraud on the court, and the U.S. Attorney was deprived of due process of law by this fraud on the court.

27. When I was arrested, I had informed the Officer Jones about me being in federal probation or federal supervised release. The officer was able to track down or contact my U.S. Probation Officer. He had a lot of time to be investigating or have his U.S. Probation Office investigate why I was naked and if I had violated my supervised release or not. The investigation probably lasted until I was charged by the U.S. Probation Office on November 13, 2018, see Documents #156, #157, and #158. Jason McMurray was deceived because he never got a chance to review over the body-camera footage and the U.S. Attorney never indicated that they knew such evidence had existed. Nobody in the Federal Court system and U.S.

19

Probation Office seemed to have understood or at least have the knowledge that the body-camera footage was material evidence to both my indecent exposure charge on September 21, 2018, and my supervised release violation charge on November 13, 2018. Nobody ever tried to look at the evidence of the body-camera footage. The Judge in this case never got to see the body-camera footage and did not know that Petitioner could prove its existence until NOW, until NOW when I submit evidence to this Court proving that the body-camera footage did existed but was unlawfully destroyed/deleted as if it were routine files to be deleted.

28. It is clear that the evidence was destroyed/deleted because it would have shown my behavior and mannerisms and gestures to such an extent that I was not with it, that I was under the influence of a toxicity, an intoxication. The tachycardia of resting blood pulse readings at the local hospital but no lab work completed. The fact that the hospital deleted the ordered laboratory tests from my chart means it was either covered up just like the body-camera footage or it was a serious form of neglect by the hospital. Either way, the U.S. Attorney cannot disprove that I was intoxicated. The hospital shown I had two abnormally high resting blood pulse readings before I was arrested. I was clearly under the influence of intoxication to such an extent where I couldn't have the intent to do anything which would have had me held culpable for what had happened. I murdered nobody, I molested nobody, I raped nobody, I chased nobody, I was only found naked and running

20

away from somebody. The person who called 911 said a naked man was seen running. I didn't have the intent to make an obscene display because I was intoxicated, I was not medically and psychologically cleared when I was charged. The Officer assumed I was "medically and psychologically cleared" but didn't have the completed lab tests to back that up. I was intoxicated, to the best of my abilities and belief.

29. It is a fraud on the court to unlawfully destroy evidence. It is a fraud on the court when I was mailing letters to the Police Department asking for the very evidence which was destroyed after my letters and after multiple court orders served on the Commonwealth's Attorney. Evidence was illegally destroyed in my indecent exposure case. I was deceived, the Judge was deceived in my revocation hearing on September 12, 2019, Attorney Renorda Pryor had suspected I was either drunk or intoxicated which was why she asked those questions on the transcript, she suspected I was drunk or under the influence of something. She thought something was up for me to be found naked like that. Renorda Pryor was deceived by the evidence destruction. The U.S. Attorney was deceived by the evidence destruction. The evidence was destroyed by Martinsville Police Department before I was even released on federal bond conditions and before my revocation hearing on September 12, 2019.

30. After I had received this letter from the City of Martinsville, aka **EXHIBIT 1**, I had decided to ask my mother Roberta Hill to email this evidence and a copy of the court orders to U.S. Probation Officer Jason McMurray. She emailed this evidence/proof to him on Tuesday, February 14, 2023. The Court can inquiry and request that Jason McMurray produce this evidence or testify about this evidence destruction proof. I even wanted Roberta Hill to email the U.S. Attorney Office about this as well, and I even tried to fax this to them but I kept failing every time I tried to fax this to them, I kept receiving disconnection errors.

31. The evidence destruction is fraud on the court, and all parties to the supervised release violation case were deceived. I was deceived, Jason McMurray was deceived, the entire U.S. Probation Office who investigated my indecent exposure charge never got to review over the body-camera footage and was deceived. Renorda Pryor my Attorney was ineffective because she was deceived. My mother was deceived, my family were deceived, the Clerks were deceived. Nobody ever thought about the existence of the body-camera footage EXCEPT ME, asking repeatedly for the body-camera footage. I kept asking for it, over and over again, wondering why I am not receiving this material evidence. Then to find out later it had been deleted and destroyed forever. I had been deceived, I thought my letters to the Chief of Police had some kind of safety valve to stop the potential destruction or cover up of material evidence I wanted to see. I wanted to see the

22

body-camera footage and see how it would help prove my innocence. I will never be allowed to ever use that evidence to prove my innocence because it had been illegally destroyed.

32. The U.S. Probation Office is a federal law enforcement office mainly over supervision of and probation over defendants and offenders, a law enforcement office of the federal judiciary if I am correct. They were conducting an investigation into my charge on September 21, 2018, wondering why I was naked, yet evidence they should have been privy to had been illegally destroyed, evidence the U.S. Attorney should have been privy to had been illegally destroyed. I believe that the U.S. Probation Office had sanctioned an investigation into my charge to determine if I had violated my supervised release conditions or not. Because of all of this, I believe that the Martinsville Police Department within the authority of G. E. Cassady at the time, may have obstructed justice in violation of 18 U.S.C. § 1519 ("Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both."). I believe evidence was unlawfully destroyed to obstruct or

23

influence a federal investigation and/or was done to obstruct or influence the proper administration of any matter within the jurisdiction of any department or agency of the United States. The evidence was destroyed and deceived the U.S. Probation Office and U.S. Attorney. I believe a federal crime has been committed here, and the letter from Kendall Davis with information sourced from Police Chief Rob Fincher had demonstrated that evidence was unlawfully destroyed. I was deceived, my family were deceived, the U.S. Probation Office were deceived, the judge was deceived, and the U.S. Attorney was deceived. I am innocent of my supervised release violation. My claims should not be dismissed here in my 2255 case. Evidence has been illegally destroyed in my belief.

33. As **EXHIBIT 1**, is a true and correct copy of a PDF file printout of Email attachment filename: "Brian Hill FOIA Request.pdf" in attachment to a email received by Roberta Hill at rbhill67@comcast.net. The attachment is a 3-page document containing a FOIA Response letter dated February 10, 2023, from Kendall Davis the Public Information Officer of City of Martinsville; and contains information which came from the source: new Police Chief Rob Fincher

34. As **EXHIBIT 2**, is a true and correct copy of a 3-page printout of an Email to Roberta Hill From: Kendall Davis <kdavis@ci.martinsville.va.us>; Subject: Re: Status of FOIA Request of Brian David Hill?; Date: 2/13/2023, 3:01 PM; with attachment file: Brian Hill FOIA Request.pdf (**EXHIBIT 1**).

24

35. As **EXHIBIT 3**, is a true and correct copy of a 4-page "URGENT LETTER TO MARTINSVILLE POLICE DEPARTMENT AND CITY OF MARTINSVILLE – FOIA REQUEST", date: FRIDAY, JANUARY 20, 2022. The letter is four pages. At the end of the letter contains three pages of Venta Fax Transmission Tickets, proving that both Martinsville Police Department and City of Martinsville had received the 4-page letter in **EXHIBIT 3** on the same date as the date of the FOIA Request letter. This is a FOIA Request Letter.

36. As **EXHIBIT 4**, is a true and correct copy of a 2-pages of a signed Return Receipt (front and back) and Certified Mail Receipt of a mailing to GE Cassady Chief of Police; a true and correct copy of two pages of a typed version of the letter to Police Chief G. E. Cassady in **EXHIBIT 9**; and a true and correct copy of a photocopy of the envelope used to mail the typed letter. The typed letter was produced by Ken and Stella Forinash and was mailed by Ken and Stella Forinash. Again, a typed version of the handwritten letter in **EXHIBIT 9** and was mailed on March 14, 2019, and typed letter was dated March 13, 2019.

37. As **EXHIBIT 5**, is a true and correct copy of a 1-page photocopy of a photocopy with the handwritten words "For Jason McMurray" on a photocopy of the handwritten letter in **EXHIBIT 9** and was mailed on January 25, 2019.

38. As **EXHIBIT 6**, is a true and correct copy of a 2-page photocopy front and back of a Hand-written Mailing Log 2019 U.S.W.G.O. paper written of mailings sent off while detained at FCI-1 Butner, North Carolina.

39. As **EXHIBIT 7**, is a true and correct copy of a 1-page photocopy of the envelope which had contained the original letter which was photocopied as **EXHIBIT 9**.

40. As **EXHIBIT 8**, is a true and correct copy of a photocopy of 1-page Handwritten Mailing Log 2019 U.S.W.G.O. paper written of mailings sent off while detained at FCI-1 Butner, North Carolina

41. As **EXHIBIT 9**, is a true and correct copy of a 1-page photocopy of the first handwritten letter to former Police Chief G. E. Cassady on requesting body-camera footage. Date: January 19, 2019.

42. As **EXHIBIT 10**, is 8-pages total of true and correct copies of Virginia state court orders for discovery. First two pages are of an ORDER from the General District Court for the City of Martinsville. CASE NO: C18-3138, dated November 28, 2018. Next three pages is an ORDER REGARDING DISCOVERY from the Circuit Court for the City of Martinsville, case no. CR19-009, dated: February 6, 2019. The last three pages is an ORDER REGARDING DISCOVERY from the Circuit Court for the City of Martinsville, case no. CR19000009-00, dated: July 15, 2019.

26

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2023.

Respectfully filed with the Court, this the 18th day of February, 2023.

Respectfully submitted,

Brian D. Hill

Signed
Brian D. Hill

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)
Make America Great Again
https://youtu.be/zR-7YLVp5uQ -- JusticeForUSWGO.wordpress.com
USWGO.COM // JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

27

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on February 18, 2023, service was made by mailing the original of the foregoing:

"ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on February 18, 2023 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| Anand Prakash Ramaswamy | Angela Hewlett Miller |
|---|---|
| U.S. Attorney Office | U.S. Attorney Office |
| Civil Case # 1:17 -cv-1036 | Civil Case # 1: 17 -cv-1036 |
| 101 South Edgeworth Street, 4th | 101 South Edgeworth Street, 4th |
| Floor, Greensboro, NC 27401 | Floor, Greensboro, NC 27401 |
| Anand.Ramaswamy@usdoj.gov | angela.miller@usdoj.gov |
| JOHN M. ALSUP | Margaret M. Reece |
| U.S. Attorney Office | U.S. Attorney Office |
| 101 South Edgeworth Street, 4th | 251 N. Main ST., Ste. 726 |
| Floor, Greensboro, NC 27401 | Winston-Salem, NC 27101 |
| john.alsup@usdoj.gov | morgan.reece@usdoj.gov |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| | Respectfully submitted, |
|---|---|
| Date of signing: | |

| | |
|---|---|
| Feb. 18, 2023 | *Brian D. Hill*<br>Signed<br><u>Brian D. Hill</u><br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.**<br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL; https://youtu.be/zR-7YLVp5uQ

 

29