# EXHIBIT 10: Photocopy of Three Court Orders. One from General District Court for the City of Martinsville, Commonwealth of Virginia, and Two from Circuit Court for the City of Martinsville, Commonwealth of Virginia

attached to: "ADDITIONAL EVIDENCE AND DECLARATION OF BRIAN DAVID HILL OF RECENTLY OBTAINED EVIDENCE IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. #291)"
by Brian David Hill

Case no. 1:13-cr-435-1; civil no. 1:22-CV-00074

Ally of Q, Former news reporter of USWGO Alternative News
JUSTICEFORUSWGO.WORDPRESS.COM



VIRGINIA: IN THE GENERAL DISTRICT COURT FOR THE CITY OF
MARTINSVILLE

COMMONWEALTH OF VIRGINIA, )
)
v. ) CASE NO: C18-3138
)
BRIAN DAVID HILL, )
            **Defendant.** )

## ORDER

This case came this day to be heard upon the written motion of the Defendant, BRIAN DAVID HILL, by counsel, who moved, pursuant to Rule 7C:5 of the Rules of the Supreme Court of Virginia, that the Commonwealth's Attorney be directed to permit the Defendant discovery in this case, as set forth in said Rule, and

It appearing to the Court that discovery pursuant to Rule 7C:5 should be granted to the Defendant, it is hereby ORDERED and DECREED that the Commonwealth's Attorney permit counsel for the Defendant to inspect and copy or photograph, within a reasonable time, before the preliminary hearing, the following:

(1) Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, or the substance of any oral statements or confessions made by the Defendant to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth;

(2) A copy of any criminal record of the accused; and

(3) Any exculpatory information or evidence as set forth by *Brady v. Maryland* and its progeny that is known to the Commonwealth.

And it is further ADJUDGED, ORDERED and DECREED that the Commonwealth shall promptly notify counsel for the Defendant of the existence of any additional material

subsequently discovered which falls within the scope of this motion and make all such additional material available to the Defendant's attorney in accordance with the text and intention of this Motion.

ENTER this 28 day of November, 2018.

_____
Judge

I ASK FOR THIS:

_____
Scott Albrecht, Esq. (VSB #88411)
Office of the Public Defender
P.O. Drawer 31
Martinsville, VA 24114
T: (276) 666-2206 ext. 106
F: (276) 666-8929
salbrecht@mar.idc.virginia.gov
*Counsel for Defendant*

SEEN and _Agreed_:

_____
*Attorney for the Commonwealth*
City of Martinsville, Virginia
P.O. Box 1311
Martinsville, VA 24112
T: (276) 403-5470

[handwritten note, rotated:]
9/15/18
10-12-18
Bond Hearing
Reviewed for
Michael McPheeters

RECEIVED
DATE/TIME 11-28-18 11 AM
BY D-Collins D Clerk
MARTINSVILLE GENERAL DISTRICT COURT

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF MARTINSVILLE

COMMONWEALTH OF VIRGINIA,
        Plaintiff

vs.                                              CR19-009

BRIAN DAVID HILL,
        Defendant.

## ORDER REGARDING DISCOVERY

Came this day, the Defendant, Brian David Hill, by counsel, who moved, pursuant to Rule 3A:11 of the Rules of Court, that the Commonwealth's Attorney be directed to permit the Defendant discovery in this case, as set forth in the said Rule, and upon the motion of the attorney of the Commonwealth requesting reciprocal discovery under the said Rule; and,

It appearing to the Court that discovery pursuant to Rule 3A:11(b) should be granted to the Defendant, it is hereby ORDERED that the Commonwealth's Attorney permit counsel for the Defendant to inspect and copy or photograph, within a reasonable time, before the trial or sentencing, the following:

(1) Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, or the substance of any oral statements or confessions made by the Defendant to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth, any certificates of analysis pursuant to §19.2-187, and any relevant written reports of autopsies, ballistic tests, fingerprint analyses, handwriting analyses, blood, urine, and breath tests, other scientific reports, and written reports of a physical or mental examination of the Defendant or the alleged victim made in connection with this particular case, or copies thereof, that are known by the Commonwealth's Attorney to be within the possession, custody, or

1

control of the Commonwealth.

(2) Any exculpatory information or evidence under the guidelines established by Brady v. Maryland, 373 U.S. 83 (1963), and subsequent case law, whether by way of statements, real evidence, scientific analysis, or reports, known to or in the possession of the Commonwealth.

(3) The Commonwealth shall promptly notify counsel for the Defendant of the existence of any additional material subsequently discovered (until the time of trial and at trial) which falls within the scope of this motion and make all such additional material available to the Defendant's attorney in accordance with the text and intention of this Motion.

It appearing to the Court that the motion for reciprocal discovery filed by the attorney for the Commonwealth pursuant to Rule 3A:11 should also be granted, it is hereby ORDERED that counsel for the Defendant permit the Commonwealth's Attorney to inspect, copy, or photograph, within a reasonable time, but not less than ten days before the trial or sentencing, any written reports of autopsy examinations, ballistic tests, fingerprints, blood, urine, and breath analyses, and other scientific tests that may be within the Defendant's possession, custody, or control and which the defense intends to proffer or introduce into evidence at the trial or sentencing:

It is further ORDERED that the Defendant disclose whether he or she intends to introduce evidence to establish an alibi, and, if so, to disclose the place at which he or she claims to have been at the time of the commission of the alleged offense.

It is further ORDERED that if the Defendant intends to rely upon the defense of insanity or feeblemindedness, the Defendant shall permit the Commonwealth to inspect, copy, or photograph any written reports of physical or mental examination of the Defendant made in connection with this particular case.

It is further ORDERED that the inspection and copying or photographing by the counsel for the Defendant shall take place at the office of the Commonwealth's Attorney at Martinsville, Virginia, or at some other mutually agreeable location, by appointment or at any convenient time during regular office hours, and that the inspection and copying or photographing by the attorney for the Commonwealth shall take place at the office of the counsel for the Defendant, or at some other mutually agreeable location, by appointment or at any convenient time during regular office hours.

ENTERED this 6th day of February, 2019.

_____
Judge

I ASK FOR THIS:

_____
Scott Albrecht (VSB #88411)
Office of the Public Defender
P. O. Drawer 31
Martinsville, VA 24114
276-666-2206
276-666-8929 (fax)
salbrecht@mar.idc.virginia.gov

SEEN:

_____
Counsel for the Commonwealth

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF MARTINSVILLE

COMMONWEALTH OF VIRGINIA,
        Plaintiff

vs.                                           CR19000009-00

BRIAN DAVID HILL,
        Defendant.

## ORDER REGARDING DISCOVERY

Came this day, the Defendant, Brian David Hill, by counsel, who moved, pursuant to Rule 3A:11 of the Rules of Court, that the Commonwealth's Attorney be directed to permit the Defendant discovery in this case, as set forth in the said Rule, and upon the motion of the attorney of the Commonwealth requesting reciprocal discovery under the said Rule; and,

It appearing to the Court that discovery pursuant to Rule 3A:11(b) should be granted to the Defendant, it is hereby ORDERED that the Commonwealth's Attorney permit counsel for the Defendant to inspect and copy or photograph, within a reasonable time, before the trial or sentencing, the following:

(1) Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, or the substance of any oral statements or confessions made by the Defendant to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth, any certificates of analysis pursuant to §19.2-187, and any relevant written reports of autopsies, ballistic tests, fingerprint analyses, handwriting analyses, blood, urine, and breath tests, other scientific reports, and written reports of a physical or mental examination of the Defendant or the alleged victim made in connection with this particular case, or copies thereof, that are known by the Commonwealth's Attorney to be within the possession, custody, or

1

Case 1:13-cr-00435-TDS   Document 335-11   Filed 02/21/23   Page 7 of 9

control of the Commonwealth.

(2) Any exculpatory information or evidence under the guidelines established by Brady v. Maryland, 373 U.S. 83 (1963), and subsequent case law, whether by way of statements, real evidence, scientific analysis, or reports, known to or in the possession of the Commonwealth.

(3) The Commonwealth shall promptly notify counsel for the Defendant of the existence of any additional material subsequently discovered (until the time of trial and at trial) which falls within the scope of this motion and make all such additional material available to the Defendant's attorney in accordance with the text and intention of this Motion.

It appearing to the Court that the motion for reciprocal discovery filed by the attorney for the Commonwealth pursuant to Rule 3A:11 should also be granted, it is hereby ORDERED that counsel for the Defendant permit the Commonwealth's Attorney to inspect, copy, or photograph, within a reasonable time, but not less than ten days before the trial or sentencing, any written reports of autopsy examinations, ballistic tests, fingerprints, blood, urine, and breath analyses, and other scientific tests that may be within the Defendant's possession, custody, or control and which the defense intends to proffer or introduce into evidence at the trial or sentencing:

It is further ORDERED that the Defendant disclose whether he or she intends to introduce evidence to establish an alibi, and, if so, to disclose the place at which he or she claims to have been at the time of the commission of the alleged offense.

It is further ORDERED that if the Defendant intends to rely upon the defense of insanity or feeblemindedness, the Defendant shall permit the Commonwealth to inspect, copy, or photograph any written reports of physical or mental examination of the Defendant made in connection with this particular case.

2

Case 1:13-cr-00435-TDS   Document 335-11   Filed 02/21/23   Page 8 of 9

It is further ORDERED that the inspection and copying or photographing by the counsel for the Defendant shall take place at the office of the Commonwealth's Attorney at Martinsville, Virginia, or at some other mutually agreeable location, by appointment or at any convenient time during regular office hours, and that the inspection and copying or photographing by the attorney for the Commonwealth shall take place at the office of the counsel for the Defendant, or at some other mutually agreeable location, by appointment or at any convenient time during regular office hours.

ENTERED this 15th day of July, 2019.

_____
Judge

I ASK FOR THIS:

_____
Scott Albrecht (VSB #88411)
Office of the Public Defender
P. O. Drawer 31
Martinsville, VA 24114
276-666-2206
276-666-8929 (fax)
salbrecht@mar.idc.virginia.gov

SEEN: _____
Counsel for the Commonwealth