IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRIAN DAVID HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | **1:22CV74** |
| v. ) | **1:13CR435-1** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Brian David Hill, a former federal prisoner who remains on supervised release, has brought a motion (Docket Entry 291) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In 2014, Petitioner was charged with, and pled guilty to, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Docket Entries 1, 19, 20; Minute Entry 6/10/2014.) On November 12, 2014, he was sentenced to ten months and twenty days of imprisonment, but not less than time served; ten years of supervised release; and a $100.00 special assessment. (Docket Entry 54; Minute Entry 11/10/2014.) Petitioner appealed on January 29, 2015, but it was dismissed as untimely on April 7, 2015. (Docket Entries 62, 74-75.) Petitioner filed a motion pursuant to 28 U.S.C. § 2255 on November 14, 2017 along with numerous supporting pleadings and exhibits. (Docket Entries 125-134, 136-139.) The motion was unsuccessful, both with this Court and on appeal. (Docket Entry 237, *United States v. Hill*, 831 F. App'x 626 (4th Cir. 2020).)

Meanwhile, a number of proceedings arose related to Petitioner's supervised release. In April 2015, the United States Probation Office filed a report alleging one violation of

Petitioner's supervised release, involving his conduct towards the probation officer. (Docket Entry 88.) The Court did not revoke Petitioner's supervised release but continued him on supervision. (Docket Entry 122.)

In November 2018, the United States Probation Office filed another violation report alleging one violation of Petitioner's supervised release for new criminal conduct in Virginia. (Docket Entry 157.) At a hearing on September 12, 2019, the Court revoked Petitioner's supervised release. (Minute Entry 9/12/2019, Docket Entry 186.) As neatly summarized by the Fourth Circuit in a decision denying Petitioner's appeal of his revocation of supervised release, "[t]o satisfy its burden of proof at the revocation proceeding, the Government presented evidence that, while serving his supervised release term, Hill intentionally made an obscene exposure of his person in a public place. Hill was arrested after exposing himself and taking naked photographs of himself late at night in various areas of the commercial district of Martinsville. The district court credited the testimony and evidence presented by the Government and rejected the alternative explanations that Hill offered to excuse his conduct." *United States v. Hill*, 831 Fed. App'x 69, 70 (4th Cir. 2020). Petitioner was sentenced to serve nine months in the custody of the Bureau of Prisons, followed by nine years of supervised release. (Docket Entry 200.) Following his revocation, as noted, Petitioner appealed to the Fourth Circuit, which affirmed the Cour's ruling. *See Hill*, 831 F. App'x at 69-70 (rejecting arguments that "that the district court erred by conducting the revocation hearing without a jury and failing to apply a beyond a reasonable doubt standard of proof, erred in finding that

Hill violated a condition of his supervised release, and abused its discretion in denying Hill's motion to continue the revocation hearing").

Petitioner then filed the present § 2555 motion on January 27, 2022 along with a number of memoranda and exhibits. (Docket Entries 291, 292, 293, 298, 299, 307-08.)[1] The Government filed a response. (Docket Entry 319.) Petitioner then filed a motion to file a reply brief (Docket Entry 321), a reply brief (Docket Entry 323), attachments (Docket Entry 324), a "Litigation Hold Letter to Trust Bank" (Docket Entry 326), a motion for leave to file evidence in the form of a declaration and ten exhibits (Docket Entry 334), and a declaration along with ten exhibits (Docket Entry 335). The matter is now ripe for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Background

To best understand the legal analysis below, additional background of the proceedings in Petitioner's revocation matter is relevant. While on supervised release, Petitioner was arrested in 2018 for exposing himself in public throughout his hometown in Martinsville, Virginia, in the early morning hours, proof of which was provided by officer testimony and photographs Petitioner took of himself on his camera at the time. (Docket Entry 198 at 1.) Petitioner initially claimed that he did so under duress related to threats from an unnamed man in a "hoodie" who insisted that he would harm Petitioner's mother unless he got "naked

---

[1] Petitioner's filings are voluminous, and he has filed numerous other documents in his case; however, in the interests of judicial economy, the Court's summary of the procedural posture as well as its subsequent analysis relate solely to relevant filings as they pertain directly to Petitioner's § 2255 motion on his supervised release judgment.

3

in public [and took] photos" of himself and then "placed them at the drop off point[.]" (Docket Entry 164 at 2.) Petitioner later asserted that he exposed himself because he was suffering from carbon monoxide poisoning. (Docket Entry 181 at 2.) Petitioner was convicted in state court in Virginia in 2018, and his federal revocation proceeding followed. (Docket Entry 198 at 1.) The Court revoked Petitioner's supervised release on October 7, 2019 and he was sentenced to nine months of imprisonment. (Docket Entry 200.)

As noted, Petitioner's appeal of the revocation of his supervised release was unsuccessful. *See Hill*, 831 F. App'x at 69-70. Additionally, Petitioner's efforts to challenge the misdemeanor indecent exposure conviction in state court and by way of a federal habeas challenge were both unsuccessful. *See Hill v. Virginia*, No. 7:22CV00336, 2022 WL 3037120, at *1 (W.D. Va. Aug. 1, 2022) (dismissing federal habeas petition for lack of subject matter jurisdiction and setting forth procedural history as follows "On December 21, 2018, he entered a plea of not guilty, but the General District Court found him guilty and sentenced him to time served, with no probation to follow. Hill appealed to the Circuit Court. The matter was set to be tried before a jury on December 2, 2019, but Hill filed a motion to withdraw his appeal on November 12, 2019, which the court granted by order entered November 15, 2019. Hill then appealed to the Court of Appeals of Virginia, which denied his appeal on September 2, 2021. Although he filed a notice of appeal, Hill failed to file a timely petition in the Supreme Court of Virginia, and that appeal was never perfected. Hill then filed a Petition for Actual Innocence with the Court of Appeals of Virginia, which was dismissed on March 1, 2022, for

4

lack of jurisdiction because the actual innocence statute applies only to felony convictions. He then filed the current § 2254 petition.").

## Grounds for Relief

Petitioner raises eleven grounds for relief. He first alleges that "[t]he district court erred . . . in conducting the revocation hearing without a jury and by making findings of guilt[ ] by a preponderance of the evidence." (Docket Entry 291, Ground One.) In Ground Two, Petitioner asserts that the Court erred in concluding that there was sufficient evidence to find that he violated his conditions of supervised release by violating Virginia Code § 18.2-387 because the evidence failed to show that he intentionally made an obscene display or exposure of his person. (*Id.*, Ground Two.) In Ground Three, Petitioner alleges that the Court "abused its discretion when it denied [his] motion to continue the revocation hearing until after the underlying criminal appeal was completed." (*Id.*, Ground Three.) In Petitioner's fourth ground for relief, he asserts that he is actually innocent. (*Id.*, Ground Four.) Petitioner's fifth ground for relief asserts a "fraud on the Court." (*Id.*, Ground Five.)

Petitioner's sixth ground for relief asserts an "unconstitutional interference with the state court process and/or unwarranted usurpation of power against the state court process in violation of the Tenth Amendment[.]" (*Id.*, Ground Six.) Ground Seven asserts that "Petitioner suspects that the originating judicial officer who revoked [Petitioner's] supervised release . . . may or may not be a target of a blackmail scheme involving child rape and murder . . . and thus [was] compromised and no longer impartial . . . ." (*Id.*, Ground Seven.) Ground

5

Eight asserts spoliation of evidence by a number of individuals and entities in violation of *Brady v. Maryland* and *Giglio v. United States*. (*Id.*, Ground Eight.)

Ground Nine asserts improper venue and lack of jurisdiction. (*Id.*, Ground Nine.) Ground Ten asserts that "[f]iled evidence [was] not taken into consideration at trial on September 12, 2019; witnesses filed with the Court directly material to the trial were not called for to testify at trial . . . ; filed affidavits [were] not taken into consideration at trial; violation of due process clause of U.S. Constitution, deprivation of criminal defendant's due process rights under the Constitution." (*Id.*, Ground Ten.) In Ground Eleven, Petitioner asserts that there is a new Virginia law that allows criminal defendants with certain disabilities to use the disability as a defense as it relates to intent and that, because of this, Petitioner cannot be convicted of indecent exposure. (*Id.*, Ground Eleven.) As explained in greater detail below, none of these grounds for relief warrant any form of relief.

I. **Grounds One, Two, Three, and Six Were Raised on Appeal and Thus Fail.**

Petitioner's first three grounds in his § 2255 motion are: (1) the district court erred in finding his supervised release violation by a preponderance of the evidence, rather than a jury finding it beyond a reasonable doubt; (2) there was insufficient evidence to find that Petitioner violated the terms of his supervised release; and (3) the district court erred in denying Petitioner's motion to continue his supervised release hearing until his state appeal was resolved. (Docket Entry 291, Grounds One through Three.) In addition, while his sixth ground is styled as an "unconstitutional interference with the state court process," it is the same general argument as contained in the third ground that the district court should have

6

allowed Petitioner's state appeal to resolve before it handled Petitioner's supervised release violation hearing. (*Id.*, Ground Six; Docket Entry 292 at 111-19.)

These grounds should be denied and dismissed because they have been previously litigated on appeal and therefore are barred from being raised in a subsequent § 2255 proceeding. Issues raised and addressed on appeal cannot be reconsidered in a collateral proceeding. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"). Petitioner, in his direct appeal of the supervised release revocation, unsuccessfully argued three issues to the Fourth Circuit. *See Hill*, 831 Fed. App'x at 69-70 ("On appeal, Hill argues that the district court erred by conducting the revocation hearing without a jury and failing to apply a beyond a reasonable doubt standard of proof, erred in finding that Hill violated a condition of his supervised release, and abused its discretion in denying Hill's motion to continue the revocation hearing. We affirm.").

Specifically, the Fourth Circuit explained that

> Hill first asserts that proof beyond a reasonable doubt, not preponderance of the evidence, is the appropriate standard for revoking supervised release and further claims that a jury must make the relevant factual findings. However, we have previously determined that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights, including any right to have the alleged supervised release violation proved to a jury beyond a reasonable doubt . . . .
>
> Hill next argues that the district court erred in finding that Hill violated the conditions of his supervised release. . . . Hill challenges the district court's finding that he committed a state offense by violating Virginia's indecent exposure statute and

7

argues that his conduct was neither intentional nor obscene, as required to violate Va. Code Ann. § 18.2-387 (2018).

> We have reviewed the record and find no merit to Hill's contentions. To satisfy its burden of proof at the revocation proceeding, the Government presented evidence that, while serving his supervised release term, Hill intentionally made an obscene exposure of his person in a public place. Hill was arrested after exposing himself and taking naked photographs of himself late at night in various areas of the commercial district of Martinsville. The district court credited the testimony and evidence presented by the Government and rejected the alternative explanations that Hill offered to excuse his conduct. Further, the Government sufficiently demonstrated that Hill's conduct was obscene. Accordingly, the district court did not abuse its discretion in revoking Hill's supervised release when it determined that the Government established, by a preponderance of the evidence, that Hill intentionally violated the Virginia statute and that his conduct was obscene.
>
> Finally, Hill asserts that the district court abused its discretion in denying his motion for a continuance made on the day of the revocation hearing. Hill sought to delay the revocation hearing until his appeal on the Virginia indecent exposure conviction was complete . . . .
>
> The district court was not required to grant Hill's motion for a continuance pending the conclusion of his appeal of his indecent exposure conviction in Virginia circuit court. Further, Hill has not established that he was prejudiced by the denial of the motion. We therefore conclude that the district court did not abuse its discretion in denying Hill's motion.

*See Hill*, 831 Fed. App'x at 70-71 (citations and quotations omitted).

As demonstrated, each of Petitioner's first three grounds, and his sixth ground, in this § 2255 motion have been resolved as part of a direct appeal. They cannot be recast under § 2255 and as such these grounds should be denied and dismissed. Beyond this, even if this

Court could revisit these issues, it would reach the same conclusions as the Fourth Circuit for the reasons and authorities it cites.

## II. Petitioner's Remaining Grounds Should Be Denied or Dismissed.

### a. Grounds Four and Ten ("Actual Innocence") Should Be Denied.

Petitioner's fourth ground is styled as an assertion of "actual innocence." (Docket Entry 291, Ground Four.) It is not. Petitioner makes a number of allegations, many incorporating his first, second, and third arguments in this § 2255 motion and several arguing that his *Brady* and *Giglio* rights were violated because the Martinsville Police Department could have done a number of things to determine whether Petitioner was poisoned by carbon monoxide and that the department allegedly destroyed body camera footage. (Docket Entry 292 at 89-106.) To the extent that this ground is not otherwise barred because the substance of which has previously been raised on appeal, there is no merit to Petitioner's contention.

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and its progeny,[2] the failure by the prosecution to disclose "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (citation omitted); *see also Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (concluding that when the reliability of a witness may determine guilt or innocence, nondisclosure of evidence affecting credibility denies the right to due process). As such, a *Brady* violation occurs if evidence is (1) favorable

---

[2] The Court assumes that *Brady* and its progeny apply in revocation proceedings for the purposes of this analysis.

9

to the accused (either exculpatory or impeaching), (2) suppressed by the prosecution (willfully or inadvertently), and (3) material (prejudicial). *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *see also Monroe v. Angelone*, 323 F.3d 286, 299–300 (4th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Evidence is "favorable" if it would tend to exculpate the accused and when it can be used to impeach government witnesses. *United States v. Bagley*, 473 U.S. 667, 676 (1985). Where the prosecution fails to disclose evidence favorable to the accused, such evidence is material only where there exists a "reasonable probability" that "had the evidence been disclosed . . . the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433-44 (citations omitted). Also, *Brady* is not violated if the undisclosed information could have been discovered through due diligence by the defendant. *Barnes v. Thompson*, 58 F.3d 971, 976 n. 4 (4th Cir.), *cert. denied*, 516 U.S. 972 (1995).

Beyond this, unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). *Brady* is not concerned with a petitioner's suspicions. *Brady* is implicated when material evidence is actually withheld. "[M]ere speculation that materials may contain exculpatory evidence is not . . . sufficient to sustain a *Brady* claim." *United States v. Brown*, 360 F.3d 828, 833 (8th Cir. 2004); *see also United States v. Paulino*, No. 95-5961, 1996 WL 671346, at *2 (4th Cir. Nov. 20, 2006) ("Mere speculation that *Brady* material exists does not justify fishing expeditions in government files.").

As the Seventh Circuit has explained:

> The major obstacle in the path of defendant's *Brady* claim is the speculative nature of their contention [that the government's files

10

> contain exculpatory evidence]. The *Brady* analysis assumes the discovery, after trial, of favorable, material information known to the prosecution but unknown to the defense. Yet here the defendants have given no indication of the existence of such material information or that the government knows of such information which would likely have changed the verdict or created a reasonable doubt that did not otherwise exist. . . . Mere speculation that a government file may contain *Brady* material is not sufficient to require . . . reversal for a new trial.

*United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984).

In this case, Petitioner cannot carry his burden of establishing a constitutional violation. There is no reason to believe that the Government or law enforcement or anyone else suppressed materially favorable evidence. Petitioner merely speculates and offers assertions about what the Martinsville Police Department should or could have done, for example, that they should have made the hospital draw his blood and then test it for carbon monoxide levels and that they allegedly destroyed *favorable* body camera footage.[3] What the Martinsville Police

---

[3] Petitioner has submitted a statement from Martinsville Police Chief Rob Fincher in response to Petitioner's requests indicating that there were two videos (one from a body camera and one from an in-car camera) bearing Petitioner's name that were removed/deleted from the Department's digital video management system on April 9, 2019 as a matter of regular course because they were not marked as "evidence." (Docket Entry 335, Ex. 1.) Petitioner makes much of this. However, even assuming this demonstrated the suppression of evidence, there is no reason to believe that Petitioner was prejudiced as a result. The evidence at Petitioner's revocation hearing was overwhelming, including officer testimony (Docket Entry 215 at 11-36), photographic evidence (Docket Entry 215 at 2), and a statement by Petitioner by way of explanation admitting that he was "naked." (Docket Entry 215 at 72; *see also id.* at 73 (district court judge explaining that "The exposure in this case was intentional and purposeful. There's really no way to explain otherwise. He's running around naked, taking pictures of himself and posing for the pictures of his genitals, and he's doing it in the open in the public.").) There is no reason to believe that additional video footage would have changed the outcome here.

11

Department should or could have done is not proof of evidence in existence that is favorable to Petitioner and not a *Brady* violation.

Finally, even if law enforcement had suppressed favorable evidence in its possession, this Court should still deny Petitioner's motion because he has not carried his burden to show materiality. Evidence is "material" within this context if there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings would have been different. The district court considered the substance of the underlying state conviction, saw the photographs Petitioner took of himself nude and in a public space, heard but gave no weight to Petitioner's evidence from his mother about carbon monoxide poisoning, and found Petitioner in violation of his supervised release for having committed criminal conduct. (Docket Entry 215 at 59-61, 72-75.) The Fourth Circuit affirmed. *See Hill*, 831 Fed. App'x at 69-70. Thus, Petitioner's fourth ground should be denied because it is entirely without merit.

As to his tenth ground, Petitioner contends that there was evidence not admitted at the supervised release violation hearing which should have been and which would have supported his claim of innocence. (Docket Entry 292 at 171-76.) This argument is procedurally defaulted because Petitioner did not raise it on direct appeal.

The Fourth Circuit recently summarized the principles of procedural default:

> Generally speaking, habeas proceedings are not the time to raise arguments a prisoner could have made, but did not, in the proceedings culminating in his conviction. Principles of procedural default sharply limit a prisoner's ability to raise on collateral review claims not raised in his initial criminal proceeding or on direct appeal.

12

*Marlowe v. Warden, FCI Hazelton*, 6 Fed. 4th 562, 571 (4th Cir. 2021). Such is the case here. More specifically, because Petitioner did not raise this ground in his direct appeal, that ground is procedurally defaulted. A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner meets none of these criteria.

Petitioner cannot overcome this default when he presented these arguments to the Court during his supervised release violation hearing and through various filings. (*See* Docket Entries 152-155, 163-165, 178-179, 181; Docket Entry 215.) Even if this Court were to consider the ground on the merits, it should nonetheless be denied. Petitioner presented these arguments concerning his innocence of the state conviction, both through witness testimony, arguments of counsel, and his own statement. (Docket Entry 215 at 37-55, 57-59, 70-72.) The district court considered all of the evidence put before it, and by a preponderance of the evidence, determined that Petitioner violated the terms of his supervised release by committing new criminal conduct. (*Id.* at 59-61). The judgment of the district court was then upheld by the Fourth Circuit. *See Hill*, 831 Fed. App'x at 69-70. This issue is well-settled and Petitioner presents no new or novel arguments about his innocence that would otherwise warrant consideration on the merits by this Court. This ground should be denied.

### b. Ground Five Alleging Fraud on the Court Should Be Denied.

As to ground five specifically, which is titled "Fraud on the Court," this ground contains allegations concerning the prosecution of this matter, namely that the prosecutor

13

"knew the laboratory tests were destroyed or never completed by the Hospital or Martinsville Police or both" and that the prosecutor knew that body camera footage had been destroyed in Petitioner's state case. (Docket Entry 292 at 106-111.)

Any such allegations of prosecutorial misconduct were not raised on direct appeal of the supervised release judgment, but instead raised in separate collateral filings with the district court, which were subsequently denied. (Docket Entry 206, 268.) As noted, a failure to raise a ground on direct appeal means that it is procedurally defaulted. Thus, Petitioner's fifth ground should be denied as procedurally defaulted. Petitioner has not overcome this procedural default. Petitioner would have known about these allegations of "fraud" at the time of his direct appeal (as is evidenced by his collateral filings (Docket Entry 206)) and could have raised them there. As a result, Petitioner cannot establish cause and prejudice sufficient to overcome procedural default when he clearly knew of these arguments he wished to make and did not raise them on direct appeal of his supervised release judgment. Further, Petitioner cannot demonstrate actual innocence. As explained, the Court heard evidence on his conduct and found him in violation of the terms of his supervised release, which was affirmed by the Fourth Circuit. Thus, this ground is procedurally defaulted and should be dismissed.

However, even if this Court were to consider the fifth ground on its merits, it would fail. "When asserting a prosecutorial misconduct ground, a defendant bears the burden of showing (1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). None of the filings offered by Petitioner

14

satisfy this burden. Further, Petitioner cannot demonstrate prejudice because the assertion that he suffered from carbon monoxide poisoning and that somehow negated his intent to commit the underlying state offense was offered by defense, heard by the district court, and ultimately determined to be unreliable because it was not based on any scientific or reliable evidence. (Docket Entry 215 at 58-59.) Thus, the fifth ground should be denied if it is considered on its merits.

### c. Ground Seven Regarding the Court's Impartiality Is Meritless.

Petitioner's seventh ground should also be denied. This ground contains baseless and outlandish blackmail allegations and other "possible" conspiracy theories, arguing that the district court judge who handled his case was not impartial. (Docket Entry 291, Ground Seven; Docket Entry 292 at 124-139.) However, "[a] . . . judge is not . . . required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citation omitted). That is precisely what these allegations are: unsupported and irrational. As a result, this ground should be denied because it is baseless and entirely without merit.

### d. Ground Eight, Alleging Spoliation, Should Be Denied.

Petitioner's eighth ground, which purportedly concerns alleged discovery violations for the state offense, should also be denied. As an initial matter, this ground is in contradiction with Petitioner's sixth ground, which asks the federal court to not interfere with state prosecutions. (Docket Entry Eight 292 at 145-154.) In any event, this ground is a restatement of Petitioner's fourth ground, concerning *Brady* and *Giglio*. Because it contains the same

15

argument, simply styled differently, this ground should be denied because of the reasons discussed earlier.

### e. Ground Nine, Involving Jurisdiction and Venue, Has No Merit.

Petitioner's ninth ground should also be denied. In it, Petitioner argues that the district court did not have the proper jurisdiction, nor was this the appropriate venue, to hear his supervised release violation. (Docket Entry 291 Ground Nine; Docket Entry 292 at 154-70.) Although Petitioner was under supervision out of the Western District of Virginia, the Middle District of North Carolina maintained jurisdiction over Petitioner's case, with Petitioner having been convicted in this district. (Docket Entry 158.) "Courtesy supervision" is an "informal arrangement between Probation Offices that does not transfer jurisdiction, but instead uses the supervising office as the 'eyes and ears' of another . . . [which] finds its statutory basis in 18 U.S.C. § 3603(4)." *United States v. Johnson*, 861 F.3d 474, 479 n. 18 (3d Cir. 2017) (*also citing* 8E Guide to Judiciary Policy § 375.10 (Apr. 17, 2014)). Jurisdiction remained in the Middle District of North Carolina despite Petitioner being supervised in the Western District of Virginia, thus Petitioner's ground is meritless and should be denied.

### f. Ground Eleven, Regarding the New Virginia Law, Has No Merit.

Petitioner's final ground presents an argument based on a new Virginia law, enacted in 2021, concerning the admissibility of evidence on a defendant's mental state and the ability to form requisite intent. (Docket Entry 292 at 176-182.) Petitioner asserts that the enactment of this law "warrants acquittal" on the Virginia indecent exposure misdemeanor conviction or, alternatively, means that Petitioner "cannot be convicted of indecent exposure [under Virginia

16

law]. . . due to [the] new legal defense[.]" (*Id.* at 176.) In light of this, Petitioner continues, "[i]f this Court wishes to decide whether Petitioner has violated his Supervised Release due to his Virginia state charge" then "this Court has also to consider his LEGALLY AUTHORIZED criminal defense pursuant to Virginia Code § 19.2-271.6." (*Id.* at 178.)

This ground fails. As a general matter, subject to exceptions that are not relevant here, a petitioner cannot challenge a state court conviction as part of his motion under § 2255. *See Daniels v. United States,* 532 U.S. 374, 382 (2001). Here, Petitioner must instead challenge his Virginia state court conviction in state court or, if unsuccessful in the state courts, through a § 2254 petition in the appropriate court. Moreover, even if the Court could set this aside and consider the question, noting in the language of the new law Petitioner cites indicates it is retroactive and so it would not apply here. *See Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2022) ("On July 1, 2021, the General Assembly enacted Code § 19.2-271.6, which addresses the introduction of evidence of a criminal defendant's mental condition at the time of the alleged offense as it relates to intent to commit the relevant crime. However, due to the date of its enactment, this statute has no applicability to this case."); *Doe v. Green*, No. 1450-22-4, 2024 WL 3657070, at *4 (Va. Ct. App. Aug. 6, 2024) ("A legislative intent to make a statute retroactive manifests only when the language of the statute affirmatively state[s] in clear, explicit, and unequivocal terms that the statute is meant to apply retroactively.") (citations and quotations omitted).[4]

---

[4] Of note, the district court considered and gave "heavy deference" to the fact that Petitioner has autism. (Docket Entry 215 at 73 ("Another factor is the history and

In sum, Petitioner argues the invalidity of his supervised release revocation through a number of grounds. However, these grounds all fail because they either were raised on appeal, are procedurally defaulted, and/or are meritless. As a result, Petitioner's § 2255 motion should be denied and dismissed.

### Motion to File Reply

Petitioner has filed a motion to file a reply brief (Docket Entry 321) along with a reply brief (Docket Entry 323). The motion is granted. The Court has considered all of Petitioner's submissions including his reply brief. None of his grounds for relief have any merit.

### Motion to File Additional Evidence

Petitioner has filed a motion for leave to file additional evidence (Docket Entry 334) and a supplement with attached exhibits (Docket Entry 335). The motion is granted. The Court has considered all of Petitioner's submissions including his supplement. None of his grounds for relief have any merit.

### Conclusion

For all of these reasons, Petitioner's grounds have no merit and he is not entitled to any relief. Neither the appointment of counsel, nor discovery, nor an evidentiary hearing, nor any other form of relief is warranted in this matter. Last, the undersigned notes that he has attempted to respond specifically to all of the many variations of Petitioner's grounds. To the

---

characteristics of the Defendant. I've considered the multiple factors here indicated, including the Defendant's autism and his OCD, the diabetes, his age.").)

extent that any have not been specifically discussed, they should still be denied for essentially the reasons set out herein. This motion should be denied in its entirety. It has no merit.

**IT IS THEFORE ORDERED** that Petitioner's motion to file a reply brief (Docket Entry 321) and motion to file additional evidence (Docket Entry 334) are **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 291) be **DENIED** and that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

/s/ Joe L. Webster
United States Magistrate Judge

September 3, 2024
Durham, North Carolina